**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 17-cv-60426-UU**

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

   Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.

_____/

## <u>REPLY DECLARATION OF KATHERINE M. BOLGER</u>

I, Katherine M. Bolger, declare as follows:

1.     I am a partner at Levine, Sullivan Koch & Schulz, LLP counsel to Defendants,

BuzzFeed Inc. and Ben Smith, in this action.  I submit this declaration in further support of

Defendants' motion to dismiss this action for lack of personal jurisdiction pursuant to Rule

12(b)(2) or, in the alternative, transfer it to the Southern District of New York pursuant to 28

U.S.C. § 1404(a).  I am familiar with the facts herein and make this declaration from my own

personal knowledge.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the Claim Form and

Particulars of Claim in *Gubarev et al. v. Orbis Business Intelligence Ltd. et al.*, Claim No.

HQ17000413, filed in the High Court of Justice, Queen's Bench Division, in London, on

February 3, 2017 (the "UK Complaint").

3.     Defendants first received the UK Complaint on March 24, 2017.  On March 26,

2017, I contacted Plaintiffs' counsel and offered to supplement the record on this motion by

filing it before Plaintiffs' opposition to this motion was due to be filed on March 28.  Plaintiffs'

counsel advised that they would instead consent to Defendants filing the UK Complaint in Reply.  Defendants in turn agreed that if Plaintiffs elect to seek leave to file a sur-reply, Defendants will not object provided that a sur-reply is limited to responding to the UK Complaint.

4.      Attached hereto as Exhibit 2 is a true and correct copy of a portion of the website of Incorporate Now Inc. ("Incorporate Now"), available at: https://www.incorporatenow.com/.

5.      Attached hereto as Exhibit 3 is a true and correct copy of a list of all Florida corporations which list Incorporate Now as a registered agent, from the website of the Florida Department of State's Division of Corporations.

6.      Attached hereto as Exhibit 4 is a true and correct copy of a list of all corporations which list Constantin Luchian as a registered agent, from the website of the Florida Department of State's Division of Corporations.

7.      Attached hereto as Exhibit 5 is a true and correct copy of the registration information for Linkshop Inc. from the website of the Florida Department of State's Division of Corporations.

8.      Attached hereto as Exhibit 6 is a true and correct copy of the registration information for Neocren Inc. from the website of the Florida Department of State's Division of Corporations.

9.      Attached hereto as Exhibit 7 is a true and correct copy of the registration information for Ecorporate Inc. from the website of the Florida Department of State's Division of Corporations.

10.     Attached hereto as Exhibit 8 is a true and correct copy of the registration information for International Solution Group Inc. from the website of the Florida Department of State's Division of Corporations.

11.     Attached hereto as Exhibit 9 is a true and correct copy of the registration information for Lemuria Communications Inc. from the website of the Florida Department of State's Division of Corporations.

12.     Attached hereto as Exhibit 10 is a true and correct copy of the registration information for Proposal Invest Ltd., Corp. from the website of the Florida Department of State's Division of Corporations.

13.     Attached hereto as Exhibit 11 is a true and correct copy of the registration information for Serverclub Inc. from the website of the Florida Department of State's Division of Corporations.

14.     Attached hereto as Exhibit 12 is a true and correct copy of the Motion and Memorandum of Law of Defendant Constantin Luchian for Summary Judgment filed on February 12, 2016 in *Heydentra HLP Int'l Ltd. et al. v. Luchian et al.*, Case No. 1:15-cv-22134-UU (S.D. Fla.) ("*Hydentra I*") (Dkt. 72).

15.     Attached hereto as Exhibit 13 is a true and correct copy of Mr. Luchian's declaration in support of his motion for summary judgment in *Hydentra I*, executed on February 12, 2016 (Dkt. 72-2).

16.     Attached hereto as Exhibit 14 is a true and correct copy of Mr. Luchian's Reply in support of his motion for summary judgment in *Hydentra I*, filed on March 10, 2016 (Dkt. 128).

17.     Attached hereto as Exhibit 15 is a true and correct copy of Mr. Luchian's reply declaration in support of his motion for summary judgment in *Hydentra I*, executed on March 10, 2016 (Dkt. 128-2).

18.     Attached hereto as Exhibit 16 is a true and correct copy of Webzilla Inc. and WZ Communications, Inc.'s Answer in *Hydentra L.P. HLP General Partner, Inc. et al. v. ERA Technologies, Ltd. et al.*, Case No. 1:15-cv-24293-MGC (S.D. Fla.) ("*Hydentra II*"), filed on December 16, 2015 (Dkt. 12).

19.     Attached hereto as Exhibit 17 is a true and correct copy of the declaration of Kostyantyn Bezruchenko executed April 13, 2016, filed in support of the motion of another defendant, ERA Technologies, Ltd., to dismiss the complaint *Hydentra II* against it for lack of personal jurisdiction (the "ERA Motion") (Dkt. 26-2).

20.     Attached hereto as Exhibit 18 is a true and correct copy of Mr. Bezruchenko's reply declaration executed May 27, 2016, filed in further support of the ERA Motion in *Hydentra II* (Dkt. 42-1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  April 3, 2017

Katherine M. Bolger

Exhibit 1

DEFEND  COPY



**Claim Form**

| In the HIGH COURT OF JUSTICE QUEENS BENCH DIVISION | |
|---|---|
| Fee Account no. | |
| Help with Fees – Ref. no. (if applicable) | H W F - ☐☐☐ - ☐☐☐ |

| Claim no. | HQ17X 654|3 |
|---|---|
| Issue date | 0 3 FEB 2017 |

You may be able to issue your claim online which may save time and money. Go to www.moneyclaim.gov.uk to find out more.

Claimants' names and addresses including postcodes

(1) ALEKSEJ GUBAREV
c/o McDermott Will & Emery UK LLP
110 Bishopsgate
London EC2N 4AY

(2) WEBZILLA B.V.
c/o McDermott Will & Emery UK LLP
110 Bishopsgate
London EC2N 4AY

(3) WEBZILLA LIMITED
c/o McDermott Will & Emery UK LLP
110 Bishopsgate
London EC2N 4AY

(4) XBT HOLDING S.A.
c/o McDermott Will & Emery UK LLP
110 Bishopsgate
London EC2N 4AY



Assigned to Master Thornett

Defendants' names and addresses including postcodes

(1) Orbis Business Intelligence Limited
HBW Highland House
Mayflower Close
Chandlers Ford
Eastleigh
Hampshire SO53 4AR

(2) Christopher Steele
186 Reading Road
Wokingham
Berkshire RG41 1LH

SEAL

For further details of the courts www.gov.uk/find-court-tribunal
When corresponding with the Court, please address forms or letters to the Manager and always quote the claim number.

N1 Claim form (CPR Part 7) (06.16)
This form is reproduced from http://hmctsformfinder.justice.gov.uk/HMCTS/FormFinder.do and is subject to Crown copyright protection. Contains public sector information licensed under the Open Government Licence v3.0                                    © Crown Copyright 2016

Brief details of claim

Damages and an injunction for libel in respect of publications published and/or caused to be published by the Defendants on and/or around 10 January 2017 as more particularly set out in the attached Particulars of Claim.

Value

Expect to recover damages in excess of £200,000

You must indicate your preferred County Court Hearing Centre for hearings here *(see notes for guidance)*
Royal Courts of Justice

Defendant's name and address for service including postcode

(1) Orbis Business Intelligence Limited
HBW Highland House
Mayflower Close
Chandlers Ford
Eastleigh
Hampshire SO53 4AR

(2) Christopher Steele
186 Reading Road
Wokingham
Berkshire RG41 1LH

|  | £ |
|---|---|
| Amount claimed | Exceeds £200,000 |
| Court fee | £10,000 |
| Legal representative's costs | To be assessed |
| Total amount | |

| Claim No. | |
|---|---|

Does, or will, your claim include any issues under the Human Rights Act 1998?   [  ] Yes [ x] No

Particulars of Claim (attached) (to follow)

Attached

---

**Statement of Truth**
*(I believe)(The Claimant believes) that the facts stated in these particulars of claim are true.
* I am duly authorised by the claimant to sign this statement

Full name ___Ziva Robertson___

Name of claimant's legal representative's firm __McDermott Will & Emery UK LLP__

signed _____ position or office held __Partner__
Claimant's legal representative       (if signing on behalf of firm or company)

*delete as appropriate*

McDermott Will & Emery UK LLP
110 Bishopsgate
London EC2N 4AY

Claimant's or claimant's legal
representative's address to which
documents or payments should be
sent if different from overleaf including
(if appropriate) details of DX, fax or e-
mail.

Claim No: HQ17000413

**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**BETWEEN:**

(1) ALEKSEJ GUBAREV
(2) WEBZILLA B.V.
(3) WEBZILLA LIMITED
(4) XBT HOLDING S.A.

**Claimants**

-and-

(1) ORBIS BUSINESS INTELLIGENCE LIMITED
(2) CHRISTOPHER STEELE

**Defendants**

RECEIVED

03 FEB 2017

QB
ACTION DEPT

---

## PARTICULARS OF CLAIM

---

1. The First Claimant is a successful businessman. He is based in Cyprus and has a substantial personal and business reputation throughout the European Union, including in England and Wales. He is the CEO and beneficial owner of the Second, Third and Fourth Claimants.

2. The Second and Third Claimants are hosting infrastructure companies based in the Netherlands and Cyprus respectively. Both companies are wholly owned subsidiaries of the Fourth Claimant, which is based in Luxembourg. Each of the companies has a substantial business and trading reputation throughout the European Union, including in England and Wales.

3. The First Defendant is a company registered in England and Wales ("Orbis"). Orbis provides corporate intelligence services.

4. The Second Defendant is a founder and director of Orbis.

5. Insofar as material the Second Defendant was acting at all times for and on behalf of Orbis, whether as agent, employee, consultant, director or otherwise. The First Defendant is vicariously liable for all of the Second Defendant's actions upon which the Claimants rely in these Particulars of Claim.

1

6. The Defendants published and/or caused to be published to the world at large, and thereby to vast (and unquantifiable) numbers of people across the European Union, the following words defamatory of the Claimants on or around 10 January 2017 and thereafter:

> "███████ reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Alexei GUBAROV were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down / able to go effectively to ground to cover their traces."

7. In their natural and ordinary meaning, the words complained of meant and were understood to mean that the Claimants had deliberately and without consent hacked into the IT systems of the leadership of the United States Democratic Party and had used such unlawful access to transmit viruses, plant bugs, steal data and alter files and programs.

8. Without prejudice to the generality of the averment in paragraphs 6 and 7:

   8.1   The words complained of are part of a document ("the December Memorandum") dated 13 December 2016. The December Memorandum was prepared (whether alone or with others) by the First Defendant on or around that date. The December Memorandum was one of a series of similar documents prepared (whether alone or with others) by the First Defendant between June and December 2016 (the "the Steele Memorandums"; together "the Steele Dossier"). Paragraph 5 above is repeated.

