UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDING S.A., and<br>WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>    Defendants. | Case No.<br><br>0:17-cv-60426-UU |

## JOINT PLANNING AND SCHEDULING REPORT

The Parties, Plaintiffs Aleksej Gubarev, XBT Holding S.A., and Webzilla, Inc. and Defendants BuzzFeed, Inc. and Ben Smith, by and through undersigned counsel and pursuant to this Court's Order Setting Initial Planning and Scheduling Conference [D.E. 12], Fed. R. Civ. P. 26(f), and Local Rule 16.1(b), hereby submit the following Joint Planning and Scheduling Report.

It is Defendants' position that this Court lacks personal jurisdiction over them, for the reasons set out in their Motion to Dismiss or Transfer (Dkt. 15) (the "Motion"). Defendants are not waiving any positions or arguments advanced in the Motion, including without limitation their objections to personal jurisdiction, by submitting this Joint Report or attending any Scheduling Conference. *See Am. Torch Tip Co. v. Dykema Gossett PLLC*, 2011 WL 3171811, at *3 (M.D. Fla. July 8, 2011). All of the specific statements by Defendants that follow are likewise subject to this same limitation.

1. **A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claims and any other relief sought.**

    Plaintiff's Statement

    Plaintiffs have set forth a single count against Defendants for Defamation and

Defamation Per Se.  Plaintiffs, none of which are public figures, have alleged that Defendants published a "dossier" of unverified information in which various allegations were made concerning, among other things, computer hacking allegedly carried out by persons or organizations with ties to Russia and the Russian secret service.  Although Defendants specifically knew that at least portions of the dossier were untrue, and doubted the veracity of the dossier as a whole, they published the entire document, including portions that falsely accused the Plaintiffs of participating in an alleged conspiracy to commit crimes against the Democratic Party's leadership and to undermine the American presidential election.  The allegations concerning the Plaintiffs were wholly and completely false, the Defendants published the allegations either knowing that the allegations were false, with reckless disregard for the truth or falsity, or without a reasonable basis to believe that the allegations were true.  Defendants took no steps at all to determine whether the allegations concerning the Plaintiffs had any merit, but published them regardless.

Plaintiffs seek recovery from Defendants for damage to their personal, professional, and corporate reputations, as well as for  emotional distress,  lost profits, loss of corporate opportunities, punitive damages, other consequential damages and costs and attorney's fees.  Although a precise measure of damages is not yet possible, Plaintiffs expect their damages to total in the tens of millions of dollars.

Defendants' Statement.

The dossier about which Plaintiffs complain was published after it had become the subject of official investigations, briefings, and other government activity, and it was published within a news article providing that context.  BuzzFeed's publication was therefore privileged pursuant to both state law and the First Amendment, as both a fair report of official activity and a neutral report of allegations concerning the President-Elect of the United States and the President of Russia.  Plaintiffs are also public figures and the publication was without actual malice. Defendants further reserve the right to assert all other applicable defenses.

2. **A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

On January 10, 2017, BuzzFeed published an online article entitled, "These Reports Allege Trump Has Deep Ties To Russia."

The Article attached a 35-page "dossier" of information compiled by a private security company. The dossier included various allegations concerning, among other things, allegations of computer hacking of the Democratic Party allegedly carried out by persons or organizations with ties to Russia, the Russian Government, and/or the Federal Security Service of the Russian Federation ("FSB"), in coordination with the campaign of President Trump.

The dossier included the following statements:

> [redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Alexei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down / able to go effectively to ground to cover their traces.

3. **A brief summary of the issues as presently known.**

Whether BuzzFeed's publication was privileged.

Whether the Plaintiffs are private figures.

Whether the publication was made with actual malice or negligence.

Whether the statements contained in the dossier were defamatory and false.

The amount of damages suffered by Plaintiffs as a result of the publication of the dossier.

