# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A., AND WEBZILLA, INC.

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.

_____/

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, the parties are engaged in disclosure and discovery which may involve, among other things, the production of documents and information deemed confidential, including trade secrets and other confidential research, development, technical, or commercial information, and personal information of parties and third parties;

**WHEREAS,** the parties believe that entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other confidential research, development, technical, or commercial information personal information of parties and third parties that may be produced or provided by the parties or non-parties, and the parties have stipulated to the following proposed protective order;

**WHEREAS**, the parties desire to facilitate the process of disclosure and discovery while at the same time adequately and reasonably protecting the confidentiality of such documents and information, and without burdening the Court with unnecessary procedural litigation; and

**WHEREAS**, good cause appears to exist for entry of a protective order of confidentiality; now, therefore,

{01094348;v1}

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties through their undersigned attorneys, as follows:

1. This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as other information hereafter furnished, directly or indirectly, by or on behalf of any party or non-party in connection with this action (collectively, "Discovery Materials"). Discovery Materials that are, in good faith, designated Confidential as provided herein shall be used by any authorized recipients solely for the purposes of conducting this litigation and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein unless and until such designation is challenged and reversed by the Court as provided for herein.[1]

2. The term "producing party" means the party or non-party designating documents or information as Confidential Information under this Protective Order.

3. The term "receiving party" means each party to whom the Confidential Information is disclosed.

4. The producing party may, in good faith, designate as "Confidential Information" any business, proprietary, or personal information contained in Discovery Material and any other non-public or sensitive information of the parties and their affiliates (including, by way of example and not limitation, unpublished information generated or gathered in the course of news

---

[1] This Protective Order does not apply to hearings or trial before the Court. The parties, any party in interest, and/or the witnesses, can move the Court to seal any court proceeding for reasons consistent with this Protective Order.

{01094348;v1}                     2

gathering and reporting information) by marking, or otherwise requesting that such information be treated as Confidential.

5. Confidential Information shall be subject to the terms, conditions and restrictions of this Confidentiality Stipulation and Protective Order.

6. Confidential Information shall not be delivered, disclosed or disseminated except to the following persons:

(a) counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, their partners and associate attorneys, and any litigation assistant, paralegal, stenographic secretarial or clerical personnel assisting counsel in this action;

(b) a party, including in the case of corporate parties, their directors and officers, and employees designated to assist counsel in this action;

(c) experts who are assisting counsel in the preparation of this action and who are not employees of the defendant, including their assistants and stenographical, secretarial or clerical personnel;

(d) witnesses and deponents in this action who are shown the Confidential Information while testifying;

(e) the author, custodian, or any individual identified as a recipient of the Discovery Material, or the original source of the information, who executes an acknowledgement in substantially the form attached hereto as Exhibit A as set forth in Paragraph 9;

(f) court personnel and any court reporter or typist recording or transcribing testimony;

(g) any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and

(h) any other person whom the parties agree, in advance and in writing, may receive such protected information, provided such person has executed the Notification of Protective Order attached hereto as Exhibit A.

7. Persons who receive Confidential Information pursuant to Paragraphs 6(c-h) shall be provided by the party disseminating such information with a copy of this Order and shall execute an acknowledgement, in substantially the form attached hereto as Exhibit A, that they have reviewed such Order and agree to be bound by it, with a copy of such acknowledgement provided to all parties.

8. All Discovery Material and all transcripts of testimony and copies of Court-filed papers consisting of or containing Confidential Information, and summaries, descriptions or reports regarding the contents thereof, shall be kept at all times only in the custody of counsel of record for the party, except when being used by other persons pursuant to Paragraph 6.

9. All pleadings, motion papers, memoranda, affidavits, exhibits, transcripts and other papers that consist of or contain Confidential Information shall, if filed with the Court, be placed in a sealed envelope endorsed with the caption of the action and marked or designated with the legend: "CONFIDENTIAL MATERIAL PURSUANT TO COURT ORDER IN ALEKSEJ GUBAREV, ET AL. V. BUZZFEED, INC., ET AL., Case No. 17-CV-60426-UU, Dated _____ __, 20__." Where possible, only the confidential portions of filings with the Court shall be filed under seal.

10. Counsel for either party may designate as Confidential Information that part of a deposition transcript that discloses or discusses Confidential Information, by making a statement

to that effect for inclusion in the deposition transcript at or prior to the conclusion of a deposition, provided, however, that if such deposition is not concluded in one day, such designation is to be made at or prior to the conclusion of the session at which the Confidential Information was disclosed or discussed. Those portions of a deposition transcript that are designated as Confidential pursuant hereto shall be bound separately and stamped "Confidential Information", and, if filed with the court, shall be filed separately and under seal. The deponent shall be instructed that he may not disclose any Confidential Information. Confidential Information shall not be left in the possession of deponents.

11. A party may exclude from a deposition any person who is not entitled to have access Confidential Information when such information is the subject of examination.

12. Within thirty (30) days after the designation of any material or information as Confidential Information, any party shall have the right to challenge such designation in writing, stating with specificity the document, deposition transcript, other material or portion thereof which the challenging party believes has been improperly designated as confidential, and stating with specificity the reasons for such challenge. The designating party shall have fifteen (15) days from the receipt of such notice to seek an order from the court upholding the designation as Confidential Information. If such application to the Court is made, the material challenged as not being properly classified shall remain Confidential Information until there is a ruling by the Court on said application. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information. In reviewing a designation of Confidentiality, there shall be no presumption by the Court that materials are Confidential simply because a Party has so designated the materials. A party cannot make

confidential that which the law does not recognize as confidential, simply by designating it as such.

