UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

The United States District Court for the Southern District of Florida (the "District Court" or the "Court") presents its compliments to the Senior Master of the Court of Judicature, Queen's Bench Division and requests assistance in obtaining evidence to be used in a civil proceeding now pending before this Court.

The District Court requests that the Senior Master approve the Plaintiffs' nomination of a practicing Barrister or such other qualified person as the Court deems fit, to act as Examiner for the purpose of obtaining evidence for trial from one witness.

This request is made pursuant to, and in conformity with The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, to which both the United States and the United Kingdom are a party.

The Court considers that the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of The Hague Evidence Convention, that is, discovery intended to lead to relevant evidence for trial. It is expected, based on existing timetables, that the United States District Court for the Southern District of Florida will commence trial on March 19, 2018.

1

The particulars of this Hague Evidence Request are as follows:

| | | |
|---|---|---|
| 1. | **Sender:** | Honorable Ursula Ungaro<br>Judge, United States District Court for the<br>Southern District of Florida |
| 2. | **Central Authority of the Requested State:** | COMPETENT AUTHORITY FOR ENGLAND AND WALES<br>Senior Master<br>Queen's Bench Division<br>ROYAL COURTS OF JUSTICE<br>Strand<br>London WC2A 2LL<br>UNITED KINGDOM<br><br>**On behalf of:**<br><br>THE CENTRAL AUTHORITY FOR THE UNITED KINGDOM<br><br>Her Majesty's Principal Secretary of State for Foreign Affairs<br><br>FOREIGN AND COMMONWEALTH OFFICE<br><br>King Charles Street<br><br>London SW1A 2AH, England,<br><br>UNITED KINGDOM |
| 3. | **Person to whom the executed request is to be returned:** | Plaintiff's Legal Representative in the UK:<br><br>Steven Loble, Esq.<br>W Legal Limited<br>47 Red Lion Street<br>London<br>WC1R 4PF<br>Ref. SFL/<br><br>on behalf of:<br><br>Honorable Ursula Ungaro<br>Judge, United States District Court for the<br>Southern District of Florida |

4.  In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following requests:

5a. Requesting Judicial Authority: Honorable Ursula Ungaro
United States District Court for the Southern District of Florida

5b. To the competent authority of: THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND

6.  Names and addresses of the parties and their representatives:

    a.  **Plaintiffs:**

    **Plaintiffs**

    **Represented in the US by:**

    Evan Fray-Witzer, Esq.
    CIAMPA FRAY-WITZER, LLP
    20 Park Plaza, Suite 505
    Boston, Massachusetts 02116
    Telephone: 617-426-0000
    Facsimile: 617-423-4855
    Evan@CFWLegal.com

    Valentin D. Gurvits, Esq.
    Matthew Shayefar, Esq.
    BOSTON LAW GROUP, PC
    825 Beacon Street, Suite 20
    Newton Centre, Massachusetts 02459
    Telephone: 617-928-1806
    Facsimile: 617-928-1802
    matt@bostonlawgroup.com
    vgurvits@bostonlawgroup.com

    Brady J. Cobb, Esq.
    COBB EDDY, PLLC
    642 Northeast Third Avenue
    Fort Lauderdale, Florida 33304
    Telephone: 954-527-4111
    Facsimile: 954-900-5507
    bcobb@cobbeddy.com

**Represented in England by:**

Steven Loble, Esq.
W Legal Limited
47 Red Lion Street
London
WC1R 4PF
Ref. SFL/

b. **Defendants:**

**Defendants**

Represented in the US by:

Katherine Bolger, Esq.
Nathan Siegel, Esq.
Adam Lazier, Esq.
Davis Wright Tremaine, LLP
1251 Avenue of the Americas
21st Floor
New York, New York 10020-1104
212.489.8230
212.489.8340 fax

Lawrence Kellogg, Esq.
Levine Kellogg Lehman Schneider & Grossman LLP
201 South Biscayne Boulevard
22nd Floor
Miami, FL 33131

7. **Nature and purpose of the proceedings and summary of the facts:**

This civil action concerns allegations of defamation and defamation per se arising out of the publication by Buzzfeed of an online article entitled, "These Reports Allege Trump Has Deep Ties To Russia." The online Article attached a 35-page "dossier" of information compiled by a private security company, Orbis Business Intelligence Ltd., located at 9-11 Grosvenor Gardens, London SW1W 0BD. More specifically, the dossier is believed to have been compiled by and at the direction of Christopher Steele, a director of Orbis.

4

The dossier included various allegations concerning, among other things, allegations of computer hacking of the Democratic Party allegedly carried out by persons or organizations with ties to Russia, the Russian Government, and/or the Federal Security Service of the Russian Federation ("FSB"). The dossier included the following:

> *[redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Alexei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and other operators were stood down / able to go effectively to ground to cover their traces.*

The Plaintiffs have alleged that these statements are without basis in fact, which forms the basis of their defamation action in the Court.

**PARTIES**

Plaintiffs:

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.

Defendants:

BUZZFEED, INC. and
BEN SMITH

**PLAINTIFFS' ALLEGATIONS**

Plainiffs' allegations are as follows:

On January 10, 2017, Buzzfeed and Mr. Smith published an online article entitled, "These Reports Allege Trump Has Deep Ties To Russia" (the "Defamatory Article.") At the time the Complaint was filed, the Defamatory Article had been viewed more than 5.9 million

5

times. The Defamatory Article attached a 35-page unverified "dossier" of information compiled by a private security company.

The dossier included various allegations concerning, among other things, allegations of computer hacking of the Democratic Party allegedly carried out by persons or organizations with ties to Russia, the Russian Government, and/or the Federal Security Service of the Russian Federation ("FSB").[1] With respect to the Plaintiffs, the dossier included the following assertions of fact:

> *[redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Alexei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and other operators were stood down / able to go effectively to ground to cover their traces.*

Not a single portion of this statement (as it applies to Mr. Gubarev, XBT, or Webzilla) has any basis in fact whatsoever. Specifically:

    a. Neither XBT nor Webzilla nor any of their affiliates had been *"using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct 'altering operations'"* against the Democratic Party leadership or anyone else;

    b. No *"entities linked"* to Mr. Gubarev were involved in any alleged cyber-attacks;

    c. Mr. Gubarev was not *"recruited under duress by the FSB"* (to be clear, he was not recruited at all – whether under duress or otherwise), nor was he recruited for such activities by anyone else at any other time or in any other circumstances whatsoever. Additionally, he has no knowledge of, has never met and has never spoken to a person known as Seva Kapsugovich;

    d. Mr. Gubarev and his companies have never acted with *"another hacking expert"* to mount a cyber-attack on the Democratic Party Leadership or on any other person; and

    e. Not having been involved in the activities attributed to them in the "dossier," neither Mr. Gubarev nor any of his companies would have had any need to *"go*

---

[1] The FSB is the main successor agency to the USSR's Committee of State Security ("KGB").

*effectively to ground to cover their traces"* in the event that Ms. Clinton won the presidency.

Although Buzzfeed and Mr. Smith claim that they had the dossier in their possession for weeks prior to its publication, and despite their claims that they had four reporters working near full-time on attempting to verify the claims made in the dossier, prior to publishing the Defamatory Article and the dossier, neither Buzzfeed nor Mr. Smith contacted the Plaintiffs to determine if the allegations made against them had any basis in fact.

At the time the Defendants published the Defamatory Article and accompanying dossier, they knew, without a doubt, that at least certain portions of the dossier were untrue. Indeed, the Defamatory Article stated specifically that:

> The dossier, which is a collection of memos written over a period of months, includes specific, unverified, and potentially unverifiable allegations… BuzzFeed News reporters in the US and Europe have been investigating various alleged facts in the dossier but have not verified or falsified them. …[The dossier] is not just unconfirmed: It includes some clear errors.

Plaintiffs seek recovery from Defendants for damage to their personal, professional, and corporate reputations, as well as for emotional distress, lost profits, loss of corporate opportunities, punitive damages, other consequential damages and costs and attorney's fees. Plaintiffs expect their damages to total in the tens of millions of dollars.

## STAGE OF THE PROCEEDINGS

This action was commenced by the filing of a *Complaint* by the Plaintiffs on February 28, 2017. The Parties exchanged written discovery, with discovery responses being filed by both sides in July of 2017. Depositions have not yet taken place; discovery is scheduled to be concluded by November 22, 2017. Trial in this case is set to start on March 19, 2018.

**The Court expects the Parties to abide by all discovery deadlines notwithstanding any complications that may arise the course of obtaining the evidence described in this Request.**

7

Because Mr. Steele is a defendant in related-case pending in London, he is in an adversarial posture to the Plaintiffs and, as such, requests for voluntary compliance with the taking of his deposition would be futile.

As Mr Steele is not within the subpoena power of the United States District Court for the Southern District of Florida the only opportunity to obtain his evidence for trial is to examine him in England pursuant to this letter of request.

### THE WITNESS

Christopher Steele, c/o Orbis Business Intelligence Ltd., located at 9-11 Grosvenor Gardens, London SW1W 0BD

### LIST OF SUBJECTS FOR ORAL EXAMINATION

The United States District Court for the Southern District of Florida requests that Christopher Steele be ordered to attend for examination to give evidence about the following matters:

1. Mr Steele's educational background, employment history, professional qualifications, personal preparation for the deposition (to include any contacts the witness may have had with the parties, their lawyers, insurers or representatives, but excluding any privileged content of such communications).
2. The instructions given to Mr Steele and his company to prepare the dossier and the reasons for the preparation of the dossier.
3. The payments made to Mr Steele and his company for the dossier.
4. The steps Mr Steele took to obtain information for the dossier.
5. Mr. Steele's preparation of the dossier.
6. Mr. Steele's solicitation of information for the dossier.
7. Mr. Steele's sources of information for the dossier.
8. Mr. Steele's efforts (or lack of efforts) to verify allegations in the dossier.
9. Mr. Steele's work to verify allegations in the dossier.
10. Mr. Steele's clients with respect to the dossier.

11. The provision of the dossier to Fusion GPS.

12. The provision of the dossier to media outlets.

13. The provision of the dossier to other third parties.

14. Mr. Steele's communications with others concerning the dossier and the allegations contained therein.

For the reasons set forth above, the United States District Court for the District of believes that the witnesses (whose contact details are given below) will be able to provide evidence directly relevant to the main issues between the parties and without which the ends of justice could not be properly met. The United States District Court for the District of believes that this information is not available from any other source.

| | | |
|---|---|---|
| **8.** | **Evidence to be obtained:** | Plaintiffs seeks testimony from Christopher Steele. |
| **9.** | **Identity and addresses of persons to be examined:** | Christopher Steele<br>Orbis Business Intelligence Ltd., located at 9-11 Grosvenor Gardens, London SW1W 0BD |
| **10.** | **Subject matter about which the witnesses will be examined:** | Please see list of subjects itemized above. |
| **11.** | **Any requirement that the evidence be given on oath or affirmation and any specific form to be used:** | Testimony is to be provided under the pains and penalties of perjury. The witness may swear or affirm to the truthfulness of the testimony given. |
| **12.** | **Special methods or procedures to be followed:** | |

The United States District Court for the Southern District of Florida respectfully requests assistance in appointing an English Examiner for the purpose of compelling oral testimony for use at trial from English witnesses. The United States District Court for the Southern District of Florida further requests that Plaintiffs' counsel, Steven Loble, a solicitor with the London firm of W Legal Limited, arrange for the nomination of an Examiner in this

9

matter. This Request is made pursuant to, and in conformity with, Article 18 of The Hague Evidence Convention of March 18, 1970; the Evidence (Proceedings in Other Jurisdictions) Act 1975, the Rules of the United States District Court for the District of Court Order 70; and Rule 34, paragraphs 6 and 8 of the Civil Procedure Rules.

The United States District Court for the Southern District of Florida further requests that the parties' representatives or their designees, a court reporter, and a videographer be permitted to be present during the examination; that the representatives or designees be permitted to examine and cross-examine the witnesses directly; and that a court reporter and a videographer be permitted to make a verbatim record of the proceedings.

| | | |
|---|---|---|
| 13. | Request for notification of the times and place for the execution of the Request and identity of the person to be notified: | It is requested that testimony be taken at such place, date or time as ordered by the Senior Master and/or as otherwise scheduled by the representatives of the Plaintiffs and/or as otherwise agreed to by the witnesses and the respective representatives of the Parties. |
| | | Notice thereof should be made to Plaintiffs' UK designee:<br><br>Steven Loble, Esq.<br>W Legal Limited<br>47 Red Lion Street<br>London<br>WC1R 4PF<br>Ref. SFL/ |
| 14. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None. |
| 15. | Specification of privilege or duty to refuse to give evidence under the laws of the State of origin: | Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice.<br><br>Parties also enjoy limited privileges on other |

10

grounds not relevant here such as communications between physician and patient, psychotherapist and patient, husband and wife, or clergy and penitent.

US law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation.

16. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: Plaintiffs

17. Date of Request: 8/10/17, 2017

18. Signature and seal of the Requesting Authority:
Honorable Judge, Ursula Ungaro
UNITED STATES DISTRICT COURT FOR THE SOTHERN DISTRICT OF FLORIDA

This Court expresses its appreciation to you for your courtesy and assistance in this matter and states that, pursuant to the authority of 28 U.S.C. § 1782, it stands ready and willing to do the same for you in a similar matter when required.



Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By: *Jose Conway*
Deputy Clerk
Date: **Aug 10, 2017**