UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDINGS S.A., and<br>WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>    Defendants. | Case No.<br><br>0:17-cv-60426-UU |

**PLAINTIFFS' OPPOSITION TO NON-PARTY CHRISTOPHER STEELE'S
MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
TO COMPEL HIS DEPOSITION**

Plaintiffs Aleksej Gubarev, XBT Holdings, S.A. and Webzilla, Inc. (collectively, "Plaintiffs") respectfully oppose non-party Christopher Steele's ("Mr. Steel") Motion to Intervene in the present action for the limited purpose of opposing the issuance of a Request For International Judicial Assistance. In support of this Opposition, Plaintiffs state as follows:

1.     As a preliminary matter – and as is implicitly recognized by Mr. Steele's Motion – Mr. Steele's Motion to Intervene is moot. According to Mr. Steele's Motion, he seeks to intervene in the present action for the limited purpose of opposing the issuance of a request which he knows has already issued. As such, his Motion is, on its face, moot. Moreover, even if Mr. Steele's Motion were not moot, it should still be denied as it is incorrect, both factually and legally.

2.     First, Mr. Steele's claim that Plaintiffs are attempting to use the present process to do an "end run" around limitations imposed on litigants in British court (Plaintiffs have a

pending action against Mr. Steele in the British courts – something explicitly noted in the Request for International Judicial Assistance) is flat-out-wrong. The two litigations are not only being conducted by different law firms, but – to avoid even the *appearance* of overlap between the actions – the Plaintiffs herein intentionally chose to utilize the services of a completely different law firm in London to secure Mr. Steele's testimony than the firm that is prosecuting the British lawsuit. Plaintiffs did not consult with the British litigation attorneys or even inform them of the request in this Court for International Judicial Assistance prior to the filing of the same. As this Court recognized in the Request for International Judicial Assistance, Mr. Steele has information directly relevant to the issues in ***this*** litigation and the Plaintiffs seek to obtain such information for use in the present litigation, not the British litigation.

3.  Second, from a legal perspective, Mr. Steele's Motion is more than a little ironic: it is not the Plaintiffs who are seeking to do an end-run around the proper judicial forum, but rather Mr. Steele. By issuing the Request for International Judicial Assistance, the Court has done nothing more than asked the British Courts to assist this Court by permitting the deposition of Mr. Steele to be taken in London. If Mr. Steele believes that such a deposition should not be permitted under British law, he will have the procedures available to him under British law to convince the British courts of the same. It is well established that, if as Mr. Steele contends, his deposition would somehow conflict with British law, it is the British courts that must make such a determination. *See, e.g., Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 453-454 (D. Del. 2010)("If the defendants' requests suffer from such maladies under the laws of Norway or Sweden, then the requests will presumably be narrowed by the appropriate judicial authorities in those countries. The court is content that such officials will make the appropriate determination under their own law"); *Abbott Labs. v. Impax Labs.*, 2004

U.S. Dist. LEXIS 13487, at *8 n.4 (D. Del. 2004) ("In the event that Impax's questions exceed the proper scope of discovery in France, the French official present at the deposition will be able to stop or limit the questioning"); *Tulip Computers Int'l B.V. v. Dell Computer Corp.,* 254 F. Supp. 2d 469, 475 (D. Del. 2003)("If Dell's document requests are overly broad under the law of the Netherlands, as Tulip maintains, then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced. The Court is content that such officials will make the appropriate determination under their own law.")

## Conclusion

For the reasons stated hereinabove, Mr. Steele's Motion to Intervene should be denied.

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (Mass. Bar No. 564349 – *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505, Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (Mass. Bar No. 643572 – *pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20, Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record this 10th day of August, 2017.

/s/ Brady Cobb
Brady J. Cobb