UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|  |  |  |
|---|---|---|
| ALEKSEJ GUBAREV, XBT HOLDINGS S.A., and WEBZILLA, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) ) | 0:17-cv-60426-UU |
| BUZZFEED, INC. and BEN SMITH, | ) ) ) | |
| Defendants. | ) | |

**NON-PARTY CHRISTOPHER STEELE'S REPLY BRIEF
IN FURTHER SUPPORT OF HIS
MOTION TO INTERVENE
FOR THE LIMITED PURPOSE OF OPPOSING REQUEST FOR
INTERNATIONAL JUDICIAL ASSISTANCE TO COMPEL HIS DEPOSITION**

Christopher Steele, without waiver of personal jurisdiction[1], by and through his undersigned counsel of record, files this Reply Brief in further support of his Motion to Intervene (Rec. Doc. No. 55, Aug. 10, 2017) for the sole purpose of objecting to the Court's entry of the Request for International Judicial Assistance through The Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (Rec. Doc. No. 54, Aug. 10, 2017) ("Hague Request"). As set forth in his Motion to Intervene, Mr. Steele requests leave of

---

[1] As Plaintiffs admitted, "Mr. Steele is a British citizen . . . [and] is beyond the jurisdiction of this or any American Court." Plaintiffs' Motion for Court to Issue Request for International Judicial Assistance on August 9, 2017 (Rec. Doc. No. 52, Aug. 9, 2017) ("Plaintiffs' Motion"). Mr. Steele's special appearance for the limited purpose of objecting to Plaintiffs' third party discovery attempt does not create general jurisdiction nor waive his personal jurisdiction defenses under Fed. R. Civ. Pro. 12.

1

this Court to allow him to file a motion to quash the Hague Request on or before **August 24, 2017** to fully itemize and support his objections to the Hague Request.

On August 10, 2017, the same day that the Court entered the Hague Request and that Mr. Steele filed his Motion to Intervene, Plaintiffs filed an Opposition to Mr. Steele's Motion to Intervene (Rec. Doc. No. 56). This Reply responds briefly to the three arguments set forth in Plaintiffs' Opposition, none of which justify the denial of Mr. Steele an opportunity to be heard in this Court on Plaintiffs' improper and unlawful foreign discovery efforts.

1. **The Motion to Intervene is not moot.**

The Court issued the Hague Request on August 10, the day after Plaintiffs moved to request it on August 9. Mr. Steele's only notice of the filing of Plaintiffs' motion was via the public PACER docket after it was filed on August 9, 2017 (it was never served formally or informally on undersigned counsel by any party). Mr. Steele's counsel gave notice to the Court of his forthcoming Motion to Intervene on the afternoon of August 9 and the morning of August 10. That the Motion to Intervene was filed *the day after* Plaintiffs filed their motion to initiate foreign discovery proceedings, after prior notice was given to the Court, and within hours of the Court's entry of the Hague Request, should not disqualify Mr. Steele's Motion to Intervene from consideration by this Court.

2. **The Hague Request seeks to gain indirectly what Plaintiffs cannot gain directly in their parallel U.K. proceedings against Mr. Steele.**

Plaintiffs tout that they "explicitly noted" the pendency of their direct action against Mr. Steele in a parallel defamation proceeding in their request for foreign discovery. That so-called "explicit notation" appears nowhere in Plaintiffs' motion, however. Instead, buried at the bottom of page 7 of 13 in their proposed Request for Judicial Assistance is a vague reference to a "related-

case pending in London," in which Mr. Steele is in an "adversarial posture" to Plaintiffs. Plaintiffs failed to inform the Court that this "related-case" was initiated by *the exact same* parties asserting *defamation claims* against Mr. Steele for the *exact same* alleged publication at issue in the instant case. They also failed to inform the Court that their limitations as U.K. plaintiffs prohibit them from obtaining—procedurally and substantively—what they are seeking from Mr. Steele here.

That Plaintiffs have circumvented the lawyers prosecuting their U.K. defamation claims and employed new counsel for this foreign discovery effort is of no moment (if anything, it raises serious questions). All of Plaintiffs' lawyers serve the interests of the same clients, who can hardly "unknow" or compartmentalize any information they seek to gain in this foreign third party process.

3. **This Court has a duty to "exercise special vigilance" as a gatekeeper against improper foreign discovery.**

The Supreme Court requires judicial vigilance and international comity analysis ***before*** a federal district court can initiate foreign discovery efforts. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987) (*"Aerospatiale"*). Indeed, U.S. district courts must "exercise special vigilance" to protect foreign litigants during pretrial proceedings. *Id.* That "special vigilance" must include a consideration of multiple international comity factors set forth in *Aerospatiale* and its progeny. *Id.* at 544 n.28. When entertaining requests to seek evidence abroad, "the *district court* must supervise pretrial proceedings particularly closely to prevent discovery abuses." *Id*. at 546 (emphasis added). In urging this Court to simply "pass the buck" to a judge in England, Plaintiffs' reliance on extra-jurisdictional district court opinions crumbles under the weight of U.S. Supreme Court precedent.

3

Mr. Steele's Motion to Intervene should be granted so that the Court may conduct its international comity analysis, prevent Plaintiffs' discovery abuses against a foreign party, and quash the Hague Request before it proceeds to U.K. High Court.

Respectfully submitted, this 14th day of August, 2017.

/s/ Christopher A. Riley
CHRISTOPHER A. RILEY
Florida Bar No. 0168165

*OF COUNSEL:*

CHRISTINA HULL EIKHOFF (LEAD ATTORNEY)
Georgia Bar No. 242539
KRISTI RAMSAY
Georgia Bar No. 964749

*Attorneys for Christopher Steele*

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the foregoing MOTION TO INTERVENE OF CHRISTOPHER STEELE with the Court's CM/ECF Service, which will provide electronic notice to counsel of record this 14th day of August, 2017.

/s/ Christopher A. Riley
CHRISTOPHER A. RILEY
