UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-60426-UU

ALEKSEJ GUBAREV, *et al.*,

    Plaintiffs,

v.

BUZZFEED, INC., *et al.*,

    Defendants.

_____/

## ORDER

THIS CAUSE is before the Court upon Non-Party Christopher Steele's Motion to Intervene for the Limited Purpose of Opposing Request for International Judicial Assistance to Compel His Deposition. D.E. 55.

THE COURT has reviewed the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

Mr. Steele seeks to intervene for the limited purpose of moving to quash the Request for International Judicial Assistance (D.E. 54). Because Mr. Steele does not claim to be a real party in interest in the subject of the lawsuit, the Court interprets his Motion as one for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). *See Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (holding that to support intervention of right "the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding"). The decision to allow permissive intervention lies within the discretion of the district court. *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R.*, 331 U.S. 519, 524 (1947); *Athens Lumber Co.*, 690 F.2d at 1367.

Mr. Steele seeks to intervene on the grounds that his deposition is prohibited by British law. This Court presumes, however, that the Senior Master of the Court of Judicature, Queen's Bench Division will limit the scope of the Request pursuant to British law. *See, e.g.*, *Pronova BioPharma Norge AS v. Teva Pharm. USA, Inc.*, 708 F. Supp. 2d 450, 453 (D. Del. 2010) ("If the defendants' requests suffer from such maladies under the laws of Norway or Sweden, then the requests will presumably be narrowed by the appropriate judicial authorities in those countries."); *DataQuill Ltd. v. High Tech Computer Corp.*, No. 08CV543-IEG(WVG), 2010 WL 11493082, at *1 (S.D. Cal. Oct. 28, 2010) ("If the requests are more broad than permitted under the laws of British Columbia or Jersey, then the appropriate judicial authorities in those jurisdictions will presumably narrow the requests."); *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 475 (D. Del. 2003) ("If Dell's document requests are overly broad under the law of the Netherlands, as Tulip maintains, then the requests will presumably be narrowed by the appropriate judicial authorities in the Netherlands before any documents are produced."). The Court therefore, denies Mr. Steele's request to intervene, trusting that his rights under British law will be protected by the British Court.

Mr. Steele's reliance on *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522 (1987), is misplaced. There the Supreme Court addressed the extent to which a district court must employ the Hague Convention procedures to obtain discovery from foreign entities over which the court already has personal jurisdiction. The court here has no personal jurisdiction over Mr. Steele, and thus the Hague Convention is the only means by which to facilitate discovery. Even if *Aérospatiale* applies to the present situation, its instruction that district courts exercise special vigilance to protect foreign litigants is not inconsistent with this Order. The Court here has balanced the needs of the litigants to obtain

discovery with Mr. Steele's claimed rights under British law, and concludes that the interests of both are adequately protected by the British Court.   Accordingly, it is hereby

ORDERED AND ADJUDGED that Non-Party Christopher Steele's Motion to Intervene for the Limited Purpose of Opposing Request for International Judicial Assistance to Compel His Deposition (D.E. 55) is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida, this _15th_ day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record.