UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

## JOINT STATUS REPORT

The Parties, Plaintiffs Aleksej Gubarev, XBT Holding, S.A., and Webzilla, Inc. and Defendants BuzzFeed, Inc. and Ben Smith, by and through undersigned counsel and pursuant to this Court's August 7, 2017 Order Setting Status Conference [D.E. 50], Fed. R. Civ. P. 26(f), and Local Rule 16.1(b), hereby submit the following Joint Status Report:

1. **A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claims and any other relief sought.**

Plaintiff's Statement

Plaintiffs have set forth a single count against Defendants for Defamation and Defamation Per Se.  Plaintiffs, none of whom are public figures, have alleged that Defendants published a so-called "Dossier" of unverified information in which various allegations were made concerning, among other things, computer hacking allegedly carried out by persons or organizations with ties to Russia and the Russian secret service.  Although Defendants specifically knew that at least portions of the dossier were untrue, and doubted the veracity of the dossier as a whole, they

published the entire document, including portions that falsely accused the Plaintiffs of participating in an alleged conspiracy to commit crimes against the Democratic Party's leadership and to undermine the American presidential election. The allegations concerning the Plaintiffs were wholly and completely false, the Defendants published the allegations either knowing that the allegations were false, with reckless disregard for the truth or falsity, or without a reasonable basis to believe that the allegations were true. Defendants took no steps at all to determine whether the allegations concerning the Plaintiffs had any merit, but published them regardless.

Plaintiffs seek recovery from Defendants for damage to their personal, professional, and corporate reputations, as well as for emotional distress, lost profits, loss of corporate opportunities, punitive damages, other consequential damages and costs and attorney's fees. Although a precise measure of damages is not yet possible, Plaintiffs expect their damages to total in the tens of millions of dollars.

Defendants' Statement.

The dossier about which Plaintiffs complain was published after it had become the subject of official investigations, briefings, and other government activity, and it was published within a news article providing that context. BuzzFeed's publication was therefore privileged pursuant to both state law and the First Amendment, as both a fair report of official activity and a neutral report of allegations concerning the President-Elect of the United States and the President of Russia. Plaintiffs are also public figures and the publication was without actual malice. Defendants further reserve the right to assert all other applicable defenses.

2. **A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

On January 10, 2017, Buzzfeed published an online article entitled, "These Reports Allege

Trump Has Deep Ties To Russia." The Article attached a 35-page "dossier" of information compiled by a private security company. The dossier included various allegations concerning, among other things, allegations of computer hacking of the Democratic Party allegedly carried out by persons or organizations with ties to Russia, the Russian Government, and/or the Federal Security Service of the Russian Federation ("FSB").

With respect to the Plaintiffs, the dossier included the following assertions of fact:

[redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Alexei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down / able to go effectively to ground to cover their traces.

3. **A brief summary of the issues as presently known.**

Whether the Plaintiffs are private figures.
Whether the publication was made with actual malice or negligence.
Whether the statements contained in the dossier were defamatory and false.
Whether BuzzFeed's publication was privileged.
Whether Smith is a "professional journalist" as defined under Florida law.
Whether Buzzfeed is entitled to invoke a "journalist's privilege."
The amount of damages suffered by Plaintiffs as a result of the publication of the dossier.

4. **A summary of any pending motions**

There are no motions currently pending.

5. **The Progress of Discovery in the Case/Approximate Time at Which the Case Will Be Ready for Trial and/or Final Pretrial Conference.**

The parties have exchanged written discovery and have agreed upon a date by which to

- 3 -

have exchanged documents.

### A. Plaintiffs' Statement

Plaintiffs have also sought third party discovery, including a Letter of Request seeking testimony from Christopher Steele and a subpoena to Fusion GPS. Steele's counsel has indicated that he will fight compelled testimony in London. Plaintiffs do not intend to allow the ability to depose Steele to control the schedule for trial. Plaintiffs continue to operate under the assumption and belief that trial will (and should) proceed according to the Court's scheduling order, which set trial to begin on March 19, 2018.

### B. Defendants' Statement

Six weeks ago Defendants served subpoenaes for depositions and the production of documents on several third party witnesses, including several government agencies and their former officials. These include the FBI, DOJ, ODNI, CIA, and James Comey, James Clapper, and John Brennan. The information Defendants seek is directly relevant to their privilege defenses, and potentially to the issue of falsity as well. The government agencies have informed Defendants that they will notify Defendants of the nature of their response to the subpoenas on or before August 25, 2017. Defendants anticipate that the government's response is likely to result in significant motion practice in the United States District Court for the District of Columbia, the timing of which will be beyond these parties' control.

This motion practice may influence the parties' ability to complete discovery and begin trial preparation by the deadlines articulated in this Court's June 1, 2017 Order.

In addition, Roy Black of Black, Srebnick, Kornspan & Stumpf PA, is in the process of filing an additional appearance for the Defendants and will notify the court shortly of his appearance. Mr. Black may have conflicts with the current trial schedule and will advise the Court

of any conflicts once he enters his appearance.

**6.     Projected time necessary for trial/statement of whether trial is jury or non-jury**

The parties anticipate trial lasting approximately two weeks.  The trial is a jury trial.

**7.     Unique Legal or Factual Aspects of the Case Requiring Special Consideration By The Court**

This litigation may involve discovery abroad and substantial discovery from government agencies and former employees.  In addition, Defendants believe that due to the nature of the allegations in the dossier about Plaintiffs, there will be substantial technical discovery and expert testimony regarding the Plaintiffs' networks.

In addition, the parties disagree as to the meaning, scope, and application of the fair and true report privilege and of the reporters' privilege in this action.

Questions as to whether the Plaintiffs are public or private figures will also likely be brought before the Court.

Questions as to which state's law will apply to the present action will also be presented to the Court.

**8.     Potential need for references to a special master or magistrate.**

The matter has been referred to Magistrate O'Sullivan for discovery purposes.  The parties do not see a need for any other reference at this point.

**9.     Status of any potential settlement.**

The parties have agreed to a mediation on Tuesday, November 28, 2016 before John S. Freud.  The parties have not recently discussed settlement.

10.     Such other matters as may aid the Court in the fair and expeditious administration and disposition of this action.

    None at this time.

Date: August 18, 2017

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*

/s/ Katherine M. Bolger
Katherine M. Bolger
Adam Lazier
Nathan Siegel
Davis Wright Tremaine, LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com
nathansiegel@dwt.com

/s/ Lawrence Allan Kellogg
Lawrence Allan Kellogg
Jezabel Pereira Lima
Levine Kellogg Lehman Schneider &
Grossman LLP
Miami Center
201 So. Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
lak@lklsg.com
jl@lklsg.com

*Attorneys for Defendants*

4835-5112-4045v.2 0100812-000009
4819-9674-2989v.1 0100812-000009