UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDINGS S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' NOTICE OF MAGISTRATE'S DISCOVERY HEARING**

Plaintiffs Aleksej Gubarev, XBT Holdings, S.A. and Webzilla, Inc. (collectively, "Plaintiffs") hereby respectfully note the existence of the following issues and deficient discovery responses to be heard and decided at the hearing previously set by this Court for **September 6, 2017 at 2:00 p.m.**  For the Court's convenience, the deficient discovery responses are grouped by the category of objection asserted by Defendants with which Plaintiffs take issue. In addition, because the deficiencies cover a wide span of document request responses and interrogatory responses, the Defendants' responses are provided as exhibits hereto, as opposed to setting out each request and objection in full in this notice.  Accordingly, Defendants' Responses to Request for Production of Documents is attached as **Exhibit 1** and Buzzfeed's Answers to Interrogatories is attached as **Exhibit 2.**

**Categories of Deficient Responses**

1.    "Reporter's Privilege"

Defendants have objected to virtually every discovery request pursuant to various "Reporter's Privileges" or shield laws.  (Document Requests 1-17, 19-46, 48-52, 54, 56-57, and

61 and Interrogatories 2-12, 15, 17, and 25).  Defendants have defined the "Reporter's Privilege" to include Section 79-h of the New York Civil Rights Law; Florida Stat. 90.5015; Texas Civil Practices & Remedies Code §22.021-22.027; the state constitutions of New York, Florida, and Texas; the First and Fourteenth Amendments to the United States Constitution; and any other applicable "constitutional, statutory, or common law privilege."

Plaintiffs contend that these responses are deficient because: (1) only the Florida privilege is relevant in this action; (2) Defendants do not qualify for the privilege pursuant to the definitions contained in the Florida Statute; (3) to the extent that Defendants qualify for *any* of the privileges, the relevant balancing tests still require disclosure of the documents and information sought; and (4) Defendants have sought to protect information not covered by any privilege.

2. <u>Damages are not compensatory/discovery is premature.</u>

Defendants asserted these objections in response to Document Requests 10, 12, 13, 18, 22, 24, and 53.  In their complaint, Plaintiffs have clearly alleged their entitlement to punitive damages.  Pursuant to Southern District of Florida precedent, once a plaintiff has plead a plausible claim to entitlement to punitive damages, discovery concerning punitive damages should be permitted.

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (Mass. Bar No. 564349 – *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505, Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (Mass. Bar No. 643572 – *pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20, Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record this 31st day of August, 2017.

/s/ Brady Cobb
Brady J. Cobb

## CERTIFICATE OF COMPLIANCE

  I, Evan Fray-Witzer, hereby certify that, prior to filing this notice, I conferred with counsel for the Defendants to narrow or eliminate the issues raised herein.

/s/ Evan Fray-Witzer
Evan Fray-Witzer
