**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.
_____/

**RESPONSES AND OBJECTIONS OF DEFENDANT BUZZFEED, INC. TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO DEFENDANT BUZZFEED, INC.**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant BuzzFeed, Inc. ("BuzzFeed"), by and through its attorneys, hereby responds and objects as follows to Plaintiffs' Interrogatories (the "Interrogatories"), without waiving any rights or objections to the Interrogatories and without admitting the relevance, materiality or admissibility of the subject matter or facts contained in the Interrogatories or responses.

**RESPONSES AND OBJECTIONS**

**Interrogatory No. 1:** Please identify each individual providing information to answer these Interrogatories.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.

Subject to, and without waiving, the foregoing objection, BuzzFeed identifies the following people: Ben Smith, Mark Schoofs, Miriam Elder, Ken Bensinger.

**Interrogatory No. 2:** Please describe in detail how Buzzfeed came to be in possession of the Dossier.

**Response:** BuzzFeed objects to this Request to the extent that it purports to require it to provide documents or information that is protected by Article 1, Section 8 of the New York State Constitution, Section 79-h of the New York Civil Rights Law, the Florida State Constitution, Fla. Stat. 90.5015, the Texas State Constitution, Texas Civil Practices & Remedies Code §22.021-22.027, the First and Fourteenth Amendments to the United States Constitution, and any other constitutional, statutory or common law privilege that protects journalists from disclosing the identity of their sources and otherwise disclosing information obtained during the course of their newsgathering activity (collectively, the "Reporter's Privilege").  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.  BuzzFeed further objects to this Interrogatory on the grounds that it seeks information better obtained through deposition testimony.

Subject to, and without waiving, the foregoing objections, BuzzFeed states that BuzzFeed News Investigative Reporter Ken Bensinger had access to the Dossier from a confidential source.

**Interrogatory No. 3:** Please identify every individual at Buzzfeed who worked on or contributed to article [sic] containing the Dossier or any other article or story relating to the Dossier in any respect, including the role that each such person played and the specific article or story they worked on or contributed to.

**Response:** BuzzFeed objects to this Interrogatory as overly broad and not reasonably calculated to lead to discovery of admissible evidence to the extent that it seeks information about (a) news reports other than those identified in paragraphs 23 and 24 of the Complaint, or (b) reporting that took place after January 10, 2017.  BuzzFeed further objects to this Interrogatory to the extent that it purports to require it to provide information that is protected by the Reporter's Privilege. BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide

{01073251;v4}                                                     2

information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.

Subject to, and without waiving, the foregoing objections, BuzzFeed identifies the following people:

a) Ben Smith, editor-in-chief of BuzzFeed News. Mr. Smith was involved in editing the article referred to in paragraph 23 of the Complaint (the "Article"). Mr. Smith also made the ultimate decision to publish the Article as well as the dossier referred to in paragraph 24 of the Complaint (the "Dossier").

b) Miriam Elder, world editor of BuzzFeed News. Ms. Elder helped write the Article, and was involved in discussions on January 10, 2017 whether to publish it and the Dossier. She also conducted newsgathering in connection with the Dossier before BuzzFeed published the Article.

c) Mark Schoofs, investigations and projects editor for BuzzFeed News. Mr. Schoofs helped write the Article, and was involved in discussions on January 10, 2017 whether to publish it and the Dossier. He also conducted newsgathering in connection with the Dossier before BuzzFeed published the Article.

d) Ken Bensinger, investigative reporter at BuzzFeed News. Mr. Bensinger participated in a few telephone calls with members of the BuzzFeed staff on January 10, 2017 regarding publication of the Article and Dossier, and reviewed a draft of the Article. He also conducted newsgathering in connection with the Dossier before BuzzFeed published the Article.

e)  Jane Bradley, investigations correspondent for BuzzFeed News. Ms. Bradley conducted newsgathering in connection with the Dossier before BuzzFeed published the Article.

f)  Aram Roston, investigative reporter and editor for BuzzFeed News. Mr. Roston conducted newsgathering in connection with the Dossier before BuzzFeed published the Article.

g)  Heidi Blake, UK investigations editor for BuzzFeed News. Ms. Blake conducted newsgathering in connection with the Dossier before BuzzFeed published the Article.

h)  Ali Watkins, who at the time was a national security correspondent for BuzzFeed News, conducted newsgathering in connection with the Dossier before BuzzFeed published the Article.

i)  Sheera Frankel, who at the time was a Buzzfeed News reporter, conducted newsgathering in connection with the Dossier before Buzzfeed published the Article.

**Interrogatory No. 4:** Please identify every individual who had any input into the decision to publish the Dossier, including the input they made into the decision to publish the Dossier.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege. BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality. BuzzFeed further objects to this Interrogatory on the grounds that it seeks information better obtained through deposition testimony.

Subject to, and without waiving, the foregoing objections, BuzzFeed identifies the following people who discussed whether to publish the Dossier: (a) Mr. Smith; (b) Mr. Schoofs; (c) Ms. Elder; (d) Mr. Bensinger; and (e) Shani Hilton, head of US news for BuzzFeed News. The decision to publish the Dossier was made by Mr. Smith after consulting with others.

**Interrogatory No. 5:** Please describe in detail any and all efforts taken by Buzzfeed to determine the truth or veracity of the allegations in the Dossier concerning the Plaintiffs.

**Response:** BuzzFeed objects to this Interrogatory as overly broad and not reasonably calculated to lead to discovery of admissible evidence to the extent that it seeks information about reporting that took place after January 10, 2017. BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege. BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality. BuzzFeed further objects to this Interrogatory on the grounds that it seeks information better obtained through deposition testimony. Buzzfeed further objects to the extent that this Interrogatory assumes there are allegations in the Dossier concerning "Webzilla", which Buzzfeed denies.

Subject to, and without waiving, the foregoing objections, prior to publishing the Article Buzzfeed did not specifically investigate any of the allegedly defamatory statements concerning any of the Plaintiffs.

**Interrogatory No. 6:** Please identify each person contacted by Buzzfeed or any of its reporters in connection with its reporting on the Dossier.

**Response:** BuzzFeed objects to this Interrogatory as overly broad and not reasonably calculated to lead to discovery of admissible evidence to the extent that it seeks information about reporting that took place after January 10, 2017. BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege. BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.

**Interrogatory No. 7:** Please identify the individual or individuals at Buzzfeed who were assigned to investigate the allegations in the Dossier concerning the Plaintiffs.

**Response:** BuzzFeed objects to this Interrogatory as overly broad and not reasonably calculated to lead to discovery of admissible evidence to the extent that it seeks information about reporting that took place after January 10, 2017.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.  BuzzFeed further objects to the extent that this Interrogatory assumes there are allegations in the Dossier concerning "Webzilla", which BuzzFeed denies.

Subject to, and without waiving, the foregoing objections, no one was assigned to specifically investigate any of the allegedly defamatory statements in the Dossier that concern any of the Plaintiffs.

**Interrogatory No. 8:** Please describe each and every step taken by the individual or individuals investigating the allegations in the Dossier concerning the Plaintiffs including, but not limited to, each person contacted and the content of each conversation or interview conducted.

**Response:** BuzzFeed objects to this Interrogatory as overly broad and not reasonably calculated to lead to discovery of admissible evidence to the extent that it seeks information about reporting that took place after January 10, 2017 and/or after receipt of notice of this litigation.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.  BuzzFeed further objects to this Interrogatory on the grounds that given its overbreadth, it seeks information better obtained through deposition

testimony.  BuzzFeed further objects to the extent that this Interrogatory assumes there are allegations in the Dossier concerning "Webzilla", which BuzzFeed denies.

 Subject to, and without waiving, the foregoing objection, prior to its publication BuzzFeed did not investigate the allegedly defamatory statements in the Dossier that concern any of the Plaintiffs.

**Interrogatory No. 9:** Please describe in detail each and every conversation prior to Buzzfeed's publication of the Dossier at Buzzfeed or between Buzzfeed's agents, reporters and/or editors in which any of the Plaintiffs were referenced.

**Response:** BuzzFeed objects to this Interrogatory as overly broad and not reasonably calculated to lead to discovery of admissible evidence to the extent that it seeks information unrelated to the Dossier.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.  BuzzFeed further objects to this Interrogatory on the grounds that it seeks information better obtained through deposition testimony.

 Subject to, and without waiving, the foregoing objections, BuzzFeed responds that it is not currently aware of any such conversations.

**Interrogatory No. 10:** Please describe in detail each and every conversation prior to Buzzfeed's publication of the Dossier between Buzzfeed's agents, reports and/or editors and any third-parties in which any of the Plaintiffs were referenced.

**Response:** BuzzFeed objects to this Interrogatory as overly broad and not reasonably calculated to lead to discovery of admissible evidence to the extent that it seeks information unrelated to the Dossier.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential

y

pursuant to attorney-client confidentiality or the work product doctrine.  BuzzFeed further objects to this Interrogatory on the grounds to the extent it seeks information better obtained through deposition testimony.

Subject to, and without waiving, the foregoing objections, BuzzFeed responds that it is not currently aware of any such conversations.

**Interrogatory No. 11:** Please describe in detail each and every conversation following Buzzfeed's publication of the Dossier at Buzzfeed or between Buzzfeed's agents, reporters and/or editors in which any of the Plaintiffs were referenced.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require them to provide information that is protected by the Reporter's Privilege.  BuzzFeed further objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.  BuzzFeed further objects to this Interrogatory to the extent it seeks information about conversations that took place after it received notice of this litigation and/or after the publication of the Dossier.  BuzzFeed further objects to this Interrogatory on the grounds that it seeks information better obtained through deposition testimony.

**Interrogatory No. 12:** Please describe in detail each and every conversation following Buzzfeed's publication of the Dossier between Buzzfeed's agents, reports and/or editors and any third-parties in which any of the Plaintiffs were referenced.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege.  BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.  BuzzFeed further objects to this Interrogatory to the extent it seeks information about conversations that took place after it received notice of this litigation, and/or after the publication of the Dossier.  BuzzFeed further objects to this Interrogatory on the grounds that it seeks information better obtained through deposition testimony.

**Interrogatory No. 13:** Please describe in detail the basis for Buzzfeed's assertion that the Dossier is a government document.

**Response:** BuzzFeed is unable to formulate a response because it is not aware of what Plaintiffs are referring to with respect to BuzzFeed "assert[ing] that the Dossier is a government document," and objects on that basis.

**Interrogatory No. 14:** Please describe in detail the basis for Buzzfeed's assertion that Gubarev is a public figure.

**Response:** BuzzFeed is currently aware of the following facts that support its allegation that Gubarev is a public figure, prior to conducting discovery which may yield additional facts:

a) Gubarev owns and operates a number of major corporations around the world publicly reported to collectively be worth hundreds of millions of dollars, and Plaintiffs have sought to attract press attention to their cyber-related operations.

b) Before BuzzFeed published the Article and Dossier, Gubarev was a frequent speaker on technology- and internet-related matters, and he was regularly sought out by the media for his expertise on those topics. He provided an interview to the media as an expert on technical aspects of President Trump's alleged ties to Russia's involvement in the 2016 U.S. election. *See* Leonid Bershidsky, *Clinton Plugs Another Weak Story About Trump's Ties to Putin*, Bloomberg (Nov. 1, 2016), https://www.bloomberg.com/view/articles/2016-11-01/clinton-plugs-another-weak-story-about-trump-s-ties-to-putin.

    c)    Plaintiffs admit in the Complaint that Gubarev had access to the media, pleading that "numerous journalists (more than 30) contacted Mr. Gubarev with some even arranging to travel to Cyprus to discuss the publication with Mr. Gubarev." *See* Compl. ¶ 28.

**Interrogatory No. 15:** Please identify every person outside of Buzzfeed with whom Buzzfeed consulted concerning the decision to publish the Dossier.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege. BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine. BuzzFeed further objects to this Interrogatory on the grounds that it seeks information better obtained through deposition testimony.

Subject to, and without waiving, the foregoing objections, BuzzFeed responds that it consulted with no one outside BuzzFeed regarding its decision to publish the Dossier.

**Interrogatory No. 16:** Please identify the individuals responsible for the decision to redact portions of the Dossier both before and after publication.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine. BuzzFeed object to the term "responsible for the decision" as vague and argumentative.

Subject to, and without waiving, the foregoing objections, Miriam Elder and Mark Schoofs to the extent Buzzfeed was responsible for any redactions made prior to the commencement of this lawsuit.

**Interrogatory No. 17:** Please state the basis for your decision to redact each portion of the Dossier that was redacted.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information that is protected by the Reporter's Privilege. BuzzFeed further objects to this

Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.

Subject to, and without waiving, the foregoing objections, all redactions made by BuzzFeed were made to remove information that could identify the person and/or entities being referenced.

**Interrogatory No. 18:** Please state the basis for your decision not to redact the Plaintiffs' names from the Dossier prior to your publication of the Dossier.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require it to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine. BuzzFeed further objects to this Interrogatory on the grounds that it is argumentative and premised upon assumed facts.

**Interrogatory No. 19:** Please state the number of times that the original Dossier article was viewed prior to the redaction of the Plaintiffs' names either on the Buzzfeed.com website or any other Buzzfeed platform (including mobile platforms).

**Response:** BuzzFeed does not know how many page views the Article received as of the precise time on February 3, 2017 when it was updated with the version of the Dossier incorporating the February 3 Redactions. The Article received 5,952,131 unique page views between its original posting and 11:59 pm on February 3, 2017.

**Interrogatory No. 20:** Please state the amount of advertising or other revenues attributable to views of the Dossier article.

**Response:** BuzzFeed objects to this Interrogatory on the grounds that it is premature at this stage in the litigation. In making this objection, BuzzFeed does not suggest that there was any advertising or other revenues attributable to views of the Dossier article.

**Interrogatory No. 21:** Please describe in detail Buzzfeed's policies or procedures for the verification of facts prior to publication including how such policies or procedures are communicated to editors and reporters.

**Response:** BuzzFeed objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. BuzzFeed further objects to this Interrogatory on the grounds that it purports

to require BuzzFeed to obtain information that is not proportional to the needs of the case. BuzzFeed further objects to this Interrogatory on the grounds that it seeks information better obtained by deposition testimony. BuzzFeed further objects to this Interrogatory to the extent it seeks information about (a) news reports not containing the Dossier, or (b) policies or procedures not in effect on January 10, 2017. Subject to, and without waiving, the foregoing objections, BuzzFeed also refers Plaintiffs to its News Standards and Ethics Guide produced in response to these discovery requests.

**Interrogatory No. 22:** Please identify each person whom you have retained as an expert in this case, regardless of whether that person is expected to testify at trial, and describe that person's area of expertise and (if expected to testify) the areas of the person's expected testimony.

**Response:** BuzzFeed objects to the Interrogatory as premature at this stage of the litigation and beyond the scope of what is required to be disclosed under the Federal Rules. BuzzFeed will provide such information responsive to this request, as required by the Federal Rules, at such time as it has responsive information, if any.

**Interrogatory No. 23:** Please identify each individual whom you intend to call as a witness at trial and describe that person's expected areas of testimony.

**Response:** BuzzFeed objects to this Interrogatory as premature at this stage of the litigation. BuzzFeed will provide this information within the timeframe required by the Court's scheduling order.

**Interrogatory No. 24:** Please describe in detail each and every communication or conversation between any person working for or on behalf of Buzzfeed, on the one hand, and the United States Government (or any person part of the United States Government, including, without limitation, any person(s) in the executive branch or legislative branch), on the other hand, referencing, reflecting, or concerning the Plaintiffs.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require them to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine. BuzzFeed further objects to this Interrogatory to the extent it seeks

information about conversations that took place after it received notice of this litigation and/or after it published the Dossier.  BuzzFeed further objects to this Interrogatory on the grounds that it seeks information protected by the Reporter's Privilege, and that is better obtained by deposition testimony.  Subject to, and without waiving, the foregoing objections, Buzzfeed is not presently aware of any such communications.

**Interrogatory No. 25:** Please describe in detail each and every communication or conversation between any person working for or on behalf of Buzzfeed, on the one hand, and the United States Government (or any person part of the United States Government, including, without limitation, any person(s) in the executive branch or legislative branch), on the other hand, referencing, reflecting, or concerning the Dossier.

**Response:** BuzzFeed objects to this Interrogatory to the extent it purports to require them to provide information privileged or confidential pursuant to attorney-client confidentiality or the work product doctrine.   BuzzFeed further objects to this Interrogatory on the grounds that it seeks information protected by the Reporter's Privilege, and that is better obtained by deposition testimony.  BuzzFeed further objects to this Interrogatory to the extent it seeks information about conversations that took place after it received notice of this litigation and/or after it published the Dossier.

Signed as to objections:

Dated: July 17, 2017                    Respectfully submitted,

*/s/ Katherine M. Bolger*
Katherine M. Bolger
(admitted *pro hac vice*)
Nathan Siegel
(admitted *pro hac vice*)
Adam Lazier
(admitted *pro hac vice*)
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
Tel: (212) 850-6100

Lawrence A. Kellogg, P.A.
Jezabel P. Lima
LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 South Biscayne Boulevard
Miami Center, 22nd Floor
Miami, FL 33131
Tel: (305) 403-8788

*Counsel for Defendants*