# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

**Case No.**

**0:17-cv-60426-UU**

## PLAINTIFF ALEKSEJ GUBAREV'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Aleksej Gubarev ("Plaintiff") hereby responds to Defendants' First Set of Interrogatories to Plaintiff Aleksej Gubarev (the "Interrogatories").  Plaintiff's failure to object to a particular Interrogatory or willingness to respond to an Interrogatory is not, and shall not be construed as an admission of the relevant or admissibility into evidence of any such response or that the purported factual premise for any Interrogatory is valid or accurate.  The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

## Objections and Responses to Interrogatories

**INTERROGATORY NO. 1:**    Identify all persons who are believed or known by you to have information concerning any of the allegations in Count I of the Complaint, and for each state the subject-matter of their knowledge.

**Response:**

1.    Aleksej Gubarev, Chairman, CEO and Director of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The

1

defamatory and false nature of the statements published by Defendants, the operations of Plaintiffs, and the damage suffered by Plaintiffs as a result thereof.

2.     Anna Gubareva, wife of Aleksej Gubarev, c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The effects of the defamatory publication on herself, her husband, and her family.

3.     Kostyantyn Bezruchenko, Director of Webzilla, Inc. and Director and Chief Technical Officer of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The defamatory and false nature of the statements published by Defendants, the operations of Webzilla, Inc. and XBT Holding S.A., and the damage suffered by Webzilla, Inc. and XBT Holding S.A. as a result of the defamatory statements published by Defendants.

4.     Rajesh Kumar Mishra, Director of Webzilla, Inc. and Director and Chief Financial Officer of XBT Holding, S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The operations of Webzilla, Inc. and XBT Holding S.A., and the damage suffered by Webzilla, Inc. and XBT Holding S.A. as a result of the defamatory statements published by Defendants.

5.     Constantin Luchian, Financial Director of Webzilla, Inc., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The operations of Webzilla, Inc. and the publication and viewing of the defamatory statements within the state of Florida.

6.     Christopher Steele, founder and director of Orbis Business Intelligence Limited. Information regarding the collection of information that lead to the defamatory statements published by Defendants.

7.     Roy Cysner, Controller of BuzzFeed, Inc.  The distribution of the defamatory statements published by Defendants.

8.     Ben Smith, Editor-in-Chief of BuzzFeed, Inc.  The distribution of the defamatory statements published by Defendants, the decision to publish the defamatory statements, and failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

9.      Ken Bensinger, investigative reporter for BuzzFeed, Inc.  Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

10.      Mark Schoofs, investigations and projects editor for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.  The decision to publish the defamatory statements.

11.      Miriam Elder, world editor for BuzzFeed, Inc.  Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.  The decision to publish the defamatory statements.

12.      Glenn Simpson, partner of Fusion GPS.  Information regarding the collection of information that lead to the defamatory statements published by Defendants.

**INTERROGATORY NO. 2:**      Identify all facts supporting your allegation in paragraph 5 of the Complaint that you are "not, in any way, shape, or form, a public figure."

**Objection**:      Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Specifically, given that Mr. Gubarev is in fact not a public figure, *all* facts support his allegation.  In other words, Plaintiff objects on the basis that this Interrogatory requests evidence of the *absence* of a fact or proof of a negative premise.   As such, this Interrogatory is overly broad and unduly burdensome, if not impossible to respond to, and requests information that is not likely to lead to the discovery of admissible evidence.  Plaintiff objects to this Interrogatory on the basis that it is argumentative and premised upon assumed facts.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response**:      I am not a politician of any country or locality.  I am not a public official of any country or locality.  I do not hold any governmental office.  I do not generally seek the public's attention.  Prior to the publication of the defamatory statements about me, I did not thrust myself into the forefront of any particular public controversy, nor did I tried to influence the resolution of any public issues.  Prior to the publication of the defamatory statements about me, I did not invite attention or comment.  I am a private individual.  I have not assumed an influential role in society.  I do not want to be a public individual.  I devote substantially all of

my time to my family and my work.  Although it is true that I had been quoted a few times in news articles prior to Buzzfeed's publication of the Dossier, I do not believe that, outside a small circle of tech executives, I am known at all.

**INTERROGATORY NO. 3:**      Identify all facts supporting your allegation that the portion of the Dossier quoted in paragraph 26 of the Complaint, as it applies to you, is false and defamatory.

**Objection**:      Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Specifically, given that the statements quoted in paragraph 26 of the Complaint are false, *all* facts support Plaintiff's allegations that the statements are false.  In other words, Plaintiff objects on the basis that this Interrogatory requests evidence of the absence of a fact or proof of a negative premise.  As such, this Interrogatory is overly broad and unduly burdensome, if not impossible to respond to, and requests information that is not likely to lead to the discovery of admissible evidence.  Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law.  Plaintiff objects to this Interrogatory on the basis that it is argumentative and premised upon assumed facts.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response**:      No part of the family of companies of which XBT Holding S.A. and Webzilla, Inc. are a part has "been using botnets and porn traffic to transmit viruses, plant bugs, steal data [or] conduct 'altering operations' against the Democratic Party leadership."   No entities linked to me have been involved in any of these types of activities.  I was not "recruited under duress by the FSB."  I was not recruited by the FSB at all.  I was not recruited for any such activities by anyone else at any other time or in any other circumstances whatsoever.  I have no knowledge of, and have never met or spoken to, a person known as Seva Kapsugovich.  Neither myself, nor any part of the family of companies of which XBT Holding S.A. and Webzilla, Inc. are a part, have ever acted with "another hacking expert" to mount a cyber-attach on the Democratic Party Leadership.  Because I have not been involved in the activities attributed to me and "XBT/Webzilla" in the referenced part of the Dossier, we have not had "to go effectively to ground to cover [our] traces."  I have not met with Michael Cohen in Prague about the issues discussed in the referenced portion of the Dossier (or any other matter).  I have not received any payments for any of the allegations referenced in the referenced portion of the Dossier (because I

4

did not engage in any of the allegations referenced therein).  To be clear, I say that the facts alleged in the Dossier concerning me are false because each and every one of the facts alleged in the Dossier about me are, in fact, false.

**INTERROGATORY NO. 4:**        For any entity for which you have performed professional services between January 1, 2010 and the present, and for which you have been compensated (whether as an officer, director, employee, consultant, independent contractor or otherwise) identify that entity including but not limited to the dates during which you were so compensated, and provide a specific description of your duties and responsibilities in each instance.

**Objection**:        Plaintiff objects to this Interrogatory in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Without limiting the foregoing, Mr. Gubarev's performance of professional services at any time are irrelevant to the issues present in this litigation.  To the extent that his performance (or, more accurately, non-performance) of professional services could be deemed relevant, Mr. Gubarev incorporates his response to Interrogatory No. 3 above.

**INTERROGATORY NO. 5:**        Identify every bank or financial institution from which you have sought a loan or other financing since January 1, 2015, whether such financing was granted, and the dates of such application and decision.

**Objection**:        Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff objects to the extent that it calls for the production of information relating to any loan or other financing unaffected by the issues set forth in the Complaint.  Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response**:      I applied for two personal loans that were affected by the publication of the Dossier and which caused and continue to cause me damage.  I am also in the process of applying for personal loans which their result is still unknown.

**INTERROGATORY NO. 6:**      Identify each and every instance in which you have been mentioned, identified, interviewed, referred to, or quoted in any book, magazine, newspaper, podcast, blog, or television or radio program, or on the Internet, since January 1, 2000.

**Objection**:      Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to instances arising between January 1, 2014 and the date of Buzzfeed's publication of the Dossier.  Plaintiff objects to this Interrogatory to the extent that responsive information is equally available to Defendants as they are to Plaintiff.  Plaintiff objects to this Interrogatory to the extent that it calls for information not known by Plaintiff or in the possession, custody or control of Plaintiff.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response**:      I am not a public person and I have not sought to be one.  On a very rare basis I will provide comments to a publication, but only if they approach me and if I have the time to do so.  I do recall that, in or around October of 2016, I was contacted by a reporter for Bloomberg news and I responded to questions that he had.  I was quoted in a Bloomberg article in November of 2016 as a result of that conversation.  Other than that, I do not specifically remember any publications that I have been mentioned in or quoted in, but I assume that, if someone does a Google search of my name, they may come up with some articles and/or other media that mentions me.

**INTERROGATORY NO. 7:**      Identify each and every instance in which you have communicated with a reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer, since January 1, 2000.

**Objection**:      Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff

limits this response to instances arising after January 1, 2014.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response**:      I cannot recall each and every instance that I have communicated with a reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer but I can confirm that such instances would be a very limited number of times. For example, I do recall that, in or around October of 2016, I was contacted by a reporter for Bloomberg news and I responded to questions that he had.  I was quoted in a Bloomberg article in November of 2016 as a result of that conversation.  Other than that, some of my interactions with these types of individuals since Buzzfeed's publication of the Dossier are included in the documents being produced in this litigation, subject to the objections and other provisions set forth in the responses to Defendants' requests for documents served in this matter.

**INTERROGATORY NO. 8:**      Identify any speeches, public statements, interviews, or other public appearances you have made since January 1, 2000.

**Objection**:      Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to speeches, public statements, interviews or other public appearances from January 1, 2014 to the present.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response**:      I make reference to and incorporate my responses to Interrogatories Nos. 6 and 7 above.  Furthermore, I can vaguely remember making only a very limited number of speeches or public appearances in the past few years.  I gave a speech at an expo in Singapore, one at the Luxembourg Internet Days, one at a local conference in Cyprus about new technology, and two talks in Russia (one upon the opening of Servers.ru and another at a conference).

**INTERROGATORY NO. 9:**      Identify any awards, accolades, or other recognitions you have received from any civic, political, charitable, religious, business, cultural, military, police, social, educational, governmental, non-profit, or professional organization since January 1, 2000.

**Objection**:      Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the

7

discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits his response to awards, accolades or other recognitions from January 1, 2014 to the present.  Subject to these objections, Plaintiff responds as follows:

**Response**:     None.

**INTERROGATORY NO. 10:**     For each element of damage that you claim in this action, including but not limited to the injuries claimed at paragraphs 48-50 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, and all facts relating to or supporting the allegation of injury.

**Objection**:     Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law.  Plaintiff objects to this Interrogatory to the extent that the full extent of Plaintiff's damages are not yet fully known.  Plaintiff objects to this Interrogatory as being premature.  Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Subject to these objections, Plaintiff responds as follows:

**Response**:     I suffered numerous types of personal damage and injury as a result of Buzzfeed's publication of the false statements about me.  Some of the biggest issues I faced are as follows:

a)     I had a lot of trouble with banks.  In addition to the loans affected by the publication as stated in my response to Interrogatory No. 5 above, which I incorporate herein, I needed to go to banks and speak to them personally to explain the situation.  Some banks were ready to close my account due to what they said were high risks associated with me after Buzzfeed's publication of the false statements about me.  Now it is extremely difficult or even impossible for me to open new bank accounts because of Know Your Client rules, compliance and regulations at banks.  Banks have also told me that it is not possible for me at this time to get any financial support or loans, while they were ready to provide them to me before Buzzfeed's publication of false statements about me.

b)     My reputation has been tarnished as a result of Buzzfeed's publication of the false statements about me.  People, particularly those that I worked with, now question my integrity.  I have personally needed to call over 150 of my clients to explain to them the situation and to try

8

to limit the number of them that would stop doing business with my companies because of Buzzfeed's publication of false information about me. Although some of them understood the situation, they told me that they will place a freeze on growing their business with me and my companies because of the high risks and concerns. It is significantly harder to find clients because everyone asks me about Buzzfeed's false publication about me, which means that instead of building business with them I am forced to explain the entire situation and how I am involuntarily trapped in it. Some long-term business associates have asked us to remove any traces of our association with them because they are afraid to be connected with Buzzfeed's false story about me and my businesses. I have also been affected on a personal level. The publication has changed my life completely – both personally and professionally.

c)      I have suffered stress as a result of Buzzfeed's publication of false statements about me. In the first few days after the publication, I gave over 30 interviews, including an interview over Skype and a personal interview in Cyprus. The Washington Post and a Dutch newspaper even sent journalists to Cyprus to interview me in person. They spent time in Cyprus going around asking questions about me from other people. They visited my wife's dance studio and took pictures of everything. My wife and I felt afraid, harassed and stalked. I virtually didn't sleep for almost a week because of all the concern about how I was going to deal with this situation. It was very stressful to suddenly be in the news everywhere and to have my businesses attacked because of the false statements published by Buzzfeed. I still feel huge pressure on me because of Buzzfeed's decision as it affects me, financially, mentally and physically. It does not allow me to work efficiently and live my life in control or comfortably.

d)      My family has also suffered as a result of Buzzfeed's publication.

e)      The amount of time that I have spent responding to these false statements has been extraordinary. I have had difficulty making new sales and deals for my company because I have spent so much time dealing with this issue by communicating with my lawyers and so on . I have also had to spend significant time following the story and political news to make sure I can respond to anything new that comes out that could affect me further. As a result, I have not been able to fully focus on my job as the CEO of XBT.

Plaintiff explicitly reserves the right to supplement his response to these Interrogatories as discovery progresses.

As to all objections:

_____                    July 19, 2017_____
Matthew Shayefar, Esq.                             Date

**<u>VERIFICATION</u>**

I, Aleksej Gubarev, being first duly sworn in accordance with law, do hereby depose and state that I have read the responses to Defendants' First Set of Interrogatories to Plaintiff Aleksej Gubarev and that the responses are true and correct to the best of my knowledge and information.

_____

Aleksej Gubarev
(Printed name)

11

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically

via the email on all counsel or parties of record on the service list below on this 19th day of July,

2017.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Nathan Siegel
Levine Sullivan Koch & Schulz, LLP
321 West 44 Street, Suite 1000
New York, New York 10036
kbolger@lskslaw.com
alazier@lskslaw.com
nsiegel@lskslaw.com

Lawrence Allan Kellogg
Jezabel Pereira Lima
Levine Kellogg Lehman Schneider & Grossman LLP
Miami Center
201 So. Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
lak@lklsg.com
jl@lklsg.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

**Case No.**

**0:17-cv-60426-UU**

## PLAINTIFF WEBZILLA, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Webzilla, Inc. ("Plaintiff") hereby responds to Defendants' First Set of Interrogatories to Plaintiff Webzilla, Inc. (the "Interrogatories").  Plaintiff's failure to object to a particular Interrogatory or willingness to respond to an Interrogatory is not, and shall not be construed as an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Interrogatory is valid or accurate.  The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

## Objections and Responses to Interrogatories

**INTERROGATORY NO. 1:**    Identify all persons who are believed or known by you to have information concerning any of the allegations in Count I of the Complaint, and for each state the subject-matter of their knowledge.

**Response:**

1.    Aleksej Gubarev, Chairman, CEO and Director of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The

defamatory and false nature of the statements published by Defendants, the operations of Plaintiffs, and the damage suffered by Plaintiffs as a result thereof.

2.      Anna Gubareva, wife of Aleksej Gubarev, c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The effects of the defamatory publication on herself, her husband, and her family.

3.      Kostyantyn Bezruchenko, Director of Webzilla, Inc. and Director and Chief Technical Officer of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The defamatory and false nature of the statements published by Defendants, the operations of Webzilla, Inc. and XBT Holding S.A., and the damage suffered by Webzilla, Inc. and XBT Holding S.A. as a result of the defamatory statements published by Defendants.

4.      Rajesh Kumar Mishra, Director of Webzilla, Inc. and Director and Chief Financial Officer of XBT Holding, S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The operations of Webzilla, Inc. and XBT Holding S.A., and the damage suffered by Webzilla, Inc. and XBT Holding S.A. as a result of the defamatory statements published by Defendants.

5.      Constantin Luchian, Financial Director of Webzilla, Inc., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The operations of Webzilla, Inc. and the publication and viewing of the defamatory statements within the state of Florida.

6.      Christopher Steele, founder and director of Orbis Business Intelligence Limited. Information regarding the collection of information that lead to the defamatory statements published by Defendants.

7.      Roy Cysner, Controller of BuzzFeed, Inc.  The distribution of the defamatory statements published by Defendants.

8.      Ben Smith, Editor-in-Chief of BuzzFeed, Inc.  The distribution of the defamatory statements published by Defendants, the decision to publish the defamatory statements, and failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

9.      Ken Bensinger, investigative reporter for BuzzFeed, Inc.  Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

10.     Mark Schoofs, investigations and projects editor for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.  The decision to publish the defamatory statements.

11.     Miriam Elder, world editor for BuzzFeed, Inc.  Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.  The decision to publish the defamatory statements.

12.     Glenn Simpson, partner of Fusion GPS.  Information regarding the collection of information that lead to the defamatory statements published by Defendants.

**INTERROGATORY NO. 2:**      For each office you have had since January 1, 2010, provide the address, the nature of the services performed there, and whether and when that office served as your principal place of business.

**Objection:**     Plaintiff objects to this Interrogatory in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Without limiting the foregoing, the location of each office of Plaintiff is of no relevance to any of the outstanding issues pending in this litigation – the issue of personal jurisdiction has already been conclusively decided by the Court. Subject to, and without waiving these objections, Plaintiff responds as follows:

**Response:**

110 E. Broward Blvd, Suite 1700, Fort Lauderdale, Florida 33301, United States of America.  Listed as principal place of business for Plaintiff on filings with the Florida Secretary of State from 2009 to 2013 and is currently a mailing address for Plaintiff and is a location where management decisions are made.

2777 N Stemmons Fwy., Suite 1655, Dallas, Texas 75207, United States of America. Listed as principal place of business for Plaintiff on filings with the Florida Secretary of State since 2013.  Used to oversee some physical operations.

3

53-55 Agios Athanasios Street, Michael Angelo House, 4102, Limassol, Cyprus.
Corporate family office.

**INTERROGATORY NO. 3:**       Identify all of your directors and officers.
**Response:**

Directors: Rajesh Kumar Mishra and Kostyantyn Bezruchenko

Officers: CFO Rajesh Kumar Mishra, CTO Kostyantyn Bezruchenko

**INTERROGATORY NO. 4:**       Identify all facts supporting your allegation that the Dossier
is of and concerning you, including but not limited to identifying each person known or believed
by you to have understood the word "Webzilla" in the Dossier to refer to you.

**Objection:**       Plaintiff objects to this Interrogatory in its entirety on the basis that it is
overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to
lead to the discovery of admissible evidence.  Plaintiff objects to this Interrogatory on the basis
that it is argumentative and premised upon assumed facts.  Subject to, and without waiving these
objections, Plaintiff responds as follows:

**Response:**       Plaintiff and the other "Webzilla" branded entities in the family of
companies owned by XBT Holding S.A. are the only entities in the United States and much of
the rest of the world that are legally permitted to use the name "Webzilla" in connection with
hosting services.  The domain name Webzilla.com points to the website where Plaintiff markets
its services.  There are two active registered trademarks for the name "WEBZILLA" in the
United States: Registration Number 5196233 and Registration Number 3563190.  There is also
an application currently on file for "WEBZILLA BROWSER," Serial Number 87024479.  These
registrations and the application are owned by TM Web Properties, Ltd., which is part of the
XBT Holding S.A. family of companies.  "Webzilla" when used in conjunction with "XBT" and
"Gubarev" leave only the impression that the reference is to Plaintiff and the other Webzilla
entities in the XBT Holding S.A. family of companies.

**INTERROGATORY NO. 5:**       Identify all facts supporting your allegation that the portion
of the Dossier quoted in paragraph 26 of the Complaint, as it applies to you, is false and
defamatory.

**Objection:**      Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Specifically, given that the statements quoted in paragraph 26 of the Complaint are false, *all* facts support Plaintiff's allegations that the statements are false.  In other words, Plaintiff objects on the basis that this Interrogatory requests evidence of the absence of a fact – namely evidence of *absence* of fact or proof of a negative premise.  As such, this Interrogatory is overly broad and unduly burdensome, if not impossible to respond to, and requests information that is not likely to lead to the discovery of admissible evidence.  Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law.  Plaintiff objects to this Interrogatory on the basis that it is argumentative and premised upon assumed facts.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**      No part of the family of companies of which XBT Holding S.A. and Webzilla, Inc. are a part has "been using botnets and porn traffic to transmit viruses, plant bugs, steal data [or] conduct 'altering operations' against the Democratic Party leadership."  Plaintiff has not been involved in any of these types of activities.  Plaintiff was not "recruited under duress by the FSB."  Plaintiff was not recruited by the FSB at all.  Plaintiff was not recruited for any such activities by anyone else at any other time or in any other circumstances whatsoever.  Plaintiff has no knowledge of, and no one on its behalf has ever met or spoken to, a person known as Seva Kapsugovich.  Neither Plaintiff, nor any part of the family of companies of which XBT Holding S.A. and Webzilla, Inc. are a part, have ever acted with "another hacking expert" to mount a cyber-attach on the Democratic Party Leadership.  Because Plaintiff has not been involved in the activities attributed to it in the referenced part of the Dossier, Plaintiff has not had "to go effectively to ground to cover their traces."  No one on behalf of Plaintiff has met with Michael Cohen in Prague about the issues discussed in the referenced portion of the Dossier (or any other matter).  Plaintiff has not received any payments for any of the allegations referenced in the referenced portion of the Dossier (because Plaintiff did not engage in any of the allegations referenced therein).  To be clear, Plaintiff states that the facts alleged in the Dossier concerning Plaintiff are false because each and every one of the facts alleged in the Dossier about Plaintiff are, in fact, false.

**INTERROGATORY NO. 6:**        Identify every bank or financial institution from which you have sought a loan or other financing since January 1, 2015, whether such financing was granted, and the dates of such application and decision.

**Objection:**        Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Specifically, and without limiting the foregoing, Plaintiff objects to the extent that it calls for the production of information relating to any loan or other financing unaffected by the issues set forth in the Complaint. Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

Subject to, and without waiving, these objections, Plaintiff will provide a response after an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**INTERROGATORY NO. 7:**        Identify each and every instance in which you have been mentioned, identified, interviewed, referred to, or quoted in any book, magazine, newspaper, podcast, blog, or television or radio program, or on the Internet, since January 1, 2000.

**Objection:**        Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Specifically, and without limiting the foregoing, Plaintiff limits this response to instances arising between January 1, 2014 and the date of Buzzfeed's publication of the Dossier. Plaintiff objects to this Interrogatory to the extent that responsive information is equally available to Defendants as they are to Plaintiff. Plaintiff objects to this Interrogatory to the extent that it calls for information not known by Plaintiff or in the possession, custody or control of Plaintiff. Plaintiff objects to this Interrogatory on the basis that the answer may be determined by examination of documents and that the burden of deriving or ascertaining the answer will be substantially the same for either party. Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**     Responsive instances known to Plaintiff and in the possession, custody or control of Plaintiff will be produced in accordance with Fed. R. Civ. P. 33(d) and will be included with Plaintiff's responses to requests for production of documents.

**INTERROGATORY NO. 8:**     Identify each and every instance in which you have communicated with a reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer, since January 1, 2000.

**Objection:**     Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to instances arising after January 1, 2014.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**     Communications with some of these types of individuals are included in the documents being produced in this litigation in accordance with Fed. R. Civ. P. 33(d) and will be included with Plaintiff's responses to requests for production of documents.

**INTERROGATORY NO. 9:**     Identify any speeches, public statements, interviews, or other public appearances you have made since January 1, 2000.

**Objection:**     Plaintiff objects to this Interrogatory on the basis that Plaintiff, as a business entity, cannot give speeches, public statements, interviews or make public appearances. Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to speeches, public statements, interviews or other public appearances from January 1, 2014 to the present.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**     Plaintiff makes reference to and incorporates its responses to Interrogatories Nos. 7 and 8 above.

**INTERROGATORY NO. 10:**     Identify any awards, accolades, or other recognitions you have received from any civic, political, charitable, religious, business, cultural, military, police, social, educational, governmental, non-profit, or professional organization since January 1, 2000.

**Objection:**   Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits its responses to awards, accolades or other recognitions from January 1, 2014 to the present.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**   See the following links:

http://xbt.com/news/2013/11/webzilla-named-a-best-dedicated-server-in-hostreview-ranking.html

https://www.hostreview.com/awards/monthly/dedicated-server/2017/may

https://www.hostreview.com/awards/monthly/dedicated-server/2017/april

**INTERROGATORY NO. 11:**   For each element of damage that you claim in this action, including but not limited to the injuries claimed at paragraphs 48-50 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, and all facts relating to or supporting the allegation of injury.

**Objection:**   Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law.  Plaintiff objects to this Interrogatory to the extent that the full extent of Plaintiff's damages are not yet fully known.  Plaintiff objects to this Interrogatory as being premature.  Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

Subject to, and without waiving, these objections, Plaintiff will provide a response after an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**INTERROGATORY NO. 12:**   Please identify each person whom you have retained as an expert in this case who is expected to testify at trial, and describe that person's area of expertise and the areas of the person's expected testimony.

**Objection:**   Plaintiff objects to this Interrogatory as premature at this stage of the litigation and beyond the scope of what is required to be disclosed under the Federal Rules of

Civil Procedure.  Plaintiff will provide responsive information as required under the Federal Rules of Civil Procedure at such time as it has responsive information, if any, and such information is required to be disclosed.

    **INTERROGATORY NO. 13:**    Please identify each individual whom you intend to call as a witness at trial and describe that person's expected areas of testimony.

    **Objection:**    Plaintiff objects to this Interrogatory as premature at this stage of the litigation.  Plaintiff will provide responsive information within the timeframe required by the Court's scheduling order.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

    **Response:**    Plaintiff makes reference to and incorporates its response to Interrogatory No. 1 above.

    Plaintiff explicitly reserves the right to supplement its response to these Interrogatories as discovery progresses.

As to all objections:


_____        July 19, 2017_____

Matthew Shayefar, Esq.                                Date

9

## **VERIFICATION**

I, Rajesh Kumar Mishra, on behalf of Webzilla, Inc., being first duly sworn in accordance with law, do hereby depose and state that I have read the responses to Defendants' First Set of Interrogatories to Plaintiff Webzilla, Inc. and that the responses are true and correct to the best of my knowledge and information.

_____

Rajesh Kumar Mishra_____
(Printed name)

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the email on all counsel or parties of record on the service list below on this 19th day of July, 2017.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Nathan Siegel
Levine Sullivan Koch & Schulz, LLP
321 West 44 Street, Suite 1000
New York, New York 10036
kbolger@lskslaw.com
alazier@lskslaw.com
nsiegel@lskslaw.com

Lawrence Allan Kellogg
Jezabel Pereira Lima
Levine Kellogg Lehman Schneider & Grossman LLP
Miami Center
201 So. Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
lak@lklsg.com
jl@lklsg.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

**Case No.**

**0:17-cv-60426-UU**

### PLAINTIFF XBT HOLDING S.A.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff XBT Holding S.A. ("Plaintiff") hereby responds to Defendants' First Set of Interrogatories to Plaintiff Webzilla, Inc. (the "Interrogatories").  Plaintiff's failure to object to a particular Interrogatory or willingness to respond to an Interrogatory is not, and shall not be construed as an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Interrogatory is valid or accurate.  The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

### Objections and Responses to Interrogatories

**INTERROGATORY NO. 1:**    Identify all persons who are believed or known by you to have information concerning any of the allegations in Count I of the Complaint, and for each state the subject-matter of their knowledge.

**Response:**

1.    Aleksej Gubarev, Chairman, CEO and Director of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The

1

defamatory and false nature of the statements published by Defendants, the operations of Plaintiffs, and the damage suffered by Plaintiffs as a result thereof.

2.      Anna Gubareva, wife of Aleksej Gubarev, c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The effects of the defamatory publication on herself, her husband, and her family.

3.      Kostyantyn Bezruchenko, Director of Webzilla, Inc. and Director and Chief Technical Officer of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The defamatory and false nature of the statements published by Defendants, the operations of Webzilla, Inc. and XBT Holding S.A., and the damage suffered by Webzilla, Inc. and XBT Holding S.A. as a result of the defamatory statements published by Defendants.

4.      Rajesh Kumar Mishra, Director of Webzilla, Inc. and Director and  Chief Financial Officer of XBT Holding, S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The operations of Webzilla, Inc. and XBT Holding S.A., and the damage suffered by Webzilla, Inc. and XBT Holding S.A. as a result of the defamatory statements published by Defendants.

5.      Constantin Luchian, Financial Director of Webzilla, Inc., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800.  The operations of Webzilla, Inc. and the publication and viewing of the defamatory statements within the state of Florida.

6.      Christopher Steele, founder and director of Orbis Business Intelligence Limited. Information regarding the collection of information that lead to the defamatory statements published by Defendants.

7.      Roy Cysner, Controller of BuzzFeed, Inc.  The distribution of the defamatory statements published by Defendants.

8.      Ben Smith, Editor-in-Chief of BuzzFeed, Inc.  The distribution of the defamatory statements published by Defendants, the decision to publish the defamatory statements, and failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

9. Ken Bensinger, investigative reporter for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

10. Mark Schoofs, investigations and projects editor for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements. The decision to publish the defamatory statements.

11. Miriam Elder, world editor for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements. The decision to publish the defamatory statements.

12. Glenn Simpson, partner of Fusion GPS. Information regarding the collection of information that lead to the defamatory statements published by Defendants.

**INTERROGATORY NO. 2:** For each office you have had since January 1, 2010, provide the address, the nature of the services performed there, and whether and when that office served as your principal place of business.

**Objection:** Plaintiff objects to this Interrogatory in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Without limiting the foregoing, the location of each office of Plaintiff is of no relevance to any of the outstanding issues pending in this litigation – the issue of personal jurisdiction has already been conclusively decided by the Court. Subject to, and without waiving these objections, Plaintiff responds as follows:

**Response:**

3, op der Poukewiss, 7795, Roost, Luxembourg. Head office since incorporation.

53-55 Agios Athanasios Street, Michael Angelo House, 4102, Limassol, Cyprus. Corporate family office for management, legal and accounting.

110 E. Broward Blvd, Suite 1700, Fort Lauderdale, Florida 33301, United States of America. A location where management decisions are made for United States based activities of subsidiaries.

2777 N Stemmons Fwy., Suite 1655, Dallas, Texas 75207, United States of America. Used to oversee some physical operations for United States based activities of subsidiaries.

**INTERROGATORY NO. 3:**      Identify all of your directors and officers.

**Response:**

Directors: Aleksej Gubarev, Rajesh Kumar Mishra and Kostyantyn Bezruchenko

Officers:  CEO Aleksej Gubarev, CFO Rajesh Kumar Mishra and CTO Kostyantyn Bezruchenko

**INTERROGATORY NO. 4:**      Identify all facts supporting your allegation that the portion of the Dossier quoted in paragraph 26 of the Complaint, as it applies to you, is false and defamatory.

**Objection:**      Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Specifically, given that the statements quoted in paragraph 26 of the Complaint are false, *all* facts support Plaintiff's allegations that the statements are false.  In other words, Plaintiff objects on the basis that this Interrogatory requests evidence of the absence of a fact – namely evidence of *absence* of fact or proof of a negative premise.  As such, this Interrogatory is overly broad and unduly burdensome, if not impossible to respond to, and requests information that is not likely to lead to the discovery of admissible evidence.  Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law.  Plaintiff objects to this Interrogatory on the basis that it is argumentative and premised upon assumed facts.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**      No part of the family of companies of which XBT Holding S.A. and Webzilla, Inc. are a part has "been using botnets and porn traffic to transmit viruses, plant bugs, steal data [or] conduct 'altering operations' against the Democratic Party leadership."  Plaintiff has not been involved in any of these types of activities.  Plaintiff was not "recruited under duress by the FSB."  Plaintiff was not recruited by the FSB at all.  Plaintiff was not recruited for any such activities by anyone else at any other time or in any other circumstances whatsoever. Plaintiff has no knowledge of, and no one on its behalf has ever met or spoken to, a person known as Seva Kapsugovich.  Neither Plaintiff, nor any part of the family of companies of which

4

XBT Holding S.A. and Webzilla, Inc. are a part, have ever acted with "another hacking expert" to mount a cyber-attach on the Democratic Party Leadership.  Because Plaintiff has not been involved in the activities attributed to it in the referenced part of the Dossier, Plaintiff has not had "to go effectively to ground to cover their traces."  No one on behalf of Plaintiff has met with Michael Cohen in Prague about the issues discussed in the referenced portion of the Dossier (or any other matter).  Plaintiff has not received any payments for any of the allegations referenced in the referenced portion of the Dossier (because Plaintiff did not engage in any of the allegations referenced therein).  To be clear, Plaintiff states that the facts alleged in the Dossier concerning Plaintiff are false because each and every one of the facts alleged in the Dossier about Plaintiff are, in fact, false.

**INTERROGATORY NO. 5:**     Identify every bank or financial institution from which you have sought a loan or other financing since January 1, 2015, whether such financing was granted, and the dates of such application and decision.

**Objection:**     Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff objects to the extent that it calls for the production of information relating to any loan or other financing unaffected by the issues set forth in the Complaint.  Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

Subject to, and without waiving, these objections, Plaintiff will provide a response after an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**INTERROGATORY NO. 6:**     Identify each and every instance in which you have been mentioned, identified, interviewed, referred to, or quoted in any book, magazine, newspaper, podcast, blog, or television or radio program, or on the Internet, since January 1, 2000.

**Objection:**     Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the

discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to instances arising between January 1, 2014 and the date of Buzzfeed's publication of the Dossier.  Plaintiff objects to this Interrogatory to the extent that responsive information is equally available to Defendants as they are to Plaintiff.  Plaintiff objects to this Interrogatory to the extent that it calls for information not known by Plaintiff or in the possession, custody or control of Plaintiff.  Plaintiff objects to this Interrogatory on the basis that the answer may be determined by examination of documents and that the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**     Responsive instances known to Plaintiff and in the possession, custody or control of Plaintiff will be produced in accordance with Fed. R. Civ. P. 33(d) and will be included with Plaintiff's responses to requests for production of documents.

**INTERROGATORY NO. 7:**     Identify each and every instance in which you have communicated with a reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer, since January 1, 2000.

**Objection:**     Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to instances arising after January 1, 2014.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**     Communications with some of these types of individuals are included in the documents being produced in this litigation in accordance with Fed. R. Civ. P. 33(d) and will be included with Plaintiff's responses to requests for production of documents.

**INTERROGATORY NO. 8:**     Identify any speeches, public statements, interviews, or other public appearances you have made since January 1, 2000.

**Objection:**     Plaintiff objects to this Interrogatory on the basis that Plaintiff, as a business entity, cannot give speeches, public statements, interviews or make public appearances. Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible

evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to speeches, public statements, interviews or other public appearances from January 1, 2014 to the present.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**     Plaintiff makes reference to and incorporates its responses to Interrogatories Nos. 6 and 7 above.

**INTERROGATORY NO. 9:**     Identify any awards, accolades, or other recognitions you have received from any civic, political, charitable, religious, business, cultural, military, police, social, educational, governmental, non-profit, or professional organization since January 1, 2000.

**Objection:**     Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits its responses to awards, accolades or other recognitions from January 1, 2014 to the present.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**

International Arch of Europe (see https://www.youtube.com/watch?v=m8MUw8po06M)

XBT subsidiary Servers.ru received an award at Premiaruneta in 2016 in the category Technology and Innovations

**INTERROGATORY NO. 10:**     For each element of damage that you claim in this action, including but not limited to the injuries claimed at paragraphs 48-50 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, and all facts relating to or supporting the allegation of injury.

**Objection:**     Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law.  Plaintiff objects to this Interrogatory to the extent that the full extent of Plaintiff's damages are not yet fully known.  Plaintiff objects to this Interrogatory as being premature.  Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

Subject to, and without waiving, these objections, Plaintiff will provide a response after an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**INTERROGATORY NO. 11:**     Please identify each person whom you have retained as an expert in this case who is expected to testify at trial, and describe that person's area of expertise and the areas of the person's expected testimony.

**Objection:**     Plaintiff objects to this Interrogatory as premature at this stage of the litigation and beyond the scope of what is required to be disclosed under the Federal Rules of Civil Procedure.  Plaintiff will provide responsive information as required under the Federal Rules of Civil Procedure at such time as it has responsive information, if any, and such information is required to be disclosed.

**INTERROGATORY NO. 12:**     Please identify each individual whom you intend to call as a witness at trial and describe that person's expected areas of testimony.

**Objection:**     Plaintiff objects to this Interrogatory as premature at this stage of the litigation.  Plaintiff will provide responsive information within the timeframe required by the Court's scheduling order.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**     Plaintiff makes reference to and incorporates its response to Interrogatory No. 1 above.

Plaintiff explicitly reserves the right to supplement its response to these Interrogatories as discovery progresses.

As to all objections:

_____          July 19, 2017_____
Matthew Shayefar, Esq.                             Date

8

## **VERIFICATION**

I, Rajesh Kumar Mishra, on behalf of XBT Holding S.A., being first duly sworn in accordance with law, do hereby depose and state that I have read the responses to Defendants' First Set of Interrogatories to Plaintiff XBT Holding S.A. and that the responses are true and correct to the best of my knowledge and information.

_____

Rajesh Kumar Mishra_____
(Printed name)

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the email on all counsel or parties of record on the service list below on this 19th day of July, 2017.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Nathan Siegel
Levine Sullivan Koch & Schulz, LLP
321 West 44 Street, Suite 1000
New York, New York 10036
kbolger@lskslaw.com
alazier@lskslaw.com
nsiegel@lskslaw.com

Lawrence Allan Kellogg
Jezabel Pereira Lima
Levine Kellogg Lehman Schneider & Grossman LLP
Miami Center
201 So. Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
lak@lklsg.com
jl@lklsg.com