
Bloomberg BNA Media Law Reporter®

Source:  Media Law Reporter Cases > Florida > Overstreet v. Neighbor, 9 Med.L.Rptr. 2255 (Fla. Cir. Ct. 1983)

## 9 Med.L.Rptr. 2255
## Overstreet v. Neighbor
## Florida Circuit Court, Thirteenth Judicial Circuit, Hillsborough County

No. 79-7800

September 13, 1983

**JOEL P. OVERSTREET, et al., v. THE NEIGHBOR, et al.**

### Headnotes

**REGULATION OF MEDIA CONTENT**

Defamation—Protection of sources (▸11.50)

**NEWSGATHERING**

Forced disclosure of information—Disclosure of sources—In civil actions (▸60.011)

Libel plaintiffs who seek disclosure of newspaper's confidential sources for

**Page 2256**

allegedly libelous article but who have not demonstrated that they have exhausted all alternative means of obtaining such information have failed to overcome newspaper's qualified privilege against disclosing sources' identities.

### Case History and Disposition

Libel plaintiffs file motion to compel newspaper's disclosure of confidential sources.

Motion to compel denied.

### Attorneys

Robert F. McKee, of Frank & Kelly, Tampa, Fla., for plaintiffs.

Gregg D. Thomas and Steven L. Brannock, of Holland & Knight, Tampa, for defendants.

### Opinion Text

**Opinion By:**

Cheatwood, J.:

*Full Text of Order*

This is a civil action in defamation. Plaintiffs, one hundred and seventeen employees of Hillsborough County Emergency Medical Services ("EMS") complain of an allegedly libelous article (the "Article") published by defendants in a weekly newspaper known as *The Neighbor*. Plaintiffs have moved for an order which would compel the publisher of *The Neighbor* to disclose the identity of certain confidential sources who provided the information that was the basis for the Article. Upon reviewing the motion to compel, supporting and opposing memoranda, and having heard arguments of counsel, the Court is of the opinion that the defendants have a qualified privilege protecting the identity of their sources and that plaintiffs have not yet demonstrated the necessary predicates to overcome that privilege.

A motion to compel the disclosure of a newspaper's confidential informants impacts upon important First Amendment concerns, *Morgan v. State*, 337 So.2d 951 [1 Med.L.Rptr. 2589] (Fla. 1976), that must be balanced against the rights of the parties to full and fair discovery under the Florida Rules of Civil Procedure. *Gadsden County Times, Inc. v. Horne*, 426 So.2d 1234 [9 Med.L.Rptr. 1290] (Fla. 1st DCA 1983). Both Florida and federal courts have struck this balance by requiring those who seek the identity of confidential sources to first demonstrate that:

> (1) The information sought is relevant;
>
> (2) There is a compelling need for that information; and

(3) All alternative sources for discovering the information have been exhausted.

*Gadsden County Times, Inc.*, 426 So.2d at 1241; *Miller v. Transamerica Press, Inc.*, 621 F.2d 721 [6 Med.L.Rptr. 1598] (5th Cir. 1980), *petition for rehearing en banc denied*, 628 F.2d 932, *cert. denied*, 450 U.S. 1041 (1981).

Plaintiffs have not yet demonstrated that they have exhausted all alternative sources for discovering the identity of defendants' confidential sources. Defendants' answers to plaintiffs' second interrogatories reveal that all of the sources for the Article were EMS employees or their relatives. Yet, plaintiffs have deposed no EMS employees to discover the identity of those sources; indeed, plaintiffs have not even asserted that they have attempted to interview all EMS employees in this regard (including the 117 employees who are plaintiffs in this case). Until such avenues of information are fully explored, the motion to compel is premature. *Gadsden County Times, Inc.*, 426 So.2d at 1242; *Florida v. Petrantoni*, 4 Med.L.Rptr. 1554 (Fla. 6th Cir. 1978).

Plaintiffs have failed to overcome defendants' qualified privilege protecting the identity of their confidential sources. Accordingly, it is hereby ORDERED AND ADJUDGED that plaintiffs' motion to compel is DENIED. The denial is without prejudice to plaintiffs' right to renew their motion to compel at any time they feel they can demonstrate the predicates for overcoming defendants' qualified privilege.

- End of Case -

Contact us at http://www.bna.com/contact-us/ or call 1-800-372-1033

ISSN 1944-0359

Copyright © 2017, The Bureau of National Affairs, Inc. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy. http://www.bna.com/corp/index.html#V