

Source:  Media Law Reporter Cases >  Florida >  Florida v. Abreu, 16 Med.L.Rptr. 2493 (Fla. Cir. Ct. 1989)

## 16 Med.L.Rptr. 2493
## Florida v. Abreu
## Florida Circuit Court, Eleventh Judicial Circuit, Dade Countyy

No. 89-3614A&B

October 31, 1989

**STATE OF FLORIDA v. SARA ABREU and RAMON VIDAL**

### Headnotes

#### NEWSGATHERING

**Forced disclosure of information—Disclosure of unpublished information—In criminal actions (▸60.1005)**

Criminal defendants who have moved to suppress statements and confessions obtained from them cannot compel deposition testimony from television reporter who was present at time of defendants' arrest, since defendants have not shown that reporter was present at all times pertinent to taking of statements, since alternative sources of information exist, and since reporter's testimony would be merely supplemental to information already available.

### Case History and Disposition

Television reporter files motion to quash subpoena.

Motion granted.

### Attorneys

Norman Davis, of Steel Hector & Davis, Miami, Fla., for Post-Newsweek Stations, Florida Inc., and Jorge Pujol.

Michael Birnbaum, Miami, for defendants.

### Opinion Text

#### Opinion By:

Rothenberg, J.:

#### *Full Text of Opinion*

THIS CAUSE is before the Court on motion of Jorge Pujol, a photojournalist at WPLG, Channel 10, in Miami, for a protective order quashing the subpoena duces tecum, issued by counsel for the defendants, which requires him to give testimony and produce documents at a deposition. The Court grants the motion for the reasons outlined below.

#### *Factual Background*

On April 24, 1989, WPLG televised a one-hour documentary news program entitled "Love Me, Love Me Not," which dealt with the subject of child abuse. As indicated in an affidavit, Pujol shot and edited all videotape for the program.

Pujol was present, as a journalist assigned to work on the documentary program, on two occasions when the defendants were arrested by Hialeah police officers. As the affidavit indicates, four police officers and a woman who is not a party in the case also were present at one arrest. On the other occasion, three police officers were present.

**Page 2494**

Counsel for the defendants sought Pujol's testimony, through a subpoena duces tecum, with reference to a motion to suppress filed by the defendants and pending in the case. The motion indicates, and defense counsel has not challenged, that Pujol's testimony was to be limited to information he may possess as to the two arrests. WPLG provided to the defendants, prior to issuance of the subpoena at issue, a videotape copy of the documentary program in the form in which it was broadcast. That videotape shows portions of one of the arrests. Pujol's

affidavit indicates that he is unable to produce any additional videotapes or documents that would be responsive to the subpoena.

The defendants' motion argues that statements and confessions obtained from them should be suppressed because they were taken in violation of a right to counsel, the statements were not freely given, and they are the poisonous fruits of an illegal search.

### The Journalist's Privilege

Pujol asserts in his motion that his testimony may not be compelled because of the qualified privilege available to journalists under the First Amendment to the United States Constitution unless the summoning party can satisfy a three-part test mandated by the courts.

The Court agrees that such a privilege exists and has been applied over many years by courts in Florida and elsewhere. *See, e.g., Tribune Co. v. Green*, 440 So.2d 484 (Fla. 2d DCA 1983); *Gadsden County Times, Inc. v. Horne*, 426 So.2d 1234 (Fla. 1st DCA 1983); *Geyelin v. Pinellas County*, 497 So.2d 999 (Fla. 2d DCA 1986); *State v. DiBattisto*, 11 Media L. Rep. 1396 (Fla. 11th Cir. Ct. 1984); *State v. Evans*, 6 Media L. Rep. 1979 (Fla. 11th Cir. Ct. 1980); *State v. Stoney*, 42 Fla. Supp. 194 (Fla. 11th Cir. Ct. 1974).

These decisions make it clear that before a journalist may be compelled to testify, the party seeking the testimony must first make the following showing:

(a) the reporter has information material to meritorious claims and defenses;

(b) the party has attempted unsuccessfully to obtain the information from alternative sources; and

(c) there is a compelling need for disclosure sufficient to override the First Amendment privilege.

*See generally Tribune Co. v. Green*, 440 So.2d 484, 486 (Fla. 2d DCA 1983) ("there is abundant case law that this test is applicable to criminal … cases and to confidential and nonconfidential sources of information"). The defendants here are unable to satisfy any part of the test indicated above in order to overcome Pujol's qualified constitutional privilege.

As to the materiality test, the defendants have not shown that Pujol was present at all times pertinent to the taking of statements. Moreover, information acquired by photographer Pujol at the time of arrest has no bearing on whether probable cause was established prior to the arrests in order for the arrests to have been legally made.

As to the second part of the test, any person who can provide the same information as to the journalist is an alternative source. *Green,* 440 So.2d at 486. When these defendants were arrested on the first occasion, four police officers and a third-party witness were present; three officers were present for the second arrest. These were alternative sources for the same information sought from the photographer. Counsel for the defendants appears to argue that testimony by police officers as to the appropriateness of their conduct during an arrest is inherently untrustworthy. The Court disagrees, and concludes that the credibility of such witnesses—as with any witness—is for the factfinder to determine at a proper time. The test is simply whether other sources for the same information are available, and in this case they are.

Finally, the defendants have demonstrated no compelling need for the information which rises to the level required to set aside the constitutional privilege. While the defendants' right to acquire information for the preparation of their defense is vital, it is clear from the circumstances here that Pujol's testimony would be merely supplemental to what already is available. Moreover, whether in fact he possesses information related to the defenses asserted in the motion is speculative.

The defendants' reliance on *Miami Herald Publishing Co. v. Morejon*, 529 S.2d 1204 (Fla. 3d DCA 1988), is misplaced in these circumstances. That case involved a journalist who witnessed the commission of a crime at the time of arrest, and its holding should be restricted to its facts. Photographer Pujol did not witness a crime involving these defendants; whether or not he witnessed misconduct by police officers at the time of arrest, such conduct

**Page 2495**

is not comparable to witnessing a crime as in *Morejon.*

The Court is mindful that the qualified constitutional privilege exists to guard against unnecessary intrusion into the role journalists play as surrogates for the public at newsworthy events and as a check against the misuse of governmental power. It serves the public interest when journalists are able to accompany law enforcement units and to observe what they do. Unwarranted subpoenas for testimony by journalists will diminish the occasions when such scrutiny of law enforcement can take place. Therefore, it is ORDERED AND ADJUDGED that the motion for a protective order is GRANTED. The subpoena duces tecum is quashed, and the photographer's testimony is not required.

- End of Case -

Contact us at http://www.bna.com/contact-us/ or call 1-800-372-1033

ISSN 1944-0359

Copyright © 2017, The Bureau of National Affairs, Inc. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy.
http://www.bna.com/corp/index.html#V