Exhibit
5

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case No. CACE-13-010329
Division 2

DEPICTO COMMERCIAL LTD.,
a Foreign company,

    Plaintiffs,

vs.

WEBAZILLA LLC a/k/a Webzilla.com,
a Florida dissolved Limited Liability Company,
WEBZILLA INC a/k/a Webzilla.com,
A Florida Corporation,
ALEXEY GUBAREV, and
KOSTYANTYN BEZRUCHENKO,

    Defendants.

WEBAZILLA LLC,
a Florida dissolved Limited Liability Company,

    Third-Party Plaintiff,

vs.

VICTOR LUKASHENKO,

    Third-Party Defendant.

**DEFENDANTS WEBAZILLA LLC AND WEBZILLA INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COME NOW the Defendants WEBAZILLA LLC ("Webazilla LLC") and WEBZILLA

INC. ("Webzilla Inc." and together with Webazilla LLC, "Defendants"), by and through

undersigned counsel and file this, their Answer and Affirmative Defenses to Plaintiff

1

P-K000052

DEPICTCO COMMERCIAL LTD'S ("Depicto") Second Amended Complaint, and in support thereof state the following:

## PARTIES

1.  Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

2.  Defendants admit only to the extent that Webazilla LLC was originally organized as a Wisconsin limited liability company, that Webazilla LLC converted to a Florida limited liability company, that Webazilla LLC was dissolved, and that prior to its dissolution, its principal place of business was listed as 110 E. Broward Blvd., Ste. 1700, Ft. Lauderdale, FL 33301.  Defendants deny the remaining allegations of this paragraph.

3.  Defendants admit that Webzilla Inc. was incorporated on or about July 29, 2009 in Florida, with a listed principal place of business of 110 E. Broward Blvd. 1700, Ft. Lauderdale, FL 33301 at the time of incorporation.  Defendants deny the remaining allegations of this paragraph.

4.  Defendants admit only to the extent that Alexey Gubarev was listed as a managing member of Webazilla LLC at the time that it converted to a Florida limited liability company.  Defendants also admit only to the extent that Alexey Gubarev was listed as a "P" of Webzilla Inc. when it was initially incorporated.  The remaining allegations of this paragraph do not pertain to Defendants and Defendants are without sufficient information to admit or deny the same, and therefore deny the same.

5.  Defendants admit only to the extent that Konstyantyn Bezruchenko was listed as a member of Webazilla LLC at the time that it converted to a Florida limited liability company. Defendants also admit only to the extent that Konstyantyn Bezruchenko was listed as a "VP" of

2

P-K000053

Webzilla Inc. when it was initially incorporated.  The remaining allegations of this paragraph do not pertain to Defendants and Defendants are without sufficient information to admit or deny the same, and therefore deny the same.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.      The statements made in this paragraph are not allegations, and therefore require no answer from Defendants.  However, to the extent that a response to this paragraph is deemed necessary, Defendants deny the allegations of this paragraph.  Without limiting the foregoing, Defendants explicitly deny that Webazilla LLC and Webzilla Inc. are "one and the same" and object to the use of "Webazilla" as referring collectively to Webazilla LLC and Webzilla Inc as "one and the same."

**JURISDICTION**

11.      Defendants admit for jurisdictional purposes only, and deny in all other respects.

12.      The allegations of this paragraph do not pertain to Defendants and Defendants are without sufficient information to admit or deny the same, and therefore deny the same.

13.      The allegations of this paragraph do not pertain to Defendants and Defendants are without sufficient information to admit or deny the same, and therefore deny the same.

14.      Defendants admit this paragraph for jurisdictional purposes only, and deny it in all other respects.

15.      Defendants admit this paragraph for jurisdictional purposes only, and deny it in all other respects.

P-K000054

16.     The statements made in this paragraph are not allegations, and therefore require no answer from Defendants.  However, to the extent that a response to this paragraph is deemed necessary, Defendants deny the allegations of this paragraph.

## VENUE

17.     Defendants admit for jurisdictional purposes only, and deny in all other respects.

## FACTS

**Written Contract**

18.     Defendants admit that Webazilla LLC entered into a written contract with Depicto.  In answering further, Defendants state that the attached document (the "Contract") speaks for itself and no answer to the allegations contained in this paragraph is required.  To the extent not specifically admitted and to the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

19.     Defendants admit only that Webazilla LLC received sums from Depicto and/or its principle/alter-ego Victor Lukashenko ("Mr. Lukashenko") pursuant to the Contract.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of this paragraph and therefore deny the same.

20.     Defendants state that the Contract speaks for itself and no answer to the allegations contained in this paragraph is required.  To the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.  Without limiting the foregoing, specifically, Defendants deny that Webazilla LLC had an obligation to repay any amounts received by May 1, 2009.

21.     Defendants admit that Webazilla LLC did not repay the received amounts by May 1, 2009.  However, in answering further, Defendants deny that Webazilla LLC had any

P-K000055

obligation to repay any amounts received by May 1, 2009. In answering further, Defendants state that Depicto made no demand for repayment of the funds on May 1, 2009. In answering further, Defendants state that, in or about April of 2010, Depicto's principal/alter-ego Mr. Lukashenko was sent to prison for approximately two years and Webazilla LLC was unable to contact Mr. Lukashenko to arrange for the repayment of received funds until two years later in 2012. In answering further, in or about 2012, after Mr. Lukashenko was released from prison, Webazilla LLC paid all due amounts directly to Mr. Lukashenko on Mr. Lukashenko's instructions and on Mr. Lukashenko's representation that such repayment was in satisfaction of all amounts due under the Contract.

**Oral Contract and Wire Transfer #1**

22.     Denied.

23.     Denied.

24.     Denied.

**Oral Contract and Wire Transfer #2**

25.     Denied.

26.     Denied.

**Oral Contract and Wire Transfer #3**

27.     Denied.

**Total Amount Loaned**

28.     Denied.

### CONDITIONS PRECEDENT

29.     Denied.

### COUNT I
### (Against Webazilla LLC and Webzilla Inc.)

5

P-K000056

## BREACH OF WRITTEN CONTRACT

30.     Defendants restate and incorporate by reference their answers to the allegations in paragraph 1 through 21.

31.     Defendants state that the Contract speaks for itself and no answer to the allegations contained in this paragraph is required.  To the extent a response is deemed necessary, Defendants deny the allegations of this paragraph.

32.     Denied.

33.     Denied.

## COUNT II
### (Against Webazilla LLC and Webzilla Inc.)
### BREACH OF ORAL CONTRACT

34.     Defendants restate and incorporate by reference their answers to the allegations in paragraph 1 through 21.

35.     Denied.

36.     Denied.

## COUNT III
### (Against Webazilla LLC and Webzilla Inc.)
### BREACH OF ORAL CONTRACT

37.     Defendants restate and incorporate by reference their answers to the allegations in paragraph 1 through 2.

38.     Denied.

39.     Denied.

## COUNT IV
### (Against Webazilla LLC and Webzilla Inc.)
### BREACH OF ORAL CONTRACT

P-K000057

40.     Defendants restate and incorporate by reference their answers to the allegations in paragraph 1 through 21.

41.     Denied.

42.     Denied.

## COUNT V
### (Against Webazilla LLC and Webzilla Inc.)
### QUAI CONTRACT (UNJUST ENRICHMENT)

43.     Defendants restate and incorporate by reference their answers to the allegations in paragraph 1 through 21.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

## COUNT VI
### (Against Gubarev and Bezruchenko)
### FRAUDULENT TRANSFER UNDER §726, Fla. Stat. (2012)

48.     The allegations in this paragraph do not pertain to Defendants, and Defendants therefore deny the same.

49.     The allegations in this paragraph do not pertain to Defendants, and Defendants therefore deny the same.

50.     The allegations in this paragraph do not pertain to Defendants, and Defendants therefore deny the same.

51.     The allegations in this paragraph do not pertain to Defendants, and Defendants therefore deny the same.

P-K000058

52.     The allegations in this paragraph do not pertain to Defendants, and Defendants therefore deny the same.

53.     The allegations in this paragraph do not pertain to Defendants, and Defendants therefore deny the same.

**COUNT VII**
**(Against all defendants)**
**DECEPTIVE AND UNFAIR TRADE PRACTICES**
**UNDER § 501, Fla. Stat. (2012)**

54.     Defendants filed a Motion to Dismiss Counter VII of Plaintiff's Second Amended Complaint.

55.     Defendants filed a Motion to Dismiss Counter VII of Plaintiff's Second Amended Complaint.

**COUNT VIII**
**(Against all defendants)**
**VIOLATION OF § 608, Fla. Stat. (2012)**

56.     Defendants restate and incorporate by reference their answers to the allegations in paragraph 1 through 21.

57.     Denied.

**GENERAL DENIAL**

Each and every allegation of the Complaint not specifically admitted is hereby denied.

**AFFIRMATIVE DEFENSES**

1.     The Complaint, whole or in part, fails to state a claim upon which relief can be granted.

2.     Depicto is barred from equitable recovery inasmuch as it has unclean hands.

8

P-K000059

3.    Each of the Counts of the Complaint is barred by their respective statutes of limitations.

4.    The Complaint is barred, in whole or in part, by the statute of frauds.

5.    The Complaint is barred, in whole or in part, by the doctrine of laches.

6.    The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

7.    Depicto lacks standing on all or some of the Counts of its Complaint.

8.    The Complaint, and each count purportedly stated therein, is barred because Depicto has not suffered the damages claimed.

9.    The Complaint, and each count purportedly stated therein, fails to state a claim because the allegations are not stated with particularity.

10.    Depicto's claims are barred by its own fraud.

11.    The Complaint is barred, in whole or in part, because any damages to Depicto are a result of Depicto's own conduct.

12.    The Complaint is barred, in whole or in part, because any damages to Depicto were not the proximate result of Defendants' actions or omissions.

13.    The Complaint is barred, in whole or in part, because Depicto has suffered no compensable injury.

14.    Depicto is not entitled to injunctive relief because it has not established irreparable harm.

15.    Depicto is not entitled to an award of attorneys' fees in absence of a statute or law authorizing such fees.

9

16.     Depicto cannot recover damages from Defendants to the extent that Depicto failed to mitigate its alleged damages.

17.     Without admitting that the Complaint states a claim, Depicto's remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against Defendants or other for any alleged single wrong.

18.     Defendants' actions and omissions were lawful, justified and privileged.

19.     Depicto lacks the capacity to sue.

20.     Defendants lack the capacity to be sued.

21.     The Complaint is barred by waiver, negligence, failure to mitigate damages, lack of privity of contract, absence of contract, estoppels, set-off, recoupment, release, and such other and further affirmative defenses as set forth in Rule 1.110(d) of the Florida Rules of Civil Procedure as may be deemed applicable to this case by further discovery and disclosure.

## RESERVATION OF RIGHTS

Defendants reserve the right to raise additional affirmative defenses as may determined necessary during the course of discovery and to seek attorney's fees and costs under any applicable law or statute.

## DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES

P-K000061

Respectfully submitted,

Webazilla LLC and Webzilla Inc.,
By their Attorneys,


/s/ Matthew Shayefar, Esq.
Matthew Shayefar, Esq. (*pro hac vice*)
Tel: 617-928-1806
matt@bostonlawgroup.com
Valentin David Gurvits, Esq. (*pro hac vice*)
Tel: 617-928-1804
vgurvits@bostonlawgroup.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Fax: 617-928-1802


/s/ Brady J. Cobb, Esq.
Brady J. Cobb, Esq. (Fla. Bar # 031018)
COBB EDDY MIJARES, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Tel: 954-527-4111
Fax: 954-900-5507
bcobb@cemlaw.net

P-K000062

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic mail to: **Louiza Tarassova, Esq**, (Louiza@mylawadvocate.com) The Law Office of Louiza Tarassova, P.A., *Attorney for the Plaintiff* and Matthew Shayefar, Esq. (matt@bostonlawgroup.com), Boston Law Group, PC, co-counsel for Defendants and Richard Petrovich, Tripp Scott, P.A. (rlp@trippscott.com) , counsel for individual Defendants, this 22nd day of May, 2014.

> COBB EDDY MIJARES, PLLC
> *Attorneys for Defendants*
> 642 Northeast Third Avenue
> Fort Lauderdale, Florida 33304
> Telephone (954) 527-4111
> Facsimile  (954) 900-5507
> www.cemlaw.net
>
>
> By: /s/ BRADY J. COBB
> BRADY J. COBB, ESQUIRE
> Florida Bar No. 031018
> bcobb@cemlaw.net

12

P-K000063