# Exhibit
# 6

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company<br><br>     Plaintiff,<br><br>v.<br><br>ERA TECHNOLOGIES, LTD, a British Virgin Islands company, individually and d/b/a DRTUBER.COM and d/b/a DRTST.COM;<br>IGOR KOVALCHUCK, individually and d/b/a DRTUBER.COM and d/b/a DRTST.COM;<br>WEBZILLA INC.;<br>WZ COMMUNICATIONS, INC.; and John Does 1-20,<br><br>     Defendants. | **Case No.<br>1:15-cv-24289-FAM** |

**WEBZILLA INC. AND WZ COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

The Internet Service Provider Defendants Webzilla Inc. and WZ Communications, Inc. ("ISP Defendants"), for their Answer to the Complaint for Damages, Injunctive Relief and Demand for Jury Trial of Plaintiff AMA Multimedia LLC ("Plaintiff") answer as follows:

**JURISDICTION AND VENUE**

1.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

2.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

1

P-K000001

3.      ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

4.      ISP Defendants admit only that Webzilla, Inc. is a corporation incorporated in Florida and that Constantin Luchian is the DMCA agent for Webzilla, Inc.  ISP Defendants deny the remaining allegations in this paragraph.  In answering further ISP Defendants specifically state that *Webzilla Inc. does not host DrTuber.com or Drtst.com whether in Florida or California or elsewhere.*  ISP Defendants state further that they do not direct, control, or assist in determining the content on the DrTuber.com or Drtst.com websites.  Even if the other Defendants were clients of Webzilla, Inc., Webzilla, Inc. provides server space only to its clients (though not to DrTuber.com or Drtst.com) and has no control or knowledge over the content of its clients' websites.  Answering further, ISP Defendants state that Constantin Luchian is not an executive of Webzilla, Inc.

5.      ISP Defendants admit only that WZ Communications Inc. is a corporation incorporated in Florida and that Constantin Luchian is the DMCA agent for WZ Communications Inc.  ISP Defendants deny the remaining allegations in this paragraph.  In answering further ISP Defendants specifically state that *WZ Communications Inc. does not host DrTuber.com or Drtst.com whether in Florida or California or elsewhere*.  ISP Defendants state further that they do not direct, control, or assist in determining the content on DrTuber.com or Drtst.com websites.  Even if the other Defendants were clients of WZ Communications, Inc., WZ Communications Inc. provides internet connectivity only (though not to DrTuber.com or Drtst.com) and has no control or knowledge over the content of its clients' websites.  Answering further, ISP Defendants state that Constantin Luchian is not an executive of either ISP Defendants.

P-K000002

6.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

7.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

8.      ISP Defendants state that this allegation is so ambiguous and incomprehensible that it is impossible for ISP Defendants to appropriately admit or deny the allegations of this paragraph and therefore deny the same.

9.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

10.      ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

11.      This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary to the remaining portions of this paragraph: ISP Defendants admit only that the ISP Defendants transact business in this Judicial District and deny the remaining allegations of this paragraph as they relate to ISP Defendants.  ISP

3

P-K000003

Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

12. This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

13. This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

14. This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

15. This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

16. This paragraph contains conclusions of law for which no response is required, but to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

**PARTIES**

17. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

18. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

P-K000004

19.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

20.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

21.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

22.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

23.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

24.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

25.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

26.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

27.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

28.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

29.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

P-K000005

30.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

31.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

32.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

33.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

34.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

35.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

36.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

37.     ISP Defendants deny the allegations of this paragraph.  In answering further ***ISP Defendants state that they are not even Internet Service Providers for Drtuber.com and are not beneficiaries or operators of Drtuber.com or Drtst.com nor do they direct, control or assist in determining the content displayed on drtuber.com, whether directly or through assigns***.

38.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

P-K000006

39.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

40.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

41.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

42.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

43.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

44.     This paragraph contains a conclusion of law to which no responsive pleading is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient

P-K000007

information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

45.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

46.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

## STATEMENT OF FACTS

47.     This paragraph contains only conclusions of law, speculation and legal argument, requiring no response.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

48.     This paragraph contains only conclusions of law, speculation and legal argument, requiring no response.  However, to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

49.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

50.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

51.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

P-K000008

52.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

53.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

54.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

55.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

56.     This paragraph contains a conclusion of law to which no responsive pleading is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

57.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

58.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

P-K000009

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

59.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

60.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

61.     ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

62.     ISP Defendants deny the allegations of this paragraph.

63.     ISP Defendants deny the allegations of this paragraph.

64.     ISP Defendants deny the allegations of this paragraph.

**COUNT I**
**Copyright Infringement – 17 U.S.C. § 101 *et. seq.***
**Against Igor Kovalchuck and Doe Defendants (Owners/Operators of Dr. Tuber.com)**

65.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 63 above and further respond that:

66.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

67.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

P-K000010

68.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

69.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

70.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, this Count is not brought against ISP Defendants.  To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

71.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

11

P-K000011

72.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

73.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

74.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

75.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

76.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to

12

P-K000012

admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

77. This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

78. This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

79. This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

80. This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

P-K000013

81.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

82.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

83.     This paragraph states a conclusion of law to which no responsive pleading is necessary.  Additionally, This Count is not brought against ISP Defendants. To the extent that a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

84.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, this paragraph contains conclusions of law for which no response is required.  But to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without

P-K000014

sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

85.     This Count is not brought against ISP Defendants, but to the extent that a response is deemed necessary, this paragraph contains conclusions of law for which no response is required.  But to the extent a response is deemed necessary, ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.     That judgment enter for ISP Defendants and against Plaintiff with respect to this Count and that Plaintiff's requested relief be denied in its entirety;

B.     That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

## COUNT II
### Contributory Copyright Infringement
### Against All Defendants

86.     ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 85 above and further respond that:

87.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

88.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

P-K000015

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

89.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

90.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

91.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

92.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

93.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

P-K000016

94.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

95.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

96.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

97.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

98.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

P-K000017

99.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.     That judgment enter for ISP Defendants and against Plaintiff with respect to this Count and that Plaintiff's requested relief be denied in its entirety;

B.     That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.     For such further relief as the Court deems just and proper.

## COUNT III
### Vicarious Copyright Infringement
#### Against All Defendants

100.     ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 99 above and further respond that:

101.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

102.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

103.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny

18

P-K000018

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

104.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

105.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

106.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

107.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

108.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

P-K000019

109. This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A. That judgment enter for ISP Defendants and against Plaintiff with respect to this Count and that Plaintiff's requested relief be denied in its entirety;

B. That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C. For such further relief as the Court deems just and proper.

## COUNT IV
### Inducement of Copyright Infringement
### Against All Defendants

110. ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 109 above and further respond that:

111. ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

112. ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

113. This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this

20

P-K000020

paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

114.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

115.     ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

116.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary: ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

117.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

118.     This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

P-K000021

A.      That judgment enter for ISP Defendants and against Plaintiff with respect to this Count and that Plaintiff's requested relief be denied in its entirety;

B.      That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.      For such further relief as the Court deems just and proper.

### COUNT V
### Unauthorized Publication of Name and Likeness in Violation of Section 540.08, Florida Statutes
### Against all Defendants

119.    ISP Defendants repeat, re-state and incorporate by reference their responses to paragraphs 1 through 118 above and further respond that:

120.    ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

121.    ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph and therefore deny the same.

122.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

123.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

124.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants. ISP Defendants are without sufficient information or knowledge to admit or deny

22

the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

125.    ISP Defendants deny the allegations of this paragraph as they relate to ISP Defendants.  ISP Defendants are without sufficient information or knowledge to admit or deny the allegations of this paragraph as they relate to the other Defendants and therefore deny the same.

126.    This paragraph contains conclusions of law for which no response is necessary, but to the extent a response is deemed necessary ISP Defendants deny the allegations of this paragraph.

WHEREFORE, ISP Defendants pray for the following relief:

A.    That judgment enter for ISP Defendants and against Plaintiff with respect to this Count and that Plaintiff's requested relief be denied in its entirety;

B.    That ISP Defendants be awarded their costs and reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 515, and costs pursuant to 28 U.S.C. § 1920; and

C.    For such further relief as the Court deems just and proper.

### GENERAL DENIAL

Each and every allegation of the Complaint not specifically admitted is hereby denied.

### AFFIRMATIVE DEFENSES AND ADDITIONAL DENIALS

1.    The Complaint is barred, in whole or in part, by the doctrine of copyright misuse. Specifically, but without limitation, Plaintiff's filing of this case, putative strategies for protecting their copyrights, general litigation strategies and intentional disregard of the Digital Millennium Copyright Act ("DMCA") (including the rights and safeguards it affords to both copyright owners and internet service providers) show a clear intent by Plaintiff to use its

P-K000023

copyrights for a purpose other than which they were intended. Specifically, but without limitation, Plaintiff is using its copyrights and this lawsuit (along with multiple other lawsuits filed around the country) to extract settlement payments from innocent parties like ISP Defendants, instead of working within the structures of the DMCA to properly protect its copyrights. On information and belief, over the course of 4 months, Plaintiff has filed and/or alleged a handful of near-identical litigations seeking not to protect its legitimate rights, but rather because it seeks to use the harassment value of such litigations as a way to secure lucrative settlements from the defendants. The Complaint, for example, is almost a wholesale copy of the Complaint filed by another similarly acting litigant in this judicial district, Hydentra L.P. HLP General Partner, Inc. v. Era Technologies, Ltd., Case no. 1:15-cv-24293-MGC. Plaintiff's actions in failing to follow the DMCA's takedown process or work cooperatively with defendants to ensure the removal of allegedly infringing materials are not the actions of rightsholders looking to legitimately protect their interests. Additionally, on information and belief, Plaintiff made no effort to consider whether the individuals who posted materials to websites referenced in the Complaint were protected by the doctrine of fair use.

2.    The Complaint is barred, in whole or in part, and Plaintiff is barred from equitable recovery, by the doctrine of unclean hands. Specifically, but without limitation, Plaintiff's filing of this case, putative strategies at protecting its copyrights, trademarks and business, general litigation strategies and intentional disregard of statutory and judicial law (including the rights and safeguards afforded to both intellectual property owners and internet service providers) show a clear intent by Plaintiff to use its intellectual property rights and the legal system for purposes other than which they were intended. Specifically, but without limitation, Plaintiff is using its intellectual property rights, the court system and this lawsuit (along with numerous other

24

P-K000024

lawsuits filed around the country) to extract settlement payments from innocent parties like ISP Defendants, instead of working within the structures of law to properly protect its rights. Additionally, on information and belief, certain of the files in suit were uploaded by the Plaintiff's own affiliates.

3.      ISP Defendants' actions and omissions as alleged, which ISP Defendants deny, constitute fair use, and as such, the Complaint, in whole or in part, must fail.  Specifically, but without limitation, the appearance of Plaintiff's trademarks and trade names used in conjunction or relation with Plaintiff's actual works constitute traditional fair use and/or nominative fair use. In addition, Plaintiff has failed to properly consider whether the individuals posting to the websites referenced in the Complaint were entitled to do so under the doctrine of fair use.

4.      The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement was innocent.  Specifically, but without limitation, to the extent that ISP Defendants engaged in the infringement of Plaintiff's intellectual property rights, which ISP Defendants deny, such infringement was unintentional and without knowledge and therefore ISP Defendants are either not liable for such infringements or the damages that may be obtained against them are limited.

5.      The Complaint is barred, in whole or in part, because any damages to Plaintiffs were not the proximate result of ISP Defendants' actions or omissions.  Specifically, but without limitation, ISP Defendants engaged in no conduct or omissions which resulted in any damages to Plaintiff which were a natural, direct and uninterrupted consequence of their actions or omissions.  To the contrary, to the extent Plaintiff suffered any damages, they were as a result of the actions and omissions of third parties (e.g., those individuals who allegedly uploaded Plaintiff's works, trademarks and trade names).

25

P-K000025

6.     The Complaint is barred, in whole or in part, because ISP Defendants do not host the websites at issue in this litigation and allegations to the contrary violate Plaintiff's duties of reasonable investigation under F.R.C.P. 11.

7.     The Complaint is barred, in whole or in part, because ISP Defendants do not exercise any control over (and could not possibly exercise control over) the content that appears at the websites at issue in this litigation and allegations to the contrary violate Plaintiff's duties of reasonable investigation under F.R.C.P. 11.

8.     Plaintiff is not entitled to injunctive relief because it has not suffered irreparable harm.  Specifically, but without limitation, to the extent that Plaintiff has suffered any harm, which ISP Defendants deny, any such harm can be fully remedied by monetary damages only.

9.     Plaintiff cannot recover damages from ISP Defendant to the extent that damages alleged by Plaintiff are speculative or uncertain.  Specifically, but without limitation, Plaintiff is not entitled to actual damages because it is impossible with any certainty to demonstrate that it lost any actual profits from the alleged infringement or that ISP Defendants made any profits attributable directly to the alleged infringement.

10.    Plaintiff cannot recover damages from ISP Defendants to the extent that Plaintiff failed to mitigate its alleged damages.  Specifically, but without limitation, to the extent that Plaintiff failed to promptly report any alleged infringement it learned about on the websites at issue in this litigation and therefore allowed such alleged infringements to stay on such websites, Plaintiff failed to mitigate its alleged damages.

11.    Plaintiff has failed to comply with the requirements of the Digital Millennium Copyright Act ("DMCA") and, as such, the Complaint must fail in whole or in part. Specifically, but without limitation, ISP Defendants are entitled to the safe harbors of the DMCA

P-K000026

and ISP Defendants are not liable for monetary relief or injunctive relief (except as explicitly provided therein) unless the conditions of the DMCA have been met, including, without limitation, that Plaintiff first notify ISP Defendants of a claimed infringement and afford the proper time for ISP Defendants to respond to such notification. In addition, Plaintiff failed to consider the fair use doctrine before sending takedown notices and/or initiating the present litigation.

12. ISP Defendants are entitled to the safe harbor of the Digital Millennium Copyright Act and, as such, the Complaint must fail in whole or in part. Specifically, but without limitation, ISP Defendants have, *inter alia*, registered an agent with the copyright office for the receipt of takedown notices, do not know of any specific instances of infringement on the websites and when they receives knowledge or notification work expeditiously to remove such instances, accommodate and do not interfere with standard technical measures to protect copyrights, have adopted, reasonably implemented and informed users of a repeat infringer policy and do not receive financial benefit directly attributable to any allegedly infringing material.

13. The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of ISP Defendants, nor within ISP Defendants' reasonable control. Specifically, but without limitation, if any material was available on the websites at issue in this litigation infringed upon Plaintiff's rights, they were not made available by ISP Defendants and could not be reasonably controlled by ISP Defendants. Under precedent from this Court, the actions of the ISP Defendants do not constitute direct infringement.

14. ISP Defendants' actions and omissions were lawful, justified and privileged. Specifically, but without limitation, ISP Defendants acted in all times in accordance with the

P-K000027

provisions of the Digital Millennium Copyright Act and therefore cannot be liable for claims of copyright infringement. Furthermore, ISP Defendants cannot be liable for the actions and omissions of the users, who are third parties not controlled by ISP Defendants, of the websites owned and operated by third parties not controlled by ISP Defendants.

15. The Complaint fails, in whole or in part, because ISP Defendants lacked the necessary volition required to state a claim for direct copyright infringement. Specifically, but without limitation, because ISP Defendants themselves did not make available any of the allegedly infringing works on the websites, but on the contrary such works were uploaded to third-party owned and operated websites by yet other third parties, ISP Defendants cannot be liable for direct copyright infringement.

16. The Complaint is barred, in whole or in part, because the accused actions do not create any likelihood of confusion. Specifically, but without limitation, no reasonable consumer would be confused as to any affiliation as between ISP Defendants and Plaintiff or be confused as to the origin, producer or manufacturer of the works on the websites at issue in this litigation.

17. Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against ISP Defendants or for any alleged single wrong. Specifically, but without limitation, Plaintiff has alleged multiple alternative theories of liabilities against ISP Defendants for the same single alleged wrongs, and are not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

ISP Defendants have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery proceedings. ISP Defendants further reserve

28

P-K000028

the right to amend their answer and/or affirmative defenses accordingly and/or to delete

affirmative defenses that they determine are not applicable during the course of subsequent

discovery.

**ISP DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

P-K000029

**Respectfully submitted:**

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice application forthcoming*)
Matthew Shayefar (*pro hac vice application forthcoming*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice application forthcoming*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

*Attorneys for Defendants Webzilla Inc. and WZ Communications Inc.*

Dated: December 16, 2015

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile  (954) 900-5507
bcobb@cobbeddy.com

P-K000030

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 16th day of December, 2015.

/s/ Brady J. Cobb
Brady J. Cobb

## SERVICE LIST

### 1:15-cv-24289-FAM

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHAR BEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

P-K000031