# Exhibit 12

The New York Times
Company

**David McCraw**
Vice President and
Deputy General Counsel

October 31, 2017

620 Eighth Avenue
New York, NY 10018

tel 212.556-4031
fax 212.556-4634

**VIA FEDERAL EXPRESS**

Evan Fray-Witzer, Esq.
Ciampa Fray-Witzer, LLP
20 Park Plaza – Suite 505
Boston, MA 02116

Re:   Subpoena – *Gubarev v. Buzzfeed, Inc.* (Misc. Action, S.D.N.Y.)

Dear Mr. Fray-Witzer:

I write on behalf of The New York Times Company ("The Times") in response to a
certain subpoena (the "Subpoena"), dated October 26, 2017 and served by Plaintiffs on
October 30, 2017, in the above-referenced matter.  All of the material and testimony
sought by the Subpoena are subject to the New York State Reporters Shield Law (Civil
Rights Law §79-h).  We know of no basis by which Plaintiffs could set aside that
protection on a motion to compel, and we therefore request that Plaintiffs withdraw the
Subpoena.  If, however, Plaintiffs wish to proceed, please contact me as soon as possible
so we can arrange for the necessary motion practice.

Because the action is before the federal court on diversity, state law will govern on any
question of privilege.  *Giuffre v. Maxwell*, 221 F. Supp. 3d 472, 475 (S.D.N.Y. 2016).
Accordingly, New York Civil Rights Law § 79-h (the "Shield Law"), as well as the state
and federal Constitutions, applies.  The Shield Law protects both unpublished editorial
work product and confidential information, including the identity of a confidential
source.

62347

Under the Shield Law, the protection for confidential information is absolute. Civil Rights Law § 79-h(b).

Unpublished information collected in the course of journalistic activity is subject to a qualified privilege but the Shield Law sets an extremely high standard for litigants seeking such information. *See* Civil Rights Law § 79-h(c). Journalists can be compelled to produce unpublished materials, or testify about them, only if the issuer of a subpoena demonstrates that the materials are (i) "highly material and relevant," (ii) "critical or necessary to the maintenance of a party's claim," and (iii) "not obtainable from any alternative source." The courts routinely quash newsroom subpoenas where the material is tangential to the case or duplicative, or the party seeking the information has failed to first pursue the information from other sources. *See, e.g., People v. Juarez*, 143 A.D.3d 589 (1st Dep't 2016); *Perito v. Finklestein*, 51 A.D.3d 674 (2d Dep't 2008); *People v. Royster*, 43 A.D.3d 758 (1st Dep't 2007); *Flynn v. NYP Holdings*, 235 A.D.2d 907 (3d Dep't 1997); *In re CBS*, 232 A.D.2d 291 (1st Dep't 1996).

The standard of Section 79-h(c) has been construed to be exceedingly high. The courts require clear and specific proof "that the claim for which the information is to be used 'virtually rises or falls with the admission or exclusion of the proffered evidence'." *In Re Application to Quash Subpoena to Natl. Broadcasting Co. v. Graco Children Prods.*, 79 F.3d 346, 351 (2d Cir. 1996) (internal quotation and citation omitted); *In Re Grand Jury Subpoenas Served on Nat'l Broadcasting Co.*, 178 Misc.2d 1052 (N.Y. Cty. Sup. Ct. 1998). The statute requires the court to hold a hearing and make a determination on the record before compelling disclosure. It is not enough for a party to speculate that the materials or testimony may be useful. *People v. Troiano*, 127 Misc.2d 738 (Suffolk Cty. Sup. Ct. 1985) (vague assertions that information is needed are not sufficient to meet Section 79-h(c) standard for overcoming privilege).

The courts have also recognized a constitutional privilege that applies when journalists are called to testify or produce editorial work product. *See O'Neill v. Oakgrove Construction, Inc.*, 71 N.Y.2d 521 (1988).

The Subpoena seeks testimony and documents pertaining to the so-called Dossier and December Memo. There is no question that the material sought falls within the Shield Law as work product and information generated or obtained in the course of journalistic activity. *The New York Times* covered both the existence of the Dossier and Buzzfeed's decision to publish it as part of its routine news reporting. Its internal communications and communications with others about those topic fall squarely with the scope of the Shield Law.

To the extent the information sought is confidential, the Subpoena must be quashed on the basis of the absolute privilege. To the extent unpublished information is sought, there is no basis for setting the qualified privilege aside. As a libel claim, Plaintiff's lawsuit turns on whether the statements at issue are false and defamatory, the standard of care employed by the journalists at Buzzfeed, and proof of reputational harm. The material sought by the Subpoena touches on none of those essential elements. It is beyond dispute, in other words, that Plaintiffs' case does not "virtually rise or fall" on obtaining evidence from The Times, as the Second Circuit requires. Moreover, there are alternative

62347

sources for finding out about communications with Buzzfeed – through direct discovery with Buzzfeed.

Please note that I have also included an objection to the document portion of the Subpoena under Fed. R. Civ. P. 45

In light of the law, I hope that Plaintiffswill reconsider the Subpoena but in any event please let me know how Plaintiffs intend to proceed.

Thank you for your consideration.

Sincerely,

David E. McCraw

enclosure

62347

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

In the Matter of a Subpoena Served on The New York
Times Company

----------------------------------------------------------

ALEKSEJ GUBAREV, et al.,

                 *Plaintiffs*,

    v.

BUZZFEED, INC, et al.,

                 *Defendants*.

---------------------------------------------------------------

Misc.
Civil Action No.

_____

## OBJECTIONS TO SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), nonparty The New York

Times Company hereby objects to the inspection and copying of materials requested by a

certain subpoena, served by Plaintiffs on October 30, 2017 in the above-referenced

matter, on the grounds that it calls for the production of journalists' work product and

confidential information protected by the New York State Reporters Shield Law, Civil

Rights Law § 79-h, the state and federal Constitutions, and federal common law.

Dated: New York, NY
      October 31, 2017

_____
David E. McCraw
Deputy General Counsel
Legal Department
The New York Times Company
620 8th Avenue

#60992v1

New York, NY 10018
mccraw@nytimes.com
Phone: 212-556-4031
Fax: 212-556-4634
Counsel for The New York Times Company

#60992v1