# Exhibit 14



Published on *Digital Media Law Project* (http://www.dmlp.org)

Home > Legal Guide > Newsgathering and Privacy > Protecting Sources and Source Material > State Law: Legal Protections for Sources and Source Material > Florida Protections for Sources and Source Material

# Florida Protections for Sources and Source Material [1]

***Note***: This page covers information specific to Florida. See the section on Protecting Sources and Source Material [2] for more general information.

Florida has a shield law that may protect your sources and newsgathering materials. It protects both the identity of sources and unpublished information acquired or prepared during newsgathering, such as notes and outtakes. However, the protection extends only to "professional journalists" and appears to be limited to traditional media formats.

Nevertheless, even if you do not qualify for Florida's shield law, you may still be able to protect your sources and source material. Both prior to and after the passage of the shield law, Florida courts have confirmed that a common law privilege protects the identity of a journalist's sources and source materials. This common law privilege may offer protection for amateur and non-traditional journalists.

In addition, federal courts in the Eleventh Circuit, which encompasses Florida, recognize a qualified "reporter's privilege" based on the First Amendment to the U.S. Constitution. However, the scope of this privilege is uncertain.

The Privacy Protection Act may protect you against the search and/or seizure, in connection with a criminal investigation or prosecution, of materials you possess in connection with a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication. This federal statutory protection applies regardless of the state in which you live.

## Shield Law

### Source and Statutory Text

Florida's shield law, located at Fla. Stat. § 90.5015 [3], states in relevant part:

> *(1) DEFINITIONS . . . (a) "Professional journalist" means a person regularly engaged in collecting, photographing, recording, writing, editing, reporting, or publishing news, for gain or livelihood, who obtained the information sought while working as a salaried employee of, or independent contractor for, a newspaper, news journal, news agency, press association, wire service, radio or television station, network, or news magazine. Book authors and others who are not professional journalists, as defined in this paragraph, are not included in the provisions of this section.*
>
> *(2) PRIVILEGE.--A professional journalist has a qualified privilege not to be a witness concerning, and not to disclose the information, including the identity of any source, that the professional journalist has obtained while actively gathering news. This privilege applies only*

*to information or eyewitness observations obtained within the normal scope of employment and does not apply to physical evidence, eyewitness observations, or visual or audio recording of crimes. A party seeking to overcome this privilege must make a clear and specific showing that: (a) The information is relevant and material to unresolved issues that have been raised in the proceeding for which the information is sought; (b) The information cannot be obtained from alternative sources; and (c) A compelling interest exists for requiring disclosure of the information.*

. . .

*(4) WAIVER.--A professional journalist does not waive the privilege by publishing or broadcasting information.*

### Who is Covered?

Florida's shield law applies only to "professional journalists." To qualify for the shield law's protection, you must be acting as an employee or independent contractor for "a newspaper, news journal, news agency, press association, wire service, radio or television station, network, or news magazine." Book authors are specifically excluded from protection. The CMLP is not aware of any Florida cases addressing whether an employee or independent contractor for an online news publication is covered by the statute, but the language of the statute makes such coverage doubtful. In addition, the "professional journalist" requirement would likely exclude from coverage many types of amateur and non-traditional journalists who do not receive payment for their work.

### What Information is Protected?

Florida's shield law extends to both the identity of sources and unpublished information gathered and prepared in the course of newsgathering, such as notes and outtakes. The statute excludes from its protection physical evidence, eyewitness accounts, or recordings of crimes. The shield law protects the identity of a source whether or not you promise confidentiality to the source in question. Publication of some information on a topic does not constitute a waiver of the privilege with respect to that topic.

### How Strong is the Protection?

The shield law provides a qualified privilege, which means that a court may force you to reveal information in some circumstances, even if you are covered by the statute (above). In order to compel disclosure of the identity of an anonymous source or unpublished information, a court or other legal body must find that three conditions are met: (1) the information is relevant and material to unresolved issues in the case; (2) the information cannot be obtained from alternative sources; and (3) a compelling interest exists for requiring disclosure of the information. The results of this kind of balancing test would be different depending on the facts of the particular case.

The same test applies in criminal and civil cases and whether or not you are a party to the lawsuit. As a practical matter, courts may be particularly inclined to order disclosure when the person trying to protect information is a party to the lawsuit in question or when a criminal defendant seeks information to mount a defense.

For more detailed information about the Florida shield law, see the Reporters Committee for Freedom of the Press's Privilege Compendium: Florida [4].

## Common Law Privilege

The Florida common law (i.e., judge-made law) may protect you from having to disclose information even if the shield law does not. Unlike in some other states, where shield laws eliminated common law protections for newsgatherers, the Florida shield law explicitly preserves common law protections. Additionally, the Florida Supreme Court has continued to recognize a common law privilege after enactment of the shield law.

### Who is Protected?

Florida courts have not indicated specifically who is protected by the common law privilege for newsgatherers. There are at least some indications that the common law will protect people that the shield law does not. For instance, while the shield does not protect book authors, a Florida court has held that the common law privilege covers them. Florida v. Trepal, 24 Media L. Rep. 2595, 2596 (Fla. Cir. Ct. 1996). It is not clear how this precedent would translate into an online or amateur-journalism context.

### What Information is Protected?

The common law privilege applies to the identity of sources and information collected in the course of newsgathering, and it applies whether or not you promise confidentiality to a source. Like the shield law, the common law privilege does not apply to eyewitness observations or physical evidence of a crime.

### How Strong is the Protection?

The Florida common law privilege is a qualified privilege. If the you and your information fit within its scope, then a court will only order you to disclose information on if it finds: (i) the information is relevant and significant to unresolved issues in the case; (ii) the information cannot be obtained from other sources; and (iii) a compelling interest exists for requiring disclosure. The results of this kind of balancing test would be different depending on the facts of the particular case. Courts may be particularly inclined to order disclosure when the person trying to protect information is a party to the lawsuit in question or when a criminal defendant seeks information to mount a defense.

## Federal Reporter's Privilege

Federal courts in the Eleventh Circuit, which encompasses Florida, have recognized a qualified reporter's privilege based on the First Amendment to the U.S. Constitution. It applies to the identity of sources and unpublished information collected or prepared during newsgathering.

Unfortunately, courts in the Eleventh Circuit have not had many opportunities to define the scope of the privilege, so it is hard to say whether an amateur or non-traditional journalist could take advantage of it. When it applies, however, the privilege is qualified, meaning that a court must establish three things before ordering disclosure: (a) the information is highly relevant; (b) it is necessary to the proper presentation of the case; and (c) it is unavailable from other sources. Courts applying this test often also tend to weigh the public interest in disclosure of the information against the public interest in promoting a an uninhibited press. The results of this kind of balancing test would be different depending on the facts of the particular case.

For additional information, see the Reporters Committee for Freedom of the Press's Privilege Compendium: 11th Circuit [5].

## Privacy Protection Act

The Privacy Protection Act (PPA) makes it unlawful for government officials to search for or seize work product or documentary materials possessed by a person in connection with a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication. 42 U.S.C. § 2000aa(a),(b) [6]. If you are covered by the PPA, it can protect you from both state and federal officials, regardless of what state you live in. To learn more about the PPA, see General: Legal Protections for Confidential Sources and Source Material [7].

## Jurisdiction:

- Florida [8]

## Subject Area:

- Shield Laws [9]
- Newsgathering [10]



---

**Source URL** (retrieved on *11/01/2017 - 9:41pm*): http://www.dmlp.org/legal-guide/florida-protections-sources-and-source-material

**Links:**
[1] http://www.dmlp.org/legal-guide/florida-protections-sources-and-source-material
[2] http://www.dmlp.org/legal-guide/protecting-sources-and-source-material
[3] http://www.leg.state.fl.us/Statutes/index.cfm?App_mode=Display_Statute&Search_String=&URL=0000-0099/0090/Sections/0090.5015.html
[4] http://www.rcfp.org/privilege/index.php?op=browse&amp;state=FL
[5] http://www.rcfp.org/privilege/index.php?op=browse&amp;state=11
[6] http://www.law.cornell.edu/uscode/html/uscode42/usc_sec_42_00002000--aa000-.html
[7] http://www.dmlp.org/legal-guide/legal-protections-sources-and-source-material
[8] http://www.dmlp.org/jurisdiction/united-states/florida
[9] http://www.dmlp.org/subject-area/shield-laws
[10] http://www.dmlp.org/subject-area/newsgathering