UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60426-CV-Ungaro/O'Sullivan

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

    Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.

_____/

**NON-PARTY DAVID J. KRAMER'S MOTION TO SEAL
MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW**

    Pursuant to Local Rule 5.4 of the United States District Court for the Southern District of Florida, non-party David J. Kramer respectfully requests that this Court enter an Order sealing his Motion for Protective Order and in support thereof states the following:

**I. MEMORANDUM OF LAW**

    Pursuant to Federal Rule of Civil Procedure 24(c), Mr. Kramer will be separately filing a Motion for Protective Order. In the Motion for Protective Order, Mr. Kramer seeks to prevent the Plaintiffs from sharing his videotaped deposition and accompanying transcript beyond the instant litigation.

    "Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). And, as a general matter, the press and the public jointly have a common-law right "to inspect and copy judicial records." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985).

1

However, "[t]his right of access may be overcome by a showing of good cause." *MSP Recovery Claims, Series LLC v. S.-Owners Ins. Co.*, No. 17-CV-24068-UU, 2017 WL 6622806, at *1 (S.D. Fla. Dec. 15, 2017) (citing *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007)). "In determining whether to seal a document, courts must consider, among other factors, 'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *Huenefeld v. Nat'l Beverage Corp.,* No. 16-62881-CIV, 2017 WL 4864594, at *1 (S.D. Fla. Oct. 25, 2017) (quoting *Romero,* 480 F.3d at 1246).

A motion to seal must set forth "the factual and legal basis for departing from the policy that Court filings are public[.]" S.D. Fla. L.R. 5.4(b)(1). The motion must "describe[] the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." *Id.*

Here, the Court should find that good cause exists to seal Mr. Kramer's Motion for Protective Order for at least three reasons.

First, if the Motion for Protective Order is not sealed, it could jeopardize his personal safety as well as the safety of his family. In his Motion for Protective Order, Mr. Kramer quotes specific portions of the deposition that he believes could put him and his family in danger if made public. He also provides, as an attachment, a declaration under penalty of perjury in support of his Motion for Protective Order. Because Mr. Kramer's Motion for Protective Order provides specifics about his deposition and the bases for his concerns about personal safety, permitting public access or

sharing of the Motion for Protective Order would effectively defeat the purpose of filing the motion.

Second, if the Motion for Protective Order becomes public, it could threaten the integrity of ongoing Congressional investigations. Mr. Kramer has recently provided testimony to both houses of Congress, testifying in a "closed-door" session before the United States House Permanent Select Committee on Intelligence, and providing additional testimony to the United States Senate Select Committee on Intelligence. Mr. Kramer's testimony before those Committees is required to be treated as confidential. The substance of Mr. Kramer's testimony before Congress is largely repeated in his Motion for Protective Order. Consequently, if the Motion for Protective Order were to be filed publicly, it could threaten the integrity of the Congressional investigations, as it would reveal the extent of the Congressional Committees' knowledge regarding the information provided by Mr. Kramer in closed-door sessions. Moreover, the Select Committees of the House and Senate have not authorized public disclosure of this information. Indeed, the public disclosure of the Protective Order would undermine the very purpose of his testimony before Congress.

Third, if the Court requires that Mr. Kramer's Motion for Protective Order be filed publicly, Mr. Kramer will be hounded by the press. The Court need not speculate here. Because of a filing submitted in this case by the Plaintiffs' attorneys, a member of the press has already reached out to Mr. Kramer's lawyer. If the Court were to require Mr. Kramer to file his Motion for Protective Order publicly, a deluge of similar inquiries would assuredly follow.

As a postscript, consistent with the recently amended Local Rule 5.4, Mr. Kramer will file a redacted version of his Motion for Protective Order, as the content in that motion "is the subject of the motion to file under seal." S.D. Fla. L.R. 5.4(b) ("If, prior to the issuance of a ruling on the

motion to file under seal, the moving party elects or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file under seal."). If the Court "grants the motion to file under seal[,]" Mr. Kramer will subsequently file an unredacted Motion for Protective Order "as an attachment to a 'Notice of Sealed Filing' which shall be filed via CM/ECF (using events specifically earmarked for sealed civil filings)." *Id.*

## II.  CONCLUSION

WHEREFORE, Mr. Kramer respectfully requests that the Court enter an order sealing the Motion for Protective Order for the duration of this litigation and until further order of this Court.

<u>Certification of Compliance with Local Rule 7.1 of the Southern District of Florida</u>

The undersigned certified that he has conferred with counsel for the Plaintiffs. The Plaintiffs oppose Mr. Kramer's motion.

Dated:  January 17, 2018                     Respectfully submitted,


*s/ Marcos Daniel Jiménez*
Marcos Daniel Jiménez
Florida Bar No. 441503
**Marcos D. Jiménez, P.A.**
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone: 305.740.1975
Email:  mdj@mdjlegal.com

## CERTIFICATE OF SERVICE

This motion was filed electronically on January 17, 2018 through CM/ECF and served on counsel for the parties, through that system.

*s/ Marcos D. Jimenez*
Marcos D. Jimenez