UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV, <br> XBT HOLDINGS S.A., and <br> WEBZILLA, INC. <br>     Plaintiffs, <br><br> v. <br><br> BUZZFEED, INC. and <br> BEN SMITH <br>     Defendants. | Case No. <br><br> 0:17-cv-60426-UU |

**PLAINTIFFS' UNOPPOSED MOTION TO SEAL CERTAIN EXHIBITS
TO PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Pursuant to Local Rule 5.4 of the United States District Court for the Southern District of Florida, Plaintiffs Aleksej Gubarev, XBT Holdings S.A. and Webzilla, Inc. hereby respectfully move this Court for an Order sealing Exhibits 2 and 4 to Plaintiffs' Motion for Partial Judgment on the Pleadings with Respect to Defendants' Affirmative Defenses of "Fair and True Reporting Privilege" and "Neutral Reporting Privilege" ("Motion on the Pleadings"). In support of this Motion, Plaintiffs state as follows:

1.  Pursuant to Local Rule 5.4, a motion to seal must set forth "the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material.... The motion to file under seal shall specify the proposed duration of the requested sealing."

2.  The Court in this matter has issued an Amended Confidentiality Stipulation and Protective Order (the "Protective Order"), Docket No. 97, pursuant to which the Parties or other persons may designate certain materials, documents and information as either "Confidential" or "Attorneys' Eyes Only."

3.  In accordance with Paragraph 10 of the Protective Order, "[a]ll pleadings, motion papers, memoranda, affidavits, exhibits, transcripts and other papers that consist of or contain

Confidential and/or Attorneys' Eyes Only Information shall, if filed with the Court, be placed in a sealed envelope endorsed with the caption of the action and marked or designated.... Where possible, only the confidential portions of filings with the Court shall be filed under seal."

4. Plaintiffs are, concurrently herewith, filing their Motion on the Pleadings.[1] The Motion on the Pleadings makes reference to and attaches as exhibits (Exhibits 2 and 4) documents containing information discussing how Defendants in this action acquired the "Dossier."[2]

5. The documents and the information sought to be filed under seal in the Motion on the Pleadings have been designated as "Attorneys' Eyes Only Information" pursuant to the Protective Order.[3]

6. Pursuant to Paragraph 1 of the Protective Order, the exhibit should stay under seal "unless and until [its] designation is challenged and reversed by the Court."

7. If the Court grants this motion to file under seal, Plaintiffs will file an unredacted copy of the exhibits as attachments to a Notice of Sealed Filing, which shall be filed via CM/ECF (using events specifically earmarked for sealed civil filings) in accordance with Local Rule 5.4

Therefore, on the basis of the foregoing, Plaintiffs respectfully request that the Court enter an order sealing Exhibits 2 and 4 to the Motion on the Pleadings for the duration of this litigation and until further ordered by this Court or otherwise if its designation is challenged and reversed by the Court.

### Local Rule 7.1(a)(3) Certificate

The undersigned counsel certify that they have conferred with all parties and non-parties (including the person whom designated the information/document sought to be filed under seal)

---

[1] Pursuant to Local Rule 5.4(b)(1), the Motion on the Pleadings is being filed publicly but with redactions of all content that is the subject of this motion to file under seal.
[2] Any further description of the exhibits would result in revealing the content of the exhibits (including from whom Defendants acquired the Dossier).
[3] By the making of this Motion to Seal, Plaintiffs do not concede that the documents and information contained therein are properly designated under the Protective Order. To the contrary, Plaintiffs affirmatively contest the designation and believe they should not be designated whatsoever.

who may be affected by the relief sought in this motion and all such parties and non-parties have stated that they do not object to the relief sought herein.

Dated: January 18, 2018

                                        Respectfully submitted,
Plaintiffs,
By their Attorneys,

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below this 18th day of January, 2018.

                                                /s/ Matthew Shayefar
                                                Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com