## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
       :

ALEKSEJ GUBAREV, XBT HOLDINGS S.A., and  :
WEBZILLA, INC.,            :
            Plaintiffs,    :  Case No:  1:17-cv-60426-UU
            :
            :
        -against-    :
            :
            :

BUZZFEED, INC. and BEN SMITH,    :
            :
        Defendants.    :
            :
            :
            :
            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE <u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>

The United States District Court for the Southern District of Florida (the "District Court" or the "Court") presents its compliments to the Cyprus Ministry of Justice and Public Order (the "Ministry of Justice"), and requests international judicial assistance to obtain testimonial and documentary evidence to be used in the above-captioned civil proceeding now pending before this Court (the "Action").

The Court requests the assistance herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), to which the United States and Cyprus are each a party.  The District Court is a competent court of law and equity which properly has jurisdiction over this proceeding.

In this Court's view, the testimonial and documentary evidence sought will be highly relevant to the claims for damages asserted in the Action by Plaintiffs Aleksej Gubarev, XBT Holdings, S.A. ("XBT"), and Webzilla, Inc. (together, "Plaintiffs"), and the applicable defenses thereto that may be asserted by Defendants Buzzfeed, Inc. and Ben Smith (together, "Defendants").

This request is made with the understanding that it will in no way require any person to commit an offense or to undergo a broader form of inquiry than he or she would if the litigation were conducted in Cyprus. Consistent with Cyprus's Declaration 5 regarding the Convention, this request should not be construed as one requiring the entity or individuals identified in Appendix A hereto (i) to identify the documents relevant to the Action that are in their possession, custody, or control, or (ii) to produce any documents other than the particular documents specified in Appendix A.

In the proper exercise of its authority, the Court has determined that the requested testimony and documents cannot be secured except by the intervention of the Ministry of Justice.

The particulars of this letter of request are as follows:

1.  **Sender**:                                     The Honorable Ursula Ungaro
                                                    United States District Court
                                                    Southern District of Florida
                                                    Wilkie D. Ferguson, Jr. United States
                                                    Courthouse
                                                    400 North Miami Avenue
                                                    Room 12-4
                                                    Miami, Florida 33128

2.  **Central Authority of the Requested State**:   Ministry of Justice and Public Order
                                                    125 Athalassas Avenue
                                                    1461 Strovolos
                                                    Nicosia, Cyprus
                                                    registry@mjpo.gov.cy

| | | |
|---|---|---|
| **3.** | **Person to whom the executed request is to be returned:** | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |
| **4.** | **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request:** | As soon as practicable. |
| | **Reason for urgency**: | The period for taking depositions of fact witnesses is scheduled to conclude on March 15, 2018. |

**In conformity with Article 3 of the Convention, the undersigned has the honor to submit the following request:**

| | | | |
|---|---|---|---|
| **5.** | **a.** | **Requesting judicial authority:** | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |
| | **b.** | **To the competent juridical authority of:** | Cyprus |
| | **c.** | **Names of the case and any identifying number:** | *Aleksej Gubarev, et al. v. BuzzFeed, Inc, et al.*, Case No. 1:17-cv-60426-UU (S.D. Fla., filed Feb. 3, 2017). |

6.    **Names and addresses of the parties and
their representatives:**

    a.    **Plaintiffs:**    Aleksej Gubarev
    XBT Holdings S.A.
    Webzilla, Inc.

    **Attorneys for Plaintiffs:**    Brady James Cobb
    Dylan Michael Fulop
    Cobb Eddy, PLLC
    642 Northeast 3rd Avenue
    Fort Lauderdale, FL 33304
    Telephone: (954) 527-4111

    Evan Fray-Witzer
    Ciampa, Fray-Witzer, LLP
    20 Park Plaza
    Suite 505
    Boston, MA 02116
    Telephone: (617) 426-0000

    Valentin Gurvits
    Matthew Shayefar
    Boston Law Group, PC
    825 Beacon Street, Suite 20
    Newton Centre, MA 02459
    Telephone: (617) 928-1800

    b.    **Defendants:**    BuzzFeed, Inc.
    Ben Smith
    11 E. 18th Street, 13th Floor
    New York, NY 10003

|  |  |
|---|---|
| **Attorneys for Defendants:** | Katherine M. Bolger<br>Nathan Siegel<br>Adam Lazier<br>Alison Schary<br>Davis Wright Tremaine LLP<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020<br>Telephone: (212) 489-8230<br>Facsimile: (212) 489-8340 |
|  | Roy Black<br>Jared Lopez<br>Black Srebnick Kornspan & Stumpf<br>201 South Biscayne Boulevard<br>Suite 1300<br>Miami, FL 33131<br>Telephone: (305) 371-6421<br>Facsimile: (305) 358-2006 |
|  | <u>Of Counsel</u>:<br>Allison Lucas<br>Nabiha Syed<br>BuzzFeed, Inc.<br>11 E. 18th Street, 13th Floor<br>New York, NY 10003 |

| | | | |
|---|---|---|---|
| **7.** | **a.** | **Nature of the proceedings:** | This is a civil action for libel by Aleksej Gubarev, XBT Holdings S.A. and Webzilla, Inc. (collectively, "Plaintiffs") against BuzzFeed, Inc. and its Editor-in-Chief, Ben Smith (collectively, "Defendants"). |
| | **b.** | **Summary of Complaint:** | Plaintiffs claim that they were defamed by BuzzFeed's publication of an article entitled "These Reports Allege Trump Has Deep Ties to Russia" (the "Article"), which included an embedded document containing a 35-page dossier of information discussing alleged ties between President Donald J. Trump and Russia (the "Dossier"). Plaintiffs assert that they were identified in two sentences in the penultimate paragraph of the Dossier as having been involved in Russian efforts to hack the Democratic National Committee.  Plaintiffs seek compensatory damages, and have reserved |

the right to seek additional punitive damages, together with costs and disbursements.  In particular, Plaintiffs claim that various lenders have refused to do business with Gubarev, XBT and/or Webzilla as a result of the publication of the Article and the Dossier.

Plaintiffs have identified RCB Bank Ltd. ("RCB") as one of the financial institutions from which Plaintiffs allegedly sought financing and were rejected following the publication of the Article and the Dossier.

|   |   |   |
|---|---|---|
| c. | **Summary of defense:** | BuzzFeed claims that the publication of the Article and the Dossier is protected by a fair report privilege pursuant to any applicable state statute, the common law, the First and Fourteenth Amendments to the Constitution of the United States and any applicable state constitution; publication of the Article and the Dossier is protected by a neutral report privilege pursuant to the common law and the First and Fourteenth Amendments to the Constitution of the United States; Plaintiffs cannot establish the falsity of the challenged statements in the Article and Dossier; Plaintiffs are public figures and cannot prove constitutional malice; the Article and Dossier deal with matters within the sphere of legitimate public concern and were not published in a grossly irresponsible (or, in the alternative, negligent) manner; Plaintiffs have not been adversely affected or damaged in any way by publication of the Article; and exemplary or punitive damages are not recoverable because BuzzFeed did not act with either common law malice or constitutional malice; and any claim for exemplary or punitive damages is barred by the due process clause of the Fourteenth Amendment to the Constitution of the United States.  Defendants also maintain that the Court lacks personal jurisdiction over them, in whole or in part. |
| d. | **Other necessary information or documents:** | None. |

| | | | |
|---|---|---|---|
| 8. | a. | **Evidence to be obtained or other judicial act to be performed:** | This Court requests that the Cyprus Ministry of Justice and Public Order enter an order requiring a representative of the entity named in Appendix A hereto to attend for examination under oath or affirmation and to produce documents at the offices of an examiner appointed by the Cyprus Ministry of Justice and Public Order at times and dates to be agreed upon after the execution of this Letter of Request. |
| | | | As described above and in Appendix A hereto, the evidence to be obtained from RCB relates to Plaintiffs' claim for damages. |
| | b. | **Purpose of the evidence or judicial act sought:** | The purpose of the evidence sought is to secure testimony and documents regarding the subject matters described in Appendix A in a form that would be admissible for use at trial in the proceedings in the United States. |
| 9. | | **Identity and address of any person to be examined:** | See the entity and individuals identified and the subject matter of the information to be provided described in Appendix A. |
| 10. | | **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined:** | See the entity and individuals identified and the subject matter of the information to be provided described in Appendix A. |
| 11. | | **Documents or property to be inspected:** | See the documents and subject matter described in Appendix A. |
| 12. | | **Any requirement that the evidence be given on oath or affirmation and any special form to be used:** | Any representative of the entity identified in Appendix A should be examined under oath or affirmation, and/or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of the Cyprus for the formal taking of evidence. |

13.    **Special methods or procedure to be followed:**

It is requested that:

i)  The parties' representatives or their designees, the United States and Cyprus attorneys for the parties and the witnesses, and a stenographer and a videographer be permitted to be present during the examinations;

ii)  There be excluded from the examinations, if permitted under Cyprus law, all persons other than the person appointed by Ministry of Justice to supervise the examination of the entity named in Appendix A; other officials of any Cyprus court normally present during such proceedings; and the individuals listed in clause (i) of this section;

iii)  The examinations be conducted by Cyprus counsel as instructed by Davis Wright Tremaine LLP, counsel for defendants BuzzFeed and Ben Smith, with cross-examination by Cyprus counsel as instructed by Boston Law Group, PC, counsel for Plaintiffs, or by Davis Wright Tremaine LLP and Boston Law Group, PC, or as the Cyprus Ministry of Justice and Public Order may direct, with counsel for each party permitted to place objections on the record;

iv)  A stenographer and/or videographer be permitted to record verbatim the examination of a representative of the entity named in Appendix A; and

v)  The examination be held and the documents be produced at a date and time to be agreed with the entity named in Appendix A after the execution of this Letter of Request, at the offices of the examiner appointed by the Ministry of Justice.

| | | |
|---|---|---|
| **14.** | **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:** | Please notify the following persons when and where the examination is to be conducted: |

i) BuzzFeed, Inc. and Ben Smith

Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

Roy Black
Jared Lopez
Black Srebnick Kornspan & Stumpf
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
Telephone: (305) 371-6421
Facsimile: (305) 358-2006

Of Counsel:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

ii) Aleksej Gubarev, XBT Holdings S.A. and Webzilla, Inc.

Brady James Cobb
Dylan Michael Fulop
Cobb Eddy, PLLC
642 Northeast 3rd Avenue
Fort Lauderdale, FL 33304
Telephone: (954) 527-4111

Evan Fray-Witzer
Ciampa, Fray-Witzer, LLP
20 Park Plaza

10

Suite 505
Boston, MA 02116
Telephone: (617) 426-0000

Valentin Gurvits
Matthew Shayefar
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1800

| | | |
|---|---|---|
| **15.** | **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:** | None. |
| **16.** | **Specification of privilege or duty to refuse to give evidence under the law of the State of origin:** | There shall be no limitation on the rights to assert any privileges or protections that may be available to the deponent or the parties. |
| **17.** | **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:** | The parties shall in equal parts bear such fees and costs which are reimbursable under the Convention.<br><br>Payment of such fees and costs in accordance with this Letter of Request is without prejudice to any party making a subsequent application to an appropriate court for reimbursement. |

**DATE OF REQUEST:**            __Jan.22d_____ ___, 2018

**SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY:**   *Ursula Ungaro*
                                                                    The Honorable Ursula Ungaro
                                                                    United States District Court Judge

11

**APPENDIX A**

**PERSON TO BE EXAMINED AND PRODUCE DOCUMENTS AND THE SUBJECT
MATTER OF THE INFORMATION TO BE PROVIDED**

1.  **Name and Address of Entity and Individuals to be Examined:**

    RCB Bank Ltd
    2 Amathountos
    Limassol 3105
    Cyprus

    Vladimir Zrazhewski
    Deputy Chief Executive Officer
    zrazhewski@rcbcy.com

2.  **Subject Matter of Testimony and Documents:**

    Vladimir Zrazhewski and/or another representative of RCB Bank Ltd ("RCB") with
    knowledge of the subject matter described herein will be questioned about the following
    subjects:

    (a)  Any application(s) for a loan or other financing made by Aleksej Gubarev, XBT
         Holdings S.A. ("XBT"), or Webzilla, Inc. ("Webzilla") to RCB, including but not
         limited to a Subject Loan Application made in 2016 and provisionally approved
         by RCB in or around October or November 2016 in the amount of $9 million US
         Dollars, whether or not such financing was granted (the "Subject Loan
         Application(s)");

    (b)  Any communications between RCB, on the one hand, and Mr. Gubarev, XBT,
         Webzilla, or any of their respective representatives, on the other, regarding the
         Subject Loan Application(s);

    (c)  Any analysis, assessment, compliance check, or other evaluation conducted by
         RCB in connection with the Subject Loan Application(s);

    (d)  Any personal or business loan or other financing actually extended by RCB to Mr.
         Gubarev, XBT, or Webzilla from January 1, 2015 to the present;

    (e)  RCB's formal and informal processes and procedures for evaluating applications
         for personal loans, business loans, or other financing, including any applicable
         "Know Your Client" rules, if any, that were in place from January 1, 2015 to the
         present;

    (f)  Any communications between RCB, on the one hand, and Mr. Gubarev, XBT,
         Webzilla, or their respective representatives, on the other, regarding the
         publication of the Article, the Dossier, or any statement contained therein; and

(g)     Any communications between RCB, on the one hand, and Mr. Gubarev, XBT, Webzilla, or their respective representatives, on the other, regarding the instant lawsuit.

<u>RCB will be asked to produce the following documents</u>:

(h)     All documents and communications between any representative of RCB, on the one hand, and Mr. Gubarev, XBT, Webzilla, or any of their respective representatives, on the other, regarding the Subject Loan Application(s);

(i)      All documents and communications concerning any analysis, review, assessment, compliance check, or other evaluation conducted by RCB in connection with the Subject Loan Application(s);

(j)      All documents and communications concerning any personal or business loan or other financing actually extended by RCB to Mr. Gubarev, XBT, or Webzilla from January 1, 2015 to the present;

(k)     RCB's written processes and procedures for evaluating applications for personal loans, business loans, or other financing, including any policies related to applicable "Know Your Client" rules, if any, that were in place from January 1, 2015 to the present;

(l)      Any communications between any representative of RCB, on the one hand, and Mr. Gubarev, XBT, Webzilla, or any of their respective representatives, on the other, related to the publication of the Dossier or any statement contained therein; and

(m)    Any communications between any representative of RCB, on the one hand, and Mr. Gubarev, XBT, Webzilla, or any of their respective representatives, on the other, regarding the instant lawsuit.

**3.     <u>Relevance</u>**

The testimony and the documents to be provided by RCB are materially relevant to Plaintiffs' claims for damages.  Plaintiffs allege in their Complaint that they were unable to secure financing from at least one lender following the publication of the Article and the Dossier.  (Complaint ¶ 47.)  In their discovery responses, Plaintiffs have specifically identified RCB as one of the financial institutions to which Mr. Gubarev, XBT, and/or Webzilla allegedly applied for financing and were denied due to the publication of the Article and the Dossier.  Plaintiffs have produced a very limited number of documents relating to this request for financing from RCB.

Specifically, Plaintiffs' discovery responses allege that in or around October 2016, Mr. Gubarev applied for a loan from RCB in the amount of $9 million USD.  Plaintiffs' discovery responses allege that RCB initially approved Mr. Gubarev's loan application, but refused to release the loan amount to him in 2017 after the publication of the Dossier. Accordingly, the requested testimony and documents are relevant to assess Plaintiffs'

allegations that they were damaged as a result of RCB's denial of their request(s) for financing.