FILED UNDER SEAL PER COURT ORDER

# ATTACHMENT E

FILED UNDER SEAL PER COURT ORDER

**From:** evan@cfwlegal.com [mailto:evan@cfwlegal.com]
**Sent:** Tuesday, December 26, 2017 11:16 AM
**To:** Marcos Jimenez <mdj@mdjlegal.com>
**Cc:** 'Bolger, Kate' <KateBolger@dwt.com>; 'Siegel, Nathan' <NathanSiegel@dwt.com>;
rblack@royblack.com; 'Val Gurvits' <vgurvits@bostonlawgroup.com>; bcobb@CobbEddy.com;
jlopez@royblack.com; matt@bostonlawgroup.com
**Subject:** De-designation of Kramer testimony
**Importance:** High

Dear Marcos –

I hope you and your family had a wonderful holiday.

I am writing to you pursuant to Section 13 of the Amended Confidentiality Stipulation and Protective
Order, entered by the Court on December 8, 2017.

Please be advised that, in accordance with Section 13, the Plaintiffs in this action hereby challenge the
designation of Mr. Kramer's deposition testimony as either "Attorney's Eyes Only" or even as
"Confidential."

Although Mr. Kramer's testimony was certainly revealing and illuminating, there was nothing about it
that the law recognizes as being "Confidential."  Mr. Kramer's testimony revealed no trade secrets;
contained no research, development, or commercial information; disclosed no financial information;
and exposed no highly personal facts (such as bank records or the like).  As such, there is no basis under
the Federal Rules (or the protective order) to designate Mr. Kramer's deposition as confidential.

Additionally, it is obvious to us that there are numerous reasons why we will need to utilize Mr.
Kramer's testimony, both in the long- and short-term.

In the short term, in seeking to oppose his deposition in London, Mr. Steele has claimed to have only
given the complete Dossier including the December memo to Fusion GPS and then only for the purpose
of having it provided to Senator McCain.  Mr. Kramer's testimony makes clear that this representation is,
at a minimum, misleading since Mr. Steele asked Mr. Kramer to show the Dossier to a number of
journalists.  We will need to submit the transcript to the British Courts in support of our application and
we are advised that, in England, parties cannot by agreement designate materials as being
"confidential" or to be filed under seal and the court will only order such limitations in very limited
circumstances such as threats to national security or the protection of confidential intellectual property.

We will also need to use Mr. Kramer's deposition in connection with the depositions of Ken Bensinger
(and others at Buzzfeed) as well as the deposition of Fusion GPS.  We may also want to confirm other
aspects of Mr. Kramer's testimony with other third parties who received briefings or materials from Mr.
Kramer.

In the longer term, there is no question but that Mr. Kramer's testimony will be needed both at
summary judgment and that we would expect him to testify similarly at trial.  His testimony touches
upon questions of negligence and actual malice and bolsters the Plaintiffs' claims for punitive
damages.  As such, we will not only need to present Mr. Kramer's testimony in motions to the court (and
ultimately at trial), we will also need to provide copies of his testimony to our anticipated expert

FILED UNDER SEAL PER COURT ORDER

witnesses.  At that point, of course, the presumption is that the materials should be available to the public.

Accordingly, if Mr. Kramer wishes to file a motion to preserve the designation of his deposition as either "Confidential" or "For Attorney's Eye's Only," such a motion must be brought by or before January 10, 2018.

Thank you.

Evan Fray-Witzer


Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com