# EXHIBIT "C"

## Lazier, Adam

| | |
|---|---|
| **From:** | Evan Fray-Witzer <Evan@CFWLegal.com> |
| **Sent:** | Wednesday, June 14, 2017 9:16 PM |
| **To:** | Kate Bolger |
| **Cc:** | Adam Lazier; Nathan Siegel; lak@lklsg.com; jl@lklsg.com; 'Val Gurvits'; 'Brady Cobb'; 'Matthew Shayefar' |
| **Subject:** | Meet and Confer/Motion to Strike Affirmative Defenses |
| **Importance:** | High |

Kate –

I am writing to inform you that the Plaintiffs intend to move to strike certain of the defendants' affirmative defenses (or portions thereof) and to give you the opportunity to instead file an amended answer that removes the improper defenses (or portions thereof), which is the preferred procedure in the Southern District of Florida.

Please let us know if you will voluntarily strike any or all of the following:

**Second Affirmative Defense** – This is not actually an affirmative defense but instead simply states the legal basis upon which a Rule 12 motion may be brought. As such, it is not a proper affirmative defense.

**Third Affirmative Defense** – The invocation of a statutory defense available under New York law is inappropriate in this case given that the present case is governed by Florida law. As such, that portion of the defense should be stricken. In addition, the reference simply to "any applicable state statute" that might provide a defense fails to provide the plaintiffs with adequate notice of the defense asserted and must either be amended to provide proper statutory references or removed from the defense.

**Fourth Affirmative Defense** – Again, reference simply to "any applicable state statute" that might provide a defense fails to provide the plaintiffs with adequate notice of the defense asserted and must either be amended to provide proper statutory references or removed from the defense.

**Seventh Affirmative Defense** – The asserted defense reads: "Plaintiffs cannot meet their burden of proving material falsity because the Article and the Dossier are substantially true." As you are certainly aware, this is a misstatement of the law. The referenced defense – to the extent that it might be applicable at all (and, of course, Plaintiffs deny that it would be) – would require the Defendants to show that the *defamatory statements concerning the Plaintiffs* were substantially true, not that the dossier and accompanying article were, as a whole, substantially true. As such, the defense should be stricken in its entirety. If you intended to only amend the defense (to allege substantial truth of the statements concerning the Plaintiffs), we would ask that you also amend the defense to assert sufficient facts to support such a defense (a requirement in Florida).

**Tenth Affirmative Defense** - Again, reference simply to "any applicable state statute" that might provide a defense fails to provide the plaintiffs with adequate notice of the defense asserted and must either be amended to provide proper statutory references or removed from the defense.

Finally, the concluding line: "Defendants further reserve the right to amend this Answer if, upon further investigation and/or discovery, there are additional defenses that may be warranted and allowed by law" must be stricken as there is no right under the Federal Rules to assert such a reservation of rights.

1

Please let me know if you would like to set up a call to meet and confer further and please also provide your responses to the above.

Thank you.

Evan

---

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com