# EXHIBIT "J"

**Lazier, Adam**

| | |
|---|---|
| **From:** | evan@cfwlegal.com |
| **Sent:** | Tuesday, February 06, 2018 10:24 AM |
| **To:** | Siegel, Nathan; Bolger, Kate |
| **Cc:** | 'Val Gurvits'; 'Matthew Shayefar'; bcobb@CobbEddy.com; Schary, Alison; Lazier, Adam; 'Roy Black'; 'Jared Lopez' |
| **Subject:** | RE: Meet and confer |

Nathan –

Thank you for your email.  We respectfully disagree.  First, both as a matter of fact and as a matter of law, we do not agree that our motion relies on any materials that would take this out of the realm of a Rule 12 motion.  The only materials outside of the four corners of the pleadings are of the type of which the court may take judicial notice without converting the motion to a Rule 56 motion.  Indeed, if we viewed this as a Rule 56 motion, there would have been many documents that we would have included, which we did not.

In any event, this is a discussion that I feel we have had multiple times in multiple ways and our position remains the same: **this is a motion that was specifically requested by Judge Ungaro** and in the procedural form in which she proposed it be filed.  **We are not going to second-guess the Court** and we believe the motion is proper as filed.  To the extent that Defendants believe they should be permitted to amend their answer, they are free to argue that in their response.  The same is true with respect to your 56(d) argument.

It is our belief that the Defendants should simply oppose the motion as filed, raising whatever arguments they like but you will obviously do what you believe is in your clients' best interests.  To the extent that you are asking if we consent to either motion: we do not.  We do believe, however, that you have fulfilled your obligation to meet-and-confer with respect to those motions by virtue of your email, below.

Evan

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

**From:** Siegel, Nathan [mailto:NathanSiegel@dwt.com]
**Sent:** Monday, February 5, 2018 8:05 PM
**To:** evan@cfwlegal.com; Bolger, Kate <KateBolger@dwt.com>
**Cc:** 'Val Gurvits' <vgurvits@bostonlawgroup.com>; 'Matthew Shayefar' <matt@bostonlawgroup.com>; bcobb@CobbEddy.com; Schary, Alison <AlisonSchary@dwt.com>; Lazier, Adam <AdamLazier@dwt.com>; Roy Black <RBlack@royblack.com>; Jared Lopez <JLopez@royblack.com>
**Subject:** RE: Meet and confer

Evan,

Since our response(s) to your motion for judgment on the pleadings is due on Friday, I write to follow-up on my emails earlier today concerning meeting and conferring regarding several issues arising out of your motion.

Having reviewed your motion, it is clear to us that the motion is really a motion for partial summary judgment, because it is based on facts that are all outside the pleadings – either because they purport to be supported by record evidence, or are simply asserted. You may recall that when we discussed this motion before Judge Ungaro at the last status conference, we questioned whether it would be possible to litigate a motion for judgment on the pleadings, based on the current state of the pleadings the parties had agreed to last summer.  You represented to the Court that you did not think that "the way this motion is going to be presented to the Court is going to require any consideration of any fact that is either not stipulated to, or at least something that the defendants would say, "Well, there's no possible way that we could plead something that would be contrary to this."

Having reviewed the motion, it is clear to us that is not the case, for several reasons.  In many instances defendants would not stipulate to your assertions of fact, and Defendants could also plead allegations that would support the affirmative defenses at issue but are not mentioned in your assertions of fact.

As a result, part of Defendants' response to your motion would necessarily be (1) a motion for leave to amend the answer limited to pleading the factual basis for the two affirmative defenses you challenge, and (2) a Rule 56d declaration setting forth why consideration of a motion for partial summary judgment at this juncture would be premature.  Our view, however, is that engaging in multiple rounds of motion practice over the pending motion would be a waste of both the parties' and the court's time and resources.  Indeed, it may be that by the time all of those issues are resolved, the parties would be in a positon to file motions for summary judgment anyway.

Thus, we suggest that the most efficient way of handling the pending motion is for the parties to stipulate that pursuant to Rule 56(d), the parties agree that Defendants will respond to the motion once discovery is complete, and file any cross-motion of their own.  We would have no objection to including in any such stipulation a statement to the effect that the parties are proposing this procedure simply to avoid wasteful motion practice regarding amending the answer, etc., and that Plaintiffs continue to maintain that their motion should be granted – something to that effect.

If Plaintiffs will not agree to that, then Defendants will need to move for leave to amend the answer, and so we would need to meet and confer regarding that motion as well.  One option would be for the parties to agree that Defendants' should be given leave to amend their answer, and then Plaintiffs would have the option of filing a motion for judgment on those pleadings addressing the amended pleadings.  As you know, that is the procedure that the parties in the Fridman/Aven case in New York followed.

We need to resolve these matters promptly, so please contact me at your earliest convenience.

Regards,

Nathan