FILED UNDER SEAL PURSUANT TO COURT ORDER

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.
_____/

## DEFENDANTS' RESPONSE TO NON-PARTY DAVID KRAMER'S MOTION FOR A PROTECTIVE ORDER

As the Court is by now aware, David Kramer was Defendant BuzzFeed, Inc.'s ("BuzzFeed") source for the Dossier, based on a promise of confidentiality. And as the Court is also aware, Defendants vigorously litigated to protect his identity when Plaintiffs moved to compel them to identify their source. Nonetheless, through their own efforts Plaintiffs were able to learn Mr. Kramer's identity. Out of respect for the reasons that led Defendants to promise him confidentiality in the first place, to this day Defendants have never publicly identified or discussed Mr. Kramer in connection with their reporting on the Dossier, as Mr. Kramer notes in his motion papers. *See* Dkt. 132 at 5. Nor, until the depositions that commenced on February 7, have they discussed Mr. Kramer within the litigation.

Two weeks ago Plaintiffs deposed Ken Bensinger, the BuzzFeed reporter who obtained the Dossier from Mr. Kramer, and Ben Smith, BuzzFeed's editor-in-chief, who was also aware of Mr. Kramer's identity as BuzzFeed's source. Since Mr. Kramer's identity was already a matter of record in this case, Defendants did not believe that in good faith they could continue to

refuse to respond to questions about him. However, Defendants designated those portions of those witnesses' testimony as "Confidential", for two reasons.

First, Mr. Kramer's testimony is itself still subject to the protective order, pending the Court's ruling. But, second, throughout discovery BuzzFeed has consistently designated information produced about its unpublished newsgathering and editorial activities as "Confidential" information, and did so with respect to other portions of the depositions that addressed those activities as well. Similarly, Plaintiffs have likewise designated most of the internal documents they have produced to Defendants as "Confidential."

Defendants respectfully submit that given the concerns Mr. Kramer raises in his motion, there is no sound reason to treat his deposition differently than the parties' own information, at least for purposes of the discovery process. While Mr. Kramer's identity as a source may have been discovered in this litigation, Defendants recognize that Mr. Kramer sought confidentiality in the first place for very legitimate reasons. Defendants also recognize that Mr. Kramer had no advance knowledge of BuzzFeed's decision to publish the Dossier, and further take him at his word that he had no awareness that BuzzFeed might publish it when it did. Thus, Defendants do not dispute Mr. Kramer's view, Dkt. 132 at 1, that he was an "unwitting cause in fact" of its publication. Both Florida and New York recognize a strong reporter's privilege for confidential sources because it facilitates the ability of the press to communicate with sources, who may often face some professional or personal risk for doing so. Although the lawyers in the case may now know Mr. Kramer's identity, those same policy reasons continue to support Mr. Kramer's motion for a protective order to confine that information to this litigation.

Moreover, as the Court may also be aware, Plaintiffs have been engaged in considerable litigation in Fusion GPS in federal court in Washington, DC over Plaintiffs' deposition subpoena

to Fusion. According to a decision issued last week by the Court overseeing that matter, Plaintiffs have agreed that Fusion could designate its testimony "attorneys' eyes only" under the protective order – giving it a higher level of protection than Mr. Kramer seeks here. *See In re Third Party Subpoena to Fusion GPS*, --- F. Supp.3d ----, 2018 WL 940553, at *1 (D.D.C. Feb. 16, 2018). There is no sound reason why Plaintiffs should treat Mr. Kramer so differently. In fact, out of roughly ten subpoenas issued by the parties in this case to various government and non-government witnesses who dealt with the Dossier prior to its publication, Mr. Kramer is the only one who did not resist testifying at all. It seems unreasonable to, in effect, treat him more harshly for doing so.

Plaintiffs also argue that the protective order should be lifted because "this is not a situation in which the materials in question have not yet been used in Court as part of a non-discovery motion." Dkt. 131 at 13. They point to the fact that they attached as a sealed exhibit to their "Motion for Partial Judgment on the Pleadings" Mr. Kramer's deposition. *Id*. On February 9 Defendants responded to that motion, and on February 20 Plaintiffs filed their reply. *See* Dkt. 133, 134, and 137. Defendants respectfully refer the Court to those responses, which demonstrate why Plaintiffs' reference to that motion as a basis for lifting a protective order is highly problematic given the actual circumstances here.

Specifically, Mr. Kramer filed his motion for a protective order on January 17. Dkt. 110. The very next day Plaintiffs filed their motion for judgment on the pleadings, and attached as a sealed exhibit Mr. Kramer's *entire deposition transcript*. Dkt. 115-2. Plaintiffs also filed under seal an e-mail between counsel which referred to Mr. Kramer as BuzzFeed's source. Dkt. 115-4. The material regarding Mr. Kramer was the *only* information subject to any protective order that Plaintiffs submitted in connection with the motion.

Filing a deposition transcript in connection with what is ostensibly a Rule 12 motion was obviously procedurally improper, and wholly unnecessary, as set forth in detail in BuzzFeed's opposition papers. *See* Dkt. 133 at 3. Plaintiffs only purported to cite a small portion in passing in a footnote. *See* Dkt. 115 at 3 n.4. Filed just a day after Mr. Kramer's motion for a protective order, the only apparent purpose the exhibit served was to provide a pretext for arguing in opposition to the instant motion that Mr. Kramer's testimony should become public because Plaintiffs had (gratuitously) filed the transcript. Moreover, Plaintiffs' motion to seal that exhibit, which was filed on the public record, even specifically announced to the public that the sealed documents would reveal Defendants' source for the Dossier. Dkt. 114 at 2 n.2. That point was likewise gratuitous, because the reason for sealing the exhibit was the existence of the Protective Order – regardless of what the underlying testimony was about.

On February 9, Defendants filed an extensive response to Plaintiffs' pending motion for judgment on the pleadings, and also filed their own motion, in the alternative, for leave to amend the answer. Dkt. 133 and 134. Defendants' filings included 35 pages of briefing between the two motions, as well as a Rule 56(d) Declaration and a proposed Second Amended Answer. All of those papers and pleadings were filed on the public docket, and none of them cited, attached, or otherwise referenced any of Mr. Kramer's testimony, because by definition it would not be proper for purposes of addressing a Rule 12 motion. To the extent Defendants' pleadings mentioned Mr. Kramer at all, it was limited to citing already publicly-available sources such as news reports and Mr. Steele's papers filed in Plaintiffs' suit against him in the United Kingdom. None of them identify Mr. Kramer as a source or as the cause-in-fact of BuzzFeed's eventual

publication of the Dossier.[1]  Nor did Plaintiffs' reply in support of their motion for judgment on the pleadings, filed on February 20, reference Mr. Kramer's testimony.  *See* Dkt. 137.

In short, there is no compelling need to lift the protective order at this point.  And certainly no compelling reason to treat the testimony of a non-party more harshly than the parties – including Plaintiffs – are treating their own discovery material.  If this case were to go to trial and Mr. Kramer were to be subpoenaed to testify, and/or his deposition transcript was used, different considerations might apply.  But a lot can happen between now and then, and Defendants agree with Mr. Kramer that the current Protective Order adequately allows any of the parties to use the testimony for purposes of the litigation now.  In particular, while the Protective Order requires that witnesses who are deposed be informed of the Order, it does not require that they sign it as a condition for using Mr. Kramer's testimony as a basis for questions.

Thus, for the reasons stated herein, Defendants support Mr. Kramer's motion for a protective order.

Dated:  February 21, 2018

---

[1] Defendants also share Mr. Kramer's concern that Plaintiffs have already violated at least the spirit of the Protective Order in other ways, and quite arguably its letter.  *See* Dkt. 130 at 8-9.  After this Court issued its ruling on the confidential sources issue, a BuzzFeed spokesperson simply told reporters that "We're pleased the judge has reaffirmed the right of news organizations to safeguard the identities of sources — a right that is protected under both state and federal law."  BuzzFeed *was* pleased with the legal principles the Court set forth in its ruling regarding the reporter's privilege, and the statement deliberately did not speak to any of the specific facts of this case.  BuzzFeed's statement hardly compelled Plaintiffs to say anything about those facts  – and certainly not that (1) they learned who the source was from the source himself, and (2) learned that information shortly before the judge's ruling.  Given that Mr. Kramer's deposition was taken a week before that statement, and was the only deposition taken in the case at the time, Plaintiffs' statements were obviously a roadmap for anyone watching this case closely (as multiple journalists are) to draw inferences about the identity of the source.

Respectfully submitted,

DAVIS WRIGHT TREMAINE
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230

By: /s/ Katherine M. Bolger
    Katherine M. Bolger, Esq.
    Nathan Siegel, Esq.
    Adam Lazier, Esq.
    Alison Schary, Esq.
    katebolger@dwt.com
    adamlazier@dwt.com
    nathansiegel@dwt.com
    alisonschary@dwt.com

- and –

BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
201 S. Biscayne Boulevard, Suite 1300
Miami, Florida 33131

By: /s/ Jared Lopez
    Roy Black, Esq.
    Florida Bar No. 126088
    Jared Lopez, Esq.
    Florida Bar No. 103616
    rblack@royblack.com
    jlopez@royblack.com
    civilpleadings@royblack.com
    *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically e-mail on all counsel, all parties of record on the service list below this 21st day of February, 2018.

    /s/ Jared Lopez
    Jared Lopez

**SERVICE LIST**

Brady James Cobb
Tripp Scott
110 SE 6th Street
15th Floor PO Box 14245
Fort Lauderdale, FL 33302-4245
954-527-4111
Fax: 9549005507
Email: bcobb@cobbeddy.com

Evan Fray-Witzer Ciampa,
Fray-Witzer, LLP
20 Park Plaza
Suite 505
Boston, MA 02116
617-426-0000
Email: Evan@cfwlegal.com

Valentin Gurvits
Matthew Shayefar
Boston Law Group,
PC 825 Beacon Street
Suite 20
Newton Centre, MA 02459
617-928-1804
Email: vgurvits@bostonlawgroup.com
Email: matt@shayefar.com

Dylan Michael
Fulop Cobb Eddy,PLLC
642 Northeast 3rd Ave
Fort Lauderdale, FL 33304
954-527-4111
Email: dfulop@cobbeddy.com

Marcos Daniel Jiménez
Marcos Daniel Jiménez
255 Alhambra Circle
Suite 800
Coral Gables, Florida 33134
mdj@mdjlegal.com