# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

|  |  |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDING S.A., and<br>WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>    Defendants. | **Case No.**<br><br>**0:17-cv-60426-UU** |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs Aleksej Gubarev, XBT Holding S.A. and Webzilla, Inc. ("Plaintiffs"), by and through their undersigned counsel, hereby respond to Defendants' First Request for Production of Documents and Things (the "Requests"). Plaintiffs' failure to object to a particular Request or willingness to respond to a Request is not, and shall not be construed as, an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Request is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

## Objections and Responses to Requests

**Request No. 1.**        All documents relating to the Article.

**Objection:**    Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the

1

extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Furthermore, Plaintiffs do not undertake to perform a search for public sources of documents responsive to this Request, and only produce those documents in their possession, custody and control.

**Response:** Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 2.** All documents relating to the Dossier.

**Objection:** Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Furthermore, Plaintiffs do not undertake to perform a search for public sources of documents responsive to this Request, and only produce those documents in their possession, custody and control.

**Response:** Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 3.** All documents produced by you or a Related Entity in connection with any of the Trump Investigations.

**Objection:** Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the

extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 4.**        All documents received by, or served upon, you or a Related Entity in connection with any of the Trump Investigations.

**Objection:**     Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 5.**        To the extent not produced in response to the Foregoing Requests, all documents related to any Trump Investigation.

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Furthermore, Plaintiffs do not undertake to perform a search for public sources of documents responsive to this Request, and only produce those documents in their possession, custody and control.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 6.**     Any and all communications between you or a Related Entity, on the one hand, and BuzzFeed and/or Smith, on the other hand.

**Response:**     Plaintiffs will produce copies of documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 7.**     Any and all communications between you or a Related Entity, on the one hand, and BuzzFeed and/or Smith, on the other hand.

**Response:**     This Request is identical to Request No. 6.

**Request No. 8.**     Any and all communications between you or a Related Entity, on the one hand, and any other person, on the other hand, concerning the Article (including the allegations contained therein), the Dossier (including the allegations contained therein), the Democractic [sic] Hack, BuzzFeed, and/or Smith.

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

4

**Request No. 9.**        Any and all communications between you or a Related Entity, on the one hand, and any of the following persons, on the other hand, between January 1, 2012 and the present:

      a.      Christopher Steele;

      b.      Orbis Business Intelligence Limited, or anyone known or suspected of being associated with it;

      c.      The Trump Campaign, or anyone you know or suspect of being associated with it;

      d.      The Trump Organization, or anyone known or suspected of being associated with it;

      e.      The FSB, or anyone known or suspected or being associated with it;

      f.      Michael Cohen;

      g.      Paul Manafort;

      h.      Oleg Solodukhin;

      i.      Segei Ivanov;

      j.      Rossotrunichestvo;

      k.      Wikileaks or any agent, employee, representative, or other person acting on Wikileak's behalf

      l.      Carter Page; and/or

      m.      Sevastyan Kaptsugovich (also known as Seva Kapsugovich).

**Objection:**        Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**        Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 10.**        All documents relating to any connection between Gubarev and the

State of Florida.

      **Objection:**    Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Without limiting the foregoing, Gubarev's connection with the State of Florida is of no relevance to any of the outstanding issues pending in this litigation – the issue of personal jurisdiction has already been conclusively decided by the Court.  Furthermore, the request of "*all* documents relating to *any* connection" is clearly overly broad and unduly burdensome.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

      **Response:**    Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

      **Request No. 11.**    All documents relating to any connection between XBT and the State of Florida, including but not limited to the allegation in paragraph 7 of the Complaint that XBT "has offices in Florida."

      **Objection:**    Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Without limiting the foregoing, XBT's connection with the State of Florida is of no relevance to any of the outstanding issues pending in this litigation – the issue of personal jurisdiction has already been conclusively decided by the Court.  Furthermore, the request of "*all* documents relating to *any* connection" is clearly overly broad and unduly burdensome.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing

confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:** Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 12.** All documents relating to any connection between Webzilla and the State of Florida, including but not limited to the allegation in paragraph 8 of the Complaint that Webzilla has "offices in Fort Lauderdale."

**Objection:** Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Without limiting the foregoing, Webzilla's connection with the State of Florida is of no relevance to any of the outstanding issues pending in this litigation – the issue of personal jurisdiction has already been conclusively decided by the Court. Furthermore, the request of "*all* documents relating to *any* connection" is clearly overly broad and unduly burdensome. Furthermore, given that Webzilla is incorporated in the State of Florida, *every document* relating to Webzilla also relates to Webzilla's connection to the State of Florida. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:** Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 13.** All documents related to the allegation in paragraph 14 of the Complaint that "the tort occurred in Broward County, and the harm to the Plaintiffs was felt in

Broward County in that Plaintiff regularly conducts business there."

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Without limiting the foregoing, the requested documents are of no relevance to any of the outstanding issues pending in this litigation – the issue of personal jurisdiction has already been conclusively decided by the Court.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 14.**     All documents relating to the truth or falsity of the statement quoted in paragraph 26 of the Complaint.

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, given that the statement quoted in paragraph 26 of the Complaint is false, *all* documents relate to the falsity of the statement.  In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this

8

Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

   **Response:** Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

   **Request No. 15.**  All documents relating to the allegation in paragraph 27(a) of the Complaint that "[n]either XBT nor Webzilla nor any of their affiliates had been '*using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations"'* against the Democratic Party leadership or anyone else".

   **Objection:** Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, given that paragraph 27(a) of the Complaint denies an allegation published by Defendants, *all* documents relate to paragraph 27(a) of the Complaint.  In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

   **Response:** Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation,

Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 16.**      All documents relating to the allegation in paragraph 27(b) of the Complaint that "[n]o '*entities linked*' to Mr. Gubarev were involved in any alleged cyber-attacks".

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, given that paragraph 27(b) of the Complaint denies an allegation published by Defendants, *all* documents relate to paragraph 27(b) of the Complaint. In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 17.**      All documents relating to the allegation in paragraph 27(c) of the Complaint that "Mr. Gubarev was not '*recruited under duress by the FSB*' (to be clear, he was not recruited at all – whether under duress or otherwise), nor was he recruited for such activities by anyone else at any other time or in any other circumstances whatsoever. Additionally, he has

no knowledge of, has never met and has never spoken to a person known as Seva Kapsugovich".

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, given that paragraph 27(c) of the Complaint denies an allegation published by Defendants, *all* documents relate to paragraph 27(c) of the Complaint.  In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 18.**     All documents relating to the allegation in paragraph 27(d) of the Complaint that "Mr. Gubarev and his companies have never acted with 'another hacking expert' to mount a cyber- attack on the Democratic Party Leadership or on any other person".

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, given that paragraph 27(d) of the Complaint denies an allegation published by Defendants, *all* documents relate to paragraph 27(d) of the Complaint. In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise.  As such, this Request is overly broad

11

and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request on the basis that it is harassing and abusive. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it calls for a conclusion of law. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 19.**     All documents relating to the allegation in paragraph 27(e) of the Complaint that "[n]ot having been involved in the activities attributed to them in the 'dossier,' neither Mr. Gubarev nor any of his companies would have had any need to 'go effectively to ground to cover their traces' in the event that Ms. Clinton won the presidency".

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome. Specifically, given that paragraph 27(e) of the Complaint denies an allegation published by Defendants, *all* documents relate to paragraph 27(e) of the Complaint. In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise. As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request on the basis that it is harassing and abusive. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.

Plaintiffs object to this Request to the extent that it calls for a conclusion of law. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:** Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 20.** All documents relating to your involvement, or that of a Related Entity, in the Democratic Hack.

**Objection:** Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.

**Response:** No such documents exist.

**Request No. 21.** All documents relating to your involvement, or that of a Related Entity, in:

- a. Hacking;
- b. Hosting or distributing "spam" emails;
- c. Hosting online pornography;
- d. Using botnets;
- e. Transmitting computer viruses;
- f. Planting bugs;
- g. Conducting computer surveillance;
- h. Stealing data;
- i. Conducting "altering operations";
- j. Cyber-espionage; and/or
- k. Other criminal activity.

**Objection:** Plaintiffs object to this Request to the extent that it assumes that providing hosting services to third parties that may or may not engage in any of the listed activities

constitutes "involvement" in those activities. Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation. For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier. Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Plaintiffs object to this Request on the basis that it is harassing and abusive. Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request on the basis that it is harassing and abusive. Subject to, and without waiving, these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 22.**     All documents relating to any allegations of your involvement, or that of a Related Entity, in any of the activities listed in Request No. 21.

**Objection:**   Plaintiffs object to this Request to the extent that it assumes that providing hosting services to third parties that may or may not engage in any of the listed activities constitutes "involvement" in those activities. Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation. For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of

14

their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier. Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Plaintiffs object to this Request on the basis that it is harassing and abusive. Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Subject to, and without waiving, these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 23.**        All documents related to any advertising activities conducted by XBT and/or Webzilla for its hosting services, in all language and markets, for the period 2015-2016.

**Objection:**        Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**        Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 24.**        Documents sufficient to identify all websites hosted XBT

and/or Webzilla during the period March 2016-September 2016.

   **Objection:**    Plaintiffs object to this Request on the basis that it is unintelligible. Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  The websites hosted [by] XBT and/or Webzilla at any time (particularly a list of all websites) are completely irrelevant to every conceivable issue in this litigation.  The actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation.  For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier.  Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control.   Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Subject to, and without waiving these objections, Plaintiffs will not produce documents in response to this Request.


   **Request No. 25.**        Documents sufficient to identify the number of websites hosted by XBT and/or Webzilla identified as sending spam, malware, phishing or other unwanted or hostile actions.

   **Objection:**    Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation.  For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier.  Additionally, Plaintiffs object to this Request to the extent

16

that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control.   Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Subject to, and without waiving these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 26.**        Documents sufficient to identify the number of websites hosted by XBT and/or Webzilla in the pornography industry.

**Objection:**        Plaintiffs object to this Request to the extent that it is unintelligible and/or ambiguous.  Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation.  For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier.  Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.

**Response:**        Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this

litigation, Plaintiffs will produce a document showing the relative breakdown of the industries of XBT's customers.

**Request No. 27.**      All documents related to XBT's and Webzilla's "Acceptable Use," "Security Requirements" or "Unallowed Behavior" policies for its hosted websites, including, but not limited to, policies prohibiting the sending of spam and/or phishing e-mails.

**Objection:**      Plaintiffs object to this Request to the extent that it is unintelligible and/or ambiguous.  Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation.  For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier.  Nor is it relevant what XBT or Webzilla tells its customers or clients.  Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control.   Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 28.**      All documents related to complaints to XBT and/or Webzilla

from clients or other third-parties that received spam, phishing or other unwanted contact from websites hosted by XBT and/or Webzilla during the period January 2016-December 2016, including, but not limited to, the ticket or assignment number for such complaints and the actions taken by XBT and/or Webzilla to address each reported complaint.

> **Objection:**   Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation.  For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier.  Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Subject to, and without waiving, these objections, Plaintiffs will not produce documents in response to this Request.

> **Request No. 29.**   Documents sufficient to identify all anti-malware, anti-spam and other security tools utilized by XBT and/or Webzilla to monitor its hosted content.

> **Objection:**   Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation.  For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission

that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier.  Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control.   Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request in its entirety on the basis that it calls for the production of irrelevant information that constitute trade secrets and security measures of XBT and Webzilla.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Subject to, and without waiving these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 30.** All IP addresses associated with any of the Plaintiffs since 2012.

**Objection:** Plaintiffs object to this Request in its entirety on the basis that it is unintelligible.  IP addresses are not documents and Plaintiffs cannot produce IP addresses. Subject to, and without waiving, these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 31.** For each of the tools utilized in Request No. 29, all documents related to the logs for each identified tool, the list of security violations by owners of the hosted content and all actions taken by XBT and/or Webzilla for each of the detected security violates identified in the logs.

**Objection:** Plaintiffs object to this Request on the basis that it is unintelligible and ambiguous.  Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are

irrelevant to the present litigation.  For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier.  Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no knowledge or control.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request in its entirety on the basis that it calls for the production of irrelevant information that constitute trade secrets and security measures of XBT and Webzilla.  Subject to, and without waiving these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 32.**     All documents related to the DNS logs for all websites hosted by XBT and/or Webzilla during the period March 2016-September 2016, including, but not limited to, all DNS records related to the DNC and from any website hosted by XBT and/or Webzilla.

**Objection:**     Plaintiffs object to this Request on the basis that it is unintelligible and ambiguous.  Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks documents that are neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, the actions or omissions of any of Plaintiffs' customers or clients are not attributable to Plaintiffs' and, as such, are irrelevant to the present litigation.  For the sake of clarity, this objection is not an admission that Plaintiffs have any knowledge of the actions of their customers or clients, nor is it an admission that Plaintiffs know or have reason to know that their customers or clients engaged in any of the activities referenced in the Dossier.  Additionally, Plaintiffs object to this Request to the extent that it could be read to seek documentation relating to activities of which Plaintiffs have no

knowledge or control.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Subject to, and without waiving these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 33.**     All documents related to the allegation in paragraph 24 of the Complaint that the Dossier "was created as part of opposition research conducted as part of the 2016 election campaign; it is not an official document and was not created by any government entity."

    **Objection:**     Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, because the Dossier was in fact not an official document and not created by any government entity, *all* documents support the allegation.  In other words, Plaintiffs object on the basis that this Request requests documents evidencing the absence of a fact – namely it asks for evidence that proves a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Furthermore, Plaintiffs do not undertake to perform a search for public sources of documents responsive to this Request (including media accounts and reports), and only produce those documents in their possession, custody and control.

    **Response:**     Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 34.**     All documents related to the allegation in paragraph 39 of the Complaint that Defendants published the Article and the Dossier "without privilege to do so."

**Objection:**    Plaintiffs object to this Request on the basis that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, given that paragraph 39 of the Complaint denies the existence of something (namely, the privilege to publish), *all* documents relate to paragraph 39 of the Complaint.  In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence.

**Response:**    Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 35.**     All documents relating to the allegation in paragraph 51 of the Complaint that Defendants "had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to the Plaintiffs would result."

**Objection:**    Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.

**Response:**    Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 36.**     To the extent not produced in response to the foregoing requests, all documents relating to the allegation in paragraph 43 of the Complaint that "[t]he defamatory statements were made negligently; without reasonable care as to their truth or falsity; with knowledge of their falsity; and/or with reckless disregard for the truth."

**Objection:**     Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.

**Response:**     Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 37.**     All documents relating to your allegation that the word "Webzilla" in the Dossier is of and concerning Webzilla.

**Objection:**     Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 38.**     All documents which you contend show that any person (other than any of the Plaintiffs) understood the word "Webzilla" in the Dossier to refer to Webzilla.

**Objection:**     Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation,

Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 39.**      All documents relating to Gubarev and XBT's allegation in the London Action that the word "Webzilla" in the Dossier is of and concerning the Foreign Webzillas.

**Objection:**      Plaintiffs object to this Request to the extent that it requests documents that are public records and Plaintiffs will not produce documents to which Defendants have equal access.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, served on the opposing party or filed in the London Action (subject to any confidentiality obligations that may exist in the London Action).

**Request No. 40.**      All documents relating to the relationship between Webzilla and the Foreign Webzillas.

**Objection:**  Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, "all documents" are wholly unnecessary and Plaintiffs will only produce documents sufficient to show the relationship between Webzilla and the Foreign Webzillas.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate

protective order governing the use of confidential material in this litigation is entered by the Court.

   **Response:**  Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

   **Request No. 41.**  All documents relating to the allegation in paragraph 5 of the Complaint that Gubarev "is not, in any way, shape or form, a public figure."

   **Objection:**  Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, given that Gubarev is in fact *not* a public figure, *all* documents relate to paragraph 5 of the Complaint.  In other words, Plaintiffs object on the basis that this Request requests documents that evidence the absence of a fact – namely it asks for evidence that proves a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

   **Response:**  Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

   **Request No. 42.**  All documents relating to the allegation in paragraph 18 of the Complaint that "[o]utside of technology circles, [Gubarev] is not known at all."

   **Objection:**  Plaintiffs object to this Request on the basis that it is overly broad and

unduly burdensome.  Specifically, given that Gubarev is in fact *not* generally known outside of technology circles, *all* documents relate to paragraph 18 of the Complaint.  In other words, Plaintiffs object on the basis that this Request requests documents that evidence the absence of a fact – namely it asks for evidence that proves a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.


**Request No. 43.**      A copy of Gubarev's resumé, curriculum vitae, or any other document(s) sufficient to show his education and work experience.

**Response:**      Plaintiffs will produce relevant documents in their possession, custody or control responsive to this Request.


**Request No. 44.**      All documents relating to any occasion to which you or a Related Entity appeared, spoken, or been mentioned on television, radio, or in a podcast since January 1, 2000.

**Objection:**      Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiffs limit their response to occasions arising between January 1, 2014 and the date of Buzzfeed's publication of the Dossier.  Plaintiffs object to this Request to the extent that responsive documents are equally

available to Defendants as they are to Plaintiffs.  Plaintiffs object to this Request to the extent that it calls for information not known by Plaintiffs or in the possession, custody or control of Plaintiffs.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.

**Response:**      Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 45.**      All documents relating to any occasion on which you or a Related Entity has been mentioned, quoted, or otherwise appeared in a newspaper, magazine, book, website, or other print or electronic publication since January 1, 2000. You may exclude any website maintained by you or a Related Entity from the request.

**Objection:**      Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiffs limit their response to occasions arising between January 1, 2014 and the date of Buzzfeed's publication of the Dossier.  Plaintiffs object to this Request to the extent that responsive documents are equally available to Defendants as they are to Plaintiffs.  Plaintiffs object to this Request to the extent that it calls for information not known by Plaintiffs or in the possession, custody or control of Plaintiffs.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Furthermore, Plaintiffs do not undertake to perform a search for public sources of documents responsive to this Request, and only produce those documents in their possession, custody and control.

**Response:**      Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 46.**      All documents relating to any news articles, blog posts, letters to the editor, editorial opinion or commentary that Gubarev has written or that has been published

in his name since January 1, 2000.

**Objection:**     Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiffs limit their response to articles, blog posts, letters to the editor, editorial opinion or commentary arising between January 1, 2014 and the date of Buzzfeed's publication of the Dossier.  Plaintiffs object to this Request to the extent that responsive documents are equally available to Defendants as they are to Plaintiffs.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Furthermore, Plaintiffs do not undertake to perform a search for public sources of documents responsive to this Request, and only produce those documents in their possession, custody and control.

**Response:**     Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 47.**     All documents relating to communications between you or a Related Entity and any reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer, since January 1, 2000.

**Objection:**     Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiffs limit their response to documents relating to communications dated after January 1, 2014.  Furthermore, Plaintiffs object to the production of any communications between Plaintiffs' counsel and any reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer where the subject of the communication is the instant litigation on the basis that it is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.

**Response:**     Subject to, and without waiving, the foregoing objections, Plaintiffs will

produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

    **Request No. 48.**    All documents relating to any advertising or soliciting conducted by you since January 1, 2012.

    **Objection:**    Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiffs limit their response to documents relating to advertising or soliciting dated after January 1, 2014.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

    **Response:**    Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

    **Request No. 49.**    All documents relating to regulation or oversight of you by any federal, state, local, or international governmental entity since January 1, 2000.

    **Objection:**    Plaintiffs object to this Request an unintelligible and ambiguous. Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiffs object because it would call for the production of virtually every law or regulation of every country where any of the Plaintiffs are subject to their jurisdiction.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Subject to, and without waiving these objections,

Plaintiffs will not produce documents in response to this Request.

**Request No. 50.**     All prospectuses or similar documents issued in connection with the sale of the shares in Webzilla, XBT, or a Related Entity.

**Objection:**     Plaintiffs object to this Request on the basis that it is ambiguous. Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 51.**     To the extent not produced in response to the foregoing requests, all documents relating to any awards or citations you or a Related Entity has received from civic, charitable, or professional organizations, whether given in recognition of achievement, contribution, honor, or for any other reason.

**Objection:**     Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.

**Response:**     Subject to, and without waiving, the foregoing objections, Plaintiffs will produce copies of relevant and non-privileged documents, if any, in their possession custody or control, responsive to this Request.

**Request No. 52.**     To the extent not produced in response to the foregoing requests, all documents and things relating to any speeches, public statements, interview or other public appearance you or a Related Entity has made, including but not limited to copies of your speeches or notes, programs or agenda, articles from newspapers or other media reporting on

31

the event, and photographs of the event.

**Objection:**     Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiffs limit their response to documents relating to appearances dated after January 1, 2014.  Furthermore, Plaintiffs object to the production of any documents and things related to speeches, public statements, interviews or other public appearances made by Plaintiffs' counsel where the subject was the instant litigation on the basis that it is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 53.**     Documents containing any communications between you or a Related Entity and any press agent, publicist, public relations person, or advertising person since January 1, 2007.

**Objection:**     Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiffs limit their response to communications dated after January 1, 2014.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is

entered by the Court.

      **Response:**    Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

      **Request No. 54.**    All documents relating to the allegation in paragraph 22 of the Complaint that "prior to the Defendants' publication of defamatory materials, Mr. Gubarev's own professional reputation has been untarnished and key to his ability to build XBT and Webzilla into successful international hosting companies."

      **Objection:**    Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome.  Specifically, given that Mr. Gubarev's professional reputation was in fact untarnished, *all* documents relating to Mr. Gubarev relate to his untarnished reputation.  In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise.  As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

      **Response:**    Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

      **Request No. 55.**    All documents relating to the allegation in paragraph 5 of the

Complaint that XBT and Webzilla had "unblemished" reputations prior to the publications at issue in this case.

**Objection:** Plaintiffs object to this Request on the basis that it is overly broad and unduly burdensome. Specifically, given that XBT and Webzilla had in fact unblemished reputations, *all* documents relating to XBT and Webzilla relate to their unblemished reputations. In other words, Plaintiffs object on the basis that this Request requests documents evidencing the *absence* of a fact – namely proof of a negative premise. As such, this Request is overly broad and unduly burdensome, if not impossible to respond to, and requests documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request on the basis that it is harassing and abusive. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it calls for a conclusion of law. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:** Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 56.** All documents relating to the allegation in paragraph 21 of the Complaint that the reputations of XBT and Webzilla "for providing secure services has been carefully cultivated and paramount to the success of their business."

**Objection:** Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Request on the basis that it is argumentative and premised upon assumed facts. Plaintiffs object to this Request on the basis that it is harassing and abusive. Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the

attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**  Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 57.**  All documents relating to the allegation in paragraph 47 of the Complaint that "[a]t least one lender has declined to do business with XBT and/or Webzilla based on the defamatory statements published by the Defendants and, on information and belief, the defamatory statements have also cost Webzilla and XBT clients."

**Objection:**  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**  Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 58.**  All tax returns filed by or on your behalf for the years 2013 to present.

**Objection:**  Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Specifically, and without limitation, Plaintiffs will limit their response to tax returns filed for the years 2014 through the most recently available. Furthermore, Plaintiffs

object to the production of any tax returns filed by or on behalf of Gubarev as they are wholly irrelevant to any of the issues present in this litigation.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents. Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 59.**        All documents relating to Gubarev's earned income, including wages and investments, for the years 2013 to present.

**Objection:**     Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Gubarev's income is, as a whole, completely irrelevant to any of the issues in this litigation.  Furthermore, Plaintiffs object to the production of any documents beyond those sufficient to show Gubarev's earned income.  Furthermore, the time period in the Request is overbroad.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request on the basis that it is harassing and abusive.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Subject to, and without waiving, these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 60.**        All documents relating to annual or periodic financial reports for Webzilla or XBT, including but not limited to audited and/or unaudited financial statements for

the years 2013 to present.

**Objection:**    Plaintiffs object to this Request to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, Plaintiffs will limit their response to responsive documents for the years 2014 through the most recently available.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**    Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 61.**    All documents, including but not limited to any and all financial records, indicating in any way that you lost money, revenue, business, financing, or customers as a result of publication of the Defendants' publication of the Article and Dossier.

**Objection:**    Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**    Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 62.**      All documents relating to any expense you incurred as a result of Defendants' publication of the Article and Dossier.

**Objection:**      Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 63.**      All documents relating to any loss of Webzilla and/or XBT clients after publication of the Article and Dossier.

**Objection:**      Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 64.**      All documents showing Webzilla's monthly sales from January 1, 2013 to present.

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad, unduly

burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 65.**      All documents showing XBT's monthly sales from January 1, 2013 to present.

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 66.**      All documents relating to outside investments in Webzilla from January 1, 2013 to present.

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of

admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 67.**     All documents relating to outside investments in XBT from January 1, 2013 to present.

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 68.**     All documents relating to attempts by Gubarev to borrow money or obtain outside financing from January 1, 2013 to present.

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents

protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**    Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 69.**    All documents relating to attempts by Webzilla to borrow money or obtain outside financing from January 1, 2013 to present.

**Objection:**    Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**    Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 70.**    All documents relating to attempts by XBT to borrow money or obtain outside financing from January 1, 2013 to present.

**Objection:**    Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any

other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.


**Request No. 71.**      All documents relating to any remedial measures undertaken by you or a Related Entity after Defendants published the Article and Dossier.

**Objection:**      Plaintiffs object to this Request to the extent that it calls for a conclusion of law.  Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.


**Request No. 72.**      All documents relating to your allegation in paragraph 5 of the Complaint that Gubarev's "wife has found herself a target of online harassment and the family's personal security has been compromised" as a result of Defendants' publication of the Article and Dossier.

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of

admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

> **Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

> **Request No. 73.**     All documents not already produced relating to any damages you allege to have suffered as a result of Defendants' publication of the Article and Dossier.

> **Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

> **Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

> **Request No. 74.**     Documents sufficient to identify every director and officer of Webzilla.

> **Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents

containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 75.**     Documents sufficient to identify every director and officer of XBT.

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**     Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 76.**     Documents sufficient to show all legal actions or suits to which you or a Related Entity has been a party, whether criminal or civil nature, including the caption of each suit or action, the court in which such suit or action was brought, the identity of all parties to each such suit or action, the general nature of each such suit or action, including both claims or charge and counterclaims, if any, and the outcome of each such suit or action.

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Response:**     Plaintiffs have not been plaintiffs or defendants in any defamation actions other than the instant litigation and the London Action.  Plaintiffs have not been involved in any

44

legal actions or suits where it was alleged that they committed any of the acts alleged in the Dossier. Plaintiffs have not been defendants in any criminal lawsuits. As such, and subject to and without waiving the above objections, Plaintiffs will not produce any documents in response to this Request.

**Request No. 77.**      To the extent not produced in response to the foregoing requests, documents sufficient to show all legal actions or suits to which you or a Related Entity has given evidence under oath, whether criminal or civil nature, including the caption of each suit or action, the court in which such suit or action was brought, the identity of all parties to each such suit or action, the general nature of each such suit or action, including both claims or charge and counterclaims, if any, the nature of your evidence, and the outcome of each such suit or action.

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Response:**      Plaintiffs have not been plaintiffs or defendants in any defamation actions other than the instant litigation and the London Action. Plaintiffs have not been involved in any legal actions or suits where it was alleged that they committed any of the acts alleged in the Dossier. Plaintiffs have not been defendants in any criminal lawsuits. As such, and subject to and without waiving the above objections, Plaintiffs will not produce any documents in response to this Request.

**Request No. 78.**      All transcripts of deposition or trial testimony or any other testimony provided by you or a Related Entity under oath in any fact-finding proceeding, investigation, or legal proceeding, including grand jury proceedings, and all affidavits, declarations and other form of statement under oath given by you or a Related Entity in any fact-finding proceeding, investigation, or legal proceeding.

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**Response:**      Plaintiffs have not been plaintiffs or defendants in any defamation actions

other than the instant litigation and the London Action.  Plaintiffs have not been involved in any legal actions or suits where it was alleged that they committed any of the acts alleged in the Dossier.  Plaintiffs have not been defendants in any criminal lawsuits.  As such, and subject to and without waiving the above objections, Plaintiffs will not produce any documents in response to this Request.

**Request No. 79.**       All documents not produced in response to the foregoing requests relating to the London Action.

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, constituting sworn statements by Plaintiffs in the London Action.

**Request No. 80.**       Copies of all articles referred to in the Complaint, or containing statements by Defendants referred to in the Complaint.

**Response:**      Plaintiffs will produce copies of documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 81.**       All documents relating to any investigation of the conduct of you or a Related Entity, by any law enforcement agency, regardless of the outcome of such investigation, from 2000 to the present.

**Objection:**      Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, Plaintiffs object to this Request to the extent that it requests any documents relating to any investigation of Plaintiffs or a Related

Entity for anything other than the allegations against Plaintiffs in the Dossier.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request on the basis that it is harassing and abusive.

**Response:**     Subject to, and without waiving, the foregoing objections, no responsive documents are in Plaintiffs' possession, custody or control.

**Request No. 82.**        All documents relating to any criminal charges brought anywhere against you or a Related Entity, including but not limited to records of search warrants, arrest warrants, criminal indictments, court papers of file, evidence, transcripts of testimony, criminal conviction, and/or probation-related documents from 2000 to the present.

**Objection:**     Plaintiffs object to this Request on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limitation, Plaintiffs object to this Request to the extent that it requests any documents relating to any criminal charges against Plaintiffs or a Related Entity for anything other than the allegations against Plaintiffs in the Dossier.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request on the basis that it is harassing and abusive.

**Response:**     Subject to, and without waiving, the foregoing objections, no responsive documents are in Plaintiffs' possession, custody or control.

**Request No. 83.**        All documents relating to any judgments or liens filed against you.

 **Objection:**        Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Any judgments or liens filed against Plaintiffs have no relevance to any of the issues in this litigation.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.  Plaintiffs object to this Request on the basis that it is argumentative and premised upon assumed facts.  Plaintiffs object to this Request on the basis that it is harassing and abusive. Subject to, and without waiving, these objections, Plaintiffs will not produce documents in response to this Request.

**Request No. 84.**        Documents sufficient to identify all Related Entities.

 **Objection:**        Plaintiffs object to this Request in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

 **Response:**        Subject to, and without waiving, these objections, Plaintiffs will not produce documents in response to this Request except to the extent produced pursuant to any other Request.

**Request No. 85.**        All documents relating to any statements of any witnesses regarding the subject- matter of this action.

**Objection:**      Plaintiffs object to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the work-produce doctrine or any other privilege and will not produce any such documents.  Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 86.**      All documents you receive in response to any subpoena you serve in this action.

**Objection:**      Plaintiffs object to this Request to the extent that it seeks documents containing confidential information and will not produce documents containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**Response:**      Subject to, and without waiving, the foregoing objections, upon the entry of an appropriate protective order governing the use of confidential materials in this litigation, Plaintiffs will produce copies of relevant and non-privileged documents, if any in their possession, custody or control, responsive to this Request.

**Request No. 87.**      All documents you intend to rely on in a trial of this matter.

**Objection:**      Plaintiffs object to this Request on the basis that it is premature at the stage of the litigation and Plaintiffs have not yet decided upon which documents they intend to rely on in a trial of this matter.  Plaintiffs will provide responsive documents, to the extent not already produced hereunder, within the timeframe required by the Court's scheduling order.

**Respectfully Submitted:**


/s/ Matthew Shayefar
Matthew Shayefar (Fla. Bar No. 0126465)
Valentin D. Gurvits (Mass. Bar No. 643572 – *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com


/s/ Evan Fray-Witzer
Evan Fray-Witzer (Mass. Bar No. 564349 – *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com


/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the email on all counsel or parties of record on the service list below on this 19th day of July, 2017.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Nathan Siegel
Levine Sullivan Koch & Schulz, LLP
321 West 44 Street, Suite 1000
New York, New York 10036
kbolger@lskslaw.com
alazier@lskslaw.com
nsiegel@lskslaw.com

Lawrence Allan Kellogg
Jezabel Pereira Lima
Levine Kellogg Lehman Schneider & Grossman LLP
Miami Center
201 So. Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
lak@lklsg.com
jl@lklsg.com