**FILED UNDER SEAL PURSUANT TO COURT ORDER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

|   |   |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDING S.A., and<br>WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>    Defendants. | Case No.<br><br>0:17-cv-60426-UU |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE
TO NON-PARTY DAVID KRAMER'S MOTION FOR A PROTECTIVE ORDER**

*"In a democracy, the justification for shielding the public
from something like that must be overwhelming."*

- Ben Smith, "Why BuzzFeed News
Published the Dossier," *The New York Times*
Jan. 23, 2017

Almost one-month to the day after David Kramer filed his motion for a protective order – and weeks after participating in the hearing on the motion before this Court – Defendants have belatedly decided that they have an opinion about Mr. Kramer's motion after all.[1] Ironically, Defendants – who have repeatedly justified their decision to publish a Dossier of unverified information with the rallying cry of "transparency!" – have now decided that, when the testimony at issue paints *them* in a bad light that perhaps sunshine is not the best disinfectant after all.[2]

---

[1] Although, Defendants continue to try to hedge their bets in case disclosure is ultimately helpful to *them*, noting at the end of their reply that they reserve the right to change their minds once again.
[2] A Google search of "Ben Smith," "Buzzfeed," "Dossier" and "Transparency" returns over 3,000 results.

1

In support of their reply, Defendants make two arguments, neither of which makes much sense, much less add to the briefing already before the Court.

Defendants first make a classic false equivalency argument, arguing that, since the deposition transcripts of Ben Smith, Ken Bensinger, and Jessica Garrison have been designated (by Defendants) as confidential, it would be "unfair" for Mr. Kramer's transcript to be de-designated. Preliminarily, if the Defendants are so concerned about "fairness," there is an easy solution completely within their own control: they can simply de-designate the transcripts of Smith, Bensinger, and Garrison. Fairness accomplished.

More to the point, however, this equivalency argument is specious. The Court does not issue protective orders on the basis of "well that witness got one, I want one too." Mr. Kramer's testimony is actually relevant and necessary for Plaintiffs' attempts to compel testimony from Fusion GPS and Christopher Steele, whereas the testimony from the other deponents is not. Again, Defendants are more than welcome to de-designate the testimony of their own witnesses if the disparity so offends their sense of fairness.

Defendants' second argument rings just as hollow. Defendants note that they were able to oppose Plaintiffs' Motion for Partial Judgment on the Pleadings without having to cite to Mr. Kramer's testimony. Of course they were. First, Mr. Kramer's testimony – including the fact that he was not working for the government when he went to London to obtain the Dossier, or at any point during his handling of the Dossier – does not benefit Defendants' arguments. It is not surprising that Defendants did not find the need to cite to testimony contrary to their arguments. Additionally, once Plaintiffs filed Mr. Kramer's testimony as a sealed exhibit to its Motion, any information that Defendants might have wanted from the transcript was already in front of Judge Ungaro. Indeed, this is why Plaintiffs did not need to again cite to the testimony in their Reply –

the facts that needed to be in front of the Court were already in front of the Court. This second argument bears the same hallmark as the first – Defendants are saying, "well, *we* didn't need to refer to Kramer's transcript, so Plaintiffs shouldn't have either." This is simply not how Rule 26 works. The general presumption is that court filings are matters of public record, not that "court filings are a matter of public record if both parties feel the need to cite to the same testimony because otherwise it's just not fair."

Finally, it takes a certain level of chutzpah for Defendants to claim that they feel that Plaintiffs violated the spirit of the protective order as a result of a series of events that they themselves engineered. Following Mr. Kramer's deposition, the Parties reached an agreement that the Plaintiffs would withdraw their motion to compel Buzzfeed to reveal its source. And, indeed, just hours before this Court issued its ruling on that motion, the Parties had agreed to jointly contact the Court to withdraw the motion as moot. But, before the Parties could reach the Court, however, the Court issued its ruling in which it (presciently) held, in essence, that Plaintiffs needed to first use alternative means to identify the source.

**Defendants then began contacting media outlets to herald their "victory."** One reporter who received Buzzfeed's release, Chuck Ross, contacted Plaintiffs for comment. Mr. Gurvits responded (without disclosing Mr. Kramer's identity) that he did not know why Buzzfeed was celebrating the ruling given that the parties had been in the process of withdrawing the motion since Plaintiffs had been able to identify Buzzfeed's source through alternate means. Had Defendants not issued their press release, there would have been nothing for Plaintiffs to respond to. Defendants are certainly free to issue whatever press releases they like (no matter how misleading), but they are not free to complain when Plaintiffs simply correct the record.

3

## Conclusion

For the reasons outlined hereinabove and in Plaintiffs' Opposition, Mr. Kramer's Motion for a Protective Order should be denied.

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (Mass. Bar No. 564349 – *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505, Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (Mass. Bar No. 643572 – *pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20, Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*

Dated: February 22, 2018

<span style="color:red">**FILED UNDER SEAL PURSUANT TO COURT ORDER**</span>

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing will be served electronically via email on all counsel or parties of record on the service list below this 22nd day of February, 2018.

                                          /s/ Matthew Shayefar
                                          Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

Marcos Daniel Jiménez
Marcos D. Jiménez, P.A.
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
mdj@mdjlegal.com