UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

Case No.

0:17-cv-60426-UU

## INTERIM JOINT STATUS REPORT AND JOINT STATUS REPORT

The Parties, Plaintiffs Aleksej Gubarev, XBT Holding, S.A., and Webzilla, Inc. and
Defendants BuzzFeed, Inc. and Ben Smith, by and through undersigned counsel, pursuant to this
Court's November 22, 2017 Amended Scheduling Order for Pretrial Conference and Trial [D.E.
93] *as well as* this Court's January 11, 2018 Order setting status conference [D.E. 107], hereby
submit the following Interim Status Report and Joint Status Report:

**1.      Have all the defendants been served and answered the complaint?  If not, state the
reason(s) for the failure to do so.**

     All defendants have been served and answered the complaint.

**2.      If this is a class action, has a motion for class certification been filed?  If so, what is
its status?**

     This is not a class action.

**3.      The status of any unresolved discovery disputes**

Plaintiffs' Statement:

     The Parties are engaging in ongoing efforts to complete written discovery, including
discovery that was recently served, but the response is not yet due.  Plaintiffs have deposed Ben

Smith, Ken Bensinger, Jessica Garrison, and David Kramer.  Plaintiffs are still attempting to depose Christopher Steele and Fusion GPS and may have some very limited additional depositions to take of Buzzfeed and/or its employees.  Plaintiffs have offered a number of deposition dates for the depositions Defendants have requested (specifically, Plaintiffs have offered the entire week of March 12, which coincides with the March 13 mediation date, so that individuals do not have to travel twice), but Defendants have not accepted any of the dates offered.  Nevertheless, the Parties are working to schedule the remaining depositions to be completed by or shortly after the discovery deadline.

On February 23, 2018, in accordance with this Court's order (Docket No. 107), Plaintiffs are producing their expert's report providing an analysis of their damages.  Plaintiffs have already disclosed their damages expert.

Plaintiffs also reference the issues set forth in Paragraphs 4 and 5 below.

Plaintiffs object to any extension of the discovery deadlines, and in particular object to the rescheduling of the August trial date.


Defendants' Statement:

On February 20, 2018, Plaintiffs for the first time in this case produced documents reflecting (1) internal inquiries dating back more than a year regarding whether their networks might have been used to hack the DNC, relevant to the element of falsity, and (2) documents evincing substantial public relations activities prior to January 2017, relevant to whether Plaintiffs are public figures.  Defendants are not yet satisfied that such production is complete, and the parties have scheduled a conference before Magistrate Judge O'Sullivan for January 28, 2018 at 9:30 am to resolve the issue.   In addition, Defendants' have not yet received an expert report or other disclosure specifying Plaintiffs' alleged damages, and so Defendants are not yet able to ascertain whether all documents relevant to damages have been produced.


**4.      The status of any unresolved legal issues bearing upon discovery**

Plaintiffs' Statement:

On February 23, 2018, in accordance with this Court's order (Docket No. 107), Plaintiffs are producing their expert's report providing an analysis of their damages.  Plaintiffs have

4848-3273-4302v.1 0100812-000009

already disclosed their damages expert.  Plaintiffs have offered a number of deposition dates for the depositions Defendants have requested (specifically, Plaintiffs have offered the entire week of March 12, which coincides with the March 13 mediation date, so that individuals do not have to travel twice), but Defendants have not accepted any of the dates offered.  Nevertheless, the Parties are working to schedule the remaining depositions to be completed by or shortly after the discovery deadline.  Plaintiffs object to any extension of the discovery deadlines, and in particular object to the rescheduling of the August trial date.

Defendants' Statement:

This Court ordered Plaintiffs to make certain disclosures regarding alleged damages suffered in this litigation on or before the end of February.  Because no such disclosures have yet been made, and in light of the late disclosures discussed in paragraph 3 above, Defendants have not agreed to schedule dates for the Plaintiffs' deposition in advance of the completion of paper discovery.  Nonetheless, Defendants have asked to depose Plaintiffs' representatives, Alexsej Gubarev, Rajesh Mishra, Nick Dvas and Kostyantyn Bezruchenko sometime in April.  In addition, Plaintiffs have offered to produce one witness, the employee of a subsidiary, for a deposition in Brussels and one witness, the Plaintiff's wife, available for a deposition in Cyprus.  Defendants hope to schedule those depositions for April, as well. Finally, Defendants have separately asked to depose Constantine Luchian, another employee of the Defendants, also in April.

5.     **The status of discovery from third parties including Christopher Steele and persons and entities within the United States' government.**

Plaintiffs' Statement**:**

Non-Party David Kramer filed a motion for a protective order (under seal) on February 3, 2018.  Plaintiffs have opposed the motion and the motion is fully briefed.  Fusion GPS's motion to quash the subpoena served on it remains pending in the District of Columbia.  The motion has been fully briefed and awaiting action by the Court for a number of months.  The motion has been delayed by Fusion GPS's request to have the judge recuse himself.  The judge recently denied the request to recuse.

Christopher Steele's Motion to set aside the order requiring him to sit for his deposition remains pending before the British Court.  The British Court held a hearing on February 5 and took the matter under advisement.  As of today, the British Court has not yet ruled on this issue.

Plaintiffs contend that third party subpoenas and the letters of request issued by Defendants are futile because they are inconsistent with applicable law and will therefore result in an unnecessary delay of these proceedings.

Defendants' Statement:

In response to Plaintiff's motion for judgment on the pleadings, On February 9, 2018, Defendants filed a Motion to Amend Answer [D.E. 134].  The motion is not yet fully briefed.

The Defendants have moved to compel the United States government to produce testimony responsive to their subpoena.  The motion to compel is fully briefed.  Judge Mehta of the United States District Court for the District of Columbia set a hearing on the motion for February 15, 2018 and has asked for additional submissions from both parties on or before March 1, 2018. The requested submissions, which include advising that Court regarding the status of any potential stipulations with Plaintiffs that might moot some of the requested discovery from the government, are discussed in the transcript of the hearing, which is attached. Defendants have consulted with Plaintiffs about these stipulations but they have yet to respond.

The Defendants have subpoenaed the Democratic National Committee ("DNC") for information related. the hacking of its computer systems by Russians, which is relevant to this litigation because the central allegation in the complaint is that Defendants defamed Plaintiffs by publishing the Steele Dossier, which alleged  that Plaintiffs or entities linked to them were involved in the hack of the DNC. . Defendants moved to compel production from the DNC.  The DNC's opposition to the motion to compel is due March 9, 2018 and the Defendants' reply is due March 23, 2018.

The Defendants have subpoenaed KGlobal, Plaintiffs' public relations representatives. The subpoena is returnable on February 28.  Once Defendants' review responsive documents, they may serve a deposition subpoena on Charles Dolan, Plaintiffs public relations spokesperson at KGlobal.

Having reviewed Plaintiffs' production of February 20, Defendants will shortly be

- 4 -

issuing a subpoena to another public relations firm, Cutler PR (or its successor), disclosed in those documents.

Defendants note that, as regards Plaintiff's efforts to depose Christopher Steele, not only has the English court reserved judgment, but also the Foreign & Commonwealth Office ("FCO") has informed the parties that should the Court rule that Steele needs to testify, the FCO will need three weeks to assess whether it will permit Steele, a former FCO Crown Servant, to testify.

Defendants are also still negotiating the scope of other outstanding third party subpoenas and may need to move to compel compliance.

Finally, Defendants have obtained several Letters of Request to various banks in Cyprus relevant to Plaintiffs damages and are proceeding to enforce those letters.  These banks were identified by Plaintiffs in December as individuals who have information about their alleged damages.

**6.      Whether the Court's Scheduling Order should be amended to extend the discovery period**

Plaintiffs do not believe that the Scheduling Order should be amended to extend the discovery period.  Plaintiffs also object to an extension of the trial date.  Plaintiffs would be willing to discuss conducting some limited depositions after the current discovery deadline but do not believe that an extension of deadlines is warranted.

Defendants respectfully request an extension of discovery because they believe it is unlikely that all of the outstanding, non-party discovery can be completed before March 15, 2018.  Moreover, in light of the fact that Plaintiffs have yet to identify their damages and only just produced their key documents relevant to the elements of falsity and their potential status as public figures, Defendants believe they would be prejudiced if required to schedule depositions imminently, with no meaningful opportunity to fully assess Plaintiffs' disclosures and follow up on anything that may be first disclosed in those depositions.  Therefore, Defendants propose the following schedule:

4848-3273-4302v.1 0100812-000009

| | Current Deadline | Proposed deadline |
|---|---|---|
| All discovery completed by: | March 15, 2018 | June 15, 2018 |
| All motions, including summary judgment motions, motions related to summary judgment motions: | April 16, 2018 | July 13, 2018 |
| Daubert Motions by | May 1, 2018 | August 1, 2018 |
| Motions in Limine | May 31, 2018 | September 7, 2018 |
| Pretrial Stip | July 2, 2018 | October 17, 2018 |
| Trial (2 weeks) | August 7, 2018 | December 3, 2018* |

\* This date was chosen because Roy Black, counsel for Defendants, has a trial in October and November.

**7.     A summary of any pending motions**

On January 18, 2018, Plaintiffs filed a Motion for Partial Judgment on the Pleadings [D.E. 115].  The motion is fully briefed.

In response to Plaintiffs' motion for judgment on the pleadings, on February 9, 2018, Defendants filed a Motion to Amend Answer [D.E. 134].  The motion is not yet fully briefed.

Non-Party David Kramer filed a motion for a protective order (under seal) on February 3, 2018.  Plaintiffs have opposed the motion.  The matter is fully briefed.

**8.     Any unique legal or factual aspects of the case requiring special consideration by the Court**

This litigation may involve discovery abroad and substantial discovery from government agencies and former employees. In addition, due to the nature of the allegations in the dossier about Plaintiffs, Defendants assert there will be substantial technical discovery and expert testimony regarding the Plaintiffs' networks.

In addition, the parties disagree as to the applicability and scope of the fair and true report privilege, the neutral reporting privilege, and the reporters' privilege in this action.  Consistent with this Court's recommendation, Plaintiffs have filed a Motion for Judgment on the Pleadings as to the Fair Reporting Privilege and the Neutral Reporting Privilege, which is currently briefed

- 6 -

and pending before the Court.  In response, Defendants opposed the motion and filed a motion to amend their answer.  The motion to amend the answer is not fully briefed.

Questions as to whether the Plaintiffs are public or private figures will also be brought before the Court.

Questions as to which state law will apply to the present action will also be presented to the Court.

Finally, third parties may move to quash the subpoenas served on them on either the reporters' privilege or national security grounds.

**9.      The status of potential settlement**

The parties have agreed to a mediation before John S. Freud.  The mediation is currently scheduled for March 13, 2018.  The parties have not recently discussed settlement.

**10.     If the case is less than five days to try, have the parties conferred and have they agreed to trial before a U.S. Magistrate Judge, wherein the date certain for trial may be given?**

The Parties do not believe that the case will be less than five days to try.

**11.     Such other matters as may aid the Court in the fair and expeditious administration and disposition of this action**

Plaintiffs have filed a motion concerning the inapplicability of the Fair Report and Neutral Report Privileges asserted by the Defendants.  In response, Defendants opposed the motion and filed a motion to amend their answer.  The motion to amend the answer is not fully briefed.

4848-3273-4302v.1 0100812-000009

Date: February 23, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*

/s/ Katherine M. Bolger
Katherine M. Bolger (*pro hac vice*)
Adam Lazier (*pro hac vice*)
Nathan Siegel (*pro hac vice*)
Davis Wright Tremaine, LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com
nathansiegel@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

4848-3273-4302v.1 0100812-000009

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on February 23, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

4848-3273-4302v.1 0100812-000009