UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING
S.A., AND WEBZILLA, INC.,

       Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

       Defendants.
_____/

**RESPONSE TO PLAINTIFFS' "NOTICE" OF LONDON COURT JUDGMENT**

At the February 28, 2018 status conference, the Court requested that the parties file the decision of the English court in connection with the letters of request it issued for the deposition of Christopher Steele (the "UK Decision"). Rather than simply provide notice, Plaintiffs added unsupported argument to accuse Defendants of improperly trying to delay Mr. Steele's deposition. *See D.E.*. 156. This brief response follows to fully explain to the Court the status of the English proceedings.

In August 2017, Plaintiffs proposed, and Defendants agreed to, a series of topics for the deposition that permitted both sides to question Mr. Steele about the Dossier. *See D.E.*. 52 (Motion for Issuance of Letters of Request); D.E.. 52-1 at 8-9 (List of Subjects for Deposition). Plaintiffs themselves represented to this Court in their motion for issuance of the letters of request that the specified topics for questioning were "directly relevant to the issues in dispute." Id. at 1. The letters of request issued by this Court included those topics. *See D.E.* 54 at 8-9.

However, when the proceeding moved to England and Mr. Steele sought to set aside the initial *ex parte* order compelling his deposition, Plaintiffs abruptly changed their position. They offered to narrow enormously the scope of the deposition by limiting questioning to the few sentences in the 35-page Dossier that contains the words they allege to be defamatory. *See D.E.* 156-1 ¶ 111. This has the effect of precluding Defendants from questioning Mr. Steele on issues they believe to be crucial to their case. For example, Defendants will not be able to question Mr. Steele about all of his contacts with the FBI, State Department, and any other U.S. government agencies involving the Dossier. Defendants may not even be able to question Mr. Steele about the allegations in the Dossier regarding President Trump's attorney Michael Cohen, even though the Dossier itself states those allegations provide the context for the specific sentences about which Plaintiffs complain. Moreover, the judgment rendered in the English court precludes Defendants even from asking Mr. Steele (setting aside the identity of his sources, which neither party seeks) how he went about gathering information for the particular December report in which the allegedly defamatory statements are contained.

Notably, given Defendants' assent to the letters of request, the English court agreed that Defendants had standing to seek to enforce the terms of the letters of request. Nonetheless, heavily relying on Plaintiffs' change in position, the English court held that the evidence sought by the vast majority of the topics in the letters of request was not relevant to this case, based largely on "the US Plaintiffs' ready concession to delete many of the topics for examination…and to further limit [them]…beyond what was requested by the Florida court." *Id.* If Mr. Steele's deposition is allowed to proceed under the terms of that Order, Defendants believe that it may well fail to meet the standards of basic fairness under the Federal Rules that would be required for it to be admissible in this proceeding.

As a result, Defendants are exercising their right under English law to seek to appeal that decision.  *See* D.E. 156 at 1-2.  Unlike Plaintiffs' position, the point of the appeal is to seek *more* testimony from Mr. Steele rather than eliminate topics of obvious relevance to this case.  And Plaintiffs' suggestion that an appeal would be frivolous has already been implicitly rejected by the English court.  The English court granted Defendants permission to appeal at least a part of its judgment – a result that our English counsel advises us is quite rare there, somewhat like the infrequency in which U.S. federal appellate courts hear interlocutory appeals.

Finally, Plaintiffs' contention that Defendants are simply trying to delay the deposition is also patently inaccurate.  Defendants are explicitly seeking an *expedited* appeal, so that any deposition of Mr. Steele can take place before dispositive motions in this case are due.  Plaintiffs' desire to stop litigation before the English courts now that they have succeeded to this point in preventing Defendants from examining Mr. Steele about almost every topic relevant to their defenses may be understandable.  But it is certainly not in keeping with the need to ensure a deposition that is fair for both sides and consistent with the terms this Court found to be appropriate.

Date: March 27, 2018

                                                  Respectfully Submitted:

                                                  /s/ Katherine M. Bolger
                                                  Katherine M. Bolger
                                                  Nathan Siegel
                                                  Adam Lazier
                                                  Alison Schary
                                                  Davis Wright Tremaine LLP
                                                  1251 Avenue of the Americas, 21st Floor
                                                  New York, New York 10020
                                                  katebolger@dwt.com
                                                  adamlazier@dwt.com
                                                  nathansiegel@dwt.com

- 4 -

alisonschary@dwt.com

/s/ Jared Lopez
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

- 4 -

## CERTIFICATE OF SERVICE

I CERTIFY that on March 27 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/     Jared Lopez  
      Jared Lopez, Esq.
