## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

                          Plaintiffs,           **Case No:**
                                                 **17-cv-60426-UU**

vs.

BUZZFEED, INC. AND BEN SMITH,

                          Defendants.
_____/

## DEFENDANTS' MOTION FOR COURT TO ISSUE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE AND INCORPORATED MEMORANDUM OF LAW

Defendants BuzzFeed, Inc. and Ben Smith hereby respectfully request that this Court issue Requests for International Judicial Assistance under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") to the District Court in The Hague to compel BNP Paribas Leasing Solutions ("BNP Paribas") and Der Lage Landen ("DLL") (together, the "Banks") to provide testimonial and documentary evidence relevant to this case.  In support of this Motion, Defendants state as follows:

1.      In this action, Plaintiffs allege one count of defamation and defamation *per se* arising out of Defendants' publication of an article entitled *These Reports Allege Trump Has Deep Ties to Russia* (the "Article"), along with an embedded document file containing a 35-page collection of memoranda (the "Dossier") that primarily discuss Russian efforts to influence the U.S. Presidential election, including alleged ties between Russia and the campaign of President Trump.  Compl. ¶¶ 23-26.

2.      Plaintiffs claim that the following allegations in the Dossier are false and

defamatory:

> [redacted] reported that over the period March-September 2016 a company called
> XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit
> viruses, plant bugs, steal data and conduct "altering operations" against the
> Democratic Party leadership.  Entities linked to one Aleksei GUBAROV were
> involved and he and another hacking expert, both recruited under duress by the
> FSB, Seva KAPSUGOVICH, were significant players in this operation.  In
> Prague, [Michael] COHEN agreed contingency plans for various scenarios to
> protect the operations, but in particular what was to be done in the event that
> Hillary CLINTON won the presidency.  It was important in this event that all cash
> payments owed were made quickly and discreetly and that cyber and other
> operators were stood down/able to go effectively to ground to cover their traces.

*Id.* ¶ 26.

3.      Issuance of a request for judicial assistance under the Hague Convention "is

particularly appropriate where, as here, a litigant seeks to depose a foreign *non-party* who is not

subject to the court's *in personam* jurisdiction" and the witnesses "possess knowledge relevant to

the plaintiff's claims."  *In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043, at *8 (S.D. Fla.

Apr. 7, 2015) (emphasis in original).

4.      Plaintiffs have alleged that the Banks possess important evidence relevant to their

claim for damages.  They plead in their Complaint that "[a]t least one lender has declined to do

business with XBT and/or Webzilla" because of the allegedly defamatory statements.  Complaint

¶ 47.  Mr. Gubarev also told *The Wall Street Journal* that "credit lines…vital to his business

were cut" because of the statements at issue.  *See* Alan Cullison, *Russian Tech Entrepreneur

Denies Link to Donald Trump Hacking Report,* The Wall Street Journal (Feb. 14, 2017).  And, at

a January 10, 2018 case conference, Plaintiffs' counsel confirmed to the Court that Mr. Gubarev

is still "claiming that he has been cut off from avenues to obtain financing," and that this remains

"an element of his [alleged] damages."  Transcript at 31; *see also id.* at 15.

2

5.      In their discovery responses, Plaintiffs assert that following publication of the Article and the Dossier they faced "increased bank scrutiny," had bank accounts "frozen," and that banks "threatened to close their accounts altogether."  The requested testimony and documents are relevant to assess Plaintiffs' allegations that their relationships with lenders and potential business partners were damaged as a result of the Article's publication.

6.      In particular:

a.      **BNP Paribas**:  Specifically, Plaintiffs have produced several emails describing conversations with representatives of BNP Paribas shortly after the publication of the Article in 2017 stating that they were not able to engage in new business or financing deals with Plaintiffs "until more is known about [the] lawsuit" and until they learn that "no customers have terminated" their relationships with Webzilla.  In light of Plaintiffs' damages claim, Defendants require the requested evidence in order to find out whether BNP Paribas in fact implemented this policy, its nature and duration, and whether it materially affected Plaintiffs.

b.      **DLL**:  Plaintiffs have produced several emails from representatives of DLL shortly after the publication of the Article in 2017 stating that they were not able to engage in new business deals with Plaintiffs "until further notice resulting from internal procedures." Defendants require the requested evidence in order to assess whether this development was caused by publication of the Article and Dossier, and, if so, whether it caused damages to Plaintiffs.

7.      It is therefore expected that the Banks will be able to provide crucial and relevant evidence on the extent of damages suffered by Plaintiffs, if any, as a result of Defendants' publication of the statements at issue.

4815-9623-8176v.1 0100812-000009

8.      As the Banks are located in the Netherlands, they are beyond the jurisdiction of

this or any American Court.  Defendants accordingly ask this Court to issue the Requests for

International Judicial Assistance to the District Court in The Hague attached hereto as Exhibits 1

and 2 to compel the Banks to provide evidence in this matter.

9.      Plaintiffs have indicated that they do not oppose the relief sought by this Motion.


Dated: April 13, 2018                          Respectfully submitted,

                                               DAVIS WRIGHT TREMAINE LLP

                                               */s/ Katherine M. Bolger*
                                               Katherine M. Bolger
                                               Adam Lazier
                                               Alison Schary
                                               Nathan Siegel
                                               DAVIS WRIGHT TREMAINE LLP
                                               1251 Avenue of the Americas, 21st Floor
                                               New York, NY  10020-1104
                                               (212) 489-8230 Phone
                                               (212) 489-8340 Fax
                                               katebolger@dwt.com
                                               adamlazier@dwt.com
                                               nathansiegel@dwt.com


                                               BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.

                                               */s/ Jared Lopez*
                                               Roy Black
                                               Jared Lopez
                                               BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
                                               201 S. Biscayne Boulevard
                                               Miami, Florida 33131
                                               rblack@royblack.com
                                               jlopez@royblack.com

                                               *Attorneys for Defendants*

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING
S.A., AND WEBZILLA, INC.,

        Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

        Defendants.

_____/

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Undersigned counsel have conferred with counsel for Plaintiffs with regard the relief requested herein and counsel for Plaintiffs has advised that there is no objection to the requested relief.

Dated: April 13, 2018

        *s/s* Adam Lazier
        Adam Lazier
        (admitted *pro hac vice*)

## CERTIFICATE OF SERVICE

I CERTIFY that on April 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By: /s/ Jared Lopez
        Jared Lopez, Esq.

4815-9623-8176v.1 0100812-000009

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

                     Plaintiffs,             **Case No:**
                                                  **17-cv-60426-UU**

vs.

BUZZFEED, INC. AND BEN SMITH,

                     Defendants.

_____/

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT
TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE
<u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

       The United States District Court for the Southern District of Florida (the "District Court"

or the "Court") presents its compliments to the District Court in The Hague (the "Hague Court"),

and requests international judicial assistance to obtain testimonial and documentary evidence to

be used in the above-captioned civil proceeding now pending before this Court (the "Action").

       The Court requests the assistance herein pursuant to the Hague Convention of 18 March

1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), to

which the United States and the Netherlands are each a party.  The District Court is a competent

court of law and equity which properly has jurisdiction over this proceeding.

       In this Court's view, the testimonial and documentary evidence sought will be highly

relevant to the claims for damages asserted in the Action by Plaintiffs Aleksej Gubarev, XBT

Holdings, S.A. ("XBT"), and Webzilla, Inc. (together, "Plaintiffs"), and the applicable defenses

thereto that may be asserted by Defendants BuzzFeed, Inc. and Ben Smith (together,

"Defendants").

This request is made with the understanding that it will in no way require any person to commit an offense or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Netherlands.  Consistent with the Netherlands' Declaration regarding Article 23 of the Convention, this request should not be construed as one requiring the entity or individuals identified in Appendix A hereto (i) to identify the documents relevant to the Action that are in their possession, custody, or control, or (ii) to produce any documents other than the particular documents specified in Appendix A.

In the proper exercise of its authority, the Court has determined that the requested testimony and documents cannot be secured except by the intervention of the Hague Court.

The particulars of this letter of request are as follows:

| | | |
|---|---|---|
| **1.** | **Sender**: | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |
| **2.** | **Central Authority of the Requested State**: | The District Court in The Hague (Rechtbank Den Haag)<br>Team Administratie Civiel – Algemene Zaken<br>Postbus 20302<br>2500 EH THE HAGUE<br>Netherlands<br>evidence.convention.rb.den.haag@rechtspraak.nl |
| **3.** | **Person to whom the executed request is to be returned:** | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |

2

| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request: | As soon as practicable. |
|---|---|---|

|  | Reason for urgency: | The period for taking depositions of fact witnesses is scheduled to conclude on June 15, 2018. |
|---|---|---|

**In conformity with Article 3 of the Convention, the undersigned has the honor to submit the following request:**

| 5. | a. | Requesting judicial authority: | The Honorable Ursula Ungaro United States District Court Southern District of Florida Wilkie D. Ferguson, Jr. United States Courthouse 400 North Miami Avenue Room 12-4 Miami, Florida 33128 |
|---|---|---|---|

|  | b. | To the competent juridical authority of: | The Netherlands |
|---|---|---|---|

|  | c. | Names of the case and any identifying number: | *Aleksej Gubarev, et al. v. BuzzFeed, Inc, et al.*, Case No. 1:17-cv-60426-UU (S.D. Fla., filed Feb. 3, 2017). |
|---|---|---|---|

| 6. | Names and addresses of the parties and their representatives: | |
|---|---|---|

|  | a. | Plaintiffs: | Aleksej Gubarev XBT Holdings S.A. Webzilla, Inc. |
|---|---|---|---|

|  | b. | Defendants: | BuzzFeed, Inc. Ben Smith 11 E. 18th Street, 13th Floor New York, NY 10003 |
|---|---|---|---|

|                             |                                             |
|-----------------------------|---------------------------------------------|
| **Attorneys for Defendants:** | Katherine M. Bolger                       |
|                             | Nathan Siegel                               |
|                             | Adam Lazier                                 |
|                             | Alison Schary                               |
|                             | Davis Wright Tremaine LLP                   |
|                             | 1251 Avenue of the Americas, 21st Floor     |
|                             | New York, NY 10020                          |
|                             | Telephone: (212) 489-8230                   |
|                             | Facsimile: (212) 489-8340                   |

Roy Black
Jared Lopez
Black Srebnick Kornspan & Stumpf
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
Telephone: (305) 371-6421
Facsimile: (305) 358-2006

<u>Of Counsel</u>:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

**7.    a.    Nature of the proceedings:**    This is a civil action for libel by Aleksej Gubarev, XBT Holdings S.A. and Webzilla, Inc. (collectively, "Plaintiffs") against BuzzFeed, Inc. and its Editor-in-Chief, Ben Smith (collectively, "Defendants").

**b.**     **Summary of Complaint:**          Plaintiffs claim that they were defamed by BuzzFeed's publication of an article entitled "These Reports Allege Trump Has Deep Ties to Russia" (the "Article"), which included an embedded document containing a 35-page dossier of information discussing alleged ties between President Donald J. Trump and Russia (the "Dossier"). Plaintiffs assert that they were identified in two sentences in the penultimate paragraph of the Dossier as having been involved in Russian efforts to hack the Democratic National Committee.  Plaintiffs seek compensatory damages, and have reserved the right to seek additional punitive damages, together with costs and disbursements.  In particular, Plaintiffs claim that following publication of the Article and the Dossier they faced "increased bank scrutiny," had accounts "frozen," and that lenders "threatened to close their accounts altogether."

Plaintiffs have identified BNP Paribas as one of the financial institutions that allegedly applied additional scrutiny to business dealings with Plaintiffs following the publication of the Article and the Dossier.

c.      **Summary of defense:**

BuzzFeed claims that the publication of the Article and the Dossier is protected by a fair report privilege pursuant to any applicable state statute, the common law, the First and Fourteenth Amendments to the Constitution of the United States and any applicable state constitution; publication of the Article and the Dossier is protected by a neutral report privilege pursuant to the common law and the First and Fourteenth Amendments to the Constitution of the United States; Plaintiffs cannot establish the falsity of the challenged statements in the Article and Dossier; Plaintiffs are public figures and cannot prove constitutional malice; the Article and Dossier deal with matters within the sphere of legitimate public concern and were not published in a grossly irresponsible (or, in the alternative, negligent) manner; Plaintiffs have not been adversely affected or damaged in any way by publication of the Article; and exemplary or punitive damages are not recoverable because BuzzFeed did not act with either common law malice or constitutional malice; and any claim for exemplary or punitive damages is barred by the due process clause of the Fourteenth Amendment to the Constitution of the United States.  Defendants also maintain that the Court lacks personal jurisdiction over them, in whole or in part.

d.      **Other necessary information or documents:**

None.

| | | | |
|---|---|---|---|
| **8.** | **a.** | **Evidence to be obtained or other judicial act to be performed:** | This Court requests that the District Court in The Hague enter an order requiring a representative of the entity named in Appendix A hereto to attend for examination under oath or affirmation and to produce documents at the offices of an examiner appointed by the District Court in The Hague at times and dates to be agreed upon after the execution of this Letter of Request. |
| | | | As described above and in Appendix A hereto, the evidence to be obtained from BNP Paribas relates to Plaintiffs' claim for damages. |
| | **b.** | **Purpose of the evidence or judicial act sought:** | The purpose of the evidence sought is to secure testimony and documents regarding the subject matters described in Appendix A in a form that would be admissible for use at trial in the proceedings in the United States. |
| **9.** | | **Identity and address of any person to be examined:** | See the entity and individuals identified and the subject matter of the information to be provided described in Appendix A. |
| **10.** | | **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined:** | See the entity and individuals identified and the subject matter of the information to be provided described in Appendix A. |
| **11.** | | **Documents or property to be inspected:** | See the documents and subject matter described in Appendix A. |
| **12.** | | **Any requirement that the evidence be given on oath or affirmation and any special form to be used:** | Any representative of the entity identified in Appendix A should be examined under oath or affirmation, and/or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of the Netherlands for the formal taking of evidence. |

**13.    Special methods or procedure to be followed:**

It is requested that:

i)  The parties' representatives or their designees, the U.S. and Dutch attorneys for the parties and the witnesses, and a stenographer and a videographer be permitted to be present during the examinations;

ii)  There be excluded from the examinations, if permitted under Dutch law, all persons other than the person appointed by the District Court in The Hague to supervise the examination of the entity named in Appendix A; other officials of any Dutch court normally present during such proceedings; and the individuals listed in clause (i) of this section;

iii)  The examinations be conducted by Dutch counsel as instructed by Davis Wright Tremaine LLP, counsel for defendants BuzzFeed and Ben Smith, with cross-examination by Dutch counsel as instructed by Boston Law Group, PC, counsel for Plaintiffs, or by Davis Wright Tremaine LLP and Boston Law Group, PC, or as the District Court in The Hague may direct, with counsel for each party permitted to place objections on the record;

iv)  A stenographer and/or videographer be permitted to record verbatim the examination of a representative of the entity named in Appendix A; and

v)  The examination be held and the documents be produced at a date and time to be agreed with the entity named in Appendix A after the execution of this Letter of Request, at the offices of the examiner appointed by the District Court in The Hague.

14.     **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:**

Please notify the following persons when and where the examination is to be conducted:

i) BuzzFeed, Inc. and Ben Smith

Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

Roy Black
Jared Lopez
Black Srebnick Kornspan & Stumpf
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
Telephone: (305) 371-6421
Facsimile: (305) 358-2006

Of Counsel:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

ii)  Aleksej Gubarev, XBT Holdings S.A. and Webzilla, Inc.

Brady James Cobb
Dylan Michael Fulop
Cobb Eddy, PLLC
642 Northeast 3rd Avenue
Fort Lauderdale, FL 33304
Telephone: (954) 527-4111

Evan Fray-Witzer
Ciampa, Fray-Witzer, LLP
20 Park Plaza
Suite 505

Boston, MA 02116
Telephone: (617) 426-0000

Valentin Gurvits
Matthew Shayefar
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1800

| | | |
|---|---|---|
| **15.** | **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:** | None. |
| **16.** | **Specification of privilege or duty to refuse to give evidence under the law of the State of origin:** | There shall be no limitation on the rights to assert any privileges or protections that may be available to the deponent or the parties. |
| **17.** | **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:** | The parties shall in equal parts bear such fees and costs which are reimbursable under the Convention.<br><br>Payment of such fees and costs in accordance with this Letter of Request is without prejudice to any party making a subsequent application to an appropriate court for reimbursement. |

**DATE OF REQUEST:**               _____ ___, 2018

**SIGNATURE AND SEAL OF THE**
**REQUESTING AUTHORITY:**       _____
The Honorable Ursula Ungaro
United States District Court Judge

## APPENDIX A

**PERSON TO BE EXAMINED AND PRODUCE DOCUMENTS AND THE SUBJECT MATTER OF THE INFORMATION TO BE PROVIDED**

1.  **Name and Address of Entity and Individuals to be Examined:**

    BNP Paribas Leasing Solutions
    Hambakenwetering 4
    5231 DC s-Hertogenbosch,
    The Netherlands

    Ralph Freeman
    Sales Director, Technology Solutions
    BNP Paribas Leasing Solutions
    Hambakenwetering 4
    5231 DC s-Hertogenbosch,
    The Netherlands
    Ralph.freeman@bnpparibas.com

2.  **Subject Matter of Testimony and Documents:**

    Ralph Freeman and/or another representative of BNP Paribas Leasing Solutions with knowledge of the subject matter described herein will be questioned about the following subjects:

    (a)   BNP Paribas's scrutiny or review of its business deals or financing arrangements with any Plaintiff and/or their affiliates XBT Holding Ltd, Webzilla B.V., and Webzilla Ltd (each a "Related Entity") for potential unlawful activity from January 1, 2017 to the present;

    (b)   Any instance in which BNP Paribas has cancelled or declined business deals or financing arrangements with any Plaintiff or Related Entity from January 1, 2017 to the present;

    (c)   Any communications between BNP Paribas, on the one hand, and any Plaintiff or any representative or agent of a Plaintiff or a Related Entity (including but not limited to Martin Lassally of CTE Products & Leasing B.V.) (a "Plaintiff's Agent"), on the other, regarding the publication of the Article, the Dossier, or any statement contained therein; and

    (d)   Any communications between BNP Paribas, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding the instant lawsuit and/or *XBT Holding SA v. Steele* (Claim No. HQ17D00413), a related lawsuit brought in London by XBT and two of its affiliates against the Dossier's author (the "London Action").

1

<u>BNP Paribas will be asked to produce the following documents</u>:

(e)     Any communications since January 1, 2017 between BNP Paribas, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding BNP Paribas's scrutiny or review of its business deals or financing arrangements with any Plaintiff on Related Entity for potential unlawful activity;

(f)     All documents concerning any instance in which BNP Paribas has cancelled or declined business deals or financing arrangements with any Plaintiff or Related Entity from January 1, 2017 to the present;

(g)     Any communications between BNP Paribas, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding the publication of the Article, the Dossier, or any statement contained therein; and

(h)     Any communications between BNP Paribas, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding the instant lawsuit and/or the London Action.

**3.     <u>Relevance</u>**

The testimony and the documents to be provided by BNP Paribas are materially relevant to Plaintiffs' claims for damages.  Plaintiffs assert that following publication of the Article and the Dossier they faced "increased bank scrutiny," had bank accounts "frozen," and that banks "threatened to close their accounts altogether."  Plaintiffs have also produced a limited number of communications with BNP Paribas concerning reviews of their accounts subsequent to the publication of the Article and the Dossier.

Specifically, Plaintiffs have produced several emails describing conversations with representatives of BNP Paribas shortly after the publication of the Article in 2017 stating that they were not able to engage in new business or financing deals with Plaintiffs "until more is known about [the] lawsuit" and until they learn that "no customers have terminated" their relationships with Webzilla.  Accordingly, the requested testimony and documents are relevant to assess Plaintiffs' allegations that their relationships with lenders were damaged as a result of the Article's publication.

2

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

                  Plaintiffs,             **Case No:**
                                             **17-cv-60426-UU**

vs.

BUZZFEED, INC. AND BEN SMITH,

                  Defendants.

_____/

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT
## TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE
## <u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>

The United States District Court for the Southern District of Florida (the "District Court" or the "Court") presents its compliments to the District Court in The Hague (the "Hague Court"), and requests international judicial assistance to obtain testimonial and documentary evidence to be used in the above-captioned civil proceeding now pending before this Court (the "Action").

The Court requests the assistance herein pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), to which the United States and the Netherlands are each a party. The District Court is a competent court of law and equity which properly has jurisdiction over this proceeding.

In this Court's view, the testimonial and documentary evidence sought will be highly relevant to the claims for damages asserted in the Action by Plaintiffs Aleksej Gubarev, XBT Holdings, S.A. ("XBT"), and Webzilla, Inc. (together, "Plaintiffs"), and the applicable defenses thereto that may be asserted by Defendants BuzzFeed, Inc. and Ben Smith (together, "Defendants").

This request is made with the understanding that it will in no way require any person to commit an offense or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Netherlands.  Consistent with the Netherlands' Declaration regarding Article 23 of the Convention, this request should not be construed as one requiring the entity or individuals identified in Appendix A hereto (i) to identify the documents relevant to the Action that are in their possession, custody, or control, or (ii) to produce any documents other than the particular documents specified in Appendix A.

In the proper exercise of its authority, the Court has determined that the requested testimony and documents cannot be secured except by the intervention of the Hague Court.

The particulars of this letter of request are as follows:

| | | |
|---|---|---|
| **1.** | **Sender**: | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |
| **2.** | **Central Authority of the Requested State**: | The District Court in The Hague (Rechtbank Den Haag)<br>Team Administratie Civiel – Algemene Zaken<br>Postbus 20302<br>2500 EH THE HAGUE<br>Netherlands<br>evidence.convention.rb.den.haag@rechtspraak.nl |
| **3.** | **Person to whom the executed request is to be returned:** | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |

2

4.   **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request:**     As soon as practicable.

        **Reason for urgency**:   The period for taking depositions of fact witnesses is scheduled to conclude on June 15, 2018.

**In conformity with Article 3 of the Convention, the undersigned has the honor to submit the following request:**

5.   a.   **Requesting judicial authority:**     The Honorable Ursula Ungaro
United States District Court
Southern District of Florida
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue
Room 12-4
Miami, Florida 33128

    b.   **To the competent juridical authority of:**     The Netherlands

    c.   **Names of the case and any identifying number:**     *Aleksej Gubarev, et al. v. BuzzFeed, Inc, et al.*, Case No. 1:17-cv-60426-UU (S.D. Fla., filed Feb. 3, 2017).

6.   **Names and addresses of the parties and their representatives:**

        a.   **Plaintiffs:**     Aleksej Gubarev
XBT Holdings S.A.
Webzilla, Inc.

        b.   **Defendants:**     BuzzFeed, Inc.
Ben Smith
11 E. 18th Street, 13th Floor
New York, NY 10003

|  | **Attorneys for Defendants:** | Katherine M. Bolger |
|---|---|---|
|  |  | Nathan Siegel |
|  |  | Adam Lazier |
|  |  | Alison Schary |
|  |  | Davis Wright Tremaine LLP |
|  |  | 1251 Avenue of the Americas, 21st Floor |
|  |  | New York, NY 10020 |
|  |  | Telephone: (212) 489-8230 |
|  |  | Facsimile: (212) 489-8340 |

Roy Black
Jared Lopez
Black Srebnick Kornspan & Stumpf
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
Telephone: (305) 371-6421
Facsimile: (305) 358-2006

Of Counsel:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

**7.** **a.** **Nature of the proceedings:**     This is a civil action for libel by Aleksej
Gubarev, XBT Holdings S.A. and Webzilla,
Inc. (collectively, "Plaintiffs") against
BuzzFeed, Inc. and its Editor-in-Chief, Ben
Smith (collectively, "Defendants").

**b.** **Summary of Complaint:**

Plaintiffs claim that they were defamed by BuzzFeed's publication of an article entitled "These Reports Allege Trump Has Deep Ties to Russia" (the "Article"), which included an embedded document containing a 35-page dossier of information discussing alleged ties between President Donald J. Trump and Russia (the "Dossier"). Plaintiffs assert that they were identified in two sentences in the penultimate paragraph of the Dossier as having been involved in Russian efforts to hack the Democratic National Committee. Plaintiffs seek compensatory damages, and have reserved the right to seek additional punitive damages, together with costs and disbursements. In particular, Plaintiffs claim that following publication of the Article and the Dossier they faced "increased bank scrutiny," had accounts "frozen," and that lenders "threatened to close their accounts altogether."

Plaintiffs have identified Der Lage Landen ("DLL") as one of the financial institutions that allegedly applied additional scrutiny to business dealings with Plaintiffs following the publication of the Article and the Dossier.

|   |   |   |
|---|---|---|
| **c.** | **Summary of defense:** | BuzzFeed claims that the publication of the Article and the Dossier is protected by a fair report privilege pursuant to any applicable state statute, the common law, the First and Fourteenth Amendments to the Constitution of the United States and any applicable state constitution; publication of the Article and the Dossier is protected by a neutral report privilege pursuant to the common law and the First and Fourteenth Amendments to the Constitution of the United States; Plaintiffs cannot establish the falsity of the challenged statements in the Article and Dossier; Plaintiffs are public figures and cannot prove constitutional malice; the Article and Dossier deal with matters within the sphere of legitimate public concern and were not published in a grossly irresponsible (or, in the alternative, negligent) manner; Plaintiffs have not been adversely affected or damaged in any way by publication of the Article; and exemplary or punitive damages are not recoverable because BuzzFeed did not act with either common law malice or constitutional malice; and any claim for exemplary or punitive damages is barred by the due process clause of the Fourteenth Amendment to the Constitution of the United States.  Defendants also maintain that the Court lacks personal jurisdiction over them, in whole or in part. |
| **d.** | **Other necessary information or documents:** | None. |

| | | | |
|---|---|---|---|
| 8. | a. | **Evidence to be obtained or other judicial act to be performed:** | This Court requests that the District Court in The Hague enter an order requiring a representative of the entity named in Appendix A hereto to attend for examination under oath or affirmation and to produce documents at the offices of an examiner appointed by the District Court in The Hague at times and dates to be agreed upon after the execution of this Letter of Request. |
| | | | As described above and in Appendix A hereto, the evidence to be obtained from DLL relates to Plaintiffs' claim for damages. |
| | b. | **Purpose of the evidence or judicial act sought:** | The purpose of the evidence sought is to secure testimony and documents regarding the subject matters described in Appendix A in a form that would be admissible for use at trial in the proceedings in the United States. |
| 9. | | **Identity and address of any person to be examined:** | See the entity and individuals identified and the subject matter of the information to be provided described in Appendix A. |
| 10. | | **Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined:** | See the entity and individuals identified and the subject matter of the information to be provided described in Appendix A. |
| 11. | | **Documents or property to be inspected:** | See the documents and subject matter described in Appendix A. |
| 12. | | **Any requirement that the evidence be given on oath or affirmation and any special form to be used:** | Any representative of the entity identified in Appendix A should be examined under oath or affirmation, and/or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of the Netherlands for the formal taking of evidence. |

13.   **Special methods or procedure to be followed:**

It is requested that:

i)  The parties' representatives or their designees, the U.S. and Dutch attorneys for the parties and the witnesses, and a stenographer and a videographer be permitted to be present during the examinations;

ii)  There be excluded from the examinations, if permitted under Dutch law, all persons other than the person appointed by the District Court in The Hague to supervise the examination of the entity named in Appendix A; other officials of any Dutch court normally present during such proceedings; and the individuals listed in clause (i) of this section;

iii)  The examinations be conducted by Dutch counsel as instructed by Davis Wright Tremaine LLP, counsel for defendants BuzzFeed and Ben Smith, with cross-examination by Dutch counsel as instructed by Boston Law Group, PC, counsel for Plaintiffs, or by Davis Wright Tremaine LLP and Boston Law Group, PC, or as the District Court in The Hague may direct, with counsel for each party permitted to place objections on the record;

iv)  A stenographer and/or videographer be permitted to record verbatim the examination of a representative of the entity named in Appendix A; and

v)  The examination be held and the documents be produced at a date and time to be agreed with the entity named in Appendix A after the execution of this Letter of Request, at the offices of the examiner appointed by the District Court in The Hague.

14. **Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:**

Please notify the following persons when and where the examination is to be conducted:

i) BuzzFeed, Inc. and Ben Smith

Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

Roy Black
Jared Lopez
Black Srebnick Kornspan & Stumpf
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
Telephone: (305) 371-6421
Facsimile: (305) 358-2006

Of Counsel:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003


ii) Aleksej Gubarev, XBT Holdings S.A. and Webzilla, Inc.

Brady James Cobb
Dylan Michael Fulop
Cobb Eddy, PLLC
642 Northeast 3rd Avenue
Fort Lauderdale, FL 33304
Telephone: (954) 527-4111

Evan Fray-Witzer
Ciampa, Fray-Witzer, LLP
20 Park Plaza
Suite 505

Boston, MA 02116
Telephone: (617) 426-0000

Valentin Gurvits
Matthew Shayefar
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1800

| | | |
|---|---|---|
| **15.** | **Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request:** | None. |
| **16.** | **Specification of privilege or duty to refuse to give evidence under the law of the State of origin:** | There shall be no limitation on the rights to assert any privileges or protections that may be available to the deponent or the parties. |
| **17.** | **The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:** | The parties shall in equal parts bear such fees and costs which are reimbursable under the Convention.<br><br>Payment of such fees and costs in accordance with this Letter of Request is without prejudice to any party making a subsequent application to an appropriate court for reimbursement. |

**DATE OF REQUEST:**                    _____ ___, 2018

**SIGNATURE AND SEAL OF THE**
**REQUESTING AUTHORITY:**          _____
                                                        The Honorable Ursula Ungaro
                                                        United States District Court Judge

<u>**APPENDIX A**</u>

**PERSON TO BE EXAMINED AND PRODUCE DOCUMENTS AND THE SUBJECT
<u>MATTER OF THE INFORMATION TO BE PROVIDED</u>**

1.      <u>**Name and Address of Entity and Individuals to be Examined:**</u>

De Lage Landen International B.V.
Vestdijk 51
5611 CA Eindhoven
The Netherlands

Marc van de Laarschot
Jules Van Kempen
Account Manager, Vendor Finance
DLL
Vestdijk 51
5611 CA Eindhoven
The Netherlands
Marc.vandelaarschot@dllgroup.com
Jules.vankempen@dllgroup.com

2.      <u>**Subject Matter of Testimony and Documents:**</u>

<u>Marc van de Laarschot, Jules van Kempen and/or another representative of DLL with
knowledge of the subject matter described herein will be questioned about the following
subjects:</u>

(a)     DLL's scrutiny or review of its business deals or financing arrangements with any
Plaintiff and/or their affiliates XBT Holding Ltd, Webzilla B.V., and Webzilla
Ltd (each a "Related Entity") for potential unlawful activity from January 1, 2017
to the present;

(b)     Any instance in which DLL has cancelled or declined business deals or financing
arrangements with any Plaintiff or Related Entity from January 1, 2017 to the
present;

(c)     Any communications between DLL, on the one hand, and any Plaintiff or any
representative or agent of a Plaintiff or a Related Entity (including but not limited
to Martin Lassally of CTE Products & Leasing B.V.) (a "Plaintiff's Agent"), on
the other, regarding the publication of the Article, the Dossier, or any statement
contained therein; and

(d)     Any communications between DLL, on the one hand, and any Plaintiff, Related
Entity, or Plaintiff's Agent, on the other, regarding the instant lawsuit and/or *XBT
Holding SA v. Steele* (Claim No. HQ17D00413), a related lawsuit brought in

London by XBT and two of its affiliates against the Dossier's author (the "London Action").

<u>DLL will be asked to produce the following documents</u>:

(e)     Any communications since January 1, 2017 between DLL, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding DLL's scrutiny or review of its business deals or financing arrangements with any Plaintiff on Related Entity for potential unlawful activity;

(f)     All documents concerning any instance in which DLL has cancelled or declined business deals or financing arrangements with any Plaintiff or Related Entity from January 1, 2017 to the present;

(g)     Any communications between DLL, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding the publication of the Article, the Dossier, or any statement contained therein; and

(h)     Any communications between DLL, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding the instant lawsuit and/or the London Action.

**3.      Relevance**

The testimony and the documents to be provided by DLL are materially relevant to Plaintiffs' claims for damages.  Plaintiffs assert that following publication of the Article and the Dossier they faced "increased bank scrutiny," had bank accounts "frozen," and that banks "threatened to close their accounts altogether."  Plaintiffs have also produced a limited number of communications with DLL concerning reviews of their accounts subsequent to the publication of the Article and the Dossier.

Specifically, Plaintiffs have produced several emails from representatives of DLL shortly after the publication of the Article in 2017 stating that they were not able to engage in new business deals with Plaintiffs "until further notice resulting from internal procedures." Accordingly, the requested testimony and documents are relevant to assess Plaintiffs' allegations that their relationships with lenders were damaged as a result of the Article's publication.

2