IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

      Plaintiffs,    Case No:
             17-cv-60426-UU

vs.

BUZZFEED, INC. AND BEN SMITH,

      Defendants.
_____/

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT
TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON TAKING OF EVIDENCE
<u>ABROAD IN CIVIL OR COMMERCIAL MATTERS</u> (1)

   The United States District Court for the Southern District of Florida (the "District Court"
or the "Court") presents its compliments to the District Court in The Hague (the "Hague Court"),
and requests international judicial assistance to obtain testimonial and documentary evidence to
be used in the above-captioned civil proceeding now pending before this Court (the "Action").

   The Court requests the assistance herein pursuant to the Hague Convention of 18 March
1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Convention"), to
which the United States and the Netherlands are each a party.  The District Court is a competent
court of law and equity which properly has jurisdiction over this proceeding.

   In this Court's view, the testimonial and documentary evidence sought will be highly
relevant to the claims for damages asserted in the Action by Plaintiffs Aleksej Gubarev, XBT
Holdings, S.A. ("XBT"), and Webzilla, Inc. (together, "Plaintiffs"), and the applicable defenses
thereto that may be asserted by Defendants BuzzFeed, Inc. and Ben Smith (together,
"Defendants").

This request is made with the understanding that it will in no way require any person to commit an offense or to undergo a broader form of inquiry than he or she would if the litigation were conducted in the Netherlands.  Consistent with the Netherlands' Declaration regarding Article 23 of the Convention, this request should not be construed as one requiring the entity or individuals identified in Appendix A hereto (i) to identify the documents relevant to the Action that are in their possession, custody, or control, or (ii) to produce any documents other than the particular documents specified in Appendix A.

In the proper exercise of its authority, the Court has determined that the requested testimony and documents cannot be secured except by the intervention of the Hague Court.

The particulars of this letter of request are as follows:

| | | |
|---|---|---|
| 1. | Sender: | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |
| 2. | Central Authority of the Requested State: | The District Court in The Hague (Rechtbank Den Haag)<br>Team Administratie Civiel – Algemene Zaken<br>Postbus 20302<br>2500 EH THE HAGUE<br>Netherlands<br>evidence.convention.rb.den.haag@rechtspraak.nl |
| 3. | Person to whom the executed request is to be returned: | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |

| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request: | As soon as practicable. |
|---|---|---|
| | Reason for urgency: | The period for taking depositions of fact witnesses is scheduled to conclude on June 15, 2018. |

In conformity with Article 3 of the Convention, the undersigned has the honor to submit the following request:

| 5. | a. | Requesting judicial authority: | The Honorable Ursula Ungaro<br>United States District Court<br>Southern District of Florida<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 North Miami Avenue<br>Room 12-4<br>Miami, Florida 33128 |
|---|---|---|---|
| | b. | To the competent juridical authority of: | The Netherlands |
| | c. | Names of the case and any identifying number: | *Aleksej Gubarev, et al. v. BuzzFeed, Inc, et al.*, Case No. 1:17-cv-60426-UU (S.D. Fla., filed Feb. 3, 2017). |

| 6. | Names and addresses of the parties and their representatives: | |
|---|---|---|
| | a. | Plaintiffs: | Aleksej Gubarev<br>XBT Holdings S.A.<br>Webzilla, Inc. |
| | b. | Defendants: | BuzzFeed, Inc.<br>Ben Smith<br>11 E. 18th Street, 13th Floor<br>New York, NY 10003 |

3

Attorneys for Defendants:
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

Roy Black
Jared Lopez
Black Srebnick Kornspan & Stumpf
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
Telephone: (305) 371-6421
Facsimile: (305) 358-2006

Of Counsel:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

7.   a.   Nature of the proceedings:
This is a civil action for libel by Aleksej Gubarev, XBT Holdings S.A. and Webzilla, Inc. (collectively, "Plaintiffs") against BuzzFeed, Inc. and its Editor-in-Chief, Ben Smith (collectively, "Defendants").

b.    Summary of Complaint:

Plaintiffs claim that they were defamed by BuzzFeed's publication of an article entitled "These Reports Allege Trump Has Deep Ties to Russia" (the "Article"), which included an embedded document containing a 35-page dossier of information discussing alleged ties between President Donald J. Trump and Russia (the "Dossier"). Plaintiffs assert that they were identified in two sentences in the penultimate paragraph of the Dossier as having been involved in Russian efforts to hack the Democratic National Committee. Plaintiffs seek compensatory damages, and have reserved the right to seek additional punitive damages, together with costs and disbursements. In particular, Plaintiffs claim that following publication of the Article and the Dossier they faced "increased bank scrutiny," had accounts "frozen," and that lenders "threatened to close their accounts altogether."

Plaintiffs have identified Der Lage Landen ("DLL") as one of the financial institutions that allegedly applied additional scrutiny to business dealings with Plaintiffs following the publication of the Article and the Dossier.

c.   Summary of defense:

BuzzFeed claims that the publication of the Article and the Dossier is protected by a fair report privilege pursuant to any applicable state statute, the common law, the First and Fourteenth Amendments to the Constitution of the United States and any applicable state constitution; publication of the Article and the Dossier is protected by a neutral report privilege pursuant to the common law and the First and Fourteenth Amendments to the Constitution of the United States; Plaintiffs cannot establish the falsity of the challenged statements in the Article and Dossier; Plaintiffs are public figures and cannot prove constitutional malice; the Article and Dossier deal with matters within the sphere of legitimate public concern and were not published in a grossly irresponsible (or, in the alternative, negligent) manner; Plaintiffs have not been adversely affected or damaged in any way by publication of the Article; and exemplary or punitive damages are not recoverable because BuzzFeed did not act with either common law malice or constitutional malice; and any claim for exemplary or punitive damages is barred by the due process clause of the Fourteenth Amendment to the Constitution of the United States.  Defendants also maintain that the Court lacks personal jurisdiction over them, in whole or in part.

d.   Other necessary information or documents:

None.

| | | | |
|---|---|---|---|
| 8. | a. | Evidence to be obtained or other judicial act to be performed: | This Court requests that the District Court in The Hague enter an order requiring a representative of the entity named in Appendix A hereto to attend for examination under oath or affirmation and to produce documents at the offices of an examiner appointed by the District Court in The Hague at times and dates to be agreed upon after the execution of this Letter of Request.<br><br>As described above and in Appendix A hereto, the evidence to be obtained from DLL relates to Plaintiffs' claim for damages. |
| | b. | Purpose of the evidence or judicial act sought: | The purpose of the evidence sought is to secure testimony and documents regarding the subject matters described in Appendix A in a form that would be admissible for use at trial in the proceedings in the United States. |
| 9. | | Identity and address of any person to be examined: | See the entity and individuals identified and the subject matter of the information to be provided described in Appendix A. |
| 10. | | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined: | See the entity and individuals identified and the subject matter of the information to be provided described in Appendix A. |
| 11. | | Documents or property to be inspected: | See the documents and subject matter described in Appendix A. |
| 12. | | Any requirement that the evidence be given on oath or affirmation and any special form to be used: | Any representative of the entity identified in Appendix A should be examined under oath or affirmation, and/or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of the Netherlands for the formal taking of evidence. |

7

13.   Special methods or procedure to be
      followed:

It is requested that:

i)  The parties' representatives or their
designees, the U.S. and Dutch attorneys for
the parties and the witnesses, and a
stenographer and a videographer be
permitted to be present during the
examinations;

ii)  There be excluded from the
examinations, if permitted under Dutch law,
all persons other than the person appointed
by the District Court in The Hague to
supervise the examination of the entity
named in Appendix A; other officials of
any Dutch court normally present during
such proceedings; and the individuals listed
in clause (i) of this section;

iii)  The examinations be conducted by
Dutch counsel as instructed by Davis
Wright Tremaine LLP, counsel for
defendants BuzzFeed and Ben Smith, with
cross-examination by Dutch counsel as
instructed by Boston Law Group, PC,
counsel for Plaintiffs, or by Davis Wright
Tremaine LLP and Boston Law Group, PC,
or as the District Court in The Hague may
direct, with counsel for each party
permitted to place objections on the record;

iv)  A stenographer and/or videographer be
permitted to record verbatim the
examination of a representative of the entity
named in Appendix A; and

v)  The examination be held and the
documents be produced at a date and time
to be agreed with the entity named in
Appendix A after the execution of this
Letter of Request, at the offices of the
examiner appointed by the District Court in
The Hague.

14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:

Please notify the following persons when and where the examination is to be conducted:

i) BuzzFeed, Inc. and Ben Smith

Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

Roy Black
Jared Lopez
Black Srebnick Kornspan & Stumpf
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
Telephone: (305) 371-6421
Facsimile: (305) 358-2006

Of Counsel:
Allison Lucas
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

ii) Aleksej Gubarev, XBT Holdings S.A. and Webzilla, Inc.

Brady James Cobb
Dylan Michael Fulop
Cobb Eddy, PLLC
642 Northeast 3rd Avenue
Fort Lauderdale, FL 33304
Telephone: (954) 527-4111

Evan Fray-Witzer
Ciampa, Fray-Witzer, LLP
20 Park Plaza
Suite 505

Boston, MA 02116
Telephone: (617) 426-0000

Valentin Gurvits
Matthew Shayefar
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1800

| | | |
|---|---|---|
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | None. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin: | There shall be no limitation on the rights to assert any privileges or protections that may be available to the deponent or the parties. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | The parties shall in equal parts bear such fees and costs which are reimbursable under the Convention. |

Payment of such fees and costs in accordance with this Letter of Request is without prejudice to any party making a subsequent application to an appropriate court for reimbursement.

DATE OF REQUEST:                 4/20 2018

SIGNATURE AND SEAL OF THE
REQUESTING AUTHORITY:

The Honorable Ursula Ungaro
United States District Court Judge

10

## APPENDIX A

## PERSON TO BE EXAMINED AND PRODUCE DOCUMENTS AND THE SUBJECT MATTER OF THE INFORMATION TO BE PROVIDED

1.   Name and Address of Entity and Individuals to be Examined:

De Lage Landen International B.V.
Vestdijk 51
5611 CA Eindhoven
The Netherlands

Marc van de Laarschot
Jules Van Kempen
Account Manager, Vendor Finance
DLL
Vestdijk 51
5611 CA Eindhoven
The Netherlands
Marc.vandelaarschot@dllgroup.com
Jules.vankempen@dllgroup.com

2.   Subject Matter of Testimony and Documents:

Marc van de Laarschot, Jules van Kempen and/or another representative of DLL with knowledge of the subject matter described herein will be questioned about the following subjects:

   (a)   DLL's scrutiny or review of its business deals or financing arrangements with any Plaintiff and/or their affiliates XBT Holding Ltd, Webzilla B.V., and Webzilla Ltd (each a "Related Entity") for potential unlawful activity from January 1, 2017 to the present;

   (b)   Any instance in which DLL has cancelled or declined business deals or financing arrangements with any Plaintiff or Related Entity from January 1, 2017 to the present;

   (c)   Any communications between DLL, on the one hand, and any Plaintiff or any representative or agent of a Plaintiff or a Related Entity (including but not limited to Martin Lassally of CTE Products & Leasing B.V.) (a "Plaintiff's Agent"), on the other, regarding the publication of the Article, the Dossier, or any statement contained therein; and

   (d)   Any communications between DLL, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding the instant lawsuit and/or *XBT Holding SA v. Steele* (Claim No. HQ17D00413), a related lawsuit brought in

1

London by XBT and two of its affiliates against the Dossier's author (the "London Action").

<u>DLL will be asked to produce the following documents:</u>

(e)     Any communications since January 1, 2017 between DLL, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding DLL's scrutiny or review of its business deals or financing arrangements with any Plaintiff on Related Entity for potential unlawful activity;

(f)     All documents concerning any instance in which DLL has cancelled or declined business deals or financing arrangements with any Plaintiff or Related Entity from January 1, 2017 to the present;

(g)     Any communications between DLL, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding the publication of the Article, the Dossier, or any statement contained therein; and

(h)     Any communications between DLL, on the one hand, and any Plaintiff, Related Entity, or Plaintiff's Agent, on the other, regarding the instant lawsuit and/or the London Action.

3.    <u>Relevance</u>

The testimony and the documents to be provided by DLL are materially relevant to Plaintiffs' claims for damages. Plaintiffs assert that following publication of the Article and the Dossier they faced "increased bank scrutiny," had bank accounts "frozen," and that banks "threatened to close their accounts altogether." Plaintiffs have also produced a limited number of communications with DLL concerning reviews of their accounts subsequent to the publication of the Article and the Dossier.

Specifically, Plaintiffs have produced several emails from representatives of DLL shortly after the publication of the Article in 2017 stating that they were not able to engage in new business deals with Plaintiffs "until further notice resulting from internal procedures." Accordingly, the requested testimony and documents are relevant to assess Plaintiffs' allegations that their relationships with lenders were damaged as a result of the Article's publication.