**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.

Case No.:
17-cv-60426-UU

## PARTIES' JOINT STATUS REPORT

Pursuant to this Court's August 9, 2018 Order [D.E. 185], Plaintiffs Aleksej Gubarev, XBT Holding, S.A., and Webzilla, Inc. ("Plaintiffs") and Buzzfeed, Inc. ("Buzzfeed") and Ben Smith ("Mr. Smith")(collectively, the "Defendants"), by and through undersigned counsel, hereby submit the following Status Report:

### Status of Discovery

The Parties have only two remaining depositions, both of which are scheduled to take place at the end of August. In addition, on August 3, 2018, Judge Mehta ordered the United States Government to provide written answers to three specific questions, discussed in more detail by the Parties, below. All other discovery is now complete, except as noted below. The Parties provide additional information, below.

Since the Parties last appeared before this Court, the following has occurred:

### Steele Deposition

The deposition of Christopher Steele took place in London on June 18, 2018 in London.

Plaintiffs have this week received the official copy of the transcript of Mr. Steele's deposition and will next week provide a copy of the same to the Court under seal as previously requested.

Plaintiffs also wish to inform the Court that they have received a formal request from the Senate Judiciary Committee for a copy of the transcript and video of the deposition, as well as the exhibits utilized at Mr. Steele's deposition. *See* **Exhibit 1**. Because this request was only submitted to Plaintiffs' counsel, the following discussion of that request is only submitted on behalf of Plaintiffs, rather than jointly.

Pursuant to the terms of the Amended Protective Order in place in this case, Plaintiffs provided notice of this request to the attorneys for Mr. Steele and Mr. Kramer (whose confidential deposition testimony was an exhibit at the Steele Deposition). *See* **Exhibit 2**. Pursuant to the terms of the Protective Order, if a designating party (in this case, Mr. Steele and Mr. Kramer) does not want the recipient of a Government Request to produce the requested documents, the designating party must file a motion or application for a protective order with this Court. Although counsel for both Mr. Steele and Mr. Kramer have voiced their objections to production, neither has filed any motion or application with this Court. At the request of Attorney Marcos Jimenez, Plaintiffs agreed not to produce any responsive materials until August 20, 2018, to give Mr. Kramer the opportunity to file a motion or application with this Court if he so desired.

Mr. Steele's counsel has taken the unusual position that a request from the Chairman of the Senate Judiciary Committee on Committee letterhead, copied to the minority leader of the Committee, requesting materials for the Committee is not actually a request from a government committee. *See* correspondence at **Exhibit 3**. Mr. Kramer's counsel has taken the position that documents cannot be produced to the Senate Judiciary Committee unless Plaintiffs secure an

agreement from the Committee to keep produced materials confidential.  *See* correspondence at **Exhibit 4.**  Although the Protective Order contains neither a requirement that the government keep produced materials confidential nor an obligation for the Plaintiffs to seek such an agreement, counsel nevertheless communicated Attorney Jimenez's concerns to the Senate Judiciary Committee, inviting the parties to seek a resolution as they saw fit and again reiterating that Plaintiffs would abide by the terms of the Protective Order and any Order issued by this Court.  *See* correspondence at **Exhibit 5.**  Again, as of the date of this Status Report, neither Mr. Steele nor Mr. Kramer have sought relief from this Court.

In the absence of either designating party filing a motion with this Court (or instruction from the Court acting *sua sponte*), Plaintiffs will produce the requested documents to the Senate Judiciary Committee on August 21, 2018.

### Anthony Ferrante Deposition

On July 27, 2018, Plaintiffs took the deposition of Defendants' Expert Witness, Anthony Ferrante. In the course of the deposition, several privilege objections were raised to certain questions.  As a result, Mr. Ferrante's deposition was suspended with respect to those questions. Because Mr. Ferrante's Deposition transcript is currently designated as confidential, the precise nature of the objections is not detailed here.  In the interest of keeping the Court informed of the issue, however, Plaintiffs will provide the Court with a sealed exhibit containing the relevant portions of the Ferrante deposition transcript.  If the parties are unable to resolve the dispute, . Plaintiffs intend to seek to compel Mr. Ferrante to answer the questions posed at his deposition for which he was instructed not to answer.

**Fusion GPS Deposition**

The Parties and Fusion have agreed that Fusion GPS will sit for its deposition on August 30, 2018 in Washington, D.C.

**Dr. Eric Cole**

The Parties have agreed that the deposition of Dr. Eric Cole, a cybersecurity rebuttal expert retained by Plaintiffs, will occur on August 29, 2018 in Washington, D.C.

**U.S. Government Discovery**

On August 3, 2018, Judge Mehta entered in order on Buzzfeed's Motion to Compel the Department of Justice to respond to discovery requests. A copy of Judge Mehta's Order is attached as **Exhibit 6.** In partially allowing Buzzfeed's motion, Judge Mehta ordered the Department of Justice as follows:

> *The Government shall produce a sworn affidavit that is responsive to the three narrowed topics of testimony set forth in BuzzFeed's Status Report dated March 1, 2018, as modified below, within three business days of entry of the protective order in the Florida litigation, see infra. In the exercise of its discretion, see Watts, 482 F.3d at 509, the court has reworded the three inquires to increase the likelihood of a simple "yes" or "no" response. For purposes of these interrogatories, the term "Dossier" shall mean the 35 pages published by BuzzFeed as embedded in the Article.*
>
> *Revised Narrowed Topic No. 3: The Government need only respond to one of the following and shall specify in its affidavit whether it is answering (A) or (B):*
>
> *(A) Prior to 5:20 p.m. EST on January 10, 2017, did the FBI and/or any of the other Defendant agencies possess the two-page memorandum contained within the Dossier dated December 13, 2017, i.e., Report 2016/166?*
>
> *(B) Prior to 5:20 p.m. EST on January 10, 2017, did the FBI and/or any of the other Defendant agencies possess all 35 pages of the Dossier?*
>
> *Revised Narrowed Topic No. 7: Did the FBI receive from Senator John McCain a copy of the first 33 pages of the Dossier (i.e., all pages other than Report 2016/166) on or about December 9, 2016?*

- 5 -

> *Revised Narrowed Topic No. 8: Did Mr. Clapper, Mr. Rogers, Mr. Brennan, and/or Mr. Comey, before January 10, 2017, brief President Obama about allegations contained in the Dossier?*

Judge Mehta's decision also ordered Defendants and the Government to submit a protective order to this Court by August 24, 2018 containing several terms specified in his decision.  The Department of Justice has not yet indicated if it will appeal this decision.  It is Plaintiffs' contention that, even if the Department of Justice complies with Judge Mehta's Order, it will not provide the Defendants with the facts needed to succeed on a Fair Report defense, given that there will still be no evidence that President Obama was briefed on either the allegations concerning the Plaintiffs or the December memo as a whole.  Defendants state that for purposes of a status report, they do not deem it necessary to address matters that go to the merits of this case.

Date: August 10, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*

/s/ Katherine M. Bolger
Katherine M. Bolger (*pro hac vice*)
Nathan Siegel (*pro hac vice*)
Adam Lazier (*pro hac vice*)
Alison Schary (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
BLACK, SREBNICK, KORNSPAN &
STUMPF, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*