**evan@cfwlegal.com**

| | |
|---|---|
| **From:** | evan@cfwlegal.com |
| **Sent:** | Wednesday, August 8, 2018 1:35 PM |
| **To:** | 'Davis, Patrick (Judiciary-Rep)'; 'Val Gurvits'; 'Marcos Jimenez'; 'Eikhoff, Christy Hull' |
| **Cc:** | 'Foster, Jason (Judiciary-Rep)'; 'Sawyer, Heather (Judiciary-Dem)'; 'Kate Bolger' |
| **Subject:** | Letter from Chairman Grassley - Steele Deposition |

Patrick:

As you know, Val Gurvits and I represent Alex Gubarev, XBT Holding, and Webzilla in connection with an action pending in the Southern District of Florida.

On July 25, 2018, you sent an email to Val attaching a letter from Senator Grassley on behalf of the Senate Judiciary Committee requesting that we provide you with a copy of Christopher Steele's deposition transcript and all exhibits from that deposition. As you are aware, Mr. Steele's deposition was designated as Confidential pursuant to the terms of the Amended Protective Order. Section 16 of that Order states:

> Any party or person receiving Confidential and/or Attorneys' Eyes Only Information covered by this Agreement that receives a subpoena, request from a government agency or committee, or becomes subject to an order for production or disclosure of Confidential and/or Attorneys' Eyes Only Information shall, within two (2) days of receipt thereof, give written notice by facsimile or electronic transmission to the source of the Confidential and/or Attorneys' Eyes Only Information identifying the information sought and attaching a copy of the order, subpoenas, government agency or committee request, or other legally-mandated request. The person subject to the subpoena, request or order of any court, arbitrator, attorney, government agency or like entity shall not produce or disclose the requested information without consent of the source of the information or until ordered by a court of competent jurisdiction to do so, provided that the source makes a motion or other application for relief from the subpoena or other request in the appropriate forum, within ten (10) days of being provided with notice pursuant to this section.

Pursuant to that section, we provided a copy of the Chairman's letter to Attorney Christy Hull Eikhoff (copied here), as attorney for Christopher Steele and Attorney Marcos Jimenez (copied here), as attorney for David Kramer. Attorney Jimenez was provided with notice under the Protective Order because Mr. Kramer's deposition transcript, which has also been designated as Confidential under the Amended Protective Order, was used an exhibit at Mr. Steele's deposition.

In response to our notification, Attorney Jimenez has articulated his position that, before any materials can be provided to the Committee, the Senate Judiciary Committee must agree to be bound by the Confidentiality provisions of the Amended Protective Order. We have informed Attorney Jimenez that it is not our place to take a position one way or another on whether the Committee is obligated to enter into such an agreement in order to secure the production of the requested documents, nor is it our obligation to seek such an agreement. It is our position that the Protective Order requires only that we provide appropriate notice, which we have done.

Nevertheless, in the interest of expediting a resolution of this matter, I am connecting you with Attorneys Jimenez and Eikhoff by way of this email so that you may discuss the issue directly as you see fit.

It is the Plaintiffs' intent to comply fully with the Committee's request, to the extent we are permitted to do so by the terms of the Amended Protective Order and in compliance with whatever Order Messrs. Steele or Kramer may obtain from the Court or whatever agreement you might otherwise reach with one another.

Evan

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

**evan@cfwlegal.com**

| | |
|---|---|
| **From:** | Eikhoff, Christy Hull <Christy.Eikhoff@alston.com> |
| **Sent:** | Thursday, August 9, 2018 10:48 AM |
| **To:** | evan@cfwlegal.com; 'Davis, Patrick (Judiciary-Rep)'; 'Val Gurvits'; 'Marcos Jimenez' |
| **Cc:** | 'Foster, Jason (Judiciary-Rep)'; 'Sawyer, Heather (Judiciary-Dem)'; 'Kate Bolger' |
| **Subject:** | RE: Letter from Chairman Grassley - Steele Deposition |
| **Attachments:** | Amended Protective Order.pdf; Letter to V. Gurvits.pdf |

Counsel,

I write on behalf of my client, Christopher Steele.

Mr. Steele was compelled to give limited testimony as a third party witness in *Gubarev, et al. v. Buzzfeed, Inc., et al.* Case No. 17-cv-60426, S.D. Fla., Ungaro, J.  The Court in that case has entered an Amended Confidentiality Stipulation and Protective Order ("CPO") that governs all proceedings, including third party discovery.  The entirety of the CPO is attached.  As a "Producing Party" within the scope of the CPO, Mr. Steele designated the entirety of his deposition, including the signed written transcript with the requisite errata (without which the transcript is incomplete), and the video recording, as "Attorneys' Eyes Only," which is the highest level of confidentiality protection available under the CPO.  Thus, Mr. Fray-Witzer's statement below that it was designated simply "Confidential" is incorrect.

The exclusion of the Gubarev parties themselves from access to the testimony is of paramount importance because the same parties are simultaneously pursuing a legal action in the U.K. against Mr. Steele in which pre-trial testimony from the adverse party is not permitted.  Thus, the Gubarev parties' pursuit of testimony from Mr. Steele as a third party in its U.S. action against Buzzfeed is an attempted end-run around their limitations in the British proceedings, and would serve to give them an improper strategic advantage.

Upon receipt of the notice of Sen. Grassley's request (which came to me indirectly through British co-counsel), I sent the attached letter to Mr. Gurvits and Mr. Fray-Witzer stating that the provision of the deposition materials to Sen. Grassley was impermissible under the CPO.  Mr. Fray-Witzer responded in disagreement with our position, and stated his intention to provide the materials anyway.  To be clear, this is a decision that is being made at the attorney, not the party, level.  Assuming, as we must, that the parties are complying with the Attorneys' Eyes Only designation, neither Mr. Gubarev nor any of his related corporate entities should have access to the materials at issue.  They are only held by the attorneys, and the decision to provide those materials to Sen. Grassley, over our objection, is their own.

These highly confidential materials were generated in civil proceedings over which the U.S. District Court presides and has restricted distribution of these materials by court order.  Any voluntary distribution of these materials without the continued protections mandated by the Court violates that order.  Mr. Fray-Witzer should refrain from producing any of the requested materials unless and until it is established that the production is permissible under the CPO, and if so, that confidential treatment will continue.
 Publication of the materials by this Committee, or any member thereof, would be an affront to the protections imposed by the U.S. District Court in its jurisdiction over these civil proceedings and discovery materials.


Christy Hull Eikhoff
Alston & Bird, LLP
404-881-4496 direct
404-881-7000 main
Assistant: Scott Bobo (scott.bobo@alston.com)
Christy.eikhoff@alston.com

1

**From:** evan@cfwlegal.com [mailto:evan@cfwlegal.com]
**Sent:** Wednesday, August 8, 2018 1:35 PM
**To:** 'Davis, Patrick (Judiciary-Rep)' <Patrick_Davis@judiciary-rep.senate.gov>; 'Val Gurvits' <vgurvits@bostonlawgroup.com>; 'Marcos Jimenez' <mdj@mdjlegal.com>; Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Cc:** 'Foster, Jason (Judiciary-Rep)' <Jason_Foster@judiciary-rep.senate.gov>; 'Sawyer, Heather (Judiciary-Dem)' <Heather_Sawyer@judiciary-dem.senate.gov>; 'Kate Bolger' <KateBolger@dwt.com>
**Subject:** Letter from Chairman Grassley - Steele Deposition

Patrick:

As you know, Val Gurvits and I represent Alex Gubarev, XBT Holding, and Webzilla in connection with an action pending in the Southern District of Florida.

On July 25, 2018, you sent an email to Val attaching a letter from Senator Grassley on behalf of the Senate Judiciary Committee requesting that we provide you with a copy of Christopher Steele's deposition transcript and all exhibits from that deposition. As you are aware, Mr. Steele's deposition was designated as Confidential pursuant to the terms of the Amended Protective Order. Section 16 of that Order states:

> Any party or person receiving Confidential and/or Attorneys' Eyes Only Information covered by this Agreement that receives a subpoena, request from a government agency or committee, or becomes subject to an order for production or disclosure of Confidential and/or Attorneys' Eyes Only Information shall, within two (2) days of receipt thereof, give written notice by facsimile or electronic transmission to the source of the Confidential and/or Attorneys' Eyes Only Information identifying the information sought and attaching a copy of the order, subpoenas, government agency or committee request, or other legally-mandated request. The person subject to the subpoena, request or order of any court, arbitrator, attorney, government agency or like entity shall not produce or disclose the requested information without consent of the source of the information or until ordered by a court of competent jurisdiction to do so, provided that the source makes a motion or other application for relief from the subpoena or other request in the appropriate forum, within ten (10) days of being provided with notice pursuant to this section.

Pursuant to that section, we provided a copy of the Chairman's letter to Attorney Christy Hull Eikhoff (copied here), as attorney for Christopher Steele and Attorney Marcos Jimenez (copied here), as attorney for David Kramer. Attorney Jimenez was provided with notice under the Protective Order because Mr. Kramer's deposition transcript, which has also been designated as Confidential under the Amended Protective Order, was used an exhibit at Mr. Steele's deposition.

In response to our notification, Attorney Jimenez has articulated his position that, before any materials can be provided to the Committee, the Senate Judiciary Committee must agree to be bound by the Confidentiality provisions of the Amended Protective Order. We have informed Attorney Jimenez that it is not our place to take a position one way or another on whether the Committee is obligated to enter into such an agreement in order to secure the production of the requested documents, nor is it our obligation to seek such an agreement. It is our position that the Protective Order requires only that we provide appropriate notice, which we have done.

Nevertheless, in the interest of expediting a resolution of this matter, I am connecting you with Attorneys Jimenez and Eikhoff by way of this email so that you may discuss the issue directly as you see fit.

It is the Plaintiffs' intent to comply fully with the Committee's request, to the extent we are permitted to do so by the terms of the Amended Protective Order and in compliance with whatever Order Messrs. Steele or Kramer may obtain from the Court or whatever agreement you might otherwise reach with one another.

Evan

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.