# EXHIBIT A

ORRIN G. HATCH, UTAH
LINDSEY O. GRAHAM, SOUTH CAROLINA
JOHN CORNYN, TEXAS
MICHAEL S. LEE, UTAH
TED CRUZ, TEXAS
BEN SASSE, NEBRASKA
JEFF FLAKE, ARIZONA
MIKE CRAPO, IDAHO
THOM TILLIS, NORTH CAROLINA
JOHN KENNEDY, LOUISIANA

DIANNE FEINSTEIN, CALIFORNIA
PATRICK J. LEAHY, VERMONT
RICHARD J. DURBIN, ILLINOIS
SHELDON WHITEHOUSE, RHODE ISLAND
AMY KLOBUCHAR, MINNESOTA
CHRISTOPHER A. COONS, DELAWARE
RICHARD BLUMENTHAL, CONNECTICUT
MAZIE K. HIRONO, HAWAII
CORY A. BOOKER, NEW JERSEY
KAMALA D. HARRIS, CALIFORNIA

**United States Senate**
COMMITTEE ON THE JUDICIARY
WASHINGTON, DC 20510-6275

July 25, 2018

**VIA ELECTRONIC TRANSMISSION**

Valentin Gurvits, Esq.
Boston Law Group, PC
825 Beacon Street Suite 20
Newton Centre, MA 02459

Re:   Deposition of Christopher Steele in *Gubarev et al. v. BuzzFeed, Inc., et al.*, 0:17-cv-60426 (D. Fl.)

Mr. Gurvits:

According to press reports, Christopher Steele was recently deposed as part of the ongoing litigation between your client, Mr. Gubarev, and *BuzzFeed*.[1] The press reports further indicate that his videotaped deposition was designated as confidential under the Amended Protective Order in place in Mr. Gubarev's lawsuit. As you know, paragraph 16 of that Amended Protective Order specifically includes a process for the parties to disclose material designated as confidential in response to a request by a Congressional Committee.[2] Accordingly, please produce to the Senate Committee on the Judiciary the transcript and video of Mr. Steele's deposition, as well as any exhibits used during the deposition and all other discovery materials received from Mr. Steele.

The Senate Committee on the Judiciary has been investigating a number of issues connected to Mr. Steele's dossier, including: the FBI's relationship with Mr. Steele relating to

---

[1] Pamela K. Browne, Cyd Upson, *Christopher Steele Appears for Court-Ordered Deposition in London*, FOX NEWS (June 18, 2018); Joe Pompeo, *"Mr. Steele Appeared": The Ex-Spy Behind the Infamous Golden-Shower Dossier Gets Deposed in London*, VANITY FAIR (June 19, 2018).

[2] Specifically, paragraph 16 states: "Any party or person receiving Confidential and/or Attorneys' Eyes Only Information covered by this Agreement that receives a subpoena, **request from a government agency or committee**, or becomes subject to an order for production or disclosure of Confidential and/or Attorneys' Eyes Only Information shall, within two (2) days of receipt thereof, give written notice by facsimile or electronic transmission to the source of the Confidential and/or Attorneys' Eyes Only Information identifying the information sought and attaching a copy of the order, subpoena, government agency or **committee request**, or other legally-mandated request. The person subject to the subpoena, request or order of any court, arbitrator, attorney, government agency or like entity shall not produce or disclose the requested information without consent of the source of the information or until ordered by a court of competent jurisdiction to do so, provided that the source makes a motion or other application for relief from the subpoena or other request in the appropriate forum, within ten (10) days of being provided with notice pursuant to this section." Amended Confidentiality Stipulation and Protective Order at 8, *Gubarev, et al. v. Buzzfeed, Inc., et al.*, 17-cv-60426 (D. Fl. Dec. 8, 2017), ECF No. 97 (emphasis added).

Case 0:17-cv-60426-UU   Document 192-1   Entered on FLSD Docket 08/21/2018   Page 3 of 4

Mr. Gurvits
July 25, 2018
Page 2 of 3

his dossier work; the FBI's reliance on Mr. Steele's dossier in applications for surveillance under the Foreign Intelligence Surveillance Act; the FBI's sworn statements to the Foreign Intelligence Surveillance Court (FISC) about Mr. Steele's clients, sources, methods, and credibility; the FBI's sworn statements to the FISC about Mr. Steele's description to the FBI of his interactions with the media; Mr. Steele's post-election dossier work and interactions with the Justice Department; and additional related issues, several of which remain classified.[3] These areas of inquiry are squarely within the Committee's jurisdiction.[4]

It is my understanding that Mr. Steele has refused all Congressional attempts to interview him.[5] Thus, this information is otherwise unavailable. Even if Mr. Steele had been willing to speak with Congressional committees, the Judiciary Committee would nonetheless still need access to the materials requested above. The consistency of sworn descriptions of Mr. Steele's dossier project and attendant media contacts is particularly relevant to the Committee's inquiry.[6] In light of this, the Committee needs to acquire all his sworn statements on these issues, including his deposition and associated materials in your litigation.

---

[3] *E.g.*, Letter from Chairman Grassley to FBI (Mar. 6, 2017) (Agreement to Pay Steele); Letter from Chairman Grassley to Fusion GPS (Mar. 24, 2017) (Trump Dossier); Letter from Chairman Grassley to FBI (Apr. 28, 2017) (Material Inconsistencies in Steele Information); Letter from Senators Grassley, Feinstein, Graham, and Whitehouse to Fusion FPS (July 19, 2017) (Steele Dossier Document Request); Letter from Chairman Grassley and Chairman Graham to FBI (Oct. 4, 2017) (Steele Dossier in Foreign Intelligence); Letter and Memorandum from Chairman Grassley and Chairman Graham to Deputy Attorney General Rosenstein and Director Wray (Jan. 4, 2018) (Referral of Mr. Steele Regarding Statements to the FBI on Dossier-Related Media Contact); Letter from Chairman Grassley and Chairman Graham to DNC (Jan. 25, 2018) (Steele Dossier); Letter from Chairman Grassley to Hauser (Feb. 9, 2018) (Business with Mr. Steele and Mr. Deripaska); Letter from Chairman Grassley to Waldman (Feb. 26, 2018) (Mr. Steele, Mr. Deripaska, and Mr. Jones); Letter from Chairman Grassley to Justice Department (May 21, 2018) (Ohr Communications with Steele). These letters are available at https://www.judiciary.senate.gov/library.

[4] As established in Senate Rule XXV(1)(1), the Senate Judiciary Committee's jurisdiction includes: espionage; civil liberties; federal courts; judicial proceedings, civil and criminal generally. Each of these areas of jurisdiction is implicated in the Committee's investigation.

[5] The House Permanent Select Committee on Intelligence and the Senate Select Committee on Intelligence have both attempted to interview Mr. Steele. While the Senate Judiciary Committee has not written Mr. Steele to request an interview, it has reviewed non-public materials demonstrating Mr. Steele's resistance to this Committee's investigation as well.

[6] *See e.g.*, Letter and Memorandum from Chairman Grassley and Chairman Graham to Deputy Attorney General Rosenstein and Director Wray (Jan. 4, 2018) (Referral of Mr. Steele Regarding Statements to the FBI on Dossier-Related Media Contact) available at: https://www.judiciary.senate.gov/imo/media/doc/2018-02-06%20CEG%20LG%20to%20DOJ%20FBI%20(Unclassified%20Steele%20Referral).pdf

<div style="text-align: right;">
Mr. Gurvits<br>
July 25, 2018<br>
Page 3 of 3
</div>

Thank you for your attention to this important matter. Please produce the requested materials to the Committee as soon as possible under the terms of the Amended Protective Order. If you have any questions, please contact Patrick Davis of my staff at (202) 224-5225.

Sincerely,

*Chuck Grassley*

Charles E. Grassley
Chairman

cc: The Honorable Dianne Feinstein
Ranking Member
Committee on the Judiciary
United States Senate

Adam Lazier, Esq.
Counsel of Record for BuzzFeed, Inc.
Davis Wright Tremaine, LLC