UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ALEKSEJ GUBAREV, XBT HOLDING, S.A. and WEBZILLA, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BUZZFEED, INC., AND BEN SMITH,<br><br>*Defendants*. | Case No. 1:17-cv-60426-UU |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the Defendants BuzzFeed, Inc. and Ben Smith ("Defendants") have requested testimony from the Federal Bureau of Investigation ("FBI") for Defendants' use in the above-captioned matter;

WHEREAS, following proceedings in *BuzzFeed v. U.S. Dep't of Justice*, No. 17-mc-2429 (D.D.C.), the U.S. District Court for the District of Columbia ordered the FBI to provide an affidavit responding to limited and specific topics for Defendants' use in the above-captioned matter, *see* ECF No. 33 (Mem. Op. and Order of Aug. 3, 2018), at 24-25 (hereinafter, "the Affidavit");

WHEREAS, the FBI desires to maintain the confidentiality of the information provided in the Affidavit, as the disclosure of such information would reveal information that is protected by privilege or is otherwise sensitive,

WHEREAS, the U.S. District Court for the District of Columbia ordered that, "to protect both the litigant's right to evidence and the government's interest in not being used as a speakers' bureau for private litigants, the affidavit submitted by the Government Respondents shall be

produced subject to a protective order," *id.* at 25, and that such an order should "include at a minimum, the following conditions:

> (1) BuzzFeed may use the affidavit on an "Attorneys' Eyes Only" basis solely to support its defense in the Florida litigation; (2) the affidavit may be disclosed to the Florida plaintiffs on an "Attorneys' Eyes Only" basis, upon the plaintiffs' counsel's agreement to be bound by the protective order; (3) unless the Florida court orders otherwise, the affidavit shall be filed under seal if used in connection with any motions practice; and (4) unless the Florida court orders otherwise, the affidavit's use at a hearing or trial will be subject to use restrictions agreed-upon by BuzzFeed and the Government Respondents."

*Id.*;

AND WHEREAS, good cause exists for entry of a protective order of confidentiality;

NOW THEREFORE, the Government and the Defendants, by their undersigned counsel, hereby stipulate and agree as follows, and respectfully request that the Court so order:

1. This Protective Order shall be applicable to and govern the Affidavit.

2. Subject to the additional provisions below, the FBI and the parties to this matter shall not disclose, disseminate, or deliver the Affidavit, or the information contained therein, to anyone other than the following:

   a. Attorneys for the Defendants who have a legitimate need for access to the Affidavit in connection with this action, including attorneys of record or of counsel to a party and in-house counsel, and their partners and associate attorneys, and any litigation assistant, paralegal, stenographic secretarial or clerical personnel assisting counsel in this action on a need-to-know basis;

   b. Attorneys for the Plaintiffs in this action who have a legitimate need for access to the Affidavit in connection with this action, including attorneys of record or of counsel to a party and in-house counsel, and their partners and associate

        attorneys, and any litigation assistant, paralegal, stenographic secretarial or clerical personnel assisting counsel in this action, on a need-to-know basis, subject to Plaintiffs' counsel's agreement to be bound by this Stipulation and Protective Order and execution of the Acknowledgement attached hereto as Appendix A;

   c. The Court and its support personnel, including court reporters responsible for transcribing or recording court proceedings in this action;

   d. Any other person whom the Government and Defendants agree, in advance and in writing, may receive the Affidavit, subject to such person's agreement to be bound by this Stipulation and Protective Order and execution of the Acknowledgement attached hereto as Appendix A.

3. All signed acknowledgments in the form attached hereto as Appendix A shall be retained by counsel for the party that made the disclosure, and a copy of the signed acknowledgement shall be given to the person who signed it.

4. No person referred to in paragraph 2(a) through 2(d) above who has received the Affidavit shall disclose the Affidavit or the information contained therein to any other person except as permitted by this Stipulation and Protective Order.

5. All persons referred to in paragraph 2(a) through 2(d) above who have received the Affidavit shall safeguard such material and the information contained therein in order to prevent its disclosure beyond that permitted by the terms of this Stipulation and Protective Order.

6. Unless the Court orders otherwise, to the extent that any person or entity intends to discuss the contents of the Affidavit in a brief, memorandum, pleading or other

submission, such portion of the submission may be submitted only with a motion to file under seal. If permission to file under seal is granted, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall not contain information from the Affidavit and shall note the redaction of references to such material. The confidential version of the submission shall be a full and complete version of the submission and shall be filed with the Clerk under seal. Any derivative document – including briefs, memoranda, pleadings, or other submissions – referencing or discussing the Affidavit or its contents must include a header "Subject to Protective Order of [DATE]."

7. Unless the Court orders otherwise, to the extent that any person or entity intends to use the Affidavit at any hearing, trial, or other proceeding, that party shall confer with the Government and attempt to agree in writing, before any hearing, trial, or other proceeding, on the procedure and/or use-restrictions under which the Affidavit may be introduced into evidence or otherwise used at such hearing, trial, or other proceeding. Absent agreement with the Government, the person or entity that intends to use the Affidavit shall seek an order governing the use of the Affidavit at any such proceeding upon at least seven (7) days' written notice to the Government and all other parties.

8. Any person or entity, other than the Court, possessing the Affidavit shall destroy the Affidavit and/or any derivative material or return it to counsel for the Government upon ceasing involvement with this action, or within 45 calendar days after the termination of this action. If the person chooses to destroy the Affidavit rather than returning it, the person shall provide written certification of such destruction to counsel for the Government.

9. Any person or entity receiving the Affidavit pursuant to this Stipulation and Protective Order that receives a subpoena, request from a government agency or committee, or becomes subject to an order for production or disclosure of the Affidavit or the contents of it shall, within two (2) days of receipt thereof, give written notice by electronic transmission to the Government identifying the information sought and attaching a copy of the order, subpoena, government agency or committee request, or other legally-mandated request. The person or entity subject to the subpoena, request or order of any court, arbitrator, attorney, government agency or like entity shall not produce or disclose the requested information without written consent of the Government or until ordered by a court of competent jurisdiction to do so, provided that the source makes a motion or other application for relief from the subpoena or other request in the appropriate forum, within ten (10) days of being provided with notice pursuant to this section.

10. Nothing in this Stipulation and Protective Order shall be understood as waiving any of the FBI's rights or objections to any future request by the parties for additional documents or information.

11. Nothing in this Stipulation and Protective Order shall prohibit the United States, or any agency, department, officer, or employee thereof, from using or disclosing the Affidavit for any purposes authorized by law.

12. Any person or entity receiving the Affidavit in accordance with paragraph 2 of this Stipulation and Protective Order agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceeding in relation to this Stipulation and Order.

13. The terms of this Stipulation and Protective Order shall be binding upon all persons referred to in paragraph 2 above.

14. The termination of this action shall not relieve any person of his or her obligations under this Stipulation and Protective Order.

15. This Stipulation and Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Stipulation and Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or non-party.

Respectfully submitted this 24th day of August, 2018,

/s/ Jared Lopez
Roy Black
Jared Lopez
BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

Katherine M. Bolger (admitted *pro hac vice*)
Nathan Siegel (admitted *pro hac vice*)
Adam Lazier (admitted *pro hac vice*)
Alison Schary (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1254 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 489-8230 (tel.)
(212) 489-8340 (fax)
KateBolger@dwt.com
NathanSiegel@dwt.com
Adam Lazier@dwt.com
AlisonSchary@dwt.com

CHAD A. READLER
Acting Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

/s/ Anjali Motgi
ANJALI MOTGI (TX Bar # 24092864)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
(202) 305-0879 (tel.)
(202) 616-8470 (fax)
Anjali.motgi@usdoj.gov

*Counsel for the Government*

*Counsel for the Defendants*

DONE and ORDERED in chambers at Miami, Florida, this 24 day of AUGUST, 2018

_____
UNITED STATES DISTRICT JUDGE
MAGISTRATE

## APPENDIX A: ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in the United States District Court for the District of Columbia in the above-captioned action, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive termination of this case and are permanently binding and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

_____

Signature

_____

Print Name

_____

Date