# Exhibit 2

**evan@cfwlegal.com**

| | |
|---|---|
| **From:** | Marcos Jimenez <mdj@mdjlegal.com> |
| **Sent:** | Wednesday, August 8, 2018 11:08 AM |
| **To:** | evan@cfwlegal.com |
| **Cc:** | Val Gurvits; Kate Bolger; John Byrne; James Bryan; Jordi Martinez-Cid |
| **Subject:** | Re: Correspondence to Valentin Gurvits Re Grassley Request for Deposition Materials |

Thank you for your respective lectures but your earlier email this morning didn't answer my question about the enlargement of time. Kate did answer.

You have also demonstrated a willingness to unnecessarily attach Mr. Kramer's deposition to other documents, like your prior motion for judgment on the pleadings. The court agreed that Mr. Kramer's deposition testimony was not relevant to any of the other arguments raised in that motion (DE 144 SEALED at 14). You have now attached Mr. Kramer's entire deposition to Steele's. That is a bit unusual. You have also spoken with reporters about my client. Perhaps it's just a coincidence that after months of silence, just yesterday the producer from Fox News surfaced again and resumed her repeated calls to my office that happened months ago. So, we don't really have a lot of confidence when you say that you "don't actually care one way or the other."

Also, rather than placing the burden on Mr. Kramer, it is your clients who should advise the SJC about the court-ordered confidentiality of Mr. Kramer's deposition and who should request that the SJC abide by the protective order before producing Mr. Kramer's deposition to the SJC. If you refuse to do so, we will so advise the court. My threat wasn't empty. If you produce Mr. Kramer's deposition in violation of the court's order, we will seek sanctions.

If your clients agree to demand confidentiality and the SJC's respect for the court's order, then we don't have to file any motion. If they don't, then we will.

I do appreciate any enlargement you are willing to give, at least until we find out whether the SJC will respect the court's order.


On Aug 8, 2018, at 10:27 AM, "evan@cfwlegal.com" <evan@cfwlegal.com> wrote:

> Marcos –
>
> First of all, nowhere in my email did I refuse to give you an extension. All I said was that the protective order doesn't require the step that you are asking for. If you want to ask the Senate Judiciary Committee to agree to confidentiality, you should do so. Our position is nothing more than – we will adhere to the terms of the protective order and/or anything that the Court instructs us to do.
>
> Second, if you had actually read my original email before going off on your rant, you'd notice that we had said that we weren't going to produce anything until August 17, precisely so that you and Mr. Steele's counsel would have ample time to take any steps you thought appropriate. Other than the fact that we have always said that we would cooperate with any request from the United States Government in connection with this matter, we don't actually care one way or another. But, as much as I respect Kate's moral position on the issue, we're also not going to ignore a request from the Senate Judiciary Committee. Either way, it's not our fight. We've fulfilled our duty of notification under the protective order.

Finally, given that all you're really asking for is three additional days, we're certainly willing to wait until August 20 to produce the documents to the Senate Judiciary Committee. I will say, however, that we don't respond well to threats, particularly empty ones. Maybe next time you could just ask to clarify things before going off the rails.

Evan

---

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

**From:** Marcos Jimenez <mdj@mdjlegal.com>
**Sent:** Wednesday, August 8, 2018 10:04 AM
**To:** Evan Fray-Witzer <evan@cfwlegal.com>
**Cc:** Val Gurvits <vgurvits@bostonlawgroup.com>; Kate Bolger <KateBolger@dwt.com>; John Byrne <jbyrne@leoncosgrove.com>; James Bryan <jbryan@leoncosgrove.com>; Jordi Martinez-Cid <jmartinez-cid@leoncosgrove.com>
**Subject:** Re: Correspondence to Valentin Gurvits Re Grassley Request for Deposition Materials

Having sat through a deposition during which you and counsel for Buzzfeed glibly agreed to extend deadlines under the protective order, it speaks volumes that your client won't agree to extend the 10-day period. If the SJC does not agree to respect the court's order, we will file a motion by this Friday.

Furthermore, if the SJC does not agree to respect the court-ordered and litigated confidentiality of Mr. Kramer's deposition and your client nevertheless produces the deposition to the committee, we will seek sanctions against your clients for violating the court's order (DE 144 SEALED).

> On Aug 8, 2018, at 9:15 AM, evan@cfwlegal.com wrote:
>
> Marcos –
>
> The protective order is actually silent on that point:
>
> 16. Any party or person receiving Confidential and/or Attorneys' Eyes Only Information
> covered by this Agreement that receives a subpoena, request from a government
> agency or committee, or becomes subject to an order for production or disclosure of
> Confidential
> and/or Attorneys' Eyes Only Information shall, within two (2) days of receipt thereof,
> give written notice by facsimile or electronic transmission to the source of the
> Confidential and/or Attorneys' Eyes Only Information identifying the information sought
> and attaching a copy of the order,
> subpoenas government agency or committee request, or other legally-mandated
> request. The person subject to the subpoena, request or order of any court, arbitrator,
> attorney, government agency or like entity shall not produce or disclose the requested

2

information without consent of the source of the information or until ordered by a court of competent jurisdiction to do so, provided that the source makes a motion or other application for relief from the subpoena or other request in the appropriate forum, within ten (10) days of being provided with notice pursuant to this section.

Other than the fact that our clients have made it clear in general that they would comply with any request from the government made to them, we see ourselves as simply the middlemen in connection with the Grassley letter. We've received a request from the Judiciary Committee and we've given everyone the notice required under the Protective Order. So, at this point, our intent is to provide the requested documents unless you or Mr. Steele decide to seek Court intervention.

Evan


Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

**From:** Marcos Jimenez <mdj@mdjlegal.com>
**Sent:** Tuesday, August 7, 2018 6:45 PM
**To:** evan@cfwlegal.com; 'Val Gurvits' <vgurvits@bostonlawgroup.com>; 'Bolger, Kate' <KateBolger@dwt.com>
**Subject:** RE: Correspondence to Valentin Gurvits Re Grassley Request for Deposition Materials

Thanks. Based on my calculations, Mr. Kramer's deadline to file a motion on this is Friday, August 10, 2018. The motion will be necessary if the Committee does not agree to keep whatever you produce to it confidential. Do you know if they will so agree? If they don't, will you and Buzzfeed agree to an enlargement of the ten days under paragraph 16 of the protective order? I will be out of the country for a couple of weeks starting tomorrow evening.


   **Marcos Daniel Jiménez**
   mdj@mdjlegal.com

   **Marcos D. Jiménez, P.A.**
   255 Alhambra Circle. Suite 800
   Coral Gables, FL 33134
   Tel: 305.570.3249
   Cell: 305.772.6026
   www.mdjlegal.com

3

This e-mail message may contain confidential or legally privileged information and is intended only for the use of the intended recipient(s). Any unauthorized disclosure, dissemination, distribution, copying or the taking of any action in reliance on the information herein is prohibited.

**From:** evan@cfwlegal.com [mailto:evan@cfwlegal.com]
**Sent:** Tuesday, August 07, 2018 6:29 PM
**To:** Marcos Jimenez <mdj@mdjlegal.com>; 'Val Gurvits' <vgurvits@bostonlawgroup.com>; 'Bolger, Kate' <KateBolger@dwt.com>
**Subject:** FW: Correspondence to Valentin Gurvits Re Grassley Request for Deposition Materials

Marcos –

My apologies. I had intended to copy you on the email, below.

Evan

---

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

**From:** evan@cfwlegal.com <evan@cfwlegal.com>
**Sent:** Saturday, August 4, 2018 12:08 PM
**To:** 'Eikhoff, Christy Hull' <Christy.Eikhoff@alston.com>
**Cc:** 'Val Gurvits' <vgurvits@bostonlawgroup.com>; 'Bolger, Kate' <KateBolger@dwt.com>
**Subject:** RE: Correspondence to Valentin Gurvits Re Grassley Request for Deposition Materials

Dear Attorney Eikhoff –

Thank you for your letter to Attorney Gurvits of August 3, 2018. As I understand it, your position is that the letter from Senator Chuck Grassley does not constitute a "request from a government agency or committee" under the terms of the parties' protective order and, as such, you believe that we should not comply with Senator Grassley's request to produce Mr. Steele's deposition testimony. Having reviewed your letter, the letter received from Chairman Grassley, and the applicable law, we cannot agree.

As a starting point, it would seem that the letter speaks for itself. The letter is on Judiciary Committee letterhead, is signed by Senator Grassley as "Chairman" of the Judiciary Committee, and is copied to Senator Dianne Feinstein, as Ranking

4

Member of the Committee. Additionally, the text of the letter itself makes clear that the request is on behalf of the Committee:

- "…please produce to the Senate Committee on the Judiciary the transcript and video of Mr. Steele's deposition"
- "These areas of inquiry are squarely within the Committee's jurisdiction…"
- "…the Judiciary Committee would nonetheless still need access to the materials requested above."
- "In light of this, the Committee needs to acquire all his sworn statements on these issues, including his deposition and associated materials in your litigation."

In light of the above-quoted language, your suggestion that the request from Chairman Grassley is not actually a request on behalf of the Judiciary Committee seems misplaced at best. Moreover, as we understand it, your position is at odds with that of the Office of Legal Counsel of the Department of Justice. *See Application of Privacy Act Congressional-Disclosure Exception to Disclosures to Ranking Minority Members,* 25 Op. O.L.C. 289, 289 (2001) ("each House of Congress exercises its investigative and oversight authority through delegations of authority to its committees, which act either through requests by the committee chairman, speaking on behalf of the committee, or through some other action by the committee itself.")

After full consideration, then, it is our intent – absent instruction from the Court to the contrary – to produce the requested materials to the Senate Judiciary Committee on August 17, 2018. You should treat this email as formal notification that Plaintiffs intend to cooperate fully with the request made by the Judiciary Committee.

If you or Mr. Kramer's counsel (copied here) decide to seek judicial intervention in the interim, please let us know and copy us on any filings.

Sincerely,

Evan Fray-Witzer

---

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

**From:** Bobo, Scott <Scott.Bobo@alston.com> **On Behalf Of** Eikhoff, Christy Hull
**Sent:** Friday, August 3, 2018 12:09 PM
**To:** Evan@cfwlegal.com

5

**Cc:** Eikhoff, Christy Hull <Christy.Eikhoff@alston.com>
**Subject:** Correspondence to Valentin Gurvits Re Grassley Request for Deposition Materials

Dear Mr. Fray-Witzer,

Please see the attached correspondence from Christy Eikhoff. We received an out-of-office message for Mr. Gurvits and are sending this to you in his absence.

Regards,

Scott L. Bobo
Legal Administrative Assistant
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
404-881-7598 (O)
Scott.Bobo@alston.com

---

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.