# Exhibit
# 4

CHARLES E. GRASSLEY, IOWA, CHAIRMAN

ORRIN G. HATCH, UTAH                     DIANNE FEINSTEIN, CALIFORNIA
LINDSEY O. GRAHAM, SOUTH CAROLINA        PATRICK J. LEAHY, VERMONT
JOHN CORNYN, TEXAS                       RICHARD J. DURBIN, ILLINOIS
MICHAEL S. LEE, UTAH                     SHELDON WHITEHOUSE, RHODE ISLAND
TED CRUZ, TEXAS                          AMY KLOBUCHAR, MINNESOTA
BEN SASSE, NEBRASKA                      CHRISTOPHER A. COONS, DELAWARE
JEFF FLAKE, ARIZONA                      RICHARD BLUMENTHAL, CONNECTICUT
MIKE CRAPO, IDAHO                        MAZIE K. HIRONO, HAWAII
THOM TILLIS, NORTH CAROLINA              CORY A. BOOKER, NEW JERSEY
JOHN KENNEDY, LOUISIANA                  KAMALA D. HARRIS, CALIFORNIA

KOLAN L. DAVIS, *Chief Counsel and Staff Director*
JENNIFER DUCK, *Democratic Chief Counsel and Staff Director*



**United States Senate**

COMMITTEE ON THE JUDICIARY

WASHINGTON, DC 20510–6275

August 31, 2018

**<u>VIA ELECTRONIC TRANSMISSION</u>**

Valentin D. Gurvits, Esq.
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459

Dear Mr. Gurvits:

As you know, on June 18, 2018, Christopher Steele was deposed by plaintiffs in the case of *Gubarev et al. v. Buzzfeed, Inc. and Ben Smith,*[1] and on July 25, 2018, I requested the transcript of this deposition pursuant to my authority under the Constitution and the Rules of the Senate in relation to ongoing investigations by the Senate Judiciary Committee.[2]  The Committee is investigating multiple issues under its jurisdiction related to the dossier compiled by Mr. Steele, which is at issue in your litigation.[3]

It is my understanding that the court will hold a hearing on September 5, 2018 to examine: (1) whether my letter constitutes a "committee request," which is provided for under paragraph 16 of the Amended Protective Order,[4] and (2) if so, whether the court should (a) prohibit you from complying with the Committee's request, or (b) whether the court should attempt to restrict the Committee's ability to use the information in the course of exercising its Constitutional oversight function.

As to the first issue, congressional committee chairs wield significant authority over committee agenda and procedure, "setting the course and direction of the panel for other committee members."[5]  And, "in matters of oversight, no one looms larger than the chair of the

---

[1] Parties' Joint Status Report, *Gubarev et al. v. Buzzfeed, Inc. et al*, 0:17-cv-60426 (S.D. Fla. August 10, 2018).

[2] Letter from Charles E. Grassley, Chairman, U.S. Sen. Comm. on the Judiciary to Valentin Gurvits, Esq., Boston Law Group, PC (July 25, 2018); *McGrain v. Daugherty*, 273 U.S. 135, 174 (1927) ("[T]he power of inquiry -- with process to enforce it -- is an essential and appropriate auxiliary to the legislative function").

[3] *Id.*

[4] Notice of Hearing, *Gubarev et al. v. Buzzfeed, Inc. et al*, 0:17-cv-60426 (S.D. Fla. August 17, 2018).

[5] Judy Schneider and Michael L. Koempel (2018) *House Committee Chairs: Considerations, Decisions, and Actions as One Congress Ends and a New Congress Begins* (CRS Report RL34679).

committee."[6]  When conducting such investigations, it is the routine practice of this Committee, as it is for all Congressional committees, for the Chairman to seek documents and information for the benefit of the Committee in the form of a Chairman's letter.[7]  In my long years of experience conducting oversight and investigations in Congress, including as a committee chairman, I cannot recall an instance where such a request was challenged on the grounds that it was not a committee request.  Indeed, recipients of these voluntary requests, though they do not take the form of a subpoena, typically respect them as legitimate committee inquiries.  As such, the recipients frequently provide responsive documents and information, obviating the need to resort to compulsory process, or if they do object, typically do so on privilege grounds.

The practice of treating a chairman's request as a request on behalf of a committee also occurs regularly even in the face of statutes that purport to restrict entities from providing information to Congress except to a committee or subcommittee.[8]  In fact, the Executive Branch routinely provides information restricted by the Privacy Act in response to letters from Chairmen, even though that Act provides for criminal penalties for disseminating the information contrary to the statute.[9]  The Executive Branch thus recognizes that the Chairman of a committee has the authority to make voluntary requests on behalf of the committee.[10]  Moreover, courts also recognize such information requests as legitimate—and "formal"—exercises of committee investigative authority.[11]  Courts have affirmed that a committee's simple request for information, such as through a letter, constitutes a "due and proper exercise of [a committee's] power of inquiry," acknowledging that legitimate committee investigations can be initiated and conducted by committee and subcommittee chairs.[12]

As to the second issue, my initial letter requesting the materials at issue describes at length the Committee's need for this information as part of its ongoing investigation into numerous aspects implicating potential political interference in the 2016 election, all matters that fall squarely within the jurisdiction of the Committee.[13]

---

[6] Andrew McCanse Wright, *Congressional Due Process*, 85 MISS. L.J. 401, 415 (2016).

[7] *See id.*

[8] 5 U.S.C. § 552a(b)(9) (providing restricted records may be made available "to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee"); 44 U.S.C. § 2205(2)(C) (providing restricted presidential records may be made available "to either House of Congress, or, to the extent of matter within its jurisdiction, to any committee or subcommittee thereof").

[9] 5 U.S.C. § 552a(i).

[10] 25 Op. O.L.C. 289 (2001).

[11] *Ashland Oil, Inc. v. Federal Trade Commission*, 548 F.2d 977, 979-81 (D.C. Cir. 1976) (finding that the Federal Trade Commission was not barred from voluntarily producing documents to the chairman of a subcommittee pursuant to his "formal" written request, and citing the government's brief describing the request an "'official Congressional request[] for information'").

[12] *See, e.g.*, *United States v. Rainey*, 757 F.3d 234, 238 (5th Cir. 2014) (upholding a conviction under the statute in the context of a congressional investigation conducted by a subcommittee through letters issued by the chair and requests for information); *United States v. Cisneros*, 26 F. Supp. 2d 24, 39 (D.D.C. 1998) (noting that the "facts in this case involve the chair of a congressional committee initiating a meeting with the defendant as part of an informal, preliminary inquiry[]" and concluding that "this inquiry clearly 'is a legitimate exercise of investigative authority by a congressional committee in an area within the committee's purview'" (citing *United States v. Mitchell*, 877 F.2d 294, 300 (4th Cir. 1989))); *United States v. North*, 708 F. Supp. 385, 386, 386 n.3 (D.D.C. 1988) (ruling that alleged misstatements responding to committee chairs' requests for information stated an offense under the obstruction statute because Congress has power to investigate "through appropriate committees without a subpoena" and "no subpoena was necessary for Congress to be conducting an inquiry").

[13] Letter from Charles E. Grassley, Chairman, U.S. Sen. Comm. on the Judiciary to Valentin Gurvits, Esq., Boston Law Group, PC (July 25, 2018).

Valentin Gurvits, Esq.
August 31, 2018
Page 3 of 4

Finally, any attempt to limit the access to and use of information requested by a congressional committee pursuant to its constitutional oversight authority would be extraordinary.  It would interfere with the Senate's activities and raise serious separation of powers concerns.  It has long been understood that such an unprecedented intrusion into the legislative sphere would undermine Congress' independent authority under the Constitution.  As the D.C. Circuit explained many years ago, "[w]e know of no case in which it has been held that a court of equity has authority" to "say to the Committee and to the Senate that the contents [of documents] could not be disclosed or used in the exercise by the Senate of its legitimate functions."[14]  Indeed, "[o]nce documents are in congressional hands, courts must presume that the committees of Congress will exercise their powers responsibly and with due regard for the rights of affected parties."[15]

The Senate has its own rules for the secure handling of confidential documents.[16]  In light of the protective order, the Committee would consider the documents subject to the restrictions provided by that rule.  Additionally, as is the Committee's practice with respect to transcribed interviews conducted by Committee staff, in the event that the Committee determines to release any portion of the witnesses' testimony in accordance with Senate rules, those witnesses would be provided an opportunity to review those materials and raise any concerns.  Accordingly, it would be inappropriate to attempt to impose restrictions on the Committee's ability to use or disclose the deposition as part of its official actions beyond those already provided for in the Rules of the Senate.

Thank you for alerting the Committee to the concerns regarding your compliance with its request.  Please contact the Chairman's committee staff at 202-224-5225 with any questions.

Sincerely,

Charles E. Grassley
Chairman
Senate Committee on the Judiciary

cc:    The Honorable Dianne Feinstein
       Ranking Member
       Senate Committee on the Judiciary

---

[14] *Hearst v. Black*, 87 F.2d 68, 71 (D.C. Cir. 1936).
[15] *F.T.C. v. Owens-Corning Fiberglass Corp.*, 626 F.2d 966, 970 (D.C. Cir. 1980) (internal quotation omitted).
[16] Senate Rule XXIX.

Valentin Gurvits, Esq.<br>
August 31, 2018<br>
Page 4 of 4

Adam Lazier, Esq.
Counsel of Record for BuzzFeed, Inc.
Davis Wright Tremaine, LLC

Christina Hull Eikhoff, Esq.
Counsel for Christopher Steele
Alston & Bird, LLP

Marcos Daniel Jiménez, Esq.
Counsel for David Kramer
Marcos D. Jiménez, P.A.