**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

**Case No.**

**0:17-cv-60426-UU**

**INTERIM JOINT STATUS REPORT**

The Parties in the above captioned case, by and through their respective undersigned counsel, pursuant to this Court's June 12, 2018 Fourth Amended Scheduling Order for Pretrial Conference and Trial (D.E. 175), hereby submit the following Interim Joint Status Report:

**1.     Have all the defendants been served and answered the complaint?  If not, state the reason(s) for the failure to do so.**

All defendants have been served and answered the complaint.

**2.     If this is a class action, has a motion for class certification been filed?  If so, what is its status?**

This is not a class action.

**3.     If discovery is not closed, what is the parties' agreed upon plan for the completion of discovery by the deadline, including but not limited to the exchange of all relevant electronically stored information?**

Discovery is closed and the Parties have completed all discovery.

On August 29, 2018, the Federal Bureau of Investigation produced an affidavit in compliance with the August 3, 2018 decision of Judge Amit Mehta of the United States District

4844-0016-0881v.3 0100812-000009

Court for the District of Columbia.  *See BuzzFeed, Inc. v. U.S. Dep't of Justice*, No. 17-mc-02429 (APM), Dkt. 33 (D.D.C. Aug. 3, 2018).  Defendants have filed a motion to seal that would permit them to file the affidavit pursuant to the Protective Order entered in this matter at Docket No. 194 herein.

**4.     Are there any motions or discovery disputes pending?  If so, indicate the status of each separately.**

There are no motions or discovery disputes pending.

**5.     Have the parties filed their Notice of Selection of Mediator as required by the Court's Order of Referral to Mediator?**

Yes.  The Parties mediated the case on June 27, 2018 at the law offices of Davis Wright Tremaine, LLP in New York City before Rodolfo Sorondo, Jr.  The mediator's report has been filed as Docket Entry Number 181.

**6.     Have the parties agreed to a place, date and time for mediation and has the lead attorney for the plaintiff(s) completed the form Order Scheduling Mediation and submitted it to the Court?  If not, state the reason(s) for the failure to do so.**

Yes.  The Parties mediated the case on June 27, 2018 at the law offices of Davis Wright Tremaine, LLP in New York City before Rodolfo Sorondo, Jr.  The mediator's report has been filed as Docket Entry Number 181.

**7.     Have the parties engaged in information settlement negotiations?  If so, explain the extent of the negotiations.  If not, explain the reason(s) for failure to do so.**

The Parties engaged in preliminary settlement discussions shortly after the filing of the case.  The Parties have not discussed settlement since the mediation that took place on June 27, 2018 as there was an impasse.

**8.     If the case is less than five days to try, have the parties conferred and have they agreed to trial before a U.S. Magistrate Judge, wherein a date certain for trial may be given?**

The Parties do not believe that the case will be less than five days to try.

9.      **Additional Request by Defendants.**

Defendants respectfully request that this court modify the Fourth Amended Scheduling Order, Dkt. 175 and 200, to continue the dates for (a) the deadline for motions *in limine* (currently set for October 15, 2018); (b) the deadline for the Joint Pretrial Stipulation, Jury Instructions or Proposed Findings of Facts and Conclusions of Law (currently set for October 9, 2018); (c) the Pretrial Conference (currently set for November 16, 2018); and (d) the trial of this action (currently set for the two-week period commencing November 26, 2018).  Specifically, Defendants request that those deadlines be amended such that they will commence 45 days following this Court's ruling on Defendants' motions for summary judgment and the parties' *Daubert* motions, which will be filed pursuant to the current schedule.

Defendants request this continuance because they believe that the disposition of pending pretrial motions "appear[s] likely to narrow the issues and expedite the trial should it occur." *Lopez v. All-State Texas Lloyds*, 2006 WL 5157427, at *1 (S.D. Tex. Feb. 10, 2006).

In particular, here, if summary judgment for Defendants is granted, of course, that would obviate the need for further trial preparation entirely.  But even if summary judgment is not granted, the Court's rulings will significantly impact the nature of the issues to be tried and thus shape the parties' preparation.  For example, the Court will determine whether Plaintiffs will be deemed to be public figures, or if not which state's law applies to the standard of fault.  Without the benefit of those rulings, the parties would need to prepare to try three different cases: (a) actual malice, if Plaintiffs are deemed to be public figures; (b) gross irresponsibility, if Plaintiffs are deemed to be private figures and New York law applies; and (c) negligence, if Plaintiffs are deemed to be private figures and Florida law applies.  These standards of fault call for different evidence and jury instructions, since the actual malice standard is evaluated subjectively and the gross irresponsibility and negligence standards are measured objectively.  *See, e.g., Turner v. Wells*, 879 F.3d 1254, 1273 (11th Cir. 2018) (actual malice "is a subjective test, focusing on whether the defendant 'actually entertains serious doubts as to the veracity of the published account, or was highly aware that the account was probably false"); *Gaeta v. N.Y. News, Inc.*, 62 N.Y.2d 340, 351 (1984) (gross irresponsibility standard "may be satisfied by wholly objective proof"); *Miami Herald Publ'g Co v. Ane*, 423 So.2d 376, 390 (Fla. 3d DCA 1982), *aff'd*, 458 So.2d 239 (1984) (finding jury issue of negligence where defendant "should have known better").

4844-0016-0881v.3 0100812-000009

Similarly, the Court's decision on *Daubert* motions will likely significantly affect the nature and scope of damages that Plaintiffs can seek from the jury, the nature of the evidence Defendants would present in response, and the evidence that the parties may present related to the element of truth, which is also the subject of proposed testimony from experts on both sides.

The summary judgment and *Daubert* decisions will determine which witnesses the parties call, which documents they enter into evidence, the objections they raise, and how they present their cases to the jury.  Without knowing what they have to prove and who they may rely on to prove it, the parties' motions *in limine* (due just six days after the summary judgment motion is fully-briefed) and their Joint Pretrial Stipulation and Proposed Jury Instructions (due before summary judgment briefing is complete) will be more complicated, more equivocal, and less useful to the Court than they could be.

Defendants therefore propose that the current schedule be modified in so that these issues are resolved before trial preparation commences.  If this Court would like to request a conference to discuss these issues, Defendants are available at the Court's convenience.

The Plaintiffs oppose Defendants' request and state further that Defendants made the same requests – using the same reasoning – no fewer than four times at the last hearing before this Court. The Court made clear, repeatedly, that it did not intend to move the trial date or other attendant deadlines.  Plaintiffs (who are *not* represented by a large, international law firm with more than 500 lawyers) believe that the Parties can both brief summary judgment and prepare for trial within the timeframes outlined by the Court.

4844-0016-0881v.3 0100812-000009

Date: September 10, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com


/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com


/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com


*Attorneys for Plaintiffs*

/s/ Katherine M. Bolger
Katherine M. Bolger (*pro hac vice*)
Adam Lazier (*pro hac vice*)
Nathan Siegel (*pro hac vice*)
Alison Schary (*pro hac vice*)
Davis Wright Tremaine, LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com
nathansiegel@dwt.com
alisonschary@dwt.com


/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com


*Attorneys for Defendants*

4844-0016-0881v.3 0100812-000009

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on September 10, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

4844-0016-0881v.3 0100812-000009