# Exhibit 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFF ALEKSEJ GUBAREV'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Aleksej Gubarev ("Plaintiff") hereby responds to Defendants' First Set of Interrogatories to Plaintiff Aleksej Gubarev (the "Interrogatories"). Plaintiff's failure to object to a particular Interrogatory or willingness to respond to an Interrogatory is not, and shall not be construed as an admission of the relevant or admissibility into evidence of any such response or that the purported factual premise for any Interrogatory is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

**Objections and Responses to Interrogatories**

**INTERROGATORY NO. 1:** Identify all persons who are believed or known by you to have information concerning any of the allegations in Count I of the Complaint, and for each state the subject-matter of their knowledge.

**Response:**

1. Aleksej Gubarev, Chairman, CEO and Director of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800. The

1

9. Ken Bensinger, investigative reporter for BuzzFeed, Inc.  Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

10. Mark Schoofs, investigations and projects editor for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements. The decision to publish the defamatory statements.

11. Miriam Elder, world editor for BuzzFeed, Inc.  Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.  The decision to publish the defamatory statements.

12. Glenn Simpson, partner of Fusion GPS.  Information regarding the collection of information that lead to the defamatory statements published by Defendants.

**INTERROGATORY NO. 2:** Identify all facts supporting your allegation in paragraph 5 of the Complaint that you are "not, in any way, shape, or form, a public figure."

**Objection**: Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome.  Specifically, given that Mr. Gubarev is in fact not a public figure, *all* facts support his allegation.  In other words, Plaintiff objects on the basis that this Interrogatory requests evidence of the *absence* of a fact or proof of a negative premise.  As such, this Interrogatory is overly broad and unduly burdensome, if not impossible to respond to, and requests information that is not likely to lead to the discovery of admissible evidence.  Plaintiff objects to this Interrogatory on the basis that it is argumentative and premised upon assumed facts.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response**: I am not a politician of any country or locality.  I am not a public official of any country or locality.  I do not hold any governmental office.  I do not generally seek the public's attention.  Prior to the publication of the defamatory statements about me, I did not thrust myself into the forefront of any particular public controversy, nor did I tried to influence the resolution of any public issues.  Prior to the publication of the defamatory statements about me, I did not invite attention or comment.  I am a private individual.  I have not assumed an influential role in society.  I do not want to be a public individual.  I devote substantially all of

3

my time to my family and my work. Although it is true that I had been quoted a few times in news articles prior to Buzzfeed's publication of the Dossier, I do not believe that, outside a small circle of tech executives, I am known at all.

**INTERROGATORY NO. 3:** Identify all facts supporting your allegation that the portion of the Dossier quoted in paragraph 26 of the Complaint, as it applies to you, is false and defamatory.

**Objection**: Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome. Specifically, given that the statements quoted in paragraph 26 of the Complaint are false, *all* facts support Plaintiff's allegations that the statements are false. In other words, Plaintiff objects on the basis that this Interrogatory requests evidence of the absence of a fact or proof of a negative premise. As such, this Interrogatory is overly broad and unduly burdensome, if not impossible to respond to, and requests information that is not likely to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law. Plaintiff objects to this Interrogatory on the basis that it is argumentative and premised upon assumed facts. Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response**: No part of the family of companies of which XBT Holding S.A. and Webzilla, Inc. are a part has "been using botnets and porn traffic to transmit viruses, plant bugs, steal data [or] conduct 'altering operations' against the Democratic Party leadership." No entities linked to me have been involved in any of these types of activities. I was not "recruited under duress by the FSB." I was not recruited by the FSB at all. I was not recruited for any such activities by anyone else at any other time or in any other circumstances whatsoever. I have no knowledge of, and have never met or spoken to, a person known as Seva Kapsugovich. Neither myself, nor any part of the family of companies of which XBT Holding S.A. and Webzilla, Inc. are a part, have ever acted with "another hacking expert" to mount a cyber-attach on the Democratic Party Leadership. Because I have not been involved in the activities attributed to me and "XBT/Webzilla" in the referenced part of the Dossier, we have not had "to go effectively to ground to cover [our] traces." I have not met with Michael Cohen in Prague about the issues discussed in the referenced portion of the Dossier (or any other matter). I have not received any payments for any of the allegations referenced in the referenced portion of the Dossier (because I

4

As to all objections:

_____    July 19, 2017_____
Matthew Shayefar, Esq.              Date

10

## VERIFICATION

I, Aleksej Gubarev, being first duly sworn in accordance with law, do hereby depose and state that I have read the responses to Defendants' First Set of Interrogatories to Plaintiff Aleksej Gubarev and that the responses are true and correct to the best of my knowledge and information.

_____
Aleksej Gubarev
(Printed name)

11

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the email on all counsel or parties of record on the service list below on this 19th day of July, 2017.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Nathan Siegel
Levine Sullivan Koch & Schulz, LLP
321 West 44 Street, Suite 1000
New York, New York 10036
kbolger@lskslaw.com
alazier@lskslaw.com
nsiegel@lskslaw.com

Lawrence Allan Kellogg
Jezabel Pereira Lima
Levine Kellogg Lehman Schneider & Grossman LLP
Miami Center
201 So. Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
lak@lklsg.com
jl@lklsg.com