IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

    Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.
_____/

## JOINT MOTION REGARDING SEALING OF MOTION PAPERS

The Parties jointly move pursuant Local Rule 5.4 of the Southern District of Florida, this Court's Amended Protective Order entered December 8, 2017 (Dkt. 97), and this Court's Protective Order with respect to government evidence entered on August 24, 2018 (Dkt. 194) (together, the "Protective Orders") for an order permitting the Parties to initially file their papers supporting, opposing, and/or replying to motions under seal, including but not limited to any motions for summary judgment, Daubert motions, and motions *in limine* (collectively, the "Motion Papers"). As set forth below, each filing would be followed within a week by a filing of redacted (if necessary) Motion Papers on the public record.

The Protective Orders in this case require that any material that includes or refers to information that has been designated "confidential" or "attorneys' eyes only" by the disclosing party, or that was produced by the U.S. government pursuant to the decision in *BuzzFeed, Inc. v. U.S. Dep't of Justice*, No. 17-mc-02429 (APM), Dkt. 33 (D.D.C. Aug. 3, 2018), be filed under seal. *See* Dkt. 97 ¶ 10; Dkt. 194 ¶ 6. The Parties will be filing a significant number of motions and accompanying materials in support or opposition thereto over the next couple of months. *See* Dkt. 206. The Parties anticipate that most, if not all of those Motion Papers will attach and discuss

information that the Protective Orders currently require to be filed under seal.

At the same time, the Parties recognize that they have an obligation to make an effort to file public versions of the Motion Papers that contain as little redaction as possible. The Parties also believe that once they have an opportunity to review each other's Motion Papers as filed under seal, they will likely be able to agree that some or all of the attached materials previously designated by the Parties as "confidential" or "attorneys' eyes only" for purposes of discovery may now be filed publicly. However, such discussions are much more likely to be productive if they can take place once each Party has received and had an opportunity to review the opposing parties' filing. The Parties respectfully submit that this procedure will reduce any necessity for the Court to consider disputes, if any, regarding continued sealing.

The Parties also agree that once a public version of each Motion Paper is filed, any party to this litigation or the Court on its own initiative, may at that point seek to unseal in whole or in part any Motion Paper that is filed in redacted form.

As a result, the Parties jointly move for an Order permitting the following:

1. If a Party files any Motion Papers that includes materials subject to the Protective Orders, those Motion Papers may initially be filed under seal. However, no later than one week after any Motion Papers are filed under seal, the party responsible for the filing must file a public version of the same Motion Papers, redacted to reflect any information that remains subject to the Protective Orders at that point.

2. Once a public redacted version of any Motion Papers has been filed, this Order is without prejudice to any right that otherwise exists for anyone, whether a party to this litigation or not, to seek an order to unseal any filing, in whole or in part, consistent with the procedures set forth in this Court's Local Rules and applicable law. Nor does it preclude the Court from acting

3

on its own initiative.

      3.      With respect to the public redacted version of Plaintiffs' Motion for Summary Judgment filed on September 17, 2017 (Dkt. 208), Plaintiffs may file a substitute version of their Public Redacted Version on or before September 24, 2017, in the event that the Parties are able to agree that any of the papers supporting that motion that are currently submitted under seal should be unsealed.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1 OF THE SOUTHERN DISTRICT OF FLORIDA**

Counsel for the Parties have conferred and each consents to the relief sought here.

Dated:  September 18, 2018

Respectfully submitted,

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*

/s/ Katherine M. Bolger
Katherine M. Bolger (*pro hac vice*)
Adam Lazier (*pro hac vice*)
Nathan Siegel (*pro hac vice*)
Alison Schary (*pro hac vice*)
Davis Wright Tremaine, LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com
nathansiegel@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

       Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

       Defendants.
_____/

**CERTIFICATE OF SERVICE**

I CERTIFY that on September 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                By: /s/ Jared Lopez
                                     Jared Lopez, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING
S.A., AND WEBZILLA, INC.,

    Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.

_____/

# [PROPOSED] ORDER GRANTING JOINT MOTION REGARDING SEALING OF MOTION PAPERS

THIS CAUSE is before the Court upon the Parties' Joint Motion Regarding Sealing of Motion Papers, Dkt. No. ____. Based upon a review of the record as a whole and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Parties' Joint Motion Regarding Sealing of Motion Papers, Dkt. No. ____, is **GRANTED**.

2. The Parties may file under seal any papers in support of, opposition to, and/or reply to any motion in this action which are subject to paragraph 10 of this Court's Amended Protective Order entered December 8, 2017 (Dkt. 97) or paragraph 6 of this Court's Protective Order with respect to

government evidence entered August 24, 2018 (Dkt. 194) under seal (the "Sealed Motion Papers") via CM/ECF in accordance with Southern District of Florida Local Rule 5.4, on or before the deadline set for the filing of such papers by the Local Rules of the Southern District of Florida or any order of this Court. The Clerk of the Court shall seal the Sealed Motion Papers for the duration of this litigation or until further ordered by this Court.

3. Any party filing Sealed Motion Papers shall, within seven days thereof, file a public, redacted version of such papers via CM/ECF.

**DONE AND ORDERED** in Chambers, at Miami, Florida this ____ day of September, 2018.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
John J. O'Sullivan, United States Magistrate Judge
Counsel of Record