# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDING S.A., and<br>WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>    Defendants. | Case No.<br><br>0:17-cv-60426-UU |

**PLAINTIFF XBT HOLDING S.A.'S OBJECTIONS AND RESPONSES
TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff XBT Holding S.A. ("Plaintiff") hereby responds to Defendants' First Set of Interrogatories to Plaintiff Webzilla, Inc. (the "Interrogatories"). Plaintiff's failure to object to a particular Interrogatory or willingness to respond to an Interrogatory is not, and shall not be construed as an admission of the relevance or admissibility into evidence of any such response or that the purported factual premise for any Interrogatory is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

**Objections and Responses to Interrogatories**

**INTERROGATORY NO. 1:** Identify all persons who are believed or known by you to have information concerning any of the allegations in Count I of the Complaint, and for each state the subject-matter of their knowledge.

**Response:**

1. Aleksej Gubarev, Chairman, CEO and Director of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800. The

1

defamatory and false nature of the statements published by Defendants, the operations of Plaintiffs, and the damage suffered by Plaintiffs as a result thereof.

2. Anna Gubareva, wife of Aleksej Gubarev, c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800. The effects of the defamatory publication on herself, her husband, and her family.

3. Kostyantyn Bezruchenko, Director of Webzilla, Inc. and Director and Chief Technical Officer of XBT Holding S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800. The defamatory and false nature of the statements published by Defendants, the operations of Webzilla, Inc. and XBT Holding S.A., and the damage suffered by Webzilla, Inc. and XBT Holding S.A. as a result of the defamatory statements published by Defendants.

4. Rajesh Kumar Mishra, Director of Webzilla, Inc. and Director and Chief Financial Officer of XBT Holding, S.A., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800. The operations of Webzilla, Inc. and XBT Holding S.A., and the damage suffered by Webzilla, Inc. and XBT Holding S.A. as a result of the defamatory statements published by Defendants.

5. Constantin Luchian, Financial Director of Webzilla, Inc., c/o Boston Law Group, PC, 825 Beacon Street, Suite 20, Newton, MA 02459, +1-617-928-1800. The operations of Webzilla, Inc. and the publication and viewing of the defamatory statements within the state of Florida.

6. Christopher Steele, founder and director of Orbis Business Intelligence Limited. Information regarding the collection of information that lead to the defamatory statements published by Defendants.

7. Roy Cysner, Controller of BuzzFeed, Inc. The distribution of the defamatory statements published by Defendants.

8. Ben Smith, Editor-in-Chief of BuzzFeed, Inc. The distribution of the defamatory statements published by Defendants, the decision to publish the defamatory statements, and failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

9. Ken Bensinger, investigative reporter for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements.

10. Mark Schoofs, investigations and projects editor for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements. The decision to publish the defamatory statements.

11. Miriam Elder, world editor for BuzzFeed, Inc. Newsgathering in connection with the defamatory statements, including the failure to take any reasonable precaution to check or prevent the publication of the defamatory statements. The decision to publish the defamatory statements.

12. Glenn Simpson, partner of Fusion GPS. Information regarding the collection of information that lead to the defamatory statements published by Defendants.

**INTERROGATORY NO. 2:** For each office you have had since January 1, 2010, provide the address, the nature of the services performed there, and whether and when that office served as your principal place of business.

**Objection:** Plaintiff objects to this Interrogatory in its entirety on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Without limiting the foregoing, the location of each office of Plaintiff is of no relevance to any of the outstanding issues pending in this litigation – the issue of personal jurisdiction has already been conclusively decided by the Court. Subject to, and without waiving these objections, Plaintiff responds as follows:

**Response:**

3, op der Poukewiss, 7795, Roost, Luxembourg. Head office since incorporation.

53-55 Agios Athanasios Street, Michael Angelo House, 4102, Limassol, Cyprus. Corporate family office for management, legal and accounting.

110 E. Broward Blvd, Suite 1700, Fort Lauderdale, Florida 33301, United States of America. A location where management decisions are made for United States based activities of subsidiaries.

2777 N Stemmons Fwy., Suite 1655, Dallas, Texas 75207, United States of America. Used to oversee some physical operations for United States based activities of subsidiaries.

**INTERROGATORY NO. 3:** Identify all of your directors and officers.

**Response:**

Directors: Aleksej Gubarev, Rajesh Kumar Mishra and Kostyantyn Bezruchenko

Officers: CEO Aleksej Gubarev, CFO Rajesh Kumar Mishra and CTO Kostyantyn Bezruchenko

**INTERROGATORY NO. 4:** Identify all facts supporting your allegation that the portion of the Dossier quoted in paragraph 26 of the Complaint, as it applies to you, is false and defamatory.

**Objection:** Plaintiff objects to this Interrogatory on the basis that it is overly broad and unduly burdensome. Specifically, given that the statements quoted in paragraph 26 of the Complaint are false, *all* facts support Plaintiff's allegations that the statements are false. In other words, Plaintiff objects on the basis that this Interrogatory requests evidence of the absence of a fact – namely evidence of *absence* of fact or proof of a negative premise. As such, this Interrogatory is overly broad and unduly burdensome, if not impossible to respond to, and requests information that is not likely to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law. Plaintiff objects to this Interrogatory on the basis that it is argumentative and premised upon assumed facts. Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:** No part of the family of companies of which XBT Holding S.A. and Webzilla, Inc. are a part has "been using botnets and porn traffic to transmit viruses, plant bugs, steal data [or] conduct 'altering operations' against the Democratic Party leadership." Plaintiff has not been involved in any of these types of activities. Plaintiff was not "recruited under duress by the FSB." Plaintiff was not recruited by the FSB at all. Plaintiff was not recruited for any such activities by anyone else at any other time or in any other circumstances whatsoever. Plaintiff has no knowledge of, and no one on its behalf has ever met or spoken to, a person known as Seva Kapsugovich. Neither Plaintiff, nor any part of the family of companies of which

4

XBT Holding S.A. and Webzilla, Inc. are a part, have ever acted with "another hacking expert" to mount a cyber-attach on the Democratic Party Leadership. Because Plaintiff has not been involved in the activities attributed to it in the referenced part of the Dossier, Plaintiff has not had "to go effectively to ground to cover their traces." No one on behalf of Plaintiff has met with Michael Cohen in Prague about the issues discussed in the referenced portion of the Dossier (or any other matter). Plaintiff has not received any payments for any of the allegations referenced in the referenced portion of the Dossier (because Plaintiff did not engage in any of the allegations referenced therein). To be clear, Plaintiff states that the facts alleged in the Dossier concerning Plaintiff are false because each and every one of the facts alleged in the Dossier about Plaintiff are, in fact, false.

**INTERROGATORY NO. 5:** Identify every bank or financial institution from which you have sought a loan or other financing since January 1, 2015, whether such financing was granted, and the dates of such application and decision.

**Objection:** Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Specifically, and without limiting the foregoing, Plaintiff objects to the extent that it calls for the production of information relating to any loan or other financing unaffected by the issues set forth in the Complaint. Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

Subject to, and without waiving, these objections, Plaintiff will provide a response after an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**INTERROGATORY NO. 6:** Identify each and every instance in which you have been mentioned, identified, interviewed, referred to, or quoted in any book, magazine, newspaper, podcast, blog, or television or radio program, or on the Internet, since January 1, 2000.

**Objection:** Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the

discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to instances arising between January 1, 2014 and the date of Buzzfeed's publication of the Dossier.  Plaintiff objects to this Interrogatory to the extent that responsive information is equally available to Defendants as they are to Plaintiff.  Plaintiff objects to this Interrogatory to the extent that it calls for information not known by Plaintiff or in the possession, custody or control of Plaintiff.  Plaintiff objects to this Interrogatory on the basis that the answer may be determined by examination of documents and that the burden of deriving or ascertaining the answer will be substantially the same for either party.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:** Responsive instances known to Plaintiff and in the possession, custody or control of Plaintiff will be produced in accordance with Fed. R. Civ. P. 33(d) and will be included with Plaintiff's responses to requests for production of documents.

**INTERROGATORY NO. 7:** Identify each and every instance in which you have communicated with a reporter, journalist, news organization, television or radio broadcaster or producer, or podcast host or producer, since January 1, 2000.

**Objection:** Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to instances arising after January 1, 2014.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:** Communications with some of these types of individuals are included in the documents being produced in this litigation in accordance with Fed. R. Civ. P. 33(d) and will be included with Plaintiff's responses to requests for production of documents.

**INTERROGATORY NO. 8:** Identify any speeches, public statements, interviews, or other public appearances you have made since January 1, 2000.

**Objection:** Plaintiff objects to this Interrogatory on the basis that Plaintiff, as a business entity, cannot give speeches, public statements, interviews or make public appearances.  Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible

6

evidence.  Specifically, and without limiting the foregoing, Plaintiff limits this response to speeches, public statements, interviews or other public appearances from January 1, 2014 to the present.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**     Plaintiff makes reference to and incorporates its responses to Interrogatories Nos. 6 and 7 above.

**INTERROGATORY NO. 9:**     Identify any awards, accolades, or other recognitions you have received from any civic, political, charitable, religious, business, cultural, military, police, social, educational, governmental, non-profit, or professional organization since January 1, 2000.

**Objection:**     Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Specifically, and without limiting the foregoing, Plaintiff limits its responses to awards, accolades or other recognitions from January 1, 2014 to the present.  Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:**

International Arch of Europe (see https://www.youtube.com/watch?v=m8MUw8po06M)

XBT subsidiary Servers.ru received an award at Premiaruneta in 2016 in the category Technology and Innovations

**INTERROGATORY NO. 10:**     For each element of damage that you claim in this action, including but not limited to the injuries claimed at paragraphs 48-50 of the Complaint, identify separately and with specificity the complete nature of your injury, the amount of damage and how you calculate it, and all facts relating to or supporting the allegation of injury.

**Objection:**     Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law.  Plaintiff objects to this Interrogatory to the extent that the full extent of Plaintiff's damages are not yet fully known.  Plaintiff objects to this Interrogatory as being premature.  Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

Subject to, and without waiving, these objections, Plaintiff will provide a response after an appropriate protective order governing the use of confidential material in this litigation is entered by the Court.

**INTERROGATORY NO. 11:** Please identify each person whom you have retained as an expert in this case who is expected to testify at trial, and describe that person's area of expertise and the areas of the person's expected testimony.

**Objection:** Plaintiff objects to this Interrogatory as premature at this stage of the litigation and beyond the scope of what is required to be disclosed under the Federal Rules of Civil Procedure. Plaintiff will provide responsive information as required under the Federal Rules of Civil Procedure at such time as it has responsive information, if any, and such information is required to be disclosed.

**INTERROGATORY NO. 12:** Please identify each individual whom you intend to call as a witness at trial and describe that person's expected areas of testimony.

**Objection:** Plaintiff objects to this Interrogatory as premature at this stage of the litigation. Plaintiff will provide responsive information within the timeframe required by the Court's scheduling order. Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:** Plaintiff makes reference to and incorporates its response to Interrogatory No. 1 above.

Plaintiff explicitly reserves the right to supplement its response to these Interrogatories as discovery progresses.

As to all objections:

_____     July 19, 2017_____
Matthew Shayefar, Esq.              Date

# VERIFICATION

I, Rajesh Kumar Mishra, on behalf of XBT Holding S.A., being first duly sworn in accordance with law, do hereby depose and state that I have read the responses to Defendants' First Set of Interrogatories to Plaintiff XBT Holding S.A. and that the responses are true and correct to the best of my knowledge and information.

_____

Rajesh Kumar Mishra
(Printed name)

# CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the email on all counsel or parties of record on the service list below on this 19th day of July, 2017.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Nathan Siegel
Levine Sullivan Koch & Schulz, LLP
321 West 44 Street, Suite 1000
New York, New York 10036
kbolger@lskslaw.com
alazier@lskslaw.com
nsiegel@lskslaw.com

Lawrence Allan Kellogg
Jezabel Pereira Lima
Levine Kellogg Lehman Schneider & Grossman LLP
Miami Center
201 So. Biscayne Boulevard, 22nd Floor
Miami, Florida 33131
lak@lklsg.com
jl@lklsg.com