# Exhibit 66

<span style="color:red">**CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER**</span>

**Subject:** Signed agreement
**From:** Nick Dvas <dvas@servers.com> boundary="Apple-Mail=_069DB6E4-C377-4470-880A-36986905C616"
**Date:** 7/4/2016 5:40 AM
**To:** "Dolan, Charles" <charles.dolan@kglobal.com>

---Attachments:---------------------------------------------------------------

kglobal_servers.pdf                                                     153 KB



P-P001336



# CONSULTING AGREEMENT

THIS CONSULTING AGREEMENT (the "Agreement") will take force as of 15.07.2016 (the "Effective Date") by and between **kglobal LLC** (the "Consultant"), with its principal place of business at 2001 L Street, NW, 6th Floor, Washington, DC 20036 and **Servers.com Inc** (the "Client") with offices located at 2777 Stemmons Fwy., Suite 1655 Dallas, TX 75207, United States of America. The agreement will be in effect until 15.10.2016

In consideration of the mutual promises and covenants set forth below (the mutuality, adequacy and sufficiency of which are hereby acknowledged), the parties hereby agree as follows:

## ARTICLE I – AGREEMENT AND DUTIES

1. <u>Consulting.</u> During the term of this Agreement, on the terms and conditions hereafter set forth, Client retains Consultant to provide certain services described herein and Consultant agrees to provide such services (the "Services").

2. <u>Scope of Services.</u>

Services the Consultant will provide to the Client for three months include:

- Message development and message testing in two focus groups
- Full-day media training for up to five spokespeople
- Media list and audit
- Editorial calendar development and execution
- Crafting news releases, profiles, letters, statements and other communications materials, as needed for a period of three months
- Ongoing media outreach to publications and media reports for a period of three months
- Ongoing social media monitoring and reports for a period of three months

## ARTICLE II – COMPENSATION AND PAYMENT TERMS

1. <u>Compensation.</u> The Client agrees to pay $25,000 per month for a period of three months for the services specified above. The total fee for this period of service will amount to $75,000. Work will begin once the client pays the first initial monthly retainer of $25,000.

2. <u>Expense Reimbursement.</u> Client is responsible, subject to Client's written approval in advance, for reimbursing Consultant for any necessary travel lodging and project related expenses (such as travel, lodging, overnight shipping, third-party vendor costs outside the initial scope of this project, etc.). Expenses will be submitted to the client with a 10 percent markup to recover costs of administration and infrastructure borne by the Consultant.

3. <u>Payment Terms.</u> Amounts due and not received within 30 days from the date of the invoice shall bear a late payment penalty fee of 1.5% per month. Failure to remain current with payments may result in work stoppages. This does not apply to the initial payment, which is due immediately.

4. <u>Invoices.</u> Invoices will be sent electronically via email to the email address indicated in the Client signature block to this Agreement. Client must notify Consultant in writing of any dispute or disagreement with invoiced charges within thirty (30) days after the date of the invoice.

5. <u>Remittance of Payment.</u> Payments made by Client to Consultant under this Agreement shall be sent by wire transfer or other electronic payment facility using the information as follows:

- Beneficiary: Zenetex, LLC Bank: BB&T Account Number: 0000154922261 ABA/Routing Number: 051404260 Address: 13800 Coppermine Road, Suite 307, Herndon, VA 20171

## ARTICLE III – CONFIDENTIAL INFORMATION


The parties agree that neither party will, during or after the term of this Agreement, copy, disclose, distribute or make use of any Confidential Information of the other party for its own benefit or for the benefit of a business or entity other than the other party to this Agreement without the prior written consent of such other party and shall strictly and at all times maintain the confidentiality of the Confidential Information. At the request of the disclosing party, the receiving party shall return to the disclosing party all memoranda, notes, copies, drawings, abstracts, records or other documents, and all copies thereof, concerning any Confidential Information.

**ARTICLE IV – MISCELLANEOUS**

1. <u>Compliance with Law.</u> Both parties shall comply with all federal, state, local, and foreign laws, regulation, rules, ordinances and orders of any kind that are applicable to performance hereunder.

2. <u>Conflicts.</u> Neither party shall intentionally take any action against the best interest of the other party or of any subsidiary or affiliate of the other party.

3. <u>Severability.</u> The provisions of this Agreement shall be deemed severable and the invalidity or enforceability of any provisions shall not affect the validity and enforceability of the other provisions hereof. If any provision of this Agreement is unenforceable for any reason whatsoever, such provision shall be appropriately limited and given effect to the extent that it may be enforceable.

4. <u>Counterparts.</u> This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. For purposes of this Agreement use of a facsimile, e-mail, or other electronic medium shall have the same force and effect as an original signature.

5. <u>Confidentiality.</u> Consultant agrees to keep confidential any and all information concerning your business and operation which becomes known to us and which you advise us is to be considered confidential in nature. Client agrees to keep confidential our rec

ommendations and confidential information regarding various communications projects in which we are now or may be involved.

6. All correspondence and materials relevant to this assignment shall be held as confidential and If the performance of this Agreement or any obligation hereunder, except the making of payments hereunder, is prevented, restricted or interfered with by reason of fire, flood, earthquake, hurricane, explosion or other casualty or accident; strikes or labor disputes, inability to procure parts, supplies or power; war or other violence; any law, order, proclamation, regulation, ordinance, demand or requirement of any government agency; or any other act or condition whatsoever beyond the reasonable control of the affected party, the party so affected shall, upon giving prompt notice to the other party, shall be excused from such performance to the extent of such prevention, restriction or interference; provided, however, that the party so affected shall take all reasonable steps to avoid or remove such causes of nonperformance and shall resume performance hereunder with dispatch whenever such causes are removed.

7. <u>Survivability.</u> The provisions of Article III – Confidential Information and of Article IV – Miscellaneous, paragraph 11 hereof shall survive the expiration or termination of this Agreement, except as expressly stated therein.

8. <u>Disputes.</u> Any and all claims, disputes, or controversies arising out of or relating to this Agreement, before or after its termination, shall be resolved by final and binding arbitration before a single arbitrator selected from and administered by the National Arbitration Forum in accordance with its then-existing arbitration rules or procedures regarding commercial or business disputes as modified by the provisions of this paragraph. The arbitration will be held in the Washington, D.C. metropolitan area. The parties agree that this arbitration provision shall provide each party with its exclusive remedy, and each party expressly waives any right it may have to seek redress in any other forum, except as otherwise expressly provided in this Agreement. Each party shall bear its own attorneys' fees and costs arising out of the arbitration and shall pay an equal share of the fees and costs of the arbitration; provided, however, that the arbitrator shall be authorized to determine whether a party is the prevailing party and, if so, to award to that prevailing party reimbursement for its reasonable attorneys' fees and costs (including, for example, expert witness fees and expenses) and/or the fees and costs of the arbitration.



CONTRACT

9. <u>No Waiver.</u> A party's failure to exercise any right under this agreement shall not constitute a waiver of any other terms or conditions of this Agreement with respect to any other or subsequent breach, nor a waiver by such party of its right at any time thereafter to require exact and strict compliance with the terms of this Agreement.

10. <u>Miscellaneous.</u> This Agreement shall be governed by, and construed in accordance, with the laws of the Commonwealth of Virginia, without regard to conflict of laws that would otherwise require the application of the law of a different jurisdiction. This Agreement constitutes the entire agreement between Consultant and Client with respect to the subject matter herein and shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, successors and assigns. Neither this Agreement nor any amendment to this Agreement shall be valid unless in writing signed and duly authorized by an executive officer of Client and by Consultant.

11. Client may terminate this Agreement at any time and without reason by providing five (5) days written notice to the Consultant and Consultant must promptly stop providing the Services to Client in connection with this Agreement. It will be solely Consultant's responsibility to secure in Client's favor all necessary information and documentation from and in relation to the Services prior to termination. Subject to the parties' written agreement with respect to the amount of worked performed and not performed, and any outstanding project related expenses, the Consultant will promptly refund any amounts paid in advance by Client (including a full refund of the retainer fee) for work not performed (minus unreimbursed expenses) during the month of termination.

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the 24th day of June 2016.

**CONSULTANT: kglobal LLC**

By: _____
Printed Name: Jeffrey L. McDermott
Title: Vice President, Contracts
Email: ..................

**CLIENT: SERVERS.COM INC**

By: _____
Printed Name: Nikolay Dvas
Title: Chief Operating Officer
Email: dvas@servers.com