IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.

_____/

## JOINT RESPONSE TO THE COURT'S SEPTEMBER 25, 2018 ORDER

The Parties jointly respond to this Court's September 25, 2018 Order requiring the parties to "list and describe the motions *in limine* and *Daubert* motions they intend to file. And further, the parties shall explain how and whether a ruling on the summary judgment motions would render any of them unnecessary or moot." Dkt. No. 220.

**1. The Pending Summary Judgment Motion May Dispose of This Matter**

As an initial matter, Defendants' Motion for Summary, which was filed under seal at Docket Number 214, will be fully briefed by October 12, 2018. If this Court grants that motion, this action will be disposed of in its entirety. Consequently, all pretrial stipulations and motions would be moot.

If, however, some of the case survives, the disposition of the summary judgment motions filed by both parties will narrow the rest of the matters on the pre-trial schedule as follows:

**2. *Daubert* Motions**

Plaintiffs intend to file two *Daubert* motions seeking to strike Plaintiffs' technical expert and Russia expert and/or to limit the testimony that they are permitted to offer. The Court's ruling on Defendants' general summary judgment may effect the scope or need for Plaintiffs'

1

*Daubert* motion concerning Defendants' technical expert, to the extent that the Court determines the scope and nature of the allegedly defamatory comments as part of its ruling on summary judgment. And, although Plaintiffs do not believe the disposition of the summary judgment motions would otherwise affect these *Daubert* motions, they do note below how the resolution of any *Daubert* motions would render other aspects of the pre-trial schedule unnecessary.

Defendants intend to file two *Daubert* motions seeking to strike Plaintiffs' damages expert and technical expert and/or to limit the testimony that they are permitted to offer. If summary judgment is not entered in its entirety, Defendants do not believe the disposition of the remaining issues in those motions would affect these *Daubert* motions. Below, however, they note how the resolution of any *Daubert* motions would render other aspects of the pre-trial schedule unnecessary.

### 3. Motions *in Limine*

The following are the motions *in limine* which the Parties presently contemplate filing. The Parties expressly reserve the right to add additional motions if, by the point any such motions need to be filed, additional identification of trial evidence by the opposing Parties warrants them.

**Plaintiffs presently intend to make the following motions:**

- Defendants cannot offer evidence or testimony concerning irrelevant trade conferences allegedly sponsored in the past by Webzilla and/or attended by Mr. Gubarev. This motion may be unnecessary depending on the Court's ruling on Plaintiffs' public figure summary judgment motion.

- Defendants cannot offer evidence or testimony concerning the actions of Plaintiffs' clients and customers, as opposed to the actions of the Plaintiffs themselves. This motion may be unnecessary depending on the Court's rulings on Plaintiffs' public figure summary judgment motion and/or the Court's ruling on Plaintiffs' *Daubert* motion.

- Defendants cannot offer evidence or testimony concerning Plaintiffs' general attempts to promote their business interests. This motion may be unnecessary depending

4815-1533-0930v.1 0100812-000009

on the Court's ruling on Plaintiffs' public figure summary judgment motion.

- Defendants cannot offer evidence of companies in which Mr. Gubarev has passive investments.

- Defendants cannot offer evidence or testimony concerning parts of the Dossier that do not discuss the Plaintiffs (i.e. any portions of the Dossier other than the December memo).

- Defendants cannot offer evidence or testimony concerning the truth of portions of the Dossier unrelated to the Plaintiffs.

- Defendants cannot offer testimony or evidence concerning the alleged reliability of their sources (having refused to identify or provide discovery concerning said sources) and/or Christopher Steele (having disclaimed reliance on such reliability).

**Defendants intend to make the following motions:**

- Plaintiffs cannot offer evidence as to standards of good/responsible journalism because they failed to identify a journalism expert.  This motion may be unnecessary if the Court determines that Plaintiffs are public figures, because actual malice is a subjective test.

- Plaintiffs may not contend that BuzzFeed's decision to redact Plaintiffs' names from the Dossier upon receiving the Complaint is evidence of negligence or culpability.  If the Court determines that Plaintiffs are public figures, this motion would not need to address the negligence question.

- Plaintiff's technical expert cannot testify to the alleged falsity of the Dossier.  This motion would be unnecessary if he is excluded on a *Daubert* motion.

- Plaintiffs may not claim that the Dossier caused any pecuniary damages because there is no evidence of causation.  This motion may be unnecessary if that issue is resolved on a *Daubert* motion.

- Plaintiffs may not claim damages for XBT family entities other than the actual Plaintiffs.

- Plaintiffs many not offer hearsay evidence purporting to show damages, including injury to reputation – e.g. what Plaintiffs were supposedly told by banks, creditors, etc.  This motion may be unnecessary if that issue is resolved on a *Daubert* motion.

- Plaintiffs may not offer evidence of alleged damage to Gubarev's family members

- Plaintiffs may not seek pecuniary damages because they failed to apportion damages between Defendants and Christopher Steele in their pending lawsuit against him.  This may be unnecessary if that issue is resolved on a *Daubert* motion.

4815-1533-0930v.1 0100812-000009

- Plaintiffs may not claim "lost business value" as a measure of damages.  This may be unnecessary if that issue is resolved on a *Daubert* motion.

- Plaintiffs may not offer evidence of "unjust enrichment" to BuzzFeed.  This may be unnecessary if that issue is resolved on a *Daubert* motion.

- Plaintiffs cannot have witnesses, be they experts or fact witnesses, testify as to the meaning of the allegedly defamatory statements.  This may be unnecessary, at least as to expert witnesses, if that issue is resolved on a *Daubert* motion.

- The jury should be handed the Article and the Dossier before opening statements begin.

4. **Pre-Trial Stipulation**

In the Unopposed Motion, Plaintiffs requested that all non-summary judgment dates, including the due date for the Joint Pre-Trial Order, be extended.  That is because the information required in this Court's standing order, including witness and exhibit lists and deposition designations will be shaped by the outcome of the summary judgment motion.  For example, the Court will determine whether Plaintiffs will be deemed to be public figures, or if not which state's law applies to the standard of fault.  The exhibits and witnesses relevant will be different based on which standard applies because the intent requirement for public figures is evaluated subjectively and the gross irresponsibility and negligence standards are evaluated objectively.  In addition, the witnesses, exhibits, and deposition testimony would likely substantially be affected by the rulings on any *Daubert* motions if any are filed, because those would directly affect the choice of both witnesses, exhibits, and deposition designations based on how the scope of the issues that may be tried would be defined at that point.  The same is true with respect to other aspects of the pre-trial stipulation, such as what relevant facts the parties may stipulate to, what remains to be tried, and what, if any, issues of law might remain to resolve in the course of any trial.

Finally, the content of proposed Jury Instructions and Verdict Forms hinges directly on

this court's determination as to which State's law applies and whether Plaintiffs are public figures.  Absent a decision from the Court on these matters, the parties will have to draft jury instructions to cover all possible outcomes: the laws of two different states and three potential fault standards – actual malice, gross irresponsibility, and negligence.

Dated:  September 26, 2018

Respectfully submitted,

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*

/s/ Katherine M. Bolger
Katherine M. Bolger (*pro hac vice*)
Adam Lazier (*pro hac vice*)
Nathan Siegel (*pro hac vice*)
Alison Schary (*pro hac vice*)
Davis Wright Tremaine, LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com
nathansiegel@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

4815-1533-0930v.1 0100812-000009

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on September 26, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

4815-1533-0930v.1 0100812-000009