UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

**FILED UNDER SEAL**

**PLAINTIFFS' EMERGENCY MOTION TO CONTINUE TO SEAL PORTIONS OF DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND STATEMENTS OF FACT**



    There is no other way to say this but directly: Defendants are engaged in a blatant attempt to publicly smear Plaintiffs – employing a campaign of public innuendo and the inclusion of wholly irrelevant materials in their summary judgment filings – in an obvious and inappropriate attempt to prejudice the venire in this case. Attorney Roy Black's tweet (pictured above), which he sent to a reporter for Variety Magazine and that was recently reproduced in its entirety in an article in the Miami Herald[1] is a prime example of this highly inappropriate tactic (not to mention a blatant violation of the Amended Protective Order issued by the Court).

    It is a tactic that should not be allowed to continue with Defendants' new attempts to

---

[1] See https://www.miamiherald.com/news/local/crime/article218740565.html, last accessed September 27, 2018.

publicly file information that has no probative value to the issues before this Court but which may unduly prejudice potential jurors. As the Court is aware from the parties' filings, Plaintiffs intend to bring *Daubert* motions and motions *in limine* addressing the admissibility of such prejudicial information. In the interim – and at least until such motions are decided – Plaintiffs move for portions of Defendants' Motions for Summary Judgment (and supporting papers) to remain under seal. In further support of this Motion, Plaintiffs state as follows.

I.  **Irrelevant and Inflammatory Allegations Concerning the Hosting of Adult Webmaster Conferences**

As was anticipated, Defendants spent much of their summary judgment motion on the public figure analysis discussing the fact that some of Webzilla's clients hosted pornography websites and that, for a time, a company in which Mr. Gubarev was a passive investor sponsored a conference for the web professionals that develop and maintain such websites. Ironically, in their own motion, Defendants argue that "For his porn-related activities, Gubarev used a pseudonym...." Defendants' Motion for Partial Summary Judgment on Plaintiffs' Status as Public Figures [hereinafter, "Defendants' Motion"], Docket No. 212, p. 2, fn. 1. In other words, and by Defendants' own measure, Mr. Gubarev did not *seek publicity* by virtue of his involvement with these adult-content conferences. To the contrary, he actively sought to *avoid* any publicity in connection with adult content.

Similarly, as Defendants themselves allege: "By 2013, Plaintiffs were winding down their direct involvement in promoting the adult web industry." Defendants' Motion, p. 3. In other words (and again, based on Defendants' own assertions) Plaintiffs were not even "promoting" adult content for the *four years prior to Buzzfeed publishing the so-called Dossier*. How, then, could such "promotion" (even if it occurred in the manner and scope as alleged by Defendants) be relevant to Defendants' argument that Plaintiffs voluntarily thrust themselves into the "public controversy" concerning the hacking of the Democratic National Committee? It cannot be relevant, is not relevant, and (like Attorney Black's tweet), is designed solely to improperly prejudice potential jurors. Moreover, there is no reason why this "information" needs to be placed into the public domain at this time. If Defendants believe that this information has legitimate relevance to the present proceedings, they will be able to argue as much to this Court. Plaintiffs intend to move to have such references precluded as irrelevant and unduly prejudicial. If the Court were to agree with Defendants' position, the materials could be

unsealed at that point in time.

## II.     Outrageous References to Child Pornography

Citing primarily to a 2008 article written by a Dutch blogger and an anonymous 2009 internet posting, Defendants try to connect Plaintiffs to child pornography, alleging that such materials were hosted on Webzilla's servers (again, allegations, which have nothing to do with the question of limited public figure status, that are directed at Webzilla's *clients*, not Plaintiffs themselves). The allegations are repugnant; not supported by evidence that would be considered even remotely admissible; irrelevant; and clearly designed for the sole purpose of unduly prejudicing the jury. Its inclusion in Defendants' *sealed* motion is outrageous enough without compounding the issue by allowing Defendants to publish such irrelevant material to the world at large.

## III.    Methbot and Webzilla's Efforts at Crisis Control

Similarly, Defendants are looking to use the fact that Webzilla sought to *minimize negative publicity* that could have arisen out of a report that one of Webzilla's *clients* was involved in committing advertising fraud as proof that Webzilla was "injecting themselves into controversy over Russian Cyber-Crime." Defendants' Motion, pp. 8-10. Indeed, Defendants' own motion recognizes (at it had to, given the sworn testimony) that Webzilla's motivation was to "minimize the bad publicity" and to be prepared to "get in front of" the story if journalists decided to ask about it. Defendants' Motion, pp. 9-10. Ultimately, no journalists ended up contacting Webzilla about its client's involvement in the Methbot fraud.

Here, too, the evidence is precisely the opposite of what Defendants claim to be their arguments. The evidence cited does not show an attempt to inject oneself into a controversy: the evidence shows an effort to distance oneself from a controversy (if necessary). *See*, *also*, Exhibit 1 hereto. There is, then, no *legitimate* reason for such information to be placed in front of prospective jurors. There is, nonetheless, a reason why Defendants want such information to be public – to unduly prejudice prospective jurors. Once again, Plaintiffs intend to move to have such references precluded as irrelevant and unduly prejudicial. And, if the Court were to agree with Defendants' position, the materials could be unsealed at that point in time. There is, however, no reason for such information to be made public at this time and to do so serves no legitimate purpose.

### IV.     The (Alleged) Wrongs of Others

Finally, Defendants gratuitously throw into their motion facts to suggest that "notorious cyber-criminals" were also sponsors of (or attendees at) conferences that Plaintiffs attended or sponsored, as if guilt-by-association was somehow proof of public figure status.  Putting aside the fact that the information is completely irrelevant to the question of whether Plaintiffs are public figures, the assertion is also an absurdity.  In March of 2018, Defendant Ben Smith spoke at a conference hosted by the Financial Times.  *See* https://live.ft.com/Events/2018/FT-Future-of-News-2018.  Also speaking at that conference was former Breitbart editor, Stephen Bannon.  Does this mean that Ben Smith and Buzzfeed support Stephen Bannon's right-wing nationalistic and white supremacist views?  Or the pro-pedophilia views of former Breitbart editor Milo Yiannopoulos?  No.  And yet this is the type of smear suggested by Defendants' Motion.  Injecting such vile innuendo into the public has no legitimate purpose and would serve only to unduly prejudice potential jurors.

### Conclusion

For the reasons articulated hereinabove, Plaintiffs respectfully request that the Court order that the portions of Defendants' motions discussing pornography, adult-content conferences, child pornography, the Methbot fraud, and the alleged wrongdoing of persons other than the Plaintiffs remain confidential and under seal until such time as this Court orders otherwise.

### Basis for Filing as an Emergency

Plaintiffs have filed the present motion on an emergency basis because, despite requests from counsel, Defendants would not agree to either: (a) delay filing a public version of their Summary Judgment Motion and accompanying documents until the Court had an opportunity to rule on the present motion or (b) file a preliminary public version of their Motion and accompanying documents until the Court had the opportunity to rule on the present motion.  *See* Email correspondence, attached as Exhibit 2.

**Certificate of Compliance with Local Rule 7.1**

The undersigned certify that Plaintiffs' counsel have conferred with counsel for Defendants in a good-faith effort to resolve the issues raised in this motion and have been unable to do so.

Dated: September 28, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via email on all counsel or parties of record on the service list below on September 28, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com