Exhibit 34

*James Madison Project v. Dep't of Justice*
No. 1:17-cv-00144-APM

Defendants' Answer to the First Amended
Complaint

Ex. B

*F- 2017-00649*

# The James Madison Project
## 1250 Connecticut Avenue, N.W.
## Suite 200
## Washington, D.C. 20036

JAN 1 1 2017

(202) 498-0011
(202) 330-5610 fax

E-Mail: FOIA@JamesMadisonProject.org
http://www.JamesMadisonProject.org

January 11, 2017

<u>VIA FACSIMILE</u>

Information and Privacy Coordinator
Central Intelligence Agency
Washington, D.C. 20505

Re:    <u>FOIA Request – DNI Report</u>

To whom it may concern:

This is a request on behalf of The James Madison Project ("JMP") and Josh Gerstein ("Mr. Gerstein")(hereinafter referred to jointly as "the Requesters") under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* This request seeks copies of Central Intelligence Agency ("CIA") records, including cross-references, memorializing the following:

1) The two page "synopsis" provided by the U.S. Government to President-Elect Donald Trump ("President-Elect Trump") with respect to allegations that Russian Government operatives had compromising personal and financial information about President-Elect Trump;

2) Final determinations regarding the accuracy (or lack thereof) of any of the individual factual claims listed in the two page synopsis; and

3) Investigative files relied upon in reaching the final determinations referenced in category #2.

The CIA can limit the timeframe of its search from January 1, 2015, up until the date the agency begins conducting actual searches for responsive records. The Requesters expressly reject any effort by the CIA to set the end date for conducting searches as the date of acceptance of this FOIA request with respect to any of the categories of information sought. The scope of the searches should not be limited to CIA-originated records and should be construed to include

---

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

C 0 6 6 ...   2017 SNDCB053 (RMD)   12025364452 From: Bradley P. Moss

The James Madison Project

records that are currently in the possession of a U.S. Government contractor for purposes of records management.

For context, CNN has reported that during the presentation provided to President-Elect Trump regarding Russian interference in the 2016 election he was also provided with a two page synopsis appended to the presentation. The two page synopsis included allegations derived from a 35 page "dossier" allegedly compiled by a former British intelligence operative. *http://www.cnn.com/2017/01/10/politics/donald-trump-intelligence-report-russia/index.html* (last accessed January 11, 2017). That 35 page "dossier" was later published by Buzzfeed. *http://money.cnn.com/2017/01/10/media/buzzfeed-trump-report/* (last accessed January 11, 2017).

The Requesters are pre-emptively waiving any objection to the redaction of the names of any U.S. Government officials below a GS-14 position or whom otherwise were not acting in a supervisory position. The Requesters similarly waive any objection to redactions of the names of any U.S. Government contractors in a position of authority similar to that of a GS-13 series civilian employee or below.

In terms of all other third parties who work or worked for the U.S. Government and whose names appear in records responsive to this request, the Requesters submit that the privacy interests of those individuals have been diminished by virtue of their involvement in one or more of the U.S. Government functions described above as falling within the scope of this request. There is a recognized inverse relationship between the position of authority that a government employee holds and the strength of that employee's privacy interests. See Stern v. FBI, 737 F.2d 84, 92 (D.C. Cir. 1984); Jefferson v. Dep't of Justice, 2003 U.S. Dist. LEXIS 26782, *11 (D.D.C. Nov. 14, 2003); see also Perlman v. Dep't of Justice, 312 F.3d 100, 107-109 (2d. Cir. 2002)(setting forth five factors to consider in weighing government employee's privacy interests against public interest in disclosure, including employee's rank and whether information sheds light on a government activity).

The work performed by these third parties (whether they be U.S. Government officials or contractors) was part of their official responsibilities on behalf of the U.S. Government and was not of a personal nature. They served in a position of trust and authority to, among other things, investigate the credibility of the allegations (as well as the source of the allegations himself) contained in the original 35 page dossier and to subsequently summarize findings regarding certain allegations in the two page synopsis. Given that responsive records memorializing the work they performed will shed light on government activity, particularly by revealing how and why the CIA viewed certain allegations as sufficiently credible to warrant including them in the two page synopsis (and others as lacking the credibility to warrant inclusion), it would be reasonable to conclude that the relevant third parties' respective (and diminished) privacy

---

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

C0660 Case 1:17-cv-00144-APM 20-6 UNCLASSIFIED 03/01/17 2825384452 From: Bradley P. Moss

The James Madison Project

interests are outweighed by the public interest in disclosure of the information indexed to their name.[1]

We are also requesting a waiver of or, at a minimum, a reduction in fees. JMP and Mr. Gerstein qualify – in their own respective rights – for designation as representatives of the news media.

JMP is a non-partisan organization dedicating to promoting government accountability and the reduction of secrecy. *http://jamesmadisonproject.org/* (last accessed August 7, 2015). The organization is a frequent FOIA requester and litigator and Federal agencies routinely and regularly grant JMP fee waivers. Mr. Gerstein is senior White House reporter for Politico. *http://www.politico.com/staff/josh-gerstein* (last accessed December 22, 2016).

The Requesters have the ability to disseminate information on a wide scale and intend to use information obtained through this FOIA request in an original work, particularly through news articles published by Mr. Gerstein. According to 5 U.S.C. § 552(a)(4)(A)(ii),

> the term 'a representative of the news media' means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.

The Requesters can demonstrate their intent and ability to publish or otherwise disseminate information to the public. See Nat'l Security Archive v. Dep't of Defense, 880 F.2d 1381, 1386 (D.C. Cir. 1989). Mr. Gerstein maintains the ability to produce news articles that will be published by Politico. In the event that fees are ultimately assessed, please do not incur expenses beyond $25 without first contacting our office for explicit authorization.

There is considerable public interest in disclosure of the requested records. The possibility of one or more of the allegations being accurate raises significant concerns about possible exposure President-Elect Trump would have to foreign exploitation or blackmail. Disclosure of records responsive to this request would shed light on the degree to which (if at all) CIA viewed any of the accusations as being credible.

Finally, and again in reliance upon the same public interest reasons outlined above, the Requesters are seeking expedited processing of their FOIA request. FOIA permits expedited processing when a "compelling need" exists. 5 U.S.C. § 552(a)(6)(E)(v). Specifically, "compelling need" means "with respect to a request made by a person primarily engaged in

---

[1] We acknowledge, of course, that some redactions or narrowly focused withholdings might ultimately be appropriate as the CIA processes the responsive records.

---

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

*James Madison, 1822*

The James Madison Project

disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." Id. at § 552(a)(6)(E)(v)(II).

The records responsive to this FOIA request clearly qualify as information regarding U.S. Government activity that the public has an urgent and active need to know. President-Elect Trump's expansive financial connections (much of the details of which remain private) already raised significant concerns regarding potential exposure to foreign influence, and arguably are implicated by the unverified claims contained in the 35 page "dossier" (and, most likely, the two page synopsis). *http://www.huffingtonpost.com/entry/donald-trump-turkey-business_us_5836188ae4b01ba68ac41d9f* (last accessed December 2, 2016); *http://www.cnn.com/2016/11/21/politics/trump-overseas-business-interests/index.html* (last accessed December 2, 2016). In a press conference on January 11, 2017, President-Elect Trump announced that he will not be divesting his assets but rather will have two of his adult children run the company by way of a trust agreement. *https://www.yahoo.com/news/trump-business-pursue-us-deals-164541819.html* (last accessed January 11, 2017). This more than sufficiently satisfies the statutory requirement to demonstrate a "compelling need".

If the CIA denies all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law. We request that any documents or records produced in response to this request be provided in electronic (soft-copy) form wherever possible. Acceptable formats are .pdf, .jpg, .gif, .tif. Please provide soft-copy records by email or on a CD if email is not feasible. However, the Requesters do not agree to pay an additional fee to receive records on a CD, and in the instance that such a fee is required, the Requesters will accept a paper copy of responsive records.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me at (202) 907-7945 or via e-mail at brad@jamesmadisonproject.org.

Sincerely,

/s/

Bradley P. Moss

*"Knowledge will forever govern ignorance, and a people who mean to be their own Governors, must arm themselves with the power knowledge gives."*

James Madison, 1822