**EXHIBIT 11**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MIKHAIL FRIDMAN, PETR AVEN, AND
GERMAN KHAN,

                  Plaintiffs,

-v-

BUZZFEED, INC., BEN SMITH,
KEN BENSINGER, MIRIAM ELDER,
AND MARK SCHOOFS,

                  Defendants.

---

Index No.:
Date Purchased: May 26, 2017

Plaintiff Designates New York County as the Place of Trial.

The Basis of the Venue is CPLR §§ 503(a) and (c).

Defendants' Principal Office Address is in New York, New York.

## SUMMONS

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorneys within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
         May 26, 2017

                                              CARTER LEDYARD & MILBURN LLP

                                          By: _____
                                                Alan S. Lewis
                                                John J. Walsh
                                                2 Wall Street
                                                New York, New York 10005
                                                Telephone: (212) 732-3200

                                                *Attorneys for Plaintiffs*

TO:    BUZZFEED, INC.
         111 East 18th Street
         New York, New York 10003

Mr. Ben Smith
Editor-in-Chief
BuzzFeed, Inc.
111 East 18th Street
New York, New York 10003

Mr. Ken Bensinger
Investigative Reporter
BuzzFeed, Inc.
7323 Beverly Boulevard
Los Angeles, California 90026

Mr. Miriam Elder
News World Editor
BuzzFeed, Inc.
111 East 18th Street
New York, New York 10003

Mr. Mark Schoofs
News Investigations Editor
BuzzFeed, Inc.
111 East 18th Street
New York, New York 10003

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
------------------------------------------------------------X
                                                            :
MIKHAIL FRIDMAN, PETR AVEN, AND                             :
GERMAN KHAN,                                                :
                                                            :    Index No. _____/2017
                        Plaintiffs,                         :
                                                            :
            -v-                                             :    **COMPLAINT**
                                                            :
                                                            :
BUZZFEED, INC., BEN SMITH,                                  :
KEN BENSINGER, MIRIAM ELDER,                                :
AND MARK SCHOOFS,                                           :
                                                            :
                        Defendants.                         :
------------------------------------------------------------X

        Plaintiffs Mikhail Fridman, Petr Aven and German Khan, by their attorneys Carter Ledyard & Milburn LLP, allege as follows:

## INTRODUCTION

        1.    This is an action for defamation based on false, damaging and highly inflammatory statements about plaintiffs, Mikhail Fridman, Petr Aven and German Khan, and about Alfa Group ("Alfa"), an umbrella term commonly used to describe a number of entities in which Plaintiffs hold significant beneficial interests. The statements were contained in the so-called Trump Dossier (the "Dossier") published in its entirety by defendant BuzzFeed, Inc. ("BuzzFeed") on January 10, 2017. The Dossier was published together with an article entitled "These Reports Allege Trump Has Deep Ties to Russia" (the "Article") written by defendant Ken Bensinger and edited by defendants Miriam Elder and Mark Schoofs. The decision to publish the Article and Dossier was made by BuzzFeed's Editor-in-Chief, defendant Ben Smith.

        2.    BuzzFeed admitted in the Article that the Dossier "include[d] specific, unverified and potentially unverifiable allegations of contact between Trump aides and

Russian operatives" and that it "is not just unconfirmed: It includes some clear errors. The [Dossier] misspells the name of one company, 'Alpha Group,' throughout. It is Alfa Group." Even though the Dossier included many harmful allegations about Plaintiffs and Alfa, and even though BuzzFeed expressly acknowledged the unverified and potentially unverifiable nature of the Dossier's allegations, BuzzFeed published the unredacted Dossier and the Article anyway – without first affording the Plaintiffs an opportunity to address the unverified allegations made against them and against Alfa in the Dossier.

3. Plaintiffs seek an award of compensatory and punitive damages for the harm to their personal and professional reputations and impairment of business opportunities that resulted from the blatantly false and defamatory statements and implications about them and Alfa published by Defendants.

## THE PARTIES

4. Plaintiffs Fridman, Aven, and Khan are ultimate beneficial owners of Alfa.

5. Defendant BuzzFeed, Inc., a Delaware Corporation, is a global news organization headquartered in New York City. BuzzFeed describes itself as "the leading independent digital media company delivering news and entertainment to hundreds of millions of people around the world."

6. Defendant Ben Smith, on information and belief, resides in Brooklyn, New York. He is the Editor-in-Chief of BuzzFeed under whose leadership, according to BuzzFeed, its "coverage has grown to include politics, business, investigative reporting, longform journalism, and entertainment while growing the site's traffic to over 200M monthly unique visitors."

2

7. Defendant Ken Bensinger is an investigative reporter for BuzzFeed based in Los Angeles, California – and the author of the Article.

8. Defendants Miriam Elder and Mark Schoofs are, respectively, BuzzFeed's News World Editor and News Investigations Editor. They edited the Article and are based in New York City.

9. On information and belief, defendants Smith, Bensinger, Elder and Schoofs are employees of BuzzFeed, and, in that capacity, their professional conduct is subject to BuzzFeed's control and supervision.

## FACTUAL ALLEGATIONS

10. On January 10, 2017, BuzzFeed published the Article with the headline "These Reports Allege Trump Has Deep Ties To Russia." The "Reports" referred to in the headline consist of seventeen Company Intelligence Reports 2016 ("CIRs"), "prepared for a political opponent of Trump by a person who is understood to be a former British intelligence agent," totaling 35 pages, which together comprise the Dossier.

11. The Article describes the Dossier as "a collection of memos written over a period of months" containing "explosive – but unverified – allegations that the Russian government has been cultivating, supporting and assisting [then] President-elect Donald Trump for years and gained compromising information on him," including "specific, unverified, and potentially unverifiable allegations of contact between Trump aides and Russian operatives."

12. BuzzFeed acknowledged that its "reporters in the US and Europe have been investigating various alleged facts in the [D]ossier but have not verified or falsified them," and that the Dossier's allegations are "explosive." BuzzFeed's Editor-in-Chief

3

Defendant Smith nevertheless made the decision to publish, even in spite of his awareness that the Dossier was the secret product of a secretive private investigator, not intended to be part of public discourse or to make an argument in a public debate and that the Dossier's content also bore multiple hallmarks of its irresponsible collection and compilation.

13. In publishing the Dossier's unverified content, BuzzFeed did so in a manner that allowed it to reach BuzzFeed's claimed readership of "hundreds of millions of people around the world" – with BuzzFeed's additional awareness that it would then be republished to millions more readers in every stratum of global society.

14. The Article specifically refers to Alfa as having been named in the Dossier, while acknowledging that the Dossier "is not just unconfirmed: It includes some clear errors. The [Dossier] misspells the name of one company, 'Alpha Group,' throughout. It is Alfa Group."

15. The Article, by explicitly referring to Alfa, increases the likelihood that persons interested in Alfa (including but not limited to government intelligence officials, regulatory authorities, financial institutions, print and online news media and journalists) would search the Dossier to find out what it says about Alfa.

16. CIR 112 (page 25 of the Dossier) bears the headline "RUSSIA/US PRESIDENTIAL ELECTION: KREMLIN-ALPHA GROUP CO-OPERATION."

17. Because the Article clarified that the Dossier's reference to "Alpha" Group was a misspelling of Alfa, readers of CIR 112 are given the impression that the various companies that bear the name "Alfa" or are closely related to Alfa – as well as the persons who are officials and employees of companies that are a part of the "Alfa

4

Group" – are implicated in the scandalous allegations involving Russia and President Trump referred to in the Article and the other CIRs.

18.  That alone is defamatory, i.e., it suggests that Alfa and its officials and employees "co-operated" with a Kremlin campaign to interfere in the U.S. Presidential election.

19.  CIR 112 then lays out in sections labeled "Summary" and "Detail" a series of factual allegations about the "current closeness" of an "Alfa Group/PUTIN relationship," including that "[s]ignificant favors continue to be done in both directions and FRIDMAN and AVEN still giving informal advice to PUTIN, especially on the US."

20.  The Summary section of CIR 112 also identifies a former employee of Alfa, Oleg Govorun, now head of a governmental department in President Putin's administration, as a "key intermediary" in the "PUTIN-Alfa relationship" who is alleged to have "delivered illicit cash directly to PUTIN" "throughout the 1990s" while he was an "Alpha executive."

21.  The first paragraph of the Detail section of CR112 then states the full names of Messrs. Fridman, Aven and Khan, describing them as "oligarchs." This paragraph goes on to state that a "Russian government official" reported:

> that although they have had their ups and downs, the leading figures in Alpha currently are on very good terms with PUTIN. Significant favors continued to be done in both directions, primarily political ones for PUTIN and business/legal ones for Alpha. Also, FRIDMAN and AVEN continued to give informal advice to PUTIN on foreign policy, and especially about the US where he distrusted advice being given him by officials.

22.  Thus, Messrs. Fridman, Aven and Khan are drawn, under any reasonable reader's understanding, into an alleged mutually beneficial, but highly inappropriate,

5

relationship with President Putin and, by clear and defamatory implication, the purported Kremlin campaign to interfere in the recent U.S. election.

23. The second paragraph of the Detail section alleges that Mr. Fridman "recently met directly with PUTIN" and that "much of the dialogue and business between them was mediated" by Mr. Govorun, the former Alfa employee, who is described as a "senior Presidential Administration official," "trusted by PUTIN," who:

> during the 1990s . . . had been Head of Government Relations at Alpha Group and in reality the 'driver' and 'bag carrier' used by FRIDMAN and AVEN to deliver large amounts of illicit cash to the Russian president, at that time deputy Mayor of St. Petersburg. Given that and the continuing sensitivity of the PUTIN-Alpha relationship, and need for plausible deniability, much of the contact between them was now indirect and entrusted to the relatively low profile GOVORUN.

24. The falsity and defamatory quality of these allegations of criminal conduct is clear: In the 1990s Alfa Group and its three highest officials purportedly engaged in acts of criminal bribery of Vladimir Putin, a public official, to secure favorable business treatment.

25. That statement, when considered together with other parts of the Dossier, implies that the alleged relationship between Alfa, its officials and President Putin is currently ongoing – and involves Mr. Govorun as an intermediary.

26. The third paragraph of the Detail section characterizes "the PUTIN-Alpha relationship as both a carrot and stick," asserting that:

> Alpha held 'kompromat' on PUTIN and his corrupt business activities from the 1990s whilst although not personally overly bothered by Alpha's failure to reinvest the proceeds of its TNK oil company sale into the Russian economy since, the Russian president was able to use pressure on this count from senior Kremlin colleagues as a lever on FRIDMAN and AVEN to make them do his political bidding."

6

27. More than one defamatory meaning can be drawn from this passage. It suggests that Alfa and Messrs. Fridman and Aven use their knowledge of past bribery of President Putin as a means of criminally extorting continuing favorable treatment for their business interests from his government. Within the context of the entire Dossier, it also implies that Alfa and its three officials willingly maintain the close relationship with President Putin based on the "kompromat" they hold on him by cooperating in some unspecified way in the Kremlin's campaign to interfere in the U.S. election.

28. At the same time, in context, the whole of CIR 112 can also be understood to suggest that because of their past (and possibly current) relationship involving mutually beneficial corrupt practices, Alfa and its three officials are required to do President Putin's bidding, which includes cooperating in the Kremlin efforts to influence the outcome of the recent U.S. election. The statements quoted from the Dossier are false.

## CAUSE OF ACTION

29. Plaintiffs repeat and reallege paragraphs 1-28 above.

30. By their publication of the Article and Dossier on January 10, 2017, Defendants falsely stated to the world via the Internet, of and concerning Plaintiffs and Alfa, that they:

    (a) are implicated in the scandalous allegations involving Russia and President Trump referred to in the Article, CIR 112 and the other CIRs in the Dossier;

    (b) that Alfa and its officials and employees "cooperated" with a Kremlin campaign to interfere in the U.S. Presidential election;

7

(c) are parties to a mutually beneficial but highly inappropriate relationship with President Putin;

(d) engaged in acts of criminal bribery of Vladimir Putin, then the deputy mayor of St. Petersburg, in the 1990s to secure favorable business treatment; and

(e) continue to use their knowledge of past bribery of President Putin as a means of criminally extorting continuing favorable treatment for their business interests from the Putin government.

31. Readers of the Article and Dossier were led to understand, incorrectly, that as a result of their past – and possibly current – close relationships and corrupt dealings, the Plaintiffs and Alfa are required to do President Putin's bidding, including cooperating in Kremlin efforts to influence the outcome of the recent U.S. election.

32. The false statements by the Defendants referred to above defamed the Plaintiffs and Alfa and caused serious injury to the Plaintiffs' reputations (personal and professional) and to Alfa's reputation.

33. The Article clearly states that the allegations contained in the Dossier were unverified and that the Dossier itself contained errors, including the repeated misspelling of Alfa's name, and could not be verified despite substantial efforts. The false and defamatory statements published by Defendants of and concerning the Plaintiffs and Alfa, and the implications of those defamatory statements, were made with knowledge of their falsity or with reckless disregard of whether they were true or false.

34. Defendants are liable to Plaintiffs for the defamation of Plaintiffs and Alfa and the resulting harm caused by BuzzFeed and the other Defendants, over whom

BuzzFeed exercises control and supervision with regard to what they publish on BuzzFeed's website.

WHEREFORE, Plaintiffs Mikhail Fridman, Petr Aven and German Khan demand judgment against Defendants BuzzFeed, Inc., Ben Smith, Ken Bensinger, Miriam Elder and Mark Schoofs for:

    a.     compensatory damages in an amount to be proved at trial, which in any event exceed $25,000 per Plaintiff, together with interest and the costs and disbursements of this action, plus reasonable attorneys' fees;

    b.     punitive damages in an amount to be determined at trial; and

    c.     such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        May 26, 2017

                                      CARTER LEDYARD & MILBURN LLP

                                      By: _____
                                            Alan S. Lewis
                                            John J. Walsh
                                            2 Wall Street
                                            New York, New York 10005
                                            Telephone: 212-732-3200

                                            *Attorneys for Plaintiffs*

FILED: NEW YORK COUNTY CLERK 05/26/2017 03:20 PM
NYSCEF DOC. NO. 1

INDEX NO. 154895/2017
RECEIVED NYSCEF: 05/26/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

MIKHAIL FRIDMAN, PETR AVEN, AND
GERMAN KHAN,

       Plaintiffs,

-v-

BUZZFEED, INC., BEN SMITH,
KEN BENSINGER, MIRIAM ELDER,
AND MARK SCHOOFS,

       Defendants.

-------------------------------------------------------------X

Index No.
Date Purchased: May 26, 2017

Plaintiff Designates New York County as the Place of Trial.

The Basis of the Venue is CPLR §§ 503(a) and (c).

Defendants' Principal Office Address is in New York, New York.

**SUMMONS & COMPLAINT**

CARTER LEDYARD & MILBURN LLP
COUNSELORS AT LAW
2 WALL STREET
NEW YORK, N.Y. 10005
(212) 732-3200