UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE ISSUE OF PLAINTIFFS' STATUS AS PUBLIC FIGURES**

1

Pursuant to Local Rule 56.1(a), Plaintiffs Aleksej Gubarev, XBT Holding S.A. ("XBT") and Webzilla, Inc. ("Webzilla") hereby submit this opposition to Defendants' Statement of Undisputed Material Facts in Support of Defendants' Motion for Partial Summary Judgment on the Issue of Plaintiffs' Status as Public Figures.[1]

1. Undisputed.

2. DENIED to the extent it implies that Webzilla is a direct subsidiary of XBT, instead of a subsidiary of a subsidiary of XBT. Opp. Ex. 141 [Gubarev Decl.], ¶ 1.

3. Undisputed.

4. DENIED as to the first sentence. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5. DENIED. Referenced document does not support the statements in this paragraph, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6. DENIED as to second sentence. The referenced document is unauthenticated and, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7. Undisputed, but misleading ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8. Undisputed that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9. DENIED as misleading. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10. DENIED that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11. DENIED. Documents do not support that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] All citations to "Ex." are to exhibits accompanying the Declaration of Nathan Siegel filed with Defendants' Statement of Undisputed Material Facts. All citations to "Opp. Ex." are to exhibits accompanying the Declaration of Matthew Shayefar in Opposition to Defendants' Public Figure Motion for Summary Judgment, fired herewith.

████████████████████████████████████████████████████████████
████████████████████████████████████████████

12. Undisputed.

13. DENIED as based on inadmissible hearsay and/or unauthenticated documents. Furthermore, misleading and irrelevant ████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████

14. DENIED as misleading and irrelevant ████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████████

15. Undisputed.

16. DENIED as based on inadmissible hearsay and/or unauthenticated documents and misleading and irrelevant ████████████████████████████████████

17. DENIED as ambiguous and misleading ████████████████████████
████████████

18. DENIED as based on inadmissible hearsay and/or unauthenticated documents and misleading and irrelevant ████████████████████████████████
██████████████

19. Undisputed.

20. Undisputed, but no evidence to support that these statements actually came to pass.

21. Undisputed.

22. Undisputed. However, XBT never used the domain name and sold it on January 2, 2016, and never created a forum to educate people about online safety. Opp. Ex. 141, ¶¶ 5-6.

23. Undisputed. However, XBT never used the domain name and sold it on January 2, 2016, and never created a forum to educate people about online safety. Opp. Ex. 141, ¶¶ 5-6.

24. Undisputed.

25. DENIED. Specifically denied that (a) Plaintiffs "tasked" Cutler PR with writing article, (b) work was focused on U.S. Market, and (c) Plaintiffs hired Cutler PR. Cutler PR created the proposal for services to be performed. Ex. 38 [Dvas Depo.], 51:15-23. The XBT

subsidiary Servers.com hired Cutler PR.  Ex. 39.  Servers.com had no specific market in mind when it hired Cutler PR.  Ex. 38 [Dvas Depo.], 59:2-4.

26. Undisputed.

27. Undisputed.

28. DENIED.  The proposal was for Servers.com, not XBT.  *See* Ex. 39.

29. DENIED.  Statements not supported by referenced documents.  There was no intention by Plaintiffs with the referenced approach – the strategy was proposed by Cutler PR.  Ex. 38 [Dvas Depo.], 51:15-23.  Also, establishing "credibility" was not the intention of the proposed approach, but instead a means of "position[ing] Servers.com as an expert."  Ex. 41

30. DENIED that Dvas was an executive of Plaintiffs at the time.  Dvas was the Chief Operating Officer of Servers.com at the time.  Ex. 38 [Dvas Depo.], 63:24-64:2.

31. DENIED as unsupported that *Inc.* is a "prestigious business publication."

32. DENIED to the extent that the statements in this paragraph misstate the referenced Russian privacy law.

33. DENIED as unsupported that publicity was "considerable."

34. DENIED as to the extent that Ex. 52 is misquoted as referring to XBT – the referenced document is about Servers.com.

35. DENIED to the extent stated that XBT issued the Ex. 52 press release, which is on its face from Servers.com.

36. Undisputed.

37. Undisputed.

38. DENIED to the extent that it is misleading as to the extent of coverage received in media.  Based upon the single document referenced, there coverage obtained was very minor.

39. DENIED as misleading.  Klimenko did not attend the event.  Opp. Ex. 141, ¶ 7.

40. DENIED.  Relevant portion of Ex. 59 does not refer to XBT, but to Servers.ru.

41. DENIED.  Ex. 53 is in connection with Servers.ru, and not XBT.  Quoted portion of Ex. 54 refers to "Exepto," not "XBT's entry into Russia."

42. Undisputed.

43. DENIED as misleading.  Gubarev did not speak to the entire conference, but only to a small room with approximately 100-150 people in it.  Opp. Ex. 141 [Gubarev Decl.], ¶ 9.

4

This is at a conference that boasts that it draws more than 10,000 participants.  *See* Opp. Ex. 144, p. 3.

    44.    DENIED.  That Klimenko or others are "responsible for the Internet" is unsupported and absurd.  Gubarev's meeting with Klimenko was less than 2 minutes of small talk.  Opp. Ex. 141, ¶ 8.

    45.    Undisputed.

    46.    DENIED.  Documents do not support statements.  Ex. 62 is an email from a PR manager, not XBT's marketing director.  Ex. 38 [Dvas Depo.], 60:14-18.  The referenced documents do not support that the PR manager "lobbied" anyone.  Instead, she only wrote that there was a "possibility" that Gubarev would speak.  Ex. 62.  In the end, Gubarev did not speak at the SPIEC.  Opp. Ex. 141, ¶ 10.

    47.    DENIED as based on inadmissible hearsay and/or unauthenticated documents.

    48.    Undisputed.

    49.    Undisputed.

    50.    Undisputed.

    51.    DENIED.  The cited references do not support that KGlobal pitched Gubarev (or anyone else) as a thought leader or expert on Russia.  *See* Ex. 67 (no use of "expert" in connection with Russia or otherwise); Ex. 68 ("present you as thought leader, expert and businessman," but not in connection to Russia"); Ex. 3 [Gub. I. Dep.], 246:6-8 (no references to expert or Russia).

    52.    Undisputed.

    53.    Undisputed.

    54.    Undisputed.

    55.    Undisputed.

    56.    Undisputed.

    57.    Undisputed.

    58.    Undisputed.

    59.    DENIED.  Gubarev opinion was NOT on the "allegations of collusion," but instead solely on the technical claims of the people looking into the allegations.  *See*, *generally*, Ex. 88 (questioning how it is possible to get logs to a computer you do not control).

    60.    DENIED.  Gubarev asked if there would be a reference for "us."  Ex. 88.



61. Undisputed.
62. Undisputed.
63. [REDACTED]
64. [REDACTED]
65. [REDACTED]
66. [REDACTED]
67. [REDACTED]
68. [REDACTED]
69. Undisputed.
70. Undisputed.
71. [REDACTED]
72. Undisputed.
73. DENIED that there was an "internal memo" – Ex. 103 is an email from Nick Dvas to Charles Dolan.
74. DENIED that *de Volkskrant* is a "leading" Dutch newspaper and unsupported.

75. DENIED. Referenced documents state that Hill & Knowlton was retained by Webzilla Limited.

76. Undisputed as stated, but DENIED to the extent it implicates that the efforts were successful.

77. Undisputed.

78. DENIED. Statements are misleading and incomplete. Gubarev ultimately has no idea how or why he, XBT and Webzilla were referred in the dossier. Opp. Ex. 141 [Gub. Decl.], ¶ 12. Gubarev has considered a few theories, but is unable to prove any of them and he does not know which (if any) of them are more likely. *Id.* One theory is that someone was trying to get retribution against him for making a purely technical and non-political comment that was used in a new article that turned out to have political ramifications. *Id.* Another is that a potential competitor of his and XBT/Webzilla wanted to spread lies about them to damage their reputations and to gain an unfair advantage. *Id.* There have even been suggestions that Steele and Fusion GPS simply made up the allegations themselves, but, because they have not revealed the supposed source of the allegations, there is no way to know. *Id. See, also*, Ex. 118, p.2 ("'I don't know why I was there,' Gubarev said, adding that perhaps a competitor sought to discredit him. 'I still don't understand the true reason for this report.'").

79. Undisputed.

80. ████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

Dated: October 5, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*