# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

   Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

   Defendants.
_____/

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' EMERGENCY MOTION TO CONTINUE TO SEAL PORTIONS OF
DEFENDANTS' SUMMARY JUDGMENT MOTIONS AND STATEMENTS OF FACT**

"I am not sure why BuzzFeed would be celebrating this ruling, when they know that we already obtained the information about how they got the Dossier from another source," Gurvits continued. "And while I cannot as of yet reveal this information, it is certainly NOT something I would celebrate if I was BuzzFeed." Gurvits added: "So unless BuzzFeed is celebrating their poor and unprofessional journalistic practices, I am really at a loss why they think this ruling is good news."

                                                               C*NNMoney*, December 22, 2017

"We have provided them with everything they requested, as ordered by the court, related to these IP addresses," Mr. Gurvits said. "I can confirm that there is absolutely no evidence or reason to believe that these IP addresses or any other XBT IP addresses were involved in the DNC hack or had anything to do with the allegations against my clients in the dossier."

                                                     *Washington Times*, February 13, 2018

"I cannot however give you any details regarding Mr. Steele's testimony because his entire testimony was designated as confidential by his legal team. I can confirm . . . that we are satisfied with the results of the deposition."

                                                    Val Gurvits, *Fox News*, June 18, 2018

"Someone fed him [Christopher Steele] a bunch of horse s—t."

                                               Val Gurvits, *Washington Times*, July 14, 2018

1

"It [BuzzFeed's expert] has filed a confidential report in U.S. District Court in Florida. Mr. Gurvits said he could not comment on the report. He added, 'Throughout the course of discovery I have not seen a single thing that would in any way cause me to be concerned about the strength of my case.'"

*Washington Times*, July 14, 2018

"They knew that falsely accusing people of serious criminal activity could ruin lives, but they decided that getting traffic to their website was more important than the truth. It was all about clicks and dollars for them. Nothing else mattered."

Evan Fray-Witzer, *Daily Caller*, July 13, 2018

**PRELIMINARY STATEMENT**

Plaintiffs brought this emergency motion because Defendants would not agree to their demand to seal materials that were not marked confidential pursuant to the Amended Protective Order (the "APO," Dkt. 97), the majority of which were published news articles and material freely available on the Internet. The APO obligates Defendants to file under seal only material designated "Confidential" or "Attorneys' Eyes Only" by a producing party (APO ¶ 10). Defendants believe there is little, if any, justification for sealing documents produced by either party that have been filed in connection with summary judgment motions; however, they take no formal position in this motion on whether materials marked by Plaintiffs as "Confidential" or "Attorneys' Eyes Only" and filed under seal by Defendants pursuant to the APO should properly be maintained under seal by this Court.

But Plaintiffs' sealing demand goes far beyond the bounds of the APO. Plaintiffs here take the remarkable position that even *publicly available* documents and news articles – which were not even produced by Plaintiffs in discovery, much less marked "Confidential" – should be sealed from the public. Specifically, Plaintiffs are trying to conscript this Court as their own personal reputation-management firm, asking it to seal *any references* to Plaintiffs' prior involvement with pornography, botnets, and Russian cybercrime – the same issues raised by the statements they challenge from the Dossier – simply because they find those facts uncomfortable and potentially embarrassing.

Plaintiffs do not cite a single case in their motion, and they do not even bother to engage with this Circuit's legal standard for sealing materials submitted with a pretrial motion. On this basis alone, their motion can and should be denied. *See Jacobs v. Barnett Outdoors, LLC*, No. 8:16-CV-2489-T-27MAP, 2017 WL 3610499, at *3 (M.D. Fla. Aug. 21, 2017) (party did not

establish good cause for sealing where it only "briefly cite[d] one case" and "fail[ed] to explain, in other than conclusory fashion, why a means other than sealing is insufficient").

Nor could Plaintiffs ever justify their wildly overbroad sealing demand under the law of this Circuit. Material filed in connection with a "substantive pretrial motion" – including a motion for summary judgment – is presumptively open to the public, and a motion to seal any part of it "require[s] a showing of good cause to overcome the presumption of public access." *Travelers Prop. Cas. Co. of Am. v. Barkley*, No. 16-61768-CIV-ALTONAGA, 2017 WL 4875911, at *1 (S.D. Fla. June 2, 2017). Plaintiffs' desire to bury unpleasant facts about their past by turning public information into confidential material is not a remotely legitimate basis to overcome the strong presumption of public access to substantive pretrial motions, including summary judgment motions. *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007); *see also F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013).

Instead, Plaintiffs' "Emergency Motion to Continue to Seal" is a thinly-veiled attack on the *merits* of Defendants' motion for summary judgment on the issue of whether Plaintiffs are public figures. Plaintiffs have had multiple opportunities to argue to this Court that the evidence submitted by Defendants does not render them public figures under the applicable law. But the Court's decision on that issue has no bearing on whether the materials filed in support of Defendants' motion should be sealed from the public record. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120–23 (2d Cir. 2006) (motion to seal must be decided separately from merits of summary judgment motion, noting that "[t]he weight of authority in other circuits supports this conclusion").[1]

Plaintiffs chose to bring this defamation action by filing a public complaint in a U.S. court, where public access to judicial proceedings is an "essential component of our system of justice." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 564-74 (1980)). Having alleged damage to their reputation over the Dossier's allegations that they engaged in malicious cyberactivity through the use of "botnets" and "porn traffic," Plaintiffs cannot plausibly ask this Court to exclude from public view every inconvenient fact about their history relating to these

---

[1] To the extent that Plaintiffs used their "Emergency Motion" as an additional bite at the apple on the merits of these cross-motions, their arguments should be disregarded by the Court as an improper sur-reply.

3

very topics. "Judicial proceedings are not closed whenever the details are titillating, and open only when the facts are so boring that no one other than the parties cares about them." *Matter of Krynicki*, 983 F.2d 74, 78 (7th Cir. 1992). Having "call[ed] on the courts, [Plaintiffs] must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Carbiener v. Lender Processing Servs., Inc.*, No. 3:13-CV-970-J-39PDB, 2015 WL 12835680, at *1 (M.D. Fla. Mar. 6, 2015) (quoting *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000)). Accordingly, Plaintiffs' motion should be denied.

## FACTUAL BACKGROUND

This Court has entered two Protective Orders in this case: the APO entered December 8, 2017 (Dkt. 97), and a supplemental protective order with respect to government evidence entered on August 24, 2018 (Dkt. 194). The Protective Orders require that any material that includes or refers to information that has been designated "confidential" or "attorneys' eyes only" by the disclosing party, or that was produced by the U.S. government pursuant to the decision in *BuzzFeed, Inc. v. U.S. Dep't of Justice*, No. 17-mc-02429 (APM), Dkt. 33 (D.D.C. Aug. 3, 2018), be filed under seal. *See* APO ¶ 10; Dkt. 194 ¶ 6. At the same time, the APO makes clear that in the event of any dispute, "[a] party cannot make confidential that which the law does not recognize as confidential, simply by designating it as such." APO ¶ 13. The APO also states:

> The provisions of this Order shall not apply to any document or information obtained by any party from any source other than the parties to this action or their agents or counsel, or from non-parties pursuant to notice or subpoena herein; nor shall the provisions of this Order apply to any publicly available documents or other information.

*Id.* ¶ 18. It will probably come as no surprise to this Court that during the discovery process, all of the parties designated a considerable amount of deposition testimony and documents produced in discovery as "Confidential" or "Attorneys' Eyes Only" pursuant to the APO. At the same time, both parties have recognized that simply labeling material confidential for purposes of discovery does not require it to be filed under seal, as both parties have voluntarily permitted the public, unredacted filing of some documents originally produced with a "Confidential" designation in connection with summary judgment materials.

The parties filed a joint motion on September 18, 2018, seeking the Court's leave to file their summary judgment submissions under seal in the first instance, with publicly redacted

4

copies to follow seven days later (Dkt. 209).  The parties advised the Court that this process would be "without prejudice to any right that otherwise exists for anyone, whether a party to this litigation or not, to seek an order to unseal any filing, in whole or in part, consistent with the procedures set forth in this Court's Local Rules and applicable law." *Id.* at 2.  The Court granted the parties' motion by Order dated September 19, 2018 (Dkt. 210).

Defendants filed their motion for summary judgment and their partial motion for summary judgment on the public-figure issue on September 21, 2018.  Pursuant to the Court's September 19 order, these filings were made entirely under seal and served upon Plaintiffs.  On September 27, 2018, Defendants provided Plaintiffs with a copy of their filings identifying information or exhibits that were marked "Confidential" or "Attorneys' Eyes Only" subject to the APO and that would be redacted absent Plaintiffs' approval to remove such designation.  Defendants removed the confidentiality designations from as many of their documents and testimony as was possible, while still respecting their agreements with third-party witnesses.  Defendants then asked Plaintiffs to consider lifting their confidentiality designations over some or all of these redactions.

Plaintiffs agreed to remove certain redactions but demanded that Defendants redact additional materials ***not*** covered by the APO, including published news articles and materials found online through Defendants' independent research, including any material "that references pornography, adult content conferences, child pornography, Methbot, or the wrongdoing of persons who are not the plaintiffs (for example, "Redeye" and others)."  Mot. Ex. 2 at 5.  Specifically, Plaintiffs demanded that Defendants redact the following from their brief:

- The entirety of Section I in the Statement of Facts, which detailed Plaintiffs' role in promoting the Russian-language online pornography industry.  This section was based entirely on independent research by Defendants (including published articles and materials publicly available on the Internet), as well as testimony by Plaintiffs about these matters.

- Nearly the entirety of Section VII in the Statement of Facts, which detailed Plaintiffs' attempts to influence media coverage of the Russian Methbot advertising fraud, which was perpetrated using a significant amount of Plaintiffs' server infrastructure in late 2016, before the Dossier's publication.

- References to those topics elsewhere within the brief

- Published articles that discussed links between Russia and online pornography

5

- Published articles identifying Webzilla as having hosted child pornography

Plaintiffs also demanded that Defendants redact paragraphs 3-18, 62-72, and 80 in their Statement of Undisputed Material Facts; Exhibits 2-29, 38, 49, 66, 86, 90-103, 105-108, 117, 128-132, 134-138, and 140 to the Declaration of Nathan Siegel in their entirety; and references to these materials elsewhere in Defendants' submission.[2] Plaintiffs demanded similar redactions to Defendants' submissions in opposition to Plaintiffs' motion for summary judgment, which were filed publicly on October 9, 2018. Dkt. 236.[3]

On September 28, 2018, the Court granted Plaintiffs' motion "[s]olely in the interest of preserving the status quo" pending further review of the materials at issue. Dkt. 224. Defendants filed the publicly redacted version of their summary judgment briefs on October 1, 2018. Dkts. 225, 226. On October 4, 2018, the Court granted the parties' joint motion for a briefing schedule on the instant motion. Dkt. 231.

**ARGUMENT**

The First Amendment provides an affirmative right of public access to this proceeding. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. at 580-81. "[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co.,* 263 F.3d at 1311 (citing *Richmond Newspapers, Inc.*, 448 U.S. at 564-74). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). "Material filed in connection with any substantive pretrial motion … is subject to the common law right of access." *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted).

---

[2] Plaintiffs also requested far more limited sealing of materials filed in support of Defendants' main motion for summary judgment (Dkt. 226). None of those redactions are at issue in this motion.

[3] For the Court's convenience, Defendants have attached as Exhibit 1 hereto copies of Defendants' submissions in support of their motion for partial summary judgment (Dkts. 225, 225-2, and 225-3) and in opposition to Plaintiffs' motion (Dkts. 236, 236-1, 236-2), with yellow highlighting to indicate the redactions by Plaintiffs based upon publicly available materials not subject to the APO that Defendants are seeking to unseal. Material highlighted in orange was submitted under seal pursuant to the APO, and Defendants take no position in this motion with respect to this material. Any exhibits highlighted in the two Siegel Declarations were filed entirely under seal.

A party seeking to overcome that common-law right of access must make "a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1246 (internal quotations and citations omitted). When balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* "[T]he law of the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings." *Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2014 WL 6611006, at *2 (M.D. Fla. Nov. 21, 2014).

Plaintiffs cannot possibly make such a showing. Thirty-six of the 67 exhibits that Plaintiffs have demanded sealed – more than half – are publicly available documents that were not produced by Plaintiffs, not marked "Confidential" or "Attorneys' Eyes Only," and not subject to any protective order in this action.[4] They include:

- Published articles from the *Associated Press*, the *Washington Post*, *Newsweek*, *Forbes*, *Slate*, and other news outlets – including an interview with Plaintiff Gubarev published in the Dutch newspaper *de Volkskrant* following publication of the Dossier and a *McClatchy* article that quotes Plaintiffs' counsel Val Gurvits on the record commenting about Webzilla's and XBT's past (Siegel Exs. 18, 19, 22-25, 93, 129-132, 136, 137, 140)

- Documents printed from the Internet relating to the Adult Webmaster Open (AWMOpen) conference and AWMOpen magazine, which Gubarev helped

---

[4] Even if these documents were marked "confidential," that would not be a sufficient reason to maintain them under seal. "[T]he fact that a document has been designated as confidential is not sufficient cause for granting a motion to seal. Only the most compelling of reasons can justify the sealing of motions or proceedings." *Lacroix v. Equifax Info. Servs. LLC*, No. 14-80334-CIV, 2014 WL 5131933, at *1 (S.D. Fla. Oct. 9, 2014). *See also, e.g., H M Y Yacht Sales, Inc. v. Michael W. Burke, Inc.*, No. 17-60535-CV-UU, 2017 WL 6987693, at *1 (S.D. Fla. Oct. 17, 2017) (Ungaro, J.) (declining to seal document designated "confidential" by plaintiffs under protective order and submitted by defendants in support of summary judgment motion because it did not meet the standard for sealing); *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-CV-920-ORL-37DCI, 2018 WL 1918262, at *2 (M.D. Fla. Jan. 17, 2018) (protective order governing discovery and failure to agree on redactions is not a basis to seal court records); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d at 1016 (that both parties want to seal court documents "is immaterial" to public right of access).

7

- launch and organize (and which he and other Webzilla executives continued to attend as recently as several years ago), including a photograph of Gubarev wearing the nametag "Alex Xe" taken by a professional photographer at AWMOpen and posted online (Siegel Exs. 4-11, 13-17, 21, 28)

- An FTC complaint (filed on PACER) and two FTC press releases released by the United States government regarding Russian cybercriminals who attended and sponsored AWMOpen (Siegel Exs. 20, 26, 27)

- Public comments filed with government agencies (Siegel Exs. 134, 135)

- A white paper published by a cybersecurity firm describing the Russian ad fraud scheme known as "Methbot" (Siegel Ex. 91), publicly available at https://www.whiteops.com/methbot

- The declassified "Grizzly Steppe" Joint Analysis Report on Russian malicious cyberactivity released publicly by the U.S. Department of Homeland Security and the FBI on December 29, 2016 (Siegel Ex. 128), publicly available on the U.S. Government's website at https://www.us-cert.gov/GRIZZLY-STEPPE-Russian-Malicious-Cyber-Activity/

In other words, Plaintiffs' sealing request seeks not to keep private documents under seal, but to take documents freely available to anyone with access to a computer and place those documents under seal for the purpose of this litigation *only*. This is without precedent. *See Romero*, 480 F.3d at 1247 (refusing to seal declaration whose substance "had already been reported by the *Miami Herald*").

And, indeed, Plaintiffs offer no legal basis to support this argument. Instead, claiming only that Defendants seek to "slime" them, Plaintiffs seek not just to place public documents under seal, but also to seal broad swaths of Defendants' submissions that either discuss these publicly available exhibits or simply refer to the topics of online pornography, the Methbot fraud that was perpetrated using Plaintiffs' servers, and/or Russian cybercriminals who sponsored Plaintiffs' adult webmaster conferences. Plaintiffs' conclusory assertions that such evidence is "irrelevant" or would "prejudice the jury" are not supported by facts or law, and they are not sufficient to overcome the presumption of public access.

First, Plaintiffs cannot plausibly assert that this evidence has "no probative value to the issues before this Court" (Mot. at 2). Plaintiffs are suing over allegations in the Dossier involving Plaintiffs use of "botnets" and "porn traffic" to conduct malicious cyberactivity in connection with Russian interference in the 2016 U.S. presidential election. Plaintiffs'

8

affiliations with the Russian-speaking industry of hosting online pornography, their involvement in a "botnet" fraud that took place at the same time as the conduct described in the Dossier, and their connections to Russian cybercriminals are squarely relevant to this case. Although Plaintiffs deny the allegations in the Dossier, that denial "is not a legitimate basis for sealing the evidence." *Romero*, 480 F.3d at 1247. The information is directly probative of the truth of the allegations in the Dossier.

In addition, whether Plaintiffs are limited public figures is a central legal issue in this case, determining the applicable standard of fault for Plaintiffs' defamation claim. The evidence Plaintiff wants to seal is central to that motion, as is obvious from the large swaths of redactions they demanded. *Id.* at 1248 (reversing district court's decision to seal material as an abuse of discretion, rejecting district court's justification that challenged material was "irrelevant to the proceedings" where there was no showing that the motion and declarations in question "were abusive or improper"). It would be inconsistent with the Eleventh Circuit's strong endorsement of the right of access to these proceedings, *see, e.g., id.* at 1245-46, to allow documents on which the court will base this important determination to remain under seal.

Third, "embarrassment that would result from making [Plaintiffs'] 'less-than-flattering conduct' public" is "not sufficient to outweigh the public right of access." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). "[S]imply showing that the information would harm the [plaintiffs'] reputation is not sufficient to overcome the strong common law presumption in favor of public access." *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570–71 (11th Cir. 1985) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Accordingly, that Plaintiffs (who seek umpteen millions of dollars for reputation damages) now wish to hide their past is not a reason to make otherwise public documents private.

Finally, Plaintiffs' bald assertion that public filing will "prejudice the jury" has no basis in law or fact. The Eleventh Circuit squarely rejected the same argument in *Romero*, noting that "pretrial publicity, even if pervasive and concentrated, cannot be regarded as leading automatically ... to an unfair trial." 480 F.3d at 1247 (quoting *Neb. Press Ass'n v. Stuart,* 427 U.S. 539, 565 (1976) As here, the court noted that there was no evidence in the record to support a finding of jury prejudice; that the information was already publicly available; and that the party had ample opportunity to comment on the allegedly prejudicial information and thereby

9

"counteract any purported prejudice." *Romero*, 480 F.3d at 1247. As in *Romero*, the vast majority of the information Plaintiffs seek to put under seal is public already. And Plaintiffs and their counsel are free to discuss it as they see fit – indeed, Plaintiffs have had the opportunity to explain and contextualize this evidence in three briefs filed with this Court on the public figure issue. Moreover as demonstrated by the quotes opening this brief, Plaintiffs' counsel plainly has no qualms discussing this case with the press.[5]

## CONCLUSION

For the reasons set forth herein, the Court should deny Plaintiffs' motion and order the unsealing of any documents that were not marked "Confidential" or "Attorneys' Eyes Only," along with any references in the parties' submissions to these documents or the general topics therein, and the instant motion. Otherwise, Defendants are not affirmatively asking the Court to order that any additional materials be unsealed. Rather, we leave it to the Court's discretion as to whether any further unsealing of materials produced by the parties and submitted in connection with summary judgment filings is warranted.

Dated: October 12, 2018

*Of Counsel*:
Nabiha Syed
BuzzFeed, Inc.
11 E. 18th Street, 13th Floor
New York, NY 10003

Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Jared Lopez
Jared Lopez
Roy Black
Black, Srebnick, Kornspan & Stumpf, P.A.

---

[5] In a perfect performance of the pot calling the kettle black, Plaintiffs headlined their "Emergency Motion" with a tweet by Defendants' counsel referring generally to the content of a sealed deposition, denouncing it as "highly inappropriate" and declaring that "Defendants are engaged in a blatant attempt to publicly smear Plaintiffs" because their attorney spoke to the press about this case (Mot. at 1). Yet as the quotes opening this motion illustrate, Plaintiffs' counsel has been doing precisely this for well over a year.

201 So. Biscayne Boulevard
Miami, Florida 33131
jlopez@royblack.com
rblack@royblack.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 12th day of October, 2018.

By: /s/ Alison Schary
Alison Schary

# SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com