IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

  Plaintiffs,

vs.

                                                                       **Public Redacted Version**

BUZZFEED, INC. AND BEN SMITH,

  Defendants.

_____/

## JOINT PRETRIAL STIPULATION

Pursuant to this Court's Joint Scheduling Order, dated September 7, 2018, Dkt. No. 200, and S.D. Fla. L.R. 16.1 (E), Plaintiffs Aleksej Gubarev, XBT Holding, S.A., and Webzilla, Inc. (hereinafter, "Plaintiffs") and Defendants BuzzFeed, Inc. and Ben Smith (hereinafter, "Defendants") hereby submit this Joint Pretrial Stipulation.

**1. A short concise statement of the case by each party in the action:**

    A.  Plaintiffs' Statement:

On January 10, 2017, Defendants made the decision to publish a collection of seventeen privately-produced memos that had been created as part of a paid opposition-research assignment for a political candidate. The memos were created over the span of many months and only the last of those memos is at issue in this case. That memo, referred to herein as the "December Memo," stated, in relevant part, that:

> [Redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Aleksei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down / able to go effectively to ground to cover their traces.

None of the statements concerning Plaintiffs – which accuse them (among other things) of being Russian spies, committing serious crimes, and attempting to undermine the 2016 United States Presidential elections – are true.

Prior to publishing the December Memo, Defendants knew that the allegations contained in the December Memo (and the Dossier as a whole) were unconfirmed and unverified. Defendants claim to have spent almost two weeks attempting to prove or disprove the allegations contained in the Dossier and found only that it contained "clear errors." Defendants did not find any evidence linking Plaintiffs to any of the crimes or wrongs alleged. Despite having internal ethical guidelines ███████████████████████████████████████████ ███████ Defendants made no attempts to contact any of the Plaintiffs prior to publication. In fact, prior to the publication Defendants failed to verify (or attempt to verify) any of the claims against the Plaintiffs at all.

Defendants have admitted and stated that, at the time they chose to publish the December Memo and the Dossier as a whole, there was "serious reason to doubt the allegations" contained therein; that they knew it contained "false statements," "false things" and "false claims" and that there were "things that we really, were very, very confident were false." Defendants knew that they could redact out the names of Plaintiffs – and did so with respect to at least one other individual named in the memos – but chose not to do so until after being served with the present lawsuit.

Defendants admit that, prior to publication, ███████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Defendants rushed to publish what they themselves termed "unverified" allegations with "clear errors" because they were more concerned about being first to publish than there were about the content being truthful, going so far as to ignore the fact that they were publishing materials that they were "very, very confident were false."

The publication of the Article including the December Memo and/or the Dossier was negligent, grossly irresponsible, and with actual malice

In the course of this litigation, Defendants engaged an expert witness to attempt to prove true the allegations concerning Plaintiffs who, despite ████████████████████████ ███████████████████████████████████ found no evidence "of them actually sitting behind a

2

keyboard" doing the things alleged in the December Memo or the Dossier.  Instead, Defendants attempt to argue that the corporate Plaintiffs' "infrastructure" *may have been used* by its clients to do bad things (most of which are unrelated to the December Memo or the Dossier), despite this not being what is actually alleged in the December Memo.

The publication of the December Memo caused reputational damage to each of the Plaintiffs, as well as emotional distress to Mr. Gubarev personally.  The publication of the December Memo also caused the corporate defendants to suffer loss of business damages. Ultimately, however, Plaintiffs need not prove actual damages because the December memo (1) accuses them of criminal behavior amounting to a felony, (2) contains allegations that would tend to subject one to hatred, distrust, ridicule, contempt, or disgrace; and (3) contains allegations that would tend to injure one in his trade or profession

B.  Defendants' Statement

On January 10, 2017, BuzzFeed published what has come to be known as the Dossier, which contains allegations about President Trump's connections to Russia.  BuzzFeed and its Editor-in-Chief did so only after CNN had reported to the American public that the Dossier had been briefed to two presidents and was being investigated by federal law enforcement agencies. And it did so in the context of an article that made it clear to readers that BuzzFeed had not independently verified the Dossier's core allegations (the "Article"). This lawsuit tests whether one individual and his companies named in the Dossier have the right to recover for its publication.

Specifically, Plaintiffs Alexsej Gubarev and his companies, XBT Holdings, SA and Webzilla, Inc., who are named on the 35 page of the dossier as having been involved on the cyber-attacks on Democratic party leadership, seek to recover well over $100 million dollars in damages on their defamation claim.

The Defendants have moved for summary judgment on several grounds.  While defendants believe those motions should dispose of this case if summary judgment is denied, this Court's decision will help shape the defenses Defendants assert at trial.  Defendants will demonstrate that they did not act with the requisite intent – actual malice, gross irresponsibility or negligence, depending on this Court's determination as to whether Plaintiffs are public figures and/or which state's law applies to that issue.  Put simply, there is no clear and convincing

evidence that Defendants had any awareness that the specific allegations against Plaintiffs in the Dossier were false.  And the essential premise of Plaintiffs' case – that news organizations should keep from the public the content of perhaps the most important document in contemporary politics today – defies common sense, let alone any standard of journalistic responsibility.

      Defendants will also demonstrate that viewed in the context in which it published the Dossier, Buzzfeed's publication does not accuse the plaintiffs of anything.  In addition, Defendants will put on evidence relevant to rebutting Plaintiffs' burden of proving that the statements about Plaintiffs in the Dossier are false.  Defendants will demonstrate that Plaintiffs have organized their business and infrastructure in a manner that allows it to be easily used for malicious activity without fear of detection or repercussions.  The evidence will show that as a result, their network was used by Russian State actors in various cyberattacks, including an attack on Democratic party leadership. ██████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████ Finally, Defendants will argue that the publication of the Dossier did not cause Plaintiffs anything like the hundreds of millions of dollars of damages that Plaintiffs claim. ████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████ And finally, Plaintiffs have produced no evidence that Defendants bear Plaintiffs any ill will or spite such that they are entitled to punitive damages

    For these reasons, Defendants believe they can prevail in this action.

2. **<u>The basis of federal jurisdiction</u>:**

    Federal jurisdiction in this case is proper pursuant to 28 U.S.C. § 1332 in that all parties are diverse and the amount in controversy exceeds $75,000.

3. **The pleadings raising the issues:**

    The pleadings giving rise to the issues for trial are the Complaint [Dkt. No. 1] and the Amended Answer and Affirmative Defenses to Complaint [Dkt. No. 32].

4. **A list of all undisposed of motions or other matters requiring action by the Court:**

    The following undisposed of motions and other pending motions require action by the Court:
    - Plaintiffs' Motion and Memorandum of Law for Summary Judgment on Defendants' "Public Figure" Affirmative Defense [Dkt. No. 208]
    - Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law [Dkt. No 226]
    - Defendant's Memorandum of Law In Support of Defendants' Motion for Partial Summary Judgment on the Issue of Plaintiffs' Status As Public Figures [Dkt. No 225]
    - Plaintiffs' Emergency Motion to Seal [Dkt. No. 223]

    The parties also note that the parties anticipate filing *Daubert* motions on October 15, 2018, and motions *in limine* on October 29, 2018 per this Court's September 28, 2018 order [Dkt. No. 222].

5. **A concise statement of facts which require no proof at trial.**

    The parties stipulate to the following facts but reserve the right to introduce evidence of these facts at trial.
    1. Defendants published the article "These Reports Allege Trump Has Deep Ties To Russia," on January 10, 2017 (the "Article"), which embedded a copy of a collection of 17 memos, which have commonly become known as the "Dossier".

6. **A statement in reasonable detail of issues of fact which remain to be litigated at trial:**

    The Parties do not agree that all of the following issues present genuine disputes of fact in this case, either presently or in the event of a trial. However, the Parties agree that if the Court were to resolve that question in Plaintiffs' favor, then the following issues would remain to be litigated at trial:

1. The parties dispute whether the Defendants published a statement of fact;
2. The parties dispute whether the December memo alleges that the December memo (1) accuses Plaintiffs of criminal behavior amounting to a felony, (2) contains allegations that would tend to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) contains allegations that would tend to injure one in his trade or profession;
3. The parties dispute whether, if the Plaintiffs are public figures, the Defendants acted with actual malice in publishing the allegedly defamatory statements within the Dossier and/or the December Memo and Article;
4. The parties dispute whether, if the Plaintiffs are private figures and New York law applies, the Defendants were grossly irresponsible in publishing the allegedly defamatory statements within the Dossier and/or the December Memo and Article;
5. The parties dispute whether, if the Plaintiffs are private figures and Florida law applies, the Defendants were negligent in publishing the Dossier and/or the December Memo and Article;
6. The parties dispute whether the statements about the Plaintiffs in the Dossier and/or the December Memo and Article are materially false;
7. The parties dispute whether the publication of the allegedly defamatory statements within the Dossier and/or the December Memo and the Article constitutes defamation per se, including whether that doctrine is recognized under applicable state law;
8. The parties dispute whether the publication of the Dossier and/or the December Memo and the Article caused Plaintiffs damages and the measure of those damages;
9. The parties dispute whether Plaintiffs are required to prove actual damages.

7. **A concise statement of issues of law on which there is agreement:**
   1. This Court has subject matter jurisdiction over this action.
   2. The jury will not consider the issues of attorneys' fees and costs.

8. **<u>A concise statement of issues of law which remain for determination by the Court.</u>**

The parties agree that the matters set forth in their respective motions for summary judgment and the anticipated *Daubert* motions and motions *in limine* remain to be determined. In addition, the parties argue that the following issues of law remain to be determined and reserve the right to supplement this list once this Court decides the summary judgment, *Daubert* and *in limine* motions:

1. What State's law – New York or Florida – applies to distinct issues in this action.
2. Whether the Court and the jury should be evaluating the publication of the December Memo, containing the alleged defamatory statements only or the seventeen memos comprising the Dossier as a whole.
3. Whether the publication of the Dossier and/or the December Memo and the Article is privileged as a fair report of an official proceeding under New York Civil Rights Law §74.
4. Whether a reasonable reader would have understood the publication of the Article and the Dossier to be reporting on an official government proceeding.
5. Whether, in publishing the Dossier and/or the December Memo, Defendants made any statements of fact about Plaintiffs.
6. Whether each of the Plaintiffs are private or public figures.
7. Whether, if Plaintiffs are public figures, they have produced evidence sufficient to show that a jury could find by clear and convincing that the Defendants acted with actual malice in publishing the allegedly defamatory statements within the Dossier and/or the December Memo and the Article.
8. Whether, if Plaintiffs are private figures and New York law applies, they have produced evidence sufficient to show that a jury could find by a preponderance of the evidence that Defendants were grossly irresponsible in publishing the allegedly defamatory statements within Dossier and/or the December Memo and the Article.
9. Whether, if Plaintiffs are private figures and Florida law applies, they have produced evidence sufficient to show that a jury could find by a preponderance of the evidence that Defendants were negligent in publishing the allegedly defamatory statements within the Dossier and/or the December Memo and the Article.

10. Whether the publication of the allegedly defamatory statements within the Dossier and/or the December Memo constitute defamation per se, eliminating the need for proof of any actual damages.

11. Whether Webzilla and XBT can both seek damages given that Webzilla is a subsidiary of XBT.

12. Whether Plaintiffs make claim "lost business value" or "lost profits" as a measure of damages.

13. Whether Plaintiffs may offer evidence of "unjust enrichment" to BuzzFeed.

14. Whether XBT may claim damages allegedly suffered by distinct subsidiaries that are not plaintiffs in this lawsuit.

9. **Each party's numbered list of trial exhibits.**
   - Plaintiffs' Trial Exhibit List is attached hereto as Exhibit "A"
   - Defendants' Trial Exhibit List is attached hereto as Exhibit "B"

10. **Each party's numbered list of trial witnesses.**
    - Plaintiffs' Trial Witness List is attached hereto as Exhibit "C"
    - Defendants' Trial Witness List is attached hereto as Exhibit "D".

11. **Estimated trial time.**
    The parties estimate that the trial in this case will require 10 days.

12. **Attorneys' fees.**
    Neither party is entitled to attorneys' fees.

13. **Additional Attachments:**
    The parties have annexed to this Joint Pretrial Report:
    1. Plaintiffs' Deposition Designations, Exhibit "E"
    2. Defendants' Deposition Designation, "Exhibit F"
    3. Plaintiffs Proposed Jury Instructions, "Exhibit G"
    4. Defendant's Proposed Jury Instructions, Exhibit "H"

5. Plaintiffs' Proposed Verdict Form, Exhibit "I"

6. Defendants' Proposed Verdict Form, Exhibit "J"

Dated: October 9, 2018               Respectfully submitted,

/s/ Evan Fray-Witzer                              /s/ Katherine M. Bolger
Evan Fray-Witzer (*pro hac vice*)                 Katherine M. Bolger (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP                           Adam Lazier (*pro hac vice*)
20 Park Plaza, Suite 505                          Nathan Siegel (*pro hac vice*)
Boston, Massachusetts 02116                       Alison Schary (*pro hac vice*)
Telephone: 617-426-0000                           Davis Wright Tremaine, LLP
Facsimile: 617-423-4855                           1251 Avenue of the Americas, 21st Floor
Evan@CFWLegal.com                                 New York, New York 10020
                                                  katebolger@dwt.com
/s/ Valentin Gurvits                              adamlazier@dwt.com
Valentin D. Gurvits (*pro hac vice*)              nathansiegel@dwt.com
Matthew Shayefar (Fla. Bar No. 0126465)           alisonschary@dwt.com
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20                       /s/ Roy Black
Newton Centre, Massachusetts 02459                Roy Black
Telephone: 617-928-1804                           Jared Lopez
Facsimile: 617-928-1802                           Black, Srebnick, Kornspan & Stumpf, P.A.
vgurvits@bostonlawgroup.com                       201 South Biscayne Boulevard
matt@bostonlawgroup.com                           Suite 1300
                                                  Miami, Florida 33131
/s/ Brady J. Cobb                                 rblack@royblack.com
Brady J. Cobb (Fla. Bar No. 031018)               jlopez@royblack.com
COBB EDDY, PLLC
642 Northeast Third Avenue                        *Attorneys for Defendants*
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com

*Attorneys for Plaintiffs*