# EXHIBIT G
# Plaintiffs' Proposed Jury Instructions

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDING S.A., and<br>WEBZILLA, INC.<br>  Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>  Defendants. | Case No.<br><br>0:17-cv-60426-UU |

### Plaintiffs' Proposed Jury Instructions

In the interest of minimizing the need for the Court to consider competing proposed jury instructions, Plaintiffs note first those of the Defendants' Proposed Jury Instruction for which there is no dispute, as well as those for which there is a dispute. Plaintiffs' proposed instructions (where disputed) will then follow, numbered to the extent possible to coincide with Defendants' proposed instructions.

### Pre-Opening Instructions

Plaintiffs object to any jury instructions being read to the jury prior to the Court's charge conference at the conclusion of the trial. Such instructions are unnecessary and likely duplicative of the Court's typical welcome to the jury. Accordingly, Plaintiffs do not believe that Defendants' Proposed Instruction 1-13 are necessary. To the extent the Court believes some general instructions concerning the conduct of the trial are necessary, Plaintiffs find unobjectionable the wording of Defendants' proposed instructions 1-4 and 6-13.

1

**Post-Closing Instructions**

Plaintiffs do not dispute Defendants' Instructions 14-20 or 27-28. In addition, Plaintiffs do not dispute the wording of Defendants' Instruction number 21, if that instruction becomes necessary. Plaintiffs believe that Defendants' proposed jury instruction number 23 will only serve to confuse the jury and will not add to the jury's deliberations and, as such, no alternative instruction is provided for that instructions. Plaintiffs' alternate and additional instructions follow.

**Issues Not Resolved on Summary Judgment**

As noted in Plaintiffs' Opposition to Defendants' Motion to Summary, this Court may determine that certain additional issues must be determined by the jury because they present genuine issues of material fact. If the Court so determines, Plaintiffs reserve the right to supplement the present submission with additional proposed jury instructions aimed at such issues.

**Plaintiffs' Instruction 22:** [1]

(Claims at Issue)

The plaintiffs have asserted defamation claims against each defendant. I will briefly review the statements that are at issue in this case. The plaintiffs allege that the following paragraph on the second page of the December Memo as it was published by Buzzfeed defamed them. That paragraph reads as follows:

> [Redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership.  Entities linked to one Aleksei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation.  In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down/able to go effectively to ground to cover their traces.

The defendants deny that these statements defamed the plaintiffs. In the rest of my instructions, I will refer to this paragraph of the December Memo as "the statements at issue."

---

[1] Authority: Florida Pattern Jury Instructions 405.4.

3

**Plaintiffs Instruction 24A:**

(Defamation—Elements of Case) [2]

**Plaintiffs Private Figures (Florida)**

The issues for you to decide on the claims of Aleksej Gubarev, XBT, and Webzilla against Buzzfeed and Ben Smith are:

1. whether the statements at issue were, in some significant respect, false statements of fact that tended to expose Plaintiffs to hatred, ridicule, or contempt, tended to injure their business, reputation, or occupation, or charged that Plaintiffs committed a crime; and, if so,

2. whether Defendants were negligent in making that statement.

A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

If the greater weight of the evidence does not support Plaintiffs' claims on these issues, then your verdict should be for Defendants. However, if the greater weight of the evidence supports Plaintiffs' claim on these issues, then your verdict should be for Mr. Gubarev, XBT, and Webzilla and against Buzzfeed and Mr. Smith.

---

[2] Authority: Florida Pattern Jury Instructions 405.8.

**Plaintiffs Instruction 24B:**

(Defamation—Elements of Case) [3]

**Plaintiffs Public Figures (Florida)**

The first issue for you to decide on the claims of Aleksej Gubarev, XBT, and Webzilla against Buzzfeed and Ben Smith is whether the statements at issue were, in some significant respect, false statements of fact that tended to expose Plaintiffs to hatred, ridicule, or contempt, tended to injure their business, reputation, or occupation, or charged that Plaintiffs committed a crime.

A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

If the greater weight of the evidence does not support Plaintiffs' claim on these issues, then your verdict should be for Defendants. However, if the greater weight of the evidence supports Plaintiffs claim on these issues, then you must decide whether clear and convincing evidence shows that at the time the statement was made Defendants' knew the statement was false or had serious doubts as to its truth.

If clear and convincing evidence does not show that Defendants knew when the statement was made that it was false, or that they had serious doubts as to its truth, your verdict should be for the Defendants.

However, if clear and convincing evidence supports Mr. Gubarev, XBT, and Webzilla's claim that Buzzfeed and Mr. Smith knew when the statement was made that it was false, or that

---

[3] Authority: Florida Pattern Jury Instructions 405.7.

they had serious doubts as to its truth, and the greater weight of the evidence supports Plaintiffs claim on the other issues on which I have instructed you, then your verdict should be for Plaintiffs.

**Plaintiffs Instruction 24C:**

(Defamation—Elements of Case) [4]

**Plaintiffs Private Figures/Public Concern (New York)**

The first issue for you to decide on the claims of Aleksej Gubarev, XBT, and Webzilla against Buzzfeed and Ben Smith is whether the statements at issue were, in some significant respect, false statements of fact about the plaintiff which tended to expose the plaintiff to hatred, ridicule or contempt, or tended to injure the plaintiff in its business or occupation, or charged that the plaintiff committed a crime.

A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should disregard any minor inaccuracies that do not affect the substance of the statement.

You must next decide whether Plaintiffs have proved that Defendants published the statement at issue in a grossly irresponsible manner, without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible journalists. To establish that defendants acted in a grossly irresponsible manner, plaintiffs must prove that defendants disregarded a risk that the statement at issue was false and that defendant's disregard was a substantial departure from accepted standards and practices for information gathering and verification ordinarily followed by responsible journalists.

If you find that the plaintiff has proved that the defendant was grossly irresponsible, then you must proceed to consider the other elements of plaintiff's case.

---

[4] Authority: New York Pattern Jury Instruction 3:28A.

**Plaintiffs Instruction 24D:**

(Defamation—Elements of Case) [5]

**Plaintiffs Public Figures (New York)**

The first issue for you to decide on the claims of Aleksej Gubarev, XBT, and Webzilla against Buzzfeed and Ben Smith is whether the statements at issue were, in some significant respect, false statements of fact about the plaintiff which tended to expose the plaintiff to hatred, ridicule or contempt, or tended to injure the plaintiff in its business or occupation, or charged that the plaintiff committed a crime.

A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should disregard any minor inaccuracies that do not affect the substance of the statement.

You must next decide whether Plaintiffs have proved by clear and convincing evidence that, at the time the statements at issue were made, Defendants' knew the statements were false or had serious doubts as to the truth or falsity of the statements at issue.

If clear and convincing evidence does not show that Defendants knew when the statements were made that one or more of the statements were false, or that Defendants had serious doubts as to the truth or falsity of the statements at issue, your verdict should be for the Defendants.

However, if clear and convincing evidence supports Mr. Gubarev, XBT, and Webzilla's claim that Buzzfeed and Mr. Smith knew when the statements were made that one or more of the statements at issue were false, or that Defendants had serious doubts as to the truth or falsity of

---

[5] Authority: New York Pattern Jury Instruction 3:23A.

the statements, and the greater weight of the evidence supports Plaintiffs claim on the other issues on which I have instructed you, then your verdict should be for Plaintiffs.

**Plaintiffs Instruction 25:**

(Defamation Damages) [6]

If you find for Defendants, you will not consider the matter of damages. But, if you find for Plaintiffs, you should award Plaintiffs an amount of money that will fairly and adequately compensate Mr. Gubarev, XBT, and Webzilla for such loss, injury, or damages, as the greater weight of the evidence shows was caused by the statements at issue. You shall consider the following elements of damage. You may award one or more of the following types of damages:

    a.    Injury to reputation or health; shame, humiliation, mental anguish, hurt feelings:

This includes any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

    b.    Lost Business Profits:

Plaintiffs XBT and Webzilla are entitled to recover their lost profits if you find that the publication of the statements at issue caused them to lose profits, and they have established those lost profits with reasonable certainty.

For Webzilla and/or XBT to establish the amount of their lost profits with reasonable certainty, they must prove that a reasonable person would be satisfied that the amount of lost profits which they may be entitled to recover is not simply the result of speculation or guessing. Instead, XBT and/or Webzilla must prove that there is some standard by which the amount of lost profits may be established. The Plaintiffs do not have to be able to prove that the amount of

---

[6] Authority: Florida Pattern Jury Instructions – Defamation Damages 405.10 and Florida Standard Jury Instruction for Contract and Business Tort Cases 504.3.

lost profits can be calculated with mathematical precision as long as they have shown there is a reasonable basis for determining the amount of the loss.

  c.  Nominal damages:

If you find for Plaintiffs, but find that no loss, injury, or damage has been proved, you may award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved.

**Plaintiffs Instruction 26:**

(Punitive Damages) [7]

If you find for a plaintiff and against the Defendants, there is an additional issue in this case that you must decide. You must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to either of the defendants and as a deterrent to others. You do not first have to find that the Plaintiffs are entitled to compensatory damages in order to award punitive damages.

Punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement Defendants knew the statements at issue were false or that they had serious doubts as the truth or falsity of the statements; and if the greater weight of the evidence shows either: (1) that Defendants' primary purpose in making the statements was to indulge ill

---

[7] Authority: Florida Standard Jury Instruction 405.10 (modified); Brown v. Fawcett Publ'ns, Inc., 196 So. 2d 465, 474 (Fla. Dist. Ct. App. 1967)(Lane, J.)(concurring)("It is also well established in the law that the publisher of a libel may be answerable in punitive damages if the publication is made with willful, wanton or reckless disregard for the rights of the party libeled. In short, the term "express malice" carries with it the connotation of animosity by the publisher specifically directed toward the complainant, while it is apparent that evidence of such an attitude or condition of mind on the part of the publisher is not necessary to support the award of punitive damages against him. **In the appropriate case and when supported by the evidence, the trial court should go directly to the meat in the coconut and after definition and explanation of punitive damages instruct the jury to the effect that if it finds from the evidence, including the character of the publication itself, that the defendant was motivated by ill will, hostility or evil intention to defame and injure or that the defendant acted with willful, wanton or reckless disregard for the rights of the plaintiff, it should award punitive damages against the defendant.** The problem of clear and concise explanation to the jury which confronts the trial judge under the present state of the law is pointed up in this case by the concern which the learned trial judge here manifested")(**emphasis added**); *In re Yanks*, 100 B.R. 595, 596-97 (S.D. Fla. 1989)("Under Florida law, it is possible that a reckless disregard instruction could have been given. See Brown v. Fawcett Pub., Inc., 196 So.2d 465, 473 (Fla. 2d DCA 1967), cert. denied, 201 So.2d 557 (Fla. 1967) (punitive damages can be based on ill will, hostile [*597] attitude, intent to injure, or callous disregard.)")

will, hostility, and an intent to harm Plaintiffs, or (2) that Defendants acted with willful, wanton, or reckless disregard for the rights of the Plaintiffs.

Either of these two motives may be proved by either intrinsic evidence, that is, motive may be inferred from the very nature of the defamatory language itself, or extrinsic evidence, in other words evidence outside the statements themselves.

With respect to intrinsic evidence, you are permitted to consider, among other things, whether it was unreasonable for the Defendants to have published the statements at issue without having first investigated the truth of those statements.[8]

Extrinsic evidence that you are permitted to consider includes whether the Defendants deliberately spurned a request to retract and apologize for the publication.[9]

You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant. However, you may not award an amount that would financially destroy either Buzzfeed or Mr. Smith.

---

[8] *Asinmaz v. Semrau*, 42 So. 3d 955, 959 (Fla. Dist. Ct. App. 2010)(" Express malice may be inferred from the unreasonableness of her conduct in accusing Asinmaz of stealing her diamonds and then, without ever investigating something over which she had absolutely no expertise, filing a report with the police. At the time she filed the report accusing Asinmaz of theft, she was aware that she did not actually know whether her accusation was true.")

[9] *Brown v. Fawcett Publ'ns, Inc*., 196 So. 2d 465, 472-73 (Fla. Dist. Ct. App. 1967)("And when Fawcett was notified in writing, not once but twice, that such defamatory accusations were false, it deliberately spurned the request to retract and apologize, which would have immunized it from exemplary damages, and chose instead to figuratively thumb its nose at not only the unfortunate victim of its journalistic assassination but also the world at large. Can there be any doubt or question that the magazine publisher had toward the plaintiff anything but ill will, or a hostile attitude, or an intent to injure and defame, or at least a callous disregard for the resultant effect of its cruel indifference?")

**Plaintiffs Instruction 26:**

(Negligence) [10]

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

---

[10] Authority: Florida Standard Jury Instruction 405.5

**Plaintiffs Instruction 27:**

(Republication) [11]

When a statement is published a second or subsequent time, either by the person who first made it or by another, the statement has been republished. One who republishes a defamatory statement adopts it as his own and is as liable as the original defamer, even though he attributes the libelous statement to the original publisher, and even though he expressly disavows the truth of the statement.

---

[11] Authority: Sack on Defamation, §2.7.1 (2-114); *Cianci v. New Times Pub. Co*., 639 F.2d 54, 60-61 (2d Cir. 1980) (Friendly, J.) ("[O]ne who republishes a libel is subject to liability just as if he had published it originally, even though he attributes the libelous statement to the original publisher, and even though he expressly disavows the truth of the statement.")

**Plaintiffs Instruction 27:**

(Defamation per se) [12]

Certain types of statements do not require a Plaintiff to prove actual damages (though they may still do so).  A Plaintiff is not required to prove actual damages if, when considered alone without innuendo, the statement: (1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) it tends to injure one in his trade or profession.

---

[12] Authority: *Williamson v. Dig. Risk Mortg. Servs., LLC,* No. 6:18-cv-767-Orl-31TBS, 2018 U.S. Dist. LEXIS 137898, at *8 (M.D. Fla. Aug. 15, 2018)