# EXHIBIT H
# Defendants'
# Proposed Jury
# Instructions

## IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT
HOLDING S.A., AND WEBZILLA,
INC.

     Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

     Defendants.

_____/

**[DEFENDANTS' PROPOSED] JURY INSTRUCTIONS**

**Instruction 1:** [1]

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

---

[1] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.1 General Preliminary Instruction.

**Instruction 2:** [2]

<u>(What is evidence)</u>

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

---

[2] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.1 General Preliminary Instruction.

**Instruction 3: [3]**

(What is not evidence)

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

---

[3] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.1 General Preliminary Instruction.

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Instruction 4: [4]**

(Credibility of witnesses)

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

---

[4] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.1 General Preliminary Instruction.

**Instruction 5:** [5]

(Defamation – Public Figure Plaintiffs)

This is a defamation case. The plaintiffs are Aleksej Gubarev, XBT Holding S.A. (otherwise referred to as "XBT"), and Webzilla, Inc. (otherwise referred to as "Webzilla"). The defendants are Buzzfeed, Inc., or BuzzFeed, and the editor-in-chief of Buzzfeed News, Ben Smith. On January 10, 2017 BuzzFeed published on its website a news article about a document that you will hear referred to as the "Dossier." Within that news article, it also published the Dossier itself. The plaintiffs claim that they were defamed by four sentences in the dossier. The defendants deny that they defamed the plaintiffs.

Before the attorneys for each side begin their opening statements, I will be giving each of you a copy of the Dossier and the BuzzFeed news article in which it was published. I instruct each of you to read the article and the Dossier, in full, before those statements begin. The words that the plaintiffs allege defamed them

---

[5] Authority: Florida Pattern Jury Instructions 405.7**;** New York Pattern Jury Instructions—Civil, Instr. PJI 3:23A (updated 2014) (modified); Sand, *et al.*, Modern Federal Jury Instructions—Civil, Instr. 91-1 (updated 2013) (modified). For purposes of these jury instructions, other than the element of fault which has been briefed by the parties in their summary judgment filings, Defendants have not identified any conflict between Florida and New York law that would require a choice to be made for purposes of these jury instructions. As a result, with respect to the instructions on all elements of Plaintiffs' claim other than the issue of fault, Defendants proposed instructions follow Florida law as the law of the forum. Specifically, they are based on the Florida Standard Jury Instructions, as modified to comport with Florida's governing case law establishing the elements of a defamation claim brought against media defendants. *See Mid Florida Television Corp. v. Boyles*, 467 So.2d 282, 283 (Fla. 1985); *Edelstein v. WFTV, Inc.*, 798 So.2d 797, 798 (4th DCA 2018); *Blake v. Giustibelli*, 182 So.3d 881, 884-85 (4th DCA 2016). However, if the Court were to conclude that Florida law does conflict in some material respect, Defendants reserve the right to seek instructions pursuant to New York law.

are in the first four sentences on page 35, which is the last page of the dossier that will be handed to you. In the rest of my instructions, I will refer to those sentences within the Dossier as "the statement at issue."

At the end of the case I will instruct you in more detail about the law of defamation that will govern your deliberations. However, it will assist you to have a basic understanding of the law of defamation at the start of this case. The plaintiffs will have the burden of proving each of four issues in this case in order to prove their claim for defamation.

First, each plaintiff must prove that the defendants published a defamatory statement about the plaintiff. A statement is defamatory if it tends to expose the plaintiffs to hatred, ridicule or contempt, or to injure them in their business or occupation, or charges that the plaintiffs committed a crime.

Second, each plaintiff has the burden of proving that the statement at issue was a statement of fact that was false in some significant respect.

Third, each plaintiff must prove, by clear and convincing evidence, that at the time that BuzzFeed published the article and the dossier, the defendants knew that the statement at issue was false or had serious doubts as to its truth.

Fourth, each plaintiff must prove that the defendants' publication of the statement at issue caused damage to that plaintiff.

8

ALTERNATIVE JURY INSTRUCTION NO. 5

(Defamation – if Plaintiffs are Private Figures and New York law Applies to the Element of Fault)

Same as Preliminary Instruction No. 1, except:

Third, each plaintiff must prove that the defendants published the statement at issue in a grossly irresponsible manner, without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible journalists.

ALTERNATIVE JURY INSTRUCTION NO. 5

(Defamation – if Plaintiffs are Private Figures and Florida law Applies to the Element of Fault)

Same as Preliminary Instruction No. 1, except:

Third, each plaintiff must prove that the defendants acted negligently in publishing the statement at issue, without using the care that a reasonably careful journalist would use under like circumstances.

**Instruction 6: [6]**

(Conduct of the jury)

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related

---

[6] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.1 General Preliminary Instruction.

to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other Authority. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

**Instruction 7:** [7]

(Taking notes)

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

---

[7] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.1 General Preliminary Instruction.

**Instruction 8:** [8]

(Course of the trial)

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, counsel for Alexsej Gubarev, XBT Holding S.A., and Webzilla, Inc. will present their witnesses and ask them questions. After counsel for Alexsej Gubarev, XBT Holding S.A., and Webzilla, Inc. questions the witness, counsel for BuzzFeed Inc. and Ben Smith may ask the witness questions – this is called "cross-examining" the witness. Then counsel for BuzzFeed Inc. and Ben Smith will present their witnesses, and counsel for Alexsej Gubarev, XBT Holding S.A., and Webzilla, Inc.  may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

---

[8] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.1 General Preliminary Instruction.

**Instruction 9: [9]**

(Official English Translation/Interpretation)

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreters. It is important that all jurors consider the same evidence. So even if some of you know the foreign language, you must accept the English translation provided and disregard any different meaning.

---

[9] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.3 Official English Translation/Interpretation.

**Instruction 10: [10]**

(Jury Questions)

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not

---

[10] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 1.4 Jury Questions.

draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Instruction 11:** [11]

(Stipulations)

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

---

[11] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 2.1 Stipulations.

**Instruction 12:** [12]

(Use of Depositions)

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

---

[12] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 2.2 Use of Depositions.

**Instruction 13:** [13]

(In-Trial Instructions on News Coverage)

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

---

[13] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 2.7 In-Trial Instruction on News Coverage.

**INSTRUCTIONS AFTER CLOSING ARGUMENTS**

**Instruction 14:** [14]

(Introduction)

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

---

[14] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 3.1 Introduction.

**Instruction 15:** [15]

(The Duty to Follow Instructions – Corporate Party Involved)

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

---

[15] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 3.2.2 The Duty to Follow Instructions – Corporate Party Involved.

**Instruction 16: [16]**

(Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court)

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[16] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court.

**Instruction 17:** [17]

(Credibility of Witnesses)

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

---

[17] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 3.4 Credibility of Witnesses.

**Instruction 18: [18]**

(Impeachment of Witnesses Because of Inconsistent Statements)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[18] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements.

**Instruction 19:** [19]

(Expert Witness)

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

---

[19] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 3.6.1 Expert Witness.

**Instruction 20:** [20]

(Greater Weight of the Evidence)

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

---

[20] Authority: Florida Pattern Jury Instructions 405.3.

**Instruction 21:** [21]

(Clear and Convincing Evidence)

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

---

[21] Authority: Florida Pattern Jury Instructions 405.4.

**Instruction 22:** [22]

(Claims at Issue)

As you will recall from the opening instructions, the plaintiffs have asserted a defamation claim against each defendant. I will briefly review the statement that is at issue in this case. The plaintiffs allege that the following statement on the last page of the Dossier as it was published by Buzzfeed defamed them:

> [Redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership.  Entities linked to one Aleksei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation.  In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down/able to go effectively to ground to cover their traces.

The defendants deny that statement defamed the plaintiffs. In the rest of my instructions, I will refer to this particular statement within the Dossier as "the statement at issue."

---

[22] Authority: Florida Pattern Jury Instructions 405.4.

**Instruction 23:** [23]

(Defamation Law and the First Amendment)

You will better understand the rules of law about which I am now informing you if you keep in mind that this case involves a balancing of values, both of which are important in our society. Under certain conditions the laws of Florida and New York grant plaintiffs the right to recover damages for false, defamatory statements which injure their reputations. I will explain these terms in detail in a few moments.

On the other hand, the United States Constitution guarantees freedom of speech to individuals and the press. This constitutional guarantee entitles the press to publish critical statements about people, and protects the press from liability for such statements, except if, under the standards I am about to describe, the statement at issue is of such a nature and was made under such circumstances as to deprive the persons who make them of protection.

---

[23] Authority: Sand, *et al.*, Modern Federal Jury Instructions—Civil, Instr. 91-1 (updated 2013) (modified).

**Instruction 24:**

(Defamation—Elements of Case) [24]

The issues you must decide on the defamation claim of Aleksej Gubarev, Webzilla, Inc., and XBT Holding S.A. against Buzzfeed, Inc. and Ben Smith are the following. You must decide each of the following issues for each of the plaintiffs, separately:

· First, whether the statement at issue was in some significant respect a false statement of fact about the plaintiff;

· Second, whether the statement at issue tended to expose the plaintiff to hatred, ridicule or contempt, or tended to injure the plaintiff in its business or occupation, or charged that the plaintiff committed a crime.

In making these determinations, you should consider the context in which the statement was published. In this case, that means that you must consider the statement at issue in the Dossier within the context of the BuzzFeed news article in which it was published.

A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should disregard any minor inaccuracies that do not affect the substance of the statement.

---

[24] Authority: Florida Pattern Jury Instructions 405.7.

If the greater weight of the evidence does not support the plaintiff's claim on any of these issues, then your verdict should be for the defendants. However, if the greater weight of the evidence supports the plaintiff's claim on these issues, then:

IF PLAINTIFFS ARE PUBLIC FIGURES: [25]

You must next decide whether clear and convincing evidence shows that at the time the defendants published the Article and the Dossier, the defendants knew that the statement at issue was false, or they had serious doubts as to its truth.

If clear and convincing evidence does not show that, at the time they published the Article and the Dossier, the defendants knew that the statement at issue was false, or that they had serious doubts as to its truth, your verdict should be for the defendants.

However, if clear and convincing evidence supports the plaintiff's claim that at the time they published the Article and the Dossier, the defendants knew that the statement at issue was false, or they had serious doubts as to its truth, and the greater weight of the evidence also supports the plaintiff's claim on the other issues on which I have instructed you, then you must next determine whether the defendants' publication of the statement was a legal cause of damage to the plaintiff.

---

[25] Authority: Florida Pattern Jury Instructions 405.7.

IF PLAINTIFFS ARE PRIVATE FIGURES AND NEW YORK LAW GOVERNS
THE ELEMENT OF FAULT: [26]

You must next decide whether the plaintiff has proved that the defendants
published the statement at issue in a grossly irresponsible manner, without due
consideration for the standards of information gathering and dissemination
ordinarily followed by responsible journalists. To establish that defendants acted in
a grossly irresponsible manner, the plaintiff must prove that defendants disregarded
a risk that the statement at issue was false and that defendant's disregard was a
substantial departure from accepted standards and practices for information
gathering and verification ordinarily followed by responsible journalists.

If the greater weight of the evidence does not show that the defendants
published the statement at issue in a grossly irresponsible manner, then your
verdict should be for the defendants.

However, if the greater weight of the evidence supports the plaintiff's claim
that the defendants published the statement at issue in a grossly irresponsible
manner, and the greater weight of the evidence also supports the plaintiff's claim
on the other issues on which I have instructed you, then you must determine
whether the defendants' publication of the statement at issue was a legal cause of
damage to the plaintiff.

---

[26] Authority: New York Pattern Jury Instruction 3:28A.

IF PLAINTIFFS ARE PRIVATE FIGURES AND FLORIDA LAW APPLIES TO THE ELEMENT OF FAULT: [27]

You must next decide whether the plaintiff has proved that defendants acted negligently in publishing the statement at issue.  Negligence is the failure to use reasonable care, which is the care that a reasonably careful journalist would use under like circumstances.  Negligence is doing something that a reasonably careful journalist would not do under like circumstances or failing to do something that a reasonably careful journalist would do under like circumstances.

If the greater weight of the evidence does not show that the defendants published the statement at issue negligently, then your verdict should be for the defendants.

However, if the greater weight of the evidence supports the plaintiff's claim that the defendants published the statement at issue negligently, and the greater weight of the evidence supports the plaintiff's claim on the other issues on which I have instructed you, then you must determine whether the defendants' publication of the statement at issue was a legal cause of damage to the plaintiff.

---

[27] Authority: Florida Standard Jury Instructions in Civil Cases 405.6(a); 405.7, 405.10 (as modified).  The standard jury instructions have been modified to reflect Florida law as it applies specifically to defamation cases against media defendants.  In such cases, a plaintiff must prove actual damage as an element of its cause of action.  *Mid Florida Television Corp. v. Boyles*, 467 So.2d 282, 283 (Fla. 1985); *Edelstein v. WFTV, Inc.*, 798 So.2d 797, 798 (4th DCA 2018); *Blake v. Giustibelli*, 182 So.3d 881, 884-85 (4th DCA 2016).

A publication is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the publication, the damage would not have occurred.

If the greater weight of the evidence supports each of the plaintiff's claim that the publication caused damage to that plaintiff, then your verdict should be for that plaintiff.

**Instruction 25:**

(Actual Damages)

If you find for the defendants on any of the other issues I have just instructed you on, you will not consider awarding any amount of damages. But, if you find for a plaintiff on those issues, you should award that plaintiff an amount of money that will fairly and adequately compensate that plaintiff for such damage as the greater weight of the evidence shows was legally caused by the defendants' publication of the statement at issue. You shall consider the following elements of damage:

If you find for any of the plaintiffs, you shall consider any injury to that plaintiff's reputation that the greater weight of the evidence shows was legally caused by the defendants' publication of the statement at issue.  There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

If you find for Plaintiff Gubarev, you shall also consider any shame, humiliation, mental anguish, and hurt feelings that the greater weight of the evidence shows was caused by the defendants' publication of the statement at issue.  Plaintiff Gubarev does not contend that he has lost any past or future income as a result of the defendants' publication of the statement at issue, so you may not consider that as an element of any damages for him.

IF XBT/WEBZILLA ARE PERMITTED TO SEEK LOST PROFITS[28]

If you find for either XBT or Webzilla, Inc., or both, those companies allege that they have lost profits as a result of the defendants' publication of the statement at issue.

To be entitled to recover any profits each company claims that the defendants' publication of the statement at issue caused them to lose, XBT and Webzilla must each prove both of the following:

1. The defendants' actions caused it to lose profits; and

2. Each company can establish the amount of its lost profits with reasonable certainty. For a company to establish the amount of its lost profits with reasonable certainty, it must prove that a reasonable person would be satisfied that the amount of lost profits which it may be entitled to recover is not simply the result of speculation or guessing.  Instead, a company must prove that there is some standard by which the amount of lost profits may be established. A company does not have to be able to prove that the amount of lost profits can be calculated with mathematical precision as long as it has shown there is a reasonable basis for determining the amount of the loss.

---

[28] Authority: Florida Standard Jury Instruction for Contract and Business Tort Cases 504.4.  Defendants do not agree that XBT and Webzilla may seek lost profits, but submit this instruction in the event the Court rules otherwise.

**Instruction 26:** [29]

(Punitive Damages)

If you find for a plaintiff and against the Defendants, there is an additional claim in this case that you must decide. You must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to either of the defendants and as a deterrent to others.

The plaintiffs claim that punitive damages should be awarded against Ben Smith for his decision to publish the statement at issue. Punitive damages may be awarded against Mr. Smith if you find by clear and convincing evidence that at the time he decided to publish the statement at issue, Mr. Smith knew that statement was false or had serious doubts as to that statement's truth; and if the greater weight of the evidence shows that Mr. Smith's primary purpose in publishing the statement at issue was to indulge ill will, hostility, and an intent to harm the plaintiffs. Under those circumstances you may, in your discretion, award punitive damages against Mr. Smith. Under those circumstances you may also, in your discretion, award punitive damages against Buzzfeed for the conduct of its editor, Mr. Smith. If clear and convincing evidence does not show such conduct by Ben Smith, punitive damages are not warranted against either Mr. Smith or Buzzfeed.

---

[29] Authority: Florida Standard Jury Instruction 405.10 (as modified); Florida Standard Jury Instruction 503.2 (as modified).

You may in your discretion decline to assess any punitive damages. You may assess punitive damages against Buzzfeed and not Ben Smith, or against both. Punitive damages may be assessed against different defendants in different amounts.

If you decide that punitive damages are warranted against either Buzzfeed and Ben Smith, and you decide to exercise your discretion to award punitive damages against either or both of them, then you must decide the amount of punitive damages, if any, to be assessed as a punishment to that defendant and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded.  In making this determination, you should consider the following:

(1)   the nature, extent and degree of misconduct and the related circumstances, including the following:

(a)   whether the wrongful conduct was motivated solely by unreasonable financial gain;

(b)   whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Ben Smith;

(c) whether, at the time he made the decision to publish the statement at issue, Ben Smith had a specific intent to harm the plaintiffs and the conduct of Mr. Smith did in fact harm the plaintiffs; and

(2)    the financial resources of each defendant.

However, you may not award an amount that would financially destroy either Buzzfeed or Mr. Smith.

**Instruction 27:** [30]

(Duty to Deliberate When Only the Plaintiff Claims Damages)

Of course, the fact that I have given you instructions concerning the issue of Alexsej Gubarev, XBT Holding S.A., and Webzilla, Inc.'s damages should not be interpreted in any way as an indication that I believe that the plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[30] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages.

**Instruction 28:** [31]

(Election of Foreperson Explanation of Verdict Form[s])

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. The form contains questions and instructions that you should read carefully and follow. Each instruction will explain whether you are required to continue with the following question or that your answer to the prior question makes it unnecessary to answer the remaining questions.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me

---

[31] Authority: Eleventh Circuit Civil Pattern Jury Instructions, 3.9 Election of Foreperson Explanation of Verdict Form[s].

how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.