IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.
_____/

**DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO
EXCLUDE EVIDENCE OR ARGUMENT AS TO BUZZFEED'S POST-PUBLICATION
DECISION TO REDACT PLAINTIFFS' NAMES FROM THE DOSSIER AND
INCORPORATED MEMORANDUM OF LAW**

Defendants BuzzFeed, Inc. and Ben Smith hereby move the Court *in limine* for an order excluding from *voir dire*, opening statements, evidence, and closing arguments all references to BuzzFeed's post-publication decision to redact Plaintiffs' names from the Dossier upon receiving the Complaint as evidence of negligence or culpability. Such evidence would be inadmissible pursuant to Federal Rules of Evidence 401, 402, 403, and 407.

**PRELIMINARY STATEMENT**

Defendants should be precluded from introducing evidence or argument concerning BuzzFeed's post-publication decision to redact Plaintiffs' names from the Dossier because it is irrelevant to any elements of Plaintiffs' claim. Moreover, admission of such evidence or argument would cause unfair prejudice and confuse the jury as to the proper temporal scope of their fault determination. Finally, the subsequent remedial measure of redacting Plaintiff's names cannot be used as evidence of fault.

**ARGUMENT**

As alleged in Plaintiffs' Complaint, after the Dossier was originally published, and in direct response to Plaintiffs' lawsuit, Defendants redacted Plaintiffs' names and released a statement that said: "We have redacted Mr. Gubarev's name from the published dossier, and apologize for including it." Ex. 1 (BuzzFeed's Responses to Plaintiffs' Requests for Admission),

1

Response No. 22.  This Court should issue an order excluding this evidence if offered to show either negligence or culpability or for any other purpose because BuzzFeed's post-publication behavior is not relevant to any element of Plaintiffs' claim.

The evidence should be excluded because it is inadmissible pursuant to Federal Rules of Evidence 401, 402, 403 and 407.  Federal Rule of Evidence 401 states that evidence is relevant if it has any tendency to make a fact more or less probable, and that fact is of consequence in determining the action.  Rule 402 states that irrelevant evidence is not admissible.  Even if the evidence is relevant, the court may exclude it if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.  *See Brown v. Davis*, 656 F. App'x 920, 921–22 (11th Cir. 2016).  And Rule 407 of the Federal Rules of Evidence specifically provides: "When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event."  An application of these rules requires exclusion of all references to BuzzFeed's post-publication decision to redact Plaintiffs' names from the Dossier upon receiving the Complaint as evidence of negligence or culpability.

*First*, the evidence should be excluded pursuant to Fed. R. Evid. 407 as a subsequent remedial measure which may not be received as an admission of prior culpable conduct.  The primary ground underlying this rule is a social policy of "encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."  Fed. R. Evid. 407 advisory committee's note.  Courts have applied the broad language of this rule "to exclude evidence of subsequent repairs, installation of safety devices, changes in company rules, and discharge of employees."  *Id.*  The principle applies in a libel case as well, because the alternation or elimination of alleged defamatory language "limits the extent of the damage to an individual's reputation, by keeping injurious material from the eyes of new readers."  *World Boxing Council v. Cosell*, 715 F. Supp. 1259, 1267 (S.D.N.Y. 1989).  For these reasons, any evidence or argument concerning BuzzFeed's subsequent decision to redact the Plaintiff's names from the dossier should be excluded because "evidence of a subsequent change in an allegedly libelous text is inadmissible" for the purpose of proving fault.  *Id.*

4833-8709-0041v.2 0100812-000009

*Second*, it is not relevant to whether Defendants acted with the requisite degree of intent in publishing the Dossier. As a matter of law, whether a defendant acted with the requisite intent in publishing an allegedly defamatory statement, is determined at the time of publication – and not based on any post-publication conduct. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964) (malice must be shown "at the time of the publication"); *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512 (1984) (evidence must establish that defendant "realized the inaccuracy at the time of publication"). This is certainly true in the actual malice context. In *Shoen v. Shoen*, 48 F.3d 412, 417 n.1 (9th Cir. 1995), for example, the court noted that evidence of the defendant's attitude toward plaintiffs after publication of the alleged libel was of dubious relevance to the issue of constitutional malice, and "sheds little light on the extent of his knowledge or disregard for the truth" at the time of the statement. Similarly, in *Secord v. Cockburn*, 747 F. Supp. 779 (D.D.C. 1990), the court held that even post-publication events showing falsity of a statement are not admissible to prove constitutional malice because "it is hornbook libel law that post-publication events have no impact whatever on actual malice as it bears on this lawsuit since the existence or non-existence of such malice must be determined as of the date of publication." *See also Silvester v. ABC, Inc.*, 650 F. Supp. 766, 779 (1986) ("The statement of an ABC employee that the legal department thought after the broadcast that it might contain libelous material does not, without more, prove that defendants had such thoughts at the time the segment was aired, which is the critical time for purposes of establishing malice."), *aff'd*, 839 F.2d 1491 (11th Cir. 1988); *Herbert v Lando*, 781 F.2d 298, 305–06 (2d Cir. 1986) ("It is self-evident that information acquired after the publication of defamatory material cannot be relevant to the publisher's state of mind of his alleged malice at the time of publication."). Accordingly, BuzzFeed's post-publication conduct has no probative value on the question of whether Defendants acted with actual malice.

It also has no probative value if Plaintiffs are private figures and need to demonstrate that Defendants were grossly irresponsible or negligent in publishing the Dossier. Indeed, courts applying both standards have recognized that the timing of the analysis is the same as that under actual malice – it focuses on the defendant's fault at the time of publication. *See, e.g., Prince v. Fox Television Stations, Inc.,* 36 Misc. 3d 1235(A) (N.Y. Sup. Ct. 2012) ("Caselaw indicates that it is the conduct of defendants *prior to the publication* that is relevant to the inquiry of whether such conduct was grossly irresponsible") (citations omitted); *Brooks v. ABC, Inc.*, 999 F.2d 167,

3

172 (6th Cir. 1993) (negligence inquiry focuses on negligence at "the time of publication") (citation omitted); *Thomas v. Texas*, 294 F. Supp. 3d 576, 618 (N.D. Tex. 2018) ("Generally, a plaintiff who is a private individual, such as Plaintiff, must show that the defendant acted negligently regarding the truth of the defamatory statement at the time that he published it."), *R&R adopted*, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018), *appeal dismissed*, No. 18-10448, 2018 WL 4943750 (5th Cir. Sept. 12, 2018).  The decision to redact Plaintiffs' names, therefore, is neither evidence of gross irresponsibility nor negligence.

*Finally*, even if the Court were to find that the evidence is probative (and it is not), the evidence should be excluded because it is unduly prejudicial.  Under Fed. R. Evid. 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Here, every BuzzFeed witness who testified in this action testified that they believed the Dossier's allegations about Plaintiffs were credible and plausible when they published the document.  *See* Ex. 2 (Smith Declaration) ¶ 19; Ex. 3 (Bensinger Declaration) ¶¶ 17, 20–27; Ex. 4 (Schoofs Declaration) ¶ 13-14; Ex. 5 (Elder Declaration) ¶¶ 5, 6, 9.  Any efforts by Plaintiffs to argue that BuzzFeed's decision to redact Mr. Gubarev's name and apologize in an effort to avoid litigation demonstrated the requisite degree of fault would not only be unsupported by the facts, but could be highly prejudicial.

Accordingly, any evidence or argument concerning BuzzFeed's post-publication conduct must be excluded from trial.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiffs from introducing evidence, testimony, or argument relating to BuzzFeed's post-publication decision to redact Plaintiffs' names from the Dossier.

Dated:  October 29, 2018               Respectfully submitted,

                                       /s/ Katherine M. Bolger
                                       Katherine M. Bolger
                                       Nathan Siegel
                                       Adam Lazier

4

Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 29th day of October, 2018.

By: /s/  Adam Lazier
      Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

4833-8709-0041v.2 0100812-000009