# **EXHIBIT 4**

CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV, XBT HOLDING S.A., and WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and BEN SMITH<br>    Defendants. | Case No.<br><br>0:17-cv-60426-UU |

**PLAINTIFF XBT HOLDING S.A.'S THIRD SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff XBT Holding S.A. ("Plaintiff") hereby provides supplemental responses to Defendants' First Set of Interrogatories to Plaintiff XBT Holding S.A. (the "Interrogatories"). Plaintiff's failure to object to a particular Interrogatory or willingness to respond to an Interrogatory is not, and shall not be construed as an admission of the relevant or admissibility into evidence of any such response or that the purported factual premise for any Interrogatory is valid or accurate. The inadvertent production of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such response or with respect to any other response.

**Interrogatory No. 3:**     Identify all of your directors and officers.

**Response:**

As of January 1, 2018:

Directors: Nikolay Dvas, Rajesh Kumar Mishra and Kostyantyn Bezruchenko

Officers: Managing Director Nikolay Dvas, CFO Rajesh Kumar Mishra and CTO Kostyantyn Bezruchenko.

**Interrogatory No. 10:**     For each element of damage that you claim in this action, including but not limited to the injuries claimed at paragraphs 48-50 of the Complaint, identify separately

1

CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

and with specificity the complete nature of your injury, the amount of damage and how you calculate it, and all facts relating to or supporting the allegation of injury.

**Objection:** Plaintiff objects to this Interrogatory to the extent that it calls for a conclusion of law. Plaintiff objects to this Interrogatory to the extent that the full extent of Plaintiff's damages are not yet fully known. Plaintiff objects to this Interrogatory as being premature. Furthermore, Plaintiff objects to this Interrogatory to the extent that it seeks confidential information and will not provide a response containing confidential information until such time as an appropriate protective order governing the use of confidential material in this litigation is entered by the Court. Subject to, and without waiving, these objections, Plaintiff responds as follows:

**Response:** Plaintiff is unable at this time to provide a full accounting of all damages it has suffered as a result of the acts and omissions of Defendants, in part because damages are still ongoing. Furthermore, Plaintiff reserves the right to supplement this response as discovery is ongoing and additional information and expert opinions are collected. Notwithstanding the foregoing, Plaintiff responds as follows:

As can be seen from the monthly revenues of the XBT family from 2014 through the present (see documents produced as P-C000010 through P-C000014), the revenue for the XBT family can be shown by the following graph:



2

CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER

As is clearly visible, there was a steady increase in revenues from May of 2015 ($2,582,415.95) through December of 2016 ($5,467,576.49).  Buzzfeed published the Dossier in early January of 2016, at which time there was a precipitous drop in revenue.  Monthly revenues did not grow back to December 2016 levels until August 2017.  Therefore, even assuming that XBT revenues would not have continued to grow from December 2016 (which they would have absent the publication of the Dossier), the XBT family lost $8,327,325.70 in revenue as compared to December 2016:

|        | Revenue        | Difference from Dec 2016 ($5,467,576.49) |
|--------|----------------|------------------------------------------|
| Jan-17 | $ 4,323,849.27 | $ 1,143,727.22                           |
| Feb-17 | $ 3,410,774.20 | $ 2,056,802.29                           |
| Mar-17 | $ 3,908,052.82 | $ 1,559,523.67                           |
| Apr-17 | $ 4,017,741.31 | $ 1,449,835.18                           |
| May-17 | $ 4,201,814.81 | $ 1,265,761.68                           |
| Jun-17 | $ 4,727,465.40 | $ 740,111.09                             |
| Jul-17 | $ 5,356,011.92 | $ 111,564.57                             |
|        | **Total**      | **$ 8,327,325.70**                       |

Once again, however, this does not take into account the growth that XBT was experiencing, which would make actual lost revenue significantly higher.  Furthermore, this number constitutes total loss from the defamatory actions of Defendants as well as Christopher Steele and Orbis Business Intelligence, and the damages at this time have not been apportioned.  Plaintiffs do not seek to hold Buzzfeed responsible for the damages it suffered as an account of the actions and omissions of Christopher Steele and Orbis Business Intelligence.

These damages further do not include out-of-pocket expenses suffered by Plaintiffs in responding to the publication of the defamatory article, documentary evidence of which has been produced and are incorporated herein by reference (See folder C in Plaintiffs' document production).

Plaintiffs have also suffered damages to their reputation and value, which they estimate to be over $10,000,000, the precise amount of which will have to be determined by an appropriate expert. Plaintiffs have also suffered damages to lender relationships, the dollar amount of which cannot be at this time determined by Plaintiffs themselves.  Plaintiffs have also suffered attorney's fees and costs in connection with the actions and omissions of Defendants.  Plaintiffs

also seek punitive damages in an amount of at least $10,000,000, which also depends on the value to Buzzfeed of publishing the Article.

In December of 2017, in no small part because of all the difficulties he has had after the publication of the Dossier, Aleksej Gubarev decided that he was going to step down as the CEO and a Director of XBT, which is an incredible loss to the company. Mr. Gubarev resigned effective January 1, 2018. Furthermore, XBT is considering rebranding itself to get away from the name that was defamed by Buzzfeed's publication of the Dossier and the negative publicity that has followed. XBT is now in the process of selling its xbt.com domain name.

Plaintiff explicitly reserves the right to supplement its response to these Interrogatories as discovery progresses.

As to all objections:

/s/ Matthew Shayefar                                February 18, 2018
Matthew Shayefar, Esq.                              Date

## **VERIFICATION**

I, Rajesh Kumar Mishra, on behalf of XBT Holding S.A., being first duly sworn in accordance with law, do hereby depose and state that I have read the third supplemental responses to Defendants' First Set of Interrogatories to Plaintiff XBT Holding S.A. and that the responses are true and correct to the best of my knowledge and information.

_____

Rajesh Kumar Mishra
(Printed name)

**CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served electronically via email on all counsel or parties of record on the service list below on this 18th day of February, 2018.

/s/ Matthew Shayefar<br>Matthew Shayefar

**SERVICE LIST**

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com