IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.
_____/

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO PRECLUDE PLAINTIFFS FROM OFFERING EVIDENCE OF DAMAGES ALLEGEDLY INCURRED BY ENTITIES OTHER THAN PLAINTIFFS XBT HOLDING S.A. AND WEBZILLA, INC. AND INCORPORATED MEMORANDUM OF LAW**

Defendants move for an order precluding Plaintiffs from introducing any evidence of damages claiming damages attributable to any party other than the named Plaintiffs in this matter: Aleksej Gubarev, XBT Holding S.A., and Webzilla, Inc.

**PRELIMINARY STATEMENT**

For their own strategic reasons, Plaintiffs elected to bring this lawsuit on behalf of the corporate entities XBT Holding S.A. and Webzilla, Inc., in addition to Aleksej Gubarev personally. However, their evidence of alleged damages consists entirely of alleged damages to other corporate entities within the XBT "family," who are non-parties. It is well-established that corporate entities may not recover damages alleged to have been incurred by their subsidiaries and/or affiliates. Because damages attributable to non-party corporate family entities are categorically impermissible, Plaintiffs should be precluded from offering evidence of any such damages at trial.

**FACTUAL BACKGROUND**

**A.**    **XBT Corporate Structure**

XBT is a holding company and, as such, it does not conduct any business itself. Ex. 1 (Mishra Dep.) at 31:4-8; Ex. 2 (XBT S.A. Nonconsolidated 2016 statement). Rather, XBT is the parent company of another holding company, called XBT Holding Ltd., and a couple of minor

subsidiaries. *Id.* at 17 (showing that XBT S.A. has a 100% investment in XBT Holding Ltd.). In turn, XBT Holding Ltd. owns more than 20 subsidiaries, which actually conduct business. Ex. 1 (Mishra Dep.) at 30:15-31:12; Ex. 3 (Ex. 4 to Mishra Dep) at 24; Ex. 4 at 23 (listing subsidiaries owned by XBT Holding Ltd.) (XBT Holding Ltd. 2016 Statement). Thus, the actual companies within the "XBT Family" that conduct business are two ownership steps removed from Plaintiff XBT Holding S.A. As testified to by XBT's CFO, each subsidiary produces a separately audited annual financial statement, has a separate bank account, pays separate taxes (if any), and maintains its own corporate form and structure. Ex. 1 (Mishra Dep.) at 28:24-29:24; 113:10-19; *see also* Dkt. 260, Exs. 7A, 7B, & 7C (collective 2016 audited financial statements for all XBT subsidiaries).

B. **Plaintiffs' Strategic Use of XBT Subsidiaries**

Plaintiffs elected to bring this lawsuit specifically on behalf of XBT Holding S.A. and Webzilla, Inc. Throughout this case, they have pointed to Webzilla, Inc.'s relationship to Florida as their grounds for claiming both personal jurisdiction and the benefits of Florida law.[1] Plaintiffs also brought a lawsuit in the U.K., in which Plaintiffs used the European entities "Wezbilla B.V." and "Webzilla Limited" as parties in order to sue Christopher Steele in that jurisdiction. Ex. 5 (U.K. Compl.). While Plaintiffs claimed they would apportion damages between BuzzFeed and Steele, they have not done so. Ex. 6 (Anderson Dep.) at 65:23-66:24. Moreover, as set forth below, Plaintiffs have produced no evidence of or theory of damages relating specifically to Webzilla, Inc.

---

[1] *See, e.g.*, Dkt. 21 at 1-2 ("Buzzfeed published a defamatory article … concerning the Plaintiffs, including Webzilla, Inc., a Florida Corporation ("Webzilla')"); *id.* at 4 ("Webzilla is incorporated as a domestic for-profit corporation in Florida and has been continuously registered as such with Florida's Division of Corporations since 2009."); *id.* ("the North America Corporate Contact address listed for Webzilla is in Fort Lauderdale, Florida"); *id.* ("Webzilla's Financial Director, Constantin Luchian, has been a full-time resident of Florida since 2009 and he has performed all of his duties for Webzilla – including processing of payments to Webzilla; oversight of Webzilla's billing; and overseeing Webzilla's accounting – from Florida."); *id.* ("Webzilla has always maintained a physical presence in Florida."); *id.* at 5 ("Webzilla files Florida tax returns in Florida and, since 2009, Webzilla has maintained a bank account in Florida with Bank of America."); Dkt. 83 at 3-5 (repeating the identical statements about Webzilla's relationship to Florida for purposes of seeking application of Florida's reporter's privilege); *id.* at 9 ("this Court has also already found that Plaintiff has suffered injury in Florida"); Dkt. 115 at 6 n.7 (arguing that the Florida fair report privilege should apply because "Webzilla is, indisputably, a Florida corporation that has long maintained a presence in Florida.").

2

### C. Plaintiffs' Evidence of Damages

#### 1. Jeffrey Anderson

As is set forth in Defendants' *Daubert* motion, Plaintiffs offer Jeffrey Anderson to provide an expert opinion on alleged damages. As noted in that motion, Anderson's calculation of alleged "lost business value" ("LBV") reflected a calculation of the *consolidated* LBV of *all* 25 XBT corporate family entities. Anderson did not provide any estimated LBV for any particular subsidiary, including Webzilla, Inc. Dkt. 260 at 12-13.

#### 2. Responses To Interrogatories

Other than Anderson's report, each Plaintiff separately responded to interrogatories seeking information about that Plaintiff's alleged damages. However, the damages claimed by Plaintiff XBT were likewise damages allegedly incurred by its indirect subsidiaries. It claimed that the consolidated revenues of the entire "XBT Family" were lower during the each of the first seven months of 2017 than they were in December 2017, for a total of $8.3 million during that time period. Ex. 7 (XBT 3rd Suppl. Resp.) at 2-3. XBT also stated those damages would be apportioned between Defendants and Christopher Steele, which never happened. *Id.*

Webzilla, Inc. also responded to interrogatories. Generally, its answers simply refer to XBT's answers and do not identify any damages for Webzilla, Inc. itself. Ex. 8 (Webzilla Suppl. Resp.) at 2. In addition, Webzilla, Inc. (like XBT) also pointed to documents produced by Plaintiffs as evidence of difficulties with obtaining financing. *Id.* at 1-2. However, as far as Defendants can discern, those documents all relate to financing contracts for European Webzilla entities, not Webzilla, Inc. *See, e.g.*, Ex. 9.

XBT Holding S.A.'s 2016 nonconsolidated financial statement, the most recent that has been produced, shows that the company had $5.5 million in revenue, consisting entirely of dividends paid by its subsidiary XBT Holding Inc. Ex. 2 at 7. Strikingly, the company reported a net *loss* of $19.3 million for 2016 – the year before the Dossier was published. *Id.* As for Webzilla, Inc., its profits actually tripled after the Dossier was published – from $108,000 in 2016 to $320,000 in 2017. Ex. 10 at 7 (Webzilla 2017 Statement).

### ARGUMENT

### I. Damages Associated with Subsidiary Entities May Not be Recovered by their Corporate Parent

As a matter of law, XBT may not seek damages incurred by subsidiaries, let alone subsidiaries that are almost all twice removed from it in the corporate structure. Just as parent

3

companies may not be sued for the alleged torts of their subsidiaries, absent veil-piercing, it is well-settled that a parent company may not recover damages incurred by its subsidiaries. *Elandia Int'l, Inc. v. Koy*, 2010 WL 2179770, at *6 (S.D. Fla. Feb. 22, 2010) ("[A] corporation does not have standing to assert claims belonging to a related or closely affiliated corporation simply because their businesses are intertwined."), *R&R adopted*, 2010 WL 2196040 (S.D. Fla. June 1, 2010); *Mobius Risk Grp. LLC v. Global Clean Energy Holdings, Inc.*, 2011 WL 3568074, at *5 (S.D. Tex. Aug. 15, 2011) ("Courts that have addressed [whether or when a parent company may recover damages incurred by its subsidiaries] have consistently held that a parent my not do so."); *Tullet Prebon, PLC v. BCG Partners, Inc.*, 2010 WL 2545178, at *4 (D.N.J. June 18, 2010) ("Wrongdoing to a subsidiary does not confer standing upon the parent company, even where the parent is the sole shareholder of the subsidiary."), *aff'd*, 427 F. App'x 236 (3d Cir. 2011). Specifically, a parent company may not "create a subsidiary and then ignore its separate corporate existence whenever it would be advantageous to the parent." *Feinberg v. Katz*, 2002 WL 1751135, at *6 (S.D.N.Y. July 26, 2002) (parent company and its sole shareholder "cannot bring claims to recover for damages incurred by its subsidiary") (citation omitted). That principal is especially relevant here, where Plaintiffs attempt to have their cake and eat it too. Plaintiffs have relied heavily on distinct entities within their corporate structure to bring and maintain lawsuits in various fora and assert the application of forum law. Yet now, they seek to ignore those distinctions entirely for purposes of claiming $150 million in consolidated damages allegedly incurred by a company incorporated in Luxembourg and operating out of Cyprus. Indeed, it is not clear that Plaintiffs have produced *any* evidence of alleged pecuniary damages specifically incurred by either of the actual corporate Plaintiffs in this case at all. For the present, however, Plaintiffs XBT Holding S.A. and Webzilla, Inc. should be precluded from attempting to offer any evidence of damages allegedly incurred by other subsidiaries.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court preclude Plaintiffs from offering evidence of damages related to corporations other than Plaintiffs XBT Holding S.A. and Webzilla, Inc. themselves.

4

Dated: October 29, 2018                Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 29th day of October, 2018.

By: /s/ Adam Lazier
      Adam Lazier

# SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com