**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 17-cv-60426-UU**

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

    Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

   Defendants.

_____/

**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO**
**EXCLUDE EVIDENCE OR ARGUMENT AS TO OTHER BUZZFEED REPORTING**
**AND INCORPORATED MEMORANDUM OF LAW**

    Defendants BuzzFeed, Inc. and Ben Smith (the "Defendants") hereby move the Court *in limine* for an order excluding from *voir dire*, opening statements, evidence, and closing arguments all references to BuzzFeed reporting other than that related to publication of the article in suit.  Such evidence would be inadmissible pursuant to Federal Rules of Evidence 401, 402, and 403.

**PRELIMINARY STATEMENT**

    During the course of discovery, Plaintiffs questioned BuzzFeed Editor-in-Chief Ben Smith about other BuzzFeed stories published by BuzzFeed other than those at issue here.  In particular, Plaintiffs have asked questions concerning two articles related to the so-called Sh***y Media Men list.  Testimony or references to these articles are inadmissible because the reporting is not at issue in this case, and the articles have no bearing on the statements the Plaintiffs challenge as false and defamatory in this action.  Even if the articles are marginally relevant (which they are not), they should be excluded under Rule 403 because their limited probative value is substantially outweighed by the dangers of unfair prejudice, undue delay, confusion, and jury misdirection.

4833-6880-2169v.2 0100812-000009

**ARGUMENT**

Rule 401 defines relevant evidence as that which tends to make a fact of consequence more or less probable than it would be without the evidence, and in this libel suit, relevant evidence is any evidence which tends to prove the truth or falsity of the allegations asserted in the Article in suit or which tends to establish the requisite degree of fault.  This Court should issue an order prohibiting Plaintiffs from referencing any BuzzFeed reporting other than the article at issue here because they have no bearing on whether the Dossier republished by BuzzFeed contained false and defamatory statements, or whether Defendants published the Article with the requisite degree of fault.

*First,* Plaintiffs have not challenged statements in different articles published by BuzzFeed and, therefore, those articles have no bearing on the statements at issue here.  *See, e.g.*, *Chapman v. Journal Concepts, Inc.*, 401 F. App'x 243, 245 (9th Cir. 2010) ("district court did not abuse its discretion by excluding evidence" regarding libel defendant's investigation "for an article that was not at issue in the trial" which was "likely to confuse the jury"); *Tavoulareas v. Piro*, 93 F.R.D. 35, 44 (D.D.C. 1981) (holding complaints and lawsuits against defendant over articles not at issue in case to be irrelevant).  Moreover, BuzzFeed's publication of other articles is entirely irrelevant to a determination of whether Defendants published the Article in suit with the requisite degree of fault.  The existence or non-existence of constitutional malice must be determined as of the date of publication – and not based on any other publication conduct.  *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964) (malice must be shown "at the time of the publication"); *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512 (1984) (evidence must establish that the defendant "realized the inaccuracy at the time of publication").  The negligence standard similarly looks to defendant's alleged negligence at "the time of publication."  *Brooks v. ABC, Inc.*, 999 F.2d 167, 172 (6th Cir. 1993) (citation omitted).  Post-publication events simply have no impact or relevance to the fault determination in a libel case.  *See Secord v. Cockburn*, 747 F. Supp. 779, 792 (D.D.C. 1990) (post-publication events have no impact on actual malice determination); *McFarlane v. Esquire Magazine*, No. CIV. 92-0711 TAF, 1994 WL 510088, at *13 (D.D.C. June 8, 1994) ("The existence or non-existence of actual malice must be determined as of the date of publication."), *aff'd*, 74 F.3d 1296 (D.C. Cir. 1996).  Accordingly, Plaintiffs should not be allowed to rely on any reporting for articles other than that at issue here

This is particularly so as it relates to articles that Plaintiffs identified at the deposition of Ben Smith and have listed as trial exhibits.  Those articles, entitled "What To Do With 'Sh***y Media Men'?," Ex. 1 (Plaintiffs' trial exhibit J7),[1] and "Moira Donegan Says She Is The Woman Who Created the 'Sh***y Media Men,'" Ex. 2 (Plaintiffs' trial exhibit J8), and relate to BuzzFeed's decision not to publish a list of "Sh***y Media Men."  Plaintiffs apparently intend to use these articles as Trial Exhibits to somehow compare the decision to publish the Dossier with the decision not to publish the list of media men.  But evidence related to the Media Men story has nothing to do with what Plaintiffs must prove to prevail in this action.  It obviously has nothing to do with the truth or falsity of the alleged defamatory statements, and, as discussed above, because Defendants' state of mind is judged at the time of publication as it relates to the Article at issue, a comparison of why BuzzFeed made the decision to publish one story and not the other is not probative of anything "of consequence" to the issues that must be determined by the jury.  For these reasons, evidence relating to articles other than the one at issue in the Complaint is inadmissible, and the Court should prevent Plaintiffs from introducing, or even referencing them.  Fed. R. Evid. 401 and 402.

*Second*, under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The rule readily applies here, and further requires that the Court exclude the articles, even if they have some probative value.  *See Schafer v. Time, Inc.*, 142 F.3d 1361, 1372–74 (11th Cir. 1998) (upholding district court's decision to exclude, under Fed. R. Evid. 403, memorandum discussing number of charges that sources in story were unreliable but not discussing photograph attached to story, the subject of plaintiff's libel claims).

At Mr. Smith's deposition, Plaintiff's counsel asked Mr. Smith, "[i]sn't the reason you didn't publish the [Sh***y Media Men] list because it contained names of BuzzFeed reporters and it contained names of your colleagues and friends in the media?"  Ex. 3 at 163:8-12.  While Mr. Smith responded "No" to that question, it is clear that Plaintiffs intend to use these articles to prejudice the jury against Mr. Smith and BuzzFeed in some way.  The Court should exclude such evidence because Mr. Smith's reasons for deciding not to publish the Media Men list are in no way probative of his decision to publish the Dossier.

---

[1] Plaintiffs identified these exhibits in Exhibit A to the Joint Pretrial Stipulation, Dkt. 237.

3

Consequently, the dangers that admission of the articles will unduly prejudice or confuse the jury far outweigh their probative value, and therefore the articles should be excluded under Rule 403.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiffs from introducing evidence, testimony, or argument relating to any BuzzFeed articles other than those at issue here, including but not limited to the "Media Men" articles.


Dated:  October 29, 2018                    Respectfully submitted,

                                            /s/ Katherine M. Bolger
                                            Katherine M. Bolger
                                            Nathan Siegel
                                            Adam Lazier
                                            Alison Schary
                                            Davis Wright Tremaine LLP
                                            1251 Avenue of the Americas, 21st Floor
                                            New York, New York 10020
                                            katebolger@dwt.com
                                            nathansiegel@dwt.com
                                            adamlazier@dwt.com
                                            alisonschary@dwt.com

                                            /s/ Roy Black
                                            Roy Black
                                            Jared Lopez
                                            Black, Srebnick, Kornspan & Stumpf, P.A.
                                            201 So. Biscayne Boulevard
                                            Miami, Florida 33131
                                            rblack@royblack.com
                                            jlopez@royblack.com

                                            *Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 29th day of October, 2018.

By: /s/ Adam Lazier_____
Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

4833-6880-2169v.2 0100812-000009