UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' MOTION *IN LIMINE* #3 TO
(1) LIMIT THE INTRODUCTION OF TESTIMONY OR EVIDENCE CONCERNING
IRRELEVANT PORTIONS OF THE "DOSSIER" AND
(2) PRECLUDE THE INTRODUCTION OF TESTIMONY
OR EVIDENCE CONCERNING UNRELATED PUBLIC RELATIONS EFFORTS**

## Introduction

This trial is not about President Trump, despite Defendants' fervent belief that it should be. It is not about James Comey or Paul Manafort or Carter Page or the existence (or non-existence) of salacious sex tapes. This trial is about a single defamatory paragraph published by Defendants that was contained in one of seventeen discrete and privately-produced memos that had been created as part of a paid opposition-research assignment for a political candidate, a compilation of which Defendants published on January 10, 2017.

The memos were created over the span of eight months and only the last of those memos is at issue in this case. That memo, referred to herein as the "December Memo," stated, in relevant part, that:

> [Redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Aleksei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the

1

presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down/able to go effectively to ground to cover their traces.

This paragraph from the December contains the entirety of the defamatory statements concerning Plaintiffs and is the sole topic of this lawsuit.

## Argument

Federal Rule of Evidence 401 provides, in relevant part, that evidence is only "relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Bowe v. Pub. Storage*, 2015 U.S. Dist. LEXIS 178180, at *12 (S.D. Fla. June 2, 2015).

**I.    Evidence and Testimony Regarding the Dossier as a Whole Should be Excluded**

Although it is certainly useful and necessary for the jury to have a basic understanding of the so-called "Dossier" as a whole, as well as an understanding of how Buzzfeed came to be in possession of the memos, there is no utility to allowing Defendants to transform this case into something it is not. Defendants (and their trial counsel) have each stated their intent to offer testimony and argument about the purported benefit to the public in having the Dossier as a whole in the public domain. In essence, Defendants' argument is that, in retrospect, the public has benefitted from the Dossier having been published because it has supposedly given the public context for subsequent events such as the firing of James Comey and various congressional hearings. Allowing such testimony and argument, however, is dangerous both because it threatens to simply open the trial up to unlimited musings about whether the publication of the Dossier has been "good" generally or "bad" generally and distract from the actual question of whether publishing the December Memo without redaction constituted defamation. As such, this line of proposed argument is irrelevant and has the potential to mislead and confuse the jury.

**II.     Evidence and Testimony Regarding Plaintiffs' General Publicity Efforts Should be Excluded**

Defendants have also offered extensive evidence of Plaintiffs' (largely unsuccessful) attempts to obtain general publicity for their business offerings. As is discussed in detail in Plaintiffs' Motion and Reply for Summary Judgment on Defendants' Public Figure Affirmative Defense and Plaintiffs' Opposition to Defendants' Motion for Summary Judgment on the same topic (all of which are incorporated herein by reference), there is simply no relevance to the present matter that Plaintiffs attempted to garner press coverage for their lines of servers.

## Conclusion

For the reasons stated hereinabove, the Court should issue an order limiting Defendants' arguments and presentation of testimony concerning the so-called Dossier as a whole and precluding Defendants from offering testimony or evidence concerning Plaintiffs' general efforts to obtain publicity for their businesses, products, or services.

Dated: October 29, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on October 29, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com