UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' MOTION *IN LIMINE* #4 TO
PRECLUDE THE INTRODUCTION OF TESTIMONY OR EVIDENCE CONCERNING
THE RELIABILITY OF CHRISTOPHER STEELE OR FUSION GPS OR ANY
EFFORTS ALLEGEDLY UNDERTAKEN BY EITHER TO VERIFY ALLEGATIONS
CONTAINED IN THE DOSSIER**

**Introduction**

From the start, Defendants have asserted – in support of their assertion of the Reporter's Privilege – that they were not arguing that they had relied on any information provided to them by any confidential source. And, in conformity with that position, both Mr. Bensinger and Mr. Smth each refused to answer any questions about conversations that they may or may not have had with either Christopher Steele or Fusion GPS. Indeed, Mr. Bensinger – who wrote an entire book on the FIFA soccer scandal in which he extensively quotes Christopher Steele and provides details that could only have been obtained through extensive interviews with Mr. Steele – refused even to explain on what basis he deemed Mr. Steele to be reliable (other than to say he had dealt with him in the past). Crucially, the refusal to testify about any conversations that Defendants (or Mr. Bensinger) had with any sources means that Plaintiffs were denied the opportunity to discover whether Defendants had any reason to believe that Mr. Steele or Fusion had done anything to verify the allegations contained in the Dossier prior to Buzzfeed's publication of the same. Having claimed the Reporter's Privilege as a "shield," Defendants cannot also utilize the "sword," by presenting evidence or testimony from Mr. Steele or Fusion suggesting that they took steps toward verification of which Defendants may have had no

1

knowledge.[1]  Similarly, having refused to answer questions concerning prior dealings with Mr. Steele or Fusion, Defendants cannot now offer testimony concerning reasons they believed either of them to be reliable.

## Argument

Federal Rule of Evidence 401 provides, in relevant part, that evidence is only "relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Federal Rule of Evidence 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Bowe v. Pub. Storage*, 2015 U.S. Dist. LEXIS 178180, at *12 (S.D. Fla. June 2, 2015).

Defendants here have been consistent in stating that they should not be required to provide any information about their sources or conversations with their sources because none of their defenses relied on the identity of such sources, the reliability of such sources, or information obtained from such sources.  Despite these assertions, however, Defendants have designated significant portions of Mr. Steele's and Fusion GPS' deposition testimonies in which each purport to discuss steps taken to verify allegations contained in the Dossier.  Defendants cannot do this now given their earlier assertions that none of their defenses relied on anything they may have learned from their sources.  It is time for Defendants to live up to these assertions.

In his deposition, Mr. Bensinger refused to testify to any conversations he may have had with either Mr. Steele or Fusion. *See*, *e.g.*, Bensinger Depo., p. 31 ("Q. In connection with your reporting on the FIFA scandal did you meet Christopher Steele?  A. So when it comes to certain sources, among them Christopher Steele, I have a blanket promise of privilege.  And if you ask me questions about those sources, including Christopher Steele or other sources that I may or may not have such a privilege with, I'm going to have to decline to answer."); p. 67 ("Q. Did you ask Mr. Steele to put you in contact with David Kramer?  A. As I previously stated, I'm not going to discuss confidential sources that may or may not be under a privilege situation with me.

---

[1] Indeed, the available testimony suggests that neither Mr. Steele nor Fusion provided Defendants with *any* information about the Dossier or the allegations contained within the Dossier prior to Buzzfeed's publication of the same.

2

That group could include Christopher Steele."); p. 100 ("Q. Did you ever yourself reach out to Fusion GPS to try and get a copy of the dossier? A. I'm going to go back to my referring about confidential sources. There -- I have many confidential sources. They all exist under a blanket offer of privilege and protection because of the promises I made to them about confidential. When you ask me questions about Fusion GPS, I'm going to have to remind you of that promise.").

To the extent that Mr. Steele or Fusion claim to have taken any steps to verify the allegations contained in the Dossier, such claims are relevant *only* to the extent that Defendants were aware of those alleged efforts prior to publishing the defamatory materials. And, because Defendants have utilized the shield of the reporter's privilege to avoid discussing any conversations that they may have had with Mr. Steele or Fusion prior to publishing the Dossier, they cannot now utilize the sword of testimony from these two sources in which Fusion and/or Mr. Steele testify about steps they may have allegedly taken. *See*, *e.g.*, *Oak Beach Inn, Corp. v. Babylon Beacon, Inc.*, 62 N.Y.2d 158, 476 N.Y.S.2d 269 (1984) (holding that defendant newspaper could not rely on material withheld as absolutely privileged under the Shield Law to establish lack of malice: "the statutory [exemption] ... from contempt cannot be fairly read to include general exemption from the sanctions authorized by CPLR 3126, most of which function to prevent a party who has refused to disclose evidence from affirmatively exploiting or benefiting from the unavailability of the proof during the pending civil action") *cert denied*, 469 U.S. 1158 (1985); *Garcia v. Padilla*, 2016 U.S. Dist. LEXIS 29398 (M.D. Fla. Mar. 8, 2016) ("Behind the sword and shield doctrine is the premise that a party may not use privileged documents to prove a claim or defense, then hide behind the shield of privilege to prevent the opposing party from effectively challenging such evidence."); *Collins v. Troy Publishing*, *Co., Inc.*, 623 N.Y.S.2d 663, 665 (3d Dep't 1995) (defendants are precluded from "using as a sword the information which they are shielding from disclosure" by invoking the reporters privilege.). c*f. FTC v. Williams, Scott & Assocs., Ltd. Liab. Co.,* 679 F. App'x 836, 838 (11th Cir. 2017) ("By invoking his Fifth Amendment right not to testify at his deposition, Lenyszyn decided that 'the advantages of silence—avoiding incrimination in a criminal investigation' outweighed 'the potential advantages' of attempting to refute the FTC's evidence against him.... Having made that choice, Lenyszyn could not then 'convert the privilege from [a] shield ... into a sword' by putting his version of the facts into written affidavits and avoiding cross-examination.").

3

## Conclusion

For the reasons stated hereinabove, Defendants should be precluded from eliciting or offering testimony or evidence concerning: (a) the reliability of Mr. Steele or Fusion GPS, or (b) efforts undertaken by either Mr. Steele or Fusion GPS to verify the allegations contained in the Dossier.

Dated: October 29, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*