**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 17-cv-60426-UU**

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

Defendants.
_____________________________________/

**DEFENDANTS' RESPONSE TO THE NEW YORK TIMES' MOTION TO INTERVENE AND FOR ACCESS TO JUDICIAL RECORDS**

Defendants BuzzFeed, Inc. and Ben Smith submit this Response to the *New York Times*' Motion to Intervene and for Access to Judicial Records (Dkt. 254).

Defendants support granting the *New York Times* (the "*Times*") standing to intervene in this case. With respect to its motion for access to judicial records, Defendants' position is as follows. As explained in their Opposition to Plaintiffs' Emergency Motion to Seal, Dkt. 242, Defendants believe that the parties' summary judgment motions and related materials may be divided into three categories for purposes of sealing disputes:

1. Materials that were not marked by anyone as "Confidential" or "Attorneys' Eyes Only" pursuant to any Protective Order. For the reasons set forth in their Opposition and discussed further herein, Defendants support the *Times*' motion as applied to those materials, and to those portions of the briefs discussing those materials.

2. Materials that were marked "Confidential" or "Attorneys' Eyes Only" by the Parties, which do not also contain any information marked "Confidential" or "Attorneys' Eyes Only" by any non-parties. These materials were properly filed under seal initially to comply with the Protective Orders in this case, but Defendants also support the *Times*' motion as applied to those materials, and to those portions of the briefs discussing those materials. For the reasons set forth in the *Times*' motion, Defendants agree that the interests in public access at this point in

the case outweigh any confidentiality considerations of any of the parties, including Defendants, with respect to those materials.[1]

3. Materials that contain information marked "Confidential" or "Attorneys' Eyes Only" by non-parties. This category includes materials produced directly by non-parties, as well as testimony from party witnesses and briefs that make reference to those materials. Defendants take no position with respect to this category of materials, which require balancing the interests of non-parties with the public's interest in access. Defendants defer to the Court's balancing of those interests with respect to those materials. Defendants note that some of those materials have also been the subject of prior litigation and orders regarding non-disclosure. *See* Dkt. 103, 199.

Moreover, Defendants note that, by the time briefing on the *Times*' motion is concluded, the Court will have before it at least seven motions, responses, and/or replies concerning sealing that have been filed within the past month. To avoid continued, piecemeal sealing litigation, with respect to the first two categories discussed above Defendants also submit that it would be appropriate for the Court to now unseal materials in those categories that the Parties have submitted in connection with the *Daubert* motions, motions *in limine*, and these various motions relating to sealing. Defendants see no more reason to keep those motions heavily sealed than the summary judgment motions.

Defendants are filing the above portion of this Response on the public record so that counsel for the *Times* (and the public) will at least have a statement of Defendants' position. However, Defendants cannot fully explain the basis for that position without making reference to materials and memoranda of law that are currently filed under seal. Therefore, most of the rest of this Response will be filed under seal and redacted from the publicly-filed version.

[1] Defendants note that they have consistently removed any references to confidential sources before any materials were ever produced to Plaintiffs, so those materials appear redacted in the record because that is how they were originally produced. Defendants will of course vigorously continue to assert all rights to protect sources in this case.









[Page content fully redacted]

[redacted]

By contrast, the cases Plaintiffs rely on, *see* Dkt. 284 at 4-5, do not remotely support the proposition that either (1) materials not subject to any Protective Order – some of which are publicly available – may be sealed, or (2) that there is any basis for sealing any of the materials related solely to the Parties in this case. In fact, none of the cases Plaintiffs have cited relate to summary judgment motions, *Daubert* motions, motions *in limine*, or other motions in civil cases adjudicating the substantive rights of parties. *Jackson v. Deen*, 2013 WL 1911445 (S.D. Ga. May 8, 2013), actually held that all tweets submitted in connection with motions addressed to the parties should be unsealed. The only tweets it held should be sealed related to a motion to disqualify one of the parties' counsel, and the sealed tweets were purely personal communications between that counsel and his friends – not tweets by counsel concerning that litigation (which were actually unsealed as well). *Amodeo*, 44 F.3d 141, involved an investigative report by law enforcement implicating law enforcement interests and the privacy interests of non-parties. *Kravetz*, 706 F.3d 47, ordered most of the record unsealed, except for materials related to certain requests for the court to issue criminal discovery subpoenas. *Luzzi v. ATP Tour, Inc.*, 2011 WL 2693542 (M.D. Fla. July 12, 2011), also involved confidential investigative documents that would infringe on the privacy interests of non-parties. *United States v. Byrd*, 11 F. Supp. 3d 1144 (S.D. Ala. 2014), concerned sentencing letters that were also sealed to protect "the privacy interests of innocent third parties," and *Johnson v. Blackburn*, 2014 U.S. Dist. LEXIS 190813 (W.D. Tex. May 5, 2014), related to a letter submitted by a non-party not attached in connection with any substantive motions. There is, therefore, no support in the law for Plaintiffs' position.

## CONCLUSION

For the foregoing reasons, as set forth herein Defendants support the *Times*' motion to intervene, support in part its Motion for Access to Judicial Records, and take no position with respect to the rest of its motion.

Dated:  October 31, 2018　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Katherine M. Bolger
　　　　　　　　　　　　　　　　　　Katherine M. Bolger
　　　　　　　　　　　　　　　　　　Nathan Siegel
　　　　　　　　　　　　　　　　　　Adam Lazier
　　　　　　　　　　　　　　　　　　Alison Schary
　　　　　　　　　　　　　　　　　　Davis Wright Tremaine LLP
　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas, 21st Floor
　　　　　　　　　　　　　　　　　　New York, New York 10020
　　　　　　　　　　　　　　　　　　katebolger@dwt.com
　　　　　　　　　　　　　　　　　　nathansiegel@dwt.com
　　　　　　　　　　　　　　　　　　adamlazier@dwt.com
　　　　　　　　　　　　　　　　　　alisonschary@dwt.com

　　　　　　　　　　　　　　　　　　/s/ Roy Black
　　　　　　　　　　　　　　　　　　Roy Black
　　　　　　　　　　　　　　　　　　Jared Lopez
　　　　　　　　　　　　　　　　　　Black, Srebnick, Kornspan & Stumpf, P.A.
　　　　　　　　　　　　　　　　　　201 So. Biscayne Boulevard
　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　rblack@royblack.com
　　　　　　　　　　　　　　　　　　jlopez@royblack.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 31st day of October, 2018.

By: /s/ Adam Lazier
Adam Lazier

**SERVICE LIST**

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com