IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

   Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

   Defendants.
_____/

### DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF JOURNALISTIC STANDARDS AND INCORPORATED MEMORANDUM OF LAW

Defendants BuzzFeed, Inc. and Ben Smith hereby move the Court *in limine* for an order excluding all evidence of journalism standards.

### PRELIMINARY STATEMENT

As the Court is aware, Plaintiffs failed to identify a journalism expert. In an effort to get around this gaping hole in their case – and in contravention of this Court's scheduling orders, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence – they instead intend to introduce at trial emails and news articles criticizing BuzzFeed's decision to publish the Dossier. This evidence is plainly inadmissible hearsay, it is irrelevant, and its prejudicial effect far outweighs any probative value it might somehow have. This Court should therefore exclude it.

### ARGUMENT

The deadline for Plaintiffs' expert disclosures passed on April 13, more than six months ago. *See* Dkt. 163. Despite claiming that Defendants' publication of the Dossier was grossly irresponsible and negligent, however, Plaintiffs have never identified a journalism expert – perhaps because they could not find one willing to support their argument.



1



*First*, the evidence would be inadmissible as improper expert opinion evidence offered in violation of Fed. R. Civ. P. 26(a)(2) and this Court's Scheduling Orders. Evidence purporting to explain journalism standards to the jury or opine on BuzzFeed's negligence or gross irresponsibility must, as a matter of law, satisfy the requirements for expert evidence in order to be admissible. *See, e.g.*, *Talley v. Time, Inc.*, 2018 WL 1101489 (W.D. Okla. Feb. 28, 2018) (applying Fed. R. Evid. 702 to proposed evidence on journalistic standards); *Parsi v. Daioleslam*, 852 F. Supp. 2d 82, 86–90 (D.D.C. 2012) (same); *cf.* Fed. R. Evid. 701 (lay opinion testimony inadmissible if based on "specialized knowledge within the scope of Rule 702"). Such evidence must comply with the requirements of Fed. R. Civ. P. 26(a)(2), which requires the party offering the opinion evidence to disclose information about the expert witnesses it wishes to call and to provide a written report from each witness, and the scheduling deadlines set by the Court. Courts regularly exclude expert evidence for failure to comply with these requirements. *See, e.g.*, *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009); *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1323–24 (11th Cir. 2008); *United States v. Marder*, 318 F.R.D. 186, 193–94 (S.D. Fla. 2016); *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 13174651, at *1 (S.D. Fla. May 6, 2011); *see also de Louis v. Metro. Atlanta Rapid Transit Auth.*, 2007 WL 9700627, at *1 (N.D. Ga. Feb. 21, 2007) (excluding evidence that was "necessarily expert evidence" for non-compliance with Rule 26(a)(2), even though plaintiff claimed it was lay opinion).

---

[1] Plaintiffs identified these exhibits in Exhibit A to the Joint Pretrial Stipulation, Dkt. 237.

Here, of course, Plaintiffs have not complied with *any* of the requirements of Rule 26(a)(2), or this Court's scheduling orders, with respect to this Standards Evidence, and they have never even attempted to show good cause for failing to comply – and, as a result, Defendants have not had the opportunity to build a case responding to it.  Even if it were otherwise admissible, then, this evidence should be excluded.

*Second*, because Plaintiffs evidently intend to offer these materials for the truth of their content (both that the authors really held the views expressed and that those opinions are reliable), they amount to inadmissible hearsay.  Fed. R. Evid. 802.  The law is clear that expert opinion can come before the jury only through sworn testimony – even the signed report of a qualified expert can be inadmissible at trial on hearsay grounds, *see, e.g.*, *Johnston v. Borders*, 2018 WL 4215027, at *1 (M.D. Fla. Sept. 4, 2018) (citing cases), and Plaintiffs' proposed evidence here is far more dubious than that.  Courts have in fact consistently held that news articles offered for the truth of their contents are inadmissible hearsay, because "[u]nless the author is available for cross-examination, 'newspaper[] stories generally will present a blank face that gives little clue as to the reliability of the [author's] perception, memory, narration, or sincerity, and in addition fails to disclose how the article was changed in the editing process.'" *Crouse v. Allegheny Cty.*, 2016 WL 6086066, at *6 (W.D. Pa. Jan. 25, 2016) (citation omitted); *see, e.g.*, *United States v. Michtavi*, 155 F. App'x 433, 435 (11th Cir. 2005) ("[A] newspaper article is hearsay, and in almost all circumstances is inadmissible.") (citing *Dallas Cty. v. Commercial Union Assur. Co.*, 286 F.2d 388, 392 (5th Cir. 1961)); *Baker v. Joseph*, 938 F. Supp. 2d 1265, 1268 (S.D. Fla. 2013) (Ungaro, J.) (newspaper article inadmissible hearsay); *Smart v. City of Miami*, 107 F. Supp. 3d 1271, 1278 n.3 (S.D. Fla. 2015) ("I agree with the City that the newspaper articles and web pages are not proper summary judgment evidence because they constitute hearsay and it is not apparent how these printouts could be 'reduced to admissible evidence at trial.'").  This means that opinions expressed in articles are inadmissible unless the author is called at trial.  *See, e.g.*, *Powell v. Dallas Morning News L.P.*, 776 F. Supp. 2d 240, 269 n.15 (N.D. Tex. 2011) ("Newspaper articles containing the opinions of unrelated third parties are inadmissible hearsay."), *aff'd*, 486 F. App'x 469 (5th Cir. 2012); *Hamilton v. Anderson*, 2010 WL 9540637, at *6 (D.N.M. June 18, 2018) ("Insofar as it offered for the truth of [the author's] opinions … the hearsay objection to the forty-five year old article is sustained."); *Carter v. Dawson*, 2014 WL 4275477, at *15 (E.D. Cal. Aug. 29, 2014) (sustaining objection to admission

3

of article "on the grounds of hearsay and that the author of the article … is not qualified to express an expert opinion").

For the same reasons, emails or tweets commenting on BuzzFeed's decision to publish the Dossier, and the opinions expressed in them, should be excluded if offered for the truth of their contents. *See, e.g.*, *United States v. Annabi*, 2012 WL 489111, at *2 (S.D.N.Y. Feb. 14, 2012) (describing emails as "rank hearsay," and noting that if "the author of the emails[] wants to make this point to the jury, he will have to get on the witness stand and testify"); *Poneman v. Nike, Inc.*, 161 F. Supp. 3d 619, 630 (N.D. Ill. 2016) (holding tweet to be inadmissible hearsay). And the SPJ Guidelines are also inadmissible hearsay if offered as authoritative statements of journalistic ethics, since Plaintiffs are not calling an expert who will be able to lay a foundation for their admissibility. *See In re Testosterone Replacement Therapy Products Liab. Litig.*, 2017 WL 2313201, at *9 (N.D. Ill. May 29, 2017) (guidelines published by medical association "may be presented to the jury for their truth (though not admitted into evidence) under the learned treatise exception to the hearsay rule as long as an expert lays the foundation required by Federal Rule of Evidence 803(18)").

Whether Defendants acted with gross irresponsibility or negligence should be determined based on the trier of fact's sober reflection and, where it is properly offered, the tested and reliable evidence of expert witnesses – not tweets and op-eds rushed to publication in the hours or days after the events in question and presented to the jury without cross-examination. The hearsay rule is designed to prevent the introduction of exactly this type of dubious evidence, and the Court should exclude it here.

*Third*, Plaintiffs' proposed Standards Evidence should be excluded under Fed. R. Evid. 403 as unduly prejudicial, confusing to the jury, and likely to cause unnecessary delay.

The evidence is prejudicial and confusing because it has some impressive names attached to it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Just as juries can fall into the trap of giving expert testimony "talismanic significance," *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004), this will likely lead the jury to give undue consideration to these unsworn statements which were never intended to be presented as expert opinions in court. And it will lead the jury to overlook the reasons why such material should be given little if any weight. The evidence will not be presented under oath or be subject to cross-examination. The articles Plaintiffs seek to put before the jury were published in a news climate that values

4

provocative opinions, rather than the impartial consideration required of real expert witnesses. The documents' authors will not have been qualified as experts. And, perhaps most significantly, at the time of trial, the opinions expressed in these documents will be more than two years old. The jury will have no way to know whether the authors even still adhere to the views they expressed in the immediate aftermath of the Dossier's publication, which is a particularly pressing concern here in light of the role the Dossier has come to play in public discourse since January 10, 2017.

Moreover, admission of the Standards Evidence will only lead Defendants to introduce their own evidence to rebut it – including public and private expressions of support for BuzzFeed's decision to publish the Dossier from other prominent journalists. Not only will this prolong the trial and needlessly add to the (already-voluminous) evidentiary record, but it will leave the jury facing a classic "battle of experts" without recourse to any of the usual tools (such as behavior on cross-examination) that juries can use to decide who to believe.

*Finally*, if this Court determines that Plaintiffs are public figures, the evidence should be excluded because it is irrelevant. Courts consistently have held that evidence of journalism standards (by an expert or otherwise) is irrelevant and inappropriate when a jury is asked to determine whether a defamation defendant acted with actual malice. *See* Fed. R. Evid. 401 and 402. Actual malice requires knowledge of falsity or a subjective awareness by the defendant of probable falsity. In other words, "[t]here must be sufficient evidence ... that the defendant in fact entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968).

Any evidence regarding purported journalistic standards is not relevant to any evaluation by the jury of Defendants' state of mind. "[T]he fact that what was done violated a [journalistic] rule has no tendency to prove knowing ... falsity." *Westmoreland v. CBS Inc.*, 601 F. Supp. 66, 69 (S.D.N.Y. 1984). A plaintiff must prove what was done, and from that the jury may determine whether those acts demonstrate that the defendants acted with actual malice. Whether Defendants' acts violated some set of purported journalistic rules is wholly irrelevant. *Id*.

Moreover, Plaintiffs cannot offer any articles or emails opining on whether Defendants knew the allegedly defamatory statements were false or had a subjective awareness of probable falsity when they published the articles. Any speculation by media commentators about this issue does not constitute admissible evidence that Defendants entertained serious doubts about

the truth of the allegedly defamatory statements.  Furthermore, any opinions regarding Defendants' actions in preparing and publishing the articles are not probative of constitutional actual malice.  In *Brueggemeyer v. American Broadcasting Cos.*, 684 F. Supp. 452 (N.D. Tex. 1988), the court was presented with similar so-called expert testimony.  The court rejected it, observing:

> Actual malice focuses on knowledge of falsity, a high degree of awareness of probable falsity, or serious doubts as to the truth of a publication.  By contrast, the opinions of plaintiff's expert do not.  Her opinion that ABC demonstrated a "reckless disregard" does not pertain to a reckless disregard for truth but, instead, relates to a reckless disregard for a standard of objectivity.

*Id.* at 466 (emphasis added); *accord OAO Alfa Bank v. Center for Pub. Integrity*, 387 F. Supp. 2d 20, 56 (D.D.C. 2005) ("[R]eliance on expert opinion as to the defendant's departure from journalistic ethics and the 'standards of investigation' is unhelpful … in light of the settled law closing the door on such evidence for the actual malice inquiry."); *Carr v. Forbes, Inc.*, 121 F. Supp. 2d 485, 496 (D.S.C. 2000) (excluding testimony of plaintiff's journalism expert because the "balance and fairness" doctrine advocated by plaintiff's experts was inconsistent with the actual malice standard), *aff'd*, 259 F.3d 273 (4th Cir. 2001); *Tilton v. Capital Cities/ABC, Inc.*, 938 F. Supp. 751, 753–54 (N.D. Okla. 1995) (excluding plaintiff's journalism expert because "the testimony would be confusing to the jury, would be a waste of time and would be unfairly prejudic[ial] to Defendants"), *aff'd*, 95 F.3d 32 (10th Cir. 1996); *World Boxing Council v. Cosell*, 715 F. Supp. 1259, 1264 (S.D.N.Y. 1989) (rejecting testimony by linguistics expert because, among other things, it "would discourage the factfinder from using his own judgment on an issue [constitutional actual malice] for which a factfinder is amply suited to make his own judgment"); *Harris v. Quadracci*, 856 F. Supp. 513, 519 (D. Wisc. 1994) ("The [expert's] affidavit is not probative of actual malice because [the expert's] opinion relates to a reckless disregard for a standard of objectivity, not for the truth."), *aff'd*, 48 F.3d 247 (7th Cir. 1995); *Russell v. American Broadcasting Cos.*, 26 Media L. Rep. (BNA) 1013, 1018 n.8 (N.D. Ill. Sept. 12, 1997) (expert opinion based solely on evidence that ABC failed to follow so-called standard investigative techniques was inadmissable to prove actual malice; "[e]ven if such an inference were appropriate, [the expert's] opinion would not assist the trier of fact in making this determination.").

6

Moreover, even if this were admissible evidence about generally accepted standards among journalists (which it is not), those standards would be irrelevant in deciding whether defendants harbored actual malice. "[A]n extreme departure from professional standards," even when combined with a bad motive, is insufficient to prove constitutional actual malice. *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 665 (1989). In *Eastwood v. National Enquirer, Inc.*, for example, the court noted the jury was properly instructed when told, "A reckless disregard for the truth requires more than a departure from reasonably prudent conduct. Reckless disregard is not shown by sloppy journalism, carelessness, or gross negligence. Even an extreme departure from accepted professional standards of journalism will not suffice to prove actual malice." 123 F.3d 1249, 1251 n.3 (9th Cir. 1997). *See also Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016) (explaining that "[a]ctual malice requires more than a departure from reasonable journalistic standards"); *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 711 (4th Cir. 1991) (*en banc*) (it is *reversible error* to instruct the jury that actual malice may be established merely "by showing a departure from accepted journalistic practices") (emphasis added).

Consequently, any evidence regarding deviations from journalistic standards is not probative of whether Defendants acted with actual malice. *Schwartz v. Worrall Publ'ns, Inc.*, 610 A.2d 425, 430 (N.J. Super. Ct. 1992) (slipshod editing "did not demonstrate a high degree of awareness of probable falsity or serious doubt as to the publication's truth"); *Oweida v. Tribune-Review Publ'g Co.*, 599 A.2d 230, 245 (Pa. Super. Ct. 1991) (holding that it was error to instruct jury that it could find malice if defendants clearly departed from "accepted journalistic procedures"); *Fletcher v. San Jose Mercury News*, 216 Cal App. 3d 172, 187 (1989) (testimony by plaintiff's expert, a Stanford journalism professor, that the defendants "failed to follow certain accepted journalism practices" did not demonstrate actual malice; "The question we face is whether [the reporters] believed the articles were untrue, not whether their reporting practices passed [a journalism professor's] test').

Because observations regarding journalistic practices are irrelevant to any determination of Defendants' state of mind, this evidence is irrelevant to actual malice and should be excluded on that basis as well.

4837-4982-4121v.3 0100812-000009

## CONCLUSION

For all these reasons, Defendants request that the Court exclude all of Plaintiffs' evidence on journalism standards.

Dated:  October 29, 2018                Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 29th day of October, 2018.

By: /s/ Adam Lazier
Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

4837-4982-4121v.3 0100812-000009