IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

   Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

   Defendants.
_____/

**DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO PRECLUDE PLAINTIFFS FROM PRESENTING EVIDENCE OF ALLEGED DAMAGES TO FAMILY MEMBERS OF PLAINTIFF ALESKEJ GUBAREV AND INCORPORATED MEMORANDUM OF LAW**

        Defendants move for an order precluding Plaintiffs from presenting evidence at trial relating to any alleged damages to family members of Aleksej Gubarev. Throughout Plaintiffs' discovery responses, Gubarev referenced purported damages to his family members. Defendants anticipate that Plaintiffs will attempt to introduce similar statements at trial. Such statements, which relate to damages allegedly incurred by non-parties, are irrelevant and highly prejudicial. For these reasons, Plaintiffs should be precluded from introducing such testimony in these proceedings.

**FACTUAL BACKGROUND**

        The Plaintiffs in this lawsuit are limited to XBT Holding S.A., Webzilla, Inc. and Aleksej Gubarev. They brought this lawsuit alleging Defamation and Defamation *per se* related to Defendants' publication of the Dossier. They complain about a paragraph on the final page of the Dossier that refers to "XBT/Webzilla and its affiliates" and "Aleksei Gubarov." In their Complaint, Plaintiffs claimed injuries only to XBT Holding S.A., Webzilla, Inc., and Gubarev. Ex. 1 (Complaint) ¶¶ 46-50.

        Notwithstanding the limited parties to this lawsuit, during discovery Gubarev made repeated statements concerning alleged damages to non-parties. Specifically, Gubarev referenced harm to his wife and mother. Ex. 2 (Interrogatory Responses) at 5-6.

In response to Defendants' Interrogatory No. 10, seeking specificity with respect to "each element of damage that you claim in this action," Gubarev stated:



Similarly, when asked during his deposition to describe his personal damages, Gubarev again made statements concerning alleged damages to his family members:



**ARGUMENT**

Defamation is a tort personal to the party defamed. *McBeth v. United Press Int'l, Inc.*, 505 F.2d 959, 960 (5th Cir. 1974); *Miracle v. New Yorker Magazine*, 190 F. Supp. 2d 1192, 1199

2

(D. Haw. 2001); *Davis v. Costa-Gavras*, 619 F. Supp. 1372, 1376 (S.D.N.Y. 1985); *Gugliuzza v. K.C.M.C., Inc.*, 606 So. 2d 790, 791-92 (La. 1992); *Coulon v. Gaylord Broad.,* 433 So. 2d 429, 431 (La. Ct. App. 1983); *see also* Prosser & Keeton, *The Law of Torts* § 111 (1984 ed. & Supp. 1988). Plaintiffs may not recover for derivative injuries that may be sustained by other individuals as a result of the defamation of Plaintiff. *See Talbot v. Johnson Newspapers Corp.*, 508 N.Y.S.2d 80, 83 (N.Y. App. Div. 1986) (defamed plaintiff cannot recover for spouse's injuries caused by the defamation of plaintiff); *see also Sethi v. WFMJ Television Inc.*, 732 N.E.2d 451, 462-63 (Ohio Ct. App. 1999); *Hughes v. New England Newspaper Publ'g Co.*, 43 N.E.2d 657, 658-59 (Mass. 1942); *Lee v. Weston*, 402 N.E.2d 23, 27-28 (Ind. Ct. App. 1980). Similarly, a plaintiff cannot recover for defamation of someone else, even it causes the plaintiff injury. *Fowler v. Curtis Publ'g Co.*, 78 F. Supp. 303, 304 (D.D.C. 1948), *aff'd*, 182 F.2d 377 (D.C. Cir. 1950) ("A person who is injured by reason of the fact that someone else is libeled, has no right of recovery."); *Wehling v. Columbia Broad. Sys.,* 721 F.2d 506, 509 (5th Cir. 1983) (wife has no cause of action for husband's defamation); *Sethi*, 732 N.E.2d at 462-63; *Gugliuzza*, 606 So. 2d at 791-92 (no cause of action for defamed decedent's relatives); *Geddes v. Princess Props. Int'l, Ltd*., 451 N.Y.S.2d 150 (N.Y. App. Div. 1982) (spouse of defamed person has no cause of action for mental anguish and suffering).

The elements necessary to establish defamation under Florida law are consistent with these principles: only the party that has been defamed may recover for damages suffered. *See Thompson v. Orange Lake Country Club, Inc.*, 224 F. Supp. 2d 1368, 1376 (M.D. Fla. 2002) (the elements of a claim of defamation are: a false statement, *about the plaintiff*; to a third party; and *the party* suffered damages as a result of the publication) (emphasis added); *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981). Through these elements, Florida law precludes individuals who are not the subject of the alleged defamatory statement from establishing a claim of defamation. *Id.*

Likewise, and consistent with courts across the nation, Florida law mandates that damages from the alleged defamatory statement relate back to the *party*, precluding derivative injuries. *Id.* Consequently, any evidence concerning purported damages sustained by individuals other than those who are the subject of the "false statement" or who are a "party" to the lawsuit is irrelevant to the claim of defamation. Pursuant to Fed. R. Evid. 402, only relevant

evidence is admissible at trial. Accordingly, evidence and testimony of any damages sustained by non-parties is irrelevant and should be excluded from trial.

As applied to the facts here, neither Gubarev's wife, mother, nor any other family member was identified in the Dossier. As these people were not the subject of the alleged defamatory conduct, they *cannot* be parties to the lawsuit and Plaintiffs correctly did not include them as parties to this litigation. Similarly, Plaintiff may not recover for any damages these non-party individuals may have suffered as a result of the alleged defamation of Plaintiff. Nonetheless, in a backdoor attempt to broaden the scope of damages at issue, Plaintiffs impermissibly seek to introduce evidence of alleged damages to Gubarev's family members. There is no basis for such recovery of damages. First, none of the subject statements relate to Gubarev's wife, his mother, or any other member of his family. Second, damages are those suffered by "the party," which – by definition – excludes non-parties. As such, any evidence or testimony of purported damages to Gubarev's wife, mother, or other family members should be excluded from trial.

In addition to being irrelevant, the introduction of alleged damages suffered by Gubarev's family members at trial would be highly prejudicial to Defendants. Evidence of these alleged damages are expected to be highly emotional as a result of the obvious deep loyalty and affection Gubarev's wife and mother have for him. However, not only is this evidence irrelevant for the reasons stated above, ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

Furthermore, this testimony could not easily be challenged or disproved through evidence or cross-examination, thereby limiting Defendants from providing any meaningful refutation to the emotionally charged testimony. Because Defendants would be highly prejudiced and the evidence has no probative value on any issue of fact, preclusion under Fed. R. Evid. 403 is warranted.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully request that this Court preclude Plaintiffs from offering evidence of damages to non-parties as the trial.

4

Dated:  October 29, 2018				Respectfully submitted,

<div style="margin-left: 3em;">

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 12th day of October, 2018.

By: /s/ Adam Lazier
      Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com