IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

   Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

   Defendants.
_____/

**DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE OF PUNITIVE DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

Defendants BuzzFeed, Inc. and Ben Smith respectfully submit this motion *in limine* to exclude all evidence of alleged punitive damages.

**PRELIMINARY STATEMENT**

Plaintiffs have stated an intent to introduce evidence at trial purporting to support a claim for punitive damages. But both New York and Florida law make it extremely difficult for a defamation plaintiff to assert a claim for punitive damages, requiring proof of both actual malice as defined by the First Amendment (subjective knowledge of falsity, or serious doubts about the truth of the statements at issue), *and* common-law malice (specific spite or ill-will towards the plaintiff in particular). It is clear that Plaintiffs cannot establish either of these requirements here, let alone both of them. Any evidence of punitive damages should therefore be excluded as irrelevant.

**ARGUMENT**

In their Complaint, Plaintiffs announced their intention "to seek leave of court to seek punitive damages under Florida Statute § 768.72," Ex. 1 (Complaint) ¶ 51, and in their prayer for relief, Plaintiffs stated that they "reserve the right to seek punitive damages against Defendants in accordance with the facts and claims stated herein and established through discovery." *Id.*, Prayer for Relief ¶ 1.

Although Plaintiffs never sought to amend their Complaint following removal to add an actual request for punitive damages, they nonetheless seek to introduce evidence at trial in support of punitive damages.[1]  In particular, they have filed a report from damages expert Jeffrey Anderson that purports to quantify the "benefit to Buzzfeed" from publishing the article and Dossier.  Ex. 2 (Anderson Report) at 12-14.  They have identified a number of related documents as expected or potential trial exhibits, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and also sought additional information about BuzzFeed's financial condition through discovery, which they may seek to use at trial.  *See, e.g.*, Ex. 3 (Plaintiffs' First RFP), Request Nos. 5-13, 53, 54; Ex. 4 (Plaintiffs' Third RFP), Request Nos. 70-81.

This Court should preclude Plaintiffs from introducing any evidence in support of, and from seeking, punitive damages because they are clearly not entitled to such damages in this case, meaning that any evidence related to them is irrelevant.  *See, e.g.*, *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (affirming grant of motion *in limine* precluding evidence of punitive damages where plaintiff could not satisfy requirements for awarding them).

Both New York and Florida courts tightly limit the availability of punitive damages in defamation cases, regardless of whether the plaintiff is a public figure.  In order to recover punitive damages, both states require that a plaintiff prove that a defendant acted with *both* (a) actual malice (subjective knowledge of falsity, or serious doubts about the accuracy of the information at issue) *and* (b) "common-law" or "express" malice, which is defined as spite or ill will towards the plaintiff.  *See, e.g.*, *Prozeralik v. Capital Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 480 (1993); *Hunt v. Liberty Lobby*, 720 F.2d 631, 650-51 & n.36 (11th Cir. 1983).  The evidence in this case, much of it coming from Plaintiffs themselves, all confirms that Plaintiffs cannot establish either form of malice, and certainly not both, meaning that any evidence of punitive damages is irrelevant.

---

[1] Fla. Stat. § 768.72(1), which requires that a plaintiff obtain permission of the court to assert a claim for punitive damages, does not apply in federal court.  *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 2000).  A plaintiff who wishes to seek punitive damages, however, must still move to amend his Complaint after removal to add a request for punitive damages.  *See, e.g.*, *Johnson v. R.J. Reynolds Tobacco Co.*, 2013 WL 3892991, at *3 (M.D. Fla. July 26, 2013).  Had Plaintiffs done so here, Defendants could have argued that the punitive damages claim was insufficient and futile on that motion, rather than having to do so by motion *in limine*.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

The parties have extensively briefed the question of actual malice in connection with Defendants' summary judgment motion, and there is no need to repeat those arguments here. What matters is that, because there is no triable issue of actual malice, evidence of punitive damages would be irrelevant even if the Court holds on the summary judgment motions that Plaintiffs are private figures.

Likewise, Plaintiffs plainly cannot establish common-law malice. New York and Florida law have similarly demanding standards for this. Under New York law, a plaintiff may only recover punitive damages if he or she establishes that "the speaker was *solely* motivated by a desire to injure plaintiff," and that "the animus was 'the one and only cause for the publication.'" *Morsette v. "The Final Call"*, 309 A.D.2d 249, 255 (N.Y. App. Div. 2003). Florida law requires that the plaintiff "show that the 'primary purpose' in making an allegedly defamatory statement was to 'injure the plaintiff' based on a defendant's 'ill will, hostility, or evil intention to defame.'" *Schiller v. Viacom, Inc.*, 2016 WL 9280239, at *12 (S.D. Fla. Apr. 4, 2016) (Ungaro, J.).[3] The defendant's hostility or ill will must be "directed specifically at plaintiff." *Morsette*, 309 A.D.2d at 254-55; *see also Hunt*, 720 F.2d at 650 (common-law malice "focuses on the defendant's feelings toward the plaintiff"). And it is clear that, unlike actual malice, a plaintiff cannot establish common-law malice by proving that the defendant knew the statements at issue were false. *See, e.g.*, *Prozeralik*, 82 N.Y.2d at 479 (holding that "[a]ctual malice … is insufficient by itself to justify an award of punitive damages, because that malice focuses on the defendant's state of mind in relation to the truth or falsity of the published information");

---

[3] Because there is no evidence at all that Defendants acted out of ill will towards Plaintiffs, the difference between New York's "sole motivation" standard and Florida's "primary motivation" standard does not matter here. However, if the Court were to conclude that New York law leads to a different result than Florida law, it should apply the law of New York – the place of the conduct giving rise of this lawsuit – because punitive damages "are meant to punish wrongdoers," *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp. Inc.*, 485 F.3d 1233, 1242 (11th Cir. 2007), which means "[t]he State of domicile of plaintiff[s] has no interest in imposing punitive damages." *Keene Corp. v. Ins. Co. of N. Am.*, 597 F. Supp. 934, 938-39 (D.D.C. 1984); *see, e.g.*, *Krause v. Novartis Pharms. Corp.*, 926 F. Supp. 2d 1306, 1311 (N.D. Fla. 2013) (noting that "courts that have applied the *Restatement (Second) Choice of Laws* analysis in similar circumstances have chosen to apply the punitive damages law of the state in which the tortfeasor's alleged wrongful conduct occurred as having the most significant relationship"); *see also* Restatement (Second) of Choice of Laws § 145 cmt. e ("[W]hen the primary purpose of the tort rule involved is to deter or punish misconduct, the place where the conduct occurred has peculiar significance.").

3

*Schiller*, 2016 WL 9280239, at *12 (holding that "[e]xpress malice 'differs substantially' from actual malice in that it requires hostility and not just knowledge of falsity of allegedly defamatory statements"). Nor does a lack of investigation establish common-law malice. *Thanasoulis v. Nat'l Ass'n of Specialty Foods Trade, Inc.*, 226 A.D.2d 227, 229 (N.Y. App. Div. 1996).

Plaintiffs never even alleged in their Complaint that Defendants bore them any personal hostility or ill will, much less that their publication of the Dossier was solely or even primarily motivated by such feelings, and the vague claims they do plead – that Defendants had "actual knowledge of the wrongfulness of their conduct" and a generic "conscious disregard or indifference to the rights of the Plaintiffs," Compl. ¶ 51 – do not measure up. *See Carroll-Brufsky v. E.W. Scripps Co.*, 2012 WL 1165334, at *2-3 (M.D. Fla. Apr. 9, 2012) (striking punitive damages claim for failing to allege that the "defendant acted with malicious intent," and being "bereft of any specific acts on the part of Scripps that would justify a demand for punitive damages under Florida law"); *see also, e.g.*, *Morsette*, 309 A.D.2d at 254 (no common-law malice "despite the callous indifference with which defendant doctored random photographs to imply criminal conduct"); *Crestview Hosp. Corp. v. Coastal Anesthesia, P.A.*, 203 So. 3d 978, 983 (Fla. 1st DCA 2016) ("That the Hospital Defendants said knowingly false things about Dr. Ederer, or recklessly disregarded his rights, didn't necessarily mean that they were motivated by personal hostility against him.").

In fact, Plaintiffs' own position on summary judgment establishes the lack of common-law malice. Plaintiffs themselves claimed that Defendants published the Dossier for reasons that have nothing to do with personal animus towards them – that BuzzFeed "considered the effect publishing the Dossier would have on its website traffic, the benefits to Buzzfeed being first to publish the Dossier, and that they didn't want to get 'scooped.'" Dkt. 234-2 (Plaintiffs' Opposition to Defendants' Statement of Undisputed Material Facts in Support of Motion for Summary Judgment) ¶ 56. Plaintiffs' assertion that Defendants had economic or competitive motives is fatal to any claim of common-law malice. *See, e.g.*, *Schiller*, 2016 WL 9280239, at *13 (no common-law malice where plaintiff acknowledged "that Defendants acted to maximize profits by, at worst, taking creative liberties with Plaintiff's likeness to entertain customers and 'get butts in the seat'").

4824-1505-4969v.4 0100812-000009

Moreover, there is simply no evidence that Defendants had a specific intent to harm Plaintiffs, or bore them any ill will. Plaintiffs themselves essentially conceded this too in their summary judgment papers, repeatedly emphasizing that Defendants did not even know who they were when they received the Dossier. Dkt. 211 (Plaintiffs' Motion for Partial Summary Judgment) at 8; Dkt. 211-1 (Statement of Undisputed Material Facts) ¶¶ 42-43; Dkt. 238-1 (Reply in Support of Motion for Partial Summary Judgment) at 3-4; *see, e.g.*, *Morsette*, 309 A.D.2d at 255 (no common-law malice where evidence indicated "that the editor did not know plaintiff, or anything about her, when final approval was given to publish the altered photographs"); *Collier Cty. Publ'g Co. v. Chapman*, 318 So. 2d 492, 495 (Fla. 2d DCA 1975) (no common-law malice where "[t]here were no bad feelings between the parties in the instant case prior to the incident in question"). And everything Defendants did in publishing the Dossier belies any suggestion that they did so for the express and particular purpose of harming Plaintiffs. If Defendants really did all of this just because of a secret (and heretofore-undiscovered) animus towards a man halfway around the world none of them had ever met, and two of his companies they had never heard of, one would not have expected them to spend two weeks conducting an international investigation of the Dossier before publication; to hold off on publishing the Dossier until CNN reported that it had come to play a role in official activity; to publish all 35 pages of the document even though Plaintiffs only appear on the last page; and to accompany the Dossier with an article letting readers know that the allegations in the Dossier were unverified and contained clear errors.

There is therefore no basis on which a jury could award punitive damages here, and evidence relevant only to that claim should be excluded.

## CONCLUSION

For all these reasons, Defendants request that the Court exclude evidence relevant only to punitive damages.

Dated: October 29, 2018            Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary

Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 29th day of October, 2018.

By: /s/  Adam Lazier
      Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

4824-1505-4969v.4 0100812-000009