**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

**Case No.**

**0:17-cv-60426-UU**

**PLAINTIFFS' MOTION *IN LIMINE* #1**
**TO PRECLUDE THE INTRODUCTION OF TESTIMONY OR EVIDENCE**
**CONCERNING** ███████

**Introduction**

    Given Defendants' repeated attempts to make this case about anything other than what it is actually about, it is important to start with a basic reminder of what lies at the heart of this case. On January 10, 2017, Defendants published a collection of seventeen privately-produced memos that had been created as part of a paid opposition-research assignment for a political candidate. The memos were created over the span of many months and only the last of those memos is at issue in this case. That memo, referred to herein as the "December Memo," stated, in relevant part, that:

> [Redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Aleksei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down/able to go effectively to ground to cover their traces.

1

In other words, Buzzfeed's publication accused Plaintiffs of: (1) using botnets and porn traffic to transmit viruses, plant bugs, steal data, and conduct "altering operations" against the Democratic Party Leadership, (2) being agents of the FSB, (3) being part of an elaborate conspiracy that would need to go into hiding if Hillary Clinton had won the Presidency, and (4) (implicitly) attempting to undermine the 2016 United States Presidential election.  These are the statements that Plaintiffs allege to be defamatory.

## Argument

Federal Rule of Evidence 401 provides, in relevant part, that evidence is only "relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Federal Rule of Evidence 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  *Bowe v. Pub. Storage*, 2015 U.S. Dist. LEXIS 178180, at *12 (S.D. Fla. June 2, 2015).  Additionally, "because of the powerful and potentially misleading effect of expert evidence, sometimes expert opinions that otherwise meet the admissibility requirements may still be excluded by applying Rule 403."  *Edwards v. Shanley*, 580 F. App'x 816, 823 (11th Cir. 2014) (citation omitted).

Pursuant to Federal Rule of Evidence 801(c), "'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."  Although experts may sometimes rely on hearsay in forming their expert opinions, an expert cannot, simply by virtue of being an expert, include in his report or testimony hearsay that fall outside the expert's area of expertise.  *Bowe v. Pub. Storage*, 2015 U.S. Dist. LEXIS 178180, at *27-28 (S.D. Fla. June 2, 2015) ("Dr. Hausman's opinions regarding the economic factors surrounding the self-storage market and the economic reasonableness of the access fee are irrelevant to this inquiry.  Dr. Hausman's relevant opinions, that a reasonable consumer would not find the access fee important, are not based on his expertise and instead constitute a presentation of other evidence in the guise of an expert opinion." (*citing Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) ("[A] party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony."))).

Throughout this litigation, Defendants have attempted to introduce evidence and argument concerning the so-called ██████████████ and have signaled their intent to do so at trial. The term ████████████ merits some initial explanation. ██████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████

    ████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████

    ████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████





**<u>Conclusion</u>**

For the reasons stated hereinabove, Defendants should be precluded from eliciting or offering testimony or evidence concerning the so-called ████████████████

5

Dated: October 29, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*