## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDING S.A., and<br>WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>    Defendants. | **Case No.**<br><br>**0:17-cv-60426-UU** |

### PLAINTIFFS' REPLY IN SUPPORT OF *DAUBERT* MOTION TO
### EXCLUDE THE EXPERT OPINIONS OF MICHAEL J. SULICK

Defendants' Opposition to Plaintiffs' Daubert Motion to Exclude the Expert Opinions of Michael Sulick does nothing to demonstrate that Mr. Sulick's report – which is based at least in part on his viewing of the television show *The Americans* and the Tom Hanks movie *Bridge of Spies*, along with his having read unnamed biographies and uncited media reports – bears the hallmarks of reliability, relevance, or usefulness upon which expert testimony must be based.

Instead, Defendants make arguments that are neither fish nor fowl.  So, when fatal flaws in Mr. Sulick offering his testimony as a "historian" are pointed out, Defendants pivot one way and argue that Mr. Sulick need not be a "historian" since he is relying on his life experience as a CIA agent.  And when fatal flaws are pointed out concerning Mr. Sulick relying on his life experiences, Defendants pivot back and argue that experience isn't the point, citing to cases in which *professional* historians, relying on reliable and cited historical materials, have been permitted to testify concerning matters directly relevant to the issues to be tried to the jury.

At the end of the day, however, and as was argued in Plaintiffs' Motion, Mr. Sulick's testimony should be excluded regardless of whether he is being offered as a "historian" or as someone with experience in the CIA.  Plaintiffs' original motion comprehensively examined Mr. Sulick's report section-by-section, discussing the specific deficiencies in each part of the report. Rather than responding in a similar manner (because, in truth, Mr. Sulick's report is indefensible

under *Daubert* and the Federal Rules of Evidence), Defendants instead rely on generalizations without ever addressing any of the specific failings in Mr. Sulick's report.  Because Plaintiffs' original Motion provided a detailed review of the specific shortcomings of Mr. Sulick's report, Plaintiffs here only briefly address the general arguments raised in Defendants' Opposition.

## I.      Mr. Sulick as Historian

Defendants argue generally that it should not matter that Mr. Sulick's report never mentions Plaintiffs, the allegations underlying this case, the Dossier, or the Defamatory statements.  Instead, Defendants argue that Mr. Sulick should be permitted to testify simply to educate the jury generally on historical facts which include things like Vladimir Putin's rise to power, the historic use of political assassinations as a method of intimidation by Russian Tsars in the early 1900s, and the history of Russia's use of espionage.  As with many of the other subjects addressed in Mr. Sulick's report, these historical facts have absolutely no relevance to the actual issues in this case but instead are offered simply to paint Russians generally as being nefarious no-goodniks and murderous spies.  In the context of this case, it is only slightly more relevant than a discussion of Boris and Natasha's plans to rid themselves of moose and pesky squirrel.

By way of analogy, it would be as if Plaintiffs had offered a historical expert to discuss the history of Yellow Journalism and how the competition between Joseph Pulitzer and William Randolph Hearst led to the publication of sensationalistic stories designed simply to sell more newspapers.  Certainly, a historical look at yellow journalism and the publication of defamatory materials through the ages might be educational for a jury (and beneficial to Plaintiffs' case) – it just wouldn't educate them on the legitimate issues in *this* case.  Nor does Mr. Sulick's report educate the jury on the legitimate issues in this case.

Beyond the issue of relevance, though, is the fact that Mr. Sulick is neither a professional historian (as are most of the experts in the cases cited by Defendants), nor has he relied on (or cited to) materials that professional historians would consider reliable.  Mr. Sulick's report is replete with (supposed) historical anecdotes drawn (it appears) from unnamed biographies and media reports Mr. Sulick has read, as well as fictional television shows and "based on a true story" movies.  This goes not simply to the weight to be given to Mr. Sulick's testimony, as Defendants suggest, but the very gatekeeper role with which this Court is entrusted.  Surely, if Plaintiffs had proffered an expert witness who relied (even in part) on Cary Grant's character in "North by Northwest" as being illustrative of how someone might be falsely accused of being a

spy, the Court would prevent such evidence from reaching the jury just as it should with Mr. Sulick's testimony.

And, of course, not only is Mr. Sulick's testimony not helpful in assisting the jury – it actively risks confusing the jury by introducing issues and allegations not even remotely at issue in this case.

## II.      Mr. Sulick as Retired CIA Operative

Plaintiffs do not question or minimize Mr. Sulick's service to the country as a retired CIA operative.  Nor do they dispute that such service might give Mr. Sulick the ability to opine on certain matters within his experience.  Nonetheless, Mr. Sulick's testimony here fails for two reasons: (1) he has clearly opined on matters that fall outside his area of expertise and (2) at no point in his report does he ever connect his work for the CIA with any "opinion" he purports to offer.  Again, these failings are addressed in depth in Plaintiffs' original motion, which talks about the shortcomings of Mr. Sulick's report on a section-by-section basis.  In response, Defendants simply argue that an expert witness' expertise may be based on experience and not simply on education and training.  This is not a point anyone disputes nor is it an argument raised in Plaintiffs' original motion.

What Defendants' Opposition does not do is explain either of the two ways in which Mr. Sulick's testimony fails entirely.  For example, Mr. Sulick's personal "expertise" certainly does not extend to opining about historic methods by which Russian intelligence agencies conduct disinformation campaigns, dating back to the alleged actions of the Russian Tsar in 1917.  It also does not extend to how Russian intelligence agencies offered to support the presidential candidacies of Adlai Stevenson and Hubert Humphrey and how they spread disinformation about President Ronald Reagan.  And, even when topics discussed by Mr. Sulick *might conceivably* fall within his personal experience, his report never once connects that experience to the conclusions offered.  Instead, Defendants offer nothing more than the blanket assertion that the Court should take Mr. Sulick's word for it, precisely what this Court and the Eleventh Circuit have stated a Court may not do.  *See, e.g., Affiliati Network, Inc. v. Wanamaker*, 2017 U.S. Dist. LEXIS 217403, at *7-8 (S.D. Fla. Aug. 14, 2017); *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004).

## Conclusion

For the reasons stated hereinabove and in Plaintiffs' original *Daubert* motion, this Court should exclude the expert report, testimony and opinions of Michael J. Sulick in their entirety.


Dated: November 5, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on November 5, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com