UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 0:17-cv-60426-UU-Ungaro/O'Sullivan

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

    Plaintiffs,

v.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.
_____/

## THE NEW YORK TIMES COMPANY'S REPLY IN SUPPORT OF MOTION TO INTERVENE AND FOR ACCESS TO JUDICIAL RECORDS

Pursuant to Local Rule 7.1.C, The New York Times Company ("The Times"), publisher of *The New York Times*, files its Reply in Support of Motion to Intervene and for Access to Judicial Records.

### INTRODUCTION

The responses to The Times's Motion to Intervene and for Access to Judicial Records ("Motion") filed by Plaintiffs [D.E. 284] and Defendants [D.E. 286] demonstrate that neither party is advocating for total closure nor is there any basis for such closure. Specifically, with respect to the categories of sealed information identified by The Times,[1] Plaintiffs take no position regarding the release of material related to the origin of the Dossier, the Government's investigation of the Dossier and BuzzFeed's investigation of the Dossier. [D.E. 284 at 5]. Plaintiffs do oppose, however, release of sealed and redacted information related to Plaintiffs' advocacy and involvement in public controversies. *Id.*

---

[1] Of course, as the response also points out, The Times "does not know what it does not know," and there certainly may be more categories of sealed information that come within The Times's Motion.

Defendants identified three categories of sealed information.  First, with respect to material that was not marked by anyone as confidential pursuant to any protective order, Defendants support The Times's Motion.  [D.E. 286 at 1].  <u>Of course, there is no legitimate basis to seal any material that has not been designated as confidential in this case</u>.  Second, for material related to the parties that has been designated as confidential, Defendants support The Times's Motion and agree that interests in public access outweigh the confidentiality considerations of the parties, including Defendants themselves.  *Id.* at 1-2.  Third, Defendants take no position and defer to this Court's determination as to material related to non-parties that has been designated as confidential.  *Id.* at 2.

It appears that for the vast amount of information that has been sealed, there is no basis to overcome the presumptive right of access.  Those records should be unsealed immediately.  As discussed below, in arguing for closure of the remaining records (concerning Plaintiffs' advocacy and involvement in public controversy), Plaintiffs misconstrue the presumptive right of access to judicial records and misapply the good cause standard to seal such records.  When the issue of closure is properly framed and analyzed, it is clear the parties have not demonstrated any good cause that trumps the presumptive right of access to judicial records in this case.[2]

---

[2] A significant amount of material has been filed under seal in this case.  In fact, it appears that even motions to seal and responses thereto are under seal.  The Times shares Defendants' concern about adjudicating closure issues in a piecemeal, secret fashion and requests that the Court audit the overbroad sealing occurring in this case.  The Times specifically adopts and incorporates BuzzFeed's request that the Court unseal additional filings submitted in connection with <u>Daubert</u> motions, motions <u>in limine</u>, and various motions requesting sealing.  To the extent that any sealed filings raise similar issues to those that are raised in this motion practice, they should be unsealed.

# ARGUMENT

## I. Plaintiffs Misconstrue the Presumptive Right of Access.

Plaintiffs argue that the sealed and redacted filings related to their status as public figures are not relevant or probative to the case and therefore are not legitimate judicial records. [D.E. 284 at 4]. In essence, Plaintiffs argue for a presumptive right of <u>closure</u> until a court determines that information contained in court filings was critical or necessary to its ultimate decision. Plaintiffs' argument misses the mark. The presumptive right is one of <u>access</u> to judicial records and does not hinge on how useful the record was to the court's deliberative process.

The Eleventh Circuit and this Court have been explicit: the presumptive right of access attaches to <u>any</u> pretrial motion that requires judicial resolution of the merits, including motions for summary judgment and discovery material filed in support thereof, not just those parts of a court record later deemed relevant and material to the issues before the Court. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 64 (11th Cir. 2013) (finding a complaint and its exhibit, which included a financial analysis and benefits of settlement, subject to presumptive right of access); *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("Material filed in connection with any substantive motion, unrelated to discovery, is subject to the common law right of access."); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312-13 (11th Cir. 2001) (finding right of access attaches to discovery material filed in connection with pretrial motions that require judicial resolution of the merits); *Travelers Prop. Cas. Co. of Am. v. Barkley*, 2017 U.S. Dist. LEXIS 212214, *2 (S.D. Fla. June 2, 2017) ("Defendant's Motion for Final Summary Judgment is a substantive pretrial motion, requiring a showing of good cause to overcome the presumption of public access."). "This is a simple rule to apply and does not involve locating the [judicial record] on a continuum by determining the actual role the

3

document played – by, for instance, counting the number of times the district court cited it while deciding a motion to dismiss." *AbbVie Prods.*, 713 F.3d at 64; *see also United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) (finding psychiatric report submitted to the court in connection with sentencing was a judicial document subject to the presumption of access even though the court did not find the report to be useful and did not rely on it).

Despite Plaintiffs' strained interpretation regarding the appropriate context of the public figure analysis, the information they contend should remain sealed, i.e., material related to Plaintiffs' advocacy and involvement in public controversies, is relevant to the adjudication of the substantive rights of the parties.[3]  Here, based in large part on the sealed and redacted summary judgment evidence, the Court will determine whether Plaintiffs are public or private figures, which in turn will establish the requisite constitutionally-mandated level of fault applicable in this case (a critical, and often dispositive, factor in any defamation case).  Either way, the public is entitled to know the factual basis for this Court's legal determination.  The public is entitled to know what evidence the Court deemed credible, what evidence carried weight and what evidence the Court rejected.  Put simply, in order to ensure the integrity of the judicial process, the public must be able to weigh the competing evidence and assess the Court's decision.[4]  *See Perez-Guerrero v. Unites States AG*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("Judges deliberate in private but issue public decisions after public arguments based on public

---

[3] The cases Plaintiffs rely on do not involve closure of material related to the parties and contained in motions that adjudicated the substantive rights of the parties. [D.E. 286 at 7]. Rather, the interests asserted to justify closure concerned non-parties and were divorced from the substantive merits of the underlying cases. *Id.*

[4] The fact that the trial in this matter will be open to the public does not mean that summary judgment evidence, and other sealed and redacted filings, should not be open now.  Indeed, this Court is going to have to make a finding concerning Plaintiffs' public figure status as a matter of law.  Likewise, this Court is going to have to make judicial rulings based, in part, on the sealed and redacted material.  The public is entitled to know the basis of this Court's rulings.

records. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." (citation omitted)).

**II. Plaintiffs Misapply the Good Cause Analysis.**

Ignoring all other considerations, Plaintiffs argue that there is good cause to seal the public figure material because it is irrelevant, unverified and salacious, and its release will therefore inevitably harm their fair trial rights. [D.E. 284 at 6-7]. Plaintiffs' conclusory argument casts a single, narrow factor in the good cause analysis – whether the materials are intended purely to "promote scandal" – as a wholesale exception for anything that might be embarrassing or unfavorable.

That is not how the good cause analysis works. Federal courts consistently find assertions that information might be embarrassing, incriminating, or reputation-damaging insufficient to overcome the presumption of access to judicial records. *See, e.g.*, *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 831 (7th Cir. 2009) (unsealing affidavit submitted in support of motion to set aside dismissal was warranted even if it would potentially cause embarrassment and affect counsel's reputation by disclosing personal matters); *Jackson v. Deen*, 2013 U.S. Dist. LEXIS 65814, *9-10 (S.D. Ga. May 8, 2013) (noting that "personal embarrassment and general, reputation-damaging information typically do not justify sealing"); *Huntington Nat. Bank v. Greenwood Place, LP*, 2012 U.S. Dist. LEXIS 27820, *8 (S.D. Ind. Mar. 2, 2012) ("potential embarrassment to a stakeholder in a lawsuit does not warrant maintaining information under seal"); *Crable v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 23505, *6 (M.D. Fla. Feb. 24, 2012) ("the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records" (citation omitted)); *Graphic Packaging Int'l,*

*Inc. v. C.W. Zumbiel Co.*, 2010 U.S. Dist. LEXIS 143284 (M.D. Fla. Oct. 27, 2010) (finding party's interest in protecting its customer from embarrassment that would result from making "less-than-flattering conduct" public is not sufficient to outweigh the public right of access).

While numerous factors are to be weighed by the Court [D.E. 254 at 5], *Romero v. Drummond* is particularly instructive. In *Romero*, the Eleventh Circuit rejected justifications for closure markedly similar to those asserted by Plaintiffs here. 480 F.3d at 1245-48 (finding that district court abused its discretion in refusing to unseal motions and declarations). The underlying court records in *Romero* contained "sordid allegations of intrigue, corruption, and assassination in Columbia, 'where the awful is the ordinary.'"[5] *Id.* at 1234. Amidst concerns that the defendants were lobbying the Department of State to intervene in the matter, the district court instructed the parties not to contact the Department and proposed the court would send a letter soliciting an opinion on whether the litigation might impact foreign relations. *Id.* at 1239. The plaintiff subsequently filed a motion to submit information to the Department of State, which included a declaration from a former Columbian official that stated he had witnessed defendant's head of Columbian operations hand a briefcase of cash to a paramilitary leader in exchange for killing two union leaders. *Id.* at 1240. The district court sealed the declarations (and a motion for reconsideration) based on a finding the allegations were incredible and irrelevant, appeared to be filed in a "bad faith" attempt to circumvent a protective order, and would prejudice the right of a fair trial by creating a "firestorm" in the media and tainting the jury pool. *Id.* at 1241, 1247. The Eleventh Circuit, however, found these "stereotyped and

---

[5] The complaint alleged that the president of one of the defendant's subsidiaries hired Colombian paramilitaries to kill and torture union members at defendant's coal mine in Columbia. *Romero*, 480 F.3d at 1238.

conclusory statements" did not establish good cause. *Id.* at 1247. In its words, the sealing "was an exaggerated remedy for the harms the district court identified." *Id.* at 1248.

Here, Plaintiffs proffer the same "stereotyped and conclusory statements" that the Eleventh Circuit has already found will not support closure. Again, the fact that judicial records may contain unverified, embarrassing or unfavorable material simply is not enough to overcome the presumptive right of access. *Id.* at 1247 (noting that defendant's denial of the allegations in the complaint is not a basis to seal the evidence). Plaintiffs' bald assertion that Defendants filed the sealed materials in order to "defame" them has no support in the record. But, more to the point, the motivation behind a filing is not determinative of access. *See id.* (even if plaintiffs' lawyers had acted with "improper motives," the "sanction should not have been to close judicial proceedings to the public"). Moreover, The Times's request to unseal judicial records encompasses not just Defendants' filings, but Plaintiffs' responses thereto; thus providing Plaintiffs an opportunity to respond to any of the information contained in the sealed findings. *Id.* at 1246 (finding that opportunity to respond is a relevant factor in the good cause balancing analysis). And, the extensive coverage this case has received (and will no doubt continue to receive) is not a valid basis for closure. *Id.* at 1247 (noting that even pervasive and concentrated pretrial publicity does not automatically lead to an unfair trial). If anything, the already-extensive reporting about this case means that additional sealing will "not remedy any of the highly unlikely harms that could be caused by pretrial publicity." *Id.*

Against these stereotyped and conclusory arguments to support closure, Plaintiffs radically underplay the public interest in their background and activities. They concede that "the case itself presents a matter of public concern," but maintain that the "single legitimate area of inquiry" about their "involvement in public controversies" is Mr. Gubarev's communications

with a reporter about a technical issue involving servers. [D.E. 284 at 5, 7]. The public interest here goes well beyond that. The allegation in the Dossier that gave rise to this lawsuit is that Plaintiffs played a role in the hacking operations against the leadership of the Democratic Party. [D.E. 254, at 3]. The fact that Plaintiffs contest the truth of that allegation does not lessen the public interest in it. And as Plaintiffs recognize, there is a broader public interest in the case – in the truth of the Dossier's other allegations, as well as the conduct of Government officials in acting on those allegations – that warrant openness in every facet of the proceeding. *Romero*, 480 F.3d at 1246 ("The sealed documents involve public concerns that are at the heart of the interest protected by the right of access: 'the citizen's desire to keep a watchful eye on the workings of public agencies . . . [and] the operation of government.'" (citation omitted)).

The Times seeks access to the redacted information and sealed material in furtherance of its reporting on this highly important public matter. This legitimate purpose does not promote public scandal, but actually fosters public understanding of these proceedings. *E.g.*, *U.S. v. Abegg*, No. 92-8022-cr, 21 Media L. Rep. 1442, *1 (S.D. Fla. March 18, 1993) (noting that press access to court records is a legitimate purpose that enhances public understanding). While Plaintiffs may prefer to litigate whether they are public figures in private, the public interest in access to the sealed and redacted information is especially weighty here and more than enough to overcome any interest in secrecy. *See Carbiener v. Lender Processing Servs.*, 2015 U.S. Dist. LEXIS 184103, *2-3 (M.D. Fla. Mar. 6, 2015) ("Many a litigant would prefer that the subject of the case . . . be kept from the curious . . ., but the tradition that litigation is open to the public is of very long standing." (citation omitted)). On balance, Plaintiffs' claimed interest in precluding the public disclosure of purportedly irrelevant facts does not overcome the public's right of access to the sealed filings in connection with the summary judgment motions in this case.

## CONCLUSION

The Times respectfully requests that the redacted and sealed materials filed in conjunction with the parties' motions be made public. Access is certain to promote public understanding of the historically significant events at issue in this litigation, and the presumptive right of access to judicial records in this case is more than powerful enough to outweigh any interest in secrecy.

Respectfully submitted,

SHULLMAN FUGATE PLLC

*/s/ Rachel E. Fugate*
Rachel E. Fugate
Florida Bar No. 0144029
100 South Ashley Dr., Suite 600
Tampa, Florida 33602
Telephone: (813) 935-5098
Email: rfugate@shullmanfugate.com
Deanna K. Shullman
Florida Bar No. 514462
2101 Vista Parkway, Suite 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619
Email: dshullman@shullmanfugate.com

Attorneys for Intervenor
The New York Times Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2018 that a true and correct copy of the foregoing has been furnished to via CM/ECF to all counsel of record.

**Matthew Shayefar**
**Valentin D. Gurvits**
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

**Evan Fray-Witzer**
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Evan@CFWLegal.com

**Brady J. Cobb**
**Dylan Fulop**
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Counsel for Plaintiffs*

**Katherine M. Bolger**
**Nathan Siegel**
**Adam Lazier**
**Alison Schary**
Davis Wright Tremaine, LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonshcary@dwt.com

**Roy Black**
**Jared Lopez**
Black, Srebnick, Kornspan & Stumpf, P.A.
201 S. Biscayne Blvd.
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Counsel for Defendants*

                    */s/ Rachel E. Fugate*_____
                    Rachel E. Fugate

4848-5833-3050, v. 1