# EXHIBIT 4



# PART 32 - EVIDENCE

Contents of this Part

| Title | Number |
|---|---|
| Power of court to control evidence | Rule 32.1 |
| Evidence of witnesses – general rule | Rule 32.2 |
| Evidence by video link or other means | Rule 32.3 |
| Requirement to serve witness statements for use at trial | Rule 32.4 |
| Use at trial of witness statements which have been served | Rule 32.5 |
| Evidence in proceedings other than at trial | Rule 32.6 |
| Order for cross-examination | Rule 32.7 |
| Form of witness statement | Rule 32.8 |
| Witness summaries | Rule 32.9 |
| Consequence of failure to serve witness statement or summary | Rule 32.10 |
| Cross-examination on a witness statement | Rule 32.11 |
| Use of witness statements for other purposes | Rule 32.12 |
| Availability of witness statements for inspection | Rule 32.13 |
| False statements | Rule 32.14 |
| Affidavit evidence | Rule 32.15 |
| Form of affidavit | Rule 32.16 |
| Affidavit made outside the jurisdiction | Rule 32.17 |
| Notice to admit facts | Rule 32.18 |
| Notice to admit or produce documents | Rule |

| | |
|---|---|
| | 32.19 |
| Notarial acts and instruments | Rule 32.20 |

# Power of court to control evidence

**32.1**

(1) The court may control the evidence by giving directions as to –

(a) the issues on which it requires evidence;

(b) the nature of the evidence which it requires to decide those issues; and

(c) the way in which the evidence is to be placed before the court.

(2) The court may use its power under this rule to exclude evidence that would otherwise be admissible.

(3) The court may limit cross-examination[(GL)].

Back to top

# Evidence of witnesses – general rule

**32.2**

(1) The general rule is that any fact which needs to be proved by the evidence of witnesses is to be proved –

(a) at trial, by their oral evidence given in public; and

(b) at any other hearing, by their evidence in writing.

(2) This is subject –

(a) to any provision to the contrary contained in these Rules or elsewhere; or

(b) to any order of the court.

(3) The court may give directions –

(a) identifying or limiting the issues to which factual evidence may be directed;

(b) identifying the witnesses who may be called or whose evidence may be read; or

(c) limiting the length or format of witness statements.

Back to top

# Evidence by video link or other means

**32.3** The court may allow a witness to give evidence through a video link or by other means.

Back to top

## Requirement to serve witness statements for use at trial

**32.4**

(1) A witness statement is a written statement signed by a person which contains the evidence which that person would be allowed to give orally.

(2) The court will order a party to serve on the other parties any witness statement of the oral evidence which the party serving the statement intends to rely on in relation to any issues of fact to be decided at the trial.

(3) The court may give directions as to –

(a) the order in which witness statements are to be served; and

(b) whether or not the witness statements are to be filed.

Back to top

## Use at trial of witness statements which have been served

**32.5**

(1) If –

(a) a party has served a witness statement; and

(b) he wishes to rely at trial on the evidence of the witness who made the statement,

he must call the witness to give oral evidence unless the court orders otherwise or he puts the statement in as hearsay evidence.

(Part 33 contains provisions about hearsay evidence)

(2) Where a witness is called to give oral evidence under paragraph (1), his witness statement shall stand as his evidence in chief(GL) unless the court orders otherwise.

(3) A witness giving oral evidence at trial may with the permission of the court –

(a) amplify his witness statement; and

(b) give evidence in relation to new matters which have arisen since the witness statement was served on the other parties.

(4) The court will give permission under paragraph (3) only if it considers that there is good reason not to confine the evidence of the witness to the contents of his witness statement.

(5) If a party who has served a witness statement does not–

(a) call the witness to give evidence at trial; or

(b) put the witness statement in as hearsay evidence, any other party may put the witness statement in as hearsay evidence.

Back to top

## Evidence in proceedings other than at trial

**32.6**

(1) Subject to paragraph (2), the general rule is that evidence at hearings other than the trial is to be by witness statement unless the court, a practice direction or any other enactment requires otherwise.

(2) At hearings other than the trial, a party may, rely on the matters set out in –

(a) his statement of case; or

(b) his application notice, if the statement of case or application notice is verified by a statement of truth.

Back to top

## Order for cross-examination

**32.7**

(1) Where, at a hearing other than the trial, evidence is given in writing, any party may apply to the court for permission to cross-examine the person giving the evidence.

(2) If the court gives permission under paragraph (1) but the person in question does not attend as required by the order, his evidence may not be used unless the court gives permission.

(Rules 78.26 to 78.28 contain rules in relation to evidence arising out of mediation of certain cross-border disputes. Rule 78.27(1)(b) relates specifically to this rule.)

Back to top

## Form of witness statement

**32.8** A witness statement must comply with the requirements set out in Practice Direction 32.

(Part 22 requires a witness statement to be verified by a statement of truth)

Back to top

## Witness summaries

**32.9**

(1) A party who –

(a) is required to serve a witness statement for use at trial; but

(b) is unable to obtain one, may apply, without notice, for permission to serve a witness summary instead.

(2) A witness summary is a summary of –

(a) the evidence, if known, which would otherwise be included in a witness statement; or

(b) if the evidence is not known, the matters about which the party serving the witness summary proposes to question the witness.

(3) Unless the court orders otherwise, a witness summary must include the name and address of the intended witness.

(4) Unless the court orders otherwise, a witness summary must be served within the period in which a witness statement would have had to be served.

(5) Where a party serves a witness summary, so far as practicable rules 32.4 (requirement to serve witness statements for use at trial), 32.5(3) (amplifying witness statements), and 32.8 (form of witness statement) shall apply to the summary.

Back to top

## Consequence of failure to serve witness statement or summary

**32.10**  If a witness statement or a witness summary for use at trial is not served in respect of an intended witness within the time specified by the court, then the witness may not be called to give oral evidence unless the court gives permission.

Back to top

## Cross-examination on a witness statement

**32.11**  Where a witness is called to give evidence at trial, he may be cross-examined on his witness statement whether or not the statement or any part of it was referred to during the witness's evidence in chief$^{(GL)}$.

Back to top

## Use of witness statements for other purposes

**32.12**

(1) Except as provided by this rule, a witness statement may be used only for the purpose of the proceedings in which it is served.

(2) Paragraph (1) does not apply if and to the extent that–

(a) the witness gives consent in writing to some other use of it;

(b) the court gives permission for some other use; or

(c) the witness statement has been put in evidence at a hearing held in public.

Back to top

## Availability of witness statements for inspection

**32.13**

(1) A witness statement which stands as evidence in chief<sup>(GL)</sup> is open to inspection during the course of the trial unless the court otherwise directs.

(2) Any person may ask for a direction that a witness statement is not open to inspection.

(3) The court will not make a direction under paragraph (2) unless it is satisfied that a witness statement should not be open to inspection because of –

(a) the interests of justice;

(b) the public interest;

(c) the nature of any expert medical evidence in the statement;

(d) the nature of any confidential information (including information relating to personal financial matters) in the statement; or

(e) the need to protect the interests of any child or protected party.

(4) The court may exclude from inspection words or passages in the statement.

Back to top

## False statements

**32.14**

(1) Proceedings for contempt of court may be brought against a person if he makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

(Part 22 makes provision for a statement of truth)

(Section 6 of Part 81 contains provisions in relation to committal for making a false statement of truth.)

~~2 Proceedings under this rule may be brought only – a by the Attorney General; or b with the permission of the court.~~

Back to top

## Affidavit evidence

**32.15**

(1) Evidence must be given by affidavit[(GL)] instead of or in addition to a witness statement if this is required by the court, a provision contained in any other rule, a practice direction or any other enactment.

(2) Nothing in these Rules prevents a witness giving evidence by affidavit at a hearing other than the trial if he chooses to do so in a case where paragraph (1) does not apply, but the party putting forward the affidavit may not recover the additional cost of making it from any other party unless the court orders otherwise.

Back to top

## Form of affidavit

**32.16**  An affidavit[(GL)] must comply with the requirements set out in Practice Direction 32.

Back to top

## Affidavit made outside the jurisdiction

**32.17**  A person may make an affidavit[(GL)] outside the jurisdiction in accordance with –

(a) this Part; or

(b) the law of the place where he makes the affidavit.

Back to top

## Notice to admit facts

**32.18**

(1) A party may serve notice on another party requiring him to admit the facts, or the part of the case of the serving party, specified in the notice.

(2) A notice to admit facts must be served no later than 21 days before the trial.

(3) Where the other party makes any admission in response to the notice, the admission may be used against him only –

(a) in the proceedings in which the notice to admit is served; and

(b) by the party who served the notice.

(4) The court may allow a party to amend or withdraw any admission made by him on such terms as it thinks just.

Back to top

## Notice to admit or produce documents

**32.19**

(1) A party shall be deemed to admit the authenticity of a document disclosed to him under Part 31 (disclosure and inspection of documents) unless he serves notice that he wishes the document to be proved at trial.

(2) A notice to prove a document must be served –

(a) by the latest date for serving witness statements; or

(b) within 7 days of disclosure of the document, whichever is later.

Back to top

## Notarial acts and instruments

**32.20** A notarial act or instrument may be received in evidence without further proof as duly authenticated in accordance with the requirements of law unless the contrary is proved.

Back to top