UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE THE EXPERT OPINIONS OF ANTHONY J. FERRANTE**

*"When I use a word ... it means just what I choose it to mean - neither more nor less."*
*"The question is," said Alice, "whether you can make words mean so many different things."*
*"The question is," said Humpty Dumpty, "which is to be master – that's all."*

*Through the Looking Glass,* Lewis Carroll

\*\*\*

One might think that a major news outlet and its editor in chief would have some respect for the plain meaning of the words they publish.  Apparently, one would be wrong.  Defendants' opposition to Plaintiffs' *Daubert* Motion to Exclude the Expert Opinions of Anthony J. Ferrante continues to pretend that words can mean whatever Defendants would like them to mean.  It has been a consistent theme for Defendants throughout this litigation.  And so, Defendants contend that, despite having published a memo that plainly alleged that Aleksej Gubarev was ▇▇▇ a "hacking expert" and a "significant player," "recruited under duress by the FSB" to "steal data and conduct 'altering operations' against the Democratic Party Leadership" for which he received "cash payments" and developed a contingency plan to go "to ground to cover [his] traces," that this doesn't mean that Mr. Gubarev ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  And, when that same memo alleged that the means by which Mr. Gubarev accomplished these things was by having his companies "XBT/Webzilla

and its affiliates" use "botnets and porn traffic to transmit viruses [and] plant bugs," that didn't mean that XBT or Webzilla, or their subsidiaries actually did anything [REDACTED] (at Mr. Gubarev's direction or otherwise), but instead really means that maybe, possibly, [REDACTED] Or maybe not. Apparently, this is all the same to Defendants and their expert, Anthony Ferrante.

Despite Defendants' contentions to the contrary, words do have meanings. And Mr. Ferrante, in his report and in his deposition, repeatedly acknowledged that the scope of his assignment was limited solely to [REDACTED] He found no direct evidence of anyone employed by Defendants doing any of the things alleged in the memo. Ferrante Depo., p. 63 [REDACTED]

And, indeed, Mr. Ferrante testified that he did not even *consider* Mr. Gubarev's involvement other than to the extent that he owned XBT. Ferrante Depo., p. 44-45 [REDACTED]

Once again, because most of the ground Plaintiffs would go over has already been well-trod in their original motion, Plaintiffs will try to address briefly only those arguments raised anew in Defendants' Opposition.

**Argument**

I. **Mr. Ferrante's Testimony is Not Relevant to the Actual False Statements Published by Defendants.**

If Defendants had evidence that Plaintiffs had actually done any of the things that the December Memo alleged they had done, they would have presented it to the Court by now. Indeed, if Mr. Ferrante and his team of former FBI agents had unearthed evidence that Plaintiffs had done that which the December Memo alleges they had done, such evidence would have been highlighted in bold on the first page of his report. Having found no such evidence, despite having spent more than ▓▓▓▓ looking, Defendants resorted to Plan B – ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Even with respect to this irrelevant information, Mr. Ferrante's work revealed spectacularly few results concerning the actual allegations made in the December Memo. And so, Mr. Ferrante widened his net again – apparently looking for ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ And all of this then given the imprimatur of legitimacy by putting the words in the mouth of a cybersecurity expert. This kind of misleading, irrelevant, and unduly prejudicial testimony is precisely the type that the Court is intended to prevent. *See*, *e.g.*, *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir.2004) ("The district court's role is especially significant since the expert's opinion 'can be both powerful and quite misleading because of the difficulty in evaluating it.' Indeed, no other kind of witness is free to opine about a complicated matter without any firsthand knowledge of the facts in the case." (internal citation omitted) (quoting *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579, 595 (1993))).

II. **Mr. Ferrante's "Evidence" in no Way Supports Defendants' (Brand New) Argument that Mr. Ferrante's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.** ▓▓▓▓▓▓▓▓▓▓▓

Throughout this litigation, Defendants have maintained that, because they did not know ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at the time they published the Dossier – and in no way relied on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ – that discovery concerning ▓▓ ▓▓▓▓▓▓▓▓▓▓ Buzzfeed's sources were completely irrelevant. Indeed, Defendants

3

(successfully) asserted such argument to prevent Plaintiffs from compelling them to discuss their sources at all.  Now, for the first time, Defendants claim that information that they did not possess at the time of publication should be admitted ████████████████████████████ ██████████  If anything, this is an argument as to why Mr. Ferrante's report should be *excluded*.  If Defendants are correct and this post-publication information ████████████ ████████████████████████ – information on which Defendants insisted they did not rely (and on which basis they resisted discovery) – then this information would tend to confuse the jury, not inform them.

### III. **Defendants' New ████████ Argument Should be Rejected.**

Defendants for the first time advance a new reason why they believe Mr. Ferrante's testimony concerning ██████████████████████████████████████████████████ ██████████████████████ is supposedly necessary and relevant to the question of damages. As is described in detail in connection with Plaintiffs' Motion *in Limine* to Preclude Evidence or Testimony Concerning the ████████████████████████████████

4

██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
████████████████████████████████████████

### IV. Defendants' Reputational Arguments are Similarly Misguided.

Defendants again assert that the fact that Mr. Ferrante's team of former FBI agents was able to discover a ████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
███████████████████████████████████████████ – are probative of Plaintiffs' "reputation" and/or Defendants' state of mind at the time of publication. Both assertions are ludicrous. First, with respect to Plaintiffs' reputations (and as is discussed at length in Plaintiffs' filings concerning their status as private figures as well as their motions *in limine*), the fact that Defendants could (through the expenditure of ████████████████████████████
██████████████████████████████████████████████████████████████████
████████████████████████████████████ simply is not probative to a party's reputation in the community.

Similarly, information that Defendants admit that they did not possess at the time they published the defamatory statements simply cannot be probative of their state of mind at the time they published, nor does *Condit v. Dunne*, 225 F.R.D. 100 (S.D.N.Y. 2004), cited by Defendants, suggest otherwise. Preliminarily, it is important to note that *Condit* is a case concerning the scope of permissible *discovery*, not admissibility and, as such, is of little relevance here. It should be noted, however, that even under the much more expansive scope afforded to discovery, the *Condit* court nonetheless concluded that "Plaintiff is correct, however, that information regarding Condit's sexual relationships are not relevant to defendant Dunne's state of mind to the extent that Dunne did not know that information at the relevant time." *Id.* at 111.[1]

---

[1] It is understandable that, in the context of a discovery motion, the Court allowed the defendant to inquire into other alleged bad acts directly related to those alleged in the defamatory publication because such testimony might lead to the discovery of admissible evidence concerning the plaintiffs' pre-publication reputation. If the defendant were able to find other credible information that might be damaging to Condit's reputation, then he might have been able to subsequently show that such information was publicly known. Here, Defendants have

Additionally, there is no evidence whatsoever that Mr. Ferrante has any expertise that would allow him to speak to the reputation of Plaintiffs (or anyone else) and to the extent Defendants are offering Mr. Ferrante for that purposes, it is yet another reason for his testimony to be excluded.[2] In reality, Defendants are simply attempting to use their expert to get in through the back door that which the Court would never allow in through the front – hearsay evidence with absolutely no reliability that is so temporally removed in time and factually irrelevant that it could never be put before a jury.

V.    **Conclusions That No Conclusion Can Be Reached Are Hardly Helpful to the Jury.**

Throughout Mr. Ferrante's report, he discusses facts that are spun to sound ominous only for him to then conclude that no conclusion can be drawn from the facts presented. For example, and as is discussed at length in various other briefs, Mr. Ferrante's discussion of ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ None of this is helpful to the jury, nor is it intended to be. It is intended not to be useful but, to the contrary, to confuse the jury and mislead them into believing that Mr. Ferrante is saying something other than ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

Similarly, Defendants attempt to make much of Plaintiffs' "failure" to discuss Mr. Ferrante's "finding" concerning a suspicious ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ It is hard to know what Defendants expected Plaintiffs to say, though, when (despite the nefarious-sounding language), Mr. Ferrante's report ultimately concluded only that: ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ And, indeed, in his deposition, Mr. Ferrante went further, acknowledging

---

never shown – or attempted to show – that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

[2] Even if Mr. Ferrante had such expertise, which he does not, the information relied upon is so unreliable that no reasonable expert would have relied on such materials.

that the information didn't support a conclusion that ████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████

In other words, Mr. Ferrante's entire discussion of ████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

████  Since Defendants appear disappointed that Plaintiffs did not discuss these "conclusions" elsewhere, Plaintiffs will note here that Mr. Ferrante's "conclusions" concerning ████████████
████████████████ should be excluded because such conclusions (that nothing can be concluded) will not assist the jury, will indeed (if anything) mislead the jury, and is therefore more prejudicial than probative. Indeed, it would seem that the only reason Defendants want to put this information in front of the jury is in the hope that they stop listening after they hear the "scary" words and before Mr. Ferrante admits that his investigation concerning ████████
████████ resulted in no useful facts.

VI. **Mr. Ferrante's Experience is Relevant Only to the Extent that it Encompasses the Opinions Offered and Even Then Only to the Extent that He has Explained How His Experience Led to the Conclusions Reached.**

Next, Defendants again prop up a straw man of their own creation so that they may knock it down one last time. Namely, Defendants claim that Plaintiffs have argued that experience cannot form the basis for an expert's testimony. Plaintiffs have said no such thing. What Plaintiffs *have* said is that Mr. Ferrante's experience as an FBI cybersecurity investigator is not relevant to topics not included within that area of expertise, such as whether a ████████
████████████████████████████████████████████████████████████ or an assessment of the reputation of companies that Mr. Ferrante had never heard of prior to this assignment. Plaintiffs have also argued that, even within his areas of experience, Mr. Ferrante's opinions are only admissible to the extent that he has connected his experience to the conclusions drawn, which in many places he has not done.

Finally, with respect to all of the above – the reliability, usefulness, and admissibility of Mr. Ferrante's expert report – Plaintiffs make one (admittedly unusual) request of the Court:

7

Plaintiffs ask that the Court read Mr. Ferrante's deposition transcript in its entirety because, if the Court does so, Plaintiffs believe the Court will reach the inescapable conclusion that the vast majority of Mr. Ferrante's report is wholly irrelevant and what little remains is either unreliable, outside of Mr. Ferrante's areas of expertise, or intentionally designed to *sound* as if Mr. Ferrante is saying that Plaintiffs did something wrong when, in reality, Mr. Ferrante uses lots of "scary" words, only to then whisper, *sotto voce*, that, of course, he has no idea and can't conclude that any of what he has found means that Plaintiffs did anything wrong at all.

Ironically, Mr. Ferrante's expert report eerily parallels Buzzfeed's report on the Dossier – in the end, Mr. Ferrante has done little more than say, we can't tell you if any of this actually means anything but here it is so you can decide for yourself.  That is precisely the opposite of testimony that will assist a jury in understanding the evidence presented and, as such, should be excluded in its entirety.

## Conclusion

For the reasons stated hereinabove and in Plaintiffs' Motion to Exclude the Testimony of Anthony J. Ferrante, this Court should exclude the expert report and opinions of Anthony J. Ferrante in their entirety.

Dated: November 5, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*