UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV, <br> XBT HOLDING S.A., and <br> WEBZILLA, INC. <br>    Plaintiffs, <br><br> v. <br><br> BUZZFEED, INC. and <br> BEN SMITH <br>    Defendants. | Case No. <br><br> 0:17-cv-60426-UU |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 5
TO PRECLUDE PLAINTIFFS FROM OFFERING HEARSAY
EVIDENCE IN SUPPORT OF CLAIMED DAMAGES**

Defendants Motion *in Limine* No. 5 to Preclude Plaintiffs from Offering Hearsay Evidence in Support of Claimed Damages (the "Motion") must be summarily dismissed on the basis that it goes against "well established" law that "in libel and slander cases statements made by third persons in reaction to the alleged defamatory comment are admissible under the state-of-mind exception to the hearsay rule." *Embrey v. Holly*, 429 A.2d 251, 268-69 (Md. App. 1981) (citing *Mutual Life Insurance Co. of New York v. Hillmon*, 145 U.S. 285 (1892) and others). However, rather than have to face before a jury the consequences of their defamatory acts, Defendants have ignored this unambiguous exception – codified very clearly into Section 803(3) of the Federal Rules of Evidence – and have instead cited to three cases which, as will be detailed below, hold no precedential weight whatsoever.

**A.     Evidence Sought to Be Excluded**

Specifically, in the Motion, Defendants seek to exclude from trial Plaintiffs' descriptions of the effect that the defamatory publication had on their businesses – the very heart of this case. In written discovery responses, Plaintiffs detailed how they were turned down by banks and other financial institutions because of Defendants' defamatory statements, how some banks were ready to close down and freeze their already existing bank accounts and credit lines, how leasing

1

companies would simply disappear after asking about the claims in the Dossier, and how Mr. Gubarev's personal and business associations simply did not want to be associated with him.

Defendants also seek to exclude voluminous documentary evidence supporting these matters, including emails with banks, correspondence with business affiliates and financiers, and correspondence with personal acquaintances.

**B.     The Evidence is not Hearsay and, In Any Case, Would Qualify for the State-of-Mind Exception**

If not for Defendants' apparent disregard for the actual rules regarding hearsay, Plaintiffs would not belabor the court with the well-known standards. However, given the situation, it is necessary: Federal Rule of Evidence 801 defines hearsay as "a statement that: (a) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."

As an initial matter, much of what Defendants seek to exclude does not constitute hearsay. For example, Defendants seek to exclude XBT's Chief Financial Officer's testimony that a leasing company asked him to comment on the Dossier and then, following the CFO's reply, hung up the phone and never responded. Motion, p. 3. However, no part of that testimony is presenting the leasing company's statements "to prove the truth of the matter asserted in the statement" because the leasing company did not *make* a statement – it only asked a question and the CFO testified as to his response to the question and what happened afterwards. Defendants also seek to exclude, for example, Mr. Gubarev's testimony that XBT's vendors also asked about the allegations in the Dossier. Motion, p. 4. Again – there is no statement in the vendors' questions to be offered to prove the truth of any matter. *See*, *e.g.*, *Gelpi v. 37th Ave. Realty Corp.*, 281 A.D.2d 392, 392, 721 N.Y.S.2d 380, 381 (2001) ("Where, as here, the truth of the statement is not at issue, 'it does not matter that the original declarant is unknown and unavailable for cross-examination. Anyone who heard an out-of-court utterance which is offered merely to prove that it was made may testify to it, and have his veracity tested upon cross examination in the ordinary way.'" (quoting *Stern v. Waldbaum, Inc.*, 234 A.D.2d 534, 535, 651 N.Y.S.2d 187 (1996))); *Geraci v. Probst*, 61 A.D.3d 717, 719, 877 N.Y.S.2d 386, 389 (2009) ("The trial court properly allowed testimony about an out-of-court statement regarding the extent of the effect of Probst's defamatory statements on the plaintiff's reputation, as the testimony was not hearsay."). *See*, *also*, *United States v. Ozborne*, 677 Fed. Appx. 648, 655 (11th Cir. 2017)

2

(statements, including questions, were non-hearsay because they were non-asserting statements incapable of being true or false); *United States v. Rivera*, 780 F.3d 1084, 1092-93 (11th Cir. 2015) ("These questions and statements ... are simply incapable of being true or false and thus are not hearsay.").

Nonetheless, even if any of the testimony, documents or other evidence sought to be excluded by Defendants were considered to be hearsay, it falls under the state-of-mind exception of Rule 803(3), which excludes from the rule against hearsay, "regardless of whether the declarant is available as a witness," a "statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)...."

Every part of the evidence that Defendants seek to exclude through their Motion falls under this exception to the rule against hearsay because it explains the bankers, financiers, lessors, business associates' and personal acquaintances' "then-existing state of mind" in connection with the defamatory statements made by Defendants.

This exception to the rule against hearsay, and its applicability to defamatory cases such as this, has existed even long before the codification of the rule against hearsay and the exceptions thereto, with its roots in an 1892 United States Supreme Court Case. *See*, *e.g.*, *Embrey v. Holly*, 429 A.2d 251, 268-69 (Md. App. 1981) ("It is well stablished that in libel and slander cases statements made by third persons in reaction to the alleged defamatory comment are admissible under the state-of-mind-exception to the hearsay rule." (citing *Mutual Life Insurance Co. of New York v. Hillmon*, 145 U.S. 285 (1892) and others)).

The applicability of this exception to defamation cases ***explicitly for the purposes of showing damages*** has been followed by courts around the country. *See*, *e.g.*, *Mattox v. News Syndicate Co.*, 176 F.2d 897, 904 (2d Cir. 1949) ("Thus, the testimony of those witnesses in the case at bar was competent that others had expressed in one fashion or another the belief that the plaintiff was a person of unsound mind. That this belief arose from the article was an inevitable inference or at any rate, an inference permissible to the jury." (and history of exception cited there)); *Ardash v. Karp*, 18 Mich. App. 241, 245, 170 N.W.2d 854, 856 (1969) ("Defendants were precluded from testifying with respect to what ***unnamed persons*** not present in court told defendants the alleged libelous communication meant to them. ***This was error***. Although hearsay, such evidence is admissible to show the extent and effect of the publication and to

3

sustain defendants' claim of general damage to their reputation and profession." (emphasis added)); *Poleski v. Polish Am. Pub. Co.*, 254 Mich. 15, 21, 235 N.W. 841, 842–43 (1931) ("Appellant also urges that the court erred in permitting witness Joseph Karasiewicz and other witnesses to answer over defendant's objection questions concerning what other people had said to them relative to the alleged libelous article. While such testimony may be said to be of a hearsay character, nonetheless, in actions of this kind, it is competent to show the extent and effect of the publication of the alleged libelous article. Such testimony was competent as tending to sustain plaintiff's allegation of general damage to his reputation, character, and business."); *Macy v. New York World-Telegram Corp.*, 2 N.Y.2d 416, 427, 141 N.E.2d 566, 573 (1957) ("Numerous other jurisdictions likewise hold that evidence of aversion or contempt manifested as a consequence of a libelous publication, is admissible for the purpose of showing its hurtful tendency or damaging effect."); *Herrmann v. Newark Morning Ledger Co.*, 48 N.J. Super. 420, 449, 138 A.2d 61, 76 (App. Div. 1958) ("Thus, so far as the questioned evidence in the present case constituted testimony by witnesses as to what effect the article had on their estimation of plaintiff or as to what third persons told witnesses concerning the effect which it had upon declarants' opinions of plaintiff, it was admissible.").

Accordingly, there is no question but that the evidence sought to be excluded under the rule against hearsay falls under the state-of-mind exception to the rule. And, accordingly, because there is no question but that the evidence is relevant, it should be admitted at trial.

**C.     The Cases Cited by Defendants Have No Precedential Value**

Apparently having ignored the above cited case law, Defendants did their utmost to find *anything* that could support their unsupportable position and point to three cases where courts appear to have excluded the kind of evidence Defendants seek to exclude here. However, those three cases have no precedential value because, *inter alia*, the issue of the state-of-mind exception was never raised (for reasons that will be made obvious).

Defendants present the case of *Clark v. Time Inc.*, 242 F.Supp.3d 1194 (D. Kan. 2017), where the court excluded hearsay evidence about a bank's concerns to do business connected with a defamation plaintiff. However, the ruling in this case is unsurprising given that the plaintiff was representing himself *pro se* and did not understand the rules of hearsay and so did not bring up the exception. *Id.* at 1202 ("To be sure, after plaintiff's counsel withdrew from the case, plaintiff became a *pro se* party opposing summary judgment."). Attached hereto as

4

<u>Exhibits 1 and 2</u> are the plaintiff's two responses to the motions to strike the affidavit at issue in that case that contained the hearsay.  The ***entire*** extent of the *pro se* plaintiff's arguments concerning hearsay was as follows:

> Taylor did not speculate as to what her Bankers told her.  She was a party to the conversations and heard it first hand.  It is not hearsay.  Taylor's Bankers did not tell this to a third party who related this to Taylor, the bankers told this to Taylor first hand and therefore it is not Hearsay.  Taylor can certainly refer to events or conversations that she based her decisions on and that is not hearsay.

<u>Exhibit 1</u>, p. 4.

That court's ruling on a *pro se* party's failure to understand and argue the law does not constitute a precedent that outweighs the clear and unambiguous authorities cited above.  This Court cannot ignore Rule 803(3) because Mr. Terry J. Clark of Kansas does not know the rules of civil procedure and evidence.  <u>Exhibit 1</u> at p. 5 ("Plaintiff was not aware of the Rule Fed. R. Civ. P. 56 and D. Kan. Rule 56.1.").

The other cases cited by Defendants fare no better.  In *Sandidge v. Federal National Mortgage Association*, 2017 WL 2362016 (N.D. Tex. May 31, 2017), the court was deciding whether it would "admit testimony from a former employee that another employee heard from other unidentified employees who allegedly 'heard statements to the effect that' Sandidge had improper relations and accepted gifts from sales people."  *Id.*, at * 9.  While the court concluded that these statements were hearsay, it did not determine whether the statements fell under the state-of-mind exception.  *Id.*  Rather, regardless of any exception, the court found that the entire declaration at issue is either "irrelevant," or "hearsay or of such slight probative value that to allow its entry would confuse the issue rather than resolve it."  *Id.*  Accordingly, it did not constitute a finding that evidence of this type should be excluded – only that the specific statements in that case, with their myriad other issues, could not be entered into evidence.

The last case, *Jackson v. Quebecor World (USA), Inc.*, 2008 WL 4372368 (W.D. Okla. Sept. 23, 2008), is of even less value than the others because the plaintiff in that case did not even respond to the summary judgment motion at issue with the court.  *Id.*, at * 1 ("Plaintiff has failed to respond to defendant's summary judgment motion...").  Accordingly, there was never even a discussion regarding whether any of that plaintiff's statements in support of her case could have been permitted under an exception to the hearsay rule.

5

### D. Other Exceptions to the Rule Against Hearsay

Plaintiffs will not belabor the Court with these other exceptions given how clear it is that the state-of-mind exception applies to the entirety of the evidence sought to be excluded. Nonetheless, Plaintiffs also note that the evidence can also be admitted under two other exceptions to the rule against hearsay. Specifically, the statements that are "A reputation among a person's associates or in the community concerning the person's character" are excluded from the rule against hearsay under Rule of Evidence 803(21). The evidence sought to be excluded by Defendants are in fact statements about Plaintiffs' reputation. *See*, *e.g.*, Motion, p. 3 (seeking to exclude "People, particularly those that I worked with, now question my integrity").

Other evidence, specifically email and other correspondence, constitute business records that may be admitted pursuant to Rule of Evidence 803(6).

### E. There is No Unfairly Prejudicial Effect

There is also no unfairly prejudicial effect that would support excluding this evidence. The probative value of this evidence is extremely important as it goes precisely to the heart of the matter in this case: the effect the publication of the defamatory statements had on Plaintiffs. The only argument that Defendants present is that Defendants would not be permitted to cross-examine the declarants. Motion, p. 6. However, if that was the case, then none of the exceptions to the rule against hearsay would matter because they all, by their very nature, allow out-of-court statements to be presented to the jury. Nonetheless, Courts have regularly admitted the very same kind of statements into trial regardless of whether there is an opportunity to cross-examine the declarant and even when the declarant is not identified (which is not the case here). *See*, *e.g.*, *Gelpi v. 37th Ave. Realty Corp.*, 281 A.D.2d 392, 392, 721 N.Y.S.2d 380, 381 (2001) ("Where, as here, the truth of the statement is not at issue, 'it does not matter that the original declarant is unknown and unavailable for cross-examination. Anyone who heard an out-of-court utterance which is offered merely to prove that it was made may testify to it, and have his veracity tested upon cross examination in the ordinary way.'" (quoting *Stern v. Waldbaum, Inc.*, 234 A.D.2d 534, 535, 651 N.Y.S.2d 187 (1996))); *Ardash v. Karp*, 18 Mich. App. 241, 245, 170 N.W.2d 854, 856 (1969) ("Defendants were precluded from testifying with respect to what ***unnamed persons*** not present in court told defendants the alleged libelous communication meant to them. ***This was error***. Although hearsay, such evidence is admissible to show the extent and effect of the

6

publication and to sustain defendants' claim of general damage to their reputation and profession." (emphasis added))

## Conclusion

For the reasons stated hereinabove, Defendants' Motion in Limine No. 5 to Preclude Plaintiffs from Offering Hearsay Evidence in Support of Claimed Damages should be denied in its entirety.

Dated: November 13, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*