UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 6 TO PRECLUDE PLAINTIFFS FROM PRESENTING EVIDENCE OF ALLEGED DAMAGES TO FAMILY MEMBERS OF PLAINTIFF ALEKSEJ GUBAREV**

    Defendants Motion *in Limine* No. 6 to Preclude Plaintiffs from Presenting Evidence of Alleged Damages to Family Members of Plaintiff Aleksej Gubarev (the "Motion"), like many of its other motions *in limine*, sets up a straw-man in an attempt to exclude highly relevant testimony from trial without any legal basis whatsoever. Specifically, after calling Plaintiff Aleksej Gubarev an international hacking criminal who was part of a conspiracy to undermine the United States Presidential election as an agent of the FSB – Defendants seek to exclude from the trial evidence about how these extraordinary statements affected his family life. There is no basis upon which to exclude this evidence.

    Because there is no legitimate basis to exclude this testimony, Defendants invent the false claim that Plaintiffs are seeking damages that would be due to Mr. Gubarev's mother and wife rather than such evidence being an explanation of how the defamatory publication affected Mr. Gubarev's family life and him personally.

    It *should* go without saying that evidence regarding how a defamatory statement affected a plaintiff's family life goes to the heart of the issues in a case, is regularly allowed into defamation trials, and is given great weight by courts. *See, e.g.*, *Lustig v. Stone*, 2015 WL 13326350, at *4 (S.D. Fla. Aug. 18, 2015), *report and recommendation adopted*, 2015 WL

1

13326383 (S.D. Fla. Dec. 7, 2015), *aff'd*, 679 F. App'x 743 (11th Cir. 2017) (awarding $500,000 in damages based, *inter alia*, on evidencing indicating that defendant's "actions had damaged his relationships with his wife, daughter, and business partner, causing crises in his family and work lives"); *Saludes v. Republica De Cuba*, 655 F.Supp.2d 1290 (S.D. Fla. 2009) ("I conclude that the prolonged and profound suffering of Omar Rodriguez Saludes is sufficient to cause mental pain and suffering of [Plaintiff] Olivia Saludes...."); *Bunton v. Bentley*, 176 S.W.3d 1, 11–12 (Tex. App. 1999) ("Bentley testified that he has suffered.  He said the Appellants ruined time with his family and friends and put a cloud over his home and four children.  He testified that his name is of critical importance to him and, as a judge, he needs to maintain his integrity and undertake to be a virtuous man.  He stated that the defendants' actions hurt and disrupted his family.  He also stated that since these attacks began he does not attend to family duties appropriately.  He explained that many times he has sulked and worried when he should have been taking care of his family.  He testified that the defendants' actions have affected his family's ability to enjoy each other." (and affirming jury's award of $7,150,000 in actual damages)).  *Cf.*, *In re Perry*, 423 B.R. 215, 278 (Bankr. S.D. Tex. 2010) (as part of determining whether punitive damages were warranted, finding relevant that "there has not been any evidence introduced that Bajjali's family life was negatively affected by Perry's defamatory statements").

There is no question that Mr. Gubarev's wife and mother are not plaintiffs in this action and accordingly they may not seek damages that they personally may have suffered.  Nor is Mr. Gubarev bringing a cause of action for derivative injuries suffered by his wife and mother.  Therefore, all of the case law cited by Defendants, almost all of which relates to who may bring a cause of action for defamation, is wholly irrelevant and a straw-man.

In actuality, *none* of the cases Defendants cite support the proposition that a plaintiff cannot elicit testimony about how a defamatory action affected his family's life.  This is because, as already stated above, the cases are clear that a defamation plaintiff may present testimony about how the defamation damages his or her family life.  Mr. Gubarev's and Mrs. Gubarev's testimony about the effects the publication had on their family are directly relevant to Mr. Gubarev's personal damages.  The fact that reporters were investigating his wife made *him* feel

afraid, harassed, and stalked and also affected his relationship with his wife.[1]  As a result of all of the abuse that his family suffered, Mr. Gubarev hired a security company to protect him and his family.  Mr. Gubarev is entitled to present to the jury all the things that happened which made him worry so much for the safety and security of his family that he hired private security.  Additionally, Mr. Gubarev's testimony about telephone calls made to his mother and the shock they caused her are directly relevant to his own damages and is admissible as to both his mother's and her callers' states-of-mind regarding the defamatory publication and how it affected his reputation among his community and family (and how it affected his relationship with his mother).  *See* Plaintiffs' Opposition to Defendants' Motion *in Limine* No. 5 to Preclude Plaintiffs from Offering Hearsay Evidence in Support of Claimed Damages (detailing relevance and admissibility of such kinds of evidence).

Finally, Defendants claim that Plaintiffs' discussions about the damages they suffered would be "highly prejudicial."  Motion, p. 4.  Well, yes, that is true because Plaintiffs have been highly prejudiced by the defamatory actions of Defendants.  However, that is not the standard upon which evidence should be excluded from trial, or else all evidence that speaks badly to any party's case would be excluded from trial.  The actual standard under Federal Rule of Evidence 403 is that "The court may exclude relevant evidence if its probative value is substantially outweighed by danger of ... unfair prejudice."  There is no *unfair* prejudice here with Mr. Gubarev and Mrs. Gubarev explaining the direct consequences of Defendants' actions and omissions that caused such significant harm.

The Motion makes two arguments as to why this evidence is prejudicial, but neither of them are cognizable.  First, Defendants argue that the duress suffered by Mr. Gubarev's wife and mother "would be anticipated as a result of the negative attention Gubarev purports to have experiences *regardless* of whether the allegations at issue are true...."  Motion, p. 4.  It is not clear, but it *appears* Defendants are arguing that she would have suffered this duress if Mr. Gubarev had in fact been an international criminal that hacked the U.S. elections.  But that's exactly the point of this litigation – he was not and therefore she would not have.  Defendants also incorrectly claim that they would not be able to cross-examine against this evidence.  *Id.*

---

[1] Just like if someone made threats to undersigned counsel's wife because of something alleged to have been done by undersigned counsel, undersigned counsel would have a cause of action and claim for damages (in addition to his wife's claims).

That is plainly wrong. Both Mr. Gubarev and Mrs. Gubarev will testify at trial and may be cross-examined by Defendants.

## Conclusion

For the reasons stated hereinabove, Defendants' Motion in Limine No. 6 to Preclude Plaintiffs from Presenting Evidence of Alleged Damages to Family Members of Plaintiff Aleksej Gubarev should be denied in its entirety.

Dated: November 13, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on November 13, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com