UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 8
TO EXCLUDE EVIDENCE OF PUNITIVE DAMAGES**

    In their Eighth Motion in Limine, Defendants raise one technical and one substantive argument in their attempt to usurp from the jury the determination of whether Defendants' conduct rises to a level warranting the imposition of punitive damages. Neither argument is persuasive.

    Taking the procedural argument first, Defendants note that (due to Florida's peculiar pleading requirements), the Complaint, which was originally filed in state court and removed by Defendants to federal court contained a paragraph in which Plaintiffs asserted their *intent* to seek leave of the Court to state a claim for punitive damages. Defendants also note, correctly, that Florida's peculiar pleading requirement does not apply in federal court and, as such, when the case was removed, Plaintiffs were free to directly assert their claim for punitive damages.

    The relevant paragraph in the complaint, however, is far from ambiguous. It reads:

> It is clear from the statements made by Buzzfeed and Mr. Smith, discussed above, that they had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to the Plaintiffs would result and that, despite that knowledge, the Defendants intentionally pursued that course of conduct, resulting in injury or damage. Accordingly, and in conformity with Florida Statute §768.72, the Plaintiffs will seek leave of court to seek an award of punitive damages against Defendants. In the alternative, Plaintiffs will also seek leave of court to seek punitive damages under Florida Statute §768.72 because the Defendants' actions,

1

>as described above, were so reckless or wanting in care that they constituted a conscious disregard or indifference to the rights of the Plaintiffs.

Plaintiffs' Complaint, ¶ 51.

The parties have, in discovery and in all of their filings with this Court, conducted themselves as if the Complaint already made an affirmative claim for punitive damages. Indeed, the parties recently submitted (competing) proposed jury instructions on how the jury should be instructed on the punitive damage issue. As such, Defendants cannot claim (and do not claim) that they have suffered any actual prejudice from Plaintiffs' failure to request leave of this Court to make the necessary technical amendment to their Complaint. Accordingly, Plaintiffs hereby respectfully request leave to amend their complaint to clarify their request for an award of punitive damages and note that, in similar circumstances, Courts have granted leave for such an amendment. *See*, *e.g.*, *Colbert v. Anheuser-Busch, Inc.*, 2013 U.S. Dist. LEXIS 195915, *7-8 (M.D. Fla. 2013) ("Although mistaken about the applicability of Florida Statute § 768.72, there is no apparent bad faith, undue delay, or dilatory motive on the part of Plaintiffs' counsel. Importantly, adding a claim for punitive damages where Plaintiffs are already required to prove express malice or malice in fact in order to recover, will not unduly delay the proceedings. In sum, granting leave to Plaintiffs to further amend their Complaint to add a claim for punitive damages against Defendant Anheuser-Busch, Inc. will not cause undue delay or prejudice to the Defendant.").

Turning, then, to Defendants' substantive argument, Defendants first overstate the importance of *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011), claiming that it stands for the blanket proposition that Plaintiffs should be precluded of presenting evidence concerning punitive damages because (in Defendants' estimation), Plaintiff cannot prove the facts necessary to entitle them to an award of such damages. Preliminarily, Defendants appear to have confused themselves with the members of the jury, who actually get to determine whether Plaintiffs have presented sufficient evidence to support a claim for punitive damages. Moreover, *Al-Amin* simply stands for the proposition that – where the Plaintiff, a prisoner, conceded that he could not meet the s*tatutory prerequisite* of "actual injury" under the Prison Litigation Reform Act of 1995 ("PLRA"), there was no reason for evidence concerning punitive damages to be presented. Clearly, such is not the case here.

Next, while Defendants are correct that something more than just actual malice is required for Plaintiffs to be entitled to punitive damages under either New York or Florida law (and that "something" is alternatively described as "common law" or "express" malice), they are incorrect in how Florida and New York courts have defined those terms and the ways in which a Plaintiff may prove "common law" or "express" malice.

So, for example, in *Brown v. Fawcett Publ'ns, Inc.*, 196 So. 2d 465 (Fla. DCA 1967), *cert. denied*, 201 So.2d 557 (Fla. 1967), Judge Lane, writing in a concurrence, examined the existing case law and found that, without ever saying so expressly, the case law supported a conclusion that "express malice" could be proven by (among other things) a showing "that the defendant acted with willful, wanton or reckless disregard for the rights of the plaintiff." *Id.* at 474. Judge Lane urged the trial court to say so (and to instruct the jury) in precisely that manner:

> It is also well established in the law that the publisher of a libel may be answerable in punitive damages if the publication is made with willful, wanton or reckless disregard for the rights of the party libeled. In short, the term "express malice" carries with it the connotation of animosity by the publisher specifically directed toward the complainant, while it is apparent that evidence of such an attitude or condition of mind on the part of the publisher is not necessary to support the award of punitive damages against him. In the appropriate case and when supported by the evidence, the trial court should go directly to the meat in the coconut and after definition and explanation of punitive damages instruct the jury to the effect that if it finds from the evidence, including the character of the publication itself, that the defendant was motivated by ill will, hostility or evil intention to defame and injure or that the defendant acted with willful, wanton or reckless disregard for the rights of the plaintiff, it should award punitive damages against the defendant. The problem of clear and concise explanation to the jury which confronts the trial judge under the present state of the law is pointed up in this case by the concern which the learned trial judge here manifested.

*Id.* Other Courts applying Florida law have held similarly. *See*, *e.g.*, *In re Yanks*, 100 B.R. 595, 596-97 (S.D. Fla. 1989) (citing *Brown* for the proposition that "punitive damages can be based on ill will, hostile attitude, intent to injure, or callous disregard").

New York courts have held similarly. *See*, *e.g.*, *Prozeralik v. Capital Cities Communications, Inc.*, 82 N.Y. 2d. 466, 479-80 (1993) (holding that punitive damages are appropriate in a libel case "to punish a person for outrageous conduct which is malicious, wanton, reckless, or in willful disregard for another's rights"); *Hollien v. Tarrytown Daily News, Inc.,* 235 A.D. 869, 869-70 (App. Div. 1932) ("[T]he jury had a right, under the authorities above cited, to consider as to whether the publication of this article was made with such gross

3

negligence and carelessness as to indicate a wanton disregard of plaintiff's rights, and, if they so found, they could infer express malice and might award punitive damages."); *Campanella v. Pursley*, 202 N.Y.S.2d 539, 543 (Sup. Ct. 1960) ("It is well settled that punitive damages cannot be awarded by the jury in the absence of proof of express malice.  Malice may be determined to exist if it is established that there was personal ill will or that the words were of such a character as to impute a degree of wrongdoing calling for punishment or that the publication was made with such gross negligence and carelessness as to indicate a wanton disregard of the plaintiffs' rights."); *Mahoney v. Adirondack Pub. Co.*, 71 N.Y.2d 31, 37, 523 N.Y.S.2d 480, 482, 517 N.E.2d 1365, 1368 (1987) (common law malice shown if the jury finds either "a desire to harm plaintiff or reckless disregard for the injurious effect the article would have upon him"); *Sperry Rand Corp. v. Hill*, 356 F.2d 181, 188 (1st Cir. 1966) ("We reach, finally, the matter of punitive damages for libel under the law of New York.... Exemplary damages serve to deter and punish conduct that is morally culpable....  They are awarded for libel only when the tortfeasor has acted with actual malice, or 'with such gross negligence and carelessness as to indicate a wanton disregard of the plaintiffs' rights.'").

  Florida courts have also found that a jury may infer express malice from the unreasonableness in the defendants' conduct in publishing allegations of criminal conduct without knowledge of the truth of said accusations or a refusal to immediately retract or apologize for the defamatory statements.  *See*, *e.g.*, *Asinmaz v. Semrau*, 42 So. 3d 955, 959 (Fla. Dist. Ct. App. 2010) ("Express malice may be inferred from the unreasonableness of her conduct in accusing Asinmaz of stealing her diamonds and then, without ever investigating something over which she had absolutely no expertise, filing a report with the police. At the time she filed the report accusing Asinmaz of theft, she was aware that she did not actually know whether her accusation was true."); *Brown, supra* at 472-73 (Fla. Dist. Ct. App. 1967) ("And when Fawcett was notified in writing, not once but twice, that such defamatory accusations were false, it deliberately spurned the request to retract and apologize, which would have immunized it from exemplary damages, and chose instead to figuratively thumb its nose at not only the unfortunate victim of its journalistic assassination but also the world at large.  Can there be any doubt or question that the magazine publisher had toward the plaintiff anything but ill will, or a hostile attitude, or an intent to injure and defame, or at least a callous disregard for the resultant effect of its cruel indifference?").

In the present case (and as articulated in numerous other filings with the Court), Plaintiffs have provided ample evidence to allow a jury to conclude that Defendants published the December Memo knowing that it made serious allegations of criminal activity concerning Plaintiffs; knowing that they had made no efforts whatsoever to either verify or disprove those allegations; knowing that they could have easily redacted Plaintiffs' names prior to publication; and with such willful, wanton, and reckless disregard for the truth of its contents – indeed, professing as they published it that they knew that here was reason to "seriously doubt" the allegations contained in the memos they were publishing; and then failing to take the opportunity afforded to them by Plaintiffs' pre-filing demand for a retraction.  Upon all of this, a jury may infer the existence of "express" or "actual" malice under either New York or Florida law.  Accordingly, Defendants' Motion should be denied.

## Conclusion

For the reasons stated hereinabove, Defendants' Motion in Limine No. 8 to Exclude Evidence of Punitive Damages should be denied.

Dated: November 13, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*