UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-60426-UU

ALEKSEJ GUBAREV, *et al.*,

    Plaintiffs,

v.

BUZZFEED, INC., *et al.*,

    Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court *sua sponte*.

THE COURT has considered the pertinent portions of the record and is otherwise fully advised in the premises.

The record contains voluminous documents which have been filed under seal, but—with the exception of the materials addressed in Magistrate Judge O'Sullivan's Sealed Order dated February 23, 2018 (D.E. 144) and the Court's Order dated September 10, 2018 (D.E. 203)—the parties have not shown good cause to justify sealing. In its September 19, 2018 Order granting the parties' Joint Motion Regarding Sealing of Motion Papers (D.E. 209), the Court ordered the parties "to file with each sealed document a notice setting forth good cause for sealing." D.E. 210. The notices filed by the parties to date are woefully inadequate, citing only to the existence of a blanket protective order,[1] and do not establish good cause.

---

[1] Indeed, this Court expressly stated in the original blanket protective order that "any party seeking to file a motion or other paper under seal must comply fully with Local Rule 5.4(b)." D.E. 41 ¶ 9 (handwritten edits). Local Rule 5.4(b)(1) requires a party seeking to file a court paper under seal to "set[] forth the factual and legal basis for departing from the policy that Court filings are public." S.D. Fla. L.R. 5.4(b)(1). Though the amended protective order entered by Magistrate Judge O'Sullivan (D.E. 97) omits this express language, the Court holds that the

1

"The determination of good cause cannot be elided by allowing the parties to seal whatever they want . . . . The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

In an effort to properly execute its duty, the Court intends to promptly audit the sealed filings for the purpose of entering Orders sealing or unsealing documents as the law requires, utilizing the following procedure with which the parties must comply.

1. **ON OR BEFORE WEDNESDAY, DECEMBER 5, 2018,** the parties shall jointly file, under seal, a list of each of the sealed documents, testimony,[2] or other information filed in this case, with the exception of the materials addressed in Magistrate Judge O'Sullivan's Sealed Order dated February 23, 2018 (D.E. 144) and the Court's Order dated September 10, 2018 (D.E. 203). The list shall also include: (1) each party's position as to whether the particular document, testimony, or information should be unsealed (answering yes or no only); (2) if one or more party does not consent to unsealing, each party's short recitation (no more than four sentences per document, portion of testimony, or piece of information) of the good cause for sealing (or lack thereof)[3]; (3) whether the

---

parties nevertheless are still bound to comport with Local Rule 5.4(b). Notably, the blanket protective order elsewhere provides that "there shall be no presumption by the Court that materials are Confidential and/or Attorneys' Eyes Only simply because a Party has so designated the materials. A party cannot make confidential that which the law does not recognize as confidential, simply by designating it as such." D.E. 97 ¶ 13; *see also* D.E. 41 ¶ 12.

[2] Including but not limited to deposition testimony, affidavits, and declarations.

[3] The good cause for sealing may include, **but must not be limited to**, the fact that the document or testimony has been marked "Confidential" or "Attorneys' Eyes Only" by any party or non-party in this or any other action. The description of good cause may include, among other

document, testimony, or information has ever been in the public domain, without regard to whether the document, testimony, or information currently is publicly available (answering yes or no only); and (4) the identification, by name only, of any non-parties to the action who may be adversely affected by the unsealing of the document, testimony, or other information.

2. The list SHALL substantially conform to the following template:

|   | **Brief Description of the Document, Testimony or Information** | **Docket Entry Number(s) including Exhibit Numbers, if applicable** | **Consent to Unseal? (Y/N)** | **If No Consent, Each Party's Brief Description of Good Cause for Sealing (or Lack Thereof)** | **Has Document, Testimony, or Information Ever Been in Public Domain? (Y/N)** | **Non-Parties Who May Be Adversely Affected by Unsealing** |
|---|---|---|---|---|---|---|
| 1 | | | *Plaintiffs:*<br><br>*Defendants:* | *Plaintiffs:*<br><br>*Defendants:* | | |
| 2 | | | *Plaintiffs:*<br><br>*Defendants:* | *Plaintiffs:*<br><br>*Defendants:* | | |
| 3 | | | *Plaintiffs:*<br><br>*Defendants:* | *Plaintiffs:*<br><br>*Defendants:* | | |

3. The Court may, if appropriate, require the parties to provide notice to any identified non-parties regarding sealing or unsealing.

---

factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the (un)reliability of the information, any lack of opportunity to respond to the information, the (un)availability of a less onerous alternative to sealing the documents, and—without rehashing the arguments in the underlying pretrial motions—whether the information concerns public officials or public concerns. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

DONE AND ORDERED in Chambers, Miami, Florida, this _19th_ day of November, 2018.

                                                                *Ursula Ungaro*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf