IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1
TO PRECLUDE INTRODUCTION OF TESTIMONY
OR EVIDENCE CONCERNING** ▬▬▬▬

    The popular Yiddish word "chutzpah," defined by Google's online dictionary as "shameless audacity," captures perfectly the essence of Plaintiffs' Motion in Limine No. 1. That is so for two primary reasons. *First,* Plaintiffs are seeking to exclude evidence which is integral to *Plaintiffs' calculation of their own alleged damages*. *Second*, both for purposes of damages and other issues like substantial truth, Plaintiffs' arguments are all premised on the assumption that the Court must accept their own version of the facts about the ▬▬▬▬: ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. But the only evidence to support that story is their self-serving testimony, and there is a wealth of circumstantial evidence to the contrary. The evidence therefore clearly presents a jury question as to whether, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Plaintiffs' Motion in Limine No. 1 should be denied.

**FACTUAL BACKGROUND**

    The ▬▬▬▬ has been discussed in multiple motions addressing multiple issues in this case – which in and of itself illustrates this motion's lack of merit. *See, e.g.,* Defs. Opp. to Ferrante *Daubert* (Dkts. 275, 297) at 5-6. Nonetheless, because this motion seeks to exclude such evidence entirely, we review the relevant facts below.

1

A. **The Actual Evidence About Plaintiffs'** █████████

As is detailed in the expert report of Anthony Ferrante (Dkt. 248, Ex. 1) (the "Ferrante Report"), ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
█████████████████████████████████[1] ██████████████
████████████████████████████
█████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████
     ██████████████████████████████████
█████████████████████████████████
█████████████████████████████████[2] ████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████

**B.     Evidence About the Financial Impact of ███████ on Plaintiffs**

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

---

[1] ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████

[2] Because Exhibits 14, 16, and 17 are voluminous, Defendants have included only the first page of each.



That was the very time when XBT began to launch its new brand, called Servers.com, in the United States, Russia and

---

[3] Ex. 18.
[4] Ex. 19.
[5] ███

elsewhere.  As Dvas later stated, XBT "made a decision to invest heavier in Servers.com infrastructure, since it is way more modern and better built compared to Webzilla."  Ex. 20.  Launching Servers.com was also what prompted Plaintiffs to hire outside public relations firms.  Ex. 3 (Dvas Depo.) at 46:2-16.  ███████████████████████

███████████████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████

      As the Court is by now aware, XBT's revenues actually increased substantially in 2017, from ███ million in 2016 to ███ million in 2017.  Nonetheless, its claim for damages is predicated on the assertion that but for the publication of the Dossier, XBT would have made ███ million in 2017.  Ex. 22 (Anderson Dep.) at 77:8-21.  Originally, Plaintiffs claimed they would have made ███ million in 2017, based on a financial projection made in November 2016 ████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

          ███████████████████████████████████████████

          ████████

          ███████████████████████████████████████████

          ███████████████

          ███████████████████████

          ██████████████

          ████

          █████████████████████████

     █████████████████████████

       ████████████████████████████████████████

       ████████████████████████████████████████████



███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████
      █████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████

## ARGUMENT

██████ is unquestionably relevant to this case. First, it is undisputed that ███████ is directly relevant to Plaintiffs' damages in this case, by their own calculations. Remarkably, Plaintiffs' motion makes no mention of the fact that (1) their CFO claims to have revised the company's projections to try to account for ████████████ and (2) their damages expert accordingly revised his expert report specifically to "back out" ██████████████████ ██████████████████████████. In short, while the Parties dispute the extent of ████████ impact on Plaintiffs' bottom line, there is no dispute that it had a sufficiently material impact so that it must be factored into any assessment of XBT's alleged damages. ████████ is therefore directly relevant to both causation of and any amount of damages.

And because the impact of ████████ is integral to Plaintiffs' own business projections, it will be relevant regardless of whether it is Mr. Anderson or someone else who is permitted to testify about alleged damages. In fact, on the very day Plaintiffs filed this motion *in limine*, they also filed their opposition to Defendants' *Daubert* motion to exclude Mr. Anderson's testimony. In that filing, they told the Court that █████████████████████████████████████ is "a factual matter of dispute to be presented to the jury." Dkt. 279 at 8 n.2. And finally, ████████

6

███████████████ could well have contributed to their alleged damage to their reputation, ██████████████████████████████████████████████████████. *Condit v. Dunne*, 225 F.R.D. 100, 110 n.4 (S.D.N.Y. 2004) (plaintiff's previously unreported sexual relationships relevant to mitigation of damages because "both publicly available information and Condit's private actions could have contributed to Condit's alleged reputation damage").

███████ is also directly relevant to the issue of truth.  Importantly, Plaintiffs do not argue in their motion *in limine* that even *if* ████████████████████████████████████████ ███████, evidence about ████████ should nonetheless be excluded.  Rather, ████████████ ████████, and on that basis argue it is irrelevant and prejudicial.  But Plaintiffs' self-serving claim that █████████████████████████████████████████████████████████████ ███████ is hotly disputed.  Pl. MIL No. 1 at 3-4.  Plaintiffs' testimony to that effect is basically a question of credibility, and there is a wealth of evidence to the contrary.

For example, as Plaintiffs themselves breathlessly emphasize, ████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████

In short, Plaintiffs are free to pitch their version of the facts to the jury, but there is clearly a fact question as to whether ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████.  *See e.g., Wells v. Liddy*, 37 F.

App'x 53, 60-61 (4th Cir. 2002) (admitting evidence that there was prostitution in a building with which plaintiff was affiliated because it was circumstantial evidence of substantial truth of allegations that plaintiff was involved in a call-girl ring).

As previously noted, Plaintiffs do not even try to argue that version of the facts would render ▆▆▆▆▆ irrelevant. Nor could they. The Eleventh Circuit has squarely held that "[i]n an action for defamation or libel … the issue of the plaintiff's reputation and character scarcely can be avoided because the plaintiff typically seeks to recover compensation for damage to his or her reputation." *Schafer v. Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998). As a result, *Schafer* held that specific instances of misconduct by a plaintiff were admissible in a libel case under Fed. R. Evid. 405(b)). Moreover, ▆▆▆▆▆ bears a far more direct relationship to the allegedly defamatory statements at issue than did the specific instances of misconduct admitted in *Schafer*. There, the Court permitted cross-examination about matters such as possible parole violations and failure to pay child support, in a case in which the issue was how the plaintiff's photo had mistakenly come to be associated with the bombing of Pan Am Flight 103 over Scotland. *Id*. at 1371-72. *See also Guccione v. Hustler Magazine, Inc*., 800 F.2d 298, 303 (2d Cir.1986) (allowing evidence of public knowledge of plaintiff's prior bad acts on the question of substantial truth and damages).

In sum, Plaintiffs have no basis to preclude discussion of ▆▆▆▆▆ at trial. Plaintiffs have already conceded that it is relevant to their calculation of damages, and they continue to represent its importance to the Court to this day. ▆▆▆▆▆ further provides circumstantial evidence that is highly probative of the substantial truth or falsity of the allegations, the reliability of ▆▆▆▆▆ information, the credibility of Plaintiffs' witnesses, and Plaintiffs' reputation for purposes of damages. Accordingly, Plaintiffs' motion *in limine* should be denied.

Dated:  November 13, 2018

Respectfully submitted,
/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine, LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com

        nathansiegel@dwt.com
        adamlazier@dwt.com
        alisonschary@dwt.com

        <u>/s/ Roy Black</u>
        Roy Black
        Jared Lopez
        Black, Srebnick, Kornspan & Stumpf, P.A.
        201 So. Biscayne Boulevard
        Miami, Florida 33131
        rblack@royblack.com
        jlopez@royblack.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 13th day of November, 2018.

By: /s/ Adam Lazier
Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com