IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 2**

    Plaintiffs' second motion *in limine* is essentially a catch-all motion seeking to preemptively sanitize the evidentiary record of ▮▮▮▮▮▮▮▮.[1] Plaintiffs' motion purports to seek exclusion of evidence regarding what they consider "various irrelevant/highly prejudicial topics," specifically: (1) ▮▮▮▮▮▮▮▮; (2) ▮▮▮▮▮▮▮▮; (3) ▮▮▮▮▮▮▮▮; and (4) ▮▮▮▮▮▮▮▮  Pl. MIL No. 2 (Dkts. 278, 301) at 2.

    Plaintiffs brought this lawsuit over statements in the Dossier that allegedly accused them of involvement in malicious cyberactivity perpetrated through ▮▮▮▮▮▮▮▮ and seek tens of millions of dollars in alleged damage to their reputation. Now, remarkably, they are asking this Court to preclude Defendants from introducing evidence and questioning witnesses about, among other things, ▮▮▮▮▮▮▮▮ – claiming it is not relevant to this case. While one cannot fault them for trying, these are plainly relevant topics of inquiry – indeed, if these issues are not "relevant," it is hard to see what would be. Moreover, the categories that Plaintiffs

---

[1] Plaintiffs took a similar approach with their first motion *in limine* (Dkts. 277, 300), which seeks to exclude all evidence regarding ▮▮▮▮▮▮▮▮

1

propose excluding in their motion – ███████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ – are far too vague and broad to form the basis of a motion *in limine*. To the extent Plaintiffs have objections to specific documents being used as exhibits at trial, those objections can and should be addressed on a case by case basis – and indeed, they have already noted those objections to proposed exhibits in the parties' pretrial submissions. Plaintiffs' motion should therefore be denied.

## ARGUMENT

"[A] court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. If evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Mowbray v. Carnival Corp.*, No. 08-20931-CIV, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) (citation and internal quotation marks omitted). As the proponents of this motion, Plaintiffs bear the burden of "demonstrating that the evidence is inadmissible on any relevant ground." *Id.* They have failed to meet this burden.

### A. Plaintiffs' Motion Should Be Denied Because It Is Vague and Overbroad

As an initial matter, it is not clear from Plaintiffs' motion what, exactly, they are seeking to exclude. "The court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Mowbray*, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) (citation and internal quotation marks omitted). *See also National Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (denying motion *in limine* that was "too sweeping in scope" and instead "reserv[ing] judgment on the motion until trial when admission of particular pieces of evidence is in an appropriate factual context"). Here, Plaintiffs have not identified specific ███████ or specific instances of alleged ███████ that they seek to exclude under Topic 2, much less explained why such evidence is not admissible at trial. Similarly, Plaintiffs have not identified the ███████████████ ███████████████████████████ under Topic 4, what specific evidence they seek to exclude, and why it is inadmissible.[2] On this ground alone, the Court can and should deny Plaintiffs' motion.

---

[2] Plaintiffs' one-paragraph explanation of this topic on page 7 of their motion does not offer any more insight into ███████████████████████, but it suggests that Plaintiffs are seeking to

2

### B. Plaintiffs' Motion Should Be Denied Because the Evidence Is Relevant

To the extent the broad topics are discernible, it is clear that the evidence Plaintiffs seek to preclude is highly relevant evidence that goes to the very core of this case. As set forth more fully in Defendants' opposition to the Ferrante *Daubert* motion and their oppositions to Plaintiffs' motions *in limine* No. 1 and 4, these categories of evidence are relevant to the very heart of this case – the substantial truth or falsity of the statements at issue, the reasonableness of Christopher Steele and his sources in including the information regarding Plaintiffs in the intelligence reports, and Plaintiffs' claims of substantial reputational damages from the statements at issue. In other words, the evidence that Plaintiffs seek to exclude goes to the heart of this case, and of Defendants' defense.

#### 1. <u>The Evidence Is Relevant to the Substantial Truth or Falsity of the Statements</u>

Evidence related to the four topics at issue is plainly relevant to the truth or falsity of the alleged defamatory statements. Plaintiffs "bear the burden of showing that the speech at issue is false." *Philadelphia Newspapers, Inc. v. Hepp*s, 475 U.S. 767, 777 (1986). Defendants, in return, are entitled to produce evidence that the allegedly defamatory statement is "substantially true." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1254 (S.D. Fla. 2014). Here, Plaintiffs seek to recover for the statement in the Dossier that "a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic . . . to steal data . . . [from] the Democratic Party leadership. Entities linked to one Aleksei Gubarov were involved . . . ." By this motion, Plaintiffs now seek to exclude evidence which establishes the literal truth of two of predicate facts that are essential to Defendants' ability to establish the substantial truth of the Dossier – i.e., that Gubarev, XBT/Webzilla and its affiliates have, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. It is an insult to common sense to suggest that such testimony is irrelevant to the jury's assessment of whether the Dossier's allegations against Plaintiffs were materially false.

Specifically, Plaintiffs want to exclude any discussion of the fact that Gubarev ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

exclude evidence relating to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. If that is indeed the extent of their request, it is duplicative of the third topic and should be denied for the same reasons.

3



———————————

3 ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Plaintiffs can try to make this argument to the jury, but the Court need not and should not accept it as an undisputed fact.

4

Even Plaintiffs do not appear to seriously contend that if they jury believed they were ███████████████████████████████████████████████████████████████████████ ███████████████████████████████ the jury must nonetheless conclude that the Dossier was materially false and find in their favor. To the contrary, at the time their public statements asserted – unequivocally – that "There has been absolutely no involvement by Webzilla, XBT or any of its other subsidiaries with the people or alleged activities in this unsubstantiated report. Ex. 2 (Jan. 12, 2017 XBT Statement). But Defendants have developed evidence showing that was not true.

The evidence shows, *inter alia*, that the ████████████████████████████
███████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
████████████████████████████████████████████ ████████████
███████████████████████████████████████████████████
█████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████ 6.

Put another way, if Plaintiffs had evidence that ██████████████████████ ████████████████████████████████████████████████, surely they would be permitted to introduce such evidence because it would be highly probative of their claim that the Dossier was materially false. Defendants are equally entitled to introduce evidence that is probative of the fact that ███████████████████████████████████████████████████, in order to try to establish substantial truth.

5

The Fourth Circuit's decision in *Wells v. Liddy*, 37 F. App'x 53, 55 (4th Cir. 2002) (per curiam), is instructive. In *Wells*, the plaintiff, a secretary who worked in the DNC office that was the target of the Watergate break-in, sued Gordon Liddy for saying she was involved in a prostitution ring. Over the plaintiff's objection, the court admitted evidence that there was prostitution in a building with which the plaintiff was affiliated because it was evidence of substantial truth. *Id.* at 60-61. The Fourth Circuit concluded the admission of this evidence was proper because "evidence that a prostitution ring was operating at the Columbia Plaza is only one piece of circumstantial evidence that Liddy presents in an attempt to draw the conclusion that Wells was connected with the prostitution ring. It is a well-settled principle that 'circumstantial evidence is no less probative than direct evidence.'" *Wells*, 37 F. App'x at 68 n.9 (citation omitted). Here, as in *Liddy*, evidence that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is, at the very minimum, circumstantial evidence supporting the credibility of the allegations in the Dossier.

This evidence is also relevant because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As set forth more fully in Defendants' opposition to Plaintiffs' fourth motion *in limine*, which is being filed concurrently with this brief, Plaintiffs have already conceded that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is relevant to this case, and specifically to Plaintiffs' burden of proving that the statements are false. *See* Defs. Opp to Pl. MIL No. 4.

The evidence Plaintiffs seek to exclude goes to the heart of Plaintiffs' burden of proving substantial falsity, and Defendants' defense of substantial truth. A plaintiff cannot demonstrate falsity "if the 'gist' or the 'sting' of the statement is true." *Turner v. Wells*, 198 F. Supp. 3d 1355, 1365 (S.D. Fla. 2016) (citation omitted), *aff'd*, 879 F.3d 1254 (11th Cir. 2018); see also Hon. Robert D. Sack, SACK ON DEFAMATION, LIBEL, SLANDER AND RELATED PROBLEMS, § 3.7, at 3-19 (5th ed.) ("The proof of truth or falsity must go to the 'gist' or 'sting' of the defamation."). A "statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Masson v. New*

6

*Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991) (citation and internal quotation marks omitted). The jury may reasonably decide that this evidence casts doubt on the credibility of Plaintiffs' self-serving denials that they had any involvement in the malicious activity alleged in the Dossier, and that Plaintiffs therefore cannot meet their burden of showing that the allegations are false. The jury may also reasonably decide that this evidence leads them to believe the allegations are substantially true, which precludes recovery by Plaintiffs. Of course, Plaintiffs are free to try to minimize the weight and sufficiency of this evidence through cross-examination. But at this stage, there is no basis to exclude it wholesale.

2. <u>The Evidence Is Relevant to Plaintiffs' Alleged Reputational Damages</u>

In addition to substantial truth or falsity, these categories of evidence are also relevant to Plaintiffs' claims to have exemplary character whose reputation was damaged by the alleged defamatory publication. Plaintiffs claim that their reputations were damaged by the challenged statements to the tune of tens of millions of dollars. In order for the jury to assess Plaintiffs' claimed reputational damages, it must be able to evaluate the Plaintiffs' character and reputation prior to the Dossier's publication. In *Schafer v. Time, Inc.*, 142 F.3d 1361, 1371 (11th Cir. 1998), the Eleventh Circuit held that evidence of specific acts of misconduct are admissible in a defamation claim under Fed. R. Evid. 405 because the plaintiff's character and reputation is an "essential element" of his claim. The plaintiff in *Schafer* claimed his photo was mistakenly included in a TIME article as a photograph of an alleged double agent involved in the bombing of Pan Am Flight 103. The court had advised the parties that evidence of specific acts of past misconduct would be allowed to the extent they were "shown to be relevant to the question of damages or how Schafer's picture might have become associated with the Pan Am case." At trial, the court permitted the defendants to question the plaintiff regarding a "felony conviction, a possible violation of his subsequent parole, convictions for driving under the influence, an arrest for writing a bad check, failure to file tax returns, failure to pay alimony and child support, and evidence concerning [his] efforts to change his name and social security number." 142 F.3d at 1371.

On appeal, the Eleventh Circuit held that the evidence of specific acts of misconduct was properly admitted because the plaintiff's reputation was an "essential element" of his claim. The Court explained: "In an action for defamation or libel . . . the issue of the plaintiff's reputation and character scarcely can be avoided because the plaintiff typically seeks to recover

7

compensation for damage to his or her reputation." *Id.* at 1370. "Since the plaintiff's character is substantively at issue in a libel case under . . . Rule 405(b) permits the admission of evidence regarding specific instances of the plaintiff's conduct on that issue." *Id.* at 1372 (collecting cases).

Other courts have similarly found that evidence of a plaintiff's preexisting reputation is relevant and admissible in a defamation case. *See, e.g.*, *Marcone v. Penthouse Int'l Magazine for Men*, 754 F.2d 1072 (3d Cir. 1985) (evidence of tarnished reputation arising out of broad range of criminal activity was relevant and admissible to mitigate damage to reputation for purported libelous statement about specific criminal act); *Longmire v. Alabama State Univ.*, 151 F.R.D. 414, 419 (M.D. Ala. 1992) (plaintiff claiming defamation over defendant's rape allegation could be questioned about other incidents "where he is alleged to have assaulted other females" because defamation plaintiff "place[s] his or her character at issue"); *Weber v. Multimedia Entm't, Inc.*, No. 97 Civ. 0682, 1997 WL 729039, at *2 (S.D.N.Y. Nov. 24, 1997) ("If plaintiff's reputation was disreputable before the purported defamatory statements were uttered, because she had been known for having casual sex with strangers, in exchange for money, drugs or otherwise, this information is clearly relevant to mitigation of damages."); *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 303 (2d Cir. 1986) (allowing evidence of public knowledge of plaintiff's prior bad acts on the question of substantial truth and damages).

Here, evidence regarding Plaintiffs'  Defendants must be entitled to use that evidence to show what Plaintiffs' reputation and character was like *before* the publication of the Dossier so that it can show that it was not harmed *by* publication of the Dossier. In truth, *See* Ferrante *Daubert* Opp. at 3-6; Defs. Partial SJ Brief (Public Figure) at 1-3; Defs. SUMF (Public Figure) ¶¶ 4-18, 80, 66-68.

Defendants should be entitled to present that evidence to the jury to show that the Dossier's statement, therefore caused them little harm.  Accordingly, Plaintiffs' motion should be denied.

## CONCLUSION

Because Plaintiffs have not met their "burden of demonstrating that the evidence is inadmissible on any relevant ground," *Mowbray*, 2009 WL 10667070, at *2 (citation omitted), the Court should deny this motion *in limine*.

Dated:  November 13, 2018               Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 13th day of November, 2018.

By: /s/ Adam Lazier<br>
Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

4828-4293-1322v.3 0100812-000009