IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

   Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

   Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 5 TO PRECLUDE PLAINTIFFS FROM OFFERING HEARSAY EVIDENCE IN SUPPORT OF CLAIMED DAMAGES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs' response shows, at most, that there is some split of authority over whether, or under what circumstances, courts have permitted hearsay evidence to support a defamation plaintiff's claim of damages. But while the different strands of that case law may be of academic interest, the Eleventh Circuit squarely holds that Rule 803(3) does not permit a litigant to introduce hearsay for the purpose of showing that declarant's state of mind was caused by a particular event. But their Opposition makes clear that is exactly what Plaintiffs seek to do here. As a result, Defendants' motion *in limine* No. 5 should be granted.

## ARGUMENT

**I.**    **PLAINTIFFS ARE SEEKING TO INTRODUCE CLASSIC HEARSAY**

Plaintiffs first contend that "much of what Defendants seek to exclude does not constitute hearsay," because they claim it is not being admitted for its truth. Dkt. 318 at 2. That is a red herring, because Defendants' motion *in limine* No. 5 only seeks to exclude "hearsay evidence." So if Plaintiffs seek to introduce evidence that is not hearsay, any order granting this motion would not preclude it (though there might be other grounds to object to it).

Thus, there is no need for the Court to resolve, at this point, which specific out-of-court statements Plaintiffs might try to introduce at trial are hearsay. Plaintiffs do not dispute that at least some evidence within this category is hearsay, and so all the Court need address is the

admissibility of any evidence that would fall within that category. However, we note that the amount of evidence Plaintiffs contend is non-hearsay is likely to be far less than what Plaintiffs imply in their Opposition. For example, Defendants quoted four paragraphs totaling over 500 words from Gubarev's interrogatory response as an example of inadmissible hearsay. Dkt. 271 at 2-3. Plaintiffs point to just one of those sentences, totaling 18 words, and claim it is not hearsay. Dkt. 318 at 2. Similarly, the excerpt of Mishra's testimony they point to is also clearly hearsay. *Id.*; Dkt. 271 at 3 ("Whenever we contact the leasing company, they *talk* and at the last moment they *say* . . . .") (emphasis added).

Plaintiffs also argue that evidence in the form of a question and/or conduct cannot be hearsay because it is not a "statement." But hearsay can be in the form of questions and non-verbal conduct, when it is offered as an assertion. Fed. R. Evid. 801(c); *United States v. Berkman*, 433 F. App'x 859, 863 (11th Cir. 2011) ("Nonverbal conduct may qualify as a hearsay statement if the declarant intended the conduct as an assertion.") (internal quotation marks omitted). The same conclusion is true for questions—many courts have held that the grammatical form of the utterance is not determinative, but rather "a question can be hearsay if it contains an implied assertion offered for the truth of the matter." *Commonwealth v. Parker*, 2014 PA Super 253, 104 A.3d 17, 22-24 (2014). Nor are the statements at issue here anything like those admitted in *United States v. Osborne*, 677 F. App'x 648, 655 (11th Cir. 2017) (admitting text messages with the following content: "yeah," "come where bra," "give me a min bra," and "ight bra," because "they do not really assert anything").

## II. PLAINTIFFS' HEARSAY EVIDENCE IS INADMISSIBLE

Recognizing that there clearly is a bona-fide hearsay issue presented, Plaintiffs primarily argue that the "state of mind" exception permits the introduction of this hearsay. FRE 803(3). Yet they do not cite any cases actually applying Rule 803(3), but instead point to a number of 50-80 year old state court cases from other jurisdictions which admitted such evidence. Those state court cases typically involved testimony about what individuals like friends or associates thought about the plaintiff and/or the allegedly defamatory statements, usually very close in time to when the statements were made. None of those cases involved corporate plaintiffs like XBT that sought to introduce statements by bankers or similarly-situated persons to prove, at least in part, causation of actual economic damages.

By contrast, one of the recent federal cases cited by Defendants, *Clark v. Time, Inc.*, 242 F. Supp. 3d 1194 (D. Kan. 2017), directly addressed the admissibility under Rule 803(3) of testimony about a bank's concerns about doing business with the plaintiff. Contrary to Plaintiffs' mischaracterization of that decision, *Clark* expressly considered whether that evidence was admissible under Rule 803(3), and held that it was not. *Id.* at 1205 n.8 ("Even though plaintiff does not assert a hearsay exception, the court has considered whether the statements are admissible under Fed. R. Evid. 803(3), as statements of then-existing state of mind. . . . Such statements do not qualify for Rule 803(3)'s exception."). Other cases involving allegations of business damages are in accord. *See Cont'l Nut Co. v. Robert Berner Co.*, 393 F.2d 283, 286-87 (7th Cir. 1968) (business lost allegedly as a result of libel not compensable where "plaintiff has not produced the testimony of a single customer or former customer")

Thus, at most the case law cited by the Parties shows that courts in other jurisdictions have arguably taken different approaches to the question presented here. The pertinent question is therefore whether the law of this Circuit speaks directly to this issue -- and it clearly does. Plaintiff's Opposition makes clear that they want to introduce these hearsay statements to try to establish *why* various banks, lenders, etc. supposedly were reluctant to do business with them:

> [I]n the motion, Defendants seek to exclude from trial Plaintiffs' descriptions of the ***effect that the defamatory publication*** had on their businesses – the very heart of this case. In written discovery responses, Plaintiffs detailed how they were turned down by banks and other financial institutions ***because of*** Defendant's defamatory statements, how some banks were ready to close down and freeze their already existing bank accounts and credit lines, how leasing companies would simply disappear ***after asking about the claims in the Dossier,*** and how Mr. Gubarev's personal and business associations simply did not want to be associated with him.
>
> Defendants also seek to exclude voluminous ***documentary evidence supporting these matters, including emails with banks, correspondence with business affiliates and financiers, and correspondence with personal acquaintances***.
>
> …
>
> The probative value of this evidence is extremely important as it goes precisely to the heart of the matter in this case: ***the effect*** the publication of the defamatory statements had on Plaintiffs.

*See* Dkt. 318 at 1-2, 6 (emphasis added). But the Eleventh Circuit has repeatedly and categorically held that statements that go beyond mere "state of mind," and instead address *why*

3

the declarant supposedly had a particular state of mind, are inadmissible hearsay. As the Circuit explains:

> "[T]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." Consistent with that position, we have explained that the purpose of the exclusion from Rule 803(3) admissibility is "to narrowly limit those admissible statements to declarations of condition-'I'm scared'-and not belief-'I'm scared because [someone] threatened me.'"

*United States v. Samaniego*, 345 F.3d 1280, 1282 (11th Cir. 2003) (second alteration in original) (quoting *United States v. Cohen,* 631 F.2d 1223, 1225 (5th Cir.1980)). *See also United States v. Duran,* 596 F.3d 1283, 1297 (11th Cir. 2010) ("[S]tate-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind ….") (internal quotation marks omitted); *United States v. Nosovsky*, 269 F. App'x 915, 916 (11th Cir. 2008) ("The exception is limited to statements about the declarant's present state of mind, and not why the declarant held that particular state of mind.").

This principle has been consistently applied by this Court, including in circumstances very similar to this case. In *Air Turbine Technology, Inc. v. Atlas Copco AB,* 295 F. Supp. 2d 1334 (S.D. Fla. 2003), this Court held that hearsay statements were not admissible under the state of mind exception to show that consumers did not purchase products due to the Defendants' allegedly false advertising. *Id.* at 1344-45. *See also Martinez v. Rabbit Tanaka Corp.*, 2006 WL 5100536, at *7-8 (S.D. Fla. Jan. 6, 2006) (holding that hearsay statements are not admissible under the state-of-mind exception when introduced to show why the declarant had a certain state of mind). By contrast, Plaintiffs fail to cite a single case of precedential value that would allow the hearsay statements at issue to fall within the exception set forth at FRE 803(3). Thus, the motion *in limine* should be granted.[1]

Plaintiffs also claim that this evidence is admissible under FRE 803(21) and 803(6). But few, if any of the hearsay statements Plaintiffs seek to introduce -- about topics such as bank loans and credit lines to a corporation -- are statements about a "person's character." Likewise, statements within emails received from other businesses are not admissible as business records of *Plaintiffs. See, e.g., Island Stone Int'l Ltd. v. Island Stone India Private Ltd.*, 2017 WL

---

[1] It bears mention that if this evidence really was "the very heart of this case" for Plaintiffs, nothing precluded them from seeking depositions of the declarants. They simply elected not to.

4

1437464, *5 n.7 (M.D. Fla. Apr. 4, 2017) ("[E]mails ISNA received from clients . . . do not appear to be business records of ISNA ….").

Finally, Plaintiffs argue there would be no unfair prejudicial effect from introducing such hearsay.  Dkt. 318 at 6.  That is plainly not so.  To note just one example, Plaintiffs' expert Mr. Anderson pointed to an email dated January 31, 2018 from someone in a bank in Holland – more than one year after the Dossier was published – which simply poses some questions to Webzilla as part of what it says is a "periodic review" of "Webzilla accounts" that it performs "due to the bad press regarding Webzilla." Ex. 1.   Plaintiffs want to introduce the email to argue that the publication of the Dossier caused this bank to scrutinize it more.  But the email does not say what "bad press" is being referenced, and over the past year Webzilla has been the subject of multiple press reports in both Holland and elsewhere investigating its conduct more broadly.  *See, e.g.* Exs. 2 & 3.  If the email were admitted, Defendants would not be able to cross-examine its author to potentially establish that the Dossier was not the sole, or even the substantial cause of any "periodic reviews" the bank conducted a year later.  Indeed, the obvious prejudice caused by such hearsay is precisely why the state of mind exception does not permit the email to be introduced in the first place.

## CONCLUSION

Defendants respectfully request that the Court preclude Plaintiffs from introducing any hearsay evidence in support of their claimed damages.

Dated:  November 20, 2018           Respectfully submitted,

<div style="padding-left:3em">

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

</div>

<div style="text-align: right">

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 20th day of November, 2018.

By: /s/ Adam Lazier
Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com