UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1
TO EXCLUDE EVIDENCE OR ARGUMENT AS TO BUZZFEED'S
POST-PUBLICATION DECISION TO REDACT PLAINTIFFS'
NAMES FROM THE DOSSIER**

    On January 10, 2017, Defendants published an article entitled "These Reports Allege Trump Has Deep Ties To Russia," along with a compendium of seventeen separate memorandum written by Christopher Steele, who had been hired by Fusion GPS, an opposition-research firm working on behalf of the Democratic National Committee and the Hillary Clinton campaign to investigate then-candidate Donald Trump's ties to Russia.  The last of these memos (the "December Memo") included a paragraph that falsely accused Plaintiffs of: (1) using botnets and porn traffic to transmit viruses, plant bugs, steal data, and conduct "altering operations" against the Democratic Party Leadership, (2) being agents of the FSB, (3) being part of an elaborate conspiracy that would need to go into hiding if Hillary Clinton had won the Presidency, and (4) (implicitly) attempting to undermine the 2016 United States Presidential election.

    On January 28, 2017, Plaintiffs sent Defendants a letter in accordance with Florida Statutes Chapter 770.01, et seq., seeking a full retraction of the allegations concerning Plaintiffs designed to be as visible as the original article and providing a deadline of February 3, 2017 for Defendants to effectuate said retraction.

    On February 3, 2017, no retraction having been offered or printed, Plaintiffs initiated the present litigation.  Indeed, prior to the initiation of the present lawsuit, Buzzfeed did not retract

1

the statements made, redact Plaintiffs' names, issue an apology to Plaintiffs, or take any other step to mitigate the damages suffered by Plaintiffs.

On February 3, 2017, *after* suit had been initiated, Buzzfeed published an article entitled "Russian Tech Executive Files Defamation Lawsuit Against BuzzFeed Over Dossier." In that article, Buzzfeed quoted its own spokesman, writing:

> "We have redacted Mr. Gubarev's name from the published dossier, and apologize for including it," Matt Mittenthal, spokesman for BuzzFeed News, said in a statement.

In reality, no "apology" was ever made and, indeed, Mr. Gubarev (and his legal team) only learned of this purported "apology" when they read about it in the media.

In their Motion *in Limine* No. 1, Defendants attempt to do two things – though they slyly pretend that they are asking the Court for only one: (1) they seek to preclude evidence or argument concerning their decision to redact Plaintiffs' names after being sued, and (2) they seek to preclude evidence or argument concerning the purported apology. Neither is appropriate here.

Defendants' primary argument is that Plaintiffs should not be permitted to use Defendants' subsequent remedial measure (redaction) as proof of Defendants' liability. To the extent that this is a legitimate concern, the Court is fully capable of giving the jury an appropriate limiting instruction.

In reality, though, the evidence is admissible for wholly different purposes. First, Defendant Ben Smith has testified that he knew that the allegations concerning Plaintiffs were in the December Memo and that he understood them to be serious allegations. Smith Depo., Exhibit 1, pp. 65-66. Buzzfeed has admitted that, prior to publishing the December Memo, it took no steps to contact any of the Plaintiffs (Buzzfeed Admissions, Exhibit 2, Nos. 1-3) and that "prior to publishing the Article Buzzfeed did not specifically investigate any of the allegedly defamatory statements concerning any of the Plaintiffs." Buzzfeed Responses to Interrogatories, Exhibit 3, No. 5. Buzzfeed has admitted that, prior to publication it did not redact Plaintiffs' names (Buzzfeed Admissions, Exhibit 2, No. 11) despite having the technical ability to do so (Buzzfeed Admission, Exhibit 2, No. 12). It also admits that it did not redact Plaintiffs' names until *after* it was sued, on February 3, 2017.[1] Buzzfeed Admissions, Exhibit 2, No. 23. Mr.

---

[1] This timeframe belies Defendants' claim in its Motion that it redacted Plaintiffs names and "apologized" in "an effort to avoid litigation." Defendants' Motion, p. 4.

Smith testified that he intentionally chose to redact some names from the Dossier, such as the name of Michael Cohen's father-in-law, but not others, such as the Plaintiffs. Smith Depo., pp. 67, 70, 112-113. The fact that Defendants not only knew that they could technically redact the document before publication and, indeed, did so selectively, but chose specifically not to do so with respect to the admittedly serious allegations concerning Plaintiffs that Defendants had taken no steps to investigate is relevant to the issue of the *feasibility* of such a redaction and is therefore admissible under Fed. R. Evid. 407. This feasibility is also relevant to the level of fault demonstrated by Defendants in their conscious decision not to redact Plaintiffs' names from the December Memo. It is equally relevant that Defendants had the opportunity to redact Plaintiffs' names upon receipt of the January 28, 2017 demand letter but again chose not to do so until the present lawsuit was filed. Buzzfeed then issued a self-serving press release (and reported on its own release) touting the redaction. This, too, will be relevant to the jury's determination of fault and/or punitive damages.

  Secondly, the redaction is simply part of the story of the actual events that took place and serves to explain, for example, why Plaintiffs speak about the more than six million people who viewed the article prior to February 3, 2017. Neither of these reasons has anything to do with a remedial measure designed to avoid (the already-initiated) litigation.

  Defendants' so-called "apology," however, stands on entirely different footing. The "apology," which was not in actuality ever made to Mr. Gubarev, can not be seen to be "remedial" in any respect. It is not a measure "taken that would have made an earlier injury or harm less likely to occur," as required under FRE 407. It does not serve to lessen Mr. Gubarev's damages and, indeed, appears to have been nothing more than damage control for Buzzfeed, which was receiving overwhelmingly negative responses from other media outlets about its decision to publish unverified allegations. Indeed, the purported "apology," which does not fall anywhere within the definition of remedial measure outlined in FRE 407, is an admission by a party opponent and admissible as such under Fed. R. Evid. 801(d)(2). *See, e.g.*, *Menshikova v. City of Chi.*, 1997 U.S. Dist. LEXIS 7733, at *3 (N.D. Ill. May 27, 1997) (denying plaintiff's motion *in limine* to exclude statement where "defendants correctly point out that a statement of apology that Whitman assertedly made to defendant Eula Scott ('Scott') is admissible as non-hearsay under Fed. R. Evid. ('Rule') 801(d)(2)(a)."); *Becton v. Starbucks Corp.*, 2007 U.S. Dist. LEXIS 65803, *7 (S.D. Ohio Sep. 6, 2007) (store manager's apology that coffee cup lids were

not on properly admissible under Rule 801(d)(2) despite the fact that "an admission of a party opponent is, by its very nature, always prejudicial"); *3M Co. v. Mohan*, 482 F. App'x 574, 579 (Fed. Cir. 2012) (citing a party's apologies to customers for causing confusion in trademark case as support for the factual finding that the party did cause consumer confusion); *Sutton v. Calhoun*, 593 F.2d 127, 128 (10th Cir. 1979) (affirming the trial court's submission to the jury of the question of how much probative weight should be assigned to an admission of mistake by a doctor in a case alleging negligence on the part of the doctor).

In the present case, Buzzfeed issued a widely quoted press release in which it claimed that "We have redacted Mr. Gubarev's name from the published dossier, and apologize for including it." This is a clear admission that Plaintiffs are entitled to present to the jury as such.

## Conclusion

For the reasons stated hereinabove, Defendants' Motion in Limine No. 1 to Exclude Evidence or Argument as to Buzzfeed's Post-Publication Decision to Redact Plaintiffs' Names From the Dossier should be denied.

Dated: November 13, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*