# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF KANSAS

F I L E D

SEP 1 2 2016

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

| | |
|---|---|
| **TERRY J. CLARK** | ) |
| **Plaintiff,** | ) |
| v. | ) **Case No.: 2:15-cv-09090** |
| | ) |
| **TIME INC., et al.,** | ) |
| **Defendants.** | ) |

### PLAINTIFFS' RESPONSE AND OBJECTIONS TO DEFENDANT TIME INC.'S MOTION TO STRIKE (1) THE AFFIDAVIT OF DEBRA TAYLOR, AND (2) THOSE PORTIONS OF THE AFFIDAVIT OF TERRY CLARK REGARDING TAYLOR (WITH SUGGESTIONS)

Comes now the Plaintiff Terry J. Clark and moves the court to deny Defendant Time

Inc.s Motion to Strike parts of Plaintiff's Affidavit of Terry J. Clark Exhibit # 186 and all of the

Affidavit of Debra Taylor Exhibit # 187.  In support of this Response Plaintiff states as follows:

Supplementing Discovery is the requirement by law of every participatent in litigation.

Part of (Plaintiff's Exh. # 186) and all of The Debra Taylor Affidavit, (Plaintiff's Exh. # 187)

and have just recently come into Plaintiff's possession and Plaintiff is simply supplementing

discovery requested by Defendants.

"Rule 26. Duty to Disclose; General Provisions Governing Discovery

(e) Supplementing Disclosures and Responses.

1

(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to

an interrogatory, request for production, or request for admission—must supplement or correct

its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response

is incomplete or incorrect, and if the additional or corrective information has not otherwise been

made known to the other parties during the discovery process or in writing; or."

    Plaintiff is required to supplement Interrogatories and Requests for Production of

Documents as soon as they come into Plaintiffs possession.  Plaintiff's Exh. # 186 and Exh. 187

the Affidavit of Debra Taylor was not notarized until August 11th, 2016 and came into Plaintiff's

possession on the following day.  In the Debra Taylor Affidavit numbers 13. And 14. Show that

the document could not have been discoverable sooner.  The Exhibit # 187 did not come into the

possession of Plaintiff until after August 11th, 2016 the date of Notarization.  Parts of Plaintiff's

Affidavit concerning Debra Taylor were not know to Plaintiff until August of 2016.  Therefore

Plaintiff did comply with discovery requirements.  Doc 45 is the Certificate of Service on August

22nd, 2016 where Plaintiff Supplemented the discovery requests of defendants.  11 days after

Plaintiff's Exhibit #187 was notarized is not an unreasonable delay in production.  Plaintiff's

Exhibit # 186 parts concerning Ms. Taylor couldn't be done prior to August of 2016 they didn't

exist.  Supplementation can only be done when the circumstances present themselves.  There is

no delay in producing these 2 Affidavits, the information was not known much before the dates

listed on the Affidavits.

The information in both Affidavits Clark and Taylor happened after the deposition of Plaintiff Terry J. Clark on May 26, 2016.  The information was not known.  No one can disclose information they do not have.  As Defendant Time Inc. states, "Specifically, Rule 37 provides as follows: If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was **substantially justified** or is harmless.

If facts are not known or discovered until a later date, then there is no way to disclose the facts or the Witness to those facts.  That is where **SUBSTANTIALLY JUSTIFIED** comes into play.  If facts and witnesses are not known then there is no way to disclose them.

Plaintiff has justified these disclosures, the information in them did not exist.  None of the dates or time frame mentioned in the Affidavits took place prior to discovery being closed. Using Defendant Time Inc. own case as stated above: "In *University of Kansas v. Sinks*, 565 F. Supp. 2d 1216 (D. Kan. 2008),  The fact patterns are completely different in these cases.  The witnesses and Affidavits were known before closing discovery.  In Clark v HGD II, LLC and Time Inc. the information was **NOT KNOWN** and in the interest of Justice should be allowed.

The fact patterns just don't match.  In the examples cited by Defendant Time Inc. information and witnesses were known before the Summary Judgment stage.  Here in this case, they were not.

This was all triggered by the adverse reaction of Taylors bankers as to Plaintiff Pro Se Terry J. Clark and it only evolved over the last few weeks prior to the Affidavits to a very serious nature.  So serious that Taylor had to take the extreme move of refusing to use Plaintiff in any future projects because of the bankers. This information contained in the Affidavits was not in

February, March, April, June of 2016.  Only over the last couple of months before production did the issues become very serious.

II.  Taylor did not speculate as to what her Bankers told her.  She was a party to the conversations and heard it first hand.  It is not hearsay.  Taylor's Bankers did not tell this to a third party who related this to Taylor, the bankers told this to Taylor first hand and therefore it is not Hearsay.  Taylor can certainly refer to events or conversations that she based her decisions on and that is not hearsay.

Additionally under Rule <u>Fed. R. Civ. P. 56</u> and <u>D. Kan. Rule 56.1</u> (f) there are parts that make the Debra Taylor Affidavit, (Plaintiff's Exhibit # 187), and (Plaintiff's Exhibit # 186) perfectly acceptable.  "An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. **<u>You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.</u>**"

However Defendant Heartland Golf Development II, LLC did not send this notice to Pro Se Plaintiff as required under the Rules of Civil Procedure.  Now Defendant Time Inc. is trying to benefit from not following the Rules of Civil Procedure yet wants the Court to enforce Rules of Civil Procedure against Plaintiff Pro Se Terry J. Clark.

RULE 56.1 MOTIONS FOR SUMMARY JUDGMENT (f) Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion. Any represented party moving for summary judgment against a party proceeding pro se **must** serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of <u>Fed. R. Civ. P. 56</u>

4

and <u>D. Kan. Rule 56.1</u> attached. Where the pro se party is not the plaintiff, the movant must amend the form notice as necessary to reflect that fact. Defendant Time Inc. did not comply with this rule.

Plaintiff was not aware of the Rule <u>Fed. R. Civ. P. 56</u> and <u>D. Kan. Rule 56.1</u>. Only after filing Plaintiff's Response Memorandum to Defendants Motion for Summary Judgment did Plaintiff find this rule.

In Conclusion Plaintiff has shown that the Motion to Strike parts of Plaintiff's Exhibit # 186 and all of Exhibit # 187 the Affidavit of Debra Taylor are within the requirements of supplementing discovery and in the case of parts of Plaintiff's Exhibit # 186 and all of Plaintiff's Exhibit # 187 the Affidavit of Debra Taylor are within the Rules of Civil Procedure namely <u>Fed. R. Civ. P. 56</u> and <u>D. Kan. Rule 56.1</u> (f). Additionally Defendant Time Inc. has been less than honest to the Court in producing their Motion to Strike parts of Plaintiff's Exhibits # 186 and all of Exhibit # 187 and Defendant Time Inc. has not complied with the Rules of Civil Procedure themselves, they do not have clean hands.

Plaintiff requests the court deny Defendant Time Inc. MOTION TO STRIKE PARTS OF PLAITNIFF'S EXHIBIT # 186 AND ALL OF THE AFFIDAVIT OF DEBRA TAYLOR TO PLAINTIFF'S EXHIBIT # and for other relief the Court deems just and proper..

Respectfully submitted,

Terry J. Clark Pro Se Plaintiff
22052 W. 66th St s-193
Shawnee, Kansas 66226
913-553-9768
clark.terry45@yahoo.com

5

## CERTIFICATE OF SERVICE

I certify that a copy of the above was served via the Court's ECF System this 12nd day of September, 2016 on the following counsel of record:

LATHROP & GAGE L.C.
Bernard J. Rhodes KS #15716
2345 Grand Blvd., Suite 2400
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
Email: brhodes@lathropgage.com
ATTORNEYS FOR DEFENDANT TIME
INC.

Timothy R. West
Berkowitz Oliver Williams Shaw
& Eisenbrandt, LLP
2600 Grand Blvd., Ste. 1200
Kansas City, MO 64108
twest@berkowtizoliver.com
ATTORNEY FOR DEFENDANT
HEARTLAND GOLF DEVELOPMENT II, LLC.

Plaintiff Terry J. Clark pro se
22052 W. 66th St S-193
Shawnee, Kansas 66226
clark.terry45@yahoo.com
913-553-9768