# Exhibit 2

```
                                                                    FILED
        IN THE UNITED STATES DISTRICT COURT
                                                                   SEP 12 2016
                    DISTRICT OF KANSAS
                                                              TIMOTHY M. O'BRIEN CLERK
                                                              By_____ Deputy
```

| | |
|---|---|
| **TERRY J. CLARK** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 2:15-cv-09090 |
| | ) |
| **TIME INC., et al.,** | ) |
| **Defendants.** | ) |

## PLAINTIFFS' MEMORANDUM IN RESPONSE AND OPPOSITION TO DEFENDANT HEARTLAND GOLF DEVELOPMENT II, LLC'S MOTION TO STRIKE THE AFFIDAVIT OF DEBRA TAYLOR AND EXHIBIT 190 TO PLAINTIFF'S MEMORANDUM IN RESPONSE AND OPPOSITION TO DEFENDANT HEARTLAND GOLF DEVELOPMENT II, LLC'S MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff Terry J. Clark and moves the court to deny Defendant Heartland Golf Development II, LLC's Motion to Strike the Affidavit of Debra Taylor Exhibit # 187 and Exhibit # 190. In support of this response Plaintiff states as follows:

Supplementing Discovery is the requirement by law of every participatent in litigation. The Debra Taylor Affidavit, (Plaintiff's Exh. # 187) and (Plaintiff's Exh. # 190 have just recently come into Plaintiff's possession and Plaintiff is simply supplementing discovery requested by Defendants.

Rule 26. Duty to Disclose; General Provisions Governing Discovery

(e) Supplementing Disclosures and Responses.

1

(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or.

Plaintiff is required to supplement Interrogatories and Requests for Production of Documents as soon as they come into Plaintiffs possession. Plaintiff's Exh. 187 the Affidavit of Debra Taylor was not notarized until August 11th, 2016 and came into Plaintiff's possession on the following day. In the Debra Taylor Affidavit numbers 13. and 14. Show that the document could not have been discoverable sooner. Plaintiff's Exhibit # 187 did not come into the possession of Plaintiff until after August 11th, 2016 the date of Notarization. Therefore Plaintiff did comply with discovery requirements. Doc 45 is the Certificate of Service on August 22nd, 2016 where Plaintiff Supplemented the discovery requests of defendants. 11 days after Plaintiff's Exhibit #187 was notarized is not an unreasonable delay in production.

Additionally under Rule Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 (f) there are parts of this Rule that make the Debra Taylor Affidavit, (Plaintiff's Exhibit # 187), perfectly acceptable. "An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment."

2

However Defendant Heartland Golf Development II, LLC did not send this notice to Plaintiff as required under this rule. Now Defendant Heartland Golf Development II, LLC is trying to benefit from not following the Rules of Civil Procedure.

**RULE 56.1 MOTIONS FOR SUMMARY JUDGMENT (f) Notice to Pro Se Litigant Who Opposes a Summary Judgment Motion. Any represented party moving for summary judgment against a party proceeding pro se must serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 attached. Where the pro se party is not the plaintiff, the movant must amend the form notice as necessary to reflect that fact.** Defendant Heartland Golf Development II, LLC did not comply with this rule.

Plaintiff has also produced Plaintiff's Exhibit # 190 which are public comments taken from the Internet concerning Heartland Golf Development II, LLCs running of Hillcrest Country after the departure of Plaintiff Terry J. Clark. Plaintiff simply did a search to update his knowledge of public comments on the Hillcrest Operation and this was found and put into an Exhibit for this case. The supplement of discovery by Plaintiff is in compliance with Federal Rules of Civil Procedure and Plaintiff is required to make these supplements. The date of the search was around August of 2016, all are public comments that Defendant Heartland Golf Development II, LLC had access too.

Plaintiff was not aware of the Rule Fed. R. Civ. P. 56 and D. Kan. Rule 56.1. Only after filing Plaintiff's Response Memorandum to Defendants Motion for Summary Judgment did Plaintiff find this rule.

3

In Conclusion Plaintiff has shown that the Motion to Strike Plaintiff's Exhibit # 187 the Affidavit of Debra Taylor and Plaintiff's Exhibit # 190 public comments on Hillcrest Country Club are within the requirements of supplementing discovery and in the case of Plaintiff's Exhibit # 187 the Affidavit of Debra Taylor are within the Rules of Civil Procedure namely Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 (f). Additionally Defendant Heartland Golf Development II, LLC has been less than honest to the Court in producing their Motion to Strike Plaintiff's Exhibits # 187 and # 190 and Defendant Heartland Golf Development II, LLC has not complied with the Rules of Civil Procedure. Therefore Plaintiff requests the court deny Defendant Heartland Golf Developments MOTION TO STRIKE THE AFFIDAVIT OF DEBRA TAYLOR AND EXHIBIT 190 TO PLAINTIFF'S MEMORANDUM IN RESPONSE AND OPPOSITION TO DEFENDANT HEARTLAND GOLF DEVELOPMENT II, LLC'S MOTION FOR SUMMARY JUDGMENT and for other relief the Court deems just and proper

Respectfully submitted,

Terry J. Clark Pro Se Plaintiff
22052 W. 66th St s-193
Shawnee, Kansas 66226
913-553-9768
clark.terry45@yahoo.com

4

**CERTIFICATE OF SERVICE**

I certify that a copy of the above was served via the Court's ECF System this 12nd day of September, 2016 on the following counsel of record:

LATHROP & GAGE L.C.
Bernard J. Rhodes KS #15716
2345 Grand Blvd., Suite 2400
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
Email: brhodes@lathropgage.com
ATTORNEYS FOR DEFENDANT TIME INC.

Timothy R. West
Berkowitz Oliver Williams Shaw
& Eisenbrandt, LLP
2600 Grand Blvd., Ste. 1200
Kansas City, MO 64108
twest@berkowtizoliver.com
ATTORNEY FOR DEFENDANT
HEARTLAND GOLF DEVELOPMENT II, LLC.

_____
Plaintiff Terry J. Clark pro se
22052 W. 66th St S-193
Shawnee, Kansas 66226
clark.terry45@yahoo.com
913-553-9768