UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* #1 TO PRECLUDE THE
INTRODUCTION OF TESTIMONY OR EVIDENCE CONCERNING** ███████.



\*

\*

\*

    Defendants are correct about one thing: there *is* a certain amount of *chutzpah*[4] at play here, but that *chutzpah* is in Defendants' attempts to mislead the court into believing: (1) that ███ ███████ was something other than what it was and (2) that they seek to admit

---

[1] ███████

[2] ███████

[3] ███████

[4] Defendants' resort to the "Google Dictionary" for their definition of "*chutzpah*" is a *shonde* (disgrace), particularly where there was a perfectly good legal citation for them to reference. *See* Kozinski, A. and Volokh, E., *Lawsuit, Shmawsuit*, 103 YALE L.J. 463 (1993) ("The most famous definition of 'chutzpah' is, of course, itself law-themed: Chutzpah is when a man kills both his parents and begs the court for mercy because he's an orphan.").

evidence of ▮▮▮▮ for a purpose other than their real purpose.

   Preliminarily, given that Defendants' continued attempts to portray ▮▮▮▮ as being something other than what it is, it is important to understand that ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

   And, although Defendants may argue that that ▮▮▮▮ ▮▮▮▮ that response in itself would actually be a further basis for the exclusion of evidence concerning ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Again, this simply bolsters the argument that Defendants should not be permitted to use extraneous evidence to prove a matter that is collateral to the fact at issue in this case.

Nevertheless, in their Opposition, Defendants make two arguments for admission of ▮ ▮ and testimony concerning the same, neither of which bolsters their case. ▮
▮
▮
▮
▮
▮
▮
▮
▮
▮
▮
▮
▮

Once the Court moves past this damages "red herring," it comes to Defendants' true motivation – ▮
▮
▮
▮
▮

Even if the Court could get past the attenuated nature of this leap of logic, it would be faced with the fact that ▮
▮
▮
▮
▮
▮
▮

---

[6] ▮
▮
▮

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████

And, as Plaintiffs have argued previously, even if ████████████████ ████████████████ had some minimal relevance to the allegations at issue here, that relevance would be strongly outweighed by the prejudicial effect of admission of such evidence. *See, e.g.*, Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *Beckles*, *supra* at *31-32 ("[T]he probative value of evidence relating to the prior lawsuits, even if offered to show motive or intent, would be substantially outweighed by the potential for unfair prejudice.").

## CONLUSION

For the reasons stated hereinabove and in Plaintiffs' Motion *in Limine*, Defendants should be precluded from eliciting or offering testimony or evidence concerning ████████ ████████████████.

Dated: November 20, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*