## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

**Case No.**

**0:17-cv-60426-UU**

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* #2
### TO PRECLUDE THE INTRODUCTION OF TESTIMONY OR EVIDENCE
### CONCERNING VARIOUS IRRELEVANT/HIGHLY PREJUDICIAL TOPICS

### Introduction

With their Opposition to Plaintiffs' Second Motion *in Limine*, Defendants continue their game of three-card Monte – hoping that with all their tossing around of irrelevancies, the Court will lose track of where the Queen actually lies. As practiced as Defendants are with the cards, though, the focus here should remain on the defamatory statements Defendants published about Plaintiffs and the absolute irrelevancy (and unduly prejudicial nature) of the materials Defendants hope to admit at trial.

As Plaintiffs have repeatedly stressed, the defamatory statements made by Defendants, contained in the December Memo were that:

> [Redacted] reported that over the period March-September 2016 a company called XBT/Webzilla and its affiliates had been using botnets and porn traffic to transmit viruses, plant bugs, steal data and conduct "altering operations" against the Democratic Party leadership. Entities linked to one Aleksei GUBAROV [sic] were involved and he and another hacking expert, both recruited under duress by the FSB, Seva KAPSUGOVICH, were significant players in this operation. In Prague, COHEN agreed contingency plans for various scenarios to protect the operations, but in particular what was to be done in the event that Hillary CLINTON won the presidency. It was important in this event that all cash payments owed were made quickly and discreetly and that cyber and that cyber and other operators were stood down/able to go effectively to ground to cover their traces.

In the present Motion, Plaintiffs have sought to preclude Defendants from offering evidence or testimony at trial concerning: (1) ███████████████████████ (2) ███████████████████████ (3) ███████████████████ and (4) ████████████████████████ ████████████████████

**Argument**

I.    **Plaintiffs Have Properly Identified Categories of Irrelevant and Highly Prejudicial Materials.**

Defendants first complain that, in their motion, Plaintiffs have identified four separate and discrete categories of materials to be excluded, and then argue that it is somehow improper to identify "categories" of materials to be excluded instead of (just) individual pieces of evidence.  It is an interesting argument coming from Defendants who filed ten different Motions *in Limine*, each of which identified broad categories of materials Defendants seek to have excluded from trial.  Moreover, the objection is simply another attempt at misdirection – Plaintiffs' Motion is, in reality, relatively specific, identifying documents and testimony presented to date that they seek to have excluded.  But, as Defendants well know (and as their own Motions *in Limine* amply demonstrate), it is often insufficient for a party to identify simply a line of testimony or a specific document in a motion *in limine*, which would risk a ruling that focuses entirely on a known piece of evidence, while leaving unintended loopholes for the party to attempt to sneak in the materials the Court intended to exclude.  Finally, Defendants' complaint is belied by the fact that they spend the remainder of their Opposition responding to the very specifics they claimed Plaintiffs' Motion lacked.

II.   ███████████████████████████████████ ██████████████████████████ **is Not Sufficiently Relevant to Overcome the Unduly Prejudicial Nature of Such Allegations.**

Defendants continue to argue in their Opposition that they should be allowed to introduce, because it is somehow relevant, ████████████████████████ ████████████████████████████████████ ████████████████████████████████████ █████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████

Defendants' first justification fails for multiple reasons: first, ██████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████

Defendants' second justification fares no better. ██████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████

████████████████████  ████████████████████████████

---

[1] ███████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

███████████

Because the "evidence" Defendants wish to present ███████████████████████ not relevant to the

███████████████████████████████████████ allegations made, because the "evidence" offered is unverified hearsay, and because the "evidence" is unduly prejudicial, it should be excluded in its entirety.

## III.  Defendants Should be Precluded from Offering Evidence or Testimony Concerning ████████████████████████████████

Defendants' Opposition says next-to-nothing about Plaintiffs' motion to exclude evidence concerning ██████████████████████████████████████████ ████████████████████ Indeed, as part of their effort to "shuffle the cards," Defendants do not respond to Plaintiffs' motion category-by-category, but rather Defendants make two blanket arguments that all of the categories of evidence are relevant to substantial truth and relevant to Plaintiffs' reputation, leaving it to the Court to try to match Defendants' arguments to the relevant categories of evidence enumerated in Plaintiffs' motion.  It is understandable why Defendants have taken this tack – when the specific evidence Defendants seek to introduce is examined, it becomes apparent that such evidence is both irrelevant to the actual claims at issue and unduly prejudicial.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████

████████████████████████████████████ As with much of

the evidence Defendants seek to admit, the inadmissibility is made plain by simply explaining

the "evidence" itself.

████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

███████████████████████ Defendants contend that this is relevant because ... well,

actually, Defendants have no actual arguments as to why any of this is relevant, but they hope

nonetheless that the Court has lost track of the fact that the Queen is now hidden up their sleeve.

████████████████████████████████████████

████████████████████████████████████████



███████████████████████████████████████████████████

████████████████████████████████████████████

**III.** **Defendants Should be Precluded from Offering Evidence or Testimony Concerning**
████████████████████████████.

████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████

**IV.** **Defendants Should Be Precluded from Offering Evidence or Testimony Concerning**

████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████

**Conclusion**

For the reasons stated hereinabove and in Plaintiffs' Motion *in Limine*, Defendants should be precluded from offering evidence or testimony at trial concerning: (1) ██████████ ███████████████████████████████████ (2) ███████████████████████████ ████████████████████████████ (3) ████████████████████████████ ███████████████████████████████████ and (4) ███████████████████████ ███████████████████████████████

8

Dated: November 20, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*