# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

**Case No.**

**0:17-cv-60426-UU**

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* #3 TO (1) LIMIT THE INTRODUCTION OF TESTIMONY OR EVIDENCE CONCERNING IRRELEVANT PORTIONS OF THE "DOSSIER" AND (2) PRECLUDE THE INTRODUCTION OF TESTIMONY OR EVIDENCE CONCERNING UNRELATED PUBLIC RELATIONS EFFORTS**

## Facts

Given Defendants' position that the so-called "Dossier" is a singular document and the December Memo, which is the only document to discuss Plaintiffs, cannot possibly be discussed in isolation, it is important to once again outline the relevant facts with respect to the creation of the collection of memos that Defendants decided to call the "Dossier."

On June 26, 2016, Christopher Steele ███████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ authored a memo he entitled "COMPANY INTELLIGENCE REPORT 2016/080," ████████████ ████████████████████████ In July of 2016, Mr. Steele authored four more memos, "COMPANY INTELLIGENCE REPORT 2016/086," "COMPANY INTELLIGENCE REPORT 2016/94," "COMPANY INTELLIGENCE REPORT 2016/095," and "COMPANY INTELLIGENCE REPORT 2016/097." ████████████████████████████████████ ████████████████████ Mr. Steele authored four more memos in August of 2016, "COMPANY INTELLIGENCE REPORT 2016/100," COMPANY INTELLIGENCE REPORT 2016/101," "COMPANY INTELLIGENCE REPORT 2016/102," and "COMPANY INTELLIGENCE

1

REPORT 2016/100" █████████████████████████ He wrote three

more memos in September of 2016 ("COMPANY INTELLIGENCE REPORT 2016/111,"

"COMPANY INTELLIGENCE REPORT 2016/112," and "COMPANY INTELLIGENCE

REPORT 2016/113"), █████████████████████████ He wrote

and transmitted four more memos in October of 2016 ("COMPANY INTELLIGENCE REPORT

2016/130," "COMPANY INTELLIGENCE REPORT 2016/134," "COMPANY

INTELLIGENCE REPORT 2016/135," and "COMPANY INTELLIGENCE REPORT

2016/136.")." █████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████ None of the Pre-

Election Memos made any mention of Plaintiffs and none of the Pre-Election Memos are the

subject of the present litigation.

████████████████████████████

██████████████████████████████████

█████████████████████████████████

█████████████████████████████████

███████████████████████████████

████████████████████████████████

██████████████████████████████████

█████████████████████████████████

██████████████████████████████████

████████

On December 13, 2016, Mr. Steele produced a final memo, "COMPANY

INTELLIGENCE REPORT 2016/166" (the "December Memo"), ████████████████████

████████████████████████████████

██████████████████████████████

██████████████████████████████

█████████████████████ It is the December Memo which

contains the defamatory statements about Plaintiffs and which is the subject of this action.

████████████████████████████████

██████████████████████████████████

███████████████████████████████████

████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████

On January 10, 2017, Buzzfeed published all 17 memos, which it acknowledged to be a "collection of memos written over a period of months."

**Argument**

I.   **Calling the Seventeen Separate Memos a "Dossier" Does Not Make them a Single Document.**

In a variety of interviews and opinion pieces, Defendants have begun to preview Defendants' trial strategy – asserting that the publication of the 17 memos was essential for the public to understand the news of the last two years. *See*, *e.g.*, Ben Smith, "I'm Proud We Published the Trump-Russia Dossier," *The New York Times* (Jan. 9, 2018), attached hereto as Exhibit 1. As examples, Mr. Smith has pointed to an open letter from then-Senator Harry Reid to then-FBI Director James Comey in which Senator Reid commented that "it has become clear that you possess explosive information about close ties and coordination between Donald Trump, his top advisors, and the Russian government" (*see* Exhibit 2 hereto) and the fact that Senator John McCain provided "the Dossier" to James Comey. But these two examples illustrate part of the problem: Senator Reid's letter was written in October of 2016 and Senator McCain's meeting with James Comey was on December 9, 2016 – *both of which occurred before the December Memo was even written*.

And herein lies (at least part) of the problem: even though the memos were all written on different dates, ███████████████ shown to different people and, █████████████ ██████████████ Defendants want to present their arguments about publishing the memos as if they were produced on the same date and were a monolithic whole. How, for example, is it fair or relevant for Defendants to be allowed to argue to the jury that they published the "Dossier," because Senator Reid was referring to it in his letter to Director Comey? Although Senator Reid

3

may have been referring to one or more of the 16 pre-election memos, he most certainly was *not* referring to the December Memo (which had not yet been written).  The same holds true for the documents provided by Senator McCain to Director Comey – they could not have included a memo that had not been written at the time the documents were handed over.  And yet, in their Opposition (and other filings with the Court), Defendants have claimed that they should be permitted to justify their publication of the December Memo by references to the "Dossier" being discussed and acted upon by government officials such as Senators Reid and McCain.  In short, Defendants are asking for the Court's imprimatur on its efforts to mislead the jury into believing that the December Memo was being referred to by government officials, when it is clear that it was not.

Nor is Defendants' argument that the "Dossier" was a "single document" which could only be published in whole or not at all remotely plausible.  Mr. Bensinger took 35 separate photographs of the pages of the dossier with his iPhone.  It was published as a single PDF document because that is how Defendants chose to publish it.

Even more perplexing is Defendants' contention that they should be permitted to present the jury with all 17 memos in order to defend against an argument that they should have redacted Plaintiffs' names prior to publication because "Defendants will need to demonstrate that any argument to redact Plaintiffs from the 'December memo' would likely have necessitated redacting numerous other persons and/or information as well throughout the Dossier.  If so, then the published document would have been worthless, and unlikely to have served the public interest even today."  Opposition, p. 5.  Defendants, however, have (at least) one significant hurdle to overcome in making this argument: ***following the filing of this action, Defendants <u>did</u> redact Plaintiffs' names from the Dossier***, without making any additional redactions and, seemingly, without rendering the document worthless.  Facts, as the saying goes, are pesky things.

Less perplexing is Defendants' desire to assert that, for the purposes of considering punitive damages, the jury must consider the publication of all 17 memos (and Defendants' justifications for doing so) and not simply its publication of the document that contained the defamatory statements.  As Plaintiffs have noted elsewhere, this would be much like insisting that the jury should not consider the publication of a defamatory article printed in the Sunday New York Times, but rather must consider the New York Times' motivation in publishing the

4

*entire* Sunday Times as a whole.  That is an absurdity.  The fact that Defendants have combined seventeen different documents into one file does not make the seventeen documents one indivisible whole.

II.      **Plaintiffs General Public Relations Efforts are Irrelevant to the Issues to be Presented to the Jury.**

    Finally, the Parties may not actually have much of a disagreement on this point (for purposes of this motion at least).  Plaintiffs in their Motion sought only to preclude Defendants from attempting to introduce as evidence Plaintiffs' general attempts to obtain publicity for their products and services, such as the emails from Plaintiffs' public relations firms seeking to comment on technology issues and press releases announcing new products and services. Defendants appear in their Opposition to acknowledge that, once the Court has ruled on the question of whether Plaintiffs are private figures, such evidence would be irrelevant for the jury. To the extent that Defendants disagree and argue that they should be allowed to present evidence of ███████████████████████████████████████████████ ███████████████████████ those issues are addressed in other motions and were not intended to be the subject of the present motion.

<u>Conclusion</u>

    For the reasons stated hereinabove, the Court should issue an order limiting Defendants' arguments and presentation of testimony concerning the so-called Dossier as a whole and precluding Defendants from offering testimony or evidence concerning Plaintiffs' general efforts to obtain publicity for their businesses, products, or services.

Dated: November 20, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*