UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
    Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
    Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION *IN LIMINE* #4 TO PRECLUDE THE INTRODUCTION OF TESTIMONY OR EVIDENCE CONCERNING THE RELIABILITY OF CHRISTOPHER STEELE OR FUSION GPS OR ANY EFFORTS ALLEGEDLY UNDERTAKEN BY EITHER TO VERIFY ALLEGATIONS CONTAINED IN THE DOSSIER**

    Although Plaintiffs' Motion sought the exclusion of two separate and distinct categories of testimony and evidence – (1) the exclusion of testimony or evidence concerning the reliability of Christopher Steele and/or Fusion GPS, and (2) efforts allegedly undertaken by either to verify the allegations contained in the Dossier – Defendants' Opposition addresses only the latter.

    With respect to the former, it is of little surprise that Defendants have offered no argument: both Mr. Smith and Buzzfeed reporter Ken Bensinger refused to disclose or discuss their sources – including Christopher Steele and Fusion GPS[1] – and, as such, there is no basis for Defendants to be permitted to testify or present evidence that they relied on the reputations or backgrounds or any prior knowledge of, or relationships with, Christopher Steele or Fusion GPS.

    With respect to the latter, Defendants argue that they should be permitted to present evidence of Mr. Steele's and/or Fusion's alleged efforts to verify allegations contained in the December Memo either because such testimony goes to the truth of the allegations made about

---

[1] [redacted]

1

Plaintiffs or because the evidence speaks to Plaintiffs' reputations. In truth, the evidence Defendants seek to admit does neither.

First, with respect to Mr. Steele, his testimony concerning his alleged efforts to "verify" allegations concerning Plaintiffs ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████

This leaves only Fusion GPS's alleged efforts to verify information concerning allegations made in the Dossier. Defendants first argue that Fusion's testimony should be read as including efforts undertaken by Mr. Steele because ████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████

Next, although Defendants omit any mention of it in their Opposition, it seems important for the Court to know that ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

█ And, even though Fusion GPS is not a party to this litigation (and Plaintiffs have brought no litigation against Fusion GPS), Defendants instructed their expert witness not to discuss █
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████ For this reason alone, Defendants should be precluded from offering *any* testimony from Fusion GPS.

Moreover ████████████████████████████████████████████████
██████ Fusion's alleged "investigation" into the "reliability" of the allegations contained in the

2

December Memo was really nothing of the sort. 

This, of course, is not what Defendants really want to put in front of the jury. Instead, Defendants want the jury to hear Fusion's testimony concerning unsupported but prejudicial irrelevancies. Specifically, Defendants want to put in front of the jury testimony from Fusion that:



None of these are even remotely relevant to the question of whether Plaintiffs were FSB agents who hacked the Democratic Party leadership as part of a conspiracy to undermine the presidential election nor do they speak to Plaintiffs' "reputation" in any meaningful or admissible way.[2]

---

[2] Buzzfeed's counsel, Roy Black, has (quite successfully) represented any number of alleged rapists and murderers. Buzzfeed's lead counsel represented the website Backpage.com, which

3

In short, Defendants' Opposition is much like their other recent filings with this Court –it sounds superficially reasonable, but falls apart when the specifics of Defendants' positions are actually examined.

## Conclusion

For the reasons stated hereinabove and in Plaintiffs' Motion *in Limine*, Defendants should be precluded from eliciting or offering testimony or evidence concerning: (a) the reliability of Mr. Steele or Fusion GPS, or (b) efforts undertaken by either Mr. Steele or Fusion GPS to verify the allegations contained in the Dossier or the December Memo.

---

was alleged to have aided and abetted the human trafficking of minors for sex. Would anyone seriously suggest that Plaintiffs should be permitted to introduce testimony concerning defense counsel's other clients, arguing that it was relevant to Defendants' reputation? And yet, that is *precisely* the testimony Defendants have designated for submission to the jury here.

Dated: November 20, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*