IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT AS TO BUZZFEED'S POST-PUBLICATION DECISION TO REDACT PLAINTIFFS' NAMES FROM THE DOSSIER AND INCORPORATED MEMORANDUM OF LAW**

      Defendants BuzzFeed, Inc. and Ben Smith have asked the Court to exclude evidence or argument about BuzzFeed's post-publication decision to redact Plaintiffs' names from the Dossier as evidence of negligence or culpability because such evidence would be inadmissible as subsequent remedial measures under Federal Rules of Evidence 407 and as irrelevant and prejudicial under Rules 401, 402, 403.  In response, Plaintiffs invent a host of pretextual reasons why they should be admitted.  But Plaintiffs' efforts to make a silk purse out of a sow's ear fail as a matter of law.

**ARGUMENT**

      As an initial matter, Plaintiffs offer no real response to Defendants' argument that evidence of post-publication redactions at issue here should be excluded pursuant to Fed. R. Evid. 407 as a subsequent remedial measure, which may not be received as an admission of prior culpable conduct.  *See World Boxing Council v. Cosell*, 715 F. Supp. 1259, 1267 (S.D.N.Y. 1989) ("evidence of a subsequent change in an allegedly libelous text is inadmissible" for the purpose of proving fault).  That is likely because they could not do so as the law is clear that the evidence should be excluded on this basis.

1

Instead, Plaintiffs make up various arguments in an effort to confuse what is a very simple evidentiary issue.  ***First***, Plaintiffs claim that evidence related to BuzzFeed's post-publication redactions is admissible pursuant to Fed. R. Evid. 407 because it demonstrates the "feasibility" of redacting Plaintiffs' names from the Dossier when it was initially published.  But this misstates the law and the facts.  Courts may admit evidence of remedial measures to establish feasibility only if feasibility is "in dispute."  Fed. R. Evid. 407; *Fisher v. Bumbo Int'l Tr.*, No. 1:14-cv-22209-UU, 2014 WL 12042519, at *4 (S.D. Fla. Aug. 27, 2014).  Here there is no such dispute.  As Plaintiffs admit, BuzzFeed not only did not claim that such redactions were not feasible, but they in fact testified that they made other redactions at the time the Dossier was published.  *See* Opp. 2-3 (citing BuzzFeed Admissions and Mr. Smith's deposition testimony).  The feasibility of redacting Plaintiffs' names from the Dossier is simply not in dispute.  Accordingly, "feasibility" does not provide a basis to include evidence related to the post-publication redaction of Plaintiff's name from the Dossier.

***Second***, Plaintiffs next claim that a so-called "apology" that accompanied the post-publication redactions is not a remedial measure, but is, instead an admissible admission by a party opponent under Fed. R. Evid. 801(d)(2).  This argument fails as a matter of law.  Rule 801 addresses whether or not a statement is hearsay—not whether it is relevant.  Even if Plaintiffs are correct and the statement at issue "[w]e have redacted Mr. Gubarev's name from the published Dossier and apologize for including it" could in some way be construed as a post-publication admission of wrongdoing, that would not end the analysis.  Plaintiffs would still need to prove the statement is relevant to some issue in the case, and this they cannot do.  As explained in Defendants' motion, post-publication events showing falsity of a statement are not admissible to prove constitutional malice, nor are they relevant to establishing fault.  Moreover, whether Defendants published an "apology" post-publication is equally irrelevant because post-publication corrections or even retractions fail to establish fault and instead constitute affirmative evidence of **lack of fault**.  *Hoffman v. Washington Post Co.*, 433 F. Supp. 600, 605 (D.D.C. 1977) ("[I]t is significant and tends to negate any inference of actual malice on the part of the [newspaper] that it published a retraction"), *aff'd*, 578 F.2d 442 (D.C. Cir. 1978); *Zerangue v. TSP Newspapers, Inc.*, 814 F.2d 1066, 1071 (5th Cir. 1987) ("[A] readiness to retract tends to negate 'actual malice.'"); *Biro v. Condé Nast*, 963 F. Supp. 2d 255, 283 (S.D.N.Y. 2013) (where publisher "promptly retracted the sections of the [] Article relating to [plaintiff] … makes it less

likely [defendant] acted with actual malice"), *aff'd*, 807 F.3d 541 (2d Cir. 2015), and *aff'd*, 622 F. App'x 67 (2d Cir. 2015); *West v. Daily News*, 5 Media L. Rep. (BNA) 1269, 1271 (Sup. Ct. N.Y. Cty. 1979) ("[D]efendants negate any inference of actual malice on their part by having offered evidence of the correction."). Regardless of whether Defendants' publication of the Dossier with redactions and an "apology" is non-hearsay, the evidence is simply irrelevant and therefore inadmissible.

*Finally*, Plaintiffs' contention that the post-publication decision to publish the Dossier with their names redacted and an "apology" is simply "part of the story of the actual events that took place," Opp. 3, is disingenuous and nonresponsive to Defendants' argument that admission of such evidence will cause unfair prejudice and confuse the jury as to the proper temporal scope of their fault determination. Indeed, Plaintiffs make no mention of Rule 403 at all. But where, as here, every BuzzFeed witness who testified in this action stated that they believed the Dossier's allegations about Plaintiffs were credible and plausible when they published the document. *See* Mot. Ex. 2 (Smith Declaration) ¶ 19; Ex. 3 (Bensinger Declaration) ¶¶ 17, 20-27; Ex. 4 (Schoofs Declaration) ¶ 13-14; Ex. 5 (Elder Declaration) ¶¶ 5, 6, 9, Plaintiffs' effort to admit evidence that such individuals later "apologized" for their initial publication would be highly prejudicial and more than outweigh any probative value. Accordingly, any evidence or argument concerning BuzzFeed's post-publication conduct must be excluded from trial.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiffs from introducing evidence, testimony, or argument relating to BuzzFeed's post-publication decision to redact Plaintiffs' names from the Dossier.

Dated:  November 20, 2018        Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020

        katebolger@dwt.com
        nathansiegel@dwt.com
        adamlazier@dwt.com
        alisonschary@dwt.com

<u>/s/ Roy Black</u>
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

4

4844-6826-8923v.7 0100812-000009

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically by email on all counsel or parties of record on the service list below this 20th day of November, 2018.

By: /s/ Adam Lazier
    Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

4844-6826-8923v.7 0100812-000009