**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 17-cv-60426-UU**

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

    Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.

_____/

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO**
**EXCLUDE EVIDENCE OF PUNITIVE DAMAGES**

    Plaintiffs' Opposition to Defendants' Motion *in Limine* seeking to exclude evidence of punitive damages does not dispute the one thing that matters: that they do not have a shred of evidence Defendants published the Dossier out of a desire to harm them.  Instead, they argue based on outdated case law that no such animus is required to support their punitive-damages claim.  But Plaintiffs are wrong under both New York and Florida law, and, accordingly, there is no basis for letting them put evidence of punitive damages in front of the jury.

    Plaintiffs also appear to concede that their Complaint does not actually include a claim for punitive damages because they never bothered to amend it following removal.  More than sixteen months after the deadline for amending pleadings, then, they *now* belatedly ask the Court for leave to amend to claim punitive damages – but they neglect to cite any good cause for having failed to make these amendments in a timely manner.  Their informal request to amend should therefore be denied as untimely and futile.

    At bottom, there is no evidence that Defendants bore Plaintiffs ill-will or published the Dossier out of spite.  Plaintiffs therefore should be precluded from recovering punitive damages.

**ARGUMENT**

**A.**    **Evidence of Punitive Damages Should be Excluded Because**
            **Defendants Did Not Act With Common-Law Malice**

    In this Motion, Defendants explained that evidence of punitive damages should be excluded at trial because Plaintiffs have failed to establish common-law (or express) malice,

which requires a showing that Defendants published the Dossier because of a specific animus towards Plaintiffs. Dkt. 263 at 3-5 ("Mot.").[1]  Plaintiffs agree in their Opposition that both New York and Florida law require them to demonstrate common-law malice (along with actual malice) in order to recover punitive damages, Opp. at 3, and they never claim that there is evidence of animus here.[2]  Instead, they say that they can establish common-law malice by proving something else entirely – "that the defendant acted with willful, wanton or reckless disregard for the rights of the plaintiff." *Id.* at 3-5.  But this argument has been rejected by courts in both New York and Florida.

Under New York law, for instance, "[c]ommon-law malice means spite or ill will," and a triable issue of common-law malice exists "only if a jury could reasonably conclude that spite or ill will was the one and only cause for the publication." *Chandok v. Klessig*, 632 F.3d 803, 815 (2d Cir. 2011) (citations and internal quotation marks omitted); *see also, e.g.*, *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 184 (2d Cir. 2000) (to establish punitive damages in defamation case, "plaintiffs must prove by a preponderance of the evidence that the libelous statements were made out of hatred, ill will, or spite.") (citation and internal quotation marks omitted).  Or, as one New York Court put it, "[u]nder New York law, only a finding that [defendant] 'was <u>solely</u> motivated by a desire to injure plaintiff' can establish common-law malice"). *Robertson v. Doe*, 2010 WL 11527317, at *5 (S.D.N.Y. May 11, 2010), *aff'd sub nom. Robertson v. Dowbenko*, 443 F. App'x 659 (2d Cir. 2011)

None of the cases cited by Plaintiffs suggest otherwise.  Four of them[3] predate the development of the modern New York approach to defamation punitive damages in *Prozeralik v.*

---

[1] As Defendants noted in their Motion, Plaintiffs' punitive-damages claim is also barred by the fact they cannot hope to establish actual malice, an issue that the parties have extensively briefed in connection with Defendants' motion for summary judgment.

[2] Plaintiffs also do not dispute that, should the Court conclude that New York and Florida law are materially different on this issue, New York law should apply.  *See* Mot. at 3 n.3.

[3] *Hollien v. Tarrytown Daily News, Inc.*, 235 A.D. 869 (N.Y. App. Div. 1932); *Campanella v. Pursley*, 202 N.Y.S.2d 539 (N.Y. Sup. Ct. 1960); *Sperry Rand Corp. v. Hill*, 356 F.2d 181 (1st Cir. 1966); *Mahoney v. Adirondack Publ'g Co.*, 71 N.Y.2d 31 (1987).  Plaintiffs' citation to *Mahoney* is particularly odd because the Court of Appeals expressly declined to reach the question of common-law malice in that case.  *See* 71 N.Y.2d at 40-41.  Plaintiffs are instead citing the Court of Appeals' summary of what the *trial court* held, *id.* at 37 – and they neglect to mention that the trial court's decision to award punitive damages was actually reversed by the Appellate Division on the grounds that "there was insufficient evidence of common-law malice." *Id.*

*Capital Cities Commc'ns, Inc.*, 82 N.Y.2d 466, 479-80 (1993).  To the extent that those cases suggest a lower bar for punitive damages than do *Prozeralik* and the more recent cases applying it, then, they are no longer good law.  And the last case Plaintiffs cite – *Prozeralik* itself – actually shows why they are wrong.  *Prozeralik* made clear that the common-law malice inquiry "focuses on the defendant's mental state in relation to the plaintiff and the motive in publishing the falsity" – not an objective inquiry into whether defendants were reckless – and that common-law malice exists only where the defendant acts "out of hatred, ill will, spite, criminal mental state or that traditionally required variety of common-law malice."  *Id*. at 480.

Plaintiffs also completely ignore the single most relevant New York case – *Morsette v. "The Final Call*,*"* 309 A.D.2d 249 (N.Y. App. Div. 2003) – because it unambiguously rejects their position.  In *Morsette*, a newspaper randomly selected the plaintiff's file photo and digitally altered it to make it appear as if she were a prison inmate.  *Id*. 250-51.  The appellate court specifically found that this amounted to "callous indifference," but held that it was nonetheless "constrained" to vacate the jury's award of punitive damages because there was no evidence on which the jury could find "that the speaker was *solely* motivated by a desire to injure plaintiff."  *Id*. at 254-55.  "Indeed," the court held, "it is precisely the randomness of defendant's conduct and the fact that such conduct was not directed specifically at this plaintiff that requires us to vacate the punitive damages award."  *Id*. at 254.  Plaintiffs' argument that common law malice can be established by evidence of recklessness has, therefore, been expressly rejected by New York courts.

It has also been rejected under Florida law.  As the Eleventh Circuit has held, common-law malice requires the plaintiffs to show "ill will, hostility, or an evil intention to defame and injure."  *Hunt v. Liberty Lobby*, 720 F.2d 631, 650 (11th Cir. 1983); *see also, e.g.*, Fla. Standard Jury Instruction 405.10(g) (requiring that plaintiff show "that defendant's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm claimant"); *Schiller v. Viacom*, 2016 WL 9280239, at *12 (S.D. Fla. Apr. 4, 2016) (same); *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1315 (M.D. Fla. 2010) ("Punitive damages for defamation are compensable upon a showing that the defendants' 'primary purpose' in engaging in the defamatory act 'was to indulge ill will, hostility, and an intent to harm.'"); *Army Aviation Heritage Fund & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1267 (N.D. Fla. 2007) (plaintiff not entitled to punitive damages because "Defendants' communications were devoid of common

law malice in the form of ill will, hostility, or evil intent"); *Brenner v. Prof'l Serv. Indus., Inc.*, 710 F. Supp. 1336, 1338 (M.D. Fla. 1989) (to award punitive damages for defamation, "evidence of ill will, hostility, or an evil intention to defame and injure must be present").

The Eleventh Circuit has also expressly rejected Plaintiffs' claim that common law malice can be established by "reckless disregard for the rights of plaintiffs." In *Hunt v. Liberty Lobby*, the Eleventh Circuit specifically disapproved of a punitive damages award "predicated on the proof that Liberty Lobby acted with 'malice, wilfullness or callous and reckless indifference' to the rights of Hunt," and ordered that "on retrial the jury should be cautioned that a verdict for punitive damages can be returned only if it finds that Liberty Lobby acted with" ill will, hostility, or an evil intention to defame and injure. 720 F.2d 650-51. And in *Crestview Hosp. Corp. v. Coastal Anesthesia, P.A.*, 203 So. 3d 978 (Fla. 1st DCA 2016), the court rejected an instruction that allowed the jury to find common-law malice "where the false publication was made with such gross and reckless negligence as to amount to actual malice, or the false publication was made with reckless disregard to the plaintiffs' rights," because "[t]hat the Hospital Defendants said knowingly false things about [the plaintiff] or recklessly disregarded his rights, didn't necessarily mean that they were motivated by personal hostility against him." *Id.* at 982-83.

Although both of these cases were cited in Defendants' motion, Plaintiffs ignore them. And the cases they cite instead do not help them. Plaintiffs rely mostly on a concurrence in another fifty-year-old case, *Brown v. Fawcett Publ'ns, Inc.*, 196 So. 2d 465 (Fla. 2d DCA 1967), which predated the Supreme Court's recognition that the First Amendment limits punitive-damage awards in libel cases in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974), the Eleventh Circuit's binding interpretation of Florida law on this issue in *Hunt*, and the modern Florida standard jury instruction on the law of punitive damages. And *Brown* is also readily distinguishable from this case – the court noted that the false statements were specifically "directed toward plaintiff," because the magazine anonymized the other two suspects mentioned in the article, but "pointedly" identified the plaintiff by his real name. *Brown*, 196 So. 2d at 467-68. *Asinmaz v. Semrau*, 42 So. 3d 955 (Fla. 4th DCA 2010), which Plaintiffs also cite, similarly involved specific evidence of animus: the court emphasized that the defendant had made the false police report only after a "vehement" dispute with the plaintiff. *Id.* at 959.[4] The plaintiffs

---

[4] *See, e.g.*, *Morsette*, 309 A.D.2d at 255 (no common-law malice where evidence indicated "that the editor did not know plaintiff, or anything about her, when final approval was given to publish

in *Brown* and *Asinmaz* therefore had exactly the sort of evidence of ill will that is conspicuously absent in this case, where Plaintiffs have affirmatively stated in their summary judgment materials that Defendants had no idea who Plaintiffs were when they published the Dossier, and they never suggest that Defendants treated them differently than anyone else named in the Dossier.  *See* Mot. at 5.[5]

Plaintiffs' theory has therefore been rejected by both New York and Florida courts. Plaintiffs have produced no evidence Defendants bore them any ill will or hostility.[6]  They, therefore, are not entitled to recover punitive damages.

**B.**  **Plaintiffs' "Request" to Add a Punitive Damages Claim Should be Denied**

In addition, Plaintiffs' belated "request" to amend their Complaint to assert punitive damages should be denied.  A party seeking to amend a pleading after the expiry of a scheduling order's deadline for doing so "must first demonstrate good cause under Rule 16(b) before [the court] will consider whether amendment is proper under Rule 15(a)."  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying motion to amend where plaintiff's argument "does not address good cause under Rule 16(b), but focuses instead on the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a).").  A plaintiff cannot establish good cause simply by asserting a lack of prejudice, because "[d]iligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry."  *Taylor v. Genesee & Wyoming, Inc.*, 2015 WL 12838173, at *2 (M.D. Fla. Jan. 6, 2015) (holding that "the position that Defendant would not be prejudiced if the amendments were allowed cannot help Plaintiff in the absence of a threshold

---

the altered photographs"); *Collier Cty. Publ'g Co. v. Chapman*, 318 So. 2d 492, 495 (Fla. 2d DCA 1975) (no common-law malice where "[t]here were no bad feelings between the parties in the instant case prior to the incident in question").

[5] The third Florida case Plaintiffs cite, *In re Yanks*, 100 B.R. 595 (S.D. Fla. 1989), was defining malice for purposes of § 523(a)(6) of the Bankruptcy Code, not a punitive-damages award in a defamation case.

[6] Plaintiffs' problem goes far beyond how they have framed their punitive damages claim in their Complaint or their Opposition.  As Defendants pointed out in this motion, Plaintiffs' substantive arguments in their summary judgment papers – including their claims that Defendants published the Dossier for economic motives, and that Defendants did not know they were when they published the Dossier – are fundamentally inconsistent with any claim that they published the Dossier solely or primarily out of a desire to harm Plaintiffs.  Mot. at 4; *see also, e.g.*, *Morsette*, 309 A.D.2d at 255 (no common-law malice where "the editor did not know plaintiff, or anything about her"); *Schiller*, 2016 WL 9280239, at *13 (no common-law malice where "Defendants acted to maximize profits").  Plaintiffs' Opposition offers no response to this.

showing of diligence"); *see also, e.g.*, *Donley v. City of Morrow*, 601 F. App'x 805, 812 (11th Cir. 2015) ("Mathis's arguments – that he did not act in bad faith and that the Defendants would not have been prejudiced – ignore Rule 16(b) and do not show diligence or good cause for granting leave to amend many months after the deadline."); *Durham Commercial Capital Corp. v. Select Portfolio Servicing, Inc.*, 2017 WL 6406806, at *8 (M.D. Fla. Dec. 15, 2017) ("[T]he absence of bad faith and a lack of prejudice do not address the requirement of diligence, and thus do not establish good cause to allow amendment of the Complaint over two years after the deadline, and after an adverse ruling on the parties' Summary Judgment Motions.").  Indeed, the only case Plaintiffs cite in support of their request, *Colbert v. Anheuser-Busch, Inc.*, does not help them because the court in that case applied the liberal Rule 15(a) standard, not the more demanding good cause standard that applies here.  *See* 2013 WL 12145015, at *1 (M.D. Fla. Apr. 11, 2013).

Here, Plaintiffs waited more than sixteen months after the Court's deadline for amending pleadings expired on June 30, 2017 before finally making their "request," and they must therefore satisfy Rule 16's good cause requirement.  They cannot do so because their argument is addressed to the wrong standard.  It focuses only on an assertion that the delay did not cause prejudice, Opp. at 2, and ignores what really matters to the good-cause inquiry – their diligence. In the absence of any explanation for why Plaintiffs are making this request on the eve of trial, it should be denied.  *See, e.g.*, *Johnson v. R.J. Reynolds Tobacco Co.*, 2013 WL 3892991, at *3 (M.D. Fla. July 26, 2013) (denying plaintiff's request to add punitive damages claim four months after deadline because "Plaintiff could have added his request for punitive damages at any time after removal, but before the deadline to amend pleadings.  Plaintiff failed to do so through a lack of diligence and he does not present any reason why he should be allowed to do so now").

Even if the Court decides that there was good cause for this delay, however, Plaintiffs' request should be denied because any claim for punitive damages in this case is futile.  *See, e.g.*, *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).  For the reasons set out in Defendants' opening brief on this Motion *in Limine* and above, there is simply no evidence in this case on which a jury could award them punitive damages.

## CONCLUSION

For all these reasons, Defendants request that the Court exclude evidence relevant only to punitive damages.


Dated:  November 20, 2018                    Respectfully submitted,

                                             /s/ Katherine M. Bolger
                                             Katherine M. Bolger
                                             Nathan Siegel
                                             Adam Lazier
                                             Alison Schary
                                             Davis Wright Tremaine LLP
                                             1251 Avenue of the Americas, 21st Floor
                                             New York, New York 10020
                                             katebolger@dwt.com
                                             nathansiegel@dwt.com
                                             adamlazier@dwt.com
                                             alisonschary@dwt.com


                                             /s/ Roy Black
                                             Roy Black
                                             Jared Lopez
                                             Black, Srebnick, Kornspan & Stumpf, P.A.
                                             201 So. Biscayne Boulevard
                                             Miami, Florida 33131
                                             rblack@royblack.com
                                             jlopez@royblack.com

                                             *Attorneys for Defendants*

4820-7515-4811v.2 0100812-000009

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, will be served electronically by email on all counsel or parties of record on the service list below this 20th day of November, 2018.


By: /s/  Adam Lazier
         Adam Lazier


## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

4820-7515-4811v.2 0100812-000009