IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

   Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

   Defendants.
_____/

**DEFENDANTS' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT AS TO OTHER BUZZFEED REPORTING AND INCORPORATED MEMORANDUM OF LAW**

      The only argument Plaintiffs offer in response to Defendants' assertion that evidence related to articles other than those at issue here should be excluded are their self-serving *ipse dixits* that two articles related to the so-called Sh\*\*\*y Media Men are relevant because they demonstrate Defendants' "inconsistent" rationales for publishing the Media Men article versus the Dossier. Opp. 3-4. But this argument wholly ignores both the arguments in Defendants' opening brief and the Federal Rules of Evidence. Regardless of how Plaintiffs want to use the information, it is inadmissible for this or any purpose pursuant to Federal Rules of Evidence 401, 402 and 403.

      *First*, evidence related to the Media Men articles and/or any other articles published by BuzzFeed are inadmissible as irrelevant because they have no bearing on Defendants' decision to publish the Article and Dossier at issue in this libel suit. The relevant inquiry for determining whether Defendants may be held liable for publishing the Article in suit requires an evidentiary examination of their actions at the time they published the Dossier—not any other subsequent publication conduct. *See N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 286 (1964) (actual malice determined as of the date of publication); *Brooks v. ABC, Inc.*, 999 F.2d 167, 172 (6th Cir. 1993) (negligence looks to defendant's conduct at "the time of publication") (citation omitted). The

1

inquiry, therefore, should focus *only* on the thoughts and actions of BuzzFeed employees at the time the Article and the Dossier were published.

In response to this, Plaintiffs contend that they should be permitted to inquire into the Media Men articles so they can contrast the decision to publish the Dossier with the "contradictory decision not to publish the Media Men List." Opp. 3. Plaintiffs cite no authority to support this argument and, indeed, they cannot do so. What BuzzFeed did or didn't do about another article it published nine months after the publication of the Article and the Dossier (and eight months after Plaintiffs sued them seeking hundreds of millions of dollars in damages) is, as a matter of law, irrelevant to whether they acted with actual malice or gross irresponsibility at the time the Article and the Dossier was published. *See, e.g.*, *Chapman v. Journal Concepts, Inc.*, 401 F. App'x 243, 245 (9th Cir. 2010); *Tavoulareas v. Piro*, 93 F.R.D. 35, 44 (D.D.C. 1981). This is particularly so if this Court determines the Plaintiffs are public figures because comparative or objective evidence regarding the reasonableness of the decision to publish the Dossier as opposed to other articles is not at issue. *N.Y. Times Co.*, 376 U.S. at 286 (malice must be shown "at the time of the publication"). In short, why BuzzFeed chose to publish a wholly different article almost a year after this lawsuit was commenced has no relevance to any issue to be determined by the jury.

***Second***, even if there were some marginal relevance to the Media Men articles (and there is none), that relevance would be substantially outweighed by the unfair prejudice and confusion Plaintiffs seek to achieve. Plaintiffs provide *no response* to Defendants' argument that, under Rule 403, Plaintiffs should be prohibited from seeking admission of the Media Men articles because it is clear they intend to use these articles to prejudice the jury against Mr. Smith and BuzzFeed in some way. Instead of contending with authority holding that evidence critiquing reporting extraneous to the subject of a libel claim is properly excluded under Rule 403, *see Schafer v. Time, Inc.*, 142 F.3d 1361, 1372-74 (11th Cir. 1998), Plaintiffs prove Defendants' point, arguing that they should be allowed to question Mr. Smith about the Media Men list because they want to show that he did not publish it to protect other BuzzFeed employees and/or other friends in the media business. *See* Opp. 3. They do not proffer a shred of evidence to support that baseless allegation, which they simply invent. That alone warrants this evidence, since there is no foundation to permit Plaintiffs to make this highly prejudicial line of argument. But even ignoring that, on its face their speculation that Mr. Smith had some personal motive

not to publish an entirely unrelated story nine months later has nothing to do with either his state of mind about publishing a story concerning the 2016 election, or whether it was objectively reasonable for a journalist to publish the election story.  Plaintiffs therefore admit that they seek to offer this evidence for an obviously improper purpose—to prejudice the jury against Mr. Smith on irrelevant grounds.  The Court should exclude such evidence because Mr. Smith's reasons for deciding not to publish the Media Men list are in no way probative of his decision to publish the Dossier.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiffs from introducing evidence, testimony, or argument relating to any BuzzFeed articles other than those at issue here, including but not limited to the "Media Men" articles.

Dated:  November 20, 2018        Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

4814-6645-7979v.3 0100812-000009

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically by email on all counsel or parties of record on the service list below this 20th day of November, 2018.

By: /s/ Adam Lazier
      Adam Lazier

## SERVICE LIST

Matthew Shayefar
Valentin D. Gurvits
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

4