UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-60426-UU

ALEKSEJ GUBAREV, *et al.*,

    Plaintiffs,

v.

BUZZFEED, INC., *et al.*,

    Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon non-party The New York Times Company's ("The Times") Motion to Intervene and For Access to Judicial Records (D.E. 254) (the "Motion").

THE COURT has considered the Motion, the responses to the Motion filed by Plaintiffs (D.E. 284) ("Plaintiffs' Response") and Defendants (D.E. 285) ("Defendants' Response"), the Times' Reply in support thereof (D.E. 305) (the "Reply"), and pertinent portions of the record and is otherwise fully advised in the premises.

### I.    THE TIMES' MOTION TO INTERVENE IS GRANTED

As a preliminary matter, the Court must determine whether The Times may intervene in this case for the purpose of seeking access to judicial records. The Court readily determines that intervention is appropriate here. First, no party objects to The Times' standing to intervene. *See* Pls.' Resp. at 2; Defs.' Resp. at 1. Second, case law is well-settled that "[t]he press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records." *In re Petition of Tribune Co.*, 784 F.2d 1518, 1521 (11th Cir. 1986);

1

*Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983); *accord Rosenfeld v. Montgomery Cty. Pub. Schs.*, 25 F. App'x 123, 131 (4th Cir. 2001); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994); *United States v. Valenti*, 987 F.2d 708, 711-12 (11th Cir. 1993). The procedural device of a timely motion for Rule 24[1] permissive intervention is the appropriate way for The Times to lodge its petition. *See Pansy*, 23 F.3d at 778.[2] The Times' motion to intervene here is timely and due to be GRANTED.

## II. THE COURT DEFERS RULING ON THE TIMES' MOTION FOR ACCESS TO JUDICIAL RECORDS

The Court issues herewith an Order Regarding Procedure for Notifying Certain Non-Parties About Potential Unsealing (the "Non-Party Order"). The Non-Party Order lays out a procedure for the parties to notify certain non-parties about the potential unsealing of documents, testimony, or other materials that those non-parties have designated as "Confidential." Those non-parties shall have an opportunity to state their position on the sealing or unsealing of the affected documents. Accordingly, the Court DEFERS RULING on the Times' Motion for Access to Judicial Records until those non-parties have had the opportunity to make their positions known to the Court.

It is hereby ORDERED AND ADJUDGED that the Times' Motion, D.E. 254, is GRANTED IN PART as to intervention and otherwise REMAINS PENDING.

---

[1] Federal Rule of Civil Procedure 24(b).

[2] *See also In re Associated Press*, 162 F.3d 503, 507-08 & n.6 (7th Cir. 1998) (holding that district court committed reversible error by denying the press's motion to intervene to bring claims of access to court proceedings); *United States v. Preate*, 91 F.3d 10, 12 n.1 (3d Cir. 1996); *In re Globe Newspaper Co.*, 729 F.2d 47, 50 n.2 (1st Cir. 1984); *United States v. Chagra*, 701 F.2d 354, 359-60 (5th Cir. 1983). *Cf. Wakefield v. Church of Scientology of Cal.*, 938 F.2d 1226, 1230 (11th Cir. 1991) (newspaper lacked standing to belatedly intervene where motion to intervene was filed more than six years after the case was filed and approximately two years after case was closed).

DONE AND ORDERED in Chambers, Miami, Florida, this 18th day of December, 2018.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf

3