**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 17-cv-60426-UU**

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.
     Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,
     Defendants.
_____ /

**PLAINTIFFS' SUPPLEMENTAL RESPONSE CONCERNING NEW YORK TIMES'**
**MOTION TO INTERVENE AND REQUEST FOR STAY OF RULING ON THE SAME**

**Relevant Procedural History**

On September 28, 2018, Plaintiffs filed under seal an Emergency Motion to Continue to

Seal Portions of Defendants' Summary Judgment Motions and Statements of Fact (D.E. 223).

On the same day, the Court provisionally granted Plaintiffs' Motion for the purposes of

maintaining the status quo.  (D.E. 224).   Defendants subsequently moved for leave to oppose

Plaintiffs' Motion (essentially asking the Court to reconsider its provisional allowance of the

Motion) and the Court subsequently set a briefing schedule to allow the parties to provide

additional briefing (D.E. 231.)  Although the parties more fully briefed the issues concerning the

continued sealing of portions of the record in this case, the Court did not issue an order

reconsidering its original ruling of September 28, 2018 and, as such, the records remained sealed.

On October 17, 2018, the New York Times Company filed a Motion to Intervene and for

Access to Judicial Records, which sought to unseal all documents previously filed under seal in

the present matter (D.E. 254).  On November 20, 2018, this Court, *sua sponte*, issued an order

requiring the Parties to produce a chart of all documents filed under seal, with the Parties'

arguments as to why such documents should (or should not) remain sealed.  (D.E. 327).

1

On December 18, 2018, this Court granted the New York Times' Motion to Intervene, but deferred its ruling on the New York Times' motion for access to judicial records, pending notification being given to certain third parties, as outlined in a separate order of the Court (D.E. 382 and 383, respectively).  The New York Times' Motion for access to judicial records has not been ruled upon as of this date.

On December 19, 2018, this Court granted Defendants' Motion for Summary Judgment and entered Judgment in favor of Defendants.  (D.E. 388 and 390).  In its Order of Judgment, the Court stated that the case was closed for administrative purposes; all hearings were cancelled; and "**and all other motions EXCEPT the New York Times Company's motion to intervene (D.E. 254) are DENIED AS MOOT.**"  (D.E. 390).

On December 19, 2018, Plaintiffs filed their Notice of Appeal and paid their filing fee in connection with the same. (D.E. 392)  On December 20, 2018, the Court transmitted Plaintiffs' Notice of Appeal and the Docket Sheet to the Eleventh Circuit Court of Appeals.

<u>**Additional Response and Request for Clarification**</u>

I.      The Court Should Refrain From Ruling On the New York Times' Motion
        For Access to Judicial Records as it Does Not Currently Have Jurisdiction
        to Rule on the Motion.

As the Eleventh Circuit has held, the filing of a notice of appeal "divest[s] the district court of jurisdiction over all aspects of the case, except matters in aid of the appeal." *See, e.g., Leonard v. Florida,* No., 2018 U.S. App. LEXIS 21824, at *2 (11th Cir. 2018).

And, although it is true that the District Court is not necessarily divested of jurisdiction over matters collateral to the appeal (*see, e.g., Otero v. Shellpoint Mortg. Servicing (In re Otero),* 741 F. App'x 761, 763 (11th Cir. 2018)), the Eleventh Circuit has yet to determine whether a motion to unseal documents falls within the category of motions over which the District Court

2

loses jurisdiction upon the filing of a proper notice of appeal.  Nonetheless, the majority of Circuit Courts to consider the question have found that the filing of a notice of appeal precludes the District Court from subsequently ruling on either a motion to unseal or a motion to intervene. *See, e.g., United States v. Georgiou,* 777 F.3d 125, 145 (3d Cir. 2015)("We reject Georgiou's argument that the District Court erred in denying his motion to unseal. …'  The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.' …Because the District Court lacked jurisdiction at the time Appellant filed his motion to unseal, there was no error in denying this motion")(citations omitted); *United States v. Pickard*, 676 F.3d 1214, 1218-19 (10th Cir. 2012)("Because Defendants' own assertions indicated the applicability of the general rule that a notice of appeal divests the district court of jurisdiction, it was hardly an abuse of power for the district court to conclude that it had lost its jurisdiction to decide the unsealing motion"); *Doe v. Pub. Citizen*, 749 F.3d 246, 258-59 (4th Cir. 2014)("Whether a district court retains jurisdiction to rule on a motion to intervene following a notice of appeal is a matter of first impression in this Circuit. The majority of our sister circuits that have confronted this issue have applied the general jurisdiction-stripping rule to hold that an effective notice of appeal deprives a district court of authority to entertain a motion to intervene after the court of appeals has assumed jurisdiction over the underlying matter... We see no reason why an intervention motion should be excepted from the general rule depriving the district court of authority to rule on matters once the case is before the court of appeals. Accordingly, we join the majority of our sister circuits and hold that an effective notice of appeal divests a district court of jurisdiction to entertain an intervention motion"); *Nicol v. Gulf Fleet Supply Vessels, Inc.,* 743 F.2d 298, 299 (5th Cir. 1984)("If an appeal is taken from a judgment which determines the entire action, the district

court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal, except in aid of the appeal or to correct clerical errors under Rule 60(a). …That is the general rule in this Circuit, and it has been applied to motions for intervention… Accordingly, the district court in this case was without jurisdiction to rule on the motion to intervene filed by Hammett, Leake & Hammett once Nicol had filed his notice of appeal"). *See also United States v. Reeves,* 2016 U.S. Dist. LEXIS 57908, at \*2 (D.N.J. May 2, 2016)(denying motion to unseal because filing of notice of appeal divested District Court of jurisdiction to decide the motion); *In re N.Y. Times Co. to Unseal Wiretap & Search Warrant Materials*, 600 F. Supp. 2d 504, 509 (S.D.N.Y. 2009)(denying third-party's motions to intervene and contest the scope of reaction of documents "first and foremost, because the Court lacks jurisdiction to grant them. In general, the filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal. … While the Court may, nevertheless, continue to exercise jurisdiction over certain specified post-judgment motions by the parties (such as a motion to alter or amend the judgment), see Rule 4, Fed. R. App. P., no such jurisdiction is accorded to motions by non-parties.")

In its order of December 19, 2018, this Court ruled as moot all motions other than the New York Times' motion.  Presumably, this includes any reconsideration of the Court's earlier allowance of Plaintiffs' Emergency Motion to Continue to Seal Portions of Defendants' Summary Judgment Motions and Statements of Fact, which Defendants may appeal, if they chose to do so.

Less clear, however, is whether the Court still intends to rule on the New York Times' motion at this time.  Plaintiffs believe that, under the cases cited above, this Court currently lacks the jurisdiction to rule on that motion – particularly where the District Court's Docket sheet has

already been transmitted to the Eleventh Circuit and, as such, any order unsealing documents would alter the appellate record as it currently exists.  Indeed, 11th Circuit Rule 11-3 provides, in relevant part, that "If any documentary exhibits have been sealed or marked confidential by the district court or the district court clerk, the district court clerk must transmit any such sealed or confidential documentary exhibits to this court either in their original form or in electronic form provided the electronic access is appropriately restricted, unless otherwise directed by the clerk of this court."

Presumably, if and when the matter is remanded to the District Court, the Court would have the opportunity to then rule on the New York Times' motion and it would then be appropriate for the Court to do so.  As such, Plaintiffs respectfully request that the Court defer any ruling on the New York Times' motion until such time as the matter is remanded to this Court.

II.     Alternatively, if the Court Chooses to Rule On The New York Times' Motion, it Should Stay the Actual Unsealing of Documents to Provide the Parties With the Opportunity to Appeal Such an Order.

Although Plaintiffs believe that the Court's decision on the New York Times' motion should be stayed for the reasons discussed above, Plaintiffs are aware of one Circuit court case that *suggested* that a District Court might retain jurisdiction over a motion to seal after the filing of a notice of appeal.  In *FutureFuel Chem. Co. v. Lonza, Inc.,* 756 F.3d 641 (8th Cir. 2014), the Court was presented with a notice of appeal of both the District Court's grant of summary judgment and a second notice of appeal concerning the unsealing of records.  There, the Eighth Circuit found that the District Court had not yet issued an appealable order concerning the unsealing of records, but rather had simply expressed its inclination to issue an order concerning unsealing, to which it would then allow the parties to file objections.  Accordingly, the Eighth

Circuit dismissed as premature any appeal concerning the unsealing of records.  Even so, the Court's opinion suggested that the District Court might not be able to rule on the issue of unsealing of documents until the case was remanded, noting that "because the case was on appeal, the district court no longer had access to the materials for review."  *Id.* at 648.

To the extent that *FutureFuel Chem. Co.* might be read to mean that the District Court retains jurisdiction after a notice of appeal to rule on a pending motion to unseal documents (something that is far from clear), it would also seem to suggest that the parties would – once the ruling was made – have the right to separately appeal the unsealing order and should be given the opportunity to do so.  Accordingly, if the Court believes that it retains jurisdiction to rule on the New York Times' motion prior to a remand from the Eleventh Circuit, Plaintiffs would respectfully request that the Court also stay the actual unsealing of documents pending an appeal of the issue to the Eleventh Circuit given that, once documents are unsealed, that particular bell cannot be un-rung.[1]

---

[1] Finally, if the Court is intending to rule on the New York Times' motion at this point in time, Plaintiffs would argue that, although they continue to believe that the Parties' deposition transcripts should remain sealed in their entirety for the reasons articulated in the Parties' Joint Response to the Court's November 20, 2018 Order, at a minimum the Court should accept Defendants' offer (made in the joint response) to substitute excerpts of the deposition transcripts for the complete transcripts Defendants previously filed.  Although Defendants only referenced certain portions of Plaintiffs' depositions in their motions, they included the entirety of each deposition transcript in their filings.  There is no presumption of public access for documents so filed.  *See, e.g., Luzzi v. ATP Tour, Inc*., 2011 U.S. Dist. LEXIS 74796, at *5-9 (M.D. Fla. July 12, 2011)(finding first that "the plaintiffs did not need to attach the sealed documents in responding to the Motion for Summary Judgment and the Court did not utilize them in reaching its decision.  It is not certain that the Eleventh Circuit would find a presumptive right of public access to filed documents that played no role in the adjudication process" and that, even if the Court assumed such a presumpive right of access existed, "the Eleventh Circuit held in *Chicago Tribune* that Rule 26 confidentiality is not automatically foregone because confidential materials are submitted with a substantive motion" before holding that the documents should remain sealed because the release of "gratuitously filed and unvarnished data… would serve little or no public or First Amendment purpose.")  Again, however, Plaintiffs do not believe that this is an issue that this Court can or should address prior to a remand from the Eleventh Circuit.

<u>Conclusion</u>

For the reasons stated hereinabove, Plaintiffs respectfully request that this Court stay for lack of jurisdiction any further consideration of the New York Times' motion (or of any unsealing of documents currently sealed) until such time as the Eleventh Circuit Court of Appeals remands the case to the District Court.  In the alternative, if the Court chooses to rule on the New York Times' motion, Plaintiffs respectfully request that this Court stay the actual unsealing of any documents until the parties have the opportunity to appeal the unsealing order and the Eleventh Circuit has an opportunity to rule on the same.

Dated: December 21, 2018

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on December 21, 2018.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Cary McClelland
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com
carymcclelland@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com