UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 0:17-cv-60426-UU-Ungaro/O'Sullivan

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

    Plaintiffs,

v.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.
_____/

**THE NEW YORK TIMES COMPANY'S REPLY IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL RESPONSE CONCERNING MOTION TO INTERVENE AND REQUEST FOR STAY OF RULING ON THE SAME**

Pursuant to this Court's December 21, 2018 Order [D.E. 395], The New York Times Company ("The Times"), publisher of *The New York Times*, files its Reply in Opposition to Plaintiffs' Supplemental Response Concerning New York Times's Motion to Intervene and Request for Stay of Ruling on the Same [D.E. 393].

## INTRODUCTION

In order to maintain the apparent status quo of the sealed material in this case, Plaintiffs argue that this Court lacks jurisdiction to rule on The Times's Motion to Intervene and for Access to Judicial Records or that any such order should be stayed pending a possible appeal to the Eleventh Circuit. Plaintiffs' argument ignores that the status quo encompasses a broad swath of sealed court records – well beyond the materials submitted in connection with the summary judgment motions – and includes documents that even Plaintiffs have agreed should be unsealed. This Court granted The Times's motion to intervene and was in the process of conducting the exacting review the

Eleventh Circuit requires in order to seal court records when Plaintiffs filed their notice of appeal of the Court's order granting final summary judgment in favor of Defendants. That order, however, does not divest this Court of jurisdiction to finish its review of the sealed documents and make appropriate findings regarding their release.

## RELEVANT PROCEDURAL HISTORY

This Court has allowed the parties to file various materials under seal. [D.E. 123, 203, 189, 210]. Importantly, the Court took steps to insure such materials were properly filed and to preserve its ultimate responsibility to make sure good cause supported closure. For example, in granting Plaintiff' Unopposed Motion to Seal Certain Exhibits to Plaintiffs' Motion for Partial Judgment on the Pleadings, the Court noted it would "review the exhibits once they have been filed and may vacate this order if, upon review, it appears that they should not be sealed." [D.E. 123]. Likewise, in allowing the parties to file material in support of their motion papers under seal, the Court required the parties to submit a document setting forth good cause for the sealing. [D.E. 210]. Plaintiffs also filed an emergency motion to keep portions of Defendants' summary judgment motion under seal [D.E. 223], which the Court provisionally granted [D.E. 224]. However, the briefing on Plaintiffs' emergency motion and this Court's order remain under seal.[1]

---

[1] Local Rule 5.4 requires a motion to seal must be filed setting forth the basis for "departing from the general policy of a public filing" and generally describing the contents of the sealed filing. L.R. 5.4(b)(1). The motion to seal "shall be publicly available on the docket." *Id.* The Court must enter an order, either accepting the proposed document under seal or denying closure (in which case the Clerk returns the proposed filing to the filer). L.R. 5.4(e). As written, the Local Rule does not contemplate the Court's order regarding closure would be sealed. *Id.*

The Times subsequently moved to intervene in this matter for the limited purpose of seeking access to the sealed judicial records. [D.E. 254]. In response to The Times's motion, Plaintiffs took no position regarding the release of material related to the origin of the Dossier, the Government's investigation of the Dossier and BuzzFeed's investigation of the Dossier. [D.E. 284 at 5]. The Defendants' response revealed that some court records had been sealed that were not marked by anyone as confidential pursuant to any protective order. [D.E. 286 at 1]. Thus, it appeared for a vast amount of the material sealed, there was no basis for continued closure.

After briefing was complete on The Times's motion to intervene, the Court sua sponte entered an order recognizing that voluminous amounts of material had been filed under seal and that the parties had not shown good cause to justify sealing. [D.E. 327]. This Court emphasized that the parties had not complied with Local Rule 5.4, as instructed by the Court, and that the notices filed by the parties, which were supposed to set forth good cause, were "woefully inadequate . . . and do not establish good cause." Id. The Court acknowledged that it was duty-bound to review any request to seal the court record and that it intended to promptly audit the sealed filings. Id. The Court established a procedure for the parties to submit their positions regarding sealing and additional justifications to support closure. Id.

The Court subsequently entered an order granting The Times's motion to intervene and deferred ruling until impacted non-parties had an opportunity to make their positions known to the Court. [D.E. 382]. The Court simultaneously entered an order stating that it was "considering unsealing all materials filed in this case except for: (1) discovery materials (including but not limited to deposition testimony and responses to

3

subpoenas) designated by non-parties as confidential (rather than designated by the parties) and (2) confidential commercial information that amounts to a trade secret." [D.E. 283]. The Court established a procedure for the parties to provide notice to impacted non-parties so that they would have an opportunity to provide a position statement with respect to sealing. *Id.*

Thereafter, the Court found the challenged reporting in this case protected by the fair report privilege and granted final summary judgment in favor of Defendants. [D.E. 388, 390]. Plaintiffs appealed the same day. [D.E. 392].

## ARGUMENT

**I. The Notice of Appeal Does Not Divest This Court of Jurisdiction to Unseal its Records.**

"The filing of a notice of appeal generally 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)). Because the rule is not absolute and only divests the Court of jurisdiction over aspects of the case involved in the appeal, the Eleventh Circuit recognizes an important exception: A notice of appeal does not prevent the Court from handling collateral matters to the appeal. *See Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (finding a notice of appeal does not "prevent the court from entertaining motions on matters collateral to those at issue on appeal"); *In re Roberts*, 291 Fed. Appx. 296, 298 (11th Cir. 2008) (same). In other words, the Court can continue to rule on matters that do not impact the appeal. *See United States v. Reed*, 404 Fed. Appx. 464 (11th Cir. 2010) ("The general rule regarding divestiture of jurisdiction,

4

however, does not apply to collateral matters not affecting the questions presented on appeal.").

In this case, the Court granted final summary judgment in favor of Defendants because it found their reporting was protected by the fair report privilege, i.e., the reporting was a fair report of an official government proceeding. [D.E. 388]. Prior to this ruling, the Court had already expressed its intention to unseal a vast majority of the sealed filings. Tellingly, Plaintiffs took no position with respect to the release of material related to the application of the fair report privilege – namely, material related to the origin of the Dossier, the Government's investigation of the Dossier and BuzzFeed's investigation of the Dossier. [D.E. 284 at 5]. The Court's review of its sealed records is unrelated to its summary judgment order and will have no impact on Plaintiffs' merits appeal to the Eleventh Circuit. As such, the access issues addressed in The Times's motion to intervene, and raised by the court sua sponte, are collateral to Plaintiffs' appeal and are, therefore, properly considered by this Court.

The Eleventh Circuit has consistently held that an order denying access to judicial records is reviewable as a collateral order. *See United States v. Ellis*, 90 F.3d 447, 449 (11th Cir. 1996). *See also United States v. Valenti*, 987 F.2d 708, 712 (11th Cir. 1993) (stating "an order denying access is not only reviewable by this court but is immediately reviewable regardless of the pendency of the underlying action"); *Newman v. Graddick,* 696 F.2d 796, 800 (11th Cir 1983) (recognizing that orders denying press access and ongoing litigation are appealable under the collateral order doctrine). Thus, the Eleventh Circuit generally considers access matters as collateral to the merits of

5

the underlying proceeding. Put simply, the public's presumptive right of access to court records is typically independent of the disposition of the underlying case.

For example, in *Newman v. Gradick*, The Advertiser Company appealed a district court's denial of petitions to copy judicial records and its continuing closure of hearings in a class action concerning the unconstitutional overcrowding in Alabama prisons. 696 F.2d at 798. The Eleventh Circuit first confirmed that the press had standing to seek access in cases to which it is not a party. *Id.* at 800. The court then stressed, "[w]hile the litigation before the district court has not ended, we have held orders denying press access in ongoing litigation appealable under the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.*" *Id.* Like the exception in the divestiture context, the collateral order doctrine allows appeal of certain non-final orders that are independent of the underlying litigation. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546 (1949) (finding that certain non-final decisions are immediately appealable because they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated").

The Eighth Circuit Court of Appeals has also opined that access issues are collateral to a merits appeal. *See FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014). In *FutureFuel*, the district court entered an order stating its intentions to unseal documents but allowed the parties ten days to file objections. The court simultaneously granted summary judgment. *Id.* Before it had a chance to rule on the sealing motion, the summary judgment order and the court's proposal to unseal the

6

records was appealed. *Id.* at 648. Because the court had not yet decided on the unsealing, the Eighth Circuit Court of Appeals found the appeal was premature. *Id.* The court was clear, however, that "'the right of access to judicial records and documents is independent of the disposition of the merits of the case.'" *Id.* (quoting *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 n.\* (4th Cir. 1988). Because the district court retained jurisdiction over collateral matters, it was permitted to consider unsealing the court records despite the filing of the notice of appeal challenging summary judgment. *Id.*; *see also Honeywell Int'l, Inc. v. Nikon Corp.*, 2010 U.S. Dist. LEXIS 18569 (D. Del. March 2, 2010) (finding motion to unseal documents collateral to merits appeal).

The cases cited in Plaintiffs' Supplemental Response do not dictate a different result. Most of the cases cited by Plaintiffs involved motions to unseal or intervene that directly impacted the appeal. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258-59 (4th Cir. 2014) (finding court lacked jurisdiction to consider motion to intervene when notice of appeal filed on the same motion); *United States v. Pickard*, 676 F.3d 1214, 1218-19 (10th Cir. 2012) (finding district court "probably" correct in determining it lacked jurisdiction with respect to motion to unseal that "influence[d]" the outcome of the proceedings and "involved matters to be addressed in the pending appeals"); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 298-99 (5th Cir. 1984) (finding trial court lacked jurisdiction to rule on third party law firm's motion to intervene related to fees and costs allegedly owed the law firm based on the merits decision); *United States v. Reeves*, 2016 U.S. Dist. LEXIS 57908, at \*3 (D.N.J. May 2, 2016) ("Because Bryan's motion to unseal involves a matter directly related to his pending appeal, jurisdiction lies with the Third Circuit and not with this Court."); *In re N.Y. Times Co. to Unseal Wiretap & Search Warrant*

*Materials*, 2009 U.S. Dist. LEXIS 22831 (S.D.N.Y. March 26, 2009) (finding court lacked jurisdiction to consider untimely motion to intervene regarding sealing order where notice of appeal had been filed with respect to the sealing order). The remaining case cited by Plaintiffs, *United States v. Georgiou*, involved a motion to unseal filed <u>after</u> a notice of appeal, wherein the movant was asking the court to create jurisdiction where none in existed. 777 F.3d 125, 145 (3d Cir. 2015) (finding district court lacked jurisdiction at the time appellant filed his motion to unseal, which was filed after the notice of appeal). By contrast, The Times's motion to intervene was clearly within the Court's existing jurisdiction at the time the notice of appeal was filed – the Court had already granted the motion to intervene and, in fact, was conducting its own <u>sua sponte</u> audit of the sealed filings in this case.

Here, Plaintiffs have specifically appealed the Court's summary judgment order and final judgment. [D.E. 392]. The sealing orders are not encompassed within Plaintiffs' appeal and are not inextricably intertwined to the order and judgment appealed.[2] Any ruling on The Times's motion to intervene, or even this Court's own <u>sua sponte</u> order to audit the sealed filings, will not impact the appeal before the Eleventh Circuit. In fact, Plaintiffs do not identify any actual impact the Court's ruling would have on their appeal. As such, the access issues are collateral to the merits appeal and this Court has jurisdiction to unseal its records.

---

[2] The Eleventh Circuit has jurisdiction only to review the judgments or orders specified in the notice of appeal. *Domond v. PeopleNetwork APS*, 2018 U.S. App. LEXIS 26824, *3 (11th Cir. Sept. 20, 2018). The court will consider unnoticed orders if the overriding intent to appeal is readily apparent on the face of the notice or if they are inextricably intertwined with noticed ones. *Id.* By contrast, when a notice of appeal names specific orders or judgments to be appealed, the court infers the Appellant did not intend to appeal unmentioned orders. *Id.*

## II. This Court Should Deny Plaintiffs' Request to Stay Any Unsealing Order.

As a last resort, Plaintiffs argue that if the Court unseals any documents, it should stay its order pending review to the Eleventh Circuit. However, Plaintiffs have not provided the Court with any reason to deviate from the Southern District's regular practice of denying stays for matters collateral to a final judgment. *See King Cole Condo Ass'n v. QBE Ins. Corp.*, 2010 U.S. Dist. LEXIS 91901, at *3 (S.D. Fla. Aug. 12, 2010) ("The Court's regular practice, however, is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit.").

Moreover, because this Court has already found the parties' justifications for closure to be woefully inadequate, any continued sealing is improper. *See Grove Fresh Distribs. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) ("In light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous.") In *Grove Fresh*, a group of journalists challenged the district court's decision to delay disclosure of sealed court records, despite the court's acknowledgement that the press had a right of access to any such documents upon which the court relied in making its decisions. *Id.* at 895. The Seventh Circuit reiterated "the right of the press to obtain timely access to judicial decisions and the documents which comprise the bases of those decisions is essential." *Id.* at 898. The court explained, because "[t]he newsworthiness of a particular story is often fleeting," delaying or postponing disclosure could have "the same result as complete suppression." *Id.* at 897.

4837-2242-7268, v. 1

The sealed court filings in this case have been shielded from public view without a proper basis for far too long and any further delay is the equivalent of complete suppression. Because each passing day where the Court's records remain improperly sealed constitutes an irreparable injury on the public's presumptive right of access, if the Court is inclined to grant a stay, it should be of limited duration for Plaintiffs to seek relief in the Eleventh Circuit pursuant to Federal Rule of Appellate Procedure 8(a).

**CONCLUSION**

This Court should not preserve a status quo that results in the prolonged improper sealing of court records it has already acknowledged should be made public. Any decision unsealing the records will not impact the current merits appeal. As such, The Times's motion to intervene is collateral to the pending appeal and this Court has jurisdiction to resolve The Times's motion.

Respectfully submitted,

SHULLMAN FUGATE PLLC

*/s/ Rachel E. Fugate*
Rachel E. Fugate
Florida Bar No. 0144029
100 South Ashley Dr., Suite 600
Tampa, Florida 33602
Telephone: (813) 935-5098
Email: rfugate@shullmanfugate.com

Deanna K. Shullman
Florida Bar No. 514462
2101 Vista Parkway, Suite 4006
West Palm Beach, Florida 33411
Telephone: (561) 429-3619
Email: dshullman@shullmanfugate.com

*Attorneys for Intervenor*
*The New York Times Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 2, 2019 that a true and correct copy of the foregoing has been furnished to via CM/ECF to all counsel of record.

**Matthew Shayefar**
**Valentin D. Gurvits**
BOSTON LAW GROUP
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

**Evan Fray-Witzer**
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Evan@CFWLegal.com

**Brady J. Cobb**
**Dylan Fulop**
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Counsel for Plaintiffs*

**Katherine M. Bolger**
**Nathan Siegel**
**Adam Lazier**
**Alison Schary**
Davis Wright Tremaine, LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonshcary@dwt.com

**Roy Black**
**Jared Lopez**
Black, Srebnick, Kornspan & Stumpf, P.A.
201 S. Biscayne Blvd.
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Counsel for Defendants*

                                             */s/ Rachel E. Fugate*_____
                                             Rachel E. Fugate

4837-2242-7268, v. 1