# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.

_____/

**DEFENDANTS BUZZFEED, INC. AND BEN SMITH'S REPLY IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL RESPONSE CONCERNING MOTION TO INTERVENE AND REQUEST FOR STAY OF RULING ON THE SAME**

Pursuant to the Court's December 21, 2018 Order (D.E. 395), Defendants BuzzFeed, Inc. and Ben Smith ("Defendants") hereby file their Reply to Plaintiffs' Supplemental Response Concerning New York Times' Motion to Intervene and Request for Stay of Ruling on the Same (D.E. 393) (the "Supplemental Response").

## I. INTRODUCTION

Plaintiffs' essential message to this Court can be summed up as follows: "ha ha, we gotcha!" They maintain that by filing an immediate notice of appeal they have stripped this Court of jurisdiction to take any further action on the voluminous materials Plaintiffs wish to conceal from the public, even though no good cause has ever been found to seal them in the first place. Plaintiffs further assert that these materials must now remain sealed for months, or more likely years, until at the earliest all potential appeals have been fully exhausted.

The result Plaintiffs seek would negate the whole point of the law and public policy recognizing the public's presumptive right of access to judicial records. The law requires access to court records so that the public has the ability to meaningfully understand and evaluate the basis

for judicial decisions and the conduct of the judicial process. This Court has now issued two important opinions resolving this case, which have already received extensive coverage and commentary from the press and public around the world.

Both opinions were issued on the public record, and their contents and analysis rely heavily on various portions of the sealed record. The Eleventh Circuit's resolution of whatever issues are ultimately presented to it—which will likely also include alternative grounds for the judgment that were raised in, but not decided by, this Court—will likewise depend on its assessment of the same record. Moreover, many other motions filed in this case touch on matters of obvious public interest and importance. Yet Plaintiffs maintain that the law requires that the public be kept in the dark throughout this process, unable for years to meaningfully exercise its First Amendment right to evaluate the adjudication of this important case. That outcome makes no sense, and the law does not support—let alone require—that result. Rather, this Court is fully empowered to continue on its announced path of unsealing any court records for which it finds no good cause to seal.

## PROCEDURAL BACKGROUND

For all the briefing and activity related to sealing in this case, one simple point stands out. With the possible exception of just two documents (D.E. 144 and D.E. 203), neither this Court nor Magistrate Judge O'Sullivan have *ever* found good cause to permanently seal any of the voluminous materials that are currently under seal in this case. To the contrary, at least for most of the materials at issue, this Court has already observed there is likely no good cause to maintain them under seal.

Other than D.E. 144 and D.E. 203, there are two reasons why materials in this case are presently under seal. The first is that on September 28, 2018, this Court temporarily granted Plaintiffs' Emergency Motion to Seal certain categories of materials, solely for the purpose of

preserving the status quo until it had an opportunity to review the records in question. Defendants opposed that motion on October 12, 2018 (D.E. 242), and this Court has never finally resolved it.

Other materials are sealed because the Amended Protective Order in this case (D.E. 96) provides that materials designated as "Confidential" or "Attorneys-Eyes Only" by either a party or a non-party shall be filed under seal. As this Court has noted, however, mere designation of materials as "Confidential" is not itself "good cause" to maintain them under seal. D.E. 327 at 1 n.1. Thus, as to those materials as well, no "good cause" has ever been found to continue to seal them.

On October 17, 2018, non-party the New York Times moved to intervene and to unseal the record. D.E. 254. The Times' presence in the case is important because they asserted an independent interest in access to the record. The question, however of whether the record should remain sealed would be presented anyway, because this Court has never found good cause for sealing anything, other than solely to permit it to review the record. Thus, even before it granted the Times intervenor status, this Court announced that it would begin to exercise its own, independent duty to determine whether good cause exists to seal materials in this case. D.E. 327. That Order also noted that it appeared to the Court that there did not appear to be "good cause" for maintaining under seal the materials originating from any of the parties that are in the record. *Id.* at 1.

On December 18, 2018, this Court granted the portion of the Times' motion seeking intervention. D.E. 382. The same day, this Court issued its Decision and Order resolving the parties' cross-motions for summary judgment regarding Plaintiffs' status as public or private figures. D.E. 385. The substance of that Decision addressed and cited to many portions of the sealed record that fall within the categories of materials that are temporarily under seal pursuant

to this Court's September 28 Emergency Order. Finally, on December 19, this Court granted Defendants' motion for summary judgment. D.E. 388. That Decision likewise discussed and cited to significant portions of the sealed record. Roughly an hour after this Court granted summary judgment, Plaintiffs filed their Notice of Appeal. D.E. 392.

## II. ARGUMENT

Plaintiffs actually make two different arguments in their Supplemental Response. The first one tries to play games with the Court's own words. Plaintiffs contend that by stating in its December 19 decision that "all other motions are denied as moot" (except for the Times' motion to unseal), the Court "presumably" denied any "reconsideration" of the Court's September 28 Order temporarily granting Plaintiffs' Emergency Motion to Seal. This is just another effort to tell this Court, "gotcha."

There was no pending motion to "reconsider" that September 28 Order. To the contrary, by its own terms that Order did not purport to finally resolve the merits of whether the materials governed by the Emergency Motion should be sealed, but rather ordered them sealed only "while the undersigned takes the time to review the relevant record entries." D.E. 224. The merits of that issue continued to be briefed (D.E. 242 & 257), and have never been finally resolved. If one really wanted to play the semantic game with the Court's words that Plaintiffs propose, it could just as readily be argued that the literal import of the words "all other motions are denied as moot" is that the permanent relief sought by the Emergency Motion has now been *denied*. But that argument would be equally silly, and Defendants have no intention of making it. Rather, the simple fact is that whether the arguments presented in the Emergency Motion actually present "good cause" to permanently seal those categories of materials remains unresolved. Notably, in their jurisdictional arguments, Plaintiffs do not even purport to point to any authority stating that, after a notice of

4

appeal has been filed, a district court must stop a pre-existing process of reviewing the record to determine whether it should remain sealed.

But even assuming Plaintiffs intend to make that argument, the technical question presented here is whether the Court retains jurisdiction (a) to continue the process that it already, *sua sponte*, undertook to determine whether any of the sealed portions of the record should remain under seal, and/or (b) to rule on a pre-existing motion to unseal filed by a party that was granted intervenor status *before* Plaintiffs filed their Notice of Appeal. The answer is "yes", because whether materials do or do not remain sealed in this case is collateral to the merits of the appeal. Further, the Court should deny Plaintiffs' request to stay the unsealing of the documents pending the appeal, because Plaintiffs have not, and cannot, satisfy the requirements for a stay pending appeal.

### A. The Court Retains Jurisdiction Over Sealing Matters in This Case.

Plaintiffs concede that the filing of a notice of appeal does not does not divest this Court of jurisdiction over matters collateral to the appeal. *Otero v. Shellpoint Mortg. Servicing (In re Otero)*, 741 F. App'x 761, 763 (11th Cir. 2018). Yet Plaintiffs never address whether, or how, the issues actually pending here could affect their appeal. Instead, Plaintiffs point to case law from other circuits which they claim would preclude district courts in those jurisdictions from entertaining the motion and/or issues pending here. Even if they were binding on this Court, however, none of those cases would limit its jurisdiction because they all address scenarios that are not presented here.

First, Plaintiffs mostly cite cases holding that a district court lacks jurisdiction to entertain a non-party's motion to *intervene* after an appeal has been noted by one of the parties. *See Doe v. Pub. Citizen*, 749 F.3d 246, 258-59 (4th Cir. 2014); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743

5

F.2d 298, 298-99 (5th Cir. 1984); *In re N.Y. Times Co. to Unseal Wiretap & Search Warrant Case*, 2009 U.S. Dist. LEXIS 22831 (S.D.N.Y. March 26, 2009).  That result is not surprising, given that actually adding parties to a case that has already been appealed might affect pending appeals.  But that issue is simply not presented here.  The Times was granted intervenor status before any appeal was noted, and in any event the Court itself was reviewing the state of the record.  Thus, the only issue presently before the Court is the Times' motion to unseal, which the Court expressly reserved judgment over, in its Order entering judgment for Defendants.  D.E. 390 (denying as moot all pending motions *except* the Times' motion).

The remaining cases cited by Plaintiffs, as the Times notes in its Response, all involved situations in which resolving the merits of a sealing dispute did actually impact the specific issues on appeal in those cases.  In *United States v. Pickard*, 676 F.3d 1214 (10th Cir. 2012), the Court noted that the party moving to unseal specifically asserted that the resolution of its motion "influences, and is an outcome of" matters that related to a pending appeal.  *Id.* at 1218.  Likewise, in *United States v. Reeves*, 2016 U.S. Dist. LEXIS 57908, at *2-3 (D.N.J. May 2, 2016), the moving party explained that the motion to unseal grand jury transcripts was filed because it contained an issue "relevant to the Appeal."  And finally, in *United States v. Georgiou*, 777 F.3d 125 (3d Cir. 2015), the Court rejected a motion to unseal filed *after* a notice of appeal had been filed.  Moreover, the Court likewise explained it was doing so because the district court lacked jurisdiction "over those aspects of the case involved in the appeal."  *Id.* at 145.

In short, *none* of the cases Plaintiffs cite support the proposition a district court lacks jurisdiction to rule on a pre-existing motion to seal filed by a party (including a party-intervenor), and/or to continue its own pre-existing review of the record, where no impact on any pending appeal is presented.  But that is the scenario presented here, and the case law addressing it holds

6

that a district court retains jurisdiction because such disputes are collateral to the appeal. The Times' Response discusses several examples. *See* NYT Resp. at 6–7 (citing *FutureFuel Chem. Co. v. Lonza, Inc.*, 756 F.3d 641, 648 (8th Cir. 2014) and *Honeywell Int'l, Inc. v. Nikon Corp.*, 2010 U.S. Dist. LEXIS 18569 (D. Del. March 2, 2010)). Other cases have reached the same conclusion. *See United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016) (concluding that the "district court had inherent authority to seal portions of the record and had equal power to order them unsealed, even after [defendant] filed a notice of appeal."). The Ninth Circuit explained that the district court did not exceed its jurisdiction in unsealing the record, because it "did not attempt to decide the merits of the parties' appellate arguments or otherwise materially alter the status of [defendant's] appeal." *See also Simpson v. Tech. Serv. Corp.*, No. CV DKC 14-1968, 2015 WL 6447253, at *2 (D. Md. Oct. 22, 2015) (retaining jurisdiction over motion to seal because "the sealing of Plaintiff's Exhibits 25 and 26 is not designated as an issue for appeal to the Fourth Circuit. . . . Rather, the sealing of exhibits is a collateral issue that does not implicate the merits of the issues on appeal . . . [and] there is no chance that two courts would be considering the same issue simultaneously." (internal citations omitted)). And finally, as the Times also explains, as a general matter, the Eleventh Circuit deems sealing disputes to be collateral to the merits of a case.

     Here the parties already have access to the sealed materials, so whether or not this Court unseals them will not impact any appeal. Rather, the Times moved to unseal the record for the collateral purpose of allowing the public to better understand how this case was adjudicated, and the Court was in the process of determining whether any countervailing interest overcame that presumptive public right. Tellingly, Plaintiffs do not even attempt to assert that the motion to unseal involves or affects the appeal in any manner. Therefore, this Court retains jurisdiction over the pending sealing matters.

### B. The Court Should Deny Plaintiffs' Request to Stay the Unsealing Process Pending the Appeal.

Plaintiffs also request that if this Court were to order that any materials be unsealed, that it stay any such order while Plaintiffs appeal it. A stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden. *See Miccosukee Tribe of Indians of Fla. v. United States*, No. 10-23507-CV, 2011 WL 5508802, at *1 (S.D. Fla. Nov. 8, 2011) (citing *Nken v. Holder*, 556 U.S. 418 (2009)). To obtain a stay pending appeal, the moving party must show that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the stay issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the stay would not be adverse to the public interest. *See Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011); *see also In re Federal Grand Jury Proceedings (FGJ 91–9), Cohen*, 975 F.2d 1488, 1492 (11th Cir. 1992).

Notably, Plaintiffs do not even acknowledge this standard, let alone attempt to meet it. Nor can they, as the four factors all weigh in favor of denying their request for a stay. First, Plaintiffs do not have a "substantial likelihood of success on the merits." This Court has already observed that "the parties have not shown good cause to justify sealing" as to documents filed under seal by *them*, *see* Order (D.E. 327), and Plaintiffs offer no argument to the contrary. Moreover, for all the reasons previously stated by Defendants in their briefs addressing both Plaintiffs' Emergency Motion and the Times' motion (*see* D.E. 242 and D.E. 286), Plaintiffs have never advanced meritorious arguments for permanently sealing any of the materials in this case that they have sought to seal. Finally, that the Court has already issued public opinions in this case is yet a further reason why there is no merit to seal the record upon which those decisions were based.

The second, third, and fourth factors also weigh against a stay pending appeal. Plaintiffs will suffer no irreparable injury. Plaintiffs themselves have conceded that many of the materials at issue should not be sealed, and their principal argument with regard to the rest was they might make Plaintiffs look worse in the eyes of some member of the public. But as the Times has already explained, the possibility that litigation could result in the disclosure of information a party may perceive as negative is not the kind of cognizable harm that justifies maintaining sealing. And most importantly, a stay pending appeal would unquestionably be adverse to the public interest, as the public would be denied access—for months or likely years — to the record that formed the basis of numerous issues disputed in this case, as well as important and newsworthy judicial decisions. Likewise, the public would be denied the ability to meaningfully follow the appellate process. Thus, Plaintiffs request for a stay, if and when the issue becomes ripe, should be denied.

Dated:  January 4, 2019                                Respectfully submitted,


                                                       /s/ Katherine M. Bolger
                                                       Katherine M. Bolger (pro hac vice)
                                                       Adam Lazier (pro hac vice)
                                                       Nathan Siegel (pro hac vice)
                                                       Alison Schary (pro hac vice)
                                                       Davis Wright Tremaine, LLP
                                                       1251 Avenue of the Americas, 21st Floor
                                                       New York, New York 10020
                                                       katebolger@dwt.com
                                                       adamlazier@dwt.com
                                                       nathansiegel@dwt.com
                                                       alisonschary@dwt.com

                                                       /s/ Roy Black
                                                       Roy Black
                                                       Jared Lopez
                                                       Black, Srebnick, Kornspan & Stumpf, P.A.
                                                       201 South Biscayne Boulevard

Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing will be served electronically via CM/ECF on all counsel or parties of record this 4th day of January, 2019.

                                          By: /s/ Alison Schary
                                                Alison Schary