**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

|  |  |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDING S.A., and<br>WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>    Defendants. | **Case No.**<br><br>**0:17-cv-60426-UU** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SHORT SURREPLY TO**
**DEFENDANTS' REPLY IN OPPOSITION TO SUPPLEMENTAL RESPONSE**
**CONCERNING NEW YORK TIMES' MOTION TO INTERVENE AND**
**REQUEST FOR STAY OF RULING ON THE SAME**

Now come Plaintiffs Aleksej Gubarev, XBT Holding, S.A., and Webzilla, Inc.
("Plaintiffs") to respectfully request leave to file a short Sur-Reply in the form as attached hereto.
In support of this Motion, Plaintiffs state that the attached Sur-Reply will aid the Court in its
consideration of the present motions before the Court.  Plaintiffs also state that a Sur-Reply is
warranted so as to correct certain factual and legal inaccuracies contained in Defendants' Reply.

Accordingly, Plaintiffs respectfully request leave to file the attached Sur-Reply.

Dated: January 7, 2019

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on January 7, 2019.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Cary McClelland
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com
carymcclelland@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| ALEKSEJ GUBAREV,<br>XBT HOLDING S.A., and<br>WEBZILLA, INC.<br>    Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC. and<br>BEN SMITH<br>    Defendants. | **Case No.**<br><br>**0:17-cv-60426-UU** |

**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY IN OPPOSITION TO
SUPPLEMENTAL RESPONSE CONCERNING NEW YORK TIMES' MOTION
TO INTERVENE AND REQUEST FOR STAY OF RULING ON THE SAME**

*"Plaintiffs have filed a notice of appeal and the docket sheet has already been transmitted to the Court of Appeals. **So at this point the record for purposes of appeal is what it is, and we don't think the record can or should be changed in the trial court.**"*

- Defendants' Counsel, Dec. 20, 2018 Email[1]

Defendants' Opposition is remarkable in at least three respects: (1) having gamed the process by flooding the docket with confidential, personal, irrelevant, and scandalous materials that were unnecessary to the motions actually filed (and the Court's consideration of the same) in an attempt to further smear Plaintiffs, Defendants now clutch their pearls and proclaim in mock horror the very notion that such materials might (even temporarily) remain under seal; (2) having themselves claimed that they were precluded (by Plaintiffs having filed their Notice of Appeal) from honoring their prior offer to at least substitute only relevant deposition transcript excerpts for the full deposition transcripts they had needlessly filed, Defendants now argue that the very position that they first took somehow constitutes a game of "gotcha;" and (3) Defendants cite in support of their opposition two cases that do not stand for the propositions for which they are cited. At the end of the day, however, the position taken by Defendants in their correspondence (as opposed to the position taken in their filing with this Court a mere two weeks later) was the correct one: the filing of the Notice of Appeal deprived this Court of the jurisdiction to alter the

---

[1] *See* Exhibit 1.

record at this point in time.  In further support, Plaintiffs state as follows.

## I.       Defendants' Position is Hypocritical.

As Plaintiffs have consistently argued, the present issue was created in large part by Defendants' having dumped wholesale onto the docket materials that had and have no bearing on the arguments made (or decided) by the Court, but rather materials provided solely for the purpose of unduly prejudicing the potential jury against Plaintiffs.  Separately, materials that constitute trade secrets – including, for example, Plaintiffs' financial records – were discussed at length during Plaintiffs' depositions.  And, even though Plaintiffs' financial records and personal information played no part in either Defendants' Motions or this Court's consideration of the same, Defendants nevertheless included with its summary judgment filings full transcripts of every deposition it took of Plaintiffs' witnesses, as opposed to simply including the relevant excerpts.

On November 20, 2018, this Court issued an order requiring the Parties to produce a chart of all documents filed under seal, with the Parties' arguments as to why such documents should (or should not) remain sealed.  (D.E. 327).  In response, Defendants acknowledged that they had attached entire transcripts (as opposed to the relevant portions of the same) and offered to substitute the relevant excerpts if this Court deemed it advisable to do so.  Although Plaintiffs believed (and believe) that such substitutions remain wholly inadequate to protect Plaintiffs' interests, they nevertheless asked Defendants in an email to at least make the substitutions they had offered to make and provided a draft joint motion to accomplish the same.  *See* Exhibit 1 hereto.  In response, Defendants argued that such a motion or any action by this Court concerning the exhibits was now impermissible, given the pendency of Plaintiffs' appeal:

> *[W]e don't consent to this for a couple of reasons, starting with that we think the motion comes too late.*
>
> *Plaintiffs have filed a notice of appeal and the docket sheet has already been transmitted to the Court of Appeals.  So at this point the record for purposes of appeal is what it is, and we don't think the record can or should be changed in the trial court.*

Exhibit 1.

Upon receiving Defendants' email, Plaintiffs researched Defendants' argument and concluded that Defendants were correct – that the notice of appeal did mean that the record could not be "changed in the trial Court" and that, consistent with the case law and the Eleventh

Circuit's local rules, the record as it existed when transmitted to the Eleventh Circuit Court of Appeals had to remain as it was upon the filing of the notice of appeal, including the existing state of the sealing of the records. *See*, *e.g.*, 11th Circuit Rule 11-3 ("If any documentary exhibits have been sealed or marked confidential by the district court or the district court clerk, the district court clerk must transmit any such sealed or confidential documentary exhibits to this court either in their original form or in electronic form provided the electronic access is appropriately restricted, unless otherwise directed by the clerk of this court."). Accordingly, Plaintiffs filed with this Court their Supplemental Response.

Somewhat surprisingly, Defendants have now done a 180 – insisting that this Court can and should do that which they claimed (in their email) that the Court could not and should not do. Ultimately, of course, Defendants' shifting positions is not really the point. The point is that, as argued in Plaintiffs' Supplemental Reply, this Court should not at this time alter the status quo – either because the Court agrees that it has been divested of jurisdiction by virtue of Plaintiffs' appeal or because the parties should have the opportunity to appeal any decision on the subject issued by the Court prior to any documents actually being unsealed.

II.     <u>The Cases Cited By Defendants Do Not Advance Their Position.</u>

In support of their argument that this Court retains jurisdiction over the New York Times' Motion, Defendants cite two cases, neither of which actually support the position they seek to advance here.[2] Defendants first cite *United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016) for the proposition that this Court should unseal previously sealed documents because doing so would not be an "attempt to decide the merits of the parties' appellate arguments…." The circumstance of *Seugasala* and the Court's reasoning there, however, were much more nuanced. In *Seugasala*, the "defendant's primary appellate claim" was that he had "made a timely and unequivocal request to represent himself" during a closed, *ex parte* hearing and that the Court had denied him the opportunity to do so. *See* United States' Motion to Unseal Docket

---

[2] In their Supplemental Response, Plaintiffs specifically acknowledged that "the Eleventh Circuit has yet to determine whether a motion to unseal documents falls within the category of motions over which the District Court loses jurisdiction upon the filing of a proper notice of appeal." Defendants nonetheless first decry Plaintiffs' citations to cases from outside the Eleventh Circuit only to then cite... two cases from outside the Eleventh Circuit. This Court should not reject Defendants' citations because they are from other circuits – it should reject them because they do not stand for the propositions cited by Defendants.

Entries, attached hereto as Exhibit 2, pp 1-2.  The Government there argued that it could not possibly properly respond to Defendants' appellate arguments if it was not permitted to view the sealed *ex parte* transcripts.  *Id.* at 4.  In partially allowing the Government's motion, the trial court: (1) only unsealed those portions of the transcript necessary to allow the Government to respond to Defendants' appellate arguments; (2) only released the transcript to the Government, specifically holding that "all shall remain sealed as to the general public;" and (3) specifically stayed the unsealing to "permit either party time to address the Appeals Court."  *See* Order Regarding Government's Motion to Unseal, attached as Exhibit 3.  In upholding the District Court's decision to partially unseal the records, the Ninth Circuit specifically held that the trial court's actions fell within an exception to the general rule divesting the District Court of jurisdiction, finding that "the district court did not exceed its jurisdiction but merely exercised its valid authority to make a ruling with respect to the record that will aid this court on review." *Seugasala*, 670 F. App'x 641 at 642.

No similar considerations are at issue here: Defendants do not claim that the unsealing of records is necessary for them to defend Plaintiffs' appeal, nor could they.  Indeed, Defendants make no argument whatsoever as to why the documents need to be unsealed *now*,[3] while Plaintiffs' appeal is pending or how the public would benefit from such an unsealing before Plaintiffs' appeal could be heard.  On the other hand, as Plaintiffs have argued, if documents are unsealed now and Plaintiffs are successful in their appeal, the danger that the potential jury pool might be unfairly prejudiced could not then be undone.

Nor does *Simpson v. Tech. Serv. Corp.*, 2015 U.S. Dist. LEXIS 118893 D. Md. Sept. 8, 2015) sweep quite as broadly as Defendants claim.  Although it is true that the District Court there found that it retained jurisdiction over Plaintiffs' Motion to Unseal certain documents even after Plaintiff filed a notice of appeal, it did so in large part for two reasons that do not exist in

---

[3] Similarly, Defendants acknowledge that, in considering whether to issue a stay of any decision the Court might issue unsealing documents, one of the relevant considerations is a balancing of potential harms.  And, while Plaintiffs have clearly articulated the potential harm in unsealing documents *now*, Defendants have not even attempted to articulate how *they* might be harmed by the sealing of documents, much less how they might be harmed simply by a *delay* in unsealing documents.  The only party to make any argument at all on this front is the New York Times, which argues only that – if the Court delays unsealing documents – the public might lose interest in the story entirely.  Such an argument flies in the face of the New York Times' (and Defendants') argument that the present case is of utmost interest to the general public.

the present case: (1) "in her notice of appeal, Plaintiff expressly stated that she 'does not appeal the memorandum opinion and order insofar as they concern sealing documents;'" and, more importantly, (2) "here, neither party requests that the court stay review of Defendant's pending motion to seal until after appeal.  The court thus retains jurisdiction to consider Defendant's motion to seal documents."  *Id.*, at *2 and *4.  In other words, the *Simpson* Court predicated its finding that it could exercise jurisdiction on the fact that neither party had done precisely what Plaintiffs *have* done here.

<u>Conclusion</u>

For the reasons stated hereinabove and in Plaintiffs' Supplemental response, Plaintiffs respectfully request that this Court stay for lack of jurisdiction any further consideration of the New York Times' motion (or of any unsealing of documents currently sealed) until such time as the Eleventh Circuit Court of Appeals remands the case to the District Court.  In the alternative, if the Court chooses to rule on the New York Times' motion, Plaintiffs respectfully request that this Court stay the actual unsealing of any documents until the parties have the opportunity to appeal the unsealing order and the Eleventh Circuit has an opportunity to rule on the same.

Dated: January 7, 2019

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*

# Exhibit
# 1

## Substituting deposition excerpts

---

**Siegel, Nathan** <NathanSiegel@dwt.com>                              Thu, Dec 20, 2018 at 3:40 PM
To: "evan@cfwlegal.com" <evan@cfwlegal.com>, "Bolger, Kate" <KateBolger@dwt.com>, "Schary, Alison"
<AlisonSchary@dwt.com>
Cc: "matt@bostonlawgroup.com" <matt@bostonlawgroup.com>, Val Gurvits <vgurvits@bostonlawgroup.com>

Evan – We always appreciate optimism, but we don't consent to this for a couple of reasons, starting with that we think the motion comes too late.

Plaintiffs have filed a notice of appeal and the docket sheet has already been transmitted to the Court of Appeals.  So at this point the record for purposes of appeal is what it is, and we don't think the record can or should be changed in the trial court.

And while we think that alone moots the issue at this point, we also note that your motion also makes legal arguments about the standards for sealing that we don't agree with, and generally implies there was something inappropriate about the way we filed those depositions in the first place.  We don't agree with that.  In fact, the depositions I gather you are most concerned about – Gubarev, Mishra, Dvas – are very heavily cited throughout the record, which was why we filed them in whole in the first place.

In our response to the Judge's Order on sealing -- which was filed before judgment was entered and an appeal docketed -- what we said was that if the court wishes, we would have no objection to making those substitutions.  The Court may or may not think that appropriate, either then or now, but presumably will tell us.  Until then we are not going to join in anything further with respect to that issue.

Nathan

---

**From:** evan@cfwlegal.com <evan@cfwlegal.com>
**Sent:** Thursday, December 20, 2018 2:46 PM
**To:** Bolger, Kate <KateBolger@dwt.com>; Siegel, Nathan <NathanSiegel@dwt.com>; Schary, Alison
<AlisonSchary@dwt.com>
**Cc:** matt@bostonlawgroup.com; 'Val Gurvits' <vgurvits@bostonlawgroup.com>
**Subject:** RE: Substituting deposition excerpts

---

**[EXTERNAL]**

---

Following up – and in the spirit of optimism – I drafted the attached. Please let me know if you're willing to have us file something like this.

If you're able to rouse yourselves from your celebratory hangovers, we'd like to try to file something today.  Thanks.

Evan

Evan Fray-Witzer

Ciampa Fray-Witzer, LLP

20 Park Plaza, Suite 505

Boston, MA 02116

(617) 426-0000

(617) 507-8043 (facsimile)
Evan@CFWLegal.com

---

**From:** evan@cfwlegal.com <evan@cfwlegal.com>
**Sent:** Thursday, December 20, 2018 11:53 AM
**To:** 'Bolger, Kate' <KateBolger@dwt.com>; 'Siegel, Nathan' <NathanSiegel@dwt.com>; 'Schary, Alison' <AlisonSchary@dwt.com>
**Cc:** 'matt@bostonlawgroup.com' <matt@bostonlawgroup.com>; 'Val Gurvits' <vgurvits@bostonlawgroup.com>
**Subject:** Substituting deposition excerpts
**Importance:** High


Hi Kate, Nathan, and Alison –


In your chart submissions regarding what should be sealed/not sealed, you offered to replace the full transcripts that you filed with deposition excerpts representing the portions of the transcripts actually referenced in your filings.


Because the remainder of those transcripts are (even by your own lights) not relevant to the SJ motions and because the transcripts otherwise contain a lot of personal/confidential information, we'd like to formally move for leave for you to substitute the excerpts.  Would you be willing to either join us in that or assent to it?


Please let us know as soon as possible.


Evan

---

Evan Fray-Witzer

Ciampa Fray-Witzer, LLP

20 Park Plaza, Suite 505

Boston, MA 02116

(617) 426-0000

(617) 507-8043 (facsimile)
Evan@CFWLegal.com

Exhibit
2

KAREN L. LOEFFLER
United States Attorney

STEPHAN A. COLLINS
FRANK V. RUSSO
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska   99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:   stephan.collins@usdoj.gov
             frank.russo@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | 3:13-cr-00092-01-RRB-KFM |
| Plaintiff, | ) | |
| | ) | **MOTION TO UNSEAL** |
| vs. | ) | **DOCKET ENTRIES** |
| | ) | |
| STUART T. SEUGASALA et al. | ) | **Filed on Shortened Time** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMES NOW the United States of America, by and through counsel, and

hereby moves the Court to unseal certain docket entries in the case.   The United

States believes the unsealing of these pleadings is necessary to properly respond to

the defendant's primary appellate claim in this case:   that he made a timely and

unequivocal request to represent himself at a closed, *ex parte* hearing in the case on

January 2, 2015.   The defendant ascribes reversible error to the district court for not

holding a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975) when the

defendant made this purported request – one business day prior to trial.[1]

In response, the United States will contend that the defendant's request was

equivocal and made for the purpose of delay.   Indeed, it is submitted that the

defendant never wanted to represent himself in the mater.   However, the United

States is at a disadvantage in making this argument, as the hearings pertaining to the

defendant's representation and discussions with the district court on this issue were

*ex parte* and under seal.   Appellate counsel has included in the excerpt of record the

January 2, 2015, *ex part*e hearing in support of his argument.   Docket 514.

However, upon information and belief, there were documents filed in connection

with that hearing that have not been provided [Docket 515].

Moreover, at the end of that hearing, the Court offered the defendant an

opportunity to discuss any concerns with the district court in an *ex parte* hearing.

The defendant availed himself of this offer on two occasions during trial:   Dockets

---

[1]      A court must allow a defendant to proceed *pro se* if the assertion of this right is 1) voluntary and intelligent, 2) timely, 3) not for the purpose of delay, and 4) unequivocal.   *United States v. Hernandez*, 203 F. 3d 614, 620 (9th Cir. 2000).    In cases involving jury trials, a request to proceed pro se is timely if it is made before the jury is selected or before the jury is empaneled, unless it is made for the purpose of delay.   *United States v. Smith*, 780 F.2d 810, 811 (9th Cir. 1986).    Even if the request is timely under this framework, the courts of appeal nonetheless consider "whether [the defendant] had bona fide reasons for not asserting his right of self-representation until he did" and determine whether defendant could reasonably be expected to have made the motion at an earlier time."   *United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001).

U.S. v. Seugasala et al.
3:13-cr-00092-01-RRB-JDR                    Page 2 of 6

533 and 549 are records of the *ex parte* hearings that the defendant had with the Court.   The United States would like to review the transcripts of these proceedings because they may provide context for the defendant's last minute discussion of proceeding *pro se*.

As the Court noted at the *ex parte* hearing and a later order, delay and alleging breakdown's with counsel was "basically [his] behavior."   Docket 514, p. 8 (noting that Mr. Seugasala first had Lance Wells as appointed counsel, and alleged a breakdown in communication).   To this end, the United States requests the unsealing of the documents surrounding Mr. Wells' removal from the case, to include Mr. Wells' affidavit and transcript of any hearing pertaining to his removal [Dockets 124-127].   These would be relevant to the United States' argument that problems with counsel were a strategic tactic used by the defendant.   See Order at docket 525, p. 2 ("Mr. Seugasala is very intelligent and appears to be working to manipulate the system and unnecessarily delay final resolutions of this matter.").   Furthermore, Mr. Leen's affidavit in support of his withdrawal from the case could also be relevant for the same reasons.   Docket 584.

Appellate counsel for the defendant has been contacted and has advised he opposes the United States' request to unseal and review these documents.   Counsel is in possession of these docket entries and argues that these documents and

U.S. v. Seugasala et al.
3:13-cr-00092-01-RRB-JDR                         Page 3 of 6

proceedings are irrelevant and contain work product and/or attorney client privileged matters.   The United States' position is that these documents and proceedings provide necessary context for evaluating whether the defendant unequivocally requested to proceed *pro se*.   Having observed the defendant during trial, it was abundantly clear that the defendant controlled his own defense and was working with both defense counsel and the court to present his defense.   Any reference to proceeding *pro se* was either not a serious inquiry or made for the purpose of effectuating delay of the trial.

A party seeking keep a judicial record sealed bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard.   *Foltz v. State farm Mutual Auto Insurance Co*., 331 F.3d 1122, 1135 (9th Cir. 2003).   That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir.1990)).   In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret.   *Foltz*, 331 F.3d at 1135.   After considering these interests,

if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986)).

Here, it is unclear what compelling reasons the defendant has for maintaining the secrecy of these documents and transcripts.   Counsel may assert that work product and attorney-client privilege issues justify the dockets remaining sealed. However, the post-trial posture of the case undercuts this argument.   The defendant has already testified regarding his defense in this matter.   The fact that he may have had discussions about calling other witnesses that he may or may not call during a potential re-trial does not provide a "compelling reason."   Nor does the attorney-client privilege justify these documents from remaining *ex parte*, particularly in light of the fact that the defendant now alleges that he requested to proceed *pro se* due to deficient representation and the district court failed to properly advise him.

In sum, the United States has a compelling interest in defending the conviction by gathering support and context for the court's decision to allow counsel to continue to represent the defendant, and to not allow the defendant to proceed pro se.   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006) (when ruling on a motion to seal court records, the district court must balance the

competing interests of the public and the party seeking to seal judicial records).
The defendant seeks to shield the *ex parte* nature of these dockets, while at the same time using the one unsealed transcript that supports his argument as a sword. Neither principles of fairness nor compelling reasons support this outcome given the current procedural posture of the case.

Accordingly, the United States requests that the Court allow the United States to inspect the contents and recordings contained in dockets 124 – 127, 515, 533, 549, and 584.   This motion is made on shortened time because the government's answering brief is due on August 8, 2016.

RESPECTFULLY SUBMITTED this 8th day of October, 2014, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Frank V. Russo
FRANK V. RUSSO
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2016,
a true and correct copy of the foregoing was
served by email on the following:

Carlton Gunn, Esq.

s/ Frank V. Russo
Office of the U.S. Attorney

U.S. v. Seugasala et al.
3:13-cr-00092-01-RRB-JDR                    Page 6 of 6

Exhibit
3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

STUART T. SEUGASALA,

     Defendant.

Case No. 3:13-cr-0092-RRB

**ORDER REGARDING
GOVERNMENT'S MOTION TO UNSEAL**

Before the Court at **Docket 821** is the United States with a Motion to Unseal Docket

Entries. The motion is opposed by Defendant at Docket 822. Defense counsel additionally

filed a declaration, which the Court appreciates, at Docket 824 clarifying the docket entries

at issue.

Although this case is currently on appeal, the Court is able to address the discovery

issues before it. In an abundance of caution, however, this Order will not become final until

June 13, 2016, to permit either party time to address the Appellate Court.

The Court has now been able to review the documents in dispute and, for the

reasons set forth below, **GRANTS** the Motion to Unseal as to Dockets 124, 125, 533, and

549. The Court **DENIES** the request as to Dockets 127, 514, 515, and 584.

As the record reflects, this matter was continued many times before it ultimately

went to trial. Defendant's trial attorney, Robert Lean, was the third attorney the Court

appointed to represent Defendant. Defendant, who is a very intelligent man, was a difficult

ORDER RE MOTION TO UNSEAL - 1
3:13-cr-0092-RRB

client and, in the Court's view, as reflected at Docket 525, was "working to manipulate the system and unnecessarily delay resolution of this matter."  Defendant's relationship with prior counsel, Lance Wells, is of limited relevance. The file reflects that Defendant lost faith in his attorney and that a breakdown in communication occurred. As a result, Defendant requested that another attorney be appointed but did not request that he be permitted to represent himself. After a rather lengthy *ex parte* discussion, the Magistrate Judge permitted Mr. Wells to withdraw as counsel and Mr. Lean was appointed to represent Defendant. The hearing, however, included case evaluation and settlement discussions that are not discoverable. The only relevance of this hearing is that Defendant did not request to represent himself. Therefore, while the Court will permit Dockets 124 and 125 to be unsealed,  Docket 127, the February 24, 2014, hearing, shall remain sealed.

On January 2, 2015, the Friday before trial, an *ex parte* hearing was held that addressed a number of Defendant's concerns. Defendant complained about trial counsel and specifically wanted to utilize a duress defense, which the Court subsequently permitted him to do. Defendant also wanted to call certain witnesses, which again the Court subsequently permitted him to do. Defendant also wanted his case to be severed from co-Defendant Khamnivong, a request that the Court also subsequently granted. The Court, however, concluded that attorney Lean should continue to represent Defendant at trial based on his efforts to date and familiarity with the case.

On page 54 of the transcript near the conclusion of the hearing Defendant asked "how pro se works." Defendant went on to say:

ORDER RE MOTION TO UNSEAL - 2
3:13-cr-0092-RRB

> I don't – I don't want to give the Government, like, hey, I'm a idiot and I don't
> know how the court works, do whatever you want to do and run all over me.
> If  I'm pro se, do I get somebody that will help me with legal issues or am I
> literally just by myself?"

To this the Court responded:

> It's too late to do that, [get another attorney] but I will give you, afford you
> considerable leeway if there's something that comes up that you think needs
> to be raised outside the presence off the jury.  I'll ask you,  and you can tell
> me. "Judge, I want to do this or I want to do that."  I'll at least consider that.
> So we won't ignore your input. We'll consider it, and if there's something that
> you think should be done that's critical, I'll listen to you and consider  your
> input.  That's the best I can do in that regard, here where trial is three days
> away.  But I've done that before, You know, I've allowed – when people are
> concerned that they're not – everything's not being presented to their liking,
> I'll defer to you . . . .

At this point Defendant was still concerned that he would still not be able to present

his duress defense or call witnesses or present his side of the case. He therefore indicated

on page 57 of the transcript that:

> I mean, Your Honor, all this is confusing to me, I just – I don't think it's fair
> and like I said, I would rather represent myself.

To this the Court responded:

> You strike me as a very intelligent person, and I think you're smarter than
> maybe you want to present.  And I think that, to some degree, by bringing
> these last-minute issues, you're trying to manipulate the process.  So it's
> time to go to trial.  I'll work with you as much as I can to make sure that your
> views are presented, but I do believe your attorney has well-represented you,
> has the skills and background and knowledge of the case to continue to well-
> represent you. **And I understand your defenses and I'm going to allow
> you to present them.**  (Emphasis added).

> To which Defendant responded: " I appreciate that, Your Honor."

The Court effectively granted Defendant co-counsel status.

ORDER RE MOTION TO UNSEAL - 3
3:13-cr-0092-RRB

Defendant was generally satisfied with the manner the Court resolved his concerns and did not mention ever again a desire to represent himself. His brief comments concerning this on the Friday before trial were not only equivocal but were for the purpose of delay and to help ensure he received favorable rulings from the Court on what he perceived to be his key defenses. And the Court clearly did, during trial, what it represented it would do. Defendant was permitted to use his own laptop during trial, file his own motions, subpoena witnesses, and to address the Court *ex parte* whenever a concern arose that he would like to address.  Such *ex parte* conferences took place at Dockets 533 and 549 and, although brief, are clearly relevant and indicate the Court's efforts at ensuring that Defendant was represented as he desired. These two docket entries are therefore relevant to the issues at hand and may be unsealed. Moreover, as the trial transcript reveals, Defendant conferred with counsel throughout the trial and his views were continually expressed to the Court. And witnesses were not generally excused without receiving confirmation from Defendant himself that nothing further need be asked.

 Defendant now requests that a portion of the January 2, 2015, hearing, represented by pages 38 line 1 through 44 line 13 of the transcript, remain sealed. The Court disagrees, however, for these pages address Defendant's primary concerns prior to trial that were ultimately resolved to his liking. Therefore these pages may be unsealed.

Defendant also requests that certain documents presented to the Court during the January 2, 2015, hearing remain sealed for they represent confidential attorney-client communications and matters unrelated to the issue at hand. The Court agrees with

Defendant in this regard and will not unseal the Minute Order at Docket 514 nor the 28 page document attached thereto as Exhibit A.  Nor will the  Court unseal the Exhibit list at Docket 515.

Ultimately, despite a valiant effort on Defendant's  behalf by trial counsel, Defendant was convicted of all the charges against him. Thereafter, a motion was filed on Defendant's behalf at Docket 583 requesting that trial counsel be released and that new counsel be appointed to represent Defendant for purposes of sentencing. Defendant did not request to represent himself. The affidavit in support of this motion was filed at Docket 584 and adds nothing of relevance to the motion at 583. The entry at Docket 584 will therefore remain sealed.

Therefore, for the reasons set forth above, absent intervention by the Court of Appeals on or before June 13, 2016, the entire transcript of the January 2, 2015, *ex parte* hearing may be unsealed as well as Dockets 124, 125,  533,  and 549  but **all shall remain sealed as to the general public.**  Dockets 127, 514, 515, and 584 shall remain sealed.

**IT IS SO ORDERED** this 31st day of May, 2016.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE