UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.
   Plaintiffs,

v.

BUZZFEED, INC. and
BEN SMITH
   Defendants.

Case No.

0:17-cv-60426-UU

**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY IN OPPOSITION TO SUPPLEMENTAL RESPONSE CONCERNING NEW YORK TIMES' MOTION TO INTERVENE AND REQUEST FOR STAY OF RULING ON THE SAME**

*"Plaintiffs have filed a notice of appeal and the docket sheet has already been transmitted to the Court of Appeals. So at this point the record for purposes of appeal is what it is, and we don't think the record can or should be changed in the trial court."*

- Defendants' Counsel, Dec. 20, 2018 Email[1]

    Defendants' Opposition is remarkable in at least three respects: (1) having gamed the process by flooding the docket with confidential, personal, irrelevant, and scandalous materials that were unnecessary to the motions actually filed (and the Court's consideration of the same) in an attempt to further smear Plaintiffs, Defendants now clutch their pearls and proclaim in mock horror the very notion that such materials might (even temporarily) remain under seal; (2) having themselves claimed that they were precluded (by Plaintiffs having filed their Notice of Appeal) from honoring their prior offer to at least substitute only relevant deposition transcript excerpts for the full deposition transcripts they had needlessly filed, Defendants now argue that the very position that they first took somehow constitutes a game of "gotcha;" and (3) Defendants cite in support of their opposition two cases that do not stand for the propositions for which they are cited. At the end of the day, however, the position taken by Defendants in their correspondence (as opposed to the position taken in their filing with this Court a mere two weeks later) was the correct one: the filing of the Notice of Appeal deprived this Court of the jurisdiction to alter the

---

[1] *See* Exhibiti 1.

record at this point in time. In further support, Plaintiffs state as follows.

### I. **Defendants' Position is Hypocritical.**

As Plaintiffs have consistently argued, the present issue was created in large part by Defendants' having dumped wholesale onto the docket materials that had and have no bearing on the arguments made (or decided) by the Court, but rather materials provided solely for the purpose of unduly prejudicing the potential jury against Plaintiffs. Separately, materials that constitute trade secrets – including, for example, Plaintiffs' financial records – were discussed at length during Plaintiffs' depositions. And, even though Plaintiffs' financial records and personal information played no part in either Defendants' Motions or this Court's consideration of the same, Defendants nevertheless included with its summary judgment filings full transcripts of every deposition it took of Plaintiffs' witnesses, as opposed to simply including the relevant excerpts.

On November 20, 2018, this Court issued an order requiring the Parties to produce a chart of all documents filed under seal, with the Parties' arguments as to why such documents should (or should not) remain sealed. (D.E. 327). In response, Defendants acknowledged that they had attached entire transcripts (as opposed to the relevant portions of the same) and offered to substitute the relevant excerpts if this Court deemed it advisable to do so. Although Plaintiffs believed (and believe) that such substitutions remain wholly inadequate to protect Plaintiffs' interests, they nevertheless asked Defendants in an email to at least make the substitutions they had offered to make and provided a draft joint motion to accomplish the same. *See* Exhibit 1 hereto. In response, Defendants argued that such a motion or any action by this Court concerning the exhibits was now impermissible, given the pendency of Plaintiffs' appeal:

> *[W]e don't consent to this for a couple of reasons, starting with that we think the motion comes too late.*
>
> *Plaintiffs have filed a notice of appeal and the docket sheet has already been transmitted to the Court of Appeals. So at this point the record for purposes of appeal is what it is, and we don't think the record can or should be changed in the trial court.*

Exhibit 1.

Upon receiving Defendants' email, Plaintiffs researched Defendants' argument and concluded that Defendants were correct – that the notice of appeal did mean that the record could not be "changed in the trial Court" and that, consistent with the case law and the Eleventh

2

Circuit's local rules, the record as it existed when transmitted to the Eleventh Circuit Court of Appeals had to remain as it was upon the filing of the notice of appeal, including the existing state of the sealing of the records. *See, e.g.*, 11th Circuit Rule 11-3 ("If any documentary exhibits have been sealed or marked confidential by the district court or the district court clerk, the district court clerk must transmit any such sealed or confidential documentary exhibits to this court either in their original form or in electronic form provided the electronic access is appropriately restricted, unless otherwise directed by the clerk of this court."). Accordingly, Plaintiffs filed with this Court their Supplemental Response.

Somewhat surprisingly, Defendants have now done a 180 – insisting that this Court can and should do that which they claimed (in their email) that the Court could not and should not do. Ultimately, of course, Defendants' shifting positions is not really the point. The point is that, as argued in Plaintiffs' Supplemental Reply, this Court should not at this time alter the status quo – either because the Court agrees that it has been divested of jurisdiction by virtue of Plaintiffs' appeal or because the parties should have the opportunity to appeal any decision on the subject issued by the Court prior to any documents actually being unsealed.

II.     **The Cases Cited By Defendants Do Not Advance Their Position.**

In support of their argument that this Court retains jurisdiction over the New York Times' Motion, Defendants cite two cases, neither of which actually support the position they seek to advance here.[2] Defendants first cite *United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016) for the proposition that this Court should unseal previously sealed documents because doing so would not be an "attempt to decide the merits of the parties' appellate arguments…." The circumstance of *Seugasala* and the Court's reasoning there, however, were much more nuanced. In *Seugasala*, the "defendant's primary appellate claim" was that he had "made a timely and unequivocal request to represent himself" during a closed, *ex parte* hearing and that the Court had denied him the opportunity to do so. *See* United States' Motion to Unseal Docket

---

[2] In their Supplemental Response, Plaintiffs specifically acknowledged that "the Eleventh Circuit has yet to determine whether a motion to unseal documents falls within the category of motions over which the District Court loses jurisdiction upon the filing of a proper notice of appeal." Defendants nonetheless first decry Plaintiffs' citations to cases from outside the Eleventh Circuit only to then cite... two cases from outside the Eleventh Circuit. This Court should not reject Defendants' citations because they are from other circuits – it should reject them because they do not stand for the propositions cited by Defendants.

3

Entries, attached hereto as <u>Exhibit 2</u>, pp 1-2.  The Government there argued that it could not possibly properly respond to Defendants' appellate arguments if it was not permitted to view the sealed *ex parte* transcripts.  *Id.* at 4.  In partially allowing the Government's motion, the trial court: (1) only unsealed those portions of the transcript necessary to allow the Government to respond to Defendants' appellate arguments; (2) only released the transcript to the Government, specifically holding that "all shall remain sealed as to the general public;" and (3) specifically stayed the unsealing to "permit either party time to address the Appeals Court."  *See* Order Regarding Government's Motion to Unseal, attached as <u>Exhibit 3</u>.  In upholding the District Court's decision to partially unseal the records, the Ninth Circuit specifically held that the trial court's actions fell within an exception to the general rule divesting the District Court of jurisdiction, finding that "the district court did not exceed its jurisdiction but merely exercised its valid authority to make a ruling with respect to the record that will aid this court on review." *Seugasala*, 670 F. App'x 641 at 642.

No similar considerations are at issue here: Defendants do not claim that the unsealing of records is necessary for them to defend Plaintiffs' appeal, nor could they.  Indeed, Defendants make no argument whatsoever as to why the documents need to be unsealed *now*,[3] while Plaintiffs' appeal is pending or how the public would benefit from such an unsealing before Plaintiffs' appeal could be heard.  On the other hand, as Plaintiffs have argued, if documents are unsealed now and Plaintiffs are successful in their appeal, the danger that the potential jury pool might be unfairly prejudiced could not then be undone.

Nor does *Simpson v. Tech. Serv. Corp.*, 2015 U.S. Dist. LEXIS 118893 D. Md. Sept. 8, 2015) sweep quite as broadly as Defendants claim.  Although it is true that the District Court there found that it retained jurisdiction over Plaintiffs' Motion to Unseal certain documents even after Plaintiff filed a notice of appeal, it did so in large part for two reasons that do not exist in

---

[3] Similarly, Defendants acknowledge that, in considering whether to issue a stay of any decision the Court might issue unsealing documents, one of the relevant considerations is a balancing of potential harms.  And, while Plaintiffs have clearly articulated the potential harm in unsealing documents *now*, Defendants have not even attempted to articulate how *they* might be harmed by the sealing of documents, much less how they might be harmed simply by a *delay* in unsealing documents.  The only party to make any argument at all on this front is the New York Times, which argues only that – if the Court delays unsealing documents – the public might lose interest in the story entirely.  Such an argument flies in the face of the New York Times' (and Defendants') argument that the present case is of utmost interest to the general public.

4

the present case: (1) "in her notice of appeal, Plaintiff expressly stated that she 'does not appeal the memorandum opinion and order insofar as they concern sealing documents;'" and, more importantly, (2) "here, neither party requests that the court stay review of Defendant's pending motion to seal until after appeal. The court thus retains jurisdiction to consider Defendant's motion to seal documents." *Id.*, at *2 and *4. In other words, the *Simpson* Court predicated its finding that it could exercise jurisdiction on the fact that neither party had done precisely what Plaintiffs *have* done here.

## Conclusion

For the reasons stated hereinabove and in Plaintiffs' Supplemental response, Plaintiffs respectfully request that this Court stay for lack of jurisdiction any further consideration of the New York Times' motion (or of any unsealing of documents currently sealed) until such time as the Eleventh Circuit Court of Appeals remands the case to the District Court. In the alternative, if the Court chooses to rule on the New York Times' motion, Plaintiffs respectfully request that this Court stay the actual unsealing of any documents until the parties have the opportunity to appeal the unsealing order and the Eleventh Circuit has an opportunity to rule on the same.

Dated: January 7, 2019

**Respectfully Submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (Fla. Bar No. 0126465)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Brady J. Cobb
Brady J. Cobb (Fla. Bar No. 031018)
Dylan Fulop (Fla. Bar No. 123809)
COBB EDDY, PLLC
1112 North Flagler Drive
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the service list below on January 7, 2019.

/s/ Matthew Shayefar
Matthew Shayefar

## SERVICE LIST

Katherine M. Bolger
Adam Lazier
Cary McClelland
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
adamlazier@dwt.com
carymcclelland@dwt.com

Nathan Siegel
Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, Suite 800
Washington, DC 20006
nathansiegel@dwt.com
alisonschary@dwt.com

Roy Eric Black
Jared M. Lopez
Black Srebnick Kornspan & Stumpf
201 S Biscayne Boulevard, Suite 1300
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com