# Exhibit 1

**Substituting deposition excerpts**

---

**Siegel, Nathan** <NathanSiegel@dwt.com>                                    Thu, Dec 20, 2018 at 3:40 PM
To: "evan@cfwlegal.com" <evan@cfwlegal.com>, "Bolger, Kate" <KateBolger@dwt.com>, "Schary, Alison" <AlisonSchary@dwt.com>
Cc: "matt@bostonlawgroup.com" <matt@bostonlawgroup.com>, Val Gurvits <vgurvits@bostonlawgroup.com>

Evan – We always appreciate optimism, but we don't consent to this for a couple of reasons, starting with that we think the motion comes too late.

Plaintiffs have filed a notice of appeal and the docket sheet has already been transmitted to the Court of Appeals. So at this point the record for purposes of appeal is what it is, and we don't think the record can or should be changed in the trial court.

And while we think that alone moots the issue at this point, we also note that your motion also makes legal arguments about the standards for sealing that we don't agree with, and generally implies there was something inappropriate about the way we filed those depositions in the first place. We don't agree with that. In fact, the depositions I gather you are most concerned about – Gubarev, Mishra, Dvas – are very heavily cited throughout the record, which was why we filed them in whole in the first place.

In our response to the Judge's Order on sealing -- which was filed before judgment was entered and an appeal docketed -- what we said was that if the court wishes, we would have no objection to making those substitutions. The Court may or may not think that appropriate, either then or now, but presumably will tell us. Until then we are not going to join in anything further with respect to that issue.

Nathan

---

**From:** evan@cfwlegal.com <evan@cfwlegal.com>
**Sent:** Thursday, December 20, 2018 2:46 PM
**To:** Bolger, Kate <KateBolger@dwt.com>; Siegel, Nathan <NathanSiegel@dwt.com>; Schary, Alison <AlisonSchary@dwt.com>
**Cc:** matt@bostonlawgroup.com; 'Val Gurvits' <vgurvits@bostonlawgroup.com>
**Subject:** RE: Substituting deposition excerpts

**[EXTERNAL]**

---

Following up – and in the spirit of optimism – I drafted the attached. Please let me know if you're willing to have us file something like this.

If you're able to rouse yourselves from your celebratory hangovers, we'd like to try to file something today. Thanks.

Evan

Evan Fray-Witzer

Ciampa Fray-Witzer, LLP

20 Park Plaza, Suite 505

Boston, MA 02116

(617) 426-0000

(617) 507-8043 (facsimile)
Evan@CFWLegal.com

---

**From:** evan@cfwlegal.com <evan@cfwlegal.com>
**Sent:** Thursday, December 20, 2018 11:53 AM
**To:** 'Bolger, Kate' <KateBolger@dwt.com>; 'Siegel, Nathan' <NathanSiegel@dwt.com>; 'Schary, Alison' <AlisonSchary@dwt.com>
**Cc:** 'matt@bostonlawgroup.com' <matt@bostonlawgroup.com>; 'Val Gurvits' <vgurvits@bostonlawgroup.com>
**Subject:** Substituting deposition excerpts
**Importance:** High

Hi Kate, Nathan, and Alison –

In your chart submissions regarding what should be sealed/not sealed, you offered to replace the full transcripts that you filed with deposition excerpts representing the portions of the transcripts actually referenced in your filings.

Because the remainder of those transcripts are (even by your own lights) not relevant to the SJ motions and because the transcripts otherwise contain a lot of personal/confidential information, we'd like to formally move for leave for you to substitute the excerpts.  Would you be willing to either join us in that or assent to it?

Please let us know as soon as possible.

Evan

---

Evan Fray-Witzer

Ciampa Fray-Witzer, LLP

20 Park Plaza, Suite 505

Boston, MA 02116

(617) 426-0000

(617) 507-8043 (facsimile)
Evan@CFWLegal.com