# Exhibit 2

KAREN L. LOEFFLER
United States Attorney

STEPHAN A. COLLINS
FRANK V. RUSSO
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska   99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email:   stephan.collins@usdoj.gov
         frank.russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | 3:13-cr-00092-01-RRB-KFM |
| Plaintiff, | ) | |
| | ) | **MOTION TO UNSEAL** |
| vs. | ) | **DOCKET ENTRIES** |
| | ) | |
| STUART T. SEUGASALA et al. | ) | **Filed on Shortened Time** |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and hereby moves the Court to unseal certain docket entries in the case.   The United States believes the unsealing of these pleadings is necessary to properly respond to the defendant's primary appellate claim in this case:   that he made a timely and unequivocal request to represent himself at a closed, *ex parte* hearing in the case on

January 2, 2015. The defendant ascribes reversible error to the district court for not holding a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975) when the defendant made this purported request – one business day prior to trial.[1]

In response, the United States will contend that the defendant's request was equivocal and made for the purpose of delay. Indeed, it is submitted that the defendant never wanted to represent himself in the mater. However, the United States is at a disadvantage in making this argument, as the hearings pertaining to the defendant's representation and discussions with the district court on this issue were *ex parte* and under seal. Appellate counsel has included in the excerpt of record the January 2, 2015, *ex parte* hearing in support of his argument. Docket 514. However, upon information and belief, there were documents filed in connection with that hearing that have not been provided [Docket 515].

Moreover, at the end of that hearing, the Court offered the defendant an opportunity to discuss any concerns with the district court in an *ex parte* hearing. The defendant availed himself of this offer on two occasions during trial: Dockets

---

[1] A court must allow a defendant to proceed *pro se* if the assertion of this right is 1) voluntary and intelligent, 2) timely, 3) not for the purpose of delay, and 4) unequivocal. *United States v. Hernandez*, 203 F. 3d 614, 620 (9th Cir. 2000). In cases involving jury trials, a request to proceed pro se is timely if it is made before the jury is selected or before the jury is empaneled, unless it is made for the purpose of delay. *United States v. Smith*, 780 F.2d 810, 811 (9th Cir. 1986). Even if the request is timely under this framework, the courts of appeal nonetheless consider "whether [the defendant] had bona fide reasons for not asserting his right of self-representation until he did" and determine whether defendant could reasonably be expected to have made the motion at an earlier time." *United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001).

U.S. v. Seugasala et al.
3:13-cr-00092-01-RRB-JDR                     Page 2 of 6

533 and 549 are records of the *ex parte* hearings that the defendant had with the Court. The United States would like to review the transcripts of these proceedings because they may provide context for the defendant's last minute discussion of proceeding *pro se*.

As the Court noted at the *ex parte* hearing and a later order, delay and alleging breakdown's with counsel was "basically [his] behavior." Docket 514, p. 8 (noting that Mr. Seugasala first had Lance Wells as appointed counsel, and alleged a breakdown in communication). To this end, the United States requests the unsealing of the documents surrounding Mr. Wells' removal from the case, to include Mr. Wells' affidavit and transcript of any hearing pertaining to his removal [Dockets 124-127]. These would be relevant to the United States' argument that problems with counsel were a strategic tactic used by the defendant. See Order at docket 525, p. 2 ("Mr. Seugasala is very intelligent and appears to be working to manipulate the system and unnecessarily delay final resolutions of this matter."). Furthermore, Mr. Leen's affidavit in support of his withdrawal from the case could also be relevant for the same reasons. Docket 584.

Appellate counsel for the defendant has been contacted and has advised he opposes the United States' request to unseal and review these documents. Counsel is in possession of these docket entries and argues that these documents and

U.S. v. Seugasala et al.
3:13-cr-00092-01-RRB-JDR                Page 3 of 6

proceedings are irrelevant and contain work product and/or attorney client privileged matters. The United States' position is that these documents and proceedings provide necessary context for evaluating whether the defendant unequivocally requested to proceed *pro se*. Having observed the defendant during trial, it was abundantly clear that the defendant controlled his own defense and was working with both defense counsel and the court to present his defense. Any reference to proceeding *pro se* was either not a serious inquiry or made for the purpose of effectuating delay of the trial.

    A party seeking keep a judicial record sealed bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Foltz v. State farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir.1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz*, 331 F.3d at 1135. After considering these interests,

if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986)).

Here, it is unclear what compelling reasons the defendant has for maintaining the secrecy of these documents and transcripts. Counsel may assert that work product and attorney-client privilege issues justify the dockets remaining sealed. However, the post-trial posture of the case undercuts this argument. The defendant has already testified regarding his defense in this matter. The fact that he may have had discussions about calling other witnesses that he may or may not call during a potential re-trial does not provide a "compelling reason." Nor does the attorney-client privilege justify these documents from remaining *ex parte*, particularly in light of the fact that the defendant now alleges that he requested to proceed *pro se* due to deficient representation and the district court failed to properly advise him.

In sum, the United States has a compelling interest in defending the conviction by gathering support and context for the court's decision to allow counsel to continue to represent the defendant, and to not allow the defendant to proceed pro se. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006) (when ruling on a motion to seal court records, the district court must balance the

competing interests of the public and the party seeking to seal judicial records). The defendant seeks to shield the *ex parte* nature of these dockets, while at the same time using the one unsealed transcript that supports his argument as a sword. Neither principles of fairness nor compelling reasons support this outcome given the current procedural posture of the case.

Accordingly, the United States requests that the Court allow the United States to inspect the contents and recordings contained in dockets 124 – 127, 515, 533, 549, and 584. This motion is made on shortened time because the government's answering brief is due on August 8, 2016.

RESPECTFULLY SUBMITTED this 8th day of October, 2014, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Frank V. Russo
FRANK V. RUSSO
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2016,
a true and correct copy of the foregoing was
served by email on the following:

Carlton Gunn, Esq.

s/ Frank V. Russo
Office of the U.S. Attorney

U.S. v. Seugasala et al.
3:13-cr-00092-01-RRB-JDR			Page 6 of 6