# Exhibit 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:13-cr-0092-RRB |
| vs. | |
| STUART T. SEUGASALA, | **ORDER REGARDING**<br>**GOVERNMENT'S MOTION TO UNSEAL** |
| Defendant. | |

Before the Court at **Docket 821** is the United States with a Motion to Unseal Docket Entries. The motion is opposed by Defendant at Docket 822. Defense counsel additionally filed a declaration, which the Court appreciates, at Docket 824 clarifying the docket entries at issue.

Although this case is currently on appeal, the Court is able to address the discovery issues before it. In an abundance of caution, however, this Order will not become final until June 13, 2016, to permit either party time to address the Appellate Court.

The Court has now been able to review the documents in dispute and, for the reasons set forth below, **GRANTS** the Motion to Unseal as to Dockets 124, 125, 533, and 549. The Court **DENIES** the request as to Dockets 127, 514, 515, and 584.

As the record reflects, this matter was continued many times before it ultimately went to trial. Defendant's trial attorney, Robert Lean, was the third attorney the Court appointed to represent Defendant. Defendant, who is a very intelligent man, was a difficult

ORDER RE MOTION TO UNSEAL - 1
3:13-cr-0092-RRB

client and, in the Court's view, as reflected at Docket 525, was "working to manipulate the system and unnecessarily delay resolution of this matter." Defendant's relationship with prior counsel, Lance Wells, is of limited relevance. The file reflects that Defendant lost faith in his attorney and that a breakdown in communication occurred. As a result, Defendant requested that another attorney be appointed but did not request that he be permitted to represent himself. After a rather lengthy *ex parte* discussion, the Magistrate Judge permitted Mr. Wells to withdraw as counsel and Mr. Lean was appointed to represent Defendant. The hearing, however, included case evaluation and settlement discussions that are not discoverable. The only relevance of this hearing is that Defendant did not request to represent himself. Therefore, while the Court will permit Dockets 124 and 125 to be unsealed, Docket 127, the February 24, 2014, hearing, shall remain sealed.

On January 2, 2015, the Friday before trial, an *ex parte* hearing was held that addressed a number of Defendant's concerns. Defendant complained about trial counsel and specifically wanted to utilize a duress defense, which the Court subsequently permitted him to do. Defendant also wanted to call certain witnesses, which again the Court subsequently permitted him to do. Defendant also wanted his case to be severed from co-Defendant Khamnivong, a request that the Court also subsequently granted. The Court, however, concluded that attorney Lean should continue to represent Defendant at trial based on his efforts to date and familiarity with the case.

On page 54 of the transcript near the conclusion of the hearing Defendant asked "how pro se works." Defendant went on to say:

ORDER RE MOTION TO UNSEAL - 2
3:13-cr-0092-RRB

> I don't – I don't want to give the Government, like, hey, I'm a idiot and I don't know how the court works, do whatever you want to do and run all over me. If I'm pro se, do I get somebody that will help me with legal issues or am I literally just by myself?"

To this the Court responded:

> It's too late to do that, [get another attorney] but I will give you, afford you considerable leeway if there's something that comes up that you think needs to be raised outside the presence off the jury. I'll ask you, and you can tell me. "Judge, I want to do this or I want to do that." I'll at least consider that. So we won't ignore your input. We'll consider it, and if there's something that you think should be done that's critical, I'll listen to you and consider your input. That's the best I can do in that regard, here where trial is three days away. But I've done that before, You know, I've allowed – when people are concerned that they're not – everything's not being presented to their liking, I'll defer to you . . . .

At this point Defendant was still concerned that he would still not be able to present his duress defense or call witnesses or present his side of the case. He therefore indicated on page 57 of the transcript that:

> I mean, Your Honor, all this is confusing to me, I just – I don't think it's fair and like I said, I would rather represent myself.

To this the Court responded:

> You strike me as a very intelligent person, and I think you're smarter than maybe you want to present. And I think that, to some degree, by bringing these last-minute issues, you're trying to manipulate the process. So it's time to go to trial. I'll work with you as much as I can to make sure that your views are presented, but I do believe your attorney has well-represented you, has the skills and background and knowledge of the case to continue to well-represent you. **And I understand your defenses and I'm going to allow you to present them.** (Emphasis added).

> To which Defendant responded: " I appreciate that, Your Honor."

The Court effectively granted Defendant co-counsel status.

ORDER RE MOTION TO UNSEAL - 3
3:13-cr-0092-RRB

Defendant was generally satisfied with the manner the Court resolved his concerns and did not mention ever again a desire to represent himself. His brief comments concerning this on the Friday before trial were not only equivocal but were for the purpose of delay and to help ensure he received favorable rulings from the Court on what he perceived to be his key defenses. And the Court clearly did, during trial, what it represented it would do. Defendant was permitted to use his own laptop during trial, file his own motions, subpoena witnesses, and to address the Court *ex parte* whenever a concern arose that he would like to address. Such *ex parte* conferences took place at Dockets 533 and 549 and, although brief, are clearly relevant and indicate the Court's efforts at ensuring that Defendant was represented as he desired. These two docket entries are therefore relevant to the issues at hand and may be unsealed. Moreover, as the trial transcript reveals, Defendant conferred with counsel throughout the trial and his views were continually expressed to the Court. And witnesses were not generally excused without receiving confirmation from Defendant himself that nothing further need be asked.

Defendant now requests that a portion of the January 2, 2015, hearing, represented by pages 38 line 1 through 44 line 13 of the transcript, remain sealed. The Court disagrees, however, for these pages address Defendant's primary concerns prior to trial that were ultimately resolved to his liking. Therefore these pages may be unsealed.

Defendant also requests that certain documents presented to the Court during the January 2, 2015, hearing remain sealed for they represent confidential attorney-client communications and matters unrelated to the issue at hand. The Court agrees with

ORDER RE MOTION TO UNSEAL - 4
3:13-cr-0092-RRB

Defendant in this regard and will not unseal the Minute Order at Docket 514 nor the 28 page document attached thereto as Exhibit A. Nor will the Court unseal the Exhibit list at Docket 515.

Ultimately, despite a valiant effort on Defendant's behalf by trial counsel, Defendant was convicted of all the charges against him. Thereafter, a motion was filed on Defendant's behalf at Docket 583 requesting that trial counsel be released and that new counsel be appointed to represent Defendant for purposes of sentencing. Defendant did not request to represent himself. The affidavit in support of this motion was filed at Docket 584 and adds nothing of relevance to the motion at 583. The entry at Docket 584 will therefore remain sealed.

Therefore, for the reasons set forth above, absent intervention by the Court of Appeals on or before June 13, 2016, the entire transcript of the January 2, 2015, *ex parte* hearing may be unsealed as well as Dockets 124, 125, 533, and 549 but **all shall remain sealed as to the general public.** Dockets 127, 514, 515, and 584 shall remain sealed.

**IT IS SO ORDERED** this 31st day of May, 2016.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE