IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.,

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.
  _____/

**DEFENDANTS' MOTION FOR LEAVE TO FILE
RESPONSE TO PLAINTIFFS' SURREPLY**

Defendants BuzzFeed, Inc. and Ben Smith respectfully request leave of the Court to file a response to Plaintiffs' Surreply in opposition to the New York Times' motion to intervene and unseal court files, Dkt. 403 ("Plaintiffs' Surreply"), in the form attached hereto as Exhibit 1.

Leave to file a surreply (or a response to a surreply) is appropriate where "a valid reason for such additional briefing exists," such as the need to respond to new arguments. *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008); *see also Hammett v. Am. Bankers Ins. Co. of Fla.*, 203 F.R.D. 690, 695 n.1 (S.D. Fla. 2001) (Ungaro, J.) (granting leave to file a surreply and a response to a surreply "[b]ecause Plaintiff presented new arguments and a new theory for certification in her Reply").

Although Plaintiffs' Surreply is their *third* filing in opposition to the New York Times' motion, it contains at least two new arguments. First, they argue that Defendants' position that Plaintiffs' notice of appeal does not deprive the Court of jurisdiction over the New York Times' unsealing request should be rejected because it "is hypocritical" and is inconsistent with "the

very position that [Defendants] first took" when Plaintiffs asked them to consent to a request that the Court replace full deposition transcripts in the record with excerpts.  Dkt. 403 at 1-2.

Second, Plaintiffs attack Defendants' integrity and that of their counsel.  They assert that Defendants filed full deposition transcripts on their motions for summary judgment only to "game[] the process by flooding the docket with confidential, personal, irrelevant, and scandalous materials that were unnecessary to the motions actually filed (and the Court's consideration of the same) in an attempt to further smear Plaintiffs."  *Id.* at 1; *see also id.* at 2 (claiming that Defendants filed such materials "solely for the purpose of unduly prejudicing the potential jury against Plaintiffs.")

Because Plaintiffs raised neither of these arguments in their previous filings on this motion, it is appropriate to grant Defendants leave to file a short response to Plaintiffs' Surreply addressing them.

Dated:  January 7, 2019

Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131

rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically via CM/ECF on all counsel or parties of record this 7th day of January, 2019.

By: /s/ Adam Lazier
Adam Lazier

4816-3410-6501v.1 0100812-000009

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

   Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

   Defendants.
                                                              /

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SURREPLY**

Plaintiffs have filed a surreply essentially for the sole purpose of seeking a new way to call Defendants' position "hypocritical." Plaintiffs are simply wrong, and their continuous misrepresentation of the issues surrounding sealing is, to say the least, growing wearisome. Put simply, Plaintiffs are confusing two very different issues.

The first involves whether a district court may *change* the summary judgment record, following an appeal, by affirmatively *removing* portions of the record that were before it when it entered judgment. That is what the e-mail exchange attached as Exhibit 1 to Plaintiffs' Surreply was about. The second involves whether a district court can retain jurisdiction to unseal the record, without changing what is in the record. The e-mails in Exhibit 1 were not about that. Rather, Plaintiffs raised that question for the first time in their Supplemental Response. As a result, that was the issue that Defendants addressed in their Opposition to the Supplemental Response.

Specifically, on December 20, 2018 Plaintiffs' counsel e-mailed Defendants' counsel to ask if Defendants would join in a motion to *substitute* certain deposition transcripts in the record with entirely different, and altered, exhibits. Dkt. 401-1 at 9. Plaintiffs' counsel asked if

Defendants would consent "to *replace* the full transcripts you filed with deposition excerpts," by way of a "motion for leave for you to *substitute* the excerpts." *Id.* (emphasis added). Put simply, Plaintiffs' December 20 e-mail was about changing the record – not sealing, or unsealing, portions of the existing record.

Prior to the entry of the judgment, Defendants in their submissions regarding sealing had offered to replace those exhibits if that is what the Court preferred, and had the Court ordered us to do so at that point, we would have had no objection. As all parties (including Plaintiffs and the *New York Times*) have agreed, however, district courts lack jurisdiction to take action which may impact a pending appeal, even as they retain jurisdiction over matters that are collateral to an appeal. Thus, actually removing items from the appellate record is an act that plainly could affect any pending appeal, because it changes the corpus of the information that is before the appellate court.

In fact, Fed. R. Civ. P. 60(a) would appear to limit a district court's discretion to actually change the record to circumstances involving correcting "a clerical mistake or a mistake arising from oversight or omission." And even in those circumstances, once an appeal has been docketed the district court may act "only with the appellate court's leave." *Id*. Since Plaintiffs' request in their December 20 e-mail to substitute excerpted transcripts did not involve any mistake, Rule 60(a) on its face would appear to preclude what Plaintiffs proposed to Defendants. Thus, Defendants' counsel responded to Plaintiffs by saying that "we don't think the record can or should be *changed* in the trial court."[1] Dkt. 401-1 at 8 (emphasis added). Defendants still

---

[1] We also note that Plaintiffs' claims of "hypocrisy" are, to say the least, ironic. The first party in this case to attach an entire deposition transcript was Plaintiff, who attached an entire transcript of a non-party deposition to their *motion for judgment on the pleadings*. Dkt. 115-2. By definition deposition testimony cannot be even considered on such a motion, yet Plaintiffs' affirmatively opposed that non-party's motion to seal the transcript. Dkt. 131, 142. As

believe that to be the case. Indeed, courts have held that, absent a mistake, district courts may not add materials to or remove them from the record once an appeal is pending. *Turner v. U.S. Parole Comm'n*, 972 F.2d 1343, 1992 WL 197049, at *2 n.1 (9th Cir. 1992); *Miccosukee Tribe of Indians of Fla. v. United States*, No. 04-21448-CIV, 2011 WL 1624977, at *31 (S.D. Fla. Apr. 26, 2011) ("But [Rule 21] no more permits joinder of parties, than [Rule 15(d)] permits the supplementation of the record, in the circumstances here: after the trial is over, judgment has been entered, and a notice of appeal has been filed.") (citation omitted).

Following that e-mail exchange, Defendants expected that Plaintiffs would file the motion they had proposed to Defendants – i.e., that the trial court order that those transcript exhibits be removed and different exhibits be substituted for them. That is is not, however, what Plaintiffs filed, and indeed they never filed any motion at all. Rather, Plaintiffs instead filed what purported to be a "Supplemental Response" to the *New York Times* motion to unseal, which took the position that the district court lacked jurisdiction to *unseal* any portion of the *entire* existing record. In short, it was *Plaintiffs* who made a strategic decision to seek relief that was entirely different from the issue they raised in their e-mail exchange – and not Defendants who have been inconsistent.

As a result, Defendants' Reply in Opposition, Dkt. 400, responded to the new issue that Plaintiffs had raised for the first time in their Supplemental Response. That question has nothing to do with whether the few deposition transcripts that were the subject of the e-mail exchange

---

Magistrate Judge O'Sullivan subsequently found, nothing in the testimony could have any bearing on that motion. Dkt. 144. By contrast, Defendants attached full deposition transcripts largely as a matter of convenience, because in *toto* the various pre-trial motions cited a substantial portion of the pages from key transcripts like Plaintiff Gubarev and XBT's CFO Rajesh Kumar Mishra anyway. Plaintiffs' e-mail to Defendants on December 20, however, only proposed changing the record with regard to the transcripts Defendants submitted – not the one Plaintiffs submitted, which they continue to advocate should be unsealed.

should, or should not be, stricken from the record. In fact, Plaintiffs' "Supplemental Response" only mentioned the deposition transcripts in a footnote, in the event that the Court did not grant them the relief their Supplemental Response sought. Dkt. 393 at 6.[2]

As noted above, unsealing an exhibit is, quite obviously, very different than removing/striking an exhibit from the record. In the former, there is no impact on a pending appeal (unless the issue of sealing is intertwined with the merits of an appeal, which is not the case here) because there is no impact on the record available to both the parties and the appellate court. The only impact is on the public. But in the latter, there is an obvious impact on pending appeals because the record available to the court of appeals would be different than the record before the trial court when it entered judgment. Nor does it matter whether any particular exhibit may, or may not have been, deemed relevant by the trial court, because the appellate court is entitled to make its own determinations regarding which portions of the record may be relevant to its determination.

Finally, Plaintiffs claim that their Supplemental Response was filed because "upon receiving Defendants' email, Plaintiffs researched Defendants' argument and concluded that Defendants were correct" is nonsense. Defendants' e-mail never made the "argument" Plaintiffs make in their Supplemental Response, because the e-mail exchange was about a different question. Indeed, Plaintiffs' Surreply leaves off the last part of that e-mail exchange. Plaintiffs' counsel responded to the e-mail from Defendants' counsel they are highlighting here *eight minutes* after it was sent, stating:

---

[2] And even so, the footnote requested that transcripts be removed from the record. Had Plaintiffs instead requested that specific portions of transcripts in the existing record remain sealed – rather than be physically removed – no impact on the appeal would be presented and this Court would have jurisdiction to entertain that along with all the other issues related to sealing.

> [I]t's an interesting issue that the circuits seem to disagree about. Some say that the filing of a notice of appeal divests the trial court of the ability to rule on any motions, including a motion to unseal and some disagree with that position. There doesn't seem to be anything on point in the 11th circuit. I guess we'll see.

Ex. 1. Defendants very much doubt that Plaintiffs "research[ed]" the law of all the Circuits and came to this conclusion in a matter of minutes. Rather, they presumably were considering multiple options, and once Defendants did not agree to their initial proposal, Plaintiffs elected to go a different route and raise a much broader claim about unsealing the record. They are certainly entitled to make that choice – but not to disingenuously blame Defendants for somehow foisting that choice on them.

At bottom, Plaintiffs' Surreply barely even purports to address the only question raised by the Supplemental Response – whether a trial court retains jurisdiction over matters regarding sealing that all arose between parties to the case (including a party-intervenor) prior to the entry of judgment. On that point, the "Surreply" does not dispute that *none* of the cases Plaintiffs cited in their Supplemental Response address that issue; rather, they all involved either unresolved motions to intervene or appeals which directly concerned the merits of sealing. At most, the Surreply merely attempts to distinguish some, but not all, of the authority cited by Defendants and/or *The New York Times* establishing that district courts do retain jurisdiction to resolve sealing disputes between existing parties that are collateral to the merits of an appeal. Defendants suggest that the Court is fully able to assess the relevant authority for itself.

Dated: January 7, 2019                    Respectfully submitted,

                                          /s/ Katherine M. Bolger
                                          Katherine M. Bolger
                                          Nathan Siegel
                                          Adam Lazier
                                          Alison Schary
                                          Davis Wright Tremaine LLP

        1251 Avenue of the Americas, 21st Floor
        New York, New York 10020
        katebolger@dwt.com
        nathansiegel@dwt.com
        adamlazier@dwt.com
        alisonschary@dwt.com

        <u>/s/ Roy Black</u>
        Roy Black
        Jared Lopez
        Black, Srebnick, Kornspan & Stumpf, P.A.
        201 So. Biscayne Boulevard
        Miami, Florida 33131
        rblack@royblack.com
        jlopez@royblack.com

        *Attorneys for Defendants*

# EXHIBIT 1

# TO DEFENDANTS' RESPONSE TO SURREPLY

# Lazier, Adam

| | |
|---|---|
| **From:** | evan@cfwlegal.com |
| **Sent:** | Thursday, December 20, 2018 3:50 PM |
| **To:** | Siegel, Nathan; Bolger, Kate; Schary, Alison |
| **Cc:** | matt@bostonlawgroup.com; 'Val Gurvits' |
| **Subject:** | RE: Substituting deposition excerpts |

**[EXTERNAL]**

Thanks, Nathan.

We will likely file something then noting that we've conferred but were not able to agree.

W/r/t the argument about the notice of appeal – it's an interesting issue that the circuits seem to disagree about. Some say that the filing of a notice of appeal divests the trial court of the ability to rule on any motions, including a motion to unseal and some disagree with that position. There doesn't seem to be anything on point in the 11th circuit. I guess we'll see.

Evan

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

**From:** Siegel, Nathan <NathanSiegel@dwt.com>
**Sent:** Thursday, December 20, 2018 3:41 PM
**To:** evan@cfwlegal.com; Bolger, Kate <KateBolger@dwt.com>; Schary, Alison <AlisonSchary@dwt.com>
**Cc:** matt@bostonlawgroup.com; 'Val Gurvits' <vgurvits@bostonlawgroup.com>
**Subject:** RE: Substituting deposition excerpts

Evan – We always appreciate optimism, but we don't consent to this for a couple of reasons, starting with that we think the motion comes too late.

Plaintiffs have filed a notice of appeal and the docket sheet has already been transmitted to the Court of Appeals. So at this point the record for purposes of appeal is what it is, and we don't think the record can or should be changed in the trial court.

And while we think that alone moots the issue at this point, we also note that your motion also makes legal arguments about the standards for sealing that we don't agree with, and generally implies there was something inappropriate about the way we filed those depositions in the first place. We don't agree with that. In fact, the depositions I gather you are most concerned about – Gubarev, Mishra, Dvas – are very heavily cited throughout the record, which was why we filed them in whole in the first place.

1

In our response to the Judge's Order on sealing -- which was filed before judgment was entered and an appeal docketed -- what we said was that if the court wishes, we would have no objection to making those substitutions.  The Court may or may not think that appropriate, either then or now, but presumably will tell us.  Until then we are not going to join in anything further with respect to that issue.

Nathan

**From:** evan@cfwlegal.com <evan@cfwlegal.com>
**Sent:** Thursday, December 20, 2018 2:46 PM
**To:** Bolger, Kate <KateBolger@dwt.com>; Siegel, Nathan <NathanSiegel@dwt.com>; Schary, Alison <AlisonSchary@dwt.com>
**Cc:** matt@bostonlawgroup.com; 'Val Gurvits' <vgurvits@bostonlawgroup.com>
**Subject:** RE: Substituting deposition excerpts

**[EXTERNAL]**

Following up – and in the spirit of optimism – I drafted the attached. Please let me know if you're willing to have us file something like this.

If you're able to rouse yourselves from your celebratory hangovers, we'd like to try to file something today.  Thanks.

Evan


Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com

**From:** evan@cfwlegal.com <evan@cfwlegal.com>
**Sent:** Thursday, December 20, 2018 11:53 AM
**To:** 'Bolger, Kate' <KateBolger@dwt.com>; 'Siegel, Nathan' <NathanSiegel@dwt.com>; 'Schary, Alison' <AlisonSchary@dwt.com>
**Cc:** 'matt@bostonlawgroup.com' <matt@bostonlawgroup.com>; 'Val Gurvits' <vgurvits@bostonlawgroup.com>
**Subject:** Substituting deposition excerpts
**Importance:** High

Hi Kate, Nathan, and Alison –

In your chart submissions regarding what should be sealed/not sealed, you offered to replace the full transcripts that you filed with deposition excerpts representing the portions of the transcripts actually referenced in your filings.

Because the remainder of those transcripts are (even by your own lights) not relevant to the SJ motions and because the transcripts otherwise contain a lot of personal/confidential information, we'd like to formally move for leave for you to substitute the excerpts.  Would you be willing to either join us in that or assent to it?

Please let us know as soon as possible.

Evan

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
(617) 426-0000
(617) 507-8043 (facsimile)
Evan@CFWLegal.com