**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.: 17-CV-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING,
S.A., AND WEBZILLA, INC.

    Plaintiffs,

v.

BUZZFEED, INC. AND BEN SMITH,

    Defendants.

**NON-PARTY CHRISTOPHER STEELE'S POSITION STATEMENT
(FILED UNDER SEAL PURSUANT TO COURT ORDER (DKT. 384))**

Non-party Christopher Steele has received notice of the potential unsealing of his deposition testimony, which was properly designated Attorneys' Eyes Only under the Amended Confidentiality Stipulation and Protective Order. Mr. Steele objects to the unsealing of this testimony. For the reasons explained below, unsealing these materials would have an adverse impact on Mr. Steele, and good cause exists to keep the materials under seal.

The document in issue is the June 18, 2018 deposition transcript of Mr. Steele. Mr. Steele is a non-party and a British citizen, outside of the jurisdiction of this Court. Counsel for Mr. Steele objected to the request to take his deposition, successfully fought to narrow its scope, and successfully opposed any disclosure of the testimony to date.

**I.    Relevant Background**

Plaintiffs initially moved this Court on August 9, 2017, to issue a request for international assistance in obtaining the deposition of Mr. Steele, anticipating testimony on a wide-ranging number of topics. Dkt. 52. The Court issued its Request for International Judicial Assistance the

following day.  Dkt. 54.  Counsel for Mr. Steele sought to intervene in opposition on the grounds that the same Plaintiffs were suing Mr. Steele in the United Kingdom and were attempting to employ an end-run around the procedural limitations they faced in their parallel U.K. action. Dkt. 55.  Although the Court denied Mr. Steele's request to intervene, it signaled its willingness to proceed "trusting that his rights under British law will be protected by the British Court." Dkt. 60 at 2.  Mr. Steele's British counsel moved to set aside his deposition.  Although the British court did not set aside the deposition in its entirety, it did narrow the scope, describing Plaintiffs' proposed deposition topics as a "fishing expedition."  "It is indeed unfortunate that such a wide-ranging Request was sought, combined with the fact that in none of the documents in the Florida proceedings is there any analysis of how each topic for examination relates to and is relevant to the issues in the trial," the British court noted.

The parties deposed Mr. Steele in London on June 18, 2018.  The testimony was designated as Attorneys' Eyes Only—the highest level of confidentiality—pursuant to the Amended Confidentiality Stipulation and Protective Order.  Dkt. 97.[1]  None of the parties objected to this designation, and it has indeed protected the deposition for more than half a year.  Mr. Steele did not intend for that designation to be temporary, particularly in light of the fact that he has steadfastly sought to protect his privacy and has been dragged into multiple active lawsuits stemming from the so-called Trump Dossier.

## II.     Mr. Steele's Deposition Testimony Should Remain Sealed

Unsealing Mr. Steele's deposition testimony would have an adverse effect on Mr. Steele, and good cause exists to keep these materials confidential.  "The constitutional right of access has

---

[1] Mr. Steele also successfully opposed requests from Sen. Charles Grassley and Rep. Devin Nunes for production of his deposition transcript.  Dkt. 199.

2

a more limited application in the civil context than it does in the criminal." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). Moreover, "where a third party seeks access to material disclosed during discovery and covered by a protective order, the constitutional right of access, like Rule 26, requires a showing of good cause by the party seeking protection." *Id.*

Although materials filed with substantive motions are subject to the common-law right of access, "the fact that sealed material is subsequently submitted in connection with a substantive motion does not mean that the confidentiality imposed by Rule 26 is automatically forgone." *Id.* at 1313. "Before disclosure is appropriate, a court must first conduct the common-law right of access balancing test." *Id.*

Rule 26 "requires the court to (1) determine whether valid grounds for the issuance of a protective order have been presented; and (2) balance the public's interest in access against the litigant's interest in confidentiality." *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1366 (N.D. Ga. 2002). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

As previously mentioned, Plaintiffs are pursuing in the United Kingdom a defamation claim against Mr. Steele *for the exact same publication* as the instant case. Under English civil

3

procedure, Plaintiffs are not entitled to obtain from their adversary Mr. Steele the testimony they elicited from Mr. Steele here as an unwilling third party witness in their related U.S. action against a different defendant. This Court should not permit Plaintiffs to use this case as a strategic end-run around their procedural and substantive limitations in their parallel English action to the prejudice of Mr. Steele. Mr. Steele, a non-party, provided his testimony in reliance on the Protective Order and the confidentiality designation that his testimony received. The excerpts proposed for unsealing evidence Plaintiffs' repeated attempts to push the testimony outside of the Court-ordered boundaries and also address Mr. Steele's confidential business processes.

Additionally, unsealing Mr. Steele's deposition testimony, including excerpts selected and filed by his adversaries in separate litigation, would subject Mr. Steele to a wave of uninvited attention and potential danger. In the wake of the publication of the Trump Dossier, Mr. Steele received threats on his life, and he and his family were forced to go into hiding after he was involuntarily exposed by a ruthless press.

Lastly, it does not appear that this Court relied on the contents of Mr. Steele's deposition in its Summary Judgment Orders, and the information contained in the excerpts filed with the Court is not relevant to the underlying case, alleviating any concerns that keeping the deposition under seal will deprive the public of any "informational oxygen." *United States v. Bradley*, No. 405CR059, 2007 U.S. Dist. LEXIS 42152, at *13 (S.D. Ga. June 11, 2007). Indeed, the basis for this Court's grant of summary judgment to defendants – the fair reporting privilege – has nothing whatsoever to do with the cited excerpts of Mr. Steele's testimony.

For these reasons, Mr. Steele requests that his deposition testimony remain under seal.

Respectfully submitted this 9th day of January, 2019.

                                            */s/* Christina Hull Eikhoff
Christina Hull Eikhoff (LEAD ATTORNEY)
Georgia Bar No. 242539
Alston & Bird, LLP
1201 W. Peachtree St. NW
Atlanta, GA 30309
Phone:  (404) 881-4496
Email:  Christy.eikhoff@alston.com
*Counsel for Non-Party Christopher Steele*

## **CERTIFICATE OF SERVICE**

Non-Party Christopher Steele's Position Statement was filed electronically under seal on January 9, 2019 through CM/ECF and served on counsel for the parties via U.S. mail at the addresses below:

Valentin Gurvits
Boston Law Group, PC
825 Beacon Street
Suite 20
Newton Centre, MA 02459
617-928-1804
*Counsel for Plaintiffs*

Katherine M. Bolger
Davis Wright Tremaine, LLC
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
(212) 603-4068
*Counsel for Defendants*

　　　　　　　　　　　　　　　　　　　　*/s/ Christopher A. Riley*
　　　　　　　　　　　　　　　　　　　　CHRISTOPHER A. RILEY
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0168165