# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:17-CV-60426-UNGARO/O'SULLIVAN

ALEKSEJ GUBAREV, XBT HOLDINGS S.A., AND WEBZILLA, INC.,

      Plaintiffs,

v.

BUZZFEED, INC. AND BEN SMITH,

      Defendants.

## NON-PARTY BITLY, INC.'S NOTICE OF FILING POSITION STATEMENT AND POSITION STATEMENT IN RESPONSE TO POTENTIAL UNSEALING OF CONFIDENTIAL DOCUMENTS

### FILED UNDER SEAL

CASE NO. 0:17-CV-60426-UU

# NOTICE OF FILING POSITION STATEMENT

Non-party Bitly, Inc. ("Bitly"), pursuant to this Court's Order Regarding Procedure for Notifying Identified Non-Parties About Potential Unsealing [DE-384], respectfully files this Notice of Filing Position Statement and the Position Statement attached hereto.

In accordance with Local Rule 5.4(a), non-party Bitly files this notice, position statement, and attached declarations under seal pursuant to this Court's Order [DE-384, ¶ 4].

Date:   January 14, 2019

Respectfully submitted,

**LOTT & FISCHER, PL**

**s/ Ury Fischer**
Leslie J. Lott
Florida Bar No. 182196
Ury Fischer
Florida Bar No. 048534
E-mail: ljlott@lottfischer.com
255 Aragon Avenue, Third Floor
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191

*Attorneys for Non-Party*
*Bitly, Inc.*

*Of counsel:*

Tyler Newby
E-mail: tnewby@fenwick.com
Armen N. Nercessian
E-mail: anercessian@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

CASE NO. 0:17-CV-60426-UU

## NON-PARTY BITLY, INC.'S POSITION STATEMENT IN RESPONSE TO POTENTIAL UNSEALING OF CONFIDENTIAL DOCUMENTS

Non-party Bitly hereby responds to the Court's Order Notifying Identified Non-Parties of Potential Unsealing (the "Non-Party Order") [DE-384] and opposes the Motion for Access to Judicial Records from The New York Times Company (the "Times Motion") [DE-254]. Bitly respectfully asks the Court to keep under seal confidential Bitly document 215: a Bitly Presentation bates numbered BITLY 00004-00026 (the "Produced Records"). Unsealing the Produced Records would adversely impact non-party Bitly. Good cause exists to keep confidential Bitly document under seal.

## MEMORANDUM OF LAW

### I. BACKGROUND

#### A. Bitly and The Produced Records

Bitly is a popular URL shortening service and link management platform. Declaration of Mark Josephson ("Josephson Decl.") ¶ 1. Internet users rely on Bitly's services to shorten approximately 600 million links every month, for use in social networking, text messages, and email. *Id.* ¶ 2.

Bitly is not a party to this lawsuit. On November 15, 2017, defendants Buzzfeed, Inc. and Ben Smith served Bitly with a subpoena. In response to the subpoena, Bitly produced internal business records, which were Bates numbered BITLY_00001 through BITLY_00050 consecutively. Josephson Decl. ¶ 3. Bitly designated the Produced Records "Confidential" under the protective order in this case [DE-41, amended by DE-97]. *Id.* ¶ 4. Bitly understands that Defendants used the Produced Records as a confidential exhibit in a court filing in this case. *Id.* The Produced Records were filed under seal and never released to the public. *Id.*

The Produced Records reveal Bitly's internal processes and techniques for identifying

abuses of its link shortening platform. Josephson Decl. ¶ 5. The records discuss Bitly's identification of information about a malicious actor that used Bitly services in a spearfishing attack, including the email address and username associated with the user, domains that the user targeted, and suspect IP addresses. *Id.* In addition, the Produced Records describe the steps that Bitly took to tie the original account of the bad actor to other accounts and IP addresses. *Id.* The Produced Records contain technical information about Bitly services that is not known to the public, competitors, or bad actors, nor has Bitly shared this information publicly. *Id.* ¶ 6.

The only information of public interest in the Produced Records has been publicly known for years. In late 2016, several media outlets reported extensively on the hacking of the private Gmail account of John Podesta, chairman of the 2016 Hillary Clinton presidential campaign. *See* Declaration of Tyler Newby ("Newby Decl.") ¶ 2, Exhibit A. This coverage discussed how hackers used Bitly services in connection with this spearfishing attack, as well as the fact that Bitly had identified the originating user. *Id.* The Produced Records add nothing of public interest to this narrative; instead, they only include additional technical detail of how Bitly can detect potential abuses of its services.

### B.     The Request to Unseal

The New York Times Company filed its Motion to Intervene and for Access to Judicial Records on October 17, 2018. [DE-254]. The Times Motion sought records concerning the so-called "Steele Dossier," including access to "broad categories of critical information that has been redacted and sealed, such as information related to the origin of the Dossier; the Government's investigation of the Dossier, including Senator McCain's receipt and production of the Dossier to the FBI; Buzzfeed's investigation of the Dossier; and Plaintiff's advocacy and involvement in public controversies." [DE-254 at 6].

The Court granted the motion to intervene but deferred ruling on the request for access to judicial records until non-parties had an opportunity to state their positions on unsealing confidential documents. [DE-382]. The Court then issued *sua sponte* its Order Notifying Identified Non-Parties of Potential Unsealing. [DE-384]. The Court noted it is considering unsealing all materials filed except for discovery materials "designated <u>by non-parties</u> as confidential" and "confidential commercial information that amounts to a trade secret." [DE-384 at 1] (emphasis in original). The Court invited non-parties to file, under seal, a position statement that details "(1) whether the non-party believes unsealing the material designated in the Notice would adversely impact the nonparty, and (2) whether good cause exists to keep the material under seal, including, if good cause exists only to keep <u>portions</u> of the material under seal, which specific portions of the material should be redacted." [DE-384 at 3] (emphasis in original).

## II.  THE COURT SHOULD AVOID UNDUE BURDENS ON NON-PARTY BITLY.

The Federal Rules of Civil Procedure recognize that litigants and courts both have a duty to minimize litigation burdens on non-parties. They require parties that seek discovery from non-parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Similarly, they state that courts "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." *Id.* Additionally, the Federal Rules allow courts, upon finding "good cause," to issue protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Together, these rules "provide ample power for the proper protection of third parties from harassment, inconvenience, or disclosure of confidential documents." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.).

Courts must impose "necessary restrictions" "on non-party discovery to protect third parties from harassment, inconvenience, or disclosure of confidential documents." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 556 (D. Nev. 2013); *see also United States v. Corces*, No. 92-28-CR-T-17B, 1997 WL 447979, at *11 (M.D. Fla. July 28, 1997), *aff'd*, 152 F.3d 934 (11th Cir. 1998) (holding that "the privacy interests of third parties compel continued sealing"). Where an application seeks disclosure "of matters which could injure non-parties[,] courts have recognized the interest of the public in denying or deferring disclosure." *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) (collecting cases). Moreover, when material subject to a motion to unseal "pertains to non-parties who are not public figures, the balancing of interests in favor of protecting the privacy of the non-parties and against uninhibited access to the records is strengthened." *Rossbach v. Rundle*, 128 F. Supp. 2d 1348, 1352 (S.D. Fla. 2000) (denying newspaper's motion to intervene to unseal file); *see also Bausch & Lomb, Inc. v. Coopervision, Inc.*, No. 06-CV-262OD, 2006 WL 901687, at *2 (N.D. Ga. Apr. 5, 2006) ("[S]tatus as a non-party further supports the need to protect its confidential information."). For that reason, "it is appropriate to seal certain records when those particular records contain highly sensitive and potentially embarrassing personal information" about third parties. *Rossbach*, 128 F. Supp. 2d at 1352 (collecting cases).

In the Non-Party Order, the Court recognized that unsealing confidential documents in this case threatens to place undue burdens on non-parties. Thus, the Court deferred ruling on The Times' motion for access to judicial records [DE-254] until non-parties had "an opportunity to state their position on the sealing or unsealing of the affected documents." [DE-382]. The Court also expressed its inclination to unseal all materials filed except for discovery materials "designated by non-parties as confidential" and "confidential commercial information that

amounts to a trade secret." [DE-384 at 1] (emphasis in original).

The Court's initial inclination is correct. Unsealing Bitly's internal, confidential documents would place an undue burden on it. Bitly is not a party to this case, has no particularized interest in this case, and plays no central role in the underlying dispute. *See* Josephson Decl. ¶¶ 4-6. Nor do the Produced Records have any relationship to the Time's stated interest in unsealing. The central issues the Times Motion raises include "the origin of the [Steele] Dossier; the Government's investigation of the Dossier, including Senator McCain's receipt and production of the Dossier to the FBI; Buzzfeed's investigation of the Dossier; and Plaintiff's advocacy and involvement in public controversies." [DE-254 at 6].

Bitly and the Produced Materials have nothing to do with any of these topics. Nor do the technical details of Bitly's internal investigation into abuse of its services. Disclosing these confidential, internal documents—which has only limited relevance to the Times Motion or any matters of public interest—places an undue burden on Bitly, a non-party. The Court should therefore keep these materials under seal.

### III. UNSEALING WOULD ADVERSELY IMPACT NON-PARTY BITLY AND THE PUBLIC INTEREST.

Public disclosure of the Produced Records would adversely impact Bitly and does not advance any public interest. To the contrary, unsealing may harm the public by revealing Bitly's internal processes for identifying potentially malicious uses of its service. Josephson Decl. ¶ 5. The Produced Materials provide technical details of the information that Bitly uses to investigate abuse, including Bitly's ability to tie abuses traceable to one account to other related accounts. *Id.* The Produced Materials may therefore offer a roadmap to bad actors that seek to circumvent Bitly's current tools for detecting and investigating abuse and to misuse the Bitly platform to attack unsuspecting members of the public. Not only would this disclosure harm Bitly's ability

to track malicious users of its services and potentially create mistrust of its platform, it could expose members of the public to more sophisticated threats of identity theft, economic loss, and/or public embarrassment due to spearfishing or other types of attacks.

## IV.     GOOD CAUSE EXISTS TO KEEP THE PRODUCED RECORDS UNDER SEAL.

Where "a third party seeks access to material disclosed during discovery and covered by a protective order, the constitutional right of access, like Rule 26, requires a showing of good cause by the party seeking protection." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001). This right of access "has a more limited application in the civil context than it does in the criminal" one. *Id.* Similarly, "the common-law right of access requires a balancing of competing interests" between disclosure and the other party's (or in this case, a non-party's) interest in keeping the information confidential. *Id.* at 1311. As with the constitutional right to access, a "party may overcome the 'common-law right of access' if it is able to show that good cause exists." *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-ORL-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012).

In balancing the public interest in access against the producing party's interests in confidentiality, courts consider multiple factors. These include "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *MEDAI*, 2012 WL 2512007, at *2 (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). The Eleventh Circuit has recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* Accordingly, in

Case 0:17-cv-60426-UU   Document 416   Entered on FLSD Docket 01/14/2019   Page 9 of 12

CASE NO. 0:17-CV-60426-UU

balancing these interests, courts have found that a company's interest in the privacy of its internal records, such as financial or confidential agreements, "often outweigh the public right of access." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010).

Good cause exists to keep non-party Bitly's confidential, internal documents under seal. *First*, neither unsealing nor maintaining the protective order would impair court functions. Whatever references to the Produced Records exist in the case docket, the Court has already sealed and redacted them and may maintain those measures.[1] Moreover, public disclosure would reveal confidential details concerning Bitly's ability to track abuses on its services. Thus, this factor favors keeping the Produced Materials under seal.

*Second*, as discussed above, both Bitly and the public would suffer injury from disclosure of the Produced Records. Disclosure would impede Bitly's ability to track malicious actors and risk giving bad actors tips on how to avoid Bitly's ability to identify and associate malicious accounts that are attempting to misuse Bitly. This could result in harm both to Bitly and to members of the public.

*Third*, the reliability of the information in the Produced Records does not support unsealing. While Bitly believes the Produced Records are accurate and reliable, that does not give rise to any compelling interest in public disclosure. At best, this factor is neutral.

*Fourth*, Bitly will have no meaningful opportunity to respond to, or provide context for, the Produced Materials if unsealed. The harm in public disclosure of the Produced Materials is that they reveal technical details of how Bitly can track and investigate abuse on its service. That

---

[1] Bitly is not fully informed of the extent to which the parties or the Court cited the Produced Records. It is Bitly's understanding, however, that there would be only minimal reference to the Produced Records in this case.

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191
7

harm will occur upon public disclosure, and no later statement or response by non-party Bitly would mitigate it.

*Fifth*, there is no public interest in the technical information that appears in the Produced Materials. The public's true interest in this lawsuit, as the Times Motion outlines, concerns the Dossier. [DE-254 at 6]. Neither the Produced Materials nor Bitly have anything to do with that. Moreover, while a public interest may at some point have existed in the general information that malicious actors abused Bitly's services in connection with the spearfishing attack on John Podesta's private email, that information has been public for years. *See* Newby Decl. ¶ 2, Exhibit A. By contrast, the information in the Produced Records is technical in nature and does not itself concern any public interest or public officials; rather, it concerns information about Bitly's ability to track and investigate abuse of its services. As explained in **Section III**, *above*, public disclosure of the Produced Materials may in fact harm the public interest by providing bad actors a roadmap of how to circumvent Bitly's measures for tracking abuse.

*Finally*, there is no reasonable alternative to keeping the documents under seal that would ensure that the technical information about Bitly's measures for tracking abuse remain confidential.

Because good cause exists to protect Bitly's confidential information, the Court should keep the Produced Records under seal.

## V.     CONCLUSION

Bitly appreciates the Court's efforts to respect the confidentiality of non-party documents. Bitly respectfully asks this Court to maintain all its Produced Records under seal because (1) disclosing the Produced Records would pose an undue burden on non-party Bitly; (2) public disclosure would adversely impact Bitly and harm the public; and (3) good cause

CASE NO. 0:17-CV-60426-UU

exists to maintain non-party Bitly's Produced Records under seal.

|  |  |
|---|---|
| Date: January 14, 2019 | Respectfully submitted,<br><br>**LOTT & FISCHER, PL**<br><br><u>**s/ Ury Fischer**</u><br>Leslie J. Lott<br>Florida Bar No. 182196<br>Ury Fischer<br>Florida Bar No. 048534<br>E-mail: ljlott@lottfischer.com<br>255 Aragon Avenue, Third Floor<br>Coral Gables, FL 33134<br>Telephone: (305) 448-7089<br>Facsimile: (305) 446-6191<br><br>***Attorneys for Non-Party Bitly, Inc.*** |

*Of counsel:*

Tyler Newby
E-mail: tnewby@fenwick.com
Armen N. Nercessian
E-mail: anercessian@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

CASE NO. 0:17-CV-60426-UU

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. . I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via email.

s/ Ury Fischer
Ury Fischer

## SERVICE LIST

*Aleksej Gubarev, et al., v. Buzzfeed, Inc., et al.*
United States District Court, Southern District of Florida
**CASE NO. 1:17-CV-60426**

Service via email:

Alison Schary
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW, Suite 800
Washington, D.C. 20006-3401
(202) 973-4200
(202) 973-4499 fax
alisonschary@dwt.com
Attorney for Defendants Buzzfeed, Inc.
and Ben Smith

Matthew Shayefar
Boston Law Group, P.C.
825 Beacon Street, Suite 20
Newton Centre, MA 02459
(617) 928-1800
(617) 928-1802 fax
matt@bostonlawgroup.com
Attorney for Plaintiffs Aleksej Gubarev,
XBT Holdings S.A., and Webzilla, Inc.