UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-60426-UU

ALEKSEJ GUBAREV, *et al.*,

    Plaintiffs,

v.

BUZZFEED, INC., *et al.*,

    Defendants.

_____/

**ORDER**

THIS CAUSE comes before the Court upon Plaintiffs' Supplemental Response Concerning New York Times' Motion to Intervene and Request for Stay of Ruling on the Same (D.E. 393) (the "Motion").

THE COURT has considered the Motion and pertinent portions of the record and is otherwise fully advised in the premises.

As the parties (and intervenor The New York Times Company (the "Times")) are well aware, the Court is undertaking an independent audit of the sealed filings in this case to assess whether good cause has been shown to justify sealing. Plaintiffs urge this Court to stay any ruling as a result of this audit, arguing the Court lacks jurisdiction to order unsealing given Plaintiffs' pending appeal of the Court's summary judgment order (D.E. 388) and final judgment (D.E. 390). *See* D.E. 392 (notice of appeal); Mot. at 2–5. In the alternative, Plaintiffs argue that, should the Court conclude that it retains jurisdiction to rule on unsealing, the Court nevertheless should stay any future order unsealing documents pending Eleventh Circuit review, because "that particular bell cannot be un-rung." Mot. at 5–6.

Plaintiffs' first argument is unavailing. It is well-settled that, while the filing of a timely and sufficient notice of appeal divests a district court of authority to proceed further with respect to any matters involved in the appeal (except in aid of the appeal), the general rule of divestiture "does not apply to collateral matters not affecting the questions presented on appeal." *Otero v. Shellpoint Mortg. Servicing (In re Otero)*, 741 F. App'x 761, 763 (11th Cir. 2018) (citing *Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999)). The anticipated unsealing here will not affect the questions presented on appeal. It would not add to, or subtract from,[1] the record on appeal; it would merely make the record evidence publicly available. The Court retains jurisdiction to determine whether good cause exists to keep the record evidence out of the public eye.

Plaintiffs' cited cases do not compel a different result. Plaintiffs cite *Doe v. Pub. Citizen*, 749 F.3d 246, 258-59 (4th Cir. 2014); *Nicol v. Gulf Fleet Supply Vessls, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984); and *In re N.Y. Times Co. to Unseal Wiretap & Search Warrant Materials*, 600 F. Supp. 2d 504, 509 (S.D.N.Y. 2009), for their decisions that district courts cannot rule on a motion to intervene once the underlying case is on appeal. These cases are irrelevant. The Times was granted intervenor status before the Court entered the orders on appeal. And, in any event, even if The Times' motion for access to judicial records were not pending, the Court nevertheless would press on with its *sua sponte* audit of the sealed filings in this case.

Plaintiffs' cited cases on unsealing also are distinguishable. For example, in *United States v. Georgiou*, the Third Circuit affirmed the district court's denial of a motion to unseal where the motion was filed after the notice of appeal had been filed. 777 F.3d 125, 145 (3d Cir.

---

[1] The Court may entertain Plaintiffs' request to keep full deposition transcripts sealed and require the parties to file unsealed excerpts of the pertinent testimony. *See* Mot. at 6 n.1. In this way, the appellate record would not be reduced (i.e., the Eleventh Circuit would still have access to the sealed full deposition transcripts) nor increased; the public simply would be able to view a smaller sample of the appellate record than would the Eleventh Circuit.

2

2015). The Third Circuit agreed that the district court lacked jurisdiction to consider the motion to unseal at that time, but did not expressly analyze whether the motion to unseal was a "collateral matter." *See id.*

A deeper dive into the case shows that it was not collateral. The sealed documents at issue in *Georgiou* were docket entries in another case pertaining to a cooperating witness, Kevin Waltzer. *See* Motion for Order to Deny Defendant's Motion to Unseal Documents in U.S. v. Waltzer, Criminal Case No. 08-cr-552, *United States v. Georgiou*, No. 2:09-cr-00088-RK-1 [hereinafter "Georgiou Dist. Ct. Case"], D.E. 274, at *2 (E.D. Pa. March 26, 2012). Waltzer had his own criminal case, and certain docket entries were filed under seal. *See id.* Defendant Georgiou suspected that those sealed documents might reveal *Brady* violations. *See id.*; *see also* Def. George Georgiou's Reply to Response to Motion, Georgiou Dist. Ct. Case, D.E. 275, at *3 (E.D. Pa. March 27, 2012). So Georgiou filed a motion in Waltzer's criminal case, seeking to unseal those docket entries and learn their contents in hopes of supporting his *Brady* claim. *See generally* Georgiou Dist. Ct. Case, D.E. 274 at *2–5; D.E. 275 at *1–6. The problem was that Georgiou had already raised his *Brady* claim in a Rule 33 motion for new trial, which motion was denied, and which denial was on appeal at the time he filed his motion to unseal in Waltzer's case. *See generally* Georgiou Dist. Ct. Case at D.E. 232; D.E. 240; D.E. 242; D.E. 267; D.E. 268. As such, the district court in Georgiou's case found that it lacked jurisdiction to consider unsealing and entered an order denying Georgiou's request to unseal, even though the motion was filed in Waltzer's case (not Georgiou's). Georgiou Dist. Ct. Case, D.E. 276.[2]

---

[2] *United States v. Pickard*, 676 F.3d 1214 (10th Cir. 2012), is similar. The document at issue there was the confidential informant file for a key government witness in the defendants' criminal cases. *See* Appellants' Consolidated Reply Br., *United States v. Pickard*, Nos. 11-3277, 11-3279, 2012 WL 115523 (10th Cir. Jan. 9, 2012). The defendants had filed motions for postconviction relief under 28 U.S.C. § 2255, which were denied, and then filed Rule 60(b) motions, alleging, *inter alia*, newly discovered evidence and fraud. 676 F.3d at 1216. The Rule 60(b) motions were denied. *Id.* Next, the defendants moved to unseal the confidential informant file, arguing that the court should unseal the file so that they could view the case agent's "risk assessment" of the witness, a

3

The key takeaway from *Georgiou* is that a district court lacks jurisdiction to unseal documents if the content of the sealed documents is not known to all parties and could result in a party supplementing the record on appeal with the new information. That's not the case here. The parties here have been privy to all of one another's filings, even those filings under seal. The Times is not privy to the sealed filings, but The Times is not party to the appeal. The Times has been granted intervenor status for the sole purpose of seeking access to judicial records. D.E. 382. Most importantly, the appellate record for the Court's summary judgment order and order entering final judgment is firmly settled. Any order unsealing documents would not alter the record in any respect.

For this reason, *FutureFuel Chemical Company v. Lonza, Inc.*, 756 F.3d 641 (8th Cir. 2014), is most persuasive. In *FutureFuel*, the Court entered a dispositive summary judgment order and, subsequently, stated its intention to unseal sealed documents (without actually ordering unsealing at that time). *Id.* at 648. Prior to the district court ordering unsealing of the documents, the summary judgment loser appealed the summary judgment order. *Id.* The Eighth Circuit noted that unsealing orders generally are "independent of the disposition of the merits of the case." *Id.* (quoting *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 n. * (4th Cir. 1988)). As a result, "the district court was permitted to consider whether to unseal the record despite [the] filing of a notice of appeal in this case challenging the grant of summary

---

"potentially falsified document." 2012 WL 115523, at *1–4. The next day, the defendants appealed the Rule 60(b) orders. 676 F.3d at 1216. The district court concluded that the notices of appeal divested the court of jurisdiction to decide whether to unseal the confidential informant file, as it—by Defendants' own admissions—involved matters to be addressed in the pending appeals. *See id.* at 1216, 1218–19. The Tenth Circuit found that the district court was "probably correct" in reaching that conclusion and declined to grant mandamus relief. *Id.* at 1218–19.

*See also United States v. Reeves*, No. 11-520(JBS), 2016 WL 2621272, at *1 (D.N.J. May 2, 2016) (where criminal defendant's judgment of conviction was on appeal, defendant was not entitled to have grand jury transcripts unsealed; defendant's counsel conceded that "the motion to unseal grand jury transcripts was filed because it contained an issue 'relevant to the Appeal.'").

judgment….." *Id.*[3]  Here, as in *FutureFuel*, the Court's decision whether to unseal all or a portion of the sealed docket is collateral to the merits of the summary judgment appeal, and thus this Court retains jurisdiction.  *See also Honeywell Int'l Inc. v. Nikon Corp.*, No. 04-1337-JJF, at *1–2 (D. Del. Mar. 2, 2010) (finding jurisdiction to adjudicate motion to unseal despite pending appeal of underlying summary judgment order).

Having concluded that jurisdiction exists, the Court must now decide whether to stay its decision to unseal any document.  It may be true that a brief continuation of sealing is the only way the parties can have a meaningful chance for the Eleventh Circuit to review the Court's ruling on jurisdiction to unseal.  But the Court declines to order a blanket stay pending the outcome of any appeal.  Plaintiffs have not met their burden of showing that such a stay is warranted.  *See Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011) (stay pending appeal only appropriate where: (1) movant has a substantial likelihood of success on the merits; (2) movant will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the injunction would not be adverse to the public interest).  For example, there are a number of documents that the parties (and non-parties) have already consented to unseal.  Why should the Court stay pending appeal the unsealing of such documents?

The Court intends to rule expeditiously on unsealing in light of the non-party position statements it has received.[4]  Nevertheless, recognizing that the bell cannot be un-rung once previously-sealed documents are unsealed, the Court will stay any order unsealing documents, once issued, for seven (7) days following entry of the order, thereby allowing the parties (and, if

---

[3] Ultimately, the Eighth Circuit dismissed the appeal on this ground as premature, as the district court had "not yet made a final, appealable decision on the issue of unsealing the records." *Id.* at 648–49.

[4] The Court did not receive position statements from non-parties Fusion GPS, KGlobal LLC, nor CNN within the Court-ordered deadline to file such statements.  *See* D.E. 384 (corrected order on non-party notice procedure); D.E. 415 (proof of service).

6

applicable, non-parties) to seek emergency relief in the Eleventh Circuit.  *See* Fed. R. App. P. 8(a).  In all other respects, the Motion, D.E. 393, is DENIED.

    DONE AND ORDERED in Chambers, Miami, Florida, this _23d_ day of January, 2019.

*[signature]*
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf