# ANNEX 13

# Exhibit 74

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.

_____/

**DEFENDANT BUZZFEED INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure 36, Defendant Buzzfeed, Inc. ("BuzzFeed"), by and through its attorneys, hereby responds and objects as follows to Plaintiffs' First Set of Requests for Admission (the "Requests").

**RESPONSES AND OBJECTIONS**

**Request No. 1:** Admit that, prior to Buzzfeed's publication of the Dossier, you made no attempt to contact Gubarev.

**Response:** Admitted.

**Request No. 2:** Admit that, prior to Buzzfeed's publication of the Dossier, you made no attempt to contact Webzilla.

**Response:** Admitted.

**Request No. 3:** Admit that, prior to Buzzfeed's publication of the Dossier, you made no attempt to contact XBT.

**Response:** Admitted.

**Request No. 4:** Admit that, at the time of Buzzfeed's publication of the Dossier, you had no reason to believe that the allegations concerning Gubarev in the Dossier were true.

**Response:** Denied.

**Request No. 5:** Admit that, at the time of Buzzfeed's publication of the Dossier, you had no reason to believe that the allegations concerning Webzilla in the Dossier were true.

**Response:** BuzzFeed objects to this request in that it assumes there are allegations in the Dossier "concerning Webzilla," which BuzzFeed denies. To the extent any further response is necessary, BuzzFeed denies this Request.

**Request No. 6:** Admit that, at the time of Buzzfeed's publication of the Dossier, you had no reason to believe that the allegations concerning XBT in the Dossier were true.

**Response:** Denied.

**Request No. 7:** Admit that, at the time of Buzzfeed's publication of the Dossier, you knew that it contained unverified information.

**Response:** Admitted.

**Request No. 8:** Admit that, at the time of Buzzfeed's publication of the Dossier, you knew that it contained false information.

**Response:** BuzzFeed objects to this question as vague and ambiguous. To the extent the question assumes that all the information in the Dossier was false, BuzzFeed denies this Request, and otherwise refers Plaintiff to the Article, which identifies a misspelling and fact that BuzzFeed knew to be false.

**Request No. 9:** Admit that, at the time of Buzzfeed's publication of the Dossier, you had reason to doubt the truth or veracity of portions of the Dossier.

**Response:** BuzzFeed objects to this Request as vague and ambiguous, and notes that the Dossier is a 35-page document and the Request does not identify which "portions" of the Dossier are being referenced.

**Request No. 10:** Admit that, at the time of Buzzfeed's publication of the Dossier, you did doubt the truth or veracity of portions of the Dossier.

**Response:** BuzzFeed objects to this Request as vague and ambiguous, and notes that the Dossier is a 35-page document and it does not identify which "portions" of the Dossier are being referenced.

**Request No. 11:** Admit that, prior to Buzzfeed's publication of the Dossier, you did not redact the names of the Plaintiffs from the Dossier.

**Response:** BuzzFeed objects to this Request to the extent it asserts that the Dossier refers to Plaintiff Webzilla, Inc., which BuzzFeed denies.

Subject to, and without waiving, the foregoing objection, BuzzFeed admits that it did not redact the names "XBT/Webzilla" and "Aleksei GUBAROV" prior to publishing it.

**Request No. 12:** Admit that, prior to Buzzfeed's publication of the Dossier, you had the ability to redact the names of the Plaintiffs from the Dossier.

**Response:** BuzzFeed objects to this Request to the extent it asserts that the Dossier refers to Plaintiff Webzilla, Inc., which BuzzFeed denies.

Subject to, and without waiving, the foregoing objection, BuzzFeed admits that it had the technical ability to redact the names "XBT/Webzilla" and "Aleksei GUBAROV" from the Dossier prior to publishing it.

**Request No. 13:** Admit that, prior to Buzzfeed's publication of the Dossier, you considered the effect publication would have with respect to traffic to website and/or mobile platforms for Buzzfeed.

**Response:** Admitted.

**Request No. 14:** Admit that, prior to Buzzfeed's publication of the Dossier, you considered the potential financial benefit to Buzzfeed in publishing the Dossier.

**Response:** Denied.

**Request No. 15:** Admit that, prior to Buzzfeed's publication of the Dossier, you considered the benefits to Buzzfeed in being the first to publish the Dossier.

**Response:** Admitted.

**Request No. 16:** Admit that, prior to Buzzfeed's publication of the Dossier, you knew that other media outlets had refused to publish the Dossier.

**Response:** BuzzFeed objects to this Request's reference to other media outlets' alleged "refus[al] to publish the Dossier" as vague and ambiguous. To the extent any further response is necessary, this request is denied.

**Request No. 17:** Admit that, prior to Buzzfeed's publication of the Dossier, you knew that other media outlets had refused to publish the Dossier because the information contained therein was unverified.

**Response:** BuzzFeed objects to this Request's reference to other media outlets' alleged "refus[al] to publish the Dossier" as vague and ambiguous. To the extent any further response is necessary, this request is denied.

**Request No. 18:** Admit that Buzzfeed's publication of the Dossier resulted in financial benefit to Buzzfeed.

**Response:** Denied.

**Request No. 19:** Admit that Buzzfeed's publication of the Dossier resulted in increased advertising revenue for Buzzfeed.

**Response:** Denied.

**Request No. 20:** Admit that Buzzfeed's publication of the Dossier resulted in increased traffic to the Buzzfeed website.

**Response:** BuzzFeed objects to this request as vague and ambiguous.

**Request No. 21:** Admit that Buzzfeed's publication of the Dossier resulted in increased traffic to Buzzfeed's mobile platform.

**Response:** BuzzFeed objects to this request as vague and ambiguous.

**Request No. 22:** Admit that, after the filing of the present action, Buzzfeed apologized to Gubarev.

**Response:** BuzzFeed admits that it released the following statement on February 3, 2017: "We have redacted Mr. Gubarev's name from the published dossier, and apologize for including it," and otherwise denies this Request.

{01073176;v4}   4

**Request No. 23:** Admit that, after the filing of the present action, Buzzfeed redacted the names of the Plaintiffs from the Dossier

**Response:** BuzzFeed objects to this Request to the extent it asserts that the Dossier refers to Plaintiff Webzilla, Inc., which BuzzFeed denies.

Subject to, and without waiving, the foregoing objection, BuzzFeed admits that it redacted the words "XBT/Webzilla" and "Aleksei GUBAROV" from the Dossier on February 3, 2017.

**Request No. 24:** Admit that Buzzfeed has never issued a retraction of the allegations contained in the Dossier concerning the Plaintiffs

**Response:** Admitted.

Dated:  July 17, 2017                               Respectfully submitted,

*/s/ Katherine M. Bolger*
Katherine M. Bolger
(admitted *pro hac vice*)
Nathan Siegel
(admitted *pro hac vice*)
Adam Lazier
(admitted *pro hac vice*)
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th Street, Suite 1000
New York, NY 10036
Tel:  (212) 850-6100

Lawrence A. Kellogg, P.A.
Jezabel P. Lima
LEVINE KELLOGG LEHMAN SCHNEIDER +
GROSSMAN LLP
201 South Biscayne Boulevard
Miami Center, 22nd Floor
Miami, FL 33131
Tel: (305) 403-8788

*Counsel for Defendants*