# ANNEX 17

# Exhibit 80

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU**

**ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.**

   **Plaintiffs,**

**vs.**

**BUZZFEED, INC. AND BEN SMITH,**

   **Defendants.**

_____/

**DEFENDANT BEN SMITH'S RESPONSE TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Ben Smith ("Mr. Smith"), by and through its attorneys, hereby responds and objects as follows to Plaintiffs' First Set of Interrogatories (the "Interrogatories").

**Interrogatory No. 1.** Please identify each individual providing information to answer these interrogatories.

**Response:** All factual information in this document was provided by Mr. Smith.

**Interrogatory No. 2.** Please identify when (including date and time) you learned that the Dossier was part of an investigation by any part(s) of the US Government.

**Response:** Mr. Smith objects to this interrogatory to the extent it purports to require him to provide information that is not within his personal knowledge. Mr. Smith further objects in that the term "investigation" is not defined and is vague. Mr. Smith further objects to providing any information that is protected by Article 1, Section 8 of the New York State Constitution, Section 79-h of the New York Civil Rights Law, the Florida State Constitution, Fla. Stat. 90.5015, the

Texas State Constitution, Texas Civil Practices & Remedies Code § 22.021-22.027, the First and Fourteenth Amendments to the United States Constitution, and any other constitutional, statutory or common law privilege that protects journalists from disclosing information obtained during the course of their newsgathering activity (collectively, the "Reporter's Privilege").

Subject to, and without waiving, the foregoing objections, Mr. Smith states that in December 2016 he learned from a source that there was a document containing allegations about Presidents Trump's ties to Russia that had been written by a knowledgeable former British intelligence agent, the document was being reviewed by government officials, including Senator McCain, and that correspondence written several months earlier by Senator Harry Reid to FBI Director James Comey referred to the document. In or around December 2016, Mr. Smith came to believe that the documents shared with, and requested by the FBI, as reported by *Mother Jones* on October 31, 2016 was the same document referred to by the source, which is now known as the Dossier. On the afternoon of January 10, 2017, Mr. Smith came to believe that President, President-elect Obama, and other members of Congress had been briefed about the Dossier and became aware of more details concerning the handling of the Dossier by the FBI and intelligence agencies as described in a CNN report published at that time. Since January 10, 2017 Mr. Smith has become aware of more details about investigations conducted by, among others, the FBI, intelligence agencies, committees of the United States House and Senate, and Special Counsel Robert Mueller, largely through numerous news reports over the ensuing year.

**Interrogatory No. 3.** Please identify when (including date and time) Defendants learned that the Dossier was part of an investigation by any part(s) of the US Government.

**Response:** Mr. Smith objects to this interrogatory to the extent it purports to require him to provide information that is not within his personal knowledge. Mr. Smith further objects in that the term "investigation" is not defined and is vague. Mr. Smith further objects to providing any

information that is protected by the Reporter's Privilege.  Mr. Smith further objects to this interrogatory to the extent that it purports to impose obligations on him beyond the scope of his obligations under the Federal Rules of Civil Procedure, including by purporting to require him to provide information in his personal capacity on behalf of Defendant BuzzFeed, Inc. ("BuzzFeed").

Subject to, and without waiving, the foregoing objections, Mr. Smith states that with respect to him personally, see the response to Interrogatory No. 2.  He does not know the date and time at which anyone else at BuzzFeed became aware of such investigations.

**Interrogatory No. 4.** Please identify all facts that lead you to believe that the Dossier was part of an investigation by any part(s) of the US Government at the time that Buzzfeed published the Dossier on January 10, 2017 (including without limitation how you learned such facts).

**Response:**  Mr. Smith objects to this interrogatory to the extent it purports to require him to provide information that is not within his personal knowledge.  Mr. Smith further objects in that the term "investigation" is not defined and is vague.  Mr. Smith further objects to providing any information that is protected by the Reporter's Privilege.

Subject to, and without waiving, the foregoing objections, Mr. Smith states with respect to him personally, see the Response to Interrogatory No. 2.

**Interrogatory No. 5.** Please identify all facts that lead Defendants to believe that the Dossier was part of an investigation by any part(s) of the US Government at the time that Buzzfeed published the Dossier on January 10, 2017 (including without limitation how Defendants learned such facts).

**Response:** Mr. Smith objects to this interrogatory to the extent to purports to require him to provide information that is not within his personal knowledge.  Mr. Smith further objects in that the term "investigation" is not defined and is vague.  Mr. Smith further objects to providing any information that is protected by the Reporter's Privilege.  Mr. Smith further objects to this interrogatory to the extent that it purports to impose obligations on him beyond the scope of his

obligations under the Federal Rules of Civil Procedure, including by purporting to require him to provide information in his personal capacity on behalf of BuzzFeed.

Subject to, and without waiving, the foregoing objections, Mr. Smith states with respect to him personally, see the Response to Interrogatory No. 2.

**Interrogatory No. 6.** For each redaction in the Dossier as it was originally published by Buzzfeed on or about January 10, 2017, please identify whether the redaction was in the Dossier when Buzzfeed received the Dossier or whether Buzzfeed made the redaction itself.

**Response:** Mr. Smith objects to this interrogatory to the extent to purports to require him to provide information that is not within his personal knowledge. Mr. Smith further objects to providing any information that is protected by the Reporter's Privilege.

Subject to, and without waiving, the foregoing objections, Smith states with respect to him personally, Mr. Smith states that BuzzFeed redacted one name that appears on pages 30 and 31 of the Dossier as originally published by BuzzFeed.

**Interrogatory No. 7.** For each redaction in the Dossier that Buzzfeed made in the Dossier before originally publishing the Dossier on or about January 10, 2017, please identify: (a) what was redacted; (b) who made the decision to make the redaction; and (c) why the redaction was made.

**Response:** Mr. Smith objects to this interrogatory to the extent to purports to require him to provide information that is not within his personal knowledge. Mr. Smith further objects to providing any information that is protected by the Reporter's Privilege.

Subject to, and without waiving, the foregoing objections, Smith states with respect to him personally, Mr. Smith states that (a) the name of an individual was redacted; (b) Mr. Smith made the decision to redact the individual's name, and (c) because there were no specific allegations made about the individual.

**Interrogatory No. 8.** Please identify all information in relating to how Christopher Steele is financing his legal fees arising from the publication of the Dossier (including, without limitation, legal fees arising from Plaintiffs and their associates' lawsuit against Christopher Steele), including, without limitation, who is paying or helping to pay such legal fees.

**Response:**   Mr. Smith has no knowledge of any information sought by this interrogatory.

                                        Signed as to objections:

Dated: January 9, 2018   */s/ Katherine M. Bolger*
Katherine M. Bolger
(admitted *pro hac vice*)
Nathan Siegel
(admitted *pro hac vice*)
Adam Lazier
(admitted *pro hac vice*)
Alison Schary
(admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230

- and –

Roy Black
Jared Lopez
BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.
201 S. Biscayne Boulevard, Suite 1300
Tel: (305) 371-6421

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via email on all counsel of record on the service list below on the 9th day of January, 2018.

*/s/ Adam Lazier*
Adam Lazier

## **SERVICE LIST**

Matthew Shayefar
Valentin D. Gurvitz
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1806
Facsimile: 617-928-1802
matt@bostonlawgroup.com
vgurvits@bostonlawgroup.com

Evan Fray-Witzer
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-000
Facsimile: 617-423-4855
Evan@CFWLegal.com

Brady J. Cobb
Dylan Fulop
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone: 954-527-4111
Facsimile: 954-900-5507
bcobb@cobbeddy.com
dfulop@cobbeddy.com