UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-60426-CV-UNGARO

ALEKSEJ GUBAREV,
XBT HOLDING S.A., and
WEBZILLA, INC.,

                Plaintiffs,

   v.

BUZZFEED, INC., and
BEN SMITH,

                Defendants.

_____ /

**MOTION OF MIKHAIL FRIDMAN, PETR AVEN, AND GERMAN KHAN
TO APPEAR AS AMICI CURIAE AND TO FILE AMICUS CURIAE BRIEFS**

On March 13, 2020, the Eleventh Circuit remanded this case for the Court to decide

whether to "supplement the record with the Horowitz Report [i.e., the December 9, 2019 Report

of the Office of the Inspector General]."  *Gubarev v. BuzzFeed, Inc.*, No. 18-15295-JJ, Order at

*1 (11th Cir. Mar. 13, 2020) (the "Pending Appeal").  The Eleventh Circuit also directed that, if

the Court decides to supplement the record, it should then assess whether "the Horowitz Report

would alter the court's previously issued summary judgment order."  *Id.* at *2.  After Plaintiffs

moved in this Court to supplement the record with the Horowitz Report, on March 31, 2020, the

Eleventh Circuit stayed the Pending Appeal, pending this Court's ruling on remand.

Mikhail Fridman, Petr Aven, and German Khan ("Amici") appeared as amici curiae in

the Eleventh Circuit.  Upon the Eleventh Circuit's remand of the case to this Court, Amici

respectfully move to appear as amici here.  Specifically, Amici ask the Court to accept for filing

the two amicus briefs they filed in the Pending Appeal (collectively, the "Amicus Briefs) (attached as Exhibits A and B).

## I.      Background on Amici and the Pending Appeal

Amici, like Plaintiffs, sued BuzzFeed for defamation after its January 10, 2017 publication of seventeen reports that came to be known collectively as the Steele Dossier.  The statements alleged by Plaintiffs to be defamatory are in Report 166, whereas the statements defamatory of Amici are in a different one of Christopher's Steele's memos—Report 112.  *See Fridman v. BuzzFeed, Inc.*, Index No. 154895/2017 (N.Y. Sup. Ct. 1st Dept. May 26, 2017) (the "New York Case").  In essence, Report 112 accuses Amici of maintaining a decades-long, bribery-based and otherwise corrupt relationship with Vladimir Putin.

BuzzFeed raised Section 74's fair report privilege as an affirmative defense both here and in the New York Case.  In light of the similar arguments being advanced by BuzzFeed in both cases, Amici sought leave to appear as amici curiae and file a brief in support of Plaintiffs/Appellants in the Pending Appeal.  The Eleventh Circuit granted Amici's motion and, Amici filed their Brief for Amici Curiae in Support of Appellants (the "Initial Amicus Brief"). Apr. 19, 2019 Pending Appeal Order at 1.  The Initial Amicus Brief is attached as Exhibit A. After Defendants/Appellants filed their brief, Amici sought and received leave from the Eleventh Circuit, over the objection of Defendants/Appellants, to file a supplemental amicus brief.  Jul. 9, 2019 Pending Appeal Order at 1.  Amici's Supplemental Amicus Brief is attached as Exhibit B.

On December 30, 2019, Plaintiffs/Appellants filed their motion in the Pending Appeal for leave to supplement the record to include the December 9, 2019 Report of the Office of the Inspector General entitled "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation" (the "Horowitz Report").  As Plaintiffs/Appellants have

argued, the Horowitz Report undermines the notion that Report 166 was part of an official proceeding and thus subject to the protection of Section 74's fair report privilege. In the New York Case, Amici have argued that the Horowitz Report also calls into question whether Report 112 was, at the time of publication, part of any official proceeding described in Buzzfeed's January 10, 2017 report.

In light of the foregoing, on March 13, 2020, the Eleventh Circuit granted Plaintiff/Appellants' motion in part and partially remanded the Pending Appeal to this Court to determine whether (1) the record should be supplemented to include the Horowitz Report; and (2) if so, whether the Horowitz Report would alter the Court's previously issued summary judgment decision.

## II.    Introduction

To assist the Court in determining whether it should supplement the record and reevaluate its prior summary judgment order, Amici seek to file their Eleventh Circuit Amicus Briefs in this Court. The Amicus Briefs address the availability and application of New York Civil Rights Law Section 74's "fair report privilege" ("Section 74") to Defendants BuzzFeed, Inc. and Ben Smith's publication of Reports 166 and 112.

The Court's ruling on remand may be cited in Amici's own case pending against Defendants for their publication of Report 112 because Defendants have raised the same Section 74 fair report defense arguments against Amici. Thus, Amici have an interest in this Court's ruling on whether to modify its order granting Defendants' motion for summary judgment and submit that the Amicus Briefs will aid the Court in its evaluation of that question.

### III.    The Court Should Permit Amici to Appear and Submit Their Amicus Briefs

Courts in this district have consistently recognized their "inherent authority" to appoint amici "to assist it in a proceeding." *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991); *see also United States v. UBS AG*, No. 09-20423, 2009 WL 10669118, at *1 (S.D. Fla. May 19, 2009) (granting motion for leave to file amicus brief because movants had an interest in the case and their brief would be of assistance to the court); *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1328 (S.D. Fla. 2007) (basing decision in part on amicus positions).

In granting parties' requests to appear as amici, courts consider the following factors, each of which have been held to provide an independently sufficient basis to approve the filing of an amicus brief: (1) "the practical and economic interests" of the putative amici, *Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 404 F. Supp. 2d 1352, 1356 (S.D. Fla. 2005); (2) whether the amicus brief "would be of assistance to [the] Court," *UBS AG*, 2009 WL 10669118, at *1; and (3) whether "the amicus provides supplemental assistance to existing counsel." *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 307 (D. Me. 2003) (citation omitted). Amici satisfy all three factors.

First, it is beyond dispute that the "practical and economic interests" factor weighs heavily in support of granting Amici's motion. The Eleventh Circuit, by twice granting Amici's separate motions to file amicus submissions in that Court, recognized that Amici have a significant interest in this case, substantial enough for them to be heard as amici in that Court. Indeed, the matter before this Court involves the *same Defendants* who have raised some of the *same arguments* in the New York Case against Amici. Moreover, in a decision rendered in an interlocutory, non-final appeal in the New York Case, the *only* case that the New York appellate

4

court cited was this Court's Rule 12 decision in this case.  *See Fridman v. BuzzFeed*, 97 N.Y.S.3d 476 (N.Y. App. Div. 2019).

Second, the Amicus Briefs will further assist the Court, especially if it reassesses its summary judgment decision in light of the Horowitz Report.  Specifically, the Amicus Briefs explain how the only government activity involving a defamatory statement that can render the publisher of that defamatory statement immune from liability is the specific government activity described in the report that published the defamatory statement.  Thus, in reviewing the Operation Crossfire Hurricane FBI Investigation as described in the Horowitz Report, the Court must train its focus on whether any FBI activity *involving the defamatory statements that was described in BuzzFeed's January 10, 2017 Report* was described accurately.  In other words, the fair report privilege cannot immunize the publication of defamatory statements *even if* used in a government investigation, *unless* the report in question reported (accurately) a *connection* (understandable to readers) between that government investigation and the defamatory statements—a point that the Amicus Briefs emphasize to a greater degree than Plaintiffs' briefs. The Amicus Briefs explain the policy foundations and values that the Section 74 privilege serves and how those foundations require the Court to carefully evaluate whether an ordinary reader would find a "perceptible connection" between the defamatory statements and the government activity specifically described in the report.  The Amicus Briefs analyze the framework the Court should use to determine whether the Defendants actually *reported* in a perceptible way (accurately) that the purportedly defamatory statements were part of an official government proceeding.  This analysis should benefit the Court's consideration on remand.

Third, for the reasons explained above, Amici through their proposed briefs would provide "supplemental assistance to existing counsel" by advancing Plaintiffs'/Appellants' requested relief on remand.

## IV.     Conclusion

For the foregoing reasons, the Court should permit Amici to appear and submit their Amicus Briefs for the Court's consideration.

Dated: April 2, 2020

<u>**LOCAL RULE 7.1(a)(3) CERTIFICATION**</u>

On April 2, 2020, lead counsel for Amici conferred via email with Katherine Bolger and Nathan Siegel, counsel for Defendants/Appellees, who advised that they will decide their position as to this motion after it is filed.   On April 2, 2020, counsel for Plaintiffs/Appellants advised that they consent to this motion.

Respectfully submitted,

HOMER BONNER JACOBS ORTIZ

By:          */s/ Adam L. Schwartz*
Adam L. Schwartz
Florida Bar No. 0103163
HOMER BONNER JACOBS ORTIZ
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
Tel.:    (305) 350-5116
Fax:     (305) 982-0079
Email: aschwartz@homerbonner.com

-and-

Alan S. Lewis (pending admission *pro hac vice*)
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Tel.:    (212) 732-3200
Fax:    (212) 732-3232
Email: lewis@clm.com

*Attorneys for Mikhail Fridman, Petr Aven, and*
*German Khan*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020, I electronically filed the foregoing with the Clerk

of the Court using CM/ECF. I also certify that the foregoing is being served this day on all

counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

_/s/ Adam L. Schwartz_
Adam L. Schwartz