# EXHIBIT 9

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY
-------------------------------------------------------------X
:
MIKHAIL FRIDMAN, PETR AVEN, AND : Index No. 154895/2017
GERMAN KHAN, : Hon. Arlene P. Bluth, J.S.C.
:
Plaintiffs, : **REPLY AFFIRMATION OF**
: **ALAN S. LEWIS IN**
-v- : **FURTHER SUPPORT OF**
: **PLAINTIFFS' CROSS-**
BUZZFEED, INC., BEN SMITH, : **MOTION FOR SUMMARY**
KEN BENSINGER, MIRIAM ELDER, : **JUDGMENT**
AND MARK SCHOOFS, :
: Motion Sequence #4
Defendants. :
-------------------------------------------------------------X

I, **ALAN S. LEWIS**, am a Partner at Carter Ledyard & Milburn LLP, counsel to Plaintiffs Mikhail Fridman, Petr Aven, and German Khan. I am duly admitted to practice law in the courts of this State. I submit this affirmation in further support of Plaintiffs' Cross-Motion for Summary Judgment. Under penalty of perjury, I affirm the following:

1. This affirmation is submitted primarily to attach and describe the facts revealed in the 434-page report dated *December 9, 2019* from the U.S. Department of Justice, Office of the Inspector General, titled "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation" (the "IG Report").

2. The IG Report refutes most of the factual assertions BuzzFeed has made at various times—in this case and other litigation—about the FBI's investigation. An *accurate* accounting of what the FBI *actually* investigated, and what it didn't—what the IG Report describes far more comprehensively than *any* previously available evidence—is very important to the pending motions: in significant part, BuzzFeed relies on *its* characterization of that investigation for its argument that its publication of the Defamatory Statements on January 10, 2017 was privileged as a "fair and true

report" *about the FBI Investigation*. Attached hereto as **Exhibit A** is a true and correct copy of the IG Report.

3. The IG Report was released just *one week* before the conclusion of the *six-month* period set forth in the pertinent stipulation for the briefing of the parties' cross-motions for summary judgment (the "Motions"). The Motions focus on Defendants' affirmative defense of reliance on New York's fair report privilege: Defendants argue that their January 10, 2017 publication of the Defamatory Statements was a "fair and true" report ("Fair Report") concerning official government proceedings whereas Plaintiffs' partial summary judgment argues that it was not.

4. On June 18, 2019, Defendants filed their moving papers. On October 4, 2019, Plaintiffs filed combined papers opposing Plaintiffs' motion and cross-moving for summary judgment as to the Fair Report defense. On November 22, 2019, Defendants' filed combined papers—a reply in further support of Defendants' motion and in opposition to Plaintiffs' cross motion.

5. The IG Report is relevant and material, not just to Plaintiffs' cross-motion for summary judgment, but also to Defendants' motion. Its content refutes factual claims made by Defendants about the purported connection between the FBI investigation and the Defamatory Statements.

6. In *every* submission made by BuzzFeed relating to its Fair and True Report defense—in this case and the related *Gubarev* litigation—BuzzFeed has portrayed the 17 memos written by Christopher Steele (*one* of which contains the defamatory statements about Plaintiffs) as a single document. In characterizing the 17 memos as the single document "Dossier," BuzzFeed has repeatedly suggested that various references by government officials to the "Dossier" must include all 17 Steele memos (including CIR 112). BuzzFeed has also repeatedly treated the "Dossier" as a term having this meaning among all in government who have used any of the Steele reports, in order

2

to support its contention that publishing the "Dossier" without CIR 112 would have made the publication misleading or artificial.

7. As purported evidence for its claim that the government used the *entire* set of the 17 Steele memos that BuzzFeed published as the "Dossier," the government cites to the majority report of a House of Representatives Committee by its Chair, Devin Nunes, in which references are made to "the Dossier" used by the government to seek a FISA warrant to eavesdrop on Carter Page. BuzzFeed has emphasized in its papers that when the first such FISA warrant application was prepared and filed, Steele had a formal relationship with the FBI relating to its Russia investigation and that as of then, Steele had already written CIR 112. *See* MOL, filed June 18, 2019 (ECF # 140) at 20. But as the IG Report reveals, those facts do not support BuzzFeed's speculation that "Dossier" as used in the Nunes memo included a reference *to CIR 112.* Critically, and revealed for the first time in the IG Report, Steele did not give CIR 112, dated September 14, 2016, to the FBI before it terminated him on November 1, 2016, or ever. *See* Ex. A at 175, ns. 317, 319.

8. The IG Report reveals that the government *eventually* received most (but not all) of the 17 Steele memos before BuzzFeed's January 10, 2017 publication. As to CIR 112, the IG Report's revelations about when and how it was sent to the FBI *do not prove that it became part of the FBI's investigation.*

9. Specifically, the IG Report reports that the FBI "received Report 112 on or about November 6, 2016, from a *Mother Jones* journalist." Page 119 at n. 259. But there is no indication in the IG Report that the FBI then did anything with CIR 112 after the Mother Jones journalist sent it. Indeed, BuzzFeed has never argued that the FBI makes every document sent to it by every journalist a part of official FBI activity. The IG Report also reports that on December 9, 2016, John McCain sent to the FBI "a collection of 16 Steele election reports, *5 of which Steele had not given the FBI*"—and that CIR 112 was among the five not given by Steele to the FBI. IG Report at 175, n. 319 (emphasis

3

added).  There is no *mention* in the IG Report about *anything* done by the FBI with or relating to CIR 112 after it received it from Mother Jones and/or McCain.

10. Moreover, by the time McCain sent CIR 112 to the FBI along with 15 other Steele memos, the FBI investigation was advanced, and its clear focus was on whether the Trump campaign had colluded with Russia to interfere in the result of the 2016 election, a subject about which CIR 112 has no allegations.

11. In sum, respectfully, the Court should carefully consider the IG Report when determining whether there is any evidence of a connection between CIR 112 and the FBI investigation and when deciding whether to accept or reject Defendants' representations and inferences about "the entire Dossier," and the FBI investigation.

12. **Exhibit B** is a true and correct copy of excerpts from the transcript of a July 13, 2018 interview of Lisa Page by the Committee on the Judiciary of the U.S. House of Representatives.

13. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the transcript of a July 16, 2018 interview of Lisa Page by the Committee on the Judiciary of the U.S. House of Representatives.

Dated: New York, New York
       December 16, 2019

                                                  */s/ Alan S. Lewis*
                                                  Alan S. Lewis