# EXHIBIT 10

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 2 of 21

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

-----------------------------------------------------------------X
                                                      :
MIKHAIL FRIDMAN, PETR AVEN, and                       :
GERMAN KHAN,                                           :    Index No. 154895/2017
                                                      :    Hon. Arlene P. Bluth, J.S.C.
                            Plaintiffs,               :
                                                      :
            -v-                                        :    Motion Sequence #4
                                                      :
BUZZFEED, INC., BEN SMITH,                             :
KEN BENSINGER, MIRIAM ELDER,                           :
and MARK SCHOOFS,                                      :
                                                      :
                            Defendants.               :
                                                      :
-----------------------------------------------------------------X


## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPPORT OF CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT DISMISSING DEFENDANTS' FAIR REPORT DEFENSE


CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
Telephone: 212-732-3200

*Attorneys for Plaintiffs*


*Of Counsel*:

    Alan S. Lewis
    John J. Walsh
    Madelyn K. White

Case 0:17-cv-60426-UU Document 453-10 Entered on FLSD Docket 04/06/2020 Page 3 of 21

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ............................................................................................................... ii

I. BUZZFEED HAS FAILED TO ESTABLISH THE REPORT ELEMENT OF ITS DEFENSE ............................................................................................................................. 1

    A. BuzzFeed's Report, Its Own Article, Does *Not* Include the Hyperlinked CNN Article ............ 1

    B. BuzzFeed Fails to Establish the Report Element, even with the CNN Article ............................ 3

        1. The Appellate Division Did Not Resolve the Merits of BuzzFeed's Summary Judgment Motion ................................................................................... 6

        2. BuzzFeed Cannot Secure a Privilege for Publishing 'the Dossier' ..................................... 7

        3. McCain's Actions, as Reported by BuzzFeed, Are Not a Report About an Official Proceeding .............................................................................................. 8

        4. BuzzFeed Fails to Overcome the Statutory Limitation on the Privilege ........................... 9

II. BUZZFEED CANNOT ESTABLISH THE FAIR AND TRUE ELEMENT ................................. 9

CONCLUSION ................................................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Abakporo v. Sahara Reporters,*
    2011 U.S. Dist. LEXIS 109056 (E.D.N.Y. Sept. 26, 2011) ...................................................... 5

*Adelson v. Harris,*
    402 P.3d 665 (Nev. 2017) ..................................................................................................2, 3

*Biro v. Conde Nast,*
    2014 U.S. Dist. LEXIS 139065 (S.D.N.Y. Sept. 29, 2014) ...................................................... 2

*Chinloy v. Lincoln Metro Ctr. Partners, LP,*
    2013 N.Y. Misc. LEXIS 4165 (Sup. Ct. N.Y. Co. Sept. 12, 2013) ........................................ 14

*Cholowsky v. Civiletti,*
    69 A.D.3d 110 (2d Dep't 2009) .......................................................................................4, 15

*Corsello v. Verizon N.Y., Inc.,*
    77 A.D.3d 344 (2d Dep't 2010) .........................................................................................1, 7

*Dan Med., PC v. N.Y. Central Fire Ins. Co.,*
    13 Misc. 3d 44 (2d Dep't 2006) ......................................................................................... 14

*Exec. Office Network, Ltd. v. 666 Fifth Ave. Ltd. P'ship,*
    294 A.D.2d 166 (1st Dep't 2002) ....................................................................................... 15

*Freeze Right Refrigeration & Air Conditioning Servs., Inc. v. New York,*
    101 A.D.2d 175 (1st Dep't 1984) ......................................................................................... 6

*Gubarev v. BuzzFeed, Inc.,*
    2018 U.S. Dist. LEXIS 97246 (S.D. Fla. 2018) ...................................................................... 3

*Johnson v. Phillips,*
    261 A.D.2d 269 (1st Dep't 1999) ....................................................................................... 14

*Krulls v. Hartford Accident Indem. Co.,*
    144 A.D.2d 744 (3d Dep't 1988) ....................................................................................... 14

*Leon v. Martinez,*
    84 N.Y.2d 83 (1994) ..........................................................................................................1, 7

*McKee v. Cosby,*
    874 F.3d 54 (1st Cir. 2017) .................................................................................................. 2

ii

Case 0:17-cv-60426-UU Document 453-10 Entered on FLSD Docket 04/06/2020 Page 5 of 21

*Medico v. Time,*
    643 F.2d 134 (3d Cir. 1981) ............................................................................................... 5

*Pueblo Med. Treatment, P.C. v. State Farm Mut. Ins. Co.,*
    12 Misc. 3d 147(A) (1st Dep't Aug. 10, 2005) ................................................................ 15

*Roth v. Jennings,*
    489 F.3d 499 (2d Cir. 2007) .......................................................................................... 1, 7

## OTHER AUTHORITIES

1 Robert D. Sack, *Sack On Defamation: Libel, Slander, and Related Problems,* § 7.3.5
    (5th ed. 2017) ................................................................................................................... 4

iii

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 6 of 21

## I.  BUZZFEED HAS FAILED TO ESTABLISH THE REPORT ELEMENT OF ITS DEFENSE

### A. BuzzFeed's Report, Its Own Article, Does *Not* Include the Hyperlinked CNN Article

BuzzFeed, seeking immunity for republishing the Defamatory Statements,[1] purportedly to *report on government proceedings*, argues that *a CNN Article* to which BuzzFeed supplied a hyperlink should be treated as part of *BuzzFeed's* report. It argues that the Appellate Division decided this issue (the "Hyperlink Issue"), but that is not so. BuzzFeed's merits' argument—its hyperlink is "like a footnote"—does not aid Buzzfeed because no authority says that the entirety of *other* documents footnoted in a publisher's report become part of it, merely because they are cited in it.

Contrary to BuzzFeed's claims, the Appellate Division did not decide the Hyperlink Issue. *See* Defendants' Nov. 22, 2019 MOL (ECF # 221) ("BF Opp.") at 16-18. The Appellate Division did not analyze the issue or cite authority on that subject. The idea that the Appellate Division decided this significant issue without authority or analysis is overreach. The better explanations for the Appellate Division's reference to the "hyperlinked" article are as we expressed previously—e.g., the Court, on *a motion to dismiss*, treated BuzzFeed's report as including it because BuzzFeed's *answer pled* that the CNN Article was part of its report. *See* Pl. Mem. at 12-13.

BuzzFeed highlights the Appellate Division's failure to *explicitly* say that it was *assuming* the truth of what BuzzFeed pled. *See* BF Opp. at 17, n.9.  However, such an assumption is required on a motion to dismiss. *See Leon v. Martinez*, 84 N.Y.2d 83, 87-88 (1994). To do otherwise would have been improper. *See Corsello v. Verizon N.Y., Inc.*, 77 A.D.3d 344, 368 (2d Dep't 2010) (rejecting contention that court made findings of fact and rulings on the merits because "order appealed from determined a motion to dismiss … and the facts as alleged … must be treated as true"); *accord Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("a ruling on a motion for dismissal … is not an occasion for the court to make findings of fact"). Thus, as BuzzFeed itself successfully argued to the First Department, that Court *had* to accept as true what

---

[1] Capitalized terms have the meaning set forth in Plaintiff's Memorandum of Law filed Oct. 4, 2019 (NYSCEF # 217) ("Pl. Mem."), where not expressly defined here.

1

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 7 of 21

BuzzFeed pled in its answer, *viz,* its report included "[t]he hyperlinked report [which] provided additional details" of BuzzFeed's report. Bolger Aff. Ex. 53, Aff. Def. ¶ 6.[2]

But that assumption was neither a factual determination binding on this Court, nor a legal ruling about *the extent* to which BuzzFeed may rely on the CNN Article at trial: that is, may BuzzFeed look to the CNN Article simply as the *source* for statements *made in the BuzzFeed Article,* or as BuzzFeed now proposes, should BuzzFeed be treated as having *reported* in its own Article things that CNN reported but which BuzzFeed's Article *never mentioned?* The answer has to be the former: a publisher may rely on a hyperlinked source as support for its statements but *not to establish* that it reported things its own article did not mention.

BuzzFeed attempts to rely on *the contents* of the CNN Article, analogizing hyperlinks to footnotes. *See* BF Opp. at 21. But BuzzFeed is not seeking to use the hyperlink "like a footnote." Instead, it is asking the Court to conclude that the *entire* CNN Article was part of BuzzFeed's Article merely because BuzzFeed's Article provided a hyperlink to the CNN Article.

In the defamation context, footnotes inform readers of the author's *source* for her report. *See, e.g., McKee v. Cosby,* 874 F.3d 54, 63 (1st Cir. 2017) (reader would not infer that author was basing assertions on undisclosed facts because it had "multiple bullet points footnoted with citations and hyperlinks to the underlying sources…"); *Biro v. Conde Nast,* 2014 U.S. Dist. LEXIS 139065, at *11 (S.D.N.Y. Sept. 29, 2014) ("Because this underlying information can be read to support the general conclusions in the post, and the latter contains hyperlinks to the former, those conclusions are best viewed as opinions based on disclosed facts…"). This is what happened in *Adelson.* There, the defendant hyperlinked the phrase "personally approved" while conveying that Adelson approved of prostitution. The hyperlink directed the reader to an

---

[2]Although BuzzFeed attacks Plaintiffs as having previously made a "contradict[ory]" argument, BF Opp. at 18, whether either side is estopped depends on the arguments made *to the Appellate Division* because only that Court, not the IAS Part, mentioned the concept of the hyperlink. As documented in Plaintiffs' Mem. at 9, BuzzFeed asked that Court to "assume that the allegations pled by Defendants in their Amended Answer are true." Given that those allegations include the hyperlinked article, BuzzFeed's position in the Appellate Division precludes it from arguing that the Appellate Division made a merits determination about the Hyperlink Issue. Moreover, Plaintiffs—having *won* the Hyperlink Issue on the motion to dismiss and BuzzFeed *not* having cross appealed—did not argue the issue in the Appellate Division.

2

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 8 of 21

AP article which made clear that the allegation that Adelson approved of prostitution came from a judicial proceeding. *See Adelson v. Harris*, 402 P.3d 665, 670 (Nev. 2017). Accordingly, the hyperlink provided the source (an official proceeding) of the defamatory statement and therefore allowed the publisher to claim the fair report privilege.

By contrast, BuzzFeed is not seeking to use the CNN hyperlink to *identify the source* of information in its article. Instead, BuzzFeed is asking that *the entirety of CNN's Article*, including parts about proceedings BuzzFeed's Article did not mention, *be treated as BuzzFeed's report*. This would be akin to someone writing a paragraph about George Washington's *childhood*, including a footnote to a complete biography, and then claiming that he also reported about Washington's *presidency* because the biography included that information. That is the essence of what BuzzFeed seeks to do here—claiming that *it reported on an FBI Investigation*, described *only* in the CNN Article and *unmentioned* in BuzzFeed's Article. There is no support in the law for this position, which would eviscerate the "report" requirement of the Section 74 privilege. Because "[t]he [BuzzFeed] Article itself does *not* permit an ordinary reader to understand that the Dossier was the subject of classified briefings or an FBI investigation," *Gubarev I*, 2018 U.S. Dist LEXIS 97246, at *23 (emphasis added), the determination that the CNN Article is not part of BuzzFeed's report is fatal to BuzzFeed's attempt to obtain the Section 74 privilege.

### B. BuzzFeed Fails to Establish the Report Element, even with the CNN Article

As Plaintiffs emphasized previously, the *threshold* Section 74 question is "*what specific official proceedings the Defamatory Statements were reported* [by BuzzFeed] to have been a part." Pl. Mem. at 17. Only *after* this Court determines what *specific* proceeding(s) (if any) BuzzFeed *reported* CIR 112 to have been a part, can the Court consider the Fair and True Element—determining whether BuzzFeed proved the Defamatory Statements to have been a part of *that* specific proceeding(s).

BuzzFeed contends it reported CIR 112 (and/or the *entire* 35-page "dossier") to have been a part of three qualifying proceedings. We focus initially on two—the FBI investigation and presidential briefings—and address the third purported proceeding, "Senator McCain's actions," below.

3

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 9 of 21

In contending that it *reported* the entire so-called Dossier in which CIR 112 is contained to be *part of* an FBI investigation or presidential briefings, the *only* language BuzzFeed cites is from CNN's Article.[3] Specifically, after reporting that a two-page synopsis of "allegations that Russian operatives claim to have compromising personal and financial information *about Mr. Trump*" was included by intelligence officials in "briefing documents" given to Obama and Trump, CNN described the two-page synopsis as having been "drawn" from "a 35-page compilation of the memos." Contrary to BuzzFeed's argument, that was not a *report*, understandable as such by an average reader, *that the Defamatory Statements in CIR 112 were part of the synopsis or even its preparation*. While reports are not to be dissected with a "lexicographer's precision," BF Opp. at 22, that point does not alter the threshold test for a "fair *report*": does it enable a reader to "*determine*" that the Defamatory Statements were part of a proceeding. *See Cholowsky v. Civiletti*, 69 A.D.3d 110, 114-15 (2d Dep't 2009) (publisher must show that "ordinary viewer" could "*determine* whether the defendant was reporting on a[n] … [official] proceeding" by publishing the Defamatory Statements at issue.); *see also* 1 Robert D. Sack, *Sack On Defamation: Libel, Slander, and Related Problems*, § 7.3.5, at 7-25 (5th ed. 2017) ("*to enjoy the protection of the privilege*, the publication in issue *must clearly attribute* the [defamatory] statement in question to the *official proceeding or document*") (emphasis added). Here, to echo Judge Sack, the CNN Article did not "clearly attribute the defamatory statement(s) in question [about Plaintiffs]" to the synopsis. In the same vein, and by reference to *Cholowsky's* mandate, it cannot be *determined* from the CNN Article that CIR 112, *which does not mention Trump*, was used to prepare a synopsis of "allegations" "about Mr. Trump." BuzzFeed's failure to "attribute" CIR 112 to the synopsis and the inability of readers to "determine" whether CIR 112 was used in its creation, defeat BuzzFeed's effort to secure the protection of Section 74 based on its reporting about the synopsis.

_____

[3]BuzzFeed attempts to saddle Plaintiffs with the argument that it would "not [be] enough" under Section 74 if BuzzFeed reported and proved that "the entire Dossier, including the report which discusses" Plaintiffs was "used by government officials in the course of official proceedings." BF Opp. at 5. BuzzFeed apparently devotes so much ink to this argument, which it labels "specificity," because it has no answer to Plaintiffs' actual argument that principles of justiciability limit the *judgment* that this Court can render about statements in "the dossier" to *the Defamatory Statements (about Plaintiffs)* at issue in this case. *See* Pl. Mem. at 10-11. In any event, Plaintiffs *agree* that BuzzFeed would satisfy Section 74, *if* it had reported (accurately) that "the entire Dossier, including the report which discusses them" was used in an official proceeding. BF Opp. at 5. BuzzFeed did *not* report that, and, as discussed below, even if it had, BuzzFeed would still not be able to obtain the privilege because BuzzFeed has not proved that CIR 112 or the *entire* Dossier were part of an official proceeding.

4

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 10 of 21

Without authority, BuzzFeed argues that a permissible *inference* from the CNN Article—that someone *excluded* CIR 112 from the synopsis ("filtering information out" from the Dossier's 35 pages)—is a *report* connecting CIR 112 to an official proceeding. *See* BF Opp. at 10. The notion that the concept of a synopsis *drawn from* Steele's memos refers to memos *not* included in the synopsis (*like CIR 112*) makes as little sense as describing a summary of chapters 7 through 10 of a book as "drawn" from the first six chapters. Hence, even if the "drawn" from language in the CNN Article described official action as to *parts* of "the dossier" from which the synopsis was *actually* drawn, that would get BuzzFeed nowhere given its concession that is has no evidence that the synopsis had anything to do with CIR 112. *See* BF Opp. at 10 (acknowledging that Defendants "never argued that the [defamatory] statements about Plaintiffs" were "part of the synopsis itself").

BuzzFeed's argument, if accepted, would substantially extend fair report immunity beyond Section 74's terms by immunizing *all* documents within the government's possession, as presumably all such documents are looked at to decide *whether* to do anything with them. Such an argument clashes with the sensible rule that the government's mere possession of a document is *not* an official government proceeding as to that document. *See Abakporo v. Sahara Reporters*, 2011 U.S. Dist. LEXIS 109056, at *27 (E.D.N.Y. Sept. 26, 2011) (that document "reached the relevant [governmental] authorities … [does] not transform the [document] into part of an 'official proceeding' under Section 74"); *Medico v. Time*, 643 F.2d 134, 142 (3d Cir. 1981) ("Care must be taken [] to ensure that the supervisory and informational rationales [of the fair report privilege] not expand into justifications for reporting any defamatory matter maintained in any government file.").

BuzzFeed analogizes that when a document is *filed with a court*, that document is part of the *judicial* proceeding in which it is filed. *See* BF Opp. at 29. But this logic does not render privileged the publication of any document "maintained in any government file," as the *Abakporo* and *Medico* courts recognized. Receipt of judicial documents *filed in a lawsuit* is a function of the court, whereas a government employee's receipt of a document from a sender is not ordinarily an official act, a concept limited to "activities . . .

5

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 11 of 21

*within the prescribed duties* of a public body." *Freeze Right Refrigeration & Air Conditioning Servs., Inc. v. New York*, 101 A.D.2d 175, 182 (1st Dep't 1984) (emphasis added). When a document is filed in a court case, there is *already* a proceeding involving that document—the lawsuit. But when a document is sent to an agency, not *until* that agency does something official with that document (more than filing it) does it become part of a proceeding.

As noted above, BuzzFeed suggests that some government employee "filtered" CIR 112 out of the synopsis, but the articles' failure to report *who*, if anyone, did so makes it impossible to "determine" that it was an act within that person's "prescribed duties." *Id.* In that way as well, the articles make it impossible to satisfy the legal test—to *determine* that CIR 112 was a part of the creation of a synopsis, or any other official proceeding within an official's prescribed duties, dooming BuzzFeed's invocation of the privilege. The possible inference, that an unknown government employee *may* have read CIR 112 and excluded it from the synopsis, does not render the CNN Article a report from which readers can connect CIR 112 to an official proceeding.

BuzzFeed's assumption, in support of its contrary argument, is that CNN reported "the entire Dossier, including 112 [to have been] subject to official action." BF Opp. at 8-9. But CNN did *not* report that. BuzzFeed identifies *no* language from either Article *reporting* that CIR 112 (or the entire "Dossier") were part of an FBI investigation and a presidential briefing.

### 1. The Appellate Division Did Not Resolve the Merits of BuzzFeed's Summary Judgment Motion

Unable to support its arguments with language from the articles, BuzzFeed seeks refuge in the Appellate Division's decision. But, as already noted, the First Department's decision cannot yield the conclusion that BuzzFeed *reported* CIR 112 (or the entire Dossier) to have been a part of *both* presidential briefings and an FBI Investigation. As argued by BuzzFeed, the Appellate Division had to "presume as true" BuzzFeed's pleadings of fact (including its contentions about the content of its report). Pl. Mem. at

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 12 of
21

9. But BuzzFeed is entitled to no such presumption on a motion for summary judgment. *See*, *e.g.*, *Leon*,

*Corsello*, and *Roth* (*supra* at 1).

As previously explained, BuzzFeed is *estopped* from arguing that the Appellate Division's ruling

applies on summary judgment—and BuzzFeed *has not acknowledged that point*, much less tried to refute it. *See*

Pl. Mem. at 18. The only argument by BuzzFeed that comes near this point is its implication that the

Appellate Division rendered a legal holding on the merits, rather than a deferential motion to dismiss

finding, about the factual content of BuzzFeed's report.  *See* BF Opp. at 7-8. This argument's many flaws

include that it ignores the Court's use of the word "find" in discussing BuzzFeed's report (rather than

"hold").

Moreover, had the Appellate Division intended its words about BuzzFeed's report to be a *legal*

*conclusion*, binding on the lower court after remand, it makes little sense that that Court would have used

the word "or" between references to an FBI investigation and presidential briefings.  Accepting

BuzzFeed's interpretation would mean that the Appellate Division commanded this Court to conclude

that BuzzFeed reported the Defamatory Statements *either* to have been part of an FBI investigation, or part

of presidential briefings—without making a definitive finding as to either and without pointing to any

pertinent language in the Report. It makes more sense that instead, the Appellate Division used the word

"or" and saw no need to go further because it understood, consistent with BuzzFeed's express arguments,

that the appeal was not on the merits.

### 2.  BuzzFeed Cannot Secure a Privilege for Publishing "the Dossier"

BuzzFeed fares no better with its argument that limiting the privilege to what was "actually []

discussed" in presidential briefings or actually "investigated in detail by the FBI" would put BuzzFeed in

the unfair position of publishing a partial, and therefore "inaccurate" and "invented version[]" of the

Dossier.  BF Opp. at 13-14. *First*, this Court may not decree that BuzzFeed had a privilege to publish all of

the memos now known as the "Dossier," since that issue is not justiciable. *See supra* at 4, n.3. *Second*,

BuzzFeed's argument that it did *not* have to *attribute* the Defamatory Statements to a proceeding to claim

7

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 13 of 21

the privilege, is contrary to what Judge Sack explains in his influential treatise. *Third*, BuzzFeed never explains the notion that Steele's 17 separate memos should be treated as indivisible, or as a single document, such that publishing only some of them would amount to publishing "invented" or "substantially inaccurate" documents. Steele did not treat his memos as a single document. As laid out in the recent report from the U.S. Department of Justice, Office of the Inspector General (the "IG Report"), Steele provided certain parts of "the dossier," at different times, to different recipients. *See* Reply Affirmation of Alan S. Lewis, dated Dec. 16, 2019 ("Lewis Reply Aff") ¶¶ 7, 9; IG Report (attached as Ex. A to Lewis Reply Aff.) at 118, n. 256, 119, n. 259, 175. When the FBI ended its relationship with him in October 2016, he had provided the FBI with a number of his memos, *but not CIR 112*, even though CIR 112 was written in mid-September. In short, the notion that the "dossier" is a product whose *wholeness* demanded a choice between publishing all or none of it is *fiction*.

### 3. McCain's Actions, as Reported by BuzzFeed, Are Not a Report About an Official Proceeding

BuzzFeed fares no better with its argument that its mention of Senator McCain described an official proceeding. As noted previously, Judge Ungaro held that "the [BuzzFeed] Article itself [including McCain's actions] does not permit an ordinary reader to understand that *the Dossier* was the subject of" any official government actions. Pl. Mem. at 19. In any event, the articles described nothing more than McCain *conveying* memos to the FBI. Possessing or passing along memos is not an official proceeding. *See supra* at 5. Unable to persuasively argue otherwise, BuzzFeed uses phrases like McCain's "course of conduct," and claims he was "endeavor[ing] to obtain" the "dossier." BF Opp. at 28, 20. But neither article *reports* that McCain was engaged in a "course of conduct" or "endeavoring" anything. Had the articles reported that McCain did *something* with "the dossier" other than pass on what he received, the question of whether his actions were within prescribed duties and made CIR 112 "part of" a proceeding could be applied. But the articles reported no such conduct.

8

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 14 of 21

### 4. BuzzFeed Fails to Overcome the Statutory Limitation on the Privilege

Finally, Section 74's second sentence, which disallows the application of the fair report privilege to statements, like those defaming Plaintiffs, not actually reported to be part of a government proceeding, prevents its application to BuzzFeed's publication of CIR 112:

> This section does not apply to a libel contained in any other matter added by any person concerned in the publication; or in the report of anything said or done at the time and place of such a proceeding which *was not a part thereof.*

In seeking to avoid the conclusion that its publication fits this exception, BuzzFeed points to the phrase "added by any person concerned in the publication" and asserts that it limits the exception to libels that are added as the "result of the journalist's own investigation such as interviews a journalist independently conducted," BF Opp. at 11. That is incorrect. This statutory exception, in applying to *any* libelous matter "*added by*" someone "concerned in the publication," is not limited to libels added during "journalist investigations or interviews." BuzzFeed's argument ignores that the Section 74 exceptions are written in the disjunctive and that the statute prohibits the application of the privilege to *anything* not reported to be "a part" of the proceeding, even if it was "said" or "done" at the proceeding. When BuzzFeed *attached* CIR 112 to its Article (or any other parts of "the Dossier" *not* reported to have been a part of something the government was doing), BuzzFeed "added" the Defamatory Statements to the publication which were not a part of the official proceeding and under Section 74's exception, gets no immunity for those aspects of its publication.

## II.   <u>BUZZFEED CANNOT ESTABLISH THE FAIR AND TRUE ELEMENT</u>

BuzzFeed acknowledges it lacks evidence concerning *anything* the government did *with CIR 112.* Its argument that "CIR 112 . . . was part of an official proceeding" is based on the notion that the "entire" "Dossier" it published (including CIR 112) was part of an FBI investigation or presidential briefings. BF Opp. at 3. But the record reveals no support for that notion, and certainly not conclusive support that would permit the granting of summary judgment to BuzzFeed. The conclusion that BuzzFeed has failed to

Case 0:17-cv-60426-UU    Document 453-10    Entered on FLSD Docket 04/06/2020    Page 15 of
21

sustain its burden is particularly strong when the newly released IG Report—a 434-page report about the

FBI's Russia investigation—is considered. *See* Lewis Reply Aff. ¶¶ 7-10.

Our previous submission demonstrated BuzzFeed's failure to prove that CIR 112 was part of

official activity. BuzzFeed's effort to counter this point fails.[4]  The only section of its opposition that

promises to address whether *the summary judgment record proves* that CIR 112 was part of official proceedings,

section 1A, is two pages, and it is only a single paragraph, enumerated as 2, that argues, with record

citations, that CIR 112 was part of official proceedings on January 10, 2017.

*One sentence* describes BuzzFeed's purported proof of the FBI investigation:

> In addition, as part of a criminal investigation, the FBI solicited and received all of the
> reports in the Dossier, including CIR 112, and conducted a "source validation"
> investigation to assess their veracity. Ex. 8 at 4-6; Ex. 11 at 2-3.

BF Opp. at 3.  But the exhibits cited—reports from the "majority" and "minority" of the House

Permanent Select Committee on Intelligence (HPSCI)—do not demonstrate that as of January 10, 2017,

the FBI had conducted a source validation of CIR 112, or establish that the FBI even had "all of the

reports in the Dossier." The just released IG Report further undermines any such notion.  *See* Lewis Reply

Aff. ¶¶ 7-10.

 BuzzFeed does not explain *how* its cited exhibits could support its contention, evidently hoping

that the Court and opposing counsel will not read the exhibits. While the Majority Report refers to "the

Steele dossier," it does not say, as BuzzFeed alleges, that "the FBI solicited and received *all* of the reports

in the Dossier, including CIR 112." Moreover, the Majority Report does *not* use the term "Steele Dossier"

as shorthand *for all 17 memos*. This is apparent, for example, from the statement that the "Steele Dossier

. . . formed an essential part of the Carter Page FISA Application." As revealed by the IG Report, the

"Steele Dossier" that was "part of the Carter Page FISA Application" did not encompass CIR 112 since

the FBI did not even *possess* CIR 112 when it made the initial FISA warrant application. IG Report at 119,

---

[4] Instead, BuzzFeed's Opposition is mostly devoted to mischaracterizing Plaintiffs' legal arguments (*see supra* at 4, n.3).

Case 0:17-cv-60426-UU Document 453-10 Entered on FLSD Docket 04/06/2020 Page 16 of 21

n. 259, 156. Furthermore, the IG's report reveals that the components of the "Steele Dossier"—as used for the FISA application—consisted of memos written before CIR 112 was created. IG Report at 132.

BuzzFeed's contention that, on January 10, 2017, the FBI had "all of the reports in the Dossier, including CIR 112" is simply wrong. IG Report at 94, n. 215("[o]ne report that was not provided to the FBI directly or via third parties was published by BuzzFeed"). Anyway, that could not trigger the privilege because document possession is not official activity. *Supra* at 5.

BuzzFeed's only *potentially* relevant *claim* in relation to the FBI investigation is that the FBI conducted a "source validation" of the entire Dossier, "including 112." But this argument fails for two reasons. First, BuzzFeed had to *report* [in its Article] that a source validation *of 112 occurred*—which it did not. Second, BuzzFeed has to *prove* that a source validation *of 112* occurred (as of January 10, 2017), which it has not. The Majority Report reveals only that *at some point* after the FBI terminated Steele as a confidential human source a "source validation report" was conducted that assessed some of Steele's reporting. But the Majority Report does not even imply that this source validation effort had occurred *as of January 10, 2017 or that it involved CIR 112*.

As the IG Report reveals, the FBI's "Human Source Validation Review" (HSVR) involving *some* of the Steele memos was "requested" at some point in November 2016, but *not initiated* until "early February 2017" (after publication of BuzzFeed's Article). IG Report at 183, n.329. Accordingly, there was *no* FBI activity involving validation of the sub-sources of the Steele memos, when BuzzFeed published, which forecloses Section 74 immunity. Although the FBI had spoken with Steele to try to "ascertain the *identities* of the sub-sources*" of the reports of which it was aware before it ended its relationship with him around November 1, 2016, that proves nothing about CIR 112, which Steele had *not provided to the FBI*. IG Report at 186, 119, n. 259. There is no evidence that the FBI *ever* spoke to Steele about CIR 112.[5]

---

[5] BuzzFeed references the testimony of FBI lawyer Lisa Page, but ignores parts of her testimony that make it unlikely that the FBI investigated CIR 112. According to Page, while the FBI received different subsets of the Steele reports from different sources, the "authoritative set" the FBI cared about was the set it received from Steele, Lewis Reply Aff. Ex. C at 153. But, the FBI *did not receive CIR 112 from Steele*. IG Report at 175. That the "authoritative set" did *not* include CIR 112 makes it unlikely

11

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 17 of
21

The conclusion that the HSVR did not involve CIR 112 is reinforced by the fact that "the information about Alfa Bank [including CIR 112] was not generated by [Steele's firm] Orbis."  IG Report at 119, n. 259. The focus of the HSVR, as described in the IG Report, was to determine whether the sources of the information generated by Steele in his memos could be validated. The fact that Steele did not generate the information in CIR 112—that is, the information was not from his sources—suggests that any FBI investigation into some of his sources was not an investigation of the source of CIR 112.

The IG Report undermines contentions in BuzzFeed's moving memorandum (ECF No. 140). There, in implying that the FBI was purportedly investigating CIR 112 as part of the "entire dossier," BuzzFeed emphasizes that Steele was "a formal FBI source as part of the Bureau's investigation when he wrote Report No. 112." *Id.* at 20. But as revealed by the IG's report, Steele appeared to realize that CIR 112 and some other reports he wrote *for Fusion* were not relevant to the FBI investigation, as Steele himself never provided CIR 112 to the FBI. *See* IG Report at 103-04, n.231 (listing CIR 112 as a report that Steele "did not furnish to the FBI"); 175, n. 317 and n. 319 (same). Steele *never* provided CIR 112 to the FBI, likely because he recognized that its content involving *internal* Russian matters was not pertinent to the FBI's 2016 Trump/Russia election investigation.

Given that BuzzFeed's evidence of any connection between CIR 112 and an FBI investigation is at best dubious and, in any case, far from overwhelming, the factual question of whether that connection exists cannot be decided in BuzzFeed's favor on summary judgment.

BuzzFeed fares no better with its claims about a connection between CIR 112 and the briefings. BuzzFeed asserts, "for the Presidential briefings, government officials created a two-page synopsis derived from the entire Dossier, including CIR 112, which was then attached to an official government report and provided to two Presidents." BF Opp. at 3. In other words, BuzzFeed claims that *the synopsis provided at the briefings* was "derived from . . . CIR 112." But the evidence BuzzFeed cites—its exhibits 31, 28, and 8—

---

that CIR 112 was used by the FBI in its investigation. Indeed, it is hard to conceive how CIR 112 would have been useful to that investigation: in spite of the misleading implication of its headline, it has nothing to do with election interference.

contain no support for that claim. Nor is there evidence that, when the Intelligence Agencies briefed the two presidents, CIR 112 was mentioned.

Unable to prove that the FBI made CIR 112 part of its investigation or that the synopsis drew anything from CIR 112, BuzzFeed falls back on repeating that the FBI took actions to corroborate allegations *of the Dossier*. *See* BF Opp. at 3. However, the FBI did not view the "Dossier" as a single document as BuzzFeed portrays it but rather as a collection of individual reports. *See*, *e.g.*, Bolger Aff. Ex. 15 at 116 (Comey referring to "collection of reports that's commonly now called the Steele dossier"). Ultimately, the evidence shows that the official activity was focused on the election and claims that Russia had compromising information on Trump. Since CIR 112 did not have any factual contentions bearing on these issues, there is no evidence for the conclusion or reason to believe that the official activity reported by BuzzFeed concerned CIR 112.[6]

Recognizing that the official activities purportedly reported on in its Article did not include CIR 112, BuzzFeed argues that it should be able to invoke the privilege because, according to BuzzFeed, someone must have read CIR 112 and chosen to *not use* it in the synopsis. *See* BF Opp. at 10. Not only is that speculation, but BuzzFeed offers no evidence as to the identity of the government official or his duties. BuzzFeed also likens sending some of the "Dossier" to the government to making court filings, BF Opp. at 10, but this analogy is flawed. Court filings are made in a proceeding (judicial) recognized by Section 74, but when a privately created document reaches the government, e.g. CIR 112, it is not part of a proceeding until the government *decides to make it such. Supra* at 5.

### Much of BuzzFeed's Evidence Is Inadmissible Hearsay

Addressing problems with the hearsay nature of parts of its record, BuzzFeed fails to grapple with the crucial point: only those *parts* of an affidavit or testimony for which the witness has *first-hand*

---

[6] BuzzFeed argues that Plaintiffs should be foreclosed from making this argument because they alleged in their complaint that BuzzFeed's publication of CIR 112 with the rest of the Steele reports defamed Plaintiffs by linking them to the controversy surrounding the 2016 presidential election. *See* BF Opp. at 14. This misses the point. Although there is nothing in CIR 112 about the election or Trump, by including that report with the others and attaching it to an article about Trump and claims of Russian interference in the election, *BuzzFeed impliedly connected* Plaintiffs to that controversy.

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 19 of
21

knowledge surmount the hearsay bar. *See, e.g., Chinloy v. Lincoln Metro Ctr. Partners, LP*, 2013 N.Y. Misc.

LEXIS 4165, at *8 (Sup. Ct. N.Y. Co. Sept. 12, 2013) (evidence "hearsay and therefore inadmissible" on

summary judgment where witness could only testify as to what was "told to him by a third-party"); *accord*

*Dan Med., P.C. v. N.Y. Central Fire Ins. Co.*, 14 Misc. 3d 44 (2d Dep't 2006) (documents inadmissible where

party failed "to demonstrate that the 'corporate officer' possessed personal knowledge" regarding the

documents). The core problem with BuzzFeed's evidence is that the "witnesses" in question lacked first-

hand knowledge for many of the facts referenced in their statements. *See, e.g.*, Bolger Aff. Ex. 28 at 104

(congressional committee report referencing what was "revealed" to it about presidential briefing *by an*

*unidentified third person*); Ex. 15 at 115 (Comey did not know "in particular" how the FBI investigated the

information it received from Steele and only knew it "was investigating *various aspects* of the reports [Steele]

had supplied."); Ex. 40 at 52 (Brennan did not "have any firsthand knowledge" of what the FBI did in

relation to part of the Dossier); Ex. 41 at 92 (Bruce Ohr passed certain information along to the FBI but

did not "know what investigations specifically were existing at the time," and did not "have any input or

work on those investigations."). Finally, while BuzzFeed touts Lisa Page as being in a position to know

"exactly what happened with the FBI's investigation of the Dossier," *see* BF Opp. at 26, Page admitted that

she only read some of the reports from Steele, did not look at any of the Steele reports the FBI received

from sources other than Steele (*which includes CIR 112*), and did not know when the FBI's efforts to

corroborate information in the Steele reports ended. *See* Lewis Reply Aff. Ex. B at 126; Ex. C at 153, 162.

In sum, much of the evidence relied on is hearsay and therefore provides no basis to grant summary

judgment to BuzzFeed. *See Johnson v. Phillips*, 261 A.D.2d 269 (1st Dep't 1999); *Chinloy*, 2013 N.Y. Misc.

LEXIS 4165 (Sup. Ct. N.Y. Co. Sept. 12, 2013).

### *Plaintiffs Have Not Waived Their Right to Seek Discovery by Making the Cross-Motion*

The case BuzzFeed cites in support of its waiver argument discusses whether the *initial movant* was

able to oppose a *cross-motion* for summary judgment on the grounds that additional discovery was necessary.

*See Krulls v. Hartford Accident & Indem. Co.*, 144 A.D.2d 744, 746 (3d Dep't 1988) ("Having herself moved

14

Case 0:17-cv-60426-UU   Document 453-10   Entered on FLSD Docket 04/06/2020   Page 20 of 21

for summary judgment, she cannot be heard to complain that the motion was premature."). In contrast, when parties (like Plaintiffs) cross-move while opposing another party's motion for summary judgment, courts will allow the cross-movant discovery if warranted. *See, e.g., Exec. Office Network, Ltd. v. 666 Fifth Ave. Ltd. P'ship*, 294 A.D.2d 166 (1st Dep't 2002) (reversing order granting motion for summary judgment, denying cross-motion for summary judgment as moot, and vacating judgment "without prejudice to further relief with respect to discovery"); *Pueblo Med. Treatment, P.C. v. State Farm Mut. Ins. Co.*, 12 Misc. 3d 147(A), 824 N.Y.S.2d 758 (1st Dep't Aug. 10, 2005) (granting in part and denying in part cross-motion for summary judgment and holding that cross-movant was entitled to discovery on certain defenses). Here, BuzzFeed moved for summary judgment, stating that it had all the evidence it needed as to an affirmative defense on which it bears the burden of proof. *See Cholowsky*, 69 A.D.3d at 114. Plaintiffs cross-moved for summary judgment because the record put forth by BuzzFeed does not meet this burden and, since BuzzFeed has laid bare its proof, Plaintiffs are entitled to summary judgment. If this Court disagrees, Plaintiffs should be entitled to conduct further discovery, especially in light of the newly released IG's report.[7] *See* Pl. Mem. at 32-37.

## CONCLUSION

For all of the above reasons, BuzzFeed has failed to demonstrate its entitlement to summary judgment on the fair report issue, and Plaintiffs' cross-motion for partial motion for summary judgment on that defense should be granted.

Dated:   New York, New York
         December 16, 2019

---

[7] BuzzFeed seeks to hold Plaintiffs' unsuccessful motion to dismiss against them, arguing that since discovery was stayed during its pendency, Plaintiffs have somehow forfeited their right to seek discovery. *See* BF Opp. at 34. They cite no law in support of this argument and the idea that a party forfeits discovery by moving to dismiss runs counter to the fundamental principles underlying the American judicial system. Furthermore, staying discovery during a motion to dismiss, and an appeal of that motion, avoids inefficiencies since a successful motion can narrow the issues in a case, and thus narrow the scope of discovery.

15

CARTER LEDYARD & MILBURN LLP

By: _____/s/ Alan S. Lewis_____
Alan S. Lewis
John J. Walsh
Madelyn K. White
2 Wall Street
New York, NY 10005
Telephone:  212-732-3200

*Attorneys for Plaintiffs*

16