# Exhibit 2

UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

CASE NO. 18-15295-JJ, 19-10261

ALEKSEJ GUBAREV,
WEBZILLA, INC., and
XBT HOLDING, S.A.,

   Plaintiffs-Appellants-Cross-Appellees,

v.

BUZZFEED, INC. and
BEN SMITH,

   Defendants-Appellees-Cross-Appellants.

# DECLARATION OF ALAN S. LEWIS

I, Alan S. Lewis, declare as follows:

1. I am over the age of 18 and licensed to practice law in New York. I make this declaration based on personal knowledge.

2. I am a member of a New York City based law firm, Carter Ledyard & Milburn. In that capacity, I am counsel of record to the plaintiffs in *Mikhail Fridman, et al. v. BuzzFeed, Inc., et al*, filed in the Supreme Court of the State of New York, New York County, Index No. 154895/2017. In that case, the plaintiffs allege that defendants BuzzFeed, Inc., Ben Smith, Ken Bensinger, Miriam Elder, and Mark Schoofs defamed them by publishing accusations of bribery and

corruption. Those defamatory accusations are contained in a memo or report, known as CIR 112, authored by Christopher Steele. CIR 112 is part of a group of reports that Steele prepared, over a seven-month period, for a political opposition research firm, Fusion GPS, in the summer and fall of 2016. That collection of reports has since become known in the media as the Steele Dossier or the Dossier, which BuzzFeed published on the Internet on January 10, 2017.

3. The defendants in the *Fridman* case are represented by Davis Wright Tremaine LLP, who also represent the Defendants-Appellees in the present case. Katherine Bolger, one of the lead attorneys for Defendants-Appellees in the above-captioned case, is also one of the lead attorneys for the defendants in the *Fridman* case.

4. With this Court's permission, the *Fridman* plaintiffs have filed two *amicus* briefs in the appeal pending in this Court. We have also made a motion, which remains pending, for permission to participate in the oral argument as amici.

5. I have read Defendants-Appellees' Opposition to Appellants' Motion for Leave to Supplement the Record With the December 9, 2019 Report of the Office of the Inspector General ("Appellees' Opposition"). Appellees' Opposition makes statements about the timing and purpose of documents filed *in the Fridman litigation* that relate to the December 9, 2019 Report of the Office of the Inspector General (the "Horowitz Report"), and I write this Declaration to address those

statements. As I explain below, Appellees' recitation of the facts concerning some of the filings in the *Fridman* litigation is, at best, incomplete.

6. On December 9, 2019, the Office of the Inspector General for the Department of Justice publicly issued the Horowitz Report (in partially redacted form). It is over 400 pages and reveals facts that I believe relevant to disputed issues in the *Fridman* case.

7. When, on December 9, 2019, I became aware of the release of the Horowitz Report, the parties in the *Fridman* case were in the midst of briefing cross-motions for summary judgment. In connection with those motions, each side proffers opposing views of whether the BuzzFeed defendants were immune from liability for their publication of the statements defaming the *Fridman* plaintiffs, based on New York's fair report privilege.

8. The status of that briefing, as of December 9, 2019, was that the *Fridman* plaintiffs' reply memorandum of law, in support of their cross-motion for summary judgment as to the fair report defense, was due in one week—on December 16, 2019.

9. The existing scheduling stipulation in the *Fridman* case stated that the deadlines it contained were not extendable. Nevertheless, the parties did not know that the Horowitz Report would be released, in the midst of that briefing and shortly before the filing of the final submission related to those motions. Hence, I

contacted Ms. Bolger and sought her consent to an extension of the December 16, 2019 reply date, so as to permit the plaintiffs sufficient time to review the 434-page Horowitz Report and incorporate it into Plaintiffs' Reply. Ms. Bolger declined to agree to an extension.

10. Accordingly, on December 12, 2019, I wrote to the Court in the *Fridman* case to request an extension. A true and accurate copy of my letter motion requesting that extension is attached hereto as **Exhibit 1**. As I explained there: "Given the very short time (seven days) between the release of the Inspector General's report and the Plaintiffs' December 16 deadline for their reply, Plaintiffs cannot effectively complete their thorough review of the Inspector General's report, while concluding the drafting of the other content of the reply memorandum, in a way that does justice to the fullness and significance to this case of the Inspector General's report."

11. The Court did not rule on my motion prior to the December 16, 2019 deadline. Hence, I filed the Plaintiffs' Reply on December 16.

12. Although I included some quotes from the Horowitz Report in that Reply, Appellees' statement to this Court that the *Fridman* plaintiffs' December 16, 2019 reply brief was "about the supposed relevance of the Report to their case" is misleading. That brief was a response to opposition arguments from the BuzzFeed defendants, made by them before the release of the Horowitz Report.

4

Thus, although the December 16 Reply includes a few quotations from the just-released Horowitz Report, it was about much more than just the Horowitz Report. At the time, the likelihood that there would be additional submissions, focused in on the Horowitz Report, after December 16, was evident to me. Indeed, in my communications with Ms. Bolger at that time, I observed that she might seek permission to file a sur-reply, to address the Horowitz Report.

13. And she did. That is, unsurprisingly, the BuzzFeed defendants made such a motion, and shortly thereafter, both sides agreed to the terms of a stipulation that allowed BuzzFeed to file its Sur-Reply, addressing the Horowitz Report, and allowing the Plaintiffs to file a responsive Sur-Sur-Reply, also about the Horowitz Report. A true and accurate copy of the proposed stipulation (as so-ordered by the Court) is attached hereto as **Exhibit 2**.

14. The cover letter accompanying the filing of stipulation read, in part:

> The event that gave rise to the proposed stipulation was the public release, on December 9, 2019 of a 434-page report by the U.S. Department of Justice, Office of the Inspector General ("IG Report"), a report that the parties agree to be relevant to the pending motions. As described in the enclosed stipulation, the IG Report was released only seven days before Plaintiffs' Reply was due. The parties agree that each side should have the opportunity to respond to what the other argues about the IG Report, which is what the proposed stipulation achieves.

A true and accurate copy of my cover letter is attached hereto as **Exhibit 3**.

15. Unlike the *Fridman* plaintiffs' December 16 submission, the Sur-Sur-Reply *was* dedicated exclusively to the relevance of the Horowitz Report, as was

5

Defendants' Sur-Reply, filed on December 30, 2019, three weeks after the issuance of the Horowitz Report.

16. In short, nothing about the timing of the *Fridman* plaintiffs' submissions about the Horowitz Report supports the notion that a period of approximately one week is a sufficient amount of time to appropriately digest and brief the relevance of the Horowitz Report to the invocation of the fair report privilege in the defamation lawsuits arising out of BuzzFeed's publication of the so-called Dossier. Indeed, the *Fridman* plaintiffs consistently took the position, with opposing counsel and the New York Court, that a week's time was woefully insufficient to brief the significance of the Horowitz Report in the *Fridman* case. Moreover, the Plaintiffs in the *Fridman* litigation did not complete the briefing about the Horowitz Report until January 17, 2020, with their Sur-Sur-Reply.

I declare under the penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Dated: January 28, 2020

_____
Alan S. Lewis

# Exhibit 1

**CARTER LEDYARD & MILBURN LLP**

Alan S. Lewis
Partner
•
Direct Dial: 212-238-8647
E-mail: lewis@clm.com

*Counselors at Law*

2 Wall Street
New York, NY 10005-2072
•
Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

December 12, 2019

**BY ECF & HAND DELIVERY**

The Honorable Arlene P. Bluth
Justice of the Supreme Court (IAS Part 32)
60 Center Street, Room 432
New York, NY 10007

    Re: *Fridman, et al, v. BuzzFeed, Inc., et al.,*
       <u>Index No. 154895/2017 (Sup. Ct. N.Y. Co. 2017) (Bluth J.)</u>

Dear Justice Bluth:

  On behalf of the Plaintiffs, we write to request: (1) an extension of Plaintiffs' December 16 deadline to submit a reply memorandum of law in further support of Plaintiffs' cross-motion for summary judgment; (2) relatedly, an adjournment of the return date of December 17 to January 17—for both parties' summary judgment motions; and (3) permission to file a reply memorandum of 20 pages (five pages more than the Court's 15-page limit for reply memoranda). We make this application not to cause delay, but instead, primarily because of a recent, material event that we did not and could not have anticipated when the existing schedule was set. That event was the release on December 9, three days ago, of the Department of Justice Inspector General's lengthy report about the FBI's "Crossfire Hurricane Investigation." As explained below, the relatively modest extension sought will not prejudice Defendants and is likely to enable Plaintiffs to file a memorandum of law of the greatest potential benefit to the Court.

  At issue in this case, where BuzzFeed is attempting to invoke New York's fair report privilege, is whether BuzzFeed published the defamatory statements as part of a "fair and true" report about official proceedings, one of which was the FBI investigation that is now the subject of the Inspector General's report. That report is 434 pages, includes more than 500 substantive footnotes and specifically discusses the FBI interactions with Christopher Steele, the author of the memorandum that includes the defamatory statements—CIR 112—as well as the 16 other memos by Steele that have collectively since been labeled "the dossier" and which Defendant BuzzFeed published.[1]

---

[1] Steele alone is mentioned more than 2,500 times.

9028997.5

The relevance of the Inspector General's report is undeniable. It is perhaps the most comprehensive evidence of what the FBI did and did not do, in relation to the reports prepared by Mr. Steele, which include the defamatory report. We will not describe the Inspector General's report in further detail here: it is only three days old and we have not yet finished reading it. Nevertheless, based upon our in-progress review, we are confident that its content is relevant to the pending motions, and the requested extension would enable us to present its content, as succinctly as possible but as thoroughly as necessary, in our papers.

Defendants have advised us that they oppose an extension but have not told us how they would purportedly be prejudiced, other than emphasizing their desire for as prompt a resolution of these motions as justice permits—a desire Plaintiffs share. Instead, Defendants rest on the "no further extensions" provision of the scheduling stipulation. While we recognize that exceptions to enforcement of such a provision should not be routinely granted, we also urge the Court to recognize that sometimes, as is the case here, an event occurs after the execution of such a stipulation that the parties did not anticipate, and which makes an exception appropriate. Given the very short time (seven days) between the release of the Inspector General's report and the Plaintiffs' December 16 deadline for their reply, Plaintiffs cannot effectively complete their thorough review of the Inspector General's report, while concluding the drafting of the other content of the reply memorandum, in a way that does justice to the fullness and significance to this case of the Inspector General's report. Particularly given that Defendants moved for summary judgment before discovery, it would be grossly unfair to Plaintiffs to require Plaintiffs to finalize their submission without an adequate time to incorporate the relevant content from the newly released Inspector General's report. Additionally, we note that Defendants provided hundreds of new pages as an attachment to Ms. Bolger's November 22, 2019 "supplemental affirmation"—which we must also review even though many of those pages could have been filed with the record that Defendants filed in June.

We request an additional five pages of briefing, largely because our memorandum will need to discuss the several hundred pages of the Inspector General's report and supplemental documents just attached by Defendants. We will edit our reply memorandum for conciseness and note that our original memorandum pertaining to the cross motions was 11 pages shorter than the allowed length.

Defendants will suffer no conceivable prejudice from these requests. They are not entitled to any further briefs, the Court has not set an oral argument date, and the stay that Defendants sought and obtained will, by operation of its terms, be extended by the duration of any extension this Court grants. In requesting 30 days, we note that undersigned counsel will be out of the office on a long-ago-planned family vacation beginning three days after the current return date, not returning to the office until January 6, 2020.

      I am available for a telephone or in-person conference to discuss these requests at any time between now and the end of business tomorrow, December 13. If a conference cannot be held this week, I am also available at any time next week.

                                            Respectfully submitted,

                                            Alan S. Lewis

ASL:bp

cc:   **<u>VIA ECF</u>**

      Katherine M. Bolger, Esq.
      Attorney for Defendants

# Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

------------------------------------- x

MIKHAIL FRIDMAN, PETR AVEN, and GERMAN KHAN,

     Plaintiffs,

-against-

BUZZFEED, INC., BEN SMITH, KEN BENSINGER, MIRIAM ELDER, and MARK SCHOOFS,

     Defendants.

------------------------------------- x

Index No. 154895/2017

**STIPULATION**

Motion Seq. Nos. 4 & 6

**IT IS HEREBY STIPULATED AND AGREED**, by and between plaintiffs Mikhail Fridman, Petr Aven and German Khan ("Plaintiffs") and defendants BuzzFeed, Inc., Ben Smith, Ken Bensinger, Miriam Elder and Mark Schoofs ("Defendants"), through their undersigned counsel, as follows.

WHEREAS on December 9, 2019, seven days before Plaintiffs' Reply on Plaintiffs' Cross-Motion for Summary Judgment was due, the U.S. Department of Justice, Office of the Inspector General, publicly released a 434-page report relevant to this litigation (the "IG Report")[1];

WHEREAS, on December 16, 2019, Plaintiffs attached the IG Report to their Reply filed on that date and made arguments about how the content of the IG Report should be considered in connection with the pending cross-motions;

---

[1] The IG Report is titled "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation."

WHEREAS, on December 30, 2019, Defendants filed a motion returnable on January 15, 2020 (Dkt. Nos 248-250; Mot. Seq. 006) ("Defendants' Motion for Leave") seeking leave to file a proposed sur reply (Dkt. No 249) to address Plaintiffs' discussion of the IG Report;

WHEREAS Plaintiffs' counsel, after having consulted with Defendants' counsel, is willing to consent to the filing of Defendants' proposed additional submission (Dkt. No. 249), on condition that Plaintiffs are permitted to respond to that submission; and

WHEREAS Defendants' counsel likewise consents to Plaintiffs being permitted to file a submission responsive to Dkt. No. 249;

IT IS ORDERED THAT:

1. The Court accepts the Defendants' proposed sur reply submission (Dkt. No. 249) in connection with the pending cross-motions and permits Plaintiffs to submit a sur sur reply, responding to Dkt. No. 249, due on January 17, 2020;

2. Defendants' Motion for Leave is denied as moot.

3. This Stipulation may be signed in counterparts. A facsimile or PDF copy of the signature page of this stipulation is deemed an original for purposes of filing and judicial endorsement.

Dated: New York, New York
January 7, 2020

CARTER LEDYARD & MILBURN LLP

By: _____
Alan S. Lewis
John J. Walsh
2 Wall Street
New York, NY 10005
Tel: (212) 732-3200
Fax: (212) 732-3232

*Counsel for Plaintiffs*

DAVIS WRIGHT TREMAINE LLP

By: _____
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
Fax: (212) 489-8340

*Counsel for Defendants*

IT IS SO ORDERED: _____
HON. ARLENE P. BLUTH

Dated: 1/8/20

# Exhibit 3

# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

**Alan S. Lewis**
**Partner**
•
*Direct Dial: 212-238-8647*
*E-mail: lewis@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

January 8, 2020

**VIA ECF AND HAND DELIVERY**
Hon. Arlene P. Bluth
Supreme Court of the State of New York
60 Centre Street, Room 432
New York, NY 10007

Re: *Fridman, et al. v. BuzzFeed, et al.*, Index No. 154895/2017

Dear Justice Bluth:

We represent the Plaintiffs. Enclosed is courtesy copy of a proposed stipulation (Dkt. Nos. 251 and 252) signed by counsel for all parties, which we respectfully request that the Court so-order. The stipulation reflects the parties' mutual agreement as to the filing of one additional submission by each party in connection with the pending cross-motions for summary judgment – a proposed sur reply from Defendants (Dkt. No. 249) (Mot. Seq. 004) and Plaintiffs' response to Dkt. No. 249.

The event that gave rise to the proposed stipulation was the public release, on December 9, 2019 of a 434-page report by the U.S. Department of Justice, Office of the Inspector General ("IG Report"), a report that the parties agree to be relevant to the pending motions. As described in the enclosed stipulation, the IG Report was released only seven days before Plaintiffs' Reply was due. The parties agree that each side should have the opportunity to respond to what the other argues about the IG Report, which is what the proposed stipulation achieves. The stipulation also resolves what likely would have been a dispute regarding Defendants' pending motion for leave to file the proposed sur reply and a similar motion Plaintiffs would have filed, absent the stipulation.

Thank you for your consideration.

Respectfully,

*[signature]*

Alan S. Lewis

cc: All Counsel of Record by NYSCEF Filing

9098281.3