IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-cv-60426-UU

ALEKSEJ GUBAREV, XBT HOLDING S.A.,
AND WEBZILLA, INC.

  Plaintiffs,

vs.

BUZZFEED, INC. AND BEN SMITH,

  Defendants.

_____/

**DEFENDANTS' OPPOSITION TO MOTION OF MIKHAIL FRIDMAN, PETR AVEN, AND GERMAN KHAN TO FILE AN ADDITIONAL AMICUS BRIEF**

The question raised by this motion is whether Mikhail Fridman, Petr Aven, and German Khan (the "*Fridman* Amici") should be permitted to file a *third* amicus brief in this "limited remand" for the ostensible purpose of addressing the Horowitz Report. The answer is no, because the time to do that was obviously when they the filed their previous amicus briefs ostensibly in support of Plaintiffs' motion to supplement the record with the Horowitz Report. Indeed, by now it should be abundantly clear that these parties are not acting as "friends of the court," but rather are engaging in a coordinated effort with Plaintiffs to try to double the amount of briefing on this Motion and to do so in a manner that would prevent Defendants from meaningfully responding.

Because "an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988) (citation omitted). As Defendants pointed out in their opposition

to Plaintiffs' Motion to Supplement, the very fact that the *Fridman* Amici filed two briefs in this Court that were written many months before the Horowitz Report was issued laid bare that the *Fridman* Amici's arguments had nothing to do with the issues before the Court regarding that Report. Rather, they were filed solely in service of Plaintiffs' efforts to use their motion to supplement in large part to attack the Court's summary judgment ruling, regardless of the Horowitz Report. Evidently in response, the *Fridman* Amici now wish, after all briefing for the Parties has been closed, to file what is essentially a second reply in support of Plaintiffs' motion. That is a telling admission that their first two briefs would do little, if anything, to assist the Court. *See Chavez v. Credit Nation Auto Sales, Inc.*, 2014 WL 12780146, at *2 (N.D. Ga. June 5, 2014) (a key consideration is whether "whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.").

It is also patently improper, and indeed contravenes all the rules normally applicable to amicus briefs when filed on appeal. To prevent ostensible "amici" from misusing the process to simply give parties effectively more bites at the apple, the Federal Rules of Appellate Procedure require amicus briefs to be filed shortly after the main brief of a party has been filed, but before the opposing party's final brief is due in order to ensure that the parties have an opportunity to respond to amicus briefs. Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). They should be denied leave to file for this reason alone. *News & Sun-Sentinel Co.*, 700 F. Supp. at 31 ("At this late date, the Herald's attempt to befriend the Court must fail."); s*ee also Yates v. Ortho-McNeil Pharm. Inc.*, 76 F. Supp. 3d 680, 690 (N.D. Ohio), *aff'd in part sub nom. Yates v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F.3d 281 (6th Cir. 2015) ("The Court further finds that the parties would suffer prejudice should the

intervenors be allowed in this case. The case is fully briefed and ready for final disposition. The parties would be forced to do additional briefing to either support or oppose the intervenor's amici curiae brief. The parties would thus incur additional expenses and the Court's final decision would be unnecessarily delayed."). Moreover, the *Fridman* Amici offer no bona-fide reason why the arguments they now seek to make could not have been made when they filed their first two "amicus" briefs, and/or made by Plaintiffs in their reply brief.   *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief.  Such amicus briefs should not be allowed.  They are an abuse.  The term "amicus curiae" is means friend of the court, not friend of a party.").

Finally, it is notable that while ostensibly serving as counsel for "friends of the Court," the *Fridman* Amici's lead counsel submitted a Declaration essentially serving as a fact witness in support of Plaintiffs' motion. *See* D.E. 454-2.  It is axiomatic that attorneys are not supposed to enter their appearance in cases in which they will act as fact witnesses, and indeed none of the undersigned counsel has ever encountered a situation before where counsel for an amicus curiae also submitted a newly-drafted factual affidavit solely to ostensibly support the factual position of a party.  Defendants considered moving to strike that Declaration when it was filed in the Eleventh Circuit for this reason, but concluded it was not worth the trouble.  It is, however, another reason to deny leave to file yet more briefs here.

Moreover, Mr. Lewis' Declaration was highly misleading.  In an effort to suggest that Plaintiffs could not have filed a proper Rule 60(b)(2) motion, he declares that he merely included "few quotations" from the Horowitz Report in the brief he filed on December 16, 2019.  D.E.

3

454-2 at ¶ 12.  However, he did not attach a copy of that brief, which actually cited the Report *seventeen times* throughout its fifteen pages.  *See* D.E. 453-10.  It was precisely because the *Fridman* plaintiffs relied so heavily on a newly-issued Report in their summary judgment reply brief that the Buzzfeed Defendants negotiated with amici's counsel the right to submit a sur-reply in response to it.  In short, the *Fridman* brief makes clear that Plaintiffs, who unlike their amici are actually principally relying on just a couple of sentences within that Report, had ample opportunity to file a timely Rule 60(b)(2) motion in this Court.

In short, the 49 pages of briefing the *Fridman* Amici have already filed on this motion is more than enough.  The additional brief they belatedly seek to file is unhelpful and unnecessary.  This motion should therefore be denied.

Dated:  April 14, 2020                    Respectfully submitted,

/s/ Katherine M. Bolger
Katherine M. Bolger
Nathan Siegel
Adam Lazier
Alison Schary
Davis Wright Tremaine LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
katebolger@dwt.com
nathansiegel@dwt.com
adamlazier@dwt.com
alisonschary@dwt.com

/s/ Roy Black
Roy Black
Jared Lopez
Black, Srebnick, Kornspan & Stumpf, P.A.
201 So. Biscayne Boulevard
Miami, Florida 33131
rblack@royblack.com
jlopez@royblack.com

*Attorneys for Defendants*

4

5

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing, together with its exhibits, was served via CM/ECF of all counsel of record on the 14th day of April 2020.

By: /s/ Adam Lazier
Adam Lazier

4830-3303-0586v.2 0100812-000009