# EXHIBIT 1

# District of Columbia Court of Appeals

**No. 18-CV-919**

MIKHAIL FRIDMAN, PETR AVEN,
AND GERMAN KHAN

                    Appellants,

v.                                        CAB2667-18

ORBIS BUSINESS INTELLIGENCE
LIMITED AND CHRISTOPHER STEELE,

                      Respondents.

BEFORE:   Blackburne-Rigsby, Chief Judge, and Fisher and Beckwith, Associate Judges.

FILED JUN 18 2020 DISTRICT OF COLUMBIA COURT OF APPEALS

## ORDER DENYING APPELLANT'S MOTION TO SUPPLEMENT THE RECORD

On January 15, 2020, nearly eight weeks after this court held oral argument, appellants moved to supplement the record with a report entitled *Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation* ("IG Report"). The report was released by the Office of the Inspector General of the United States Department of Justice ("OIG") on December 8, 2019. According to its executive summary, the report contains a review of the investigation undertaken by the Federal Bureau of Investigation ("FBI") "into whether individuals associated with the Donald J. Trump for President Campaign were coordinating, wittingly or

2

**No. 18-CV-919**

unwittingly, with the Russian government's efforts to interfere in the 2016 U.S. presidential election." IG Report at i. Among other things, the report discusses "[t]he FBI's relationship with [appellee] Christopher Steele . . . [and] its receipt, use, and evaluation of election reports from Steele." *Id.* Appellees have opposed the motion.

"Ordinarily, we would refuse to consider any matter outside the record in deciding a case." *Calaway v. United States*, 408 A.2d 1220, 1228 n.17 (D.C. 1979). However, appellants urge us to set aside this general rule and to use our inherent powers to supplement the record or to take judicial notice of it. We decline to do so.

In the alternative, appellants ask us to remand this case to the Superior Court for the limited purpose of determining "whether the information contained in the IG Report changes [the trial court's] decision to grant [appellees'] motion to dismiss under the D.C. Anti-SLAPP Act." *See* D.C. Code § 16-5501 (2012 Repl.). However, remanding the case would effectively allow appellants the opportunity to relitigate the matter with evidence that was created long after the Superior Court issued its ruling. It is hereby

**No. 18-CV-919**

ORDERED that appellants' Motion for Leave to Supplement the Record With the December 9, 2019 Report of the Department of Justice's Office of the Inspector General is DENIED.

                                      ENTERED BY DIRECTION OF THE COURT:

                                      *Julio A. Castillo*
                                      JULIO A. CASTILLO
                                      Clerk of the Court

Copies e-served to:

Alan S. Lewis, Esquire

Christina Hull Eikhoff, Esquire