UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-60426-UU

ALEKSEJ GUBAREV, *et al.*,

    Plaintiffs,

v.

BUZZFEED, INC., *et al.*,

    Defendants.

_____/

## ORDER ON REMAND

THIS CAUSE is before the Court on Plaintiffs' Motion to Supplement the Record with the Horowitz Report and for an Indicative Ruling, D.E. 446 ("Motion") pursuant to the Order of Limited Remand from the United States Court of Appeals for the Eleventh Circuit, D.E. 444 ("Remand Order").

THE COURT has considered the Motion and is otherwise fully advised in the premises. For the reasons discussed below, the Motion is DENIED.

### RELEVANT BACKGROUND[1]

On December 19, 2018, this Court granted Defendants' Motion for Summary Judgment, D.E. 388 ("SJ Order"), and entered judgment for Defendants against Plaintiffs, D.E. 390. That same day, Plaintiffs filed a notice of appeal with respect to the SJ Order. D.E. 392. Defendants subsequently filed a notice of cross appeal on January 18, 2019 with respect to this Court's Order on Plaintiffs' Motion for Judgment on the Pleadings. D.E. 418.

---

[1] The Court assumes familiarity with the underlying facts of this protracted litigation, detailed at length in this Court's Order at D.E. 388.

Plaintiffs moved the Eleventh Circuit on December 30, 2019 to supplement the record on appeal with a report issued on December 9, 2019 by the U.S. Office of the Inspector General titled "Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation" ("Horowitz Report").  D.E. 453, Ex. 11 ("Appeal Motion").  In the alternative, Plaintiffs sought a "limited remand to the district court explicitly for a determination, within two months, to determine whether its summary judgment order should be reversed in light of the Horowitz Report."  *Id.* at 27 (cleaned up).

On March 13, 2020, the Eleventh Circuit granted Plaintiffs' Appeal Motion in part to the extent Plaintiffs sought a remand, but it did not grant the relief as requested.  Instead, the Court of Appeals remanded the case to this Court "for the limited purpose of permitting Plaintiffs to move the district court for relief *that would allow* the district court to supplement the record with the Horowitz Report."  Remand Order at 1 (emphasis added).  The Eleventh Circuit expressly took "no position on whether the record should be supplemented."  *Id.*  The Eleventh Circuit further instructed that this Court could enter an order indicating that supplementation of the record would alter its SJ Order.  *Id.* at 2.  Accordingly, Plaintiffs moved this Court on March 23, 2020 (1) to supplement the record with the Horowitz Report and (2) to issue an order indicating that it would alter its SJ Order.  *See* Mot. at 1.

## LEGAL STANDARD

**The Remand Order**

This Court's consideration of the Motion is governed in the first instance by the Remand Order.  The Remand Order permitted Plaintiffs only to move this Court "for relief *that would allow* the district court to supplement the record with the Horowitz Report."  Remand Order at 1

2

(emphasis added).  Thus, as an initial matter, the Court must consider whether Plaintiffs have sought relief that "*allow[s]* the district court to supplement the record[.]"  *Id.*

Without citing to any Rule, Plaintiffs generically seek to supplement the record, and assert that the Remand Order requires this Court to jump ahead and immediately determine "whether supplementation with the Horowitz Report should be allowed or denied[.]"  Mot. at 8.  But the Remand Order merely permitted Plaintiffs to move this Court "for relief that would allow" the Court to supplement the record.  The only mechanism for post-judgment relief referenced in the Motion, and that the Court can identify as applicable in the circumstances, is Federal Rule of Civil Procedure 60(b)(2).  While Plaintiffs assert without support that the Court is "not constrained here" by the Rule *(id.),* the Court agrees with Defendants that Rule 60(b)(2) should control. Consequently, and in the absence of any other basis proffered in the Motion, the Court evaluates the Motion pursuant to that Rule.  See *Motes v. Couch*, 766 F. App'x 867, 869 (11th Cir. 2019) ("Rule 60(b) allows a district court to relieve a party from a final judgment for multiple reasons," including newly discovered evidence); *see also Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (district courts may issue an indicative ruling on a Rule 60(b) motion while an appeal is pending).

**Rule 60(b)(2)**

As an initial matter, motions under Rule 60—other than those brought under Rule 60(b)(4)—are subject to Rule 60(c)(1)'s requirement that such a motion be brought within a "reasonable time."  See *A&F Bah. Ltd. Liab. Co. v. World Venture Grp., Inc*., 796 F. App'x 657, 661 (11th Cir. 2020) (explaining that because of jurisdictional and due process concerns, Rule 60(b)(4) motions are not subject to the "reasonable time" requirement); *Stansell v. Revolutionary Armed Forces of Colombia,* 771 F.3d 713, 738 (11th Cir. 2014) (same).  For a motion brought

under Rule 60(b)(2), an additional timeliness restriction applies—the motion must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Paul v. William Morrow & Co.*, 380 F. App'x 957, 958 (11th Cir. 2010). And this Court "must not extend the time to act under Rule[] . . . 60(b)." Fed. R. Civ. P. 6(b)(2).

Substantively, Rule 60(b)(2) permits relief from a judgment on the basis of newly discovered evidence. To succeed on a Rule 60(b)(2) motion, the movant must show:

(1) that the evidence was newly discovered since the trial, (2) due diligence on the part of the movant to discover the new evidence, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence is such that a new trial would probably produce a new result.

*Motes*, 766 F. App'x at 869 (citing *Willard v. Fairfield S. Co.*, 472 F.3d 817, 824 (11th Cir. 2006)). For relief under Rule 60(b)(2), "the requirements of the rule must be strictly met." *Waddell v. Hemerson*, 329 F.3d 1300, 1309 (11th Cir. 2003) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). Failure to satisfy any requirement is fatal to the "extraordinary motion." *Id.*

## DISCUSSION

As Plaintiffs note, the Eleventh Circuit remanded this case "permitting Plaintiffs only to 'move the district court for relief that would allow the district court to supplement the record with the Horowitz Report[.]" Mot. at 1 (quoting Remand Order) (cleaned up). Plaintiffs now move this Court (1) to supplement the record with the Horowitz Report and (2) to issue an order stating that upon the addition of the Horowitz Report to the record, the Court would reverse its SJ Order on a full remand. *Id.* Plaintiffs, however, do not move for relief that allows this Court to alter the record and its SJ Order. Federal Rule of Civil Procedure 60 does contemplate such relief, but per

4

Rule 60(c)(1), the Court cannot now consider new evidence and issue an indicative ruling on Plaintiffs' Motion because the Motion is untimely.

### 1. Rule 60 Applies to Plaintiffs' Motion

Plaintiffs' Motion fails to identify any mechanism for this Court to supplement the record post-judgment in apparent noncompliance with the Remand Order.  But in affording Plaintiffs the benefit of favorable inferences and an abundance of process, the Court construes the Motion under Rule 60.

The Eleventh Circuit did not create a new avenue for relief in the Remand Order.  Indeed, the Remand Order does not order this Court to supplement the record or even directly state that the Plaintiffs can "move the district court to supplement the record."  Instead, the Eleventh Circuit explicitly inserted the phrase "for relief that would allow the district court" between the words "court" and "to."  This language is not surplusage—it deliberately omits the mechanism "that would allow the district court" to supplement the record and places the onus on Plaintiffs to appropriately move this Court.  Plaintiffs fail to do so.

Plaintiffs' Motion cites only two cases where a district court supplemented the record, and both of those cases involved expanding the record pre-judgment.  *See* Mot. at 8 (citing *Buckler v. Israel*, 2016 U.S. Dist. LEXIS 92159 (S.D. Fla. Jan. 28, 2016); *Miller v. Comery*, 2014 U.S. Dist. LEXIS 177220 (S.D. Fla. Dec. 24, 2014).  While not expressly moving under Rule 60(b)(2), Plaintiffs do note that "it may be useful for the Court to consider the policies expressed by that rule."  *Id.*  The Court agrees.  While Plaintiffs oblique references to two instances of pre-judgment record supplementation are unavailing, Rule 60(b)(2) provides for exactly the relief sought here— an indicative ruling that the Court would alter its judgment upon supplementing the record with newly discovered evidence.  *See Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1270

(11th Cir. 2004) (observing that pursuant to Rule 60(b), district court judgments may be altered "for any number of reasons, including to correct a mistake, to undo the result of inadvertence, to remedy excusable neglect, or because of newly discovered evidence" (citing, *inter alia*, Fed. R. Civ. P. 60(b)(2))).

In their Reply, D.E. 454, Plaintiffs argue that they in fact did not intend to move this Court pursuant to Rule 60(b)(2), but rather under the Court's inherent power to supplement the record. Reply at 1–2. While "arguments raised for the first time in a reply brief are not properly before a reviewing court," *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (citation and quotation marks omitted), the Court notes that even still Plaintiffs do not cite any authority for a district court supplementing the record under its inherent power post-judgment. The Court does not reach the question of whether Rule 60(b) is the "only" way that Plaintiffs could have sought to supplement the record here, as Defendants suggest, but Plaintiffs have failed to move for any other "relief that would allow" this Court to supplement the record.

The Motion seeks typical Rule 60(b)(2) relief, and so the Court will construe it as a motion under that rule. *See SEC v. N. Am. Clearing, Inc.*, 656 F. App'x 969, 973 (11th Cir. 2016) (holding that despite the liberal construction afforded *pro se* filings, a motion "filed for the reasons set out in Rule 60(b)(2)" was properly construed under Rule 60(b)(2) as opposed to Rule 60(b)(6)); *see also Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996) ("While Ford's motion does not cite Rule 60(b) or recite any of the specific grounds listed in the rule as a basis for relief, we construe the motion as a Rule 60(b) motion[.]"); *Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (Rule 59 "motions may, however, be treated as Rule 60(b) motions if grounds stated would be a basis for Rule 60(b) relief."). As the Court might with a *pro se* litigant, the Court affords Plaintiffs the benefit of liberal construction and construes the Motion under Rule 60.

**2. The Motion is Untimely**

Plaintiffs' Motion was filed on March 23, 2020, well over a year after this Court entered judgement against them on December 19, 2018. Motions under Rule 60(b)(2), like Plaintiffs' Motion, must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Further, district courts are expressly barred from extending this one-year limitation. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 60(b)."); *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 970 (11th Cir. 2015) (Rule 60(c)(1)'s time limitation "may not be extended."). The Court notes that the Horowitz Report was released on December 9, 2019—10 days shy of the one-year deadline imposed by Rule 60(c)(1). But Plaintiffs did not timely move to alter this Court's prior judgment upon the availability of this evidence. Instead, Plaintiffs waited until after the December 19, 2019 one-year limitation and moved the Eleventh Circuit instead, seeking an end-run of Rule 60(c)(1) in the alternative. Thus, even with the benefit of liberal construction as a Rule 60(b)(2) motion, the Court must deny the Motion as untimely. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion, D.E. 446, is DENIED.

DONE AND ORDERED in Chambers in Miami, Florida, this 16th day of December 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record via CM/ECF