   8.2   Pending disclosure, the Claimants freely admit that they do not know the precise identities of those to whom the Defendants originally provided the December Memorandum. However, the Defendants prepared and initially published the December Memorandum intending that its contents should be republished to the world at large; further or alternatively in circumstances such as it was reasonably foreseeable that its contents would be republished to the world at large. As to which:

2

8.2.1  The general subject of the Steele Memorandums (including the December Memorandum) was the possibility that the Russian state had interfered in the U.S. general election and had gathered compromising information about Donald Trump. This was a subject of enormous topicality.

8.2.2  The Steele Memorandums were prepared by the Defendants to be provided to third parties, as they were.

8.2.3  More specifically, the Steele Memorandums were provided to third parties in order that those parties could use the information contained within them for strategic purposes. As the Defendants were well aware, this would be highly likely to include making public the information contained within them.

8.2.4  By 13 December (the date of the December Memorandum) the Defendants had prepared and published a substantial number of memorandums (between ten and twenty).

8.2.5  Pending disclosure it is not known whether the Defendants themselves directly provided any of the memorandums to media organisations or journalists. However by 13 December the Defendants were well aware that a number of (if not all) previously prepared memorandums had been published (or republished) to and within such organisations and that their contents were being openly and widely discussed.

8.2.6  By the same date the Second Defendant had himself given informal interviews to journalists in relation to the content of the Steele Dossier. Indeed he discussed his desire that its contents should be published more widely.

8.3  On 10 January 2017 the Steele Dossier, including the December Memorandum containing the words complained of was published online on the Buzzfeed website where they were accessible to the world at large and read by very substantial (and unquantifiable numbers) of people across the European Union.

8.4  Thereafter the words complained of (further or alternatively the allegation they conveyed) were further published on the internet countless times and were read by further very substantial numbers of people across the European Union.

8.5  In all the circumstances, the Defendants intended the words complained of (further or alternatively the allegation they conveyed) to be so republished. Further or alternatively, such republication was manifestly a reasonably foreseeable consequence of the Defendants' actions.

3

9. Publication of the words complained of has caused and is likely to cause serious harm to the reputation of the Claimants. It has caused the Claimants serious financial loss and is likely to do so in the future.

10. For the avoidance of doubt, and pending detailed analysis of the losses suffered by the Claimants, their claim extends to and is confined to publication of the words complained of throughout the European Union. If and insofar as necessary, the Claimants will rely upon the presumption that the law of each of the jurisdictions in which the words complained of were published was and is, so far as material, the same as the law of England and Wales.

11. Without prejudice to the generality of paragraph 9:

   11.1   The allegation conveyed by the words complained of is incredibly serious.

   11.2   The words complained of were published extremely widely.

   11.3   The Claimants are already being caused serious financial loss. The Claimants are monitoring these losses with the intention of preparing a complete schedule of loss in due course, but for the avoidance of any doubt as a direct result of the publication complained of:

      (a) The Claimants' relationships with financial lenders have been adversely affected and some credit facilities have been frozen or withdrawn. This has seriously interrupted the Claimants' day to day business, which has caused and continues to cause ongoing loss and damage. The Claimants are in the process of quantifying these losses.

      (b) The Claimants have lost clients, both in England and Wales and across the European Union; and

      (c) The Claimants have had to divert a significant amount of resources to dealing with the fallout of the publications complained of and have incurred (and continued to incur) significant expense on P.R. and marketing costs as a result.

12. As a result of the publication complained of, the Claimants have suffered loss and damage and the First Claimant has additionally suffered hurt and distress. In support of the Claimants' claim for damages and, in respect of the First Claimant, aggravated damages, the Claimants will rely upon the facts and matters pleaded in paragraph 11 above and additionally upon the following:

4

12.1   Notwithstanding the seriousness of the allegation and the evident likelihood that its publication would have serious repercussions for the Claimants, no attempt was made by the Defendants to contact them prior to publication.

12.2   In the circumstances, it is clear that the Defendants were prepared to tarnish the Claimants without providing them an opportunity to respond or conducting even the most basic attempt at verification.

12.3   Notwithstanding the seriousness of the allegations, the Defendants have declined to deal with the matter with any speed whatsoever. The Defendants have failed in a reasonable time to provide any meaningful response to the Claimants' letter before action with the result that it was necessary to issue proceedings in order to protect and restore the Claimants' reputations.

13. Unless restrained, the Defendants will continue to publish or further publish the words complained of or words with the same or a similar defamatory meaning.

AND THE CLAIMANTS CLAIM:

(1)   General damages (including in the case of the First Claimant, aggravated damages) for defamation.

(2)   Special damages as per paragraph 11 above.

(3)   Interest on such damages pursuant to s.35A of the Senior Courts Act 1981 at such rates and for such period as the Court thinks just.

(4)   An injunction to restrain the Defendants whether by themselves, through agents, others or otherwise howsoever from publishing or further publishing the words complained of or words with the same or similar defamatory meaning.

(5)   Further or other relief.

(6)   Costs.

STATEMENT OF TRUTH

The Claimant believes that the facts stated in these Particulars of Claim are true. I am duly authorised by the Claimants to sign this statement on their behalf

Signed:

Ziva Robertson
Partner
McDermott Will & Emery UK LLP

Dated 3 February 2017

The Claimants' solicitors are McDermott Will & Emery UK LLP, 110 Bishopsgate, London EC2N 4AY where they will accept service of proceedings on behalf of the Claimants.

To the Defendants

To the Court Manager

6

Exhibit 2

# Get Incorporated

### Open your new company in

### DELEWARE        FLORIDA

### Our incorporation service gives you



## Full set of corporate documents

We provide all the documents you need to start your business. Need to open a bank account? Need a Tax ID number (EIN)? We've got you covered.



## Registered Agent

All businesses are required by law to have a designated registered agent. We'll give you the first year for free.



## Mailbox Now

We provide you with a corporate address.

This would not be just a PO Box but a real office location. You can be anywhere in the world while we scan and process mail for you.

---

# Mailbox Now

Need a true business address that isn't just a PO Box or UPS location? We can set you up with Mailbox Now to receive, scan, or store your mail. We send you a digital (PDF) copy of your mail so you can view it from anywhere.

Pricing options include an Unlimited plan for $50/month, or a Pay-As-You-Go option in which you'll get Mailbox Now for free but pay a small fee per each piece of mail processed.



## Address

We'll give you a real office location to use as your mailing address, giving your business a competitive edge.



## Scanning

We receive, sort, and process all your mail. You get email with a nice report and PDF copies of your mail.

UNLIMITED      **PAY AS YOU GO**

## $50/month

We scan and process all of the mail sent to us.

ORDER NOW



## Processing

Just tell us what you want done with your mail. We can forward it to you, send you PDFs, or both – it's up to you.

# DMCA Agent

DMCA Agent (copyright agent) registration is mandatory by US law and can protect your business from the risk of costly lawsuits.

With the excessive use of today's website and media platforms, it has unfortunately become an easy and common practice for people to infringe on copyright laws.

If you're a business and one of your users uploads copyrighted material to one of your platforms, you can be held liable for this. Even if you're not located in the US, in the eyes of the law you will be seen as aiding a US resident in infringement.

This is why it is now a requirement by US law to have a registered DMCA Agent. As part of the Digital Millennium Copyright Act of 1998, each business must have one of these agents in order to protect itself from costly lawsuits. We can set this up to

SAVE 20%

ANNUAL   MONTHLY

**$1,000**/year

ORDER NOW

Unlimited Notices!

Already have your own copyright agent? We can do all the important filing for a one-time fee of $50.

**Click here to fill out the form.**

help protect you from the extra risk.

Home     Mailbox Now     DMCA     Corporate     Contact

PRIVACY POLICY

TERMS AND CONDITIONS

Copyright © 2016 InCorporate Now Inc

Exhibit 3

DIVISION OF CORPORATIONS



Previous List        Next List

## Registered Agent Name List

| Registered Agent Name | Entity Name | Entity Number |
|---|---|---|
| INCORPORATE NOW | WEBZILLA INC. | P09000064327 |
| INCORPORATE NOW | LINKSHOP INC. | P09000080943 |
| INCORPORATE NOW INC | PROPOSAL INVEST LTD., CORP | F10000002141 |
| INCORPORATE NOW INC | DEDICATED SERVERS LLC | L10000017940 |
| INCORPORATE NOW INC. | ACVILIN RE FLORIDA LLC | L15000088819 |
| INCORPORATE NOW INC | INTERNATIONAL SOLUTION GROUP INC. | P09000040728 |
| INCORPORATE NOW INC. | IP TRANSIT INC | P09000064840 |
| INCORPORATE NOW INC | DEPOSITPHOTOS INC. | P09000080859 |
| INCORPORATE NOW INC. | KILOSERVERS INC. | P09000080919 |
| INCORPORATE NOW INC. | LEMURIA COMMUNICATIONS INC. | P09000085335 |
| INCORPORATE NOW INC. | WZ COMMUNICATIONS INC. | P09000095109 |
| INCORPORATE NOW INC. | ECORPORATE INC. | P10000016553 |
| INCORPORATE NOW INC | FRESH IT SOLUTIONS INC. | P10000035407 |
| INCORPORATE NOW INC. | YOUDO INC. | P10000090692 |
| INCORPORATE NOW INC | NEOCREN INC | P10000092615 |
| INCORPORATE NOW INC | SERVERCLUB INC | P11000037296 |
| INCORPORATE NOW INC | DATAXCHANGE NETWORK, INC. | P94000052611 |
| INCORPORATE USA, INC. | GALLOPING HILLS PARTNERS, LTD. | A01000000325 |
| INCORPORATE USA, INC. | WHITE HORSE SYSTEMS, INC. | F02000005173 |
| INCORPORATE USA, INC. | AMERICAN FINANCIAL PLANNING GROUP, INC. | F03000006230 |

Previous List        Next List

Florida Department of State, Division of Corporations

Exhibit 4

DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Search by Registered Agent  /

Previous List          Next List

## Registered Agent Name List

| Registered Agent Name | Entity Name | Entity Number |
|---|---|---|
| LUCHIAN, CONSTANTIN | WEBAZILLA LLC | L09000073623 |
| LUCHIAN, CONSTANTIN | INCORPORATE NOW INC. | P09000080446 |
| LUCHIAN, SERGHEI | BEERSTREAM LLC | L15000077919 |
| LUCHIA PUIG, HORACIO | ROHA CORPORATION | P10000092494 |
| LU, CHIH-PIN | HAMILTON FAIRBANKS, INC. | P06000137602 |
| LU, CHI K | SHAIMING OCEAN STAR SUSHI, INC. | P11000003313 |
| LUCHINA, DAVID N | LUCHINA ENTERPRISES, INC. | P99000107003 |
| LUCHIN, DENNIS | THE COOKIE FLORIST, INC. | J31057 |
| LUCHINGER, FABRIZZIO | LUECHINGER CORPORATION | P06000060139 |
| LUCHINI, EDUARDO | BITE & BYTE TRADING, INC. | P96000058674 |
| LUCHINI, EDUARDO | P.S. INTERNATIONAL TRADING CORP. | P97000017419 |
| LUCHINI, KELLY | BUTENHOFF FINE ART & APPRAISAL SERVICES, LLC | L06000023714 |
| LUCHINI, TERRI | NASTARI SERVICES, INC. | P14000046145 |
| LUCHINO, VP, RONALD | EMEDALERT, INC. | P11000092777 |
| LUCHKA, KHRYSTYNA | KML LOGISTICS INC | P13000042569 |
| LUCHKA, MYROSLAV | UA EXPRESS, INC. | P07000035733 |
| LUCHKO, LEONID | HOME COMFORT INC. | P12000015536 |
| LUCHKOWEC, JOHN H | LITTLE HARBOR, LLC | L06000018791 |
| LUCHMAN ENTERPRISES HOLDING LLC | LUCHMAN CONSULTING GROUP LLC | L13000112582 |
| LUCHMAN ENTERPRISES HOLDING LLC | LUCHMAN RESTAURANT GROUP LLC | L13000176756 |

Previous List          Next List

Florida Department of State, Division of Corporations

Exhibit 5



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

# Detail by Entity Name

Florida Profit Corporation
LINKSHOP INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P09000080943 |
| **FEI/EIN Number** | N/A |
| **Date Filed** | 09/29/2009 |
| **Effective Date** | 10/01/2009 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | VOLUNTARY DISSOLUTION |
| **Event Date Filed** | 04/29/2011 |
| **Event Effective Date** | NONE |

**Principal Address**

110 E. BROWARD BLVD.
SUITE 1700
FORT LAUDERDALE, FL 33301

**Mailing Address**

110 E. BROWARD BLVD.
SUITE 1700
FORT LAUDERDALE, FL 33301

**Registered Agent Name & Address**

INCORPORATE NOW
1007 N FEDERAL HWY.
SUITE 240
FORT LAUDERDALE, FL 33304

Name Changed: 02/28/2010

Address Changed: 02/28/2010

**Officer/Director Detail**

**Name & Address**

Title VP

LUCHIAN, CONSTANTIN
21218 ST. ANDREWS BLVD., #114

BOCA RATON, FL 33301

**<u>Annual Reports</u>**

| **Report Year** | **Filed Date** |
|-----------------|----------------|
| 2010            | 02/28/2010     |

**<u>Document Images</u>**

| | |
|---|---|
| <u>04/29/2011 — Voluntary Dissolution</u> | View image in PDF format |
| <u>04/05/2010 — Amendment</u> | View image in PDF format |
| <u>02/28/2010 — ANNUAL REPORT</u> | View image in PDF format |
| <u>09/29/2009 — Domestic Profit</u> | View image in PDF format |

Exhibit 6

FLORIDA DEPARTMENT *of* STATE                                    DIVISION OF CORPORATIONS



Department of State  /  Division of Corporations  /  Search Records  /  Detail By Document Number  /

# Detail by Entity Name

Florida Profit Corporation
NEOCREN INC

**Filing Information**

| | |
|---|---|
| **Document Number** | P10000092615 |
| **FEI/EIN Number** | N/A |
| **Date Filed** | 11/12/2010 |
| **State** | FL |
| **Status** | INACTIVE |
| **Last Event** | ADMIN DISSOLUTION |
| FOR ANNUAL REPORT | |
| **Event Date Filed** | 09/27/2013 |
| **Event Effective Date** | NONE |

**Principal Address**

1314 E LAS OLAS BLVD.
1057
FORT LAUDERDALE, FL 33301

**Mailing Address**

1314 E LAS OLAS BLVD.
1057
FORT LAUDERDALE, FL 33301

**Registered Agent Name & Address**

INCORPORATE NOW INC
1451 W CYPRESS CREEK RD.
SUITE 300
FORT LAUDERDALE, FL 33309

Address Changed: 04/30/2012

**Officer/Director Detail**

**Name & Address**

Title DIR

LUCHIAN, CONSTANTIN
21218 ST. ANDREWS BLVD., SUITE 114
BOCA RATON, FL 33433

Title DIR

KIKLEVICH, SIARHEI
3090 N COURSE DR., APT. 50/602
POMPANO BEACH, FL 33069

Title DIR

POPOVS, JEVGENIJS
3090 N COURSE DR., APT. 50/602
POMPANO BEACH, FL 33069

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2011 | 04/29/2011 |
| 2012 | 04/30/2012 |

**Document Images**

| | |
|---|---|
| 04/30/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2011 -- ANNUAL REPORT | View image in PDF format |
| 11/12/2010 -- Domestic Profit | View image in PDF format |

Exhibit 7

FLORIDA DEPARTMENT of STATE                                    DIVISION OF CORPORATIONS



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Florida Profit Corporation
ECORPORATE INC.

## Filing Information

| | |
|---|---|
| **Document Number** | P10000016553 |
| **FEI/EIN Number** | N/A |
| **Date Filed** | 02/23/2010 |
| **Effective Date** | 02/23/2010 |
| **State** | FL |
| **Status** | ACTIVE |

## Principal Address

512 Lucerne Ave.
Suite 200
Lake Worth, FL 33460

Changed: 03/23/2017

## Mailing Address

512 Lucerne Ave.
Suite 200
Lake Worth, FL 33460

Changed: 03/23/2017

## Registered Agent Name & Address

INCORPORATE NOW INC.
512 Lucerne Ave.
Suite 200
Lake Worth, FL 33460

Address Changed: 03/23/2017

## Officer/Director Detail

**Name & Address**

Title P

Ecorporate Ltd
Ground Floor, Blake Building
Corner Eyre & Hutson Streets
Suite 102
Belize City BZ

Belize City BZ

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2015 | 02/04/2015 |
| 2016 | 03/25/2016 |
| 2017 | 03/23/2017 |

**Document Images**

| | |
|---|---|
| 03/23/2017 — ANNUAL REPORT | View image in PDF format |
| 03/25/2016 — ANNUAL REPORT | View image in PDF format |
| 02/04/2015 — ANNUAL REPORT | View image in PDF format |
| 03/04/2014 — ANNUAL REPORT | View image in PDF format |
| 03/31/2013 — ANNUAL REPORT | View image in PDF format |
| 02/23/2012 — ANNUAL REPORT | View image in PDF format |
| 04/18/2011 — ANNUAL REPORT | View image in PDF format |
| 02/23/2010 — Domestic Profit | View image in PDF format |

Exhibit 8



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Florida Profit Corporation
INTERNATIONAL SOLUTION GROUP INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P09000040728 |
| **FEI/EIN Number** | N/A |
| **Date Filed** | 05/06/2009 |
| **Effective Date** | 05/06/2009 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

6750 N. Andrews Ave.
Suite 200
Fort Lauderdale, FL 33309

Changed: 03/30/2013

**Mailing Address**

6750 N. Andrews Ave.
Suite 200
Fort Lauderdale, FL 33309

Changed: 03/30/2013

**Registered Agent Name & Address**

INCORPORATE NOW INC
6750 N. Andrews Ave.
Suite 200
Fort Lauderdale, FL 33309

Name Changed: 04/30/2012

Address Changed: 03/30/2013

**Officer/Director Detail**

**Name & Address**

Title P

INCORPORATE NOW INC
6750 N. Andrews Ave.
Suite 200

Suite 200
Fort Lauderdale, FL 33309

**Annual Reports**

| Report Year | Filed Date |
|-------------|------------|
| 2014 | 01/17/2014 |
| 2015 | 02/04/2015 |
| 2016 | 03/25/2016 |

**Document Images**

| | |
|---|---|
| 03/25/2016 — ANNUAL REPORT | View image in PDF format |
| 02/04/2015 — ANNUAL REPORT | View image in PDF format |
| 01/17/2014 — ANNUAL REPORT | View image in PDF format |
| 03/30/2013 — ANNUAL REPORT | View image in PDF format |
| 04/30/2012 — ANNUAL REPORT | View image in PDF format |
| 05/01/2011 — ANNUAL REPORT | View image in PDF format |
| 02/28/2010 — ANNUAL REPORT | View image in PDF format |
| 05/06/2009 — Domestic Profit | View image in PDF format |

Exhibit 9

FLORIDA DEPARTMENT *of* STATE                    DIVISION OF CORPORATIONS



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Florida Profit Corporation
LEMURIA COMMUNICATIONS INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | P09000085335 |
| **FEI/EIN Number** | N/A |
| **Date Filed** | 10/15/2009 |
| **Effective Date** | 10/15/2009 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 09/03/2010 |
| **Event Effective Date** | NONE |

**Principal Address**

512 Lucerne Ave.
Suite 120
Lake Worth, FL 33460

Changed: 03/20/2017

**Mailing Address**

512 Lucerne Ave.
Suite 120
Lake Worth, FL 33460

Changed: 03/20/2017

**Registered Agent Name & Address**

INCORPORATE NOW INC.
512 Lucerne Ave.
Suite 120
Lake Worth, FL 33460

Address Changed: 03/20/2017

**Officer/Director Detail**

**Name & Address**

Title P

TITOV, ANTON

PROUCHVANE 13D/22

PERNIK, -- 2300 BG

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2015 | 02/04/2015 |
| 2016 | 03/25/2016 |
| 2017 | 03/20/2017 |

**Document Images**

| | |
|---|---|
| 03/20/2017 -- ANNUAL REPORT | View image in PDF format |
| 03/25/2016 -- ANNUAL REPORT | View image in PDF format |
| 02/04/2015 -- ANNUAL REPORT | View image in PDF format |
| 01/18/2014 -- ANNUAL REPORT | View image in PDF format |
| 03/31/2013 -- ANNUAL REPORT | View image in PDF format |
| 02/20/2012 -- ANNUAL REPORT | View image in PDF format |
| 04/29/2011 -- ANNUAL REPORT | View image in PDF format |
| 09/03/2010 -- Amendment | View image in PDF format |
| 02/28/2010 -- ANNUAL REPORT | View image in PDF format |
| 10/20/2009 -- MISC-PRIN ADDRESS CHANGE | View image in PDF format |
| 10/15/2009 -- Domestic Profit | View image in PDF format |

Exhibit 10



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Foreign Profit Corporation
PROPOSAL INVEST LTD., CORP

**Filing Information**

| | |
|---|---|
| **Document Number** | F10000002141 |
| **FEI/EIN Number** | N/A |
| **Date Filed** | 05/05/2010 |
| **State** | OC |
| **Status** | ACTIVE |

**Principal Address**

512 Lucerne Ave.
Suite 110
Lake Worth, FL 33460

Changed: 03/20/2017

**Mailing Address**

512 Lucerne Ave.
Suite 110
Lake Worth, FL 33460

Changed: 03/20/2017

**Registered Agent Name & Address**

InCorporate Now Inc
512 Lucerne Ave.
Lake Worth, FL 33460

Name Changed: 03/20/2017

Address Changed: 03/20/2017

**Officer/Director Detail**

**Name & Address**

Title C

SERGEEV, DMITRY
3 Mezhigirska Street
Apt. 14
Kyiv 04071 UA

<u>**Annual Reports**</u>

| **Report Year** | **Filed Date** |
|---|---|
| 2015 | 01/30/2015 |
| 2016 | 03/25/2016 |
| 2017 | 03/20/2017 |

<u>**Document Images**</u>

| | |
|---|---|
| <u>03/20/2017 -- ANNUAL REPORT</u> | View image in PDF format |
| <u>03/25/2016 -- ANNUAL REPORT</u> | View image in PDF format |
| <u>01/30/2015 -- ANNUAL REPORT</u> | View image in PDF format |
| <u>01/18/2014 -- ANNUAL REPORT</u> | View image in PDF format |
| <u>03/31/2013 -- ANNUAL REPORT</u> | View image in PDF format |
| <u>03/01/2012 -- ANNUAL REPORT</u> | View image in PDF format |
| <u>04/18/2011 -- ANNUAL REPORT</u> | View image in PDF format |
| <u>05/27/2010 -- ADDRESS CHANGE</u> | View image in PDF format |
| <u>05/05/2010 -- Foreign Profit</u> | View image in PDF format |

Florida Department of State, Division of Corporations

Exhibit 11

FLORIDA DEPARTMENT *of* STATE                                    DIVISION OF CORPORATIONS



Department of State / Division of Corporations / Search Records / Detail By Document Number /

# Detail by Entity Name

Florida Profit Corporation
SERVERCLUB INC

Filing Information

| | |
|---|---|
| **Document Number** | P11000037296 |
| **FEI/EIN Number** | N/A |
| **Date Filed** | 04/15/2011 |
| **Effective Date** | 04/15/2011 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 12/09/2011 |
| **Event Effective Date** | NONE |

Principal Address

512 Lucerne Ave.
Suite 500
Lake Worth, FL 33460

Changed: 03/23/2017

Mailing Address

512 Lucerne Ave.
Suite 500
Lake Worth, FL 33460

Changed: 03/23/2017

Registered Agent Name & Address

INCORPORATE NOW INC
512 Lucerne Ave.
Lake Worth, FL 33460

Address Changed: 03/23/2017

Officer/Director Detail

**Name & Address**

Title P

KUZMIN, NIKITA
SMOLENSKAYA-SENNAYA SQ

29/1 78
MOSCOW 11912 RU

Title VP

Kaluzhin, Pavel
117042 Gorchakova str. fl. 12
Moscow RU

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2015 | 02/04/2015 |
| 2016 | 03/25/2016 |
| 2017 | 03/23/2017 |

**Document Images**

| | |
|---|---|
| 03/23/2017 -- ANNUAL REPORT | View image in PDF format |
| 03/25/2016 -- ANNUAL REPORT | View image in PDF format |
| 02/04/2015 -- ANNUAL REPORT | View image in PDF format |
| 02/21/2014 -- ANNUAL REPORT | View image in PDF format |
| 03/31/2013 -- ANNUAL REPORT | View image in PDF format |
| 02/20/2012 -- ANNUAL REPORT | View image in PDF format |
| 12/09/2011 -- Amendment | View image in PDF format |
| 08/11/2011 -- Amendment | View image in PDF format |
| 04/15/2011 -- Domestic Profit | View image in PDF format |

Exhibit 12

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

|  |  |
|---|---|
| HYDENTRA HLP INT. LIMITED,<br>a foreign corporation d/b/a METART,<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual,<br>KONSTANTIN BOLOTIN, an individual,<br>SUN SOCIAL MEDIA, INC., a corporation,<br>individually and d/b/a PLAYVID.COM,<br>FEEDVID.COM, PLAYVIDS.COM and<br>PEEKVIDS.COM; PLAYVID.COM;<br>FEEDVID.COM; PLAYVIDS.COM;<br>PEEKVIDS.COM; and<br>John Does 1-20,<br><br>    Defendants. | Case No.<br>**1:15-cv-22134-UU** |

### MOTION AND MEMORANDUM OF LAW OF DEFENDANT CONSTANTIN LUCHIAN FOR SUMMARY JUDGMENT

### INTRODUCTION

It would be hard to overstate precisely how absurd and frivolous the present action is with respect to Defendant Constantin Luchian ("Mr. Luchian"), an individual whose only "connection" to Defendant Sun Social Media, Inc. ("SSM") is the fact that he is employed by IncorporateNow, Inc. ("INI"), a company that provides certain limited administrative services to SSM. The claims against Mr. Luchian make even less sense than if the Plaintiff had named Florida Power and Light as a defendant, reasoning that, if SSM didn't receive electricity, then it couldn't maintain websites where its users allegedly uploaded infringing materials. If a claim

exists against Mr. Luchian, then President Kennedy's famous line should be reframed as "Ich bin ein defendant," because the notion of causation will have been obliterated and everyone everywhere should declare themselves to be a defendant.

Under the assumption, however, that the Southern District of Florida has repealed neither the concept of causation nor common sense, Mr. Luchian moves for an entry of summary judgment in his favor on all counts and states as follows.

## MOTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Mr. Luchian hereby moves for summary judgment on all counts of the Complaint. Discovery has revealed no connection – direct or otherwise – between Mr. Luchian and any of the allegations of infringement made by Plaintiff Hydentra HLP Int. Limited ("Hydentra"). Indeed, discovery has not even revealed any relevant connection between Mr. Luchian individually and SSM (or its websites) upon which liability could be based. Because there is no genuine issue of material fact and Mr. Luchian is entitled to judgment as a matter of law, Mr. Luchian respectfully moves that judgment enter in his favor on all counts of the Complaint. The present motion is based on the following memorandum of law, Mr. Luchian's Statement of Material Facts, and Mr. Luchian's Declaration. In addition, Mr. Luchian relies on SSM's Motion and Memorandum for Summary Judgment and the materials submitted in conjunction therewith.

## MEMORANDUM OF LAW

### I.      RELEVANT FACTS

Mr. Luchian is an owner, employee, and director of INI, a company that provides certain administrative and financial services to its clients. *See* Declaration of Constantin Luchian in Support of Motions for Summary Judgment, ¶ 1 [hereinafter "Luchian Decl."]. Specifically, INI

provides services to its clients in four broad categories: corporate formation and compliance, financial services (such as bookkeeping), DMCA agent services, and trademark registration services.  *Id.*, ¶ 3.  INI provides such services to its clients strictly on a service provider model. *Id.*, ¶ 4.  INI has more than 75 clients to which it provides services of one kind or another.  *Id.*, ¶ 5.

SSM has utilized INI's services in three areas: (1) INI assisted SSM in the preparation and filing of SSM's incorporation papers; (2) INI provided bookkeeping services to SSM, and (3) INI serves as the designated DMCA agent for receipt of takedown notices for SSM.  *Id.*, ¶ 6. SSM and INI have no common ownership.  *Id.*, ¶ 7

Neither INI (which is not a defendant in this action) nor Mr. Luchian are employees of SSM.  *Id.*, ¶ 8.  Neither are owners of SSM.  Neither are directors of SSM.  Neither exercise any control whatsoever over the operations of SSM.  *Id.*  The **only** relationship between SSM and INI is that SSM pays INI to provide the services listed above.  *Id.*, ¶ 9.

Neither INI nor Mr. Luchian have any control whatsoever over the websites at issue in this litigation: they have no access or control over what is posted on SSM's websites; they cannot "take down" materials from SSM's websites; and they have no access to SSM's servers.  *Id.*, ¶ 10-11.  Neither INI nor Mr. Luchian have any financial interest in the performance of SSM or its websites.  *Id.*, ¶ 12.  INI charges SSM for services rendered in the same manner in which it charges all of its other clients.  *Id.*, ¶ 13.

## II.   LEGAL STANDARD

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A factual dispute between the parties will not defeat a motion for summary

judgment unless it is both genuine and material.  *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  "According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party 'may not rely merely on allegations or denials in its own pleadings,' but instead must come forward with 'specific facts showing a genuine issue for trial.'"  Birster v. Am. Home Mortg. Servicing, Inc., 796 F. Supp. 2d 1376, 1378 (S.D. Fla. 2011).  Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts" in question.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment.  Fed. R. Civ. P. 56(e).  Nor may the non-moving party merely attack or discredit the moving party's evidence.  Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983).  To defeat a summary judgment, the non-moving party must affirmatively present specific admissible evidence sufficient to create a genuine issue of material fact for trial.  *See* Fed R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F. 2d 1573, 1577 (11th Cir. 1990).

**III.    ARGUMENT**

**A.    Mr. Luchian Did Not Upload Any of the Videos on the Websites, Including the Files-in-Suit, and Therefore Cannot Be Liable for Direct Infringement**

To state a claim for copyright infringement, a plaintiff must show that the defendant engaged in a volition act causing the copying of the copyrighted material at issue.  *See* Fox Broadcasting Co. v. Dish Network, LLC, 747 F.3d 1060, 1066-68 (9th Cir. 2014); The Cartoon Network LP, LLLP v. CSC Holdings, Inc., 536 F.3d 121, 131 (2d Cir. 2008); Wolk v. Kodak

Imaging Network, 840 F.Supp.2d 724, 741-42 ("Direct liability requires 'volitional conduct' that 'causes' the infringement.").

The volitional conduct requirement – a fundamental element of Hydentra's claim – requires that there be sufficient allegations that the defendant engaged in volitional conduct with a nexus sufficiency close and causal to the alleged infringement such that it was the defendant, himself, who actually trespassed on the rights of the copyright owner.  Cartoon Network, 536 F.3d 121, 131-32 (2d Cir. 2008); Disney Enters. v. Hotfile Corp., 798 F. Supp. 2d 1303, 1308 (S.D. Fla. 2011) ("[N]othing in the complaint alleges that Hotfile or Mr. Titov took direct, volitional steps to violate the plaintiffs' infringement.  There are no allegations, say, that Hotfile uploaded copyrighted material.  Therefore, under the great weight of authority, the plaintiffs have failed to allege direct copyright infringement.").

With respect to Mr. Luchian, there is not a scintilla of evidence that he uploaded any files to SSM's websites.  Indeed, the *only* evidence is that Mr. Luchian was (and is) wholly unconnected to the materials that appear at the websites operated by SSM.  No reasonable argument can be made to the contrary.

Accordingly, because no volitional conduct was undertaken by Mr. Luchian, and the allegedly infringing files were uploaded (if at all) by SSM's users only, Hydentra's Counts I, VI and VIII for direct infringement must be dismissed.

### B.     Mr. Luchian Cannot Be Found to Be Liable for Contributory Infringement[1]

To be liable for contributory copyright infringement, the defendant must, with knowledge of the infringing activity, cause or materially contribute to the infringing conduct of another.

---

[1] Although inducement of infringement is classically considered to be one of two forms of contributory infringement, *see* Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005), Hydentra has alleged it as two separate causes of action, and therefore SSM responds to them separately.

Cable/Home Comm. Corp. v. Network Prod., Inc., 902 F.2d 829, 845-46 (11th Cir. 1990).  With respect to contributory trademark infringement, the test is largely the same.  *See*, *e.g.*, Duty Free Ams., Inc. v Estee Lauder Cos., 797 F.3d 1248, 1274-75 (11th Cir. 2015); Inwood Labs., Inc., v. Ives Labs., Inc., 456 U.S. 844, 854 (1982) (distributor can be liable if it "continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement"); Mini Maid Servs. Co. v. Maid Bridage Sys., Inc., 967 F.2d 1516, 1522 (11th Cir. 1992) ("[F]ranchisor may be held accountable only if it . . . knowingly participated in a scheme of trademark infringement carried out by its franchisees."); Bauer Lamp Co. v. Shaffer, 941 F.2d 1165, 1171 (11th Cir. 1991) ("A person who knowingly participates in furthering the trade dress infringement is liable as a contributing party.").  Given Mr. Luchian's complete lack of connection with SSM's websites, Mr. Luchian did not have any actual knowledge of alleged trademark or copyright infringement by SSM's users, and Mr. Luchian cannot be liable for contributory copyright or trademark infringement.

In the present case, there is, once again, not a single fact to tie Mr. Luchian to the alleged infringement given that he has not caused or contributed to the alleged infringing behavior. Causation is not a game of six-degrees-of-separation even though Hydentra seems to treat it that way.[2]  Because there is no factual support for the proposition that Mr. Luchian caused or contributed to the alleged infringing behavior, Counts II and VII of the Hydentra's complaint must be dismissed with respect to Mr. Luchian.

---

[2] To the extent that Hydentra could try to make an argument as to liability for Mr. Luchian, the argument would have to be: Mr. Luchian owns and operates INI; INI provides administrative and bookkeeping services to SSM; SSM operates certain websites, which allow users to post videos to those cites; and those users allegedly posted infringing materials to those websites.  As is noted above, this gossamer thread connecting Mr. Luchian to the alleged claims of infringement would apply with equal force to Florida Power and Gas, not to mention the individual who delivers pizza to SSM's programmers (without which they would be too weak to maintain the websites at issue), as well as every other individual that works for a company that provides services to SSM.

C.      **Mr. Luchian is Not Liable for Inducement of Copyright Infringement**

To be liable for inducing copyright infringement, the defendant must "with knowledge of the infringing activity, induce ... the infringing conduct of another." Casella v. Morris, 820 F.2d 362, 365 (11th Cir. 1987). "The inducement rule … premises liability on purposeful, culpable expression and conduct…." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 937 (2005). Mr. Luchian has not induced or encouraged any of SSM's users to engage in direct infringement, nor is there a single fact to support such a proposition. Accordingly, Count IV must be dismissed with respect to Mr. Luchian.

D.      **Mr. Luchian Cannot Be Found Liable For Vicarious Copyright Infringement**

"One … infringes [copyrights] vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Grokster, 545 U.S. at 930 (*citing* Shapiro, Bernstein & Co., v H.L. Green Co., 316 F.2d 304, 307 (2nd Cir. 1963). And, at the risk of beating a dead horse, there is not a single fact to suggest that Mr. Luchian either profited from direct copyright infringement or had the right to stop or limit such alleged infringement. As such, Count III of the Complaint must be dismissed as to Mr. Luchian.

E.      **Mr. Luchian Cannot Be Liable Under Florida Statute 540.08**

Section 540.08 states in relevant part: "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use…."

"[T]he purpose of section 540.08 is to prevent the use of a person's name or likeness to directly promote a product or service because of the way that the use associates the person's name or personality with something else." Militano v. Randstad Professionals US, LP, 2015

7

U.S. Dist. LEXIS 48139 (S.D. Fla. Apr. 13, 2015) (*quoting* <u>Tyne v. Time Warner Entm't Co.,</u> <u>L.P.</u>, 901 So. 2d 802, 808 (Fla. 2005)). "Courts have interpreted the statute's commercial purpose requirement to require that a defendant's unauthorized use 'directly promote' a product or service." <u>Almeida v. Amazon.com</u>, 456 F.3d 1316, 1325 (11th Cir. 2006) (citations omitted). Mr. Luchian further makes reference to the arguments set forth in SSM's Motion for Summary Judgment.

In the present case, there is nothing to tie Mr. Luchian to the use of any individual's name or likeness.  As such, Count V of the Complaint must be dismissed with respect to Mr. Luchian.

**IV.     CONCLUSION**

Having failed to adduce a single fact which would render Mr. Luchian personally liable for any of the Counts of the Complaint, the Complaint against Mr. Luchian should be dismissed in its entirety.

**Respectfully submitted:**

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorney for Defendants*
*Constantin Luchian,*
*Konstantin Bolotin and*
*Sun Social Media Inc.*

Dated: February 12, 2016

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 12th day of February, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org

Exhibit 13

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED,<br>a foreign corporation d/b/a METART<br><br>    Plaintiff,<br><br>v.<br><br>CONSTANTIN LUCHIAN, an individual,<br>KONSTANTIN BOLOTIN, an individual,<br>SUN SOCIAL MEDIA, INC., a corporation,<br>individually and d/b/a PLAYVID.COM,<br>FEEDVID.COM, PLAYVIDS.COM and<br>PEEKVIDS.COM; PLAYVID.COM;<br>FEEDVID.COM; PLAYVIDS.COM;<br>PEEKVIDS.COM; and<br>John Does 1-20,<br><br>    Defendants. | **Case No.**<br>**1:15-cv-22134-UU** |

### DECLARATION OF CONSTANTIN LUCHIAN
### IN SUPPORT OF
### MOTIONS FOR SUMMARY JUDGMENT

I, Constantin Luchian, do declare and state as follows:

    1.    I am an owner, employee and director of IncorporateNow, Inc. ("INI") and a named defendant in the above captioned action. Unless otherwise stated, this declaration is based on my personal knowledge and my review of INI's business records. All statement contained in this declaration are true and correct to the best of my knowledge. If called as a witness, I could and would testify as to the facts set forth in this declaration.

    2.    INI provides certain administrative and financial services to its clients.

1

3.     INI provides services to its clients in four broad categories: corporate formation and compliance, financial services (such as bookkeeping), DMCA agent services, and trademark registration services.

4.     INI provides such services to its clients strictly on a service provider model.

5.     INI has more than 75 clients to which it provides services of one kind or another.

6.     Defendant Sun Social Media, Inc. ("SSM") has utilized INI's services in three areas: (1) INI assisted SSM in the preparation and filing of SSM's incorporation papers; (2) INI has provided bookkeeping services to SSM, and (3) INI serves as the designated DMCA agent for receipt of takedown notices for SSM.

7.     SSM and INI have no common ownership.

8.     Neither INI nor I are employees of SSM.  Neither INI nor I are owners of SSM. Neither INI nor I are directors of SSM.  Neither INI nor I exercise any control over the operations of SSM.

9.     The only relationship between SSM and INI is that SSM pays INI to provide the services listed above.

10.    Neither INI nor I have any control over the websites playvid.com, feedvid.com, playvids.com or peekvids.com (the "Websites").

11.    INI and I have no access or control over what is posted on the Websites.  Neither INI nor I can remove material from the Websites.  Neither INI nor I have access to the servers on which the Websites are hosted.

12.    Neither INI nor I have any financial interest in the performance of SSM or the Websites.

2

13.    INI charges SSM for services rendered in the same manner in which it charges all of its other clients.

14.    I did not upload any of the files-in-suit in this above captioned matter.

15.    I did not upload any videos at all onto the Websites.

16.    I did not have any actual knowledge of infringement on the Websites.

17.    I was not aware of any facts that would have made specific infringement obvious to a reasonable person.

18.    INI uses "Regus" at its Regus Cypress Park West #1870 office at 6750 North Andrews Avenue, 2nd Floor in Fort Lauderdale, Florida (the "Office") for "virtual" office space services.

19.    When packages and mail for INI are delivered to Regus at the Office, they are delivered to a receptionist in the waiting room of the Office.

20.    In my discussions with staff at the Regus, particularly a woman named Carmen Jusino, I understand that when they receive packages and mail, the staff store them in a particular space mixed with the packages and mail of the other tenants of Regus at the Office.

21.    Ms. Jusino told me that she did not remember receiving any package from Jason S. Tucker for Battleship Stance LLC sent by USPS with tracking number 9468 7036 9930 0000 6353 65 on behalf of INI in or about January of 2015.

22.    Ms. Jusino also told me that the space where packages and mail are stored is used by other tenants who pick up a lot of mail as well, so it is possible that if she did receive the package from Mr. Tucker that she placed it into the common holding space and it was unintentionally given or taken by another tenant.

3

23.    I never personally received any package from Jason S. Tucker for Battleship

Stance LLC sent by USPS with tracking number 9468 7036 9930 0000 6353 65.

4

Signed under the paints and penalties of perjury this 12th day of February, 2016.

Constantin Luchian

STATE OF FLORIDA
COUNTY OF _____ PALM   BEACH

    I hereby certify that on February 12, 2016, personally appeared before me, an officer duly authorized to administer oaths and take acknowledgments, Constantin Luchian, to me well known to be the person described or who has produced _____ FC /DL _____ as identification and who did take an oath and who executed the foregoing document, acknowledging before me that he executed the same freely and voluntarily for the purposes therein expressed.

JULIA VARGAS
Notary Public, State of Florida
Commission# FF 242251
My comm. expires June 21, 2019

Notary Public

_____
Notary Public Printed Name

5

Exhibit 14

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

|  |  |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART, | Case No. 1:15-cv-22134-UU |
| Plaintiff, | |
| v. | |
| CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20, | |
| Defendants. | |

### REPLY IN SUPPORT OF DEFENDANT CONSTANTIN LUCHIAN'S MOTION FOR SUMMARY JUDGMENT

If the Plaintiff had written an opposition brief that simply said, "we had no basis to name Constantin Luchian as a defendant when we drafted the complaint and we've discovered no reasonable basis for keeping him as a defendant now, but we figured we'd roll the dice in the hope that the Court wouldn't notice," such a brief would at least have the benefit of being honest. Instead, the Plaintiff has presented the Court with what can most charitably be termed as complete gibberish.  In its opposition, the Plaintiff: (a) repeatedly claims that Mr. Luchian has made arguments in his Summary Judgment Motion which appear nowhere in Mr. Luchian's actual motion (but instead appear in motions filed by other defendants), and (b) make arguments and allegations that apply – if at all – to other defendants, but not Mr. Luchian.

1

None of this is an accident.  The Plaintiff is attempting to intentionally mislead this Court – pretending that allegations and arguments that relate only to Defendant Sun Social Media, Inc. ("SSM") have some applicability to Mr. Luchian.  They do so without a shred of factual support and, indeed, without even any plausible explanation.  The Plaintiff knows that there is no basis for liability against Mr. Luchian and its opposition provides no valid basis for such liability.  If anything, Plaintiff's Opposition demonstrates only that there is no genuine issue of material fact and that Mr. Luchian is entitled to judgment as a matter of law.

**ARGUMENT**

I.      Plaintiff's Own Summarization of Mr. Luchian's "Involvement" Shows That There Can Be No Liability as To Mr. Luchian.

According to the Plaintiff, "Mr. Luchian's involvement can be summarized as follows: (1) he is employed by Webzilla which hosted (and continues to host) SSM's websites where the infringing content was uploaded; (2) he has personally known Defendant Bolotin since they started working for Webzilla at or around the same time; and (3) he is the director/officer of Incorporate Now, Inc. ("INI"), whose function is to receive DMCA take-down notices on behalf of SSM.  *Plaintiff's Opposition*, pp. 3-4.

Taking Plaintiff's irrelevancies in order: first, the Court would be forgiven if it found itself searching the record to figure out why Webzilla is relevant to this litigation at all, since Webzilla is not a named party, nor does it figure prominently in any recitation of Plaintiff's allegations.  The Court would be searching in vain.  It is odd, then, to be speaking about Webzilla at all.  And, even if Webzilla was relevant to the present litigation, Mr. Luchian's connections to Webzilla have no bearing on the Plaintiff's claims against him.

2

It is certainly true that Webzilla provides web hosting services – just as GoDaddy, Network Solutions, and hundreds of other companies do and that Webzilla provides such services to SSM.  It is also true that Mr. Luchian (who has no ownership interest in Webzilla) provides certain very limited services to Webzilla.  Declaration of Constantin Luchian in Support of Reply in Support of Motions for Summary Judgment ["*Luchian Decl. II*"], ¶ 6-7.  Specifically, Mr. Luchian duties for Webzilla are limited to receiving, processing and paying vendor invoices, and occasionally making small purchases of hardware.  *Luchian Decl. II*, ¶ 7.  Mr. Luchian does not have access to Webzilla's data centers and cannot access them physically.  *Luchian Decl. II*, ¶ 8.  He has no technical knowledge of how to access any of Webzilla's servers, nor does he have access to Webzilla's customer relationship management software or any other software that has information of Webzilla's hosting clients.  *Id.*

In short, Mr. Luchian's limited duties for non-party Webzilla have nothing to do with Webzilla's actual provision of hosting services to SSM.  And, moreover, Webzilla's provision of hosting services to SSM has nothing to do with the Plaintiff's allegation that SSM's users have posted allegedly infringing materials to SSM's websites.  If one were to conclude that the Plaintiff has thrown Mr. Luchian's connection to Webzilla into the mix simply because it likes saying "Webzilla," one would likely be correct.[1]

Next, Plaintiff states that Mr. Luchian is "involved" with the alleged intellectual property infringement by the users of SSM's websites because "he has personally known Defendant Bolotin since they started working for Webzilla at or around the same time."

---

[1] The Plaintiff complains that the analogy made in Mr. Lucian's opening brief – that bringing a claim against Mr. Lucian is akin to bringing a claim against Florida Power and Light – is inapt.  Perhaps the Plaintiff has a point.  Bringing a claim against Florida Power and Light makes much *more* sense than the present action against Mr. Luchian.  Mr. Luchian *should* have said that bringing an action against him is akin to bringing an action against an employee who works in the accounting department of Florida Power and Light.

*Plaintiff's Opposition*, pp. 3-4.  In other words, because Mr. Luchian knows Mr. Bolotin, who is a director of Sun Social Media, which operates the websites where users posted allegedly infringing materials, he is himself liable for copyright and trademark infringement.  One might wonder why the Plaintiff stopped at Mr. Luchian.  Certainly, Mr. Bolotin must know hundreds, if not thousands of people and they, too, must be equally responsible for the alleged infringement.  Or the argument is simply silly, which becomes immediately apparent when spoken aloud.

Finally, Plaintiff points to the fact that Mr. Luchian's company, Incorporate Now, Inc. ("INI"), serves as the DMCA agent for SSM as evidence of Mr. Luchian's "involvement" in the alleged infringement.  The argument is equally specious.

As a starting point, the Plaintiff does not allege that *Mr. Luchian* is SSM's DMCA agent, but rather that INI – a separate legal entity acted as SSM's agent.  It is certainly understandable why the Plaintiff has not attempted to make a piercing the corporate veil argument: it could not possibly hope to prevail if it did.  *See*, *e.g.*, Gov't of Aruba v. Sanchez, 216 F. Supp. 2d 1320, 1362 (S.D. Fla. 2002) ("Under Florida law... courts are reluctant to pierce the corporate veil and will do so only in exceptional cases where there has been extreme abuse of the corporate form." (multiple citations omitted)).  "Even if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained….  Under Florida law, to pierce the corporate veil a plaintiff must show that the corporation was organized or employed as a mere device or sham to work a fraud on creditors."  *Id.* (multiple internal citations omitted).  It is not simply that the Plaintiff's arguments concerning piercing the corporate veil are *weak*, they are simply *nonexistent*.  The Plaintiff simply pretends that corporate entities don't exist.

4

Even if the Plaintiff *had* alleged that Mr. Luchian (and not INI) served as SSM's DMCA agent, it would make no difference.  A DMCA agent is no more than a conduit through which takedown notices are processed.  The fact that a DMCA agent *receives* the notice of alleged infringement does not make the agent itself *liable* for infringement and to suggest otherwise is an absurdity.  By the Plaintiff's "logic," every entity that provides registered agent services - such as CT Corporation, which acts as the agent for service of process for 1.3 million companies nationally[2] - can be held liable when the companies to which they provide such services are sued.  The assertion is nonsensical on its face.

II.      Mr. Luchian Has Not Made Any Arguments Concerning Misdirected DMCA Notices, Nor Does The Plaintiff Have Any Claims Against Mr. Luchian Based On Missing Notices.

Continuing its trip down the rabbit hole into Wonderland, the Plaintiff next states that:

A common theme throughout Mr. Luchian's attempt to secure summary judgment concerns whether he received Plaintiff's DMCA take-down notices, and subsequently delivered same to SSM, pursuant to his legal obligations as the DMCA agent.

Plaintiff's Opposition, p. 4.

Preliminarily, Mr. Luchian notes that the Plaintiff's assertion is without citation to Plaintiff's Motion and Memorandum.  There is a reason for this: Mr. Luchian does not once refer to, or argue about, the receipt or non-receipt of take-down notices in his Motion and Memorandum.  Plaintiff's assertion is, as the saying goes, a good story if you like fiction.[3]

Undeterred by facts or logic, the Plaintiff goes boldly forth, arguing that, because it mailed take-down notices to INI (as the DMCA agent for SSM), if those notices did not make it

---

[2] *See* https://ct.wolterskluwer.com/, last accessed March 10, 2016.
[3] It has always been counsel's understanding that arguments and assertions made to the Court by an attorney should have some basis in reality.  *See, e.g.,* Fed R. Civ. P. 11.  Apparently, the Plaintiff has a different understanding of its obligations.

to SSM, then the Plaintiff has a cause of action for copyright infringement against Mr. Luchian. Putting aside (again) Plaintiff's confusion concerning corporate shields, and putting aside the fact that all evidence indicates that INI's landlord, Regus, lost the DMCA notices at issue, there is no rational argument that – even if INI *had* failed to forward the DMCA notices to SSM – such a failure makes Mr. Luchian somehow liable to the Plaintiff for the alleged infringement by SSM's users.

Again, by way of analogy, if SSM had hired a delivery company to retrieve takedown notices from a post office box, and that delivery company employed a bike messenger who failed to properly deliver notices sent by the Plaintiff, the Plaintiff nevertheless could not sue the bike messenger for copyright infringement.  That is what the Plaintiff is attempting to do here.  It is ludicrous and the claims against Mr. Luchian cannot possibly survive.

III.    Irrelevant Deposition Questions Do Not Save Claims Without Any Basis In
        Fact or Law.

In a final, last-ditch attempt to stave off summary judgment, the Plaintiffs claim that the failure of the Defendants to answer four, absolutely irrelevant questions at deposition, somehow precludes an award of summary judgment for Mr. Luchian.  It does not.  The four questions that Plaintiffs point to are:

1. Why Mr. Bolotin Entered the United States (which relates to Webzilla);
2. The Holders of Debt in Sun Social Media;
3. The shareholders of Incorporate Now, Inc.; and
4. Incorporate Now, Inc.'s Client List.

Plaintiff's Opposition, p. 10.

The simple truth is that there is not an answer to any of these questions – no matter what the answer may be – that would have any effect whatsoever on the viability of the Plaintiff's claims.  With respect to the first two questions – Mr. Luchian was not the person to whom the

questions were posed.  Even if he had been, though, the answers would have been wholly irrelevant to the claims that Mr. Luchian is somehow liable for infringement.[4]  With respect to the third question, Mr. Luchian is the sole shareholder in INI.  *Luchian Decl.*, ¶ 2.  And, with respect to the last question, the only actually relevant point is that SSM is a client of INI, a fact that Mr. Luchian does not dispute.  There is, then, no question that remains unanswered (nor was there ever) that has any relevance to the question of whether Mr. Luchian is entitled to judgment as a matter of law.

<u>**Conclusion**</u>

The Plaintiff has failed – throughout its opposition, throughout discovery, and throughout this entire litigation – to point to a single fact that would allow a factfinder to find in its favor on its claims against Mr. Luchian.  As such, Mr. Luchian is entitled to summary judgment on all counts of the Complaint.

---

[4] Not that it is actually relevant, but Mr. Luchian does not hold any of the debt in SSM.  *Luchian Decl.,* ¶ 5.

7

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

*Attorneys for Defendants*
*Constantin Luchian,*
*Konstantin Bolotin and*
*Sun Social Media Inc.*

Dated: March 10, 2016

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 10th day of March, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 1/2 Tacoma Avenue South
Tacoma, Washington 98402
Telephone: (206) 516-3800
Facsimile: (206) 516-3888
sfreeman@freemanlawfirm.org

Exhibit 15

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

|  |  |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART  Plaintiff,  v.  CONSTANTIN LUCHIAN, an individual, KONSTANTIN BOLOTIN, an individual, SUN SOCIAL MEDIA, INC., a corporation, individually and d/b/a PLAYVID.COM, FEEDVID.COM, PLAYVIDS.COM and PEEKVIDS.COM; PLAYVID.COM; FEEDVID.COM; PLAYVIDS.COM; PEEKVIDS.COM; and John Does 1-20,  Defendants. | Case No. 1:15-cv-22134-UU |

### DECLARATION OF CONSTANTIN LUCHIAN IN SUPPORT OF REPLY IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT

I, Constantin Luchian, do declare and state as follows:

1.     I am an owner, employee and director of IncorporateNow, Inc. and a named defendant in the above captioned action.  Unless otherwise stated, this declaration is based on my personal knowledge and my review of INI's business records.  All statement contained in this declaration are true and correct to the best of my knowledge.  If called as a witness, I could and would testify as to the facts set forth in this declaration

2.     I am the only shareholder of Incorporate Now, Inc. ("INI").  I am the only person that has control over INI.

1

3.      Mr. Konstantin Bolotin has no ownership interest in INI.  Mr. Bolotin has no control over INI.

4.      To my knowledge, Mr. Bolotin is not a Director of Operations for Webzilla nor has he been since January of 2013.

5.      I do not have any ownership interest in Sun Social Media, Inc. ("SSM").  I am not a holder of any debt to SSM.

6.      I do not have any ownership interest in Webzilla.

7.      My duties at Webzilla are very limited.  They are generally limited to receiving, processing and paying vendor invoices, assisting Webzilla's CPAs and occasionally making small purchases of hardware.

8.      I do not have access to Webzilla's data centers and cannot access them physically. I have no technical knowledge of how to access any of Webzilla's servers remotely or physically.  I have no access to Webzilla's customer relationship management software or any other software that has information of Webzilla's hosting clients.

9.      To my understanding, SSM is a small client of Webzilla, which has gross sales in the hundreds of millions of dollars.

10.     There was no failure in communication between INI and SSM regarding the notices purportedly sent by Plaintiff in January of 2015.  The only reason that SSM did not receive the notices is because neither I nor INI ever received the notices.  As I explained previously, the notices appear to have been lost by INI's landlord, Regus.

11.     The notices that Plaintiff purportedly sent in January of 2015 are the only notices to INI that I am aware of that have ever been claimed to be lost.

Signed under the pains and penalties of perjury this 10th day of March, 2016.

Constantin Luchian

3

Exhibit 16

## UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

| | |
|---|---|
| HYDENTRA L.P. HLP GENERAL PARTNER, INC., a foreign corporation, d/b/a METART d/b/a SEXART; HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART d/b/a SEXART; and HYDENTRA LP, a foreign corporation, d/b/a METART d/b/a SEXART, | **Case No.** **1:15-cv-24293-MGC** |

    Plaintiffs,

v.

ERA TECHNOLOGIES, LTD, a British
Virgin Islands company, individually and
d/b/a DRTUBER.COM and d/b/a
DRTST.COM;
IGOR KOVALCHUCK, individually and
d/b/a DRTUBER.COM and d/b/a
DRTST.COM;
WEBZILLA INC.;
WZ COMMUNICATIONS, INC.; and
John Does 1-20,

    Defendants.

---

## WEBZILLA INC. AND WZ COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

The Internet Service Provider Defendants Webzilla Inc. and WZ Communications, Inc.

("ISP Defendants"), for their Answer to the Complaint for Damages, Injunctive Relief and

Demand for Jury Trial of Plaintiffs Hydentra L.P. HLP General Partner, Inc., Hydentra HLP Int.

Limited and Hydentra LP ("Plaintiffs") answer as follows:

1

## JURISDICTION AND VENUE

1.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

2.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

3.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

4.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

5.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

6.      ISP Defendants admit only that Webzilla, Inc. is a corporation incorporated in Florida and that Constantin Luchian is the DMCA agent for Webzilla, Inc.  ISP Defendants deny the remaining allegations in this paragraph.  In answering further ISP Defendants specifically state that *Webzilla Inc. does not host DrTuber.com or Drtst.com whether in Florida or California or elsewhere*.  ISP Defendants state further that they do not direct, control, or assist in determining the content on the DrTuber.com or Drtst.com websites.  Even if the other Defendants were clients of Webzilla, Inc., Webzilla, Inc. provides server space only to its clients (though not to DrTuber.com or Drtst.com) and has no control or knowledge over the content of its clients' websites.  Answering further, ISP Defendants state that Constantin Luchian is not an executive of Webzilla, Inc.

7.      ISP Defendants admit only that WZ Communications Inc. is a corporation incorporated in Florida and that Constantin Luchian is the DMCA agent for WZ

Communications Inc.  ISP Defendants deny the remaining allegations in this paragraph.  In answering further ISP Defendants specifically state that ***WZ Communications Inc. does not host DrTuber.com or Drtst.com whether in Florida or California or elsewhere***.  ISP Defendants state further that they do not direct, control, or assist in determining the content on the DrTuber.com or Drtst.com websites.  Even if the other Defendants were clients of WZ Communications Inc., WZ Communications Inc. provides internet connectivity only (though not to DrTuber.com or Drtst.com) and has no control or knowledge over the content of its clients' websites.  Answering further, ISP Defendants state that Constantin Luchian is not an executive of either ISP Defendant.

8.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

9.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

10.     ISP Defendants state that this allegation is so ambiguous and incomprehensible that it is impossible for ISP Defendants to appropriately admit or deny the allegations of this paragraph and therefore deny the same.

11.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

12.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

13.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary to the remaining portions of this paragraph: ISP Defendants admit only that the ISP Defendants transact business in this Judicial District and deny the remaining allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

14.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

15.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

16.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

17.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

18.     This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

## PARTIES

19.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

20.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

21.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

22.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

23.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

24.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

25.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

26.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

27.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

28.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

29.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

30.     ISP Defendants deny the allegations of this paragraph.  In answering further *ISP Defendants state that they are not even Internet Service Providers for Drtuber.com or Drtst.com and are not beneficiaries or operators of Drtuber.com or Drtst.com, nor do they direct, control or assist in determining the content displayed on drtuber.com, whether directly or through assigns*.

31.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

32.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

33.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

34.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

35.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

36.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

37.     This paragraph contains a conclusion of law to which no responsive pleading is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

38.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

39.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

## STATEMENT OF FACTS

40.     This paragraph contains only conclusions of law, speculation and legal argument, requiring no response.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

41.     This paragraph contains only conclusions of law, speculation and legal argument, requiring no response.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

42.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

43.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

44.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

45.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

46.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

47.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

48.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

49.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

50.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

51.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

52.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

53.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

54.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

55.     ISP Defendants deny the allegations of this paragraph.

56.     ISP Defendants deny the allegations of this paragraph.

57.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

58.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

59.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

60.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

61.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as

such, defy an ability to admit or deny. However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

62.     This paragraph contains only general statements concerning the operation and functioning of the internet as a whole which may or may not be true in any given instance and, as such, defy an ability to admit or deny. However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

63.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

64.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

65.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

66.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

67.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

68.     ISP Defendants deny the allegations of this paragraph.

**COUNT I**
**Copyright Infringement – 17 U.S.C. § 101 _et. seq._**
**Against Igor Kovalchuck and Doe Defendants (Owners/Operators of Dr. Tuber.com)**

69.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 68 above and further respond that:

70.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

71.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

72.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

73.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they

relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

74.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, this Count is not brought against ISP Defendants.  To the extent that a response is deemed necessary, , ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

75.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

76.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

77.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to

admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

78.     This paragraph states a conclusion of law to which no responsive pleading is necessary, but to the extent a response is deemed necessary: This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

79.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

80.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

81.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

82.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

83.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

84.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

85.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

86.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a

response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

87.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

88.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, this paragraph contains conclusions of law for which no response is required.  But to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

89.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, this paragraph contains conclusions of law for which no response is required.  But to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.     That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

16

B.      That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

**COUNT II**
**Contributory Copyright Infringement**
**Against All Defendants**

90.     ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 90 above and further respond that:

91.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

92.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

93.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

94.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

95.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

96.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

97.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

98.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

99.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

100. ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

101. This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

102. This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

103. This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A. That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B. That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C. For such further relief as the Court deems just and proper.

19

## COUNT III
### Vicarious Copyright Infringement
#### Against All Defendants

104.     ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 103 above and further respond that:

105.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

106.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

107.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

108.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

109.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

110.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

111.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

112.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

113.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.    That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

## COUNT IV
### Inducement of Copyright Infringement
### Against All Defendants

114.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 113 above and further respond that:

115.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

116.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

117.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

118.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

119.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

120.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

121.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

122.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.    That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

## COUNT V
### Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.*
#### Against Igor Kovalchuck and Doe Defendants (Owners/Operators of Dr. Tuber.com)

123.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 122 above and further respond that:

124.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, this paragraph contains conclusions of law for which no response is required.  But to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

125.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

126.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

WHEREFORE, ISP Defendants pray for the following relief:

A.     That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.      That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

## COUNT VI
### Contributory Trademark Infringement – 15 U.S.C. §§ 1111 *et. seq.*
**Against all Defendants**

127.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 126 above and further respond that:

128.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

129.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

130.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

WHEREFORE, ISP Defendants pray for the following relief:

A.      That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.      That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

**COUNT VII**
**False Designation of Origin under the Lanham Act – 15 U.S.C. §§ 1125 *et. seq.***
**Against all Defendants**

131.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 130 above and further respond that:

132.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

133.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

134.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

WHEREFORE, ISP Defendants pray for the following relief:

A.      That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.     That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

**COUNT VIII**
**Unauthorized Publication of Name and Likeness in Violation**
**of Section 540.08, Florida Statutes**
**Against all Defendants**

135.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 130 above and further respond that:

136.    ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

137.    ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

138.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

139.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

140.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

141.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

142.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiffs with respect to this Count and that Plaintiffs' requested relief be denied in its entirety;

B.    That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

## GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES AND ADDITIONAL DENIALS

1.    The Complaint is barred, in whole or in part, by the doctrine of copyright misuse. Specifically, but without limitation, Plaintiffs' filing of this case, putative strategies for protecting their copyrights, general litigation strategies and intentional disregard of the Digital Millennium Copyright Act ("DMCA") (including the rights and safeguards it affords to both copyright owners and internet service providers) show a clear intent by Plaintiffs to use their copyrights for a purpose other than which they were intended.  Specifically, but without limitation, Plaintiffs are using their copyrights and this lawsuit (along with a score of other

28

lawsuits filed around the country) to extract settlement payments from innocent parties like ISP Defendants, instead of working within the structures of the DMCA to properly protect their copyrights.  On information and belief, over the course of 12 months, the Plaintiffs have filed almost a dozen near-identical litigations seeking not to protect their legitimate rights, but rather because they seek to use the harassment value of such litigations as a way to secure lucrative settlements from the defendants.  The Plaintiffs' actions in failing to follow the DMCA's takedown process or work cooperatively with defendants to ensure the removal of allegedly infringing materials are not the actions of rightsholders looking to legitimately protect their interests.  Additionally, on information and belief, the Plaintiffs made no effort to consider whether the individuals who posted materials to websites referenced in the Complaint were protected by the doctrine of fair use.

2.      The Complaint is barred, in whole or in part, and Plaintiffs are barred from equitable recovery, by the doctrine of unclean hands.  Specifically, but without limitation, Plaintiffs' filing of this case, putative strategies at protecting their copyrights, trademarks and business, general litigation strategies and intentional disregard of statutory and judicial law (including the rights and safeguards afforded to both intellectual property owners and internet service providers) show a clear intent by Plaintiffs to use their intellectual property rights and the legal system for purposes other than which they were intended.  Specifically, but without limitation, Plaintiffs are using their intellectual property rights, the court system and this lawsuit (along with a score of other lawsuits filed around the country) to extract settlement payments from innocent parties like ISP Defendants, instead of working within the structures of law to properly protect their rights.  Additionally, on information and belief, certain of the files in suit were uploaded by the Plaintiffs' own affiliates.

3.       ISP Defendants' actions and omissions as alleged, which ISP Defendants deny, constitute fair use, and as such, the Complaint, in whole or in part, must fail.  Specifically, but without limitation, the appearance of Plaintiffs' trademarks and trade names used in conjunction or relation with Plaintiffs' actual works constitute traditional fair use and/or nominative fair use. In addition, the Plaintiffs have failed to properly consider whether the individuals posting to the websites referenced in the Complaint were entitled to do so under the doctrine of fair use.

4.       The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent.  Specifically, but without limitation, to the extent that ISP Defendants engaged in the infringement of Plaintiffs' intellectual property rights, which ISP Defendants deny, such infringement was unintentional and without knowledge and therefore ISP Defendants are either not liable for such infringements or the damages that may be obtained against them are limited.

5.       The Complaint is barred, in whole or in part, because any damages to Plaintiffs were not the proximate result of ISP Defendants' actions or omissions.  Specifically, but without limitation, ISP Defendants engaged in no conduct or omissions which resulted in any damages to Plaintiffs which were a natural, direct and uninterrupted consequence of their actions or omissions.  To the contrary, to the extent Plaintiffs suffered any damages, they were as a result of the actions and omissions of third parties (e.g., those individuals who allegedly uploaded Plaintiffs' works, trademarks and trade names).

6.       The Complaint is barred, in whole or in part, because ISP Defendants do not host the websites at issue in this litigation and allegations to the contrary violate Plaintiffs' duties of reasonable investigation under F.R.C.P. 11.

7.      The Complaint is barred, in whole or in part, because ISP Defendants do not exercise any control over (and could not possibly exercise control over) the content that appears at the websites at issue in this litigation and allegations to the contrary violate Plaintiffs' duties of reasonable investigation under F.R.C.P. 11.

8.      Plaintiffs are not entitled to injunctive relief because they have not suffered irreparable harm.  Specifically, but without limitation, to the extent that Plaintiffs have suffered any harm, which ISP Defendants deny, any such harm can be fully remedied by monetary damages only.

9.      Plaintiffs cannot recover damages from ISP Defendant to the extent that damages alleged by Plaintiffs are speculative or uncertain.  Specifically, but without limitation, Plaintiffs are not entitled to actual damages because it is impossible with any certainty to demonstrate that they lost any actual profits from the alleged infringement or that ISP Defendants made any profits attributable directly to the alleged infringement.

10.     Plaintiffs cannot recover damages from ISP Defendants to the extent that Plaintiffs failed to mitigate their alleged damages.  Specifically, but without limitation, to the extent that Plaintiffs failed to promptly report any alleged infringement they learned about on the websites at issue in this litigation and therefore allowed such alleged infringements to stay on such websites, Plaintiffs failed to mitigate their alleged damages.

11.     Plaintiffs have failed to comply with the requirements of the Digital Millennium Copyright Act ("DMCA") and, as such, the Complaint must fail in whole or in part. Specifically, but without limitation, ISP Defendants are entitled to the safe harbors of the DMCA and ISP Defendants are not liable for monetary relief or injunctive relief (except as explicitly provided therein) unless the conditions of the DMCA have been met, including, without

31

limitation, that Plaintiffs first notify ISP Defendants of a claimed infringement and afford the proper time for ISP Defendants to respond to such notification.  In addition, the Plaintiffs failed to consider the fair use doctrine before sending takedown notices and/or initiating the present litigation.

12.     ISP Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part.  Specifically, but without limitation, ISP Defendants have, *inter alia*, registered an agent with the copyright office for the receipt of takedown notices, do not know of any specific instances of infringement on the websites and when they receives knowledge or notification work expeditiously to remove such instances, accommodate and do not interfere with standard technical measures to protect copyrights, have adopted, reasonably implemented and informed users of a repeat infringer policy and do not receive financial benefit directly attributable to any allegedly infringing material.

13.     The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of ISP Defendants, nor within ISP Defendants' reasonable control.  Specifically, but without limitation, if any material was available on the websites at issue in this litigation infringed upon Plaintiffs' rights, they were not made available by ISP Defendants and could not be reasonably controlled by ISP Defendants.  Under precedent from this Court, the actions of the ISP Defendants do not constitute direct infringement.

14.     ISP Defendants' actions and omissions were lawful, justified and privileged. Specifically, but without limitation, ISP Defendants acted in all times in accordance with the provisions of the Digital Millennium Copyright Act and therefore cannot be liable for claims of copyright infringement.  Furthermore, ISP Defendants cannot be liable for the actions and

omissions of the users, who are third parties not controlled by ISP Defendants, of the websites owned and operated by third parties not controlled by ISP Defendants.

15.     The Complaint fails, in whole or in part, because ISP Defendants lacked the necessary volition required to state a claim for direct copyright infringement.  Specifically, but without limitation, because ISP Defendants themselves did not make available any of the allegedly infringing works on the websites, but on the contrary such works were uploaded to third-party owned and operated websites by yet other third parties, ISP Defendants cannot be liable for direct copyright infringement.

16.     The Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion.  Specifically, but without limitation, no reasonable consumer would be confused as to any affiliation as between ISP Defendants and Plaintiffs or be confused as to the origin, producer or manufacturer of the works on the websites at issue in this litigation.

17.     Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against ISP Defendants or for any alleged single wrong.  Specifically, but without limitation, Plaintiffs have alleged multiple alternative theories of liabilities against ISP Defendants for the same single alleged wrongs, and are not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

ISP Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings.  ISP Defendants further reserve the right to amend their answer and/or affirmative defenses accordingly and/or to delete

affirmative defenses that they determine are not applicable during the course of subsequent discovery.

**<u>ISP DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE</u>**

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice
application forthcoming*)
Matthew Shayefar (*pro hac vice
application forthcoming*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice
application forthcoming*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants
Webzilla Inc. and WZ Communications
Inc.*

Dated: December 16, 2015

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 16th day of December, 2015.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

**1:15-cv-24293-MGC**

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHAR BEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

36

Exhibit 17

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| HYDENTRA L.P. HLP GENERAL PARTNER, INC., a foreign corporation, d/b/a METART d/b/a SEXART; HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART d/b/a SEXART; and HYDENTRA LP, a foreign corporation, d/b/a METART d/b/a SEXART, | **Case No. 1:15-cv-24293-MGC** |

    Plaintiffs,

v.

ERA TECHNOLOGIES, LTD, a British
Virgin Islands company, individually and
d/b/a DRTUBER.COM and d/b/a
DRTST.COM;
IGOR KOVALCHUCK, individually and
d/b/a DRTUBER.COM and d/b/a
DRTST.COM;
WEBZILLA INC.;
WZ COMMUNICATIONS, INC.; and
John Does 1-20,

    Defendants.

---

**DECLARATION OF KOSTYANTYN BEZRUCHENKO**

I, Kostyantyn Bezruchenko, being duly sworn, do declare and state as follows:

    1.    I am a Director of both Webzilla, Inc. and WZ Communications Inc. (the "ISP

Defendants").  Unless otherwise stated, this declaration is based on my personal knowledge, my

consultation with other personnel of the ISP Defendants, and/or my review of the ISP

Defendants' business records.  All statements contained in this declaration are true and correct to

the best of my knowledge.  If called as a witness, I could and would testify as to the facts set forth in this declaration.

      2.      The ISP Defendants are both incorporated in Florida.

      3.      The ISP Defendants do not have any ownership interests in ERA Technologies, Ltd. ("ERA").

      4.      ERA has no ownership interest in the ISP Defendants.

      5.      The ISP Defendants do not have any ownership interest in DrTuber.com or Drtst.com.

      6.      The ISP Defendants do not direct, control or assist in determining the content on the DrTuber.com website or Drtst.com.

      7.      ERA and the ISP Defendants are completely and entirely separate entities: they do not have common ownership nor do they have common management.

      8.      The ISP Defendants do not host DrTuber.com or Drtst.com.  Webzilla Inc. does not host DrTuber.com or Drtst.com, whether in Florida or California or elsewhere.  WZ Communications Inc. does not host DrTuber.com or Drtst.com, whether in Florida or California or elsewhere.

      9.      ERA has no contractual or other direct relationship with either of the ISP Defendants.

      10.      To my understanding, ERA uses and contracts with Webzilla Ltd., a hosting company based and incorporated in the Republic of Cyprus, which is not the same as either of the ISP Defendants, for its hosting solutions for DrTuber.com and Drtst.com.

Signed under the pains and penalties of perjury, this 13th day of April, 2016.

_____

Kostyantyn Bezruchenko
On behalf of Webzilla Inc. and
WZ Communications Inc.

Exhibit 18

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

| | |
|---|---|
| HYDENTRA L.P. HLP GENERAL PARTNER, INC., a foreign corporation, d/b/a METART d/b/a SEXART; HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART d/b/a SEXART; and HYDENTRA LP, a foreign corporation, d/b/a METART d/b/a SEXART, | **Case No.** **1:15-cv-24293-MGC** |
|     Plaintiffs, | |
| v. | |
| ERA TECHNOLOGIES, LTD, a British Virgin Islands company, individually and d/b/a DRTUBER.COM and d/b/a DRTST.COM; IGOR KOVALCHUCK, individually and d/b/a DRTUBER.COM and d/b/a DRTST.COM; WEBZILLA INC.; WZ COMMUNICATIONS, INC.; and John Does 1-20, | |
|     Defendants. | |

**DECLARATION OF KOSTYANTYN BEZRUCHENKO**
**IN SUPPORT OF ERA TECHNOLOGIES, LTD.'S**
**REPLY IN SUPPORT OF**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Kostyantyn Bezruchenko, being duly sworn, do declare and state as follows:

1.      I am a Director of both Webzilla, Inc. ("Webzilla USA") and WZ

Communications Inc. ("WZ"). Unless otherwise stated, this declaration is based on my personal

knowledge, my consultation with other personnel of the Webzilla USA and WZ, and/or my

review of the Webzilla USA and WZ's business records. All statements contained in this

1

declaration are true and correct to the best of my knowledge.  If called as a witness, I could and would testify as to the facts set forth in this declaration.

2.      I am also a Director of Webzilla, Ltd. ("Webzilla Europe"), a company organized under the laws of the Republic of Cyprus and which is operated out of Cyprus.

3.      Webzilla USA, WZ and Webzilla Europe are all part of one family of companies.

4.      I am the Chief Technology Officer for the Webzilla family of companies, having been instrumental in the construction of its world-wide network.

5.      I have been an internet network engineer for over 16 years.

6.      As a little background to what I am further going to explain, an IP address does not itself have a physical location, it is simply a means of identifying a server by a number and that server may be physically anywhere in the world.

7.      However, IP addresses are registered to internet service providers or other entities and the registration information for that IP address may include the physical address of that internet service provider for purposes of identifying that provider.

8.      The physical address of the internet service provider is not necessarily the same thing as the physical location of the server associated with that address.

9.      So, for example, although Webzilla USA and WZ have registered numerous IP addresses and the registrations for those addresses include Webzilla USA and WZ's addresses in Florida, Webzilla USA and WZ have no servers in Florida.

10.     None of WZ, Webzilla USA or Webzilla Europe have any servers in Florida or California.  However, the Webzilla family has a data center in Dallas, Texas.

11.     Webzilla Europe provides web hosting services to customers around the world.

12.     As part of these services it provides to its customers, Webzilla Europe and other entities in the family lease IP addresses from Webzilla USA and WZ.

13.     Often, the registration information for these IP addresses list the name and addresses of the registrants of the IP addresses (that is, the addresses for WZ and Webzilla USA) and not necessarily the physical location of the customer or the server where the IP address is being used.

14.     Therefore, the "geo-location" of the IP addresses obtained by Plaintiffs in the above captioned suit are the location of the entities that own the IP addresses.

15.     For example, Plaintiffs have claimed that DrTuber.com is hosted by Webzilla USA and/or WZ in Florida, but Webzilla USA and WZ have **absolutely no servers in Florida**.

Signed under the pains and penalties of perjury, this 12th day of May, 2016.

_____
Kostyantyn Bezruchenko
On behalf of Webzilla Inc.,
WZ Communications Inc., and
Webzilla, Ltd.