4. **Whether discovery should be conducted in phases or limited to particular issues.**

Plaintiffs' position is that discovery should not be conducted in phases nor should it be limited to particular issues. In addition, given the delay already occasioned first by Defendants' removal of the case from state court to Federal Court and then by virtue of its motion to dismiss, Plaintiffs believe that discovery should proceed expeditiously. It is Plaintiffs' position that the present case is, and should be, of limited focus, namely whether the Defendants negligently published false and defamatory statements about the Plaintiffs and the extent to which such publication caused the Plaintiffs injury. Viewed in this light, the present case is not complex nor does it require the far-flung discovery into tangential matters that Defendants appear to envision.

Plaintiffs believe that, in the end, this is a straight-forward libel case, which should be treated as such, and for which a typical discovery and scheduling track is appropriate.

If the action is not dismissed, Defendants believe discovery should be conducted in phases. Defendants maintain that Plaintiffs' position that the case is "of limited focus" is incorrect as a matter of law, because their characterization of the case eliminates every one of the most important issues and defenses that Defendants will raise here – i.e. that the publication was privileged under both state law and the First Amendment; that the Plaintiffs are public figures; and the the publication was without actual malice. All of those issues will require significant discovery, and Defendants anticipate bringing a motion for summary judgment which focuses on those questions.. Specifically, the discovery conducted by Defendants' relevant to those issues will focus on the use of the dossier by U.S. government authorities and Plaintiffs' participation in the media, and any discovery conducted by Plaintiff will focus on Defendants' decision to publish the dossier within its Article. Virtually all of that discovery, on both sides, can take place within the United States, does not involve large numbers of documents, and is likely to implicate little, if any expert discovery..

By contrast, if there is a trial in this case, Defendants will need to also conduct discovery concerning the alleged falsity of statements at issue in the dossier, as well as Plaintiffs' alleged damages. That discovery is likely to involve significant activity abroad and numerous technical and financial issues likely to implicate multiple witnesses, experts, and potentially a large volume of documents. Defendants believe it would be more efficient for both the parties and the Court to (1) conduct discovery related to privilege and fault, (2) adjudicate a motion for summary judgment addressing those matters since they are routinely adjudicated on summary judgment, and then (3) provide for a second phase of discovery focusing on truth and damages, followed by trial, in the event that motion is denied.

5.  **A detailed schedule of discovery for each party.**

Given that the Motion is still currently pending before the Court, the Parties request that instead of absolute dates for deadlines on discovery, they be set relative to when the Motion is resolved and, if it is denied, the Defendants then file an answer.

Given the Parties differing views of the scope of this case, as discussed above, the Parties

have not been able to agree on a joint proposed schedule. Plaintiffs propose the following schedule:

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1). | Not less than one week prior to the Court's initial scheduling conference. |
| Defendants' Answer Due | 14 days after the issuance of the Court's Ruling on Defendants' Motion to Dismiss |
| Motions to Add Parties or to Amend Pleadings | 30 days after answer filed |
| Disclosure of Expert Reports | 60 days after answer filed |
| Discovery Deadline (completion of all discovery) | 120 days after answer filed |
| Dispositive Motions, *Daubert*, and *Markman* Motions | 150 days after answer filed |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions, Verdict Form and Voir Dire Questions), Witness Lists, Exhibit Lists with Objections, Trial Briefs | 210 days after answer filed |
| All Other Motions Including Motions *In Limine* | 240 days after answer filed |
| Final Pretrial Conference | 255 days after answer filed |
| Trial Term Begins | 270 days after answer filed |
| Estimated Length of Trial | 15 days |
| Jury/Non-Jury | Jury |
| Referring matters to a Magistrate Judge or master | Declined by parties |

Defendants believe that this case should be treated as "Complex" pursuant to Local Rule 16.1(a), due to the length of trial and the fact that discovery is likely to be complex. That is so

because (1) many sources of both witnesses and documents are likely outside the United States and therefore discovery will be more procedurally complex to conduct; (2) Defendants intend to seek discovery of federal law enforcement and intelligence organizations and public officials, who are likely to object and require substantial motion practice, including in other jurisdictions, to resolve those disputes, and (3) the nature of the statements in the dossier Plaintiffs dispute, which relate to hacking the computers of Democratic Party officials, are highly technical and will require the involvement of multiple experts.

As a result, pursuant to Local Rule 16.1(a)(2)(C) Defendants believe that 365 days should be allotted for discovery, and they agree with Plaintiff that in this case the discovery period should begin after an Answer is filed.  As noted above, Defendants believe that 365 days should be divided into two phases – a slightly shorter phase before the resolution of a summary judgment motion, and then if necessary a second phase before trial.  Defendants also believe that, as is the more typical practice, expert discovery deadlines should be towards the end of the discovery phases, and should proceed with plaintiffs' disclosures, followed by Defendants.  Otherwise, experts would be asked to write reports before the evidence is available.  With those changes, Defendants do not object to all the other deadlines in Plaintiffs' proposal being set for the same increments of time either before or after the Discovery Deadlines that Plaintiffs propose.   Defendants thus propose the following schedule:

| DEADLINE OR EVENT | PROPOSED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1). | These have already been exchanged. |
| Defendants' Answer Due | 14 days after the issuance of the Court's Ruling on Defendants' Motion to |

|  | Dismiss |
|---|---|
| Motions to Add Parties or to Amend Pleadings | 30 days after answer filed |
| Plaintiffs' Disclosure of Expert Reports, if any, related to the first phase of discovery | 120 days after answer filed |
| Defendants' Disclosure of Expert Reports, if any, related to the first phase of discovery | 135 days after answer filed |
| Discovery Deadline for completion of the first phase of discovery (including any related expert discovery) | 160 days after answer filed |
| Dispositive Motions | 190 days after answer filed |
| Plaintiffs' Disclosure of any other Expert Reports | 160 days after decision on dispositive motions |
| Defendants' Disclosure of any other Expert Reports | 175 days after decision on dispositive motions |
| Completion of all other discovery (including all expert discovery) | 205 days after decision on dispositive motions |
| Joint Final Pretrial Statement Witness Lists, Exhibit Lists with Objections, Trial Briefs | 235 days after decision on dispositive motions |
| All Other Pretrial Motions, including Motions *In Limine* | 265 days after decision on dispositive motions |
| Final Pretrial Conference | To be set by Court |
| Trial Term Begins | To be set by Court |
| Estimated Length of Trial | 15 days |
| Jury/Non-Jury | Jury |
| Referring matters to a Magistrate Judge or master | Declined by parties |

In the event that the Court does not decide to conduct discovery in two phases,

Defendants have also attached an alternative proposed order to this Scheduling Report, which would provide for a single phase of discovery lasting 365 days from the date an Answer is filed.

**6.      Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

See above.

**7.      Proposed approximate dates for final pre-trial conferences and trial.**

See above.

**8.      The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.**

See above.

**9.      A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

Defendants' Motion became "ripe" for review on April 3, 2017 when Defendants filed their Reply. Defendants seek to have the case dismissed for lack of personal jurisdiction or have the case transferred to the Southern District of New York. Plaintiffs oppose the motion on the basis that Defendants are subject to personal jurisdiction in the Southern District of Florida, the Defendants caused damages in Florida, the Defendants committed a tort in Florida, and that transfer to the Southern District of New York would be inappropriate.

**10.     Any unique legal or factual aspects of the case requiring special consideration by the Court.**

The legal issues presented in this case are similar to those in other defamation actions.

**11.     Any potential need for references to a special master or magistrate.**

None anticipated at this time.

**12.     The status and likelihood of settlement.**

The parties agree that settlement is unlikely at this time.

- 9 -

**13.    Such other matters as are required by Local Rule 16.1(b) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**

None at this time.

Date: May 5, 2017

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice* application forthcoming)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Levine Sullivan Koch & Schulz, LLP
321 West 44 Street, Suite 1000
New York, New York 10036
kbolger@lskslaw.com
alazier@lskslaw.com
nsiegel@lskslaw.com

/s/ Lawrence Allan Kellogg
Lawrence Allan Kellogg
Jezabel Pereira Lima
Levine Kellogg Lehman Schneider & Grossman LLP
Miami Center
201 So. Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
lak@lklsg.com
jl@lklsg.com

*Attorneys for Defendants*