13. Upon final termination of this action, the receiving parties shall within sixty (60) days assemble and return to the producing party all documentary material or memoranda embodying Confidential Information, including all copies of such memoranda or documentary material which may have been made, but not including any notes or other attorney's work product that may have been placed thereon by counsel. Receipt of such documentary material shall be acknowledged in writing.  As to any copies of confidential materials claimed to contain attorney's work product, they shall be destroyed by the receiving party within sixty (60) days of the final termination of this action.  In lieu of returning such Confidential Information, a Party may permanently delete or destroy all such copies of such Confidential Information and provide the producing Party with an affidavit attesting to having done so.

14. The provisions of this Confidentiality Stipulation and Protective Order shall survive the conclusion of this action.  Nothing contained herein shall constitute a waiver of the right to assert any objection to a discovery request; nor shall anything contained herein prevent disclosure beyond the terms of this Confidentiality Stipulation and Protective Order if the producing party consents in writing to such disclosure, or limit or prejudice the right of any party, after reasonable attempts to resolve the dispute informally and thereafter on 10 days prior written notice, to seek a Court order broadening or restricting the rights of access to or use of Confidential Information, or for other modifications of this Confidentiality Stipulation and Protective Order.

15. Any party or person receiving Confidential Information covered by this Agreement that receives a subpoena, request from a government agency or committee, or

becomes subject to an order for production or disclosure of Confidential Information shall, within two (2) days of receipt thereof, give written notice by facsimile or electronic transmission to the source of the Confidential Information identifying the information sought and attaching a copy of the order, subpoena, government agency or committee request, or other legally-mandated request.  The person subject to the subpoena, request or order of any court, arbitrator, attorney, government agency or like entity shall not produce or disclose the requested information without consent of the source of the information or until ordered by a court of competent jurisdiction to do so, provided that the source makes a motion or other application for relief from the subpoena or other request in the appropriate forum, within ten (10) days of being provided with notice pursuant to this section.

16. If a party's production of documents inadvertently includes privileged documents or documents containing privileged information, such party's inadvertent production of any such documents will not constitute a waiver of privilege.  Upon being advised by the producing party or its counsel that a particular document or class of documents has been inadvertently produced and is claimed to be privileged or to contain privileged information, the receiving party will promptly take reasonable steps to locate and return or destroy all copies of any such document (with the producing party bearing the reasonable costs of such locating and return or destruction, including any reasonable database modification costs) and any such document shall, in any event, not thereafter be used for any purpose, unless adjudicated not to be privileged.  Nothing in this paragraph shall alter any attorney's responsibilities under applicable law or codes of ethics when confronted with inadvertently produced privileged information or documents.

17. The provisions of this Order shall not apply to any document or information obtained by any party from any source other than the parties to this action or their agents or

counsel, or from non-parties pursuant to notice or subpoena herein; nor shall the provisions of this Order apply to any publicly available documents or other information.

18. None of the provisions of this Order will prevent any of the parties from seeking to introduce into evidence at any trial of this case any of the documents which may have been designated as Confidential Information, subject to the rulings of the Court.

19. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Protective Order, or from applying to the Court for further or additional protective orders.

20. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, subpoena, or question at a deposition or to seek further relief or protective order from the Court as permitted by the Federal Rules of Civil Procedure. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

21. If a party inadvertently fails to designate Discovery Materials, it shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons.

22. This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or non-party.

23. The parties agree that after this Order is signed by all parties, it shall be submitted to the court for approval and that all parties take all steps necessary to obtain that approval; however, the parties hereby agree among themselves that the provisions of this Order shall, to the fullest extent possible, become effective immediately upon the signing of this Order by all counsel and prior to the approval of this Order by the Court.

24. Each party may propose modifications to this Order by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Order upon motion made to the court.

| | |
|---|---|
| BOSTON LAW GROUP, PC | LEVINE KELLOGG LEHMAN |
| 825 Beacon Street, Suite 20 | SCHNEIDER + GROSSMAN LLP |
| Newton Centre, Massachusetts 02459 | 201 South Biscayne Boulevard |
| Tel: 617-928-1806 | Miami Center, 22nd Floor |
| Fax: 617-928-1802 | Miami, FL 33131 |
| | Tel:  (305) 403-8788 |
| By:  /s/ Evan Fray-Witzer | Fax:  (305) 403-8789 |
| Matthew Shayefar | |
| Valentin D. Gurvits (admitted *pro hac vice*) | By: /s/ Lawrence A. Kellogg |
| | Lawrence A. Kellogg, P.A. |
| Evan Fray-Witzer (admitted *pro hac vice*) | Jezabel P. Lima |

BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Tel: 617-928-1806
Fax: 617-928-1802

By:  /s/ Evan Fray-Witzer
Matthew Shayefar
Valentin D. Gurvits (admitted *pro hac vice*)

Evan Fray-Witzer (admitted *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855

Brady J. Cobb
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507

*Counsel for Plaintiffs*

LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard
Miami Center, 22nd Floor
Miami, FL 33131
Tel:  (305) 403-8788
Fax:  (305) 403-8789

By: /s/ Lawrence A. Kellogg
Lawrence A. Kellogg, P.A.
Jezabel P. Lima

Katherine M. Bolger
(admitted *pro hac vice*)
Nathan Siegel
(admitted *pro hac vice*)
Adam Lazier
(admitted *pro hac vice*)
LEVINE SULLIVAN KOCH &
SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
Tel:  (212) 850-6100

*Counsel for Defendants*

DONE AND ORDERED in Miami, Florida this